**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Anna M. Joyce, OSB #013112**
AnnaJoyce@MarkowitzHerbold.com
**Kathryn P. Roberts, OSB #064854**
KathrynRoberts@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085 ∣ Fax: (503) 323-9105

**Laura L. Ho** (admitted *pro hac vice*)
lho@gbdhlegal.com
**Barry Goldstein, Of Counsel** (admitted *pro hac vice*)
bgoldstein@gbdhlegal.com
**James Kan** (admitted *pro hac vice*)
jkan@gbdhlegal.com
**Byron Goldstein** (admitted *pro hac vice*)
brgoldstein@gbdhlegal.com
**Katharine L. Fisher** (admitted *pro hac vice*)
kfisher@gbdhlegal.com
**Mengfei Sun** (admitted *pro hac vice*)
msun@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
Telephone: (510) 763-9800 ∣ Fax: (510) 835-1417

Attorneys for Plaintiffs and Opt-In Plaintiffs

[Additional Counsel of Record listed on the next page]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NIKE, INC., an Oregon Corporation,<br><br>Defendant. | Case No. 3:18-cv-01477-JR<br><br>**DECLARATION OF JAMES KAN IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

**Craig Ackerman** (admitted *pro hac vice*)
cja@ackermanntilajef.com
Brian Denlinger (*admitted pro hac vice*)
bd@ackermanntilajef.com
ACKERMANN & TILAJEF PC
1180 S Beverly Drive, Suite 610
Los Angeles, CA 90035
Tel:  (310) 277-0614
Fax:  (310) 277-0635

**India Lin Bodien** (admitted *pro hac vice*)
india@indialinbodienlaw.com
INDIA LIN BODIEN LAW
2522 North Proctor Street, #387
Tacoma, WA 98406-5338
Tel:  (253) 503-1672
Fax:  (253) 276-0081

I, James Kan, declare as follows:

1.  I am a member in good standing of the Bar of the State of California and a Shareholder at the law firm of Goldstein Borgen Dardarian & Ho ("GBDH") in Oakland, California. I was admitted *pro hac vice* to this Court for this action on December 18, 2018. I and GBDH represent the named Plaintiffs, Opt-in Plaintiffs, and the putative class members in this action along with co-counsel Markowitz Herbold PC, Ackermann & Tilajef, P.C., and India Lin Bodien Law.

2.  I am providing this declaration in support of Plaintiffs' Motion for Class Certification. I have personal knowledge of the facts set forth in this declaration and could and would testify competently to them if called upon to do so.

## I.  QUALIFICATIONS OF COUNSEL AND ADEQUACY OF REPRESENTATION

3.  GBDH is a plaintiffs' complex and class action firm that was founded in 1972, in Oakland, California, with a national practice. We have litigated class actions for nearly fifty years in Arizona, Florida, Georgia, Illinois, Massachusetts, Missouri, Minnesota, Maryland, Nebraska, New Jersey, New York, Oregon, Pennsylvania, Tennessee, Texas, Washington, D.C., as well as California. GBDH has successfully prosecuted scores of class actions in state and federal courts nationally, in the areas of employment discrimination, wage and hour, disability access, public accommodations, environmental justice, voting rights, and consumer rights.

4.  GBDH long has been recognized as one of the leading plaintiffs' class action and employment litigation firms in the country. The National Law Journal listed the firm in its "A National Who's Who of the Top Lawyers in Employment Litigation." *See* "Bias Law Booms," The National Law Journal (July 27, 1992) at 36 (referring to the firm as "[i]n a league of their own"). *Business Week* published an article featuring the class action litigation our firm has

accomplished, referring to our firm as the "Swat Team of Bias Law." *The Recorder*, in San Francisco, listed all of the firm's then-partners as among the "top attorneys" in employment law in the San Francisco Bay Area in 2004. GBDH partners have been named "Northern California Super Lawyers" every year since 2004. A copy of the firm's resume is attached as **Exhibit A**.

5.      Because Barry Goldstein, Byron Goldstein, and I are the three GBDH attorneys with the most time and involvement in this case, I specifically discuss their qualifications below.

6.      I have been with GBDH since 2005, became a partner in 2014, and a Shareholder in 2019. A copy of my resume is attached as **Exhibit B**. During my time at GBDH, I have been responsible for all facets of class action and other complex litigation, from pre-filing investigation through trial and appeal and/or settlement approval. I have litigated class action matters ranging from employment to environmental justice issues, including, but not limited to, violations of federal and state anti-discrimination laws, state and federal wage and hour laws, and state consumer protection laws. I have also lectured on subjects related to anti-discrimination laws and class and collective actions. I have been an active member of the Equal Employment Opportunity committee of the American Bar Association's Labor and Employment Section, and I currently serve as the plaintiffs' constituency Program Manager.

7.      I have taken the lead, had a substantial leading role, or had involvement in many successful class or collective action cases, including *McClain, et al. v. Lufkin Industries, Inc.*, No. 9:97-CV-63 (E.D. Tex.) (bench verdict after trial in race discrimination employment class action resulting in approximately $5.5 million class backpay and interest; basic liability finding affirmed on appeal to Fifth Circuit Court of Appeals); *Abrishamcar v. Oracle America, Inc.*, No. CIV 535490 (San Mateo Cnty. Super. Ct.) (served as co-trial counsel in state representative action raising wage and hour violations against Oracle on behalf of California sales

representatives that resulted successful liability ruling); *Flowers v. Twilio, Inc.*, RG16804363 (Alameda Cnty. Super. Ct.) ($10 million settlement for certified class for recorded phone calls and text messages in violation of the California Invasion of Privacy Act); *Siciliano v. Apple, Inc.*, 2013-1-CV-257675 (Santa Clara Cnty. Super. Ct.) (class settlement for certified class of $16 million challenging Apple's failure to ensure that products sold in its online store comply with the disclosure and consent provisions of California's Automatic Renewal Law); *Carrillo-Hueso v. Ply Gem*, No. 34-2016-00195734-CU-OE-GDS (Sacramento Cnty. Super. Ct.) ($975,000 wage and hour settlement approved in 2017); *Barnes v. Sprig, Inc.*, No. CGC-15-548154 (S.F. Cnty. Super. Ct.) ($1,050,000 wage and hour settlement approved in 2016); *Bennett v. SimplexGrinnell LP*, No. 11-cv-01854-JST (N.D. Cal.) (class action wage and hour settlement for $4.9 million); *Willner v. Manpower*, No. 11-cv-02846-JST (N.D. Cal.) (class action settlement for $8.75 million on behalf of over 20,000 temporary employees in California alleging deficient wage statements); *Roussell v. Brinker Int'l, Inc.*, No. 5-cv-3733 (S.D. Tex) (served as co-trial counsel in two-week jury trial that resulted in a successful verdict and upheld on appeal by the Fifth Circuit Court of Appeals); *Wren v. RGIS*, No. C06-05778 JCS (N.D. Cal.) (nationwide FLSA collective action and state classes for California, Illinois, Washington, and Oregon of inventory auditors in off-the-clock case resulting in $27 million settlement); *Signorelli v. Utiliquest, LLC*, No. 5:08-CV-38 (M.D. Fla.), (2008 class and collective action settlement resolving compensable time claims (federal and state) of utility locators for $10 million); and *Dunwiddie v. Central Locating Service*, No. 4-cv-315-OC-106 (M.D. Fla.) ($8 million settlement of FLSA collective action in 2006). These cases have in the aggregate resulted in recovery of millions of dollars for thousands of people. Since 2016, Super Lawyers selected me as a

Northern California "Super Lawyer" each year after being named a "Rising Star" in 2014 and 2015.

8.  Barry Goldstein has been "of counsel" to GBDH since 2000. He joined GBDH in 1989 and served as managing partner from 1995 to 1999. He has practiced employment discrimination, civil rights and class action law for almost 50 years both in private practice and for 18 years with the NAACP Legal Defense and Educational Fund, Inc.[1] Mr. Goldstein has litigated many cases that have led to favorable class action settlements that have recouped hundreds of millions of dollars on behalf of plaintiffs, including *Haynes v. Shoney's Inc.,* 89-30093-RV (N.D. Fla.) (race discrimination class action resulting in nationwide consent decree that provided $132.5 million in monetary relief as well as extensive injunctive relief); *Butler v. Home Depot,* C94-4335-SI (N.D. Cal.) (gender discrimination class action resulting in $87.5 million class action settlement covering employees in the company's western division and extensive injunctive relief); *Shores v. Publix, Inc.,* No. 95-1162-CIV-T-25E (M.D. Fla.) (gender discrimination class action resulting in company-wide consent decree providing extensive

---

[1] The Legal Defense Fund had an extensive fair employment docket during Mr. Goldstein's tenure. Many of these cases were class actions that involved the application of the class action rule in litigation and settlement contexts. The scope and importance of LDF's docket is illustrated by the number of Supreme Court cases in which LDF lawyers represented the plaintiffs. *Phillips v. Martin Marietta Corp.*, 400 U.S. 549 (1971); *Griggs v. Duke Power Co.*, 401 U.S. 424 (1971); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454 (1975); *Albemarle Paper Co. v. Moody*, 422 U.S. 405 (1975); *Franks v. Bowman Transportation Co.*, 424 U.S. 747 (1976); *Brown v. General Services Administration*, 425 U.S. 280 (1976); *International Union of Electrical Workers v. Robbins & Myers, Inc.*, 429 U.S. 229 (1976); *Furnco Construction Corp. v. Waters*, 438 U.S. 567 (1978); *Carson v. American Brands, Inc.*, 450 U.S. 79 (1981); *Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981); *American Tobacco Co. Patterson*, 456 U.S. 63 (1982); *Pullman-Standard v. Swint*, 456 U.S. 273 (1982); *United States v. Aikens*, 460 U.S. 711 (1983); *Firefighters Local Union No. 1784 v. Stotts*, 467 U.S. 561 (1984); *Cooper v. Federal Reserve Bank*, 467 U.S. 867 (1984); *Anderson v. City of Bessemer City*, 470 U.S. 564 (1985); *Library of Congress v. Shaw*, 487 U.S. 310 (1986); *Bazemore v. Friday*, 478 U.S. 385 (1986); *University of Tennessee v. Elliott*, 487 U.S. 788 (1986); *Lorance v. AT&T Technologies*, 109 S. Ct. 2261 (1989); *Patterson v. McLean Credit Union*, 109 S. Ct 2363 (1989). Mr. Goldstein argued two of these cases before the United States Supreme Court.

injunctive relief plus $81.5 million in monetary relief); *Babbitt v. Albertson's, Inc.,* No. C-92-1883-SBA (PJH) (N. Ca.) (gender and race discrimination class action resulting in extensive injunctive relief); *Byrd v. Sprint Corp.,* No. CV92-18979 (Cir. Cit. Jackson County, MO.) ($62.5 million recovery for class of 116,000 employees who alleged they had been short-changed in commissions); *Kraszewski v. State Farm General Ins. Co.*, C-79- 1261-THE (N.D. Cal.) (gender discrimination case brought on behalf of women who were denied positions as insurance agents that resulted in over $200 million in monetary relief to the class and extensive injunctive relief). Since becoming Of Counsel to the Firm, Mr. Goldstein served as counsel for the class in *Gonzalez v. Abercrombie & Fitch,* No. 03-2817 SI (N.D. Cal.) which, in 2005, resulted in a settlement of approximately $47 million and in *Satchell v. Federal Express,* No. C03-2659 SI (N.D. Cal.), which resulted in a settlement of approximately $55 million. After joining GBDH, Mr. Goldstein argued a third case before the Supreme Court.

        a.        Mr. Goldstein has been involved in projects concerning the development of the law as it pertains to class action procedures. From 1981 through 1985, he served on the American Bar Association's (ABA) Special Committee on Class Action Improvements ("Committee"). As reported at 110 F.R.D. 195, 196 (1986), the Committee was "comprised of attorneys with broad experience representing plaintiffs and defendants in major class action litigation" and included Hon. Sam C. Pointer, Jr., U.S. District Judge (Alabama), who was the principal author of The Manual for Complex Litigation, Second. The Committee issued a report and recommendations to the Advisory Committee on Civil Rules of the Judicial Conference of the United States. Similarly, he was invited to serve on the Brookings Task Force on Civil Justice Reform, sponsored by the Brookings Institution, and participated in the preparation of Justice for All: Reducing Costs and Delay in Civil Litigation (1989), which was the "genesis for

many of the ideas embraced within Title I [the Civil Justice Reform Act of 1990] …" S. Rep. No. 101-416 at 14 (1990). As described in the United States Senate Report, the task force was comprised of "leading litigators from the plaintiffs' and defense bar, civil and women's rights lawyers, … general counsels of major corporations, former judges, leading attorneys, and law professors." *Id.*

        b.     He has taught law, including a course in employment discrimination law at Harvard Law School, been active generally in continuing legal education programs, and co-chaired a committee on fair employment law for both the Litigation Section and Labor and Employment Law Section of the American Bar Association. He was a co-editor of the third edition of the leading employment discrimination treatise, Lindemann & Grossman, <u>Employment Discrimination Law</u>, Bureau of National Affairs (1996 BNA Books).

     9.     Byron Goldstein, also a partner of the firm, has practiced law since 2007. Mr. Goldstein joined GBDH in 2014 and became a partner in 2019. During his time at GBDH, Mr. Goldstein has been responsible or involved in all facets of class action employment and other complex litigation, from pre-filing investigation through appeal. Since approximately 2014, Mr. Goldstein has spent much of his time representing workers in wage and hour matters in class and collective actions, which over the past seven years have led to favorable statewide class action and nationwide collective action settlements that have recouped millions of dollars in unpaid wages. Some of these cases include *McBain v. Behr Process Corp.*, No. RG17855986 (Alameda Cnty. Super. Ct.) (class and collective action settlement of 63 California Class Members and 394 Non-California Opt-in Eligible employees for $5 million approved in 2018); *Willey v. Techtronic Indus. N. Am., Inc.*, No. RG16806307 (Alameda Cnty. Super. Ct.) (class action settlement of 344 employees for $3.5 million approved in 2017); *Zenelaj v. Handy*, 37-2016-00004419-CU-OE-

CTL (San Diego Cnty. Super. Ct.) (final approval of $1.2 million on behalf of 9,925 class members alleging failure to pay overtime and other wage and hour violations granted in 2018); *Barnes v. Sprig*, CGC-15-548154 (San Francisco Cnty. Super. Ct.) (final approval of $1.05 million on behalf of 574 class members alleging failure to pay overtime and other wage and hour violations granted in 2016); *Talamantes v. PPG Indus., Inc.,* 13-cv-4062-WHO (N.D. Cal.) (final approval of $5 million settlement on behalf of 109 class and collective action members nationwide alleging failure to pay overtime and other wage and hour violations granted in 2015).

10. As demonstrated above, my firm and I have extensive experience litigating complex class action cases, including discrimination cases brought under Title VII and state laws. I and my firm colleagues are well versed in the applicable law.

11. My co-counsel are also well-qualified to serve as Class Counsel with my firm in this case, as set forth in the declarations of Laura Salerno-Owens, Craig Ackermann, and India Bodien, submitted herewith. I am not aware of the existence of any conflicts of interest between me, my firm, and my co-counsel on one hand and any putative Class Member on the other hand.

12. The named Plaintiffs, Opt-in Plaintiffs and putative Class are jointly represented by Plaintiffs' counsel. While GBDH has served as lead counsel, all of the firms have been working cooperatively in preparing this matter for class certification, and have divided this work so that tasks are accomplished efficiently and without duplication and will continue to do so going forward.

13. GBDH, Markowitz Herbold PC, Ackermann & Tilajef PC, and India Lin Bodien Law have committed to supporting this litigation with adequate resources, including professional and para-professional staffing, and litigation costs. Our firm has, in the past decades, handled many large class actions both alone and in conjunction with co-counsel firms. Our firm will

commit the resources that may be required to represent the putative class effectively. I am informed and believe that my co-counsel are similarly committed to representing the putative class effectively.

14.     Based on the above and the declarations submitted by my co-counsel, I believe that Plaintiffs' Counsel are qualified to serve as Class Counsel for the proposed Class.

## II.     THE PROPOSED CLASS REPRESENTATIVES

15.     Plaintiffs and proposed Class Representatives Kelly Cahill, Sara Johnston, Heather Hender, and Lindsay Elizabeth have been actively and diligently pursuing this litigation in cooperation with my firm and my co-counsel.

16.     They have assisted with the filing of the operative complaint, responded to written discovery, and have had their depositions taken.

17.     Based upon my firm's and my co-counsel's extensive interactions with the proposed Class Representative Plaintiffs, I am informed and believe that no divergence exists between the interests of the proposed Class Representatives and the interests of the Class as a whole and that there are no conflicts between the Class Representatives and the Class. I am informed and believe that none of the Plaintiffs nor any of the other potential class members has an interest in individually controlling the prosecution of separate actions regarding the claims in this case, and that no unique defenses will apply to the proposed Class Representatives

I declare under penalty of perjury under that the foregoing is true and correct, and that this Declaration was executed this 10th day of January, 2022 in Oakland, California.

*/s/ James Kan* _____
James Kan