AMY JOSEPH PEDERSEN, OSB No. 853958
amy.joseph.pedersen@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 300
Portland, OR  97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

DANIEL PRINCE, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
ZACH P. HUTTON, Cal. SB# 234737 (*pro hac vice*)
zachhutton@paulhastings.com
FELICIA A. DAVIS, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
LAURA ZABELE, Cal. SB# 330847 (*pro hac vice*)
laurazabele@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Attorneys for Defendant NIKE, INC.


UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, SARA JOHNSTON, LINDSAY ELIZABETH, and HEATHER HENDER, individually and on behalf of others similarly situated, | Case No.:  3:18-cv-01477-JR |
| Plaintiffs, | **DEFENDANT NIKE, INC.'S MOTION TO SEAL** |
| v. | |
| NIKE, INC., an Oregon Corporation, | |
| Defendant. | |

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ........................................................................................................1

II.   RELEVANT FACTUAL BACKGROUND .................................................................3

III.  ARGUMENT ..............................................................................................................3

    A.    Legal Standard ...............................................................................................3

    B.    The Privacy Interests of Current and Former Nike Employees Not Party to
           This Litigation Are a Compelling Interest That Warrants Sealing .......................5

    C.    Protecting Nike's AEO Information on the Basis of Privilege Is a
           Compelling Interest That Warrants Sealing. .........................................................7

    D.    Protecting Nike's Confidential and Proprietary Information and Sensitive
           Employee Compensation Information Is a Compelling Interest That
           Overcomes the Right of Public Access to the Information and Supports
           Sealing the Record. ...............................................................................................7

IV.   CONCLUSION .........................................................................................................12

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Acun v. Merrill Lynch, Pierce, Fenner, & Smith*,
No. 18-CV-07217-GBDSN, 2020 WL 3002225 (S.D.N.Y. Jan. 15, 2020) ............................4

*Aerodynamics Inc. v. Ceasars Entm't Operating Co.*,
No. 2:15-CV-01344-JAD, 2015 U.S. Dist. LEXIS 129588 (D. Nev. Sept. 24,
2015).................................................................................................................................8

*Awestruck Mktg. Grp., LLC v. Black Ops Prods., LLC*,
No. 16-CV-3639 (RJS), 2016 WL 8814349 (S.D.N.Y. June 20, 2016)................................11

*Bear Ranch, LLC v. Heartbrand Beef, Inc.*,
No. 6:12-cv-14, 2014 WL 12599343 (S.D. Tex. May 14, 2014)..........................................10

*Clean Crawl, Inc. v. Crawl Space Cleaning Pros, Inc.*,
No. C17-1340 BHS, 2020 WL 978267 (W.D. Wash. Feb. 28, 2020)...................................10

*E.W., LLC v. Rahman*,
No. 1:11-cv-1380-JCC/TCB, 2012 WL 3841401 (E.D. Va. Sept. 4, 2012)...........................9

*EFCG, Inc. v. AEC Advisors, LLC*,
No. 19CV8076RABCM, 2020 WL 7121855 (S.D.N.Y. Nov. 9, 2020) ................................11

*Eventbrite, Inc. v. M.R.G. Concerts Ltd.*,
No. 20-CV-04040-SI, 2021 WL 3286827 (N.D. Cal. Aug. 2, 2021)......................................7

*In re Fca U.S. LLC*,
377 F. Supp. 3d 779 (E.D. Mich. 2019) ..............................................................................4

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
331 F.3d 1122 (9th Cir. 2003) ........................................................................................3, 5

*Gearsource Holdings, LLC v. Google LLC*,
2020 U.S. Dist. LEXIS 119892 (N.D. Cal. Jul. 8, 2020) .....................................................8

*Gregory v. City of Vallejo*,
No. 2:13-cv-00320, 2014 WL 4187365 (E.D. Cal. Aug. 21, 2014).......................................6

*Hagestad v. Tragesser*,
49 F.3d 1430 (9th Cir. 1995) ..............................................................................................4

*Hunt v. Cont'l Cas. Co.*,
No. 13-CV-05966-HSG, 2015 WL 5355398 (N.D. Cal. Sept. 14, 2015) ..............................6

*Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*,
  No. 12-cv-03844-JST, 2015 WL 984121 (N.D. Cal. Mar. 4, 2015) ........................................5

*In re Incretin-Based Therapies Prods. Liab. Litig.*,
  2021 WL 873290 ...........................................................................................................10

*Kamakana v. City & County of Honolulu*,
  447 F.3d 1172 (9th Cir. 2006) .......................................................................................3, 6

*Kennis v. Metro. W. Asset Mgmt., LLC*,
  No. CV 15-8162-GW(FFMX), 2018 WL 5274166 (C.D. Cal. June 11, 2018) ......................7

*Koshani v. Barton*,
  No. 3:17-CV-265-TWP-HBG, 2019 WL 1756527 (E.D. Tenn. Apr. 19, 2019) ....................4

*Lathrop v. Uber Techs., Inc.*,
  2016 U.S. Dist. LEXIS 191695 (N.D. Cal. June 17, 2016) ...................................................9

*Le, et al. v. Zuffa, LLC*,
  No. 215-CV-01045-RFB-PAL, 2016 WL 3035086 (D. Nev. May 26, 2016) ........................7

*McMorrow v. Mondelez Int'l.*,
  2020 U.S. Dist. LEXIS 12094 (S.D. Cal. Jan. 24, 2020) ......................................................9

*Murphy v. Rochester City Sch. Dist.*,
  2002 WL 31322639 (W.D.N.Y. Sept. 30, 2002) .................................................................5

*Music Grp. Macao Commercial Offshore Ltd. v. Foote*,
  No. 14-cv-03078-JSC, 2015 WL 3993147 (N.D. Cal. June 30, 2015) ...................................5

*Myles v. Cty. of San Diego*,
  No. 15-CV-1985-BEN (BLM), 2017 WL 274829 (S.D. Cal. Jan. 19, 2017) .........................6

*Rich v. Shrader*,
  No. 09-CV-652-AJB (BGS), 2013 WL 6190895 (S.D. Cal. Nov. 26, 2013) .......................11

*Schwartz v. Cook*,
  5:15-cv-03347-BLF, 2016 U.S. Dist. LEXIS 45526 (N.D. Cal. Apr. 4, 2016) .....................8

*Sullivan v. Deutsche Bank Americas Holding Corp.*,
  No. 08-CV-2370 LPOR, 2010 U.S. Dist. LEXIS 90017 (S.D. Cal. Aug. 31, 2010) ...........................................................................................................................8

*Talking Rain Beverage Co., Inc. v. DS Servs. of Am., Inc.*,
  No. C15-1804RSM, 2017 WL 2806831 (W.D. Wash. June 29, 2017) ..................................4

*Vesta Corp. v. Amdocs Mgmt., Ltd.*,
  312 F. Supp. 3d 966 (D. Or. 2018) ...................................................................................6

*W. Air Charter, Inc. v. Schembari*,
    No. LA-cv-17420-JGB (KSX), 2019 WL 6998769 (C.D. Cal. Jan. 11, 2019) ..................... 10

*Williams v. Apple, Inc.*,
    2021 U.S. Dist. LEXIS 114028 (N.D. Cal. June 17, 2021) ................................................... 10

<u>**LR 7-1(a) CERTIFICATION**</u>

In compliance with Local Rule 7-1(a), counsel for Defendant Nike, Inc. ("Nike") has conferred in good faith with Plaintiffs' counsel regarding this Motion, and the matters contained herein, but the parties were unable to resolve their dispute.

<u>**MOTION**</u>

Nike hereby moves the Court for an order to file under seal limited unredacted portions of Plaintiffs' Motion for Class Certification (the "Motion") and select documents filed in support thereof pursuant to Section 4 of the Protective Order on file in this case (ECF 82).

<u>**MEMORANDUM IN SUPPORT**</u>

**I.      INTRODUCTION**

Good cause exists to permit Nike to file the following categories of information under seal: (1) the names of any individuals (complainants, subjects and witnesses) named in the context of allegations regarding sexual harassment or gender discrimination at Nike; (2) briefing and declarations filed in relation to Plaintiffs' motion to compel Nike's privileged pay equity, promotion and compensation analyses that reflect confidential legal strategy; and (3) Nike's confidential and proprietary compensation information, including Nike's compensation structure as well as pay shortfall conclusions derived from Attorneys' Eyes Only ("AEO") compensation data of current and former Nike employees who are not parties to the litigation.  Mindful of the requirement that parties should take a judicious approach to filing under seal, Nike has gone to great lengths to ensure that the overwhelming majority of Plaintiffs' Motion and supporting evidence is un-redacted and open to the public.  The limited material Nike seeks to seal is content Nike produced to Plaintiffs in discovery, which contains confidential, proprietary business information and/or confidential, private information about non-parties to this litigation.

Nike does not share the content it seeks to seal externally and only disseminates it internally where there exists a business need-to-know.  Indeed, Nike restricts access and keeps this information confidential because, if publicly disclosed, it would impinge upon non-parties' privacy rights or present competitors an unfair business advantage regarding Nike's compensation structure, practices and data.  Keeping this information confidential through sealing is the only way to avoid these harms.  Nike's narrowly tailored motion to seal certain confidential materials, therefore, meets the applicable legal standard and should be granted.

Nike moves to seal limited portions of Plaintiffs' Motion and selected supporting documents[1] as follows:

- Plaintiffs' Motion for Class Certification;

- Declaration of Dr. David Neumark, Exh. A;

- Declaration of Dr. David Neumark, Exh. B;

- Declaration of Byron Goldstein, Exh. 6;

- Declaration of Byron Goldstein, Exh. 7;

- Declaration of Byron Goldstein, Exh. 9;

- Declaration of Byron Goldstein, Exh. 11;

- Declaration of Byron Goldstein, Exh. 12;

- Declaration of Byron Goldstein, Exh. 14;

- Declaration of Byron Goldstein, Exh. 15;

---

[1] Nike does not seek to seal any of these documents in their entirety, but rather redact very limited portions of each.  The proposed redactions are attached to the Declaration of Daniel Prince in Support of Defendant Nike, Inc.'s Motion to Seal.  Proposed redactions highlighted in green are those which both parties have agreed upon. Proposed redactions highlighted in yellow are opposed by Plaintiffs and are the subject of this Motion to Seal.

- Declaration of Byron Goldstein, Exh. 17;

- Declaration of Mengfei Sun, Exh. 74; and

- Declaration of Mengfei Sun, Exh. 81.

## II.    RELEVANT FACTUAL BACKGROUND

Nike and Plaintiffs had several meet and confer communications regarding proposed redactions to Plaintiffs' Motion and supporting documents, including a phone call on January 18, 2022, and several emails exchanged between January 11, 2022 and February 22, 2022. *See* Declaration of Daniel Prince in Support of Nike's Motion to Seal at ¶ 2. Unable to reach agreement, on February 23, 2022, Plaintiffs requested, in writing, to unseal their class certification filings pursuant to Paragraph 4 of the Protective Order. *See id.* Nike and Plaintiffs then continued to meet and confer via email and telephone about Nike's proposed redactions in hopes of avoiding unnecessary motion practice. *See id.* The parties' second round of meet and confer efforts included several email exchanges and telephone calls on March 4, 2022 and March 14, 2022. Although the parties did reach agreement on some redactions, the parties ultimately did not agree on a narrow set of categories for redaction. This motion follows.

## III.    ARGUMENT

### A.    Legal Standard

Although there is a presumption of access to court records, the right to access "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). To meet the "compelling reasons" standard, the party seeking to seal a judicial record "must articulate compelling reasons supported by specific factual findings." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citations omitted). In determining whether the strong

presumption of access is overcome, courts consider all relevant factors, including the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for … infringement upon trade secrets." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (internal citations omitted).

Notably, Nike is not seeking to seal Plaintiffs' Motion in its entirety. In the spirit of cooperation and good faith, Nike has gone to great lengths to ensure the overwhelming majority of Plaintiffs' Motion remains un-redacted and open to the public. The limited material Nike seeks to redact is derived from content Nike produced to Plaintiffs, which contains confidential, proprietary business information and/or confidential, private information about non-parties to this litigation. Indeed, where crucial "portions of the [filings] may be amenable to public access without jeopardizing the confidentiality of sensitive information," and "confidential information [is not] so embedded in a [filing] that line-by-line redaction is impossible ... redaction [is] a reasonable alternative to sealing the entire [document]." *In re Fca U.S. LLC*, 377 F. Supp. 3d 779, 793 (E.D. Mich. 2019) (quoting *IDT Corp. v. eBay*, 709 F.3d 1220, 1224 (8th Cir. 2013)).

Several courts have agreed that redactions or partial sealing may be an adequate alternative to sealing an entire document. *See Acun v. Merrill Lynch, Pierce, Fenner, & Smith*, No. 18-CV-07217-GBDSN, 2020 WL 3002225, at *5 (S.D.N.Y. Jan. 15, 2020) ("In any case in which some sealing of a judicial document is appropriate, the Court of Appeals has directed that the district court should determine whether partial redaction of the private material is a viable remedy, or whether the document presents an all or nothing matter.") (internal quotation marks omitted); *Koshani v. Barton*, No. 3:17-CV-265-TWP-HBG, 2019 WL 1756527, at *19 (E.D. Tenn. Apr. 19, 2019) ("In this District, discrete redacting of documents or selective sealing is generally preferred over the wholesale sealing of documents."); *Talking Rain Beverage Co., Inc.*

*v. DS Servs. of Am., Inc.*, No. C15-1804RSM, 2017 WL 2806831, at *1 (W.D. Wash. June 29, 2017) ("If possible, a party should protect sensitive information by redacting documents rather than seeking to file them under seal.").  Nike has taken that approach here, leaving the overwhelming majority of the materials public, and not seeking to seal the Motion or the supporting exhibits in their entirety.

### B.    The Privacy Interests of Current and Former Nike Employees Not Party to This Litigation Are a Compelling Interest That Warrants Sealing

Nike seeks to redact portions of the Motion and supporting exhibits to the extent they reveal the names of former and current Nike employees that appear in the context of internal complaints as the complainants, subjects or witnesses.  The parties have reached an agreement on this topic except with regard to three former employees who were the subjects of complaints and allegations regarding sexual harassment and gender discrimination.  The proposed redactions in question are narrowly tailored to prevent the unauthorized dissemination of sensitive personal information.  *See Murphy v. Rochester City Sch. Dist.*, 2002 WL 31322639, at *1-4 (W.D.N.Y. Sept. 30, 2002) (sealing personally identifiable information with respect to certain individuals).

Several courts have recognized the privacy interests of third parties by sealing personal and other identifying information from the public record.  *See Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, at *1137 (9th Cir. 2003) ("third-party medical and personnel records" should be redacted "to protect third-party privacy interests…."); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-cv-03844-JST, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (noting that "invasion of [a] third parties' privacy" constitutes a compelling reason to file under seal); *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14-cv-03078-JSC, 2015 WL 3993147, at *2 (N.D. Cal. June 30, 2015) ("Disclosure of identifying information would infringe the privacy rights of [third party individuals], which constitutes a compelling reason for

sealing."); *Hunt v. Cont'l Cas. Co.*, No. 13-CV-05966-HSG, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (granting motion to seal names of all individuals, besides the plaintiff, contained in "Talent Reviews" that contain information related to the performance of certain of the defendant's employees other than the plaintiff); *Myles v. Cty. of San Diego*, No. 15-CV-1985-BEN (BLM), 2017 WL 274829, at *2 (S.D. Cal. Jan. 19, 2017) ("[I]nformation about third parties' personal identifying information should not be disclosed to the public."); *Gregory v. City of Vallejo*, No. 2:13-cv-00320, 2014 WL 4187365, at *3 (E.D. Cal. Aug. 21, 2014) (holding that the identities of third parties should be sealed in internal investigation documents).

Disclosing the names of former employees in connection with inflammatory allegations would only serve to "gratify private spite" or "promote public scandal." *Kamakana*, 447 F.2d at 1179 (quoting *Nixon*, 435 U.S. at 598) ("'compelling reasons' sufficient to outweigh the public's interest in disclosure and justifying sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, [or] circulate libelous statements…."); *see also Vesta Corp. v. Amdocs Mgmt., Ltd.*, 312 F. Supp. 3d 966, 971 (D. Or. 2018) (granting motion to seal where records were used to gratify private spite or promote public scandal). This is highlighted by the fact that Plaintiffs readily agreed to redact the name of all other complaint subjects and, indeed, these same three individuals' names in other references to allegations of sexual harassment and gender discrimination. Plaintiffs' interest in selectively redacting these individuals' names proves that their primary concerns are attacking the individuals' characters and Nike's reputation in the court of public opinion. Disclosing their names would also be a violation of their privacy interests and would serve no meaningful purpose. This is especially true when the allegations Plaintiffs cite to or reference are unsubstantiated and unverified. The disclosure may lead to unwarranted

reputational injury.  Ultimately, the sensitive information Nike proposes redacting does not directly affect the litigation.

      **C.**      **Protecting Nike's AEO Information on the Basis of Privilege Is a Compelling Interest That Warrants Sealing.**

Nike also seeks to seal certain portions of AEO briefing, including declarations, in support of or opposing Plaintiffs' motion to compel production of certain compensation and promotion analyses, because they reference confidential legal strategy, legal advice provided to Nike Legal, and requests for legal advice regarding these analyses.  Documents discussing or referencing privileged information may be sealed or redacted in public filings. *See Le, et al. v. Zuffa, LLC*, No. 215-CV-01045-RFB-PAL, 2016 WL 3035086, at *4 (D. Nev. May 26, 2016) ("Courts routinely allow or order redactions of documents containing a mix of protected privileged communications and business advice."); *Kennis v. Metro. W. Asset Mgmt., LLC*, No. CV 15-8162-GW(FFMX), 2018 WL 5274166, at *11 (C.D. Cal. June 11, 2018) (concluding that defendant was entitled to "withhold or redact as privileged" certain communications); *Eventbrite, Inc. v. M.R.G. Concerts Ltd.*, No. 20-CV-04040-SI, 2021 WL 3286827, at *1 (N.D. Cal. Aug. 2, 2021) (denying "defendant's challenge to privilege redactions of…six privileged documents" because "[e]ach redaction in the aforementioned documents contains legal advice or legal assistance protected under the attorney-client privilege").

      **D.**      **Protecting Nike's Confidential and Proprietary Information and Sensitive Employee Compensation Information Is a Compelling Interest That Overcomes the Right of Public Access to the Information and Supports Sealing the Record.**

Next, Nike seeks to seal Dr. Neumark's pay shortfall conclusions that he derived from various analyses of Nike's confidential and proprietary compensation information of current and former employees, including those who are not parties to the litigation.  This information was

produced under the "AEO" designation.  Similarly, Nike seeks to seal information regarding Nike's compensation structure, practices, and policies mentioned in Plaintiffs' Motion on the basis that such information is both confidential and proprietary.

Protection of sensitive personal financial information of a non-party is a compelling interest that outweighs the public's interest in access to court documents.  *See, e.g.*, *Schwartz v. Cook*, 5:15-cv-03347-BLF, 2016 U.S. Dist. LEXIS 45526, at *5 (N.D. Cal. Apr. 4, 2016) (sealing confidential business information related to business practices and employee compensation); *Aerodynamics Inc. v. Ceasars Entm't Operating Co.*, No. 2:15-CV-01344-JAD, 2015 U.S. Dist. LEXIS 129588, at *45-46 (D. Nev. Sept. 24, 2015) (sealing entirety of compensation and expectations memorandum containing information regarding employees' annual pay and bonus structure because it "could be valuable to … competitors … and that preventing the potential damage to [the company's ] business interests constitutes a compelling reason to seal this information"); *Sullivan v. Deutsche Bank Americas Holding Corp.*, No. 08-CV-2370 LPOR, 2010 U.S. Dist. LEXIS 90017, at *4-5 (S.D. Cal. Aug. 31, 2010) (sealing documents concerning "unique compensation and incentive programs" "[b]ased on the likelihood of an improper use by competitors and the proprietary nature of the confidential information").

Nike anticipates that Plaintiffs will argue that Dr. Neumark's pay shortfall conclusions can be publicly disclosed because they are an aggregate of confidential and proprietary information and thus no longer subject to the same level of protections.  However, "calculations 'derived from' a party's sealable confidential information also warrant protection." *Gearsource Holdings, LLC v. Google LLC*, 2020 U.S. Dist. LEXIS 119892, at *42 (N.D. Cal. Jul. 8, 2020) (granting motion to seal) (quoting *Asetek Danmark A/S v. CMI USAnited States, Inc.*, No. 13-cv-00457-JST, 2015 U.S. Dist. LEXIS 188306, at *2 (N.D. Cal. 2015); *see also McMorrow v.*

*Mondelez Int'l.*, 2020 U.S. Dist. LEXIS 12094, at *5-6 (S.D. Cal. Jan. 24, 2020) (granting motion to seal "damages figures calculated using" "unit and dollar sales information" that had been designated "Highly Confidential AEO") (internal quotations omitted); *Lathrop v. Uber Techs., Inc.*, 2016 U.S. Dist. LEXIS 191695, at *8 (N.D. Cal. June 17, 2016) (holding that information that "describes or makes statements derived from Uber's highly sensitive, proprietary, and confidential logging techniques" met the "burden to show that the requested information should be sealed") (internal quotation marks omitted).

Nike's request is sufficiently narrowly tailored because it only seeks to redact the dollar and percentage representations of the purported shortfall value, not Dr. Neumark's standard deviation. Dr. Neumark uses the "'standard deviation' metric … to determine whether the measured difference in pay between women and men is statistically significant and differs strongly from the null hypothesis of gender-neutral pay setting (*i.e.*, no difference in pay between women and men)[.]" Declaration of David Neumark in Support of Plaintiff's Motion for Class Certification, Exh. A at ¶ 25 (ECF 149-1). Because it is the standard deviation estimate rather than a dollar amount or percentage that is relevant to Dr. Neumark's conclusions regarding any alleged pay inequities, redacting the estimated dollar shortfalls does not deprive the public of access to significant information. Indeed, the estimated shortfall, on its own, without the standard deviation is meaningless. Also, because it is Nike's contention that Dr. Neumark's analyses are fundamentally flawed, disclosing his unsupported shortfall conclusions would only serve to promote public scandal.

Courts have frequently granted motions to seal the contents of experts' reports because they contain confidential and proprietary information or data. *See, e.g., E.W., LLC v. Rahman*, No. 1:11-cv-1380-JCC/TCB, 2012 WL 3841401, at *3 (E.D. Va. Sept. 4, 2012) (granting motion

to seal expert reports containing "confidential business information and other trade secret protected information," including "sensitive financial data ... the disclosure of which would be highly likely to cause significant harm to the business competitive position of both parties"); *W. Air Charter, Inc. v. Schembari*, No. LA-cv-17420-JGB (KSX), 2019 WL 6998769, at *6 (C.D. Cal. Jan. 11, 2019) (granting motion to seal expert reports providing "details of [the plaintiff]'s unique operations model and discussion of its competitive advantages while also quoting documents designated by the [p]arties as confidential or highly confidential, including [the defendant]'s business plan"); *Bear Ranch, LLC v. Heartbrand Beef, Inc.*, No. 6:12-cv-14, 2014 WL 12599343, at *1 (S.D. Tex. May 14, 2014) (granting motion to seal expert reports, since they were "designated 'confidential' pursuant to a protective order and at least arguably refer to proprietary information"); *Clean Crawl, Inc. v. Crawl Space Cleaning Pros, Inc.*, No. C17-1340 BHS, 2020 WL 978267, at *2 (W.D. Wash. Feb. 28, 2020) (granting "motions to seal expert reports as containing confidential business information which could be used against each side by competitors").

Disclosure of Nike's competitive and confidential compensation information may also help Nike's competitors and hurt Nike's competitive standing, and as such, the compensation data should be sealed. *See Williams v. Apple, Inc.*, 2021 U.S. Dist. LEXIS 114028, at *7 (N.D. Cal. June 17, 2021) (granting Apple's motion to seal to prevent "public disclosure of key metrics" such as costs, revenues, and market research based because "[d]isclosure of information that might harm a litigant's competitive standing generally meet the compelling reasons standard for sealing") (internal citations omitted); *In re Incretin-Based Therapies Prods. Liab. Litig.*, 2021 WL 873290 at *3 (holding that threat of competitive harm and potential to confuse and mislead the public from disclosure of confidential proprietary research outweigh the public's right of

access and amount to compelling reasons to maintain the information at issue under seal).  With access to its compensation information, Nike's competitors would unfairly benefit from the disclosure to help them compete more effectively, improve their approach, and capitalize on perceived weaknesses in Nike's compensation structure.  *See Rich v. Shrader*, No. 09-CV-652-AJB (BGS), 2013 WL 6190895, at *2 (S.D. Cal. Nov. 26, 2013) (granting motion to seal confidential information containing "company strategies to improve employee performance and experience" and "excerpts from deposition testimony discussing…employee review system, internal policies, employment standards, and partnership advancement").

Courts routinely seal documents or sections of documents that contain confidential business information that could cause competitive harm to a party or non-party.  *See Awestruck Mktg. Grp., LLC v. Black Ops Prods., LLC*, No. 16-CV-3639 (RJS), 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016) (ordering the filing under seal of a client list where it "contains sensitive and proprietary information that is not generally publicly available and that, if revealed, could cause significant competitive harm to Plaintiff" and did not "'directly affect' the litigation" at that stage); *EFCG, Inc. v. AEC Advisors, LLC*, No. 19CV8076RABCM, 2020 WL 7121855, at *1 (S.D.N.Y. Nov. 9, 2020) (granting sealing motion where plaintiff offered narrowly tailored redactions of, among other things, non-public information relating to non-parties such as a list of client representatives attending plaintiff's event).  The sensitive information Nike proposes redacting does not directly affect the litigation at this point and reveals proprietary and confidential information regarding Nike's compensation structure and data.  Nike has proposed narrowly tailored redactions to only those details, which, if allowed to remain on the public record, would reveal sensitive and proprietary information that could cause competitive harm, and which only serve to promote public scandal.

## IV.    CONCLUSION

For the foregoing reasons, Nike respectfully requests that the Court grant its motion to seal certain personal identifying information, references to legal advice, and confidential and proprietary information regarding compensation structure and compensation data as described above.

Dated:  March 15, 2022                    Respectfully submitted,


/s/ Daniel Prince
Daniel Prince, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
Zach P. Hutton, Cal. SB#234737 (*pro hac vice*)
zachhutton@paulhastings.com
Felicia A. Davis, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
Laura E. Zabele, Cal. SB# 330847 (*pro hac vice*)
laurazabele@paulhastings.com

PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071-2228
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Amy Joseph Pedersen, OSB No. 853958
amy.joseph.pedersen@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  (503) 294-9408
Facsimile:  (503) 220-2480

Attorneys for Defendant NIKE, INC.