```
 1
 2                UNITED STATES DISTRICT COURT
 3                     DISTRICT OF OREGON
 4                      PORTLAND DIVISION
 5
 6   KELLY CAHILL, SARA         )
     JOHNSTON, LINDSAY          )
 7   ELIZABETH, and HEATHER     )
     HENDER, individually and   )
 8   on behalf of others        )
     similarly situated,        )
 9                              )
                Plaintiffs,     )
10                              )
         vs.                    )   Case No. 3:18-cv-01477-JR
11                              )
     NIKE, INC., an Oregon      )
12   Corporation,               )
                                )
13              Defendant.      )
     _____)
14
15        REMOTE VIDEOTAPED DEPOSITION OF EMILY TUCKER
16                     Portland, Oregon
17                 Friday, January 22, 2021
18
19
            REPORTED BY:  Dayna Michelle Glaysher
20                        CSR No. 13079;
                          RPR, CRR No. 28081
21
22
23
24
25
                                                         Page 1
```

Veritext Legal Solutions
866 299-5127

Pedersen Decl. Exhibit F, Page 1 of 6

```
 1   accurate?
 2       A.  Uh-huh, yes.
 3       Q.  I just need a verbal answer.
 4       A.  I didn't hear you.
 5       Q.  Oh, I just need a verbal answer.  I only saw you    11:04:43
 6   shaking your head.
 7       A.  Yes.
 8       Q.  Okay.  Thanks.
 9           And then you returned to Nike in December of 2005
10   as account services manager, U.S. Customer Service          11:04:56
11   Department; is that accurate?
12       A.  Yes.
13       Q.  Okay.  And was that role back in Oregon?
14       A.  Yes.
15       Q.  Were your first two roles with Nike account         11:05:05
16   representative and account executive -- were those in
17   Oregon as well?
18       A.  Yes.
19       Q.  Okay.  Why did you decide to come back to Nike?
20       A.  I -- so it was a -- you know, it was a nice place   11:05:18
21   to work.  I enjoyed my coworkers.  The work was
22   challenging.  And -- and so I knew that that was an
23   environment I wanted to go back to.
24       Q.  Okay.  And was your supervisor when you returned
25   an individual by the name of Gorgon Barrett?                11:05:44
```

Page 70

Veritext Legal Solutions
866 299-5127

Pedersen Decl. Exhibit F, Page 2 of 6

```
 1   zone.  I recall a slightly different number actually.
 2      Q.  Okay.  I'll see if I can find any -- any
 3   document.  We'll come back to that.
 4          Do you know how -- did you have any conversations
 5   about your compensation before you were hired at Nike in    11:07:03
 6   the account services manager role?
 7      A.  Did I have any conversations about compensation
 8   with -- like with the hiring manager?
 9      Q.  Right.  With anyone at Nike.
10      A.  Yes.                                                  11:07:23
11      Q.  And who did you speak -- with whom did you speak?
12      A.  That would've been Gordon.
13      Q.  Okay.  And what conversations did you and Gordon
14   have about your compensation?
15      A.  I recall him making an offer.  And I -- trying to    11:07:33
16   negotiate a higher number.  And his response was that
17   there was a very extreme time constraint on his end as
18   relating to he needed to make and get an accepted offer
19   in the moment, and that he couldn't negotiate.
20      Q.  Okay.  And do you know how your starting salary      11:08:12
21   was set, what factors the company considered?
22      A.  I don't.
23      Q.  Okay.  Do you recall your CFE rating in 2006 and
24   2007?
25      A.  I mean I could guess.  Not specifically.             11:08:40
```

Page 72

Veritext Legal Solutions
866 299-5127

Pedersen Decl. Exhibit F, Page 3 of 6

```
 1                         CERTIFICATE

 2                             OF

 3                 CERTIFIED SHORTHAND REPORTER

 4

 5

 6            The undersigned certified shorthand reporter

 7    of the State of California does hereby certify:

 8            That the foregoing deposition was taken

 9    before me at the time and place therein set forth, at

10    which time the witness was duly sworn by me.

11            That the testimony of the witness and all

12    objections made at the time of the deposition were

13    recorded stenographically by me and thereafter

14    transcribed, said transcript being a true copy of my

15    shorthand notes thereof.

16            In witness whereof, I have subscribed my

17    name this date: February 4, 2021

18

19

20                    [Signature]

21

22            CSR Number 13079

23            RPR, CRR Number 28081

24

25
```

Page 186

Veritext Legal Solutions
866 299-5127

Pedersen Decl. Exhibit F, Page 4 of 6

*Cahill v. Nike*
No. 3:18-cv-01477-JR (D. Or.)

Deposition Date: January 22, 2021

Deponent: Emily Tucker

| Page | Line(s) | Reads | Should Read | Reason |
|---|---|---|---|---|
| 28 | 12 | Kavanagh | Cavanaugh | To correct spelling error |
| 30 | 1 | immanence | imminent | To correct transcription error |
| 36 | 1 | Michelle | Michele | To correct spelling error |
| 36 | 7 | Shafbow | Schafbuch | To correct spelling error |
| 36 | 7 | Dooby | Dube | To correct spelling error |
| 36 | 7 | Tanya | Tonia | To correct spelling error |
| 38 | 5 | Michelle | Michele | To correct spelling error |
| 39 | 11 | Kenny | Kenney | To correct spelling error |
| 53 | 3 | P-h-i-l-l-i-p-i, I believe. | P-h-i-l-i-p-p-i, I believe. | To correct spelling error |
| 53 | 8 | Suiten | Sutin | To correct spelling error |
| 60 | 22 | back sell | back fill | To correct transcription error |
| 65 | 11 | Nike values perspective | Nike VALUES band perspective | To clarify testimony |
| 67 | 7 | Birch | Burch | To correct spelling error |
| 68 | 2 | Birch | Burch | To correct spelling error |
| 74 | 8 | My role was to - - to oversight | My role was to – provide oversight | To clarify testimony |
| 77 | 12 | Haightman | Hapeman | To correct transcription error |
| 83 | 19 | Yes | Yes, I was involved in the decision. | To clarify testimony |
| 93 | 3 | Kavanagh | Cavanaugh | To correct spelling error |
| 94 | 14 | Palo Polo | Paolo Polla | To correct spelling error |
| 97 | 23 | Piestrip | Peistrup | To correct spelling error |
| 100 | 11-12 | It was below the minimum. | I am 90% sure it was below the minimum. | To clarify testimony. |
| 101 | 19 | Palo Polo | Paolo Polla | To correct spelling error |
| 126 | 2 | No | No, I did not make hiring decisions, just recommendations | To provide complete answer to question |
| 126 | 5 | No | No, I did not make pay decisions, just recommendations | To provide complete answer to question |

| 126 | 8 | No | No, I did not make CFE decisions, just recommendations | To provide complete answer to question |
|---|---|---|---|---|
| 126 | 14 | No | No, I did not make promotion decisions | To provide complete answer to question |
| 126 | 19 | Ryan | Bryan | To correct transcription error |
| 126 | 22 | Binser | Binzer | To correct spelling error |
| 129 | 19 | Maggie Winkler | Maggie Winkel | To correct transcription error |
| 129 | 19 | Michelle | Michele | To correct spelling error |
| 132 | 17 | Kenny | Kenney | To correct spelling error |
| 136 | 3-4 | and include that was for his direct reports | that was for his direct reports and not include me | To correct transcription error |
| 160 | 4 | Scarmetto | Scarmato | To correct spelling error |
| 160 | 5 | Scarmetto | Scarmato | To correct spelling error |
| 166 | 4 | rule | role | To correct transcription error |
| 166 | 16 | Michelle | Michele | To correct spelling error |
| 171 | 9 | Yes, hiring recommendations, yes. | Not hiring decisions. Hiring recommendations, yes. | To clarify testimony |
| 181 | 12 | Michelle | Michele | To correct spelling error |

Subject to the above changes, I declare under the penalties of perjury of the laws of the United States that my deposition transcript is true and correct.

Executed on 3/4/2021 in Portland, OR.

DocuSigned by:
Emily Tucker
23BF9332C8CB442...