AMY JOSEPH PEDERSEN, OSB No. 853958
amy.joseph.pedersen@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 300
Portland, OR  97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

DANIEL PRINCE, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
FELICIA A. DAVIS, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
LAURA E. ZABELE, Cal. SB# 330847 (*pro hac vice*)
laurazabele@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Attorneys for Defendant NIKE, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, SARA JOHNSTON, LINDSAY ELIZABETH, and HEATHER HENDER, individually and on behalf of others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>　　　　　　　　Defendant. | Case No.:  3:18-cv-01477-JR<br><br>DEFENDANT NIKE, INC.'S OBJECTIONS TO EVIDENCE FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION |

Page 1   -   DEFENDANT NIKE, INC.'S OBJECTIONS TO EVIDENCE FILED IN
            SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

I.  **INTRODUCTION**

Defendant Nike, Inc. ("Nike") submits the following evidentiary objections to the Declarations of Byron Goldstein ("Goldstein Declaration"), James Kan ("Kan Declaration") and Mengfei Sun ("Sun Declaration"), and certain attached exhibits, submitted by Plaintiffs in support of their Motion for Class Certification. Specifically, Plaintiffs use the Goldstein Declaration to circumvent Plaintiffs' opening brief page limit and improperly raise irrelevant discovery disputes months after the close of discovery. It should be disregarded in its entirety.[1] In addition, the three declarations, and attachments, are subject to numerous evidentiary objections, including hearsay (Fed. R. Evid. 801), lack of personal knowledge (Fed. R. Evid. 602), lack of foundation (Fed. R. Evid. 602, 701), and conclusions of fact and law (Fed. R. Evid. 701, 704). Those declaration statements and exhibits similarly should be disregarded. Nike sets forth its evidentiary objections below.

II. **THE GOLDSTEIN DECLARATION IMPROPERLY ATTEMPTS TO RAISE A DISCOVERY DISPUTE AFTER THE CLOSE OF DISCOVERY**

The Goldstein Declaration is a clear (and misguided) attempt to use class certification briefing to improperly raise discovery disputes that have no bearing on class certification, well after the close of discovery.[2] Plaintiffs had an adequate amount of time—three years—to

---

[1] To the extent the Court does not disregard the Goldstein Declaration and would like Nike to respond to the substantive contentions, Nike is happy to do so.

[2] The Court previously admonished the parties not to raise discovery issues without a properly noticed motion. *See* Dkt. 136, at 2-3 ("The Court's attempt to move this litigation along efficiently and with less expense, relying on an informal discovery process, has had the opposite effect resulting in endless disputes between the parties that devolve into diatribes and finger pointing. The recent discovery dispute raised in plaintiffs' letter request, dated March 1, 2021, is no exception . . . . The parties are now directed to file formal motions in strict conformance with the Local Rules. Any submission that fails to adhere to the Local Rules will not be considered by the Court. Finally, the Court cautions the parties that any further abuses of the Court's time regarding discovery disputes may result in sanctions . . . .").

Page 0    -    DEFENDANT NIKE, INC.'S OBJECTIONS TO EVIDENCE FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

conduct discovery. To the extent they complain now that they are missing relevant information, they either never requested it, or failed to file—or lost—a motion to compel their production. Plaintiffs' current discovery gripes contained in the Goldstein Declaration are improper, lack merit, and should be disregarded.

Specifically, the Goldstein Declaration contends Plaintiffs did not receive specific iterations or portions of documents (the "Hiring Process" document, "Manager Playbook Hiring" and "Talent Acquisition Playbook"), data from Nike's Avature system, and "complete data" from Nike's Taleo system, "including data related to Nike's matching of candidates to job requisitions." Goldstein Decl., ¶¶ 4-6. Plaintiffs contend these requests are responsive to Request for Production ("RFP") Nos. 1-4, 9, 11, and 32. *See* Goldstein Decl., ¶¶ 3-3b. The Court should disregard their post-hoc complaints for several reasons.

First, as a preliminary matter, Plaintiffs moved to compel documents responsive to RFP Nos. 2 ("documents showing the systems Nike used to track, store, or access information or generate reports related to employees in the Covered Positions for job applications and decisions on job applications for new hires," 3 ("documents that would help Plaintiffs understand those Nike systems") and 32 ("Nike's policies or practices about retaining or deleting the requested discovery") (Goldstein Decl., ¶ 3b.); the Court denied the request on August 10, 2020 (*see* Dkt. 111). It is improper to use class certification briefing to complain about this ruling now, more than a year and a half later. It is also misleading of Plaintiffs not to reference the Court's August 10, 2020 ruling in the Goldstein Declaration when purporting to set forth the relevant facts.

Second, none of Plaintiffs' discovery letters attached to the Goldstein Declaration specifically request the other documents/data they now bring to the Court's attention.[3] If

---

[3] These documents and data include a pre-December 13, 2018 version of Nike's "Hiring

Page 1    -    DEFENDANT NIKE, INC.'S OBJECTIONS TO EVIDENCE FILED IN
                SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs believed specific documents were missing, they should have asked for them, specifically. And "[i]f plaintiffs were having difficulty obtaining data from defendants . . . they should have timely raised that issue." *In re Graphics Processing Units Antitrust Litigation*, 253 F.R.D. 478, 506 (N.D. Cal. 2008) (denying class certification for a subset of the class, finding "plaintiffs should be able to provide more than promises at this late stage of litigation"). They did not.

Next, Plaintiffs fail to explain how these documents are relevant to their pending Motion, as they do not bear on the Court's ability to rule on Plaintiffs' Motion for Class Certification. As the Court no doubt is aware, "[e]xhaustive discovery is not required prior to an adjudication of Plaintiffs' claims. To the contrary, '[a]ctive judicial supervision may be required to achieve the most effective balance that expedites an informed certification determination without forcing an artificial and ultimately wasteful division between 'certification discovery' and 'merits discovery.' . . . Plaintiffs have had adequate time to conduct discovery, and have received numerous documents and taken numerous depositions." *Bell v. Lockheed Martin Corp.*, 2011 WL 6256978 at *8 (D.N.J. Dec. 14, 2011) (citation omitted) (granting defendant's motion to deny class certification). Here, Nike has produced 56,152 pages of documents, including, but not limited to policies regarding Nike's job architecture, job groupings and workplace complaints, copies of PSP brochures from FY16 to present, Total Rewards PowerPoints, documents detailing its compensation, performance review, and promotion policies and practices

---

Process" document, a pre-December 10, 2018 version of Nike's "Manager Playbook Hiring" document, a complete version of the "Talent Acquisition Playbook," data from Nike's Avature system, and "complete data" from Nike's Taleo system, "including data related to Nike's matching of candidates to job requisitions." Goldstein Decl., ¶¶ 4-6.

Page 2    -    DEFENDANT NIKE, INC.'S OBJECTIONS TO EVIDENCE FILED IN
              SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

that are relevant to the issues in this case. Plaintiffs have taken 13 depositions. This is more than sufficient.

Finally, the pre-certification discovery period in this case closed on November 25, 2021, nearly four months ago. In *Wilkins v. Brandman Univ.*, 2019 WL 2648443, at *2 (D. Or. June 27, 2019), the district court denied the plaintiff's motion to compel filed after the close of discovery. Indeed, "[n]umerous courts within the Ninth Circuit have denied discovery motions filed after the close of discovery as untimely." *Id.* (quoting *Short v. Equifax Info. Servs. LLC*, 2016 WL 6683563, at *3 (D. Or. Nov. 14, 2016)); *see also Krause v. Nevada Mut. Ins. Co.*, 2014 WL 428675, at *2 (D. Nev. Feb. 4, 2014) (denying untimely motion to compel; "It has . . . long been the policy in this District that, absent unusual circumstances, discovery motions should be filed before the scheduled date for filing dispositive motions."); *Kizzee v. Walmart, Inc.*, 2011 WL 3566881, at *1 (D. Ariz. Aug. 15, 2011) (denying as untimely motion to compel filed more than three months after the close of discovery); *Oliva v. National City Corp.*, 2010 WL 1949600, at *4 (D. Nev. May 12, 2010) (denying as untimely motion to compel filed two months after close of discovery); *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 621-22 (D. Nev.1999) (denying as untimely motion to compel filed 136 days after opposing party's initial responses and close of discovery). To be clear, Plaintiffs do not here bring a formal, properly noticed, discovery motion. But that is, in substance, the intent of the Goldstein Declaration. As such, and putting aside the fact it is misleading and inaccurate, it should be disregarded.

"[T]he mere allegation that more discovery is desire[d] will not preclude a ruling on class certification []." *Campanelli v. Image First Healthcare Laundry Specialists, Inc.*, 2018 WL 6727825, at *8 (N.D. Cal. Dec. 21, 2018) (citation omitted, alterations in original). In short, Plaintiffs long-delayed discovery gripes have no basis, but even if they did, the time to raise

Page 3    -    DEFENDANT NIKE, INC.'S OBJECTIONS TO EVIDENCE FILED IN
             SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

them has come and gone. For all of the foregoing reasons, the Court should ignore the entirety of the Goldstein Declaration.

### III. SPECIFIC OBJECTIONS TO THE GOLDSTEIN, KAN AND SUN DECLARATIONS

In addition to the general objections to the Goldstein Declaration set forth above, Nike also makes the following specific objections to select portions of the Goldstein, Kan and Sun Declarations, as set forth below.

#### A. Hearsay Statements Are Not Admissible.

Hearsay is a statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801. Hearsay statements contained in declarations are inadmissible. See Fed. R. Evid. 802; see also *Japan Telecom, Inc. v. Japan Telecom Am., Inc.*, 287 F.3d 866, 875 n.1 (9th Cir. 2002) (hearsay statements in affidavits are inadmissible); *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) (affirming striking of statements from affidavits that were hearsay). The following statements and/or documents should be disregarded as inadmissible hearsay.

**Paragraph 16** of the **Goldstein Declaration** contains inadmissible hearsay evidence because it purports to recite the statements of Nike employees contained in written documents. In reality, the Goldstein Declaration actually mischaracterizes the employee statements, one of the important reasons why hearsay evidence is unreliable, and thus, not admissible. See *Leeper v. City of Tacoma*, 2021 WL 5182157, at *5-6 (W.D. Wash. June 10, 2021) (finding that plaintiff's "'evidence' of rumors, unreported complaints, and speculation about the motives of others is inadmissible hearsay" and a mischaracterization of evidence). To the extent Plaintiffs argue that the written documents themselves qualify as exceptions to the hearsay rule because

they are business records, Mr. Goldstein's inaccurate alleged "summary" of the documents contained within his declaration are still inadmissible because his out of court statement is being offered for the truth of the matter asserted. See United States v. Kim, 595 F.2d 755, 760-64 (D.C. Cir. 1979) (holding inadmissible a summary of bank records even assuming the underlying records would be admissible); United States v. Arias-Izquierdo, 449 F.3d 1168, 1184 (11th Cir. 2006) (holding inadmissible "a typed summary of handwritten business records" "prepared solely for trial").

**Exhibits 47-52** attached to the **Sun Declaration** also contain inadmissible hearsay evidence, to the extent they are being offered for the truth of the matter asserted.[4] See Leeper, 2021 WL 5182157, at *5-6. Once again, to the extent Plaintiffs argue that these documents fall within the business records exception to the hearsay rule, the statements within the written document do not meet any hearsay exception and are thus inadmissible to the extent they are being offered for the truth of the allegations contained therein. See United States v. Burrus, 418 F.2d 677, 678-79 (4th Cir. 1969) ("The purpose of the Business Records Act was to allow reliable and accurate records to be introduced without the necessity of calling the person who made the entry. The act was not designed, however, to facilitate the introduction of hearsay as to which the reporter . . . would not be allowed to testify. . . . [A] police record would be admissible to show that a report was made to an officer" but "the hearsay contained in the report remains inadmissible.").

---

[4] Paragraphs 48-53 of the Sun Declaration attach the challenged documents.

Page 5    -    DEFENDANT NIKE, INC.'S OBJECTIONS TO EVIDENCE FILED IN
                SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

**B.     Statements That Are Conclusions of Fact or Law, Or Legal Argument, Are Not Admissible.**

Mere conclusions of fact or law, and legal argument, are not admissible evidence. *See* Fed. R. Evid. 701, 704; *Nat'l Steel Corp. v. Golden Eagle Ins. Co.*, 121 F.3d 496, 502 (9th Cir. 1997) ("conclusory allegations . . . without factual support, are insufficient to defeat summary judgment"); *Heighley v. J.C. Penney Life Ins. Co.*, 257 F. Supp. 2d 1241, 1251 (C.D. Cal. 2003) ("[D]eclarations or affidavits must be based on personal knowledge, must set forth such facts as would be admissible in evidence, and must show that the declarant or affiant is competent to testify concerning the facts at issue.") (internal quotation marks and citation omitted).

**Paragraph 17** of the **Kan Declaration** contains the following impermissible conclusions of law and fact: "I am informed and believe that none of the Plaintiffs nor any of the other potential class members has an interest in individually controlling the prosecution of separate actions regarding the claims in this case, and that no unique defenses will apply to the proposed Class Representatives[.]"[5] Kan Declaration at ¶ 17. Mr. Kan's declaration does not set forth the foundation for this statement, which in fact would have required him to speak with each named Plaintiff and all 5,000+ putative class members. Moreover, whether unique defenses apply to the proposed Class Representatives is a legal conclusion, and one of the key questions for the Court to address in deciding Plaintiffs' Motion for Summary Judgement. It should be disregarded.

**IV.    CONCLUSION**

For all of the foregoing reasons, Nike respectfully submits that the evidence proffered by Plaintiffs in the form of the Goldstein Declaration, Kan Declaration and Sun Declaration, and

---

[5] The statement also is inadmissible because it lacks foundation and does not appear to be based on Mr. Kan's personal knowledge. *See* Fed. R. Evid. 602.

Page 6    -    DEFENDANT NIKE, INC.'S OBJECTIONS TO EVIDENCE FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

certain exhibits thereto, contain numerous statements that this Court should exclude as inadmissible.

Dated:  March 25, 2022 Respectfully submitted,

/s/ Daniel Prince
Daniel Prince, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
Felicia A. Davis, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
Laura E. Zabele, Cal. SB# 330847 (*pro hac vice*)
laurazabele@paulhastings.com

PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071-2228
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Amy Joseph Pedersen, OSB No. 853958
amy.joseph.pedersen@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  (503) 294-9408
Facsimile:  (503) 220-2480

Attorneys for Defendant NIKE, INC.