**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Kathryn P. Roberts, OSB #064854**
KathrynRoberts@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085 | Fax: (503) 323-9105

**Laura L. Ho** (admitted *pro hac vice*)
lho@gbdhlegal.com
**Barry Goldstein, Of Counsel** (admitted *pro hac vice*)
bgoldstein@gbdhlegal.com
**James Kan** (admitted *pro hac vice*)
jkan@gbdhlegal.com
**Byron Goldstein** (admitted *pro hac vice*)
brgoldstein@gbdhlegal.com
**Katharine L. Fisher** (admitted *pro hac vice*)
kfisher@gbdhlegal.com
**Mengfei Sun** (admitted *pro hac vice*)
msun@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
Telephone: (510) 763-9800 | Fax: (510) 835-1417

Counsel for Plaintiffs, Opt-in Plaintiffs and Putative Class

[Additional Counsel of Record listed on the Signature page]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al., individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> NIKE, INC., an Oregon Corporation, <br><br> Defendant. | Case No. 3:18-cv-01477-JR <br><br> **PLAINTIFFS' MOTION TO EXTEND THEIR DEADLINE TO OPPOSE NIKE'S MOTIONS TO EXCLUDE EXPERT TESTIMONY** <br><br> **Fed. R. Civ. P. 6(b)(1)(A)** <br><br> **Expedited Consideration Requested** |

## LR 7-1(a) CERTIFICATION

Pursuant to Local Rule 7-1(a), counsel for Named Plaintiffs Kelly Cahill, Sara Johnston, Lindsay Elizabeth, and Heather Hender ("Plaintiffs"), certify that they have conferred multiple times with defendant's counsel in person and through email regarding the subject of this motion.  Decl. of James Kan in Support of Plaintiffs' Motion to Extend Their Deadline to Oppose Nike's Motions to Exclude Expert Testimony ("Kan Decl.") ¶¶ 3-10, filed herewith.  Defendant opposes the motion.

## MOTION

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), Plaintiffs move for a one-week extension to respond to Nike's Motion to Exclude the Opinions of Plaintiffs' Excerpt, Kathleen Lundquist, Ph.D. (ECF No. 179) and Nike's Motion to Exclude the Opinions of Plaintiffs' Expert, David Neumark, Ph.D. (ECF No. 181) (collectively "Motions"), which would extend the response deadlines from April 8, 2022 to April 15, 2022.  Plaintiffs respectfully request expedited consideration of this motion.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 6 provides that a court may extend the time for a party to act for "good cause."  Fed. R. Civ. P. 6(b)(1).  Local Rule 16-3(a) provides that a motion to extend deadlines must:

1. Show good cause why the deadlines should be modified;
2. Show effective prior use of time;
3. Recommend a new date for the deadline in question; and
4. Show the impact of the proposed extension on other existing deadlines, settings, or schedules.

The Court should grant Plaintiffs' motion for an extension because all the required elements of Rule 6 and Local Rule 16-3 are satisfied here.

First, good cause exists to extend the deadline for Plaintiffs' response to defendant's Motions

because Plaintiffs' counsel were directly impacted by two critical team members testing positive for

COVID-19 and needing considerable time to recover and quarantine the week of March 28, 2022.

These two team members had critical knowledge and familiarity with the expert issues in this matter

(one defended the deposition of Dr. Lundquist and took the deposition of Nike's

Industrial/Organizational psychologist and the other took the Rule 30(b)(6) depositions of multiple

corporate designees who testimony is relevant to the Motions) and their absence impacted Plaintiffs

ability to prepare their opposition briefs.  Kan Decl. ¶ 6.  A one-week extension is further warranted

because of the need for Plaintiffs to file two separate opposition briefs by this same deadline, these

motions and opposition briefs implicate complex expert witness testimony and issues that are critical

to Plaintiffs' motion for class certification, and neither the parties nor the Court would be prejudiced

by the requested one-week extension as all other existing litigation deadlines remain unaffected.  *Id*.[1]

Nike's refusal to agree to a modest one-week extension under these circumstances is hard to

understand both because Nike provided no reasons or explanations for its refusal (Kan Decl. ¶ 10)

and because its actions are inconsistent with Local Rule 83-8, entitled "Cooperation Among

Counsel," which provides that: "Counsel must cooperate with each other, consistent with the

interests of their clients, in all phases of the litigation process and be courteous in their dealings with

each other, including matters relating to scheduling and timing of various discovery procedures."  As

Judge Acosta of this Court recently recognized:

> Under normal circumstances, lawyers arguing over the propriety of a two-week rather than a
> one-week extension to file a response to a non-routine motion such as the Depo
> Motion…would contravene the local rule's directive.  Under the current national health
> emergency, refusal to agree is decidedly inexplicable…"

Order, ECF No. 103, *Thomsen v. NaphCare, Inc*., Case No. 3-19-cv-00969-AC (filed April 6, 2020)

---

[1] Of course, the timing of Nike's reply briefs to these Motions will be shifted from April 22 to
April 29, but the amount of time Nike will have to file its reply brief remains unchanged.

(ordering sanctions against counsel pursuant to LR 83-8(b) for unreasonably withholding agreement to a two-week extension request by opposing counsel).

Second, Plaintiffs have demonstrated effective prior use of their time by promptly requesting a conference with Nike to discuss their extension request and then immediately filing this motion after Nike belatedly confirmed it would not agree to an extension.  Kan Decl. ¶¶ 4-12.  Plaintiffs repeatedly asked Nike for a prompt response to their extension request following the in-person meet and confer session on Thursday, March 31, 2022; yet Nike delayed responding for four days until 9:36 p.m. on April 4, 2022 – a mere four days before Plaintiffs' opposition briefs would be due.  Kan Decl. ¶¶ 7-10.

Finally the last two requirements of Local Rule 16-3 are met because this motion requests a one-week extension to April 15, 2022 for their opposition briefs to Nike's Motions and there is no impact on other existing litigation deadlines related to Plaintiffs' filed motion for class certification (other than pushing back Nike's reply deadlines on these Motions).

For the foregoing reasons, Plaintiffs respectfully request that the Court grant plaintiffs an extension of time until April 15, 2022 to enable them to fully respond to defendant's Motions and do so on an expedited basis.

Dated:  April 5, 2022

Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

_/s/James Kan_
Laura L. Ho (admitted *pro hac vice*)
Barry Goldstein, Of Counsel (admitted *pro hac vice*)
James Kan (admitted *pro hac vice*)
Byron Goldstein (admitted *pro hac vice*)
Katharine L. Fisher (admitted *pro hac vice*)
Mengfei Sun (admitted *pro hac vice*)

MARKOWITZ HERBOLD PC
Laura Salerno Owens, OSB #076230
David B. Markowitz, OSB #742046
Harry B. Wilson, OSB #077214
Anna M. Joyce, OSB #013112
Kathryn P. Roberts, OSB #064854

ACKERMANN & TILAJEF PC
Craig Ackerman (admitted *pro hac vice*)
cja@ackermanntilajef.com
1180 S Beverly Drive, Suite 610
Los Angeles, CA 90035
Tel:  (310) 277-0614
Fax:  (310) 277-0635

INDIA LIN BODIEN LAW
India Lin Bodien (admitted *pro hac vice*)
india@indialinbodienlaw.com
2522 North Proctor Street, #387
Tacoma, WA 98406-5338
Tel:  (253) 503-1672
Fax:  (253) 276-0081

Of Attorneys for Plaintiffs and Opt-In Plaintiffs