**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Kathryn P. Roberts, OSB #064854**
KathrynRoberts@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085 | Fax: (503) 323-9105

**Laura L. Ho** (admitted *pro hac vice*)
lho@gbdhlegal.com
**Barry Goldstein, Of Counsel** (admitted *pro hac vice*)
bgoldstein@gbdhlegal.com
**James Kan** (admitted *pro hac vice*)
jkan@gbdhlegal.com
**Byron Goldstein** (admitted *pro hac vice*)
brgoldstein@gbdhlegal.com
**Katharine L. Fisher** (admitted *pro hac vice*)
kfisher@gbdhlegal.com
**Mengfei Sun** (admitted *pro hac vice*)
msun@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
Telephone: (510) 763-9800 | Fax: (510) 835-1417

Attorneys for Plaintiffs, Opt-In Plaintiffs, and Putative Class

[Additional Counsel of Record listed on the next page]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NIKE, INC., an Oregon Corporation,<br><br>Defendant. | Case No. 3:18-cv-01477-JR<br><br>**CORRECTED DECLARATION OF JAMES KAN IN SUPPORT OF PLAINTIFFS' MOTION TO EXTEND THEIR DEADLINE TO OPPOSE NIKE'S MOTIONS TO EXCLUDE EXPERT TESTIMONY** |

**Craig Ackerman** (admitted *pro hac vice*)
cja@ackermanntilajef.com
Brian Denlinger (*admitted pro hac vice*)
bd@ackermanntilajef.com
ACKERMANN & TILAJEF PC
1180 S Beverly Drive, Suite 610
Los Angeles, CA 90035
Tel:  (310) 277-0614
Fax: (310) 277-0635

**India Lin Bodien** (admitted *pro hac vice*)
india@indialinbodienlaw.com
INDIA LIN BODIEN LAW
2522 North Proctor Street, #387
Tacoma, WA 98406-5338
Tel:  (253) 503-1672
Fax: (253) 276-0081

I, James Kan, declare as follows:

1. I am a member in good standing of the Bar of the State of California and a Shareholder at the law firm of Goldstein Borgen Dardarian & Ho ("GBDH") in Oakland, California. I was admitted *pro hac vice* to this Court for this action on December 18, 2018. I and GBDH represent the named Plaintiffs, Opt-in Plaintiffs, and the putative class members in this action along with co-counsel Markowitz Herbold PC, Ackermann & Tilajef, P.C., and India Lin Bodien Law.

2. I am providing this declaration in support of Plaintiffs' Motion to Extend Their Deadline to Oppose Nike's Motions to Exclude Expert Testimony. This corrected declaration fixes several typographical errors in the original submission. I have personal knowledge of the facts set forth in this declaration and could and would testify competently to them if called upon to do so.

## I. PLAINTIFF'S DILIGENT MEET AND CONFER EFFORTS ON THE REQUESTED EXTENSION

3. On March 25, 2022, Nike filed two motions to exclude the expert testimony of Drs. Lundquist and Neumark. ECF Nos. 179 and 181.

4. On March 28, 2022, Plaintiffs' counsel emailed Nike's counsel to request an immediate meet and confer call to discuss Plaintiffs' need and proposal for an extension to their deadline to oppose Nike's motions to exclude expert testimony. Plaintiffs' counsel proposed a call for Wednesday, March 30, 2022, or an in-person conference on Thursday, March 31, 2022, when attorneys from Plaintiffs' and Nike's counsel would be attending the same American Bar Association conference.

5. In the evening of March 28, 2022, Nike's counsel, Daniel Prince, responded that a

conferral that week would be tough for him, but agreed that an in-person conferral on Thursday during the shared conference made sense and that he would connect with his counterpart afterwards.

6. In the afternoon of Thursday, March 31, 2022, I had an in-person meeting with Felicia Davis, Nike's counsel, regarding Plaintiffs' extension request while the two of us attended the American Bar Association's National Equal Employment Opportunity conference in Memphis, Tennessee. As part of those discussions, I explained the need for an additional week to oppose Nike's motions to exclude expert testimony, which included the fact that two members of my firm who have critical and specific knowledge regarding the contested expert testimony tested positive for COVID-19 the prior weekend and were still in quarantine recovering from the virus. One of the team members defended the deposition of Dr. Lundquist and took the deposition of Nike's Industrial/Organizational psychologist and the other took the Rule 30(b)(6) depositions of multiple corporate witnesses whose deposition testimony is relevant to the Motions. Notably, one of those colleagues could not attend this same conference due to his COVID-19 prognosis. I also explained that an additional week to oppose was needed because (a) Plaintiffs needed to file oppositions to two different motions on April 8, 2022; (b) the motions and oppositions involved complex issues surrounding expert witness testimony; and (c) an extra week would not prejudice any party since other existing deadlines remained unchanged. In an effort to relieve some of the time pressure created for all parties by Nike's filed motions to exclude expert testimony and Plaintiffs' anticipated motions to exclude expert testimony, I also suggested that the parties agree to a one-week extension to all default briefing deadlines related to these expert motions. Ms. Davis stated that she understood the requested extension and would need to check with her client and colleague Mr. Prince. She did not indicate any concern that

this extension request or proposal would be unacceptable.

7.      On the morning of Friday, April 1, 2022, I presented on a panel with Ms. Davis at our joint conference. After our panel finished, I inquired whether Nike would agree to our extension request. Ms. Davis apologized that she did not yet have an answer and stated she would speak with Mr. Prince later that evening. Several hours later, on that same Friday, I emailed Nike's counsel requesting Nike's position our extension proposal. Mr. Prince responded that he had only briefly spoken with Ms. Davis about the extension proposal, but expected to speak with her further later Friday evening and hopefully would get back to Plaintiffs' counsel then.

8.      Mr. Prince did not provide a further response either Friday evening or over the weekend.

9.      On Monday, April 4, 2022, at 10:09 a.m., I again emailed Mr. Prince and Nike's counsel for an update on Nike's position regarding our extension request and reiterated the reasons for the extension (the complexity of the issues, the lack of prejudice from an extension, and the impact COVID has had on our team last week). If Nike opposed the request, I noted that Plaintiffs' counsel needed to know immediately so that we could file an emergency motion for an extension. I also made Plaintiffs' counsel available for a call if Nike needed to discuss anything further about the extension. Later in the afternoon of Monday, April 4, 2022, I left a voicemail for Mr. Prince again requesting an update on Nike's position regarding our extension request and specifically noted that Nike could agree to a one-week extension for our opposition deadline to Nike's Motions if it wanted more time to consider extending the rest of the expert motion-related deadlines. I did not receive a return call.

10.     On Monday, April 4, 2022, at 9:36 p.m., Mr. Prince finally emailed Nike's

**CORR. KAN DECL. IN SUPP. OF PLS.' MOTION TO EXTEND THEIR DEADLINE TO OPPOSE NIKE'S MOTIONS. TO EXCLUDE EXPERT TESTIMONY**
**PAGE 3**

853409.2

response: "I don't think we're agreeable to an extension of the schedule at this time." No further explanation for Nike's position was provided.

11. On Tuesday, April 5, 2022, at 8:26 a.m., I emailed Courtroom Deputy Gary Magnuson regarding Plaintiffs' request for a one-week extension to their deadline to file opposition briefs to Nike's two motions to exclude expert testimony. At 11:22 a.m. that same day, Mr. Magnuson informed Plaintiffs' counsel that a formal motion would need to be filed.

12. Accordingly, Plaintiffs have filed the foregoing motion formally requesting an extension to their deadline to oppose Nike's two motions to exclude expert testimony. Plaintiffs have also requested an expedited consideration for this motion.

I declare under penalty of perjury under that the foregoing is true and correct, and that this Declaration was executed this 5th day of April, 2022 in Oakland, California.

/s/ James Kan
James Kan