Ellen Osoinach, OSB#02498
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
6605 SE Lake Road
Portland, OR 97221
(503) 213-3949
eosoinach@rcfp.org
*Counsel of Record for Proposed Intervenors*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al., individually and on behalf of others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>　　　　　Defendant. | Case No. 3:18-cv-01477-JR<br><br>MOTION OF NON-PARTY MEDIA ORGANIZATIONS INSIDER, INC. *d/b/a BUSINESS INSIDER*, ADVANCE LOCAL MEDIA LLC *d/b/a OREGONIAN MEDIA GROUP*, AND AMERICAN CITY BUSINESS JOURNALS, INC. *d/b/a PORTLAND BUSINESS JOURNAL* TO INTERVENE FOR THE LIMITED PURPOSE OF MOVING TO UNSEAL JUDICIAL RECORDS AND TO OPPOSE DEFENDANT'S MOTION TO SEAL |

**MOTION OF NON-PARTY MEDIA ORGANIZATIONS TO INTERVENE**
**Page 1**

## LR 7-1(a) CERTIFICATION

Pursuant to Local Rule 7-1(a), counsel for Media Intervenors conferred in good faith with counsel for Plaintiffs Cahill, *et al.*, and Defendant Nike, Inc. regarding this motion, and the matters contained herein. Plaintiffs and Defendant take no position with respect to the instant motion. As such, the parties were unable to resolve the dispute.

## MOTION

Pursuant to Fed. R. Civ. P. 24(a) and (b) and Local Rule 7, non-party media organizations Insider Inc., *d/b/a Business Insider*, Advance Local Media LLC *d/b/a Oregonian Media Group*, and American City Business Journals, Inc. *d/b/a Portland Business Journal* (collectively, the "Media Intervenors") hereby move for leave to intervene in the above-captioned proceeding for the limited purpose of vindicating the right of the press and the public to access judicial records in this matter. In particular, Media Intervenors seek to unseal judicial records filed entirely under seal by the parties pursuant to a protective order[1] and to oppose Defendant's pending motion to seal (ECF No. 171 )[2].

## MEMORANDUM OF LAW IN SUPPORT

**I.      INTRODUCTION**

The parties have arrived at a pivotal moment in this high-profile litigation: class certification. The Court's decision about whether to certify a class will "determine not only the stakes involved, but also . . . the structure of trial and methods of proof, and the length and cost of the litigation." Manual for Complex Litigation (Fourth) § 21.11 (2004). Thousands of current

---

[1] S*ee* Appendix A.
[2] If the Court grants Media Intervenors' motion to intervene and allows them further briefing on the pending motion to seal, Media Intervenors' opposition to sealing will take differing positions than Plaintiffs' in their motion opposing sealing (ECF No. 177). For that reason, Media Intervenors take no position on Plaintiffs' motion opposing sealing.

**MOTION OF NON-PARTY MEDIA ORGANIZATIONS TO INTERVENE**
**Page 2**

and former Nike employees and their families will be impacted by the Court's decision. As one of the most well-known multinational corporations in the world, Nike's employment practices—which are directly at issue in this matter—are closely watched by the public.

Despite the significant public interest in this case[3], the parties have filed numerous documents relating to class certification entirely under seal or with significant redaction, leaving the press and the public with scant access to the underlying facts or arguments and limited vantage to understand the details of this important judicial proceeding. Media Intervenors seek to enforce the public's common law and First Amendment access rights to these sealed documents, which can only be vindicated through intervention, and to brief the Court on why public access to unsealed and unredacted documents is required. In the alternative, if the Court allows intervention but denies further briefing, Media Intervenors ask that the parties be directed to re-file unsealed or redacted documents relating them to their previously sealed ECF Nos. and with any requested sealings or redactions permitted only upon a finding by the Court that compelling reasons exist to seal such information from the public.

---

[3] *See, e.g.*, Mike Rogoway, *Nike Sheds Second Top Executive Amid Inquiry into Workplace 'Behavior'*, The Oregonian (Mar. 16, 2018), https://perma.cc/2FTE-M3W2; Julie Creswell, *At Nike, Revolt Led by Women Leads to Exodus of Male Executives*, N.Y. Times (Apr. 28, 2018), https://perma.cc/2PTE-23LZ; Kevin Draper & Julie Creswell, *Nike's C.E.O. Vows Changes After Claims of Workplace Harassment and Bias*, N.Y. Times (May 5, 2018), https://perma.cc/V9YM-GEAC; Jeff Manning, *Inside Nike's Purge: More than a #MeToo Moment*, The Oregonian (July 7, 2018), https://perma.cc/9AJK-2BE4; Matthew Kish, *Exclusive: Departing Nike Executive Trevor Edwards Was Company's Highest Paid*, Portland Bus. J. (July 25, 2018), https://perma.cc/R3M4-63EE; Peter Blumberg, *Nike Women Clear First Hurdle in Lawsuit Over Gender Pay Gap*, Bloomberg (Feb. 27, 2019), https://perma.cc/V7M3-Q9EV; Jeff Manning, *Courts Reject Nike's Effort to Keep Executives' Info Secret in Discrimination Suit*, The Oregonian (Nov. 18, 2020), https://perma.cc/WGC3-78W7; Patrick Dorrian, *Nike Pay Equity Studies Privileged, Off Limits in Sex Bias Suit*, Bloomberg Law (Oct. 13, 2020), https://perma.cc/9EP6-SYML; Matthew Kish, *Nike Files Motion to Keep Sensitive Records in Sweeping Gender Discrimination Lawsuit Sealed*, Insider (Mar. 16, 2022), https://perma.cc/N7V4-GJ7D.

**MOTION OF NON-PARTY MEDIA ORGANIZATIONS TO INTERVENE**
**Page 3**

## II.    BACKGROUND AND SEALED DOCUMENTS AT ISSUE

### a.  The Parties' Protective Order

On June 17, 2019, this Court entered a stipulated umbrella protective order, ECF No. 82, ("Protective Order") modeled on the Court's Tier II template to govern the parties' exchange of discovery materials. Such umbrella orders avoid burdening the court with "document-by-document adjudication" of information or documents subject to discovery that a party considers sensitive by providing that "all assertedly confidential material disclosed . . . is presumptively protected unless challenged." Manual for Complex Litigation (Fourth) § 11.432 (2004).

The Protective Order details procedures for the parties to provisionally file documents containing privileged or confidential information under seal, as well as procedures for those designations to be challenged via motion practice applying a "good cause" standard. *Id.* See Protective Order ¶¶ 4, 11.

### b.  The Parties' Sealed Class Certification Filings

As the parties entered the class certification phase of litigation, they invoked the Protective Order to file thousands of pages of documents under seal. Attached to this motion as Appendix A is a chart listing the relevant docket numbers and their current status.

On January 10, 2022, Plaintiffs filed under seal a Motion for Class Certification ("Class Motion"). ECF No. 146. Plaintiffs also filed under seal most of the documents supporting the Class Motion.[4] Thereafter, on March 23, 2022, Plaintiffs and Defendant agreed to Plaintiffs re-filing a redacted version of its Class Motion, ECF No. 178, Ex. A. But the parties did not agree to unseal the three attachments to the attached to the Class Motion (ECF No.146, Ex. 1-3), nor

---

[4]    *See* ECF Nos. 148–149, 154–167.

**MOTION OF NON-PARTY MEDIA ORGANIZATIONS TO INTERVENE**
**Page 4**

any of the declarations or further exhibits supporting Plaintiffs' motion. ECF Nos. 148–149, 154–167[5].

On March 25, 2022, Defendant Nike filed under seal the entirety of its Response in Opposition to Plaintiffs' Class Motion ("Response to Class Motion"), including all supporting documents. ECF Nos. 183–187. Then, on April 1, 2022, Defendant publicly re-filed three previously sealed declarations along with their exhibits in support of its Response to Class Motion,[6] but did not publicly re-file the Response nor the declaration and supporting exhibits of Felicia Davis. ECF No. 187 ("Davis Declaration"). And on April 4, 2022 Defendant filed an unopposed motion to unseal three docket entries—Response to Class Motion, ECF No. 183, Motion to Exclude the Opinions of Plaintiff's Expert, ECF No. 181, and Objections to Evidence Filed In Support of Plaintiff's Class Motion, ECF No. 184—which the court granted on April 5, 2022. ECF No. 195. The Davis Declaration, however, remains entirely under seal.

Also on April 1, 2022, Plaintiffs filed entirely under seal a motion and supporting documents seeking to declare the opinion of Defendant's expert inadmissible. ECF Nos. 192–193.

### c. Media Intervenors' Outreach to the Parties and Motion to Seal

On March 11, 2022, counsel for Media Intervenors notified the parties of their intent to file an appropriate motion, predicated on the public's common law and First Amendment rights to inspect judicial records, to unseal the Class Motion, Response to Class Motion, and supporting documents.

---

[5]  *See also* Appendix A.
[6]  *See* ECF Nos. 189, 190, 191 corresponding to prior sealed ECF Nos. 182, 185, 186.

**MOTION OF NON-PARTY MEDIA ORGANIZATIONS TO INTERVENE**
**Page 5**

On March 14, 2022, counsel for Plaintiffs and Defendant jointly responded that if their meet and confer efforts failed to resolve the parties' disputes regarding the extent to which their sealed filings should be made publicly available, Nike would file an application to "seal limited portions of the documents by March 15."

On March 15, 2022, Defendant publicly filed a Motion to Seal the Class Motion and its supporting documents ECF No. 171 ("Sealing Motion"). In support, Defendant also filed under seal a declaration, ECF No. 172 ("Sealing Declaration"), wherein Defendant purportedly identified proposed redactions to previously sealed documents to which both parties agreed and identified proposed redactions to previously sealed documents opposed by Plaintiffs. Sealing Mot. at 2, fn 1. Notably, the Sealing Motion only addressed the proposed redactions which Plaintiffs opposed. *Ibid*. On March 16, 2022, this Court set the Sealing Motion on the under-advisement calendar of April 18, 2022. ECF No. 173.

On March 23, 2022, Plaintiffs publicly filed a Response in Opposition to the Sealing Motion asserting that Plaintiffs "agreed to the majority of redactions proposed by [Defendant] Nike." ECF No. 177 ("Public Opposition to Sealing"). Plaintiffs also filed under seal a second Response in Opposition to the Sealing Motion and supporting affidavit in which Plaintiffs identified proposed redactions to which the parties did not agree. ECF Nos. 175–176 ("Sealed Opposition to Sealing").

After reviewing the parties' public briefing regarding sealing, as well as the redacted Class Motion—and seeing that Defendant filed its Response to Class Motion and supporting documents entirely under seal—counsel for Media Intervenors notified the parties on March 30, 2022, of their renewed intent to file a limited motion to intervene to unseal judicial records. Thereafter, on April 1, 2022 the parties and Media Intervenors jointly conferred regarding Media

**MOTION OF NON-PARTY MEDIA ORGANIZATIONS TO INTERVENE**
Page 6

Intervenors' proposed intervention. On the same day, and as discussed during the meet and confer, Defendant publicly re-filed three of the four docket entries supporting its Response to Class Motion[7] but did not unseal the Response itself nor the Davis Declaration.

On April 6, 2022 Defendant filed entirely under seal a Reply to Motion to Seal and a supporting declaration. ECF Nos. 200-201 ("Sealing Reply").

### III.    ARGUMENT

As news organizations that write and disseminate information to the public about the judiciary's work, Media Intervenors have standing to vindicate the public interest in access to this proceeding. The parties must demonstrate compelling reasons to prevent the public from accessing sealed and redacted judicial records.[8] According to its Sealing Motion, Defendant seeks to seal "(1) the names of any individuals (complainants, subjects and witnesses) named in the context of allegations regarding sexual harassment or gender discrimination at Nike; (2) briefing and declarations filed in relation to Plaintiffs' motion to compel Nike's privileged pay equity, promotion and compensation analyses that reflect confidential legal strategy; and (3) Nike's confidential and proprietary compensation information, including Nike's compensation structure as well as pay shortfall conclusions derived from Attorneys' Eyes Only ("AEO")

---

[7]     See ECF Nos. 189-191.

[8]     Because Media Intervenors agree with the parties that they and the Court should apply a compelling reasons standard to justify the sealing or redaction of these judicial records, this motion does not address whether class certification motions are "dispositive" or "non-dispositive" for the purpose of determining the applicable standard for sealing judicial records. We note, however, that the Sixth Circuit as well as many district courts in the Fourth and Ninth Circuits apply a compelling reasons standard to the sealing of materials related to class certification. *See, e.g.*, *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016); *Moussouris v. Microsoft Corp.*, No. 15-CV-1483 (JLR), 2018 WL 1159251, at *4 (W.D. Wash. Feb. 16, 2018); *Circle Click Media LLC v. Regus Mgmt. Grp. LLC*, No. 12-CV-04000 (EMC), 2016 WL 8253802, at *1 (N.D. Cal. Mar. 14, 2016); *In re Google Inc. Gmail Litig.*, No. 13-MD-02430 (LHK), 2014 WL 10537440, at *3 (N.D. Cal. Aug. 6, 2014); *Soutter v. Equifax Info. Servs. LLC*, 299 F.R.D. 126, 130 (E.D. Va. 2014).

**MOTION OF NON-PARTY MEDIA ORGANIZATIONS TO INTERVENE**
**Page 7**

compensation data of current and former Nike employees who are not parties to the litigation"). Sealing Motion at 1, ECF No.171. To aid in the Court's analysis of the application of the "compelling reasons" standard to the records at issue in this proceeding, Media Intervenors seek the opportunity to provide further briefing to the Court regarding the insufficiency of the parties' justification for agreed-upon redactions as well as Intervenors' objections to the categories of information Defendant alleges should be subject to redaction or sealing.

> **a. Media Intervenors Should Be Permitted to Intervene for the Limited Purpose of Vindicating the Public's Right of Access.**
>
>> **i. Media Intervenors have a presumptive right of access and intervention is the appropriate procedural mechanism to assert that right.**

The Media Intervenors have a presumptive First Amendment and common law right of access to court proceedings and judicial records in this matter. *See Press-Enter. Co. v. Superior Court*, 478 U.S. 1, 8 (1986) (holding that the First Amendment right of access attaches to judicial proceedings and documents where "the place and process have historically been open to the press and general public," and where "public access plays a significant positive role in the functioning of the particular process in question"); *Oregonian Publ'g Co. v. U.S. District Court*, 920 F.2d 1462, 1465 (9th Cir. 1990) ("Under the first amendment, the press and the public have a presumed right of access to court proceedings and documents."); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (common law guarantees as similar right of access). As the Ninth Circuit recognized in *Foltz*, "we start with a strong presumption in favor of access to court records" in civil cases, which may be overcome only where the proponent of secrecy meets its burden of establishing "***compelling reasons***" that justify sealing records, *Foltz*, 331 F.3d at 1135 (emphasis added), and the court articulates in **specific, on-the-record findings**

why the sealing order "is essential to preserve higher values and is narrowly tailored to serve that interest," *Press-Enter. Co.*, 478 U.S. at 2 (citation omitted) (emphasis added).

The press has standing to challenge the sealing of judicial records and to assert the public's—and its own—right of access to those records. *See, e.g.*, *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609 n.25 (1982). Time and again, courts have held that non-parties, like Media Intervenors here, may intervene to challenge limitations on the right of access. *See, e.g.*, *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). Not surprisingly, most of the Ninth Circuit's leading access decisions involve news organizations' efforts to open court proceedings and to unseal court records. *See, e.g.*, *Oregonian Publ'g Co.*, 920 F.2d at 1466; *Associated Press v. U.S. District Court*, 705 F.2d 1143, 1147 (9th Cir. 1983); *Phoenix Newspapers, Inc. v. U.S. District Court*, 156 F.3d 940, 949 (9th Cir. 1998); *CBS, Inc. v. U.S. District Court*, 765 F.2d 823, 825 (9th Cir. 1985); *see also California ex rel. Lockyer v. Safeway, Inc.*, 355 F. Supp. 2d 1111, 1112 n.1 (C.D. Cal. 2005) (granting newspaper leave to intervene to move to unseal court records in civil action).

Intervention under Federal Rule of Civil Procedure 24(b) ("Rule 24(b)") is the appropriate procedural mechanism in a civil case for a third party, including members of the press or public, to assert rights of access to judicial records, to challenge protective orders, and to contest the closure of judicial proceedings. *See San Jose Mercury News, Inc. v. U.S. District Court*, 187 F.3d 1096, 1100 (9th Cir. 1999) (holding that "[n]onparties seeking access to a judicial record in a civil case may do so by seeking permissive intervention under Rule 24(b)(2)"); *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998) (collecting cases).

**MOTION OF NON-PARTY MEDIA ORGANIZATIONS TO INTERVENE**
**Page 9**

The Ninth Circuit has instructed that Rule 24 should be construed liberally "in favor of applicants for intervention." *Wash. State Bldg. & Constr. Trades Council v. Spellman*, 684 F.2d 627, 630 (9th Cir. 1982). The Court should permit Media Intervenors to intervene in this case for the limited purpose of moving to unseal these judicial records.

> ii. **Pursuant to Rule 24(b), Media Intervenors' motion is timely and shares a question of law in common with the main action.**

Ordinarily, a party seeking permissive intervention must demonstrate: "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *San Jose Mercury News*, 187 F.3d at 1100 (citation omitted). Where, as here, intervenors "do not seek to litigate a claim on the merits" but rather intervene for the limited purpose of seeking access to documents, "an independent jurisdictional basis is not required." *Beckman Indus.*, 966 F.2d at 473; *see also San Jose Mercury News*, 187 F.3d at 1100. Thus, Media Intervenors need only show that their motion is timely and that they share a common question of law or fact with the main action.

Media Intervenors' motion is timely because there has been no delay in seeking intervention. Defendant's Sealing Motion and Sealing Declaration were filed on March 15, 2022; Plaintiffs' Public and Sealed Opposition to Sealing were filed on March 23, 2022; and Defendant's Sealing Reply was filed on April 6, 2022. Unfortunately, the parties did not move to unseal or otherwise re-file the Sealed Declaration, Sealed Opposition to Sealing, or Sealing Reply which means the parties' agreed-upon redactions remain under seal. Media Intervenors have made good faith efforts to address their concerns regarding the parties' broad sealing efforts, and the parties have re-filed some documents publicly.[9] But as of the date of the instant

---

[9] *See* ECF Nos. 178, Ex. A; 189, 190, 191 (corresponding to prior sealed ECF Nos. 182, 185, 186); and 195 (unsealing ECF Nos. 181, 183, and 184).

**MOTION OF NON-PARTY MEDIA ORGANIZATIONS TO INTERVENE**
Page 10

motion, many documents still remain entirely under seal and since conferral the parties have filed several additional documents under the Protective Order giving rise to a need for further unsealing[10]  Furthermore, it has been less than a week since Defendant publicly re-filed three previously sealed declarations and supporting exhibits in support of its Response to Class Motion[11], and Plaintiffs have not yet filed their reply in support of the Class Motion.  Regarding the Sealing Motion, it been less than three days since Defendant filed its Sealing Reply.  "[D]elays measured in years have been tolerated where an intervenor is pressing the public's right of access to judicial records." *San Jose Mercury News*, 187 F.3d at 1101; *see also S.E.C. v. AOB Commerce, Inc.*, No. 07-CV-4507 (CAS), 2013 WL 5405697, at *1 (C.D. Cal. Sept. 23, 2013) (permitting intervention for the purpose of unsealing documents "five years after th[e] case was settled").  Here, Media Intervenors have moved to intervene within a few weeks of the parties' initial efforts to seal the judicial records, entering the proceeding at precisely the stage in which the Court is determining the extent to which the parties' proposed redactions and sealings are warranted.  Accordingly, Media Intervenors' motion is timely and will provide the Court with a complete assessment of the parties' efforts to seal from the public categories of information, motion briefing, and supporting documents.

Several courts have held that the question of whether documents should be sealed is itself a question of law in common with the main action sufficient to support intervention.  *See, e.g., Jessup v. Luther*, 227 F.3d 993, 998–99 (7th Cir. 2000) ("Although the Parties take a very different view [than the intervenor] of the matter of confidentiality, nevertheless, that

---

[10]  *See* Appendix A.
[11]  *See* ECF Nos. 189, 190, 191 corresponding to prior sealed ECF Nos. 182, 185, 186. Notably, Defendant did not publicly re-file the Response itself nor the other supporting documents in ECF Nos. 183, 184, or 187.

**MOTION OF NON-PARTY MEDIA ORGANIZATIONS TO INTERVENE**
**Page 11**

confidentiality is—in the language of Rule 24(b)(2)—a 'question of law . . . in common' between the Parties and the [intervenor]." The Ninth Circuit and Oregon District Courts have repeatedly upheld the intervention of nonparties for the purposes of unsealing in cases where there was no common question except the propriety of the sealing. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *San Jose Mercury News*, 187 F.3d at 1100; *Confederated Tribes of Siletz Indians of Oregon v Weyerhaeuser Co.*, 340 F. Supp. 2d 1118, 1121 (D. Or. 2003) (noting that a party's filing of an exhibit under seal pursuant to a protective order is of little weight in the court's sealing analysis, because blanket protective orders are 'inherently subject to challenge and modification'.) The Ninth Circuit has characterized its own caselaw as "holding that . . . [a] strong nexus of fact or law [is] not required where [an] intervenor merely seeks to challenge a protective order." *San Jose Mercury News*, 187 F.3d at 1100 (citing *Beckman*, 966 F.2d at 473–74). Accordingly, Media Intervenors' interest in challenging the parties' efforts to seal judicial records from the public is sufficient to support their motion for intervention.

    **b. The Extensive Sealing in this Case Violates the Public's Common Law and First Amendment Right of Access to Judicial Records.**

Courts in the Ninth Circuit have made it clear that the mere fact that a document was subject to a blanket protective order does not relieve the parties or a court of the obligation to comply with the Ninth Circuit's otherwise applicable sealing regimen. *See, e.g.*, *Kamakana*, 447 F.3d at 1179 ("The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order."); *Edwards Vacuum, LLC v. Hoffman Instrumentation Supply, Inc.*, No. 20-CV-1681 (MHS), 2021 WL 186932, at *2 (D. Or. Jan. 19, 2021) ("[T]he fact that the parties may have stipulated to a protective order is not itself a basis for sealing or otherwise restricting access to any specific discovery material.");

**MOTION OF NON-PARTY MEDIA ORGANIZATIONS TO INTERVENE**
Page 12

*Muhaymin v. City of Phoenix*, No. 17-CV-04565 (DLR), 2021 WL 5173767, at *4 (D. Ariz. Nov. 3, 2021) ("Once a party decides to use a document to support a filing with the Court, the party asserting confidentiality must show either good cause or compelling reasons (depending on the nature of the filing) for sealing the record and cannot merely rely on the fact that the party subjectively believes the document is confidential and has chosen to designate it as such."). Indeed, "'once the [sealed discovery] documents are made part of a dispositive motion . . . they lose their status of being raw fruits of discovery,' and no longer enjoy protected status" unless the court or the party seeking sealing identifies "some overriding interests in favor of keeping the discovery documents under seal." *Foltz*, 331 F.3d at 1136 (citation omitted). Therefore, the Protective Order in this proceeding provides no sanctuary for the parties' efforts to seal or redact information related to briefing on the Class Motion, briefing on the Sealing Motion, or future filings which may rely on materials or information shared in discovery pursuant to the Protective Order.

To be clear, Media Intervenors seek to intervene in this matter for the purpose of providing the Court with additional briefing regarding the specific sealings and redactions proposed in Defendant's Sealing Motion, Sealing Declaration, Plaintiffs' responses (both public and non-public) thereto, and Defendant's Sealing Reply. While the parties' purported justifications for concealing judicial records are, for the most part apparently set forth in sealed documents, based on the parties' public filings, it is Media Intervenors' position that neither party has met, or can meet, the "compelling reasons" standard necessary to maintain secrecy of their filings. *See* ECF Nos. 171, 177, 200, 201. At present, the docket contains approximately one-hundred individual documents which no party has publicly moved to unseal,[12] and twelve

---

[12]    *See* Appendix A.

**MOTION OF NON-PARTY MEDIA ORGANIZATIONS TO INTERVENE**
**Page 13**

documents to which the parties propose both agreed-upon and disputed redactions.[13] In the absence of a publicly filed written request to unseal as contemplated by paragraph four of the Protective Order, it is impossible for Media Intervenors to identify which, if any, of the one-hundred sealed entries the Plaintiffs wish to unseal.  Similarly, since Plaintiffs and Defendant both filed their agreed-upon redactions under seal, Media Intervenors cannot determine if any of the one-hundred sealed entries fall within the parties' apparent agreement to redact and unseal.[14] *See* ECF. No 171 ("proposed redactions highlighted in green are those which both parties have agreed upon"); ECF No. 177 ("redactions that are included in Nike's Motion to Seal and that Plaintiffs agree to [are] in Exhibit A to the Kan Declaration . . . [and] redactions that are omitted from Nike's filing that Plaintiffs do not oppose . . . are listed in Exhibit C to the Kan Declaration").

The extensive sealing and redaction of court records in this case withholds valuable information from the press and public about pending litigation and functions as a form of closure of court proceedings and records.  The public interest in class certification motions is particularly strong because class certifications can determine the legal rights of persons not currently before

---

[13]     *Id.*

[14]     The practice of filing entirely under seal documents that contain any information arguably falling under the Protective Order and then filing redacted copies of those previously sealed documents without reference to the original sealed entry has led to considerable confusion in the public docket.  For example, though Plaintiffs and Defendant agreed to publicly file a redacted copy of Plaintiffs' Class Motion, Plaintiffs filed it as an exhibit to their Sealing Opposition (*see* ECF No. 178, Ex. A) rather than re-filing it as a redacted copy of the Class Motion and referencing ECF No. 146.  For this reason, Media Intervenors request that the parties be directed to publicly re-file documents with agreed-upon redactions and relate them to the previously sealed ECF Nos. as Defendant did with its re-filing-on April 1, 2022, and as the Court did when it granted Defendant's unsealing on April 6, 2022.

**MOTION OF NON-PARTY MEDIA ORGANIZATIONS TO INTERVENE**
**Page 14**

the Court. Thus, the public has an interest in knowing the legal basis of the Class Motion and Response to Class Motion, as well as the facts and arguments applicable to each.

## IV.  CONCLUSION

As newspaper publishers, Media Intervenors have a compelling interest in public access to information on pending judicial proceedings regarding the application of Oregon's Equality Act and the Federal and Oregon Equal Pay Act to one of the most well-known multinational corporations in the world. The Media Intervenors therefore respectfully request that this Court permit them to intervene for the limited purpose of vindicating the press and the public's right to access court records in this matter. The Media Intervenors further request that this Court convene a scheduling conference to establish a briefing schedule for their motion to unseal, an opportunity for Media Intervenors to brief a response to Defendant's Sealing Motion, Sealing Declaration, and Plaintiffs' responses (both public and non-public) thereto, and that the Court otherwise permit Media Intervenors' counsel to participate in any upcoming scheduling conferences or hearings in this matter related to sealing.

In the alternative, if the Court allows intervention but denies further briefing, Media Intervenors ask that the parties be directed to re-file unsealed or redacted documents by relating them to their previously sealed ECF Nos. and with any requested sealings or redactions permitted only upon a finding by the Court that compelling reasons exist to seal such information from the public.

    Dated: April 8, 2022

                                            Respectfully submitted,

                                            /s/ *Ellen Osoinach*
                                            Ellen Osoinach
                                            THE REPORTERS COMMITTEE FOR FREEDOM OF
                                            THE PRESS

**MOTION OF NON-PARTY MEDIA ORGANIZATIONS TO INTERVENE**
**Page 15**

        6605 SE Lake Road
        Portland, OR 97221
        eosoinach@rcfp.org
        *Counsel for Media Intervenors*

**APPENDIX A**

| ECF | Description | Status |
|---|---|---|
| 146 | Plaintiffs' Motion to Certify the Class | Memorandum redacted; Exs. 1–3 sealed |
| 148 | Declaration of Kathleen Lunquist in Support of Plaintiffs' Motion for Class Certification | Sealed in its entirety |
| 149 | Declaration of David Neumark in Support of Plaintiffs' Motion for Class Certification | Declaration sealed; Exs. A and B proposed redacted |
| 154 | Declaration of Mengfei Sun in Support of Plaintiffs' Motion for Class Certification | Sealed in its entirety |
| 155 | Exhibits 1–10 to Declaration of Mengfei Sun | Sealed in their entirety |
| 156 | Exhibits 11–20 to Declaration of Mengfei Sun | Sealed in their entirety |
| 157 | Exhibits 21–30 to Declaration of Mengfei Sun | Sealed in their entirety |
| 158 | Exhibits 31–40 to Declaration of Mengfei Sun | Sealed in their entirety |
| 159 | Exhibits 41–50 to Declaration of Mengfei Sun | Sealed in their entirety |
| 160 | Exhibits 51–60 to Declaration of Mengfei Sun | Sealed in their entirety |
| 161 | Exhibits 61–70 to Declaration of Mengfei Sun | Sealed in their entirety |
| 162 | Exhibits 71–83 to Declaration of Mengfei Sun | Redaction suggested for Exs. 74 & 81; remainder sealed |
| 163 | Declaration of Byron Goldstein in Support of Plaintiffs' Motion for Class Certification | Sealed in its entirety |
| 164 | Exhibits 1–5 to Declaration of Byron Goldstein | Sealed in their entirety |
| 165 | Exhibits 6–10 to Declaration of Byron Goldstein | Redaction suggested for Exs. 6, 7, 9; Exs. 8, 10 sealed |
| 166 | Exhibits 11–15 to Declaration of Byron Goldstein | Redaction suggested for Exs. 11–12, 14–15; Ex. 13 sealed |
| 167 | Exhibits 16–17 to Declaration of Byron Goldstein | Redaction suggested for Ex. 17; Ex. 16 sealed |
| 172 | Declaration of Daniel Prince in Support of Defendant's Motion to Seal | Redaction suggested |
| 175 | Plaintiffs' Response in Opposition to Motion to Seal | Sealed in its entirety |
| 176 | Affidavit of James Kan in Opposition to Motion to Seal | Sealed in its entirety |

| ECF | Description | Status |
|---|---|---|
| 187 | Declaration of Felicia Davis Filed in Support of Defendant's Opposition to Plaintiffs' Motion for Class Certification | Sealed in its entirety |
| 200 | Defendant's Reply to Motion to Seal | Sealed in its entirety |
| 201 | Declaration of Daniel Prince Filed in Support of Nike's Reply to Motion to Seal | Sealed in its entirety |