AMY JOSEPH PEDERSEN, OSB No. 853958
amy.joseph.pedersen@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 300
Portland, OR  97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

DANIEL PRINCE, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
FELICIA A. DAVIS, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
LAURA E. ZABELE, Cal. SB# 330847 (*pro hac vice*)
laurazabele@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Attorneys for Defendant NIKE, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, SARA JOHNSTON, LINDSAY ELIZABETH, and HEATHER HENDER, individually and on behalf of others similarly situated,<br><br>     Plaintiffs,<br><br>     v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>     Defendant. | Case No.:  3:18-cv-01477-JR<br><br>DEFENDANT NIKE, INC.'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION OR, IN THE ALTERNATIVE, TO STRIKE NEW ARGUMENTS AND EVIDENCE SUBMITTED IN CONNECTION WITH PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION<br><br>REQUEST FOR ORAL ARGUMENT |

DEFENDANT NIKE, INC.'S MOTION FOR LEAVE TO FILE SUR-REPLY IN
OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
OR, ALTERNATIVELY, TO STRIKE NEW EVIDENCE AND ARGUMENTS

# <u>TABLE OF CONTENTS</u>

**Page**

LOCAL RULE 7.1(A) CERTIFICATION ..................................................................... 1

MOTION............................................................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................ 1

INTRODUCTION ........................................................................................................... 1

ARGUMENT .................................................................................................................... 1

I.      The Court Should Provide Nike An Opportunity To Respond To
Plaintiffs' New Authorities, Arguments, And Evidence. ..................................... 3

A.      Plaintiffs' Reply Relies Heavily On A Newly-Decided Case. .................. 3

B.      Plaintiffs' Reply Introduces New Evidence And Arguments That
Do Not Directly Respond To Nike's Opposition, To Which Nike
Should Have The Opportunity To Respond................................................. 5

II.     If Nike Is Not Permitted To File A Sur-Reply, The Court Should Not
Consider Plaintiffs' New Authorities, Arguments, And Evidence. ...................... 8

CONCLUSION................................................................................................................ 10

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

C<span style="font-variant:small-caps">ASES</span>

*Alaska Ctr. for Env't v. U.S. Forest Serv.*,
  189 F.3d 851 (9th Cir. 1999) ..................................................1

*Am. Delta Party v. Wyman*,
  488 F. Supp. 3d 1018 (W.D. Wash. 2020), *appeal dismissed*,
  No. 20-35893, 2020 WL 9218085 (9th Cir. Dec. 10, 2020)..................................1, 9

*Bell v. Addus Healthcare, Inc.*,
  No. C06-5188RJB, 2007 WL 2463303 (W.D. Wash. Aug. 27, 2007) .......................9

*Benchmark Young Adult Sch., Inc. v. Launchworks Life Servs., LLC*,
  No. 12-cv-02953-BAS(BGS), 2015 WL 2062046 (S.D. Cal. Apr. 30, 2015).........6

*Celgard, LLC v. Shenzhen Senior Tech. Material Co. (US) Rsch. Inst.*,
  No. 19-cv-05784-JST, 2020 WL 1548513 (N.D. Cal. Mar. 5, 2020).......................6

*Chavez v. AmeriGas Propane, Inc.*,
  No. CV 13-05813 MMM, 2015 WL 12859721 (C.D. Cal. Feb. 11, 2015) ...............9

*Coleman v. Quaker Oats Co.*,
  232 F.3d 1271 (9th Cir. 2000) ..................................................1

*County of Multnomah v. Mortg. Elec. Registration Sys., Inc.*,
  No. 3:13-cv-00144-HZ, 2013 WL 12210102 (D. Or. Apr. 18, 2013) .......................5

*Crowder v. Blue Cross of Cal.*,
  No. CV 14-04747 MMM, 2014 WL 8397146 (C.D. Cal. Oct. 23, 2014) ...............2

*CYBERsitter, LLC v. People's Republic of China*,
  805 F. Supp. 2d 958 (C.D. Cal. 2011) ..................................................3

*Dawson v. Bank of New York Mellon*,
  No. 3:16-cv-01427-HZ, 2016 WL 7217626 (D. Or. Dec. 13, 2016)..................8

*Derum v. Saks & Co.*,
  95 F. Supp. 3d 1221 (S.D. Cal. 2015)..................................................1

*Edwards v. Toys "R" Us*,
  527 F. Supp. 2d 1197 (C.D. Cal. 2007) ..................................................6

*Flecker v. Hollywood Ent. Corp.*,
  1997 WL 269488 (D. Or. Feb. 12, 1997)..................................................9

*Fox-Quamme v. Health Net Health Plan of Or., Inc.*,
  No. 3:15-CV-01248-BR, 2017 WL 1034202 (D. Or. Mar. 9, 2017)..................9

*Gomez v. Rossi Concrete, Inc.*,
  270 F.R.D. 579 (S.D. Cal. 2010) ..................................................6

*Grace v. Apple, Inc.*,
  328 F.R.D. 320 (N.D. Cal. 2018)........................................................9

*Henderson v. Bonaventura*,
  649 F. App'x 639 (9th Cir. 2016) ......................................................3

*In re Clorox Consumer Litig.*,
  301 F.R.D. 436 (N.D. Cal. 2014) ......................................................6

*In re Flash Memory Antitrust Litig.*,
  No. C 07-0086 SBA, c (N.D. Cal. June 9, 2010) ...............................9

*In re Vivendi Universal, S.A. Secs. Litig.*,
  605 F. Supp. 2d 570 (S.D.N.Y. 2009)................................................3

*James v. Lindstrom*,
  No. 2:15-CV-00919-SU, 2016 WL 7851409 (D. Or. June 9, 2016),
  *report and recommendation adopted*,
  No. 2:15-CV-00919-SU, 2016 WL 4251577 (D. Or. Aug. 10, 2016) ....................2

*Lavigne v. First Comty. Bancshares, Inc.*,
  No. 1:15-cv-00934-WJ/LF, 2018 WL 1568726 (D.N.M. Mar. 29, 2018)...........5, 7

*Liberty Corp. Cap. Ltd. v. Steigleman*,
  No. CV-19-05698-PHX-GMS, 2020 WL 2097776 (D. Ariz. May 1, 2020) ...........3

*Maney v. State*,
  No. 6:20-cv-00570-SB, 2022 WL 986580 (D. Or. Apr. 1, 2022)...............4

*Meijer, Inc. v. Warner Chilcott Holdings Co. III*,
  246 F.R.D. 293 (D.D.C. 2007)..........................................................9

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
  31 F.4th 651 (9th Cir. 2022) ............................................................4

*Oregon Nat. Desert Ass'n v. Cain*,
  17 F. Supp. 3d 1037 (D. Or. 2014) ...................................................5

*Pena v. Taylor Farms Pac., Inc.*,
  305 F.R.D. 197 (E.D. Cal. 2015), *as clarified*,
  *Pena v. Taylor Farms Pac., Inc.*,
  No. 2:13-cv-01282-KJM-AC, 2015 WL 12550898 (E.D. Cal. Mar. 30, 2015),
  *aff'd in part*,
  690 F. App'x 526 (9th Cir. 2017) ......................................................9

*Pfohl v. Farmers Ins. Grp.*,
  No. CV03-3080 DT (RCX), 2004 WL 554834 (C.D. Cal. Mar. 1, 2004) ...........5

*Provenz v. Miller*,
  102 F.3d 1478 (9th Cir. 1996) ...................................................1, 2, 3

*Rivera v. Saul Chevrolet, Inc.*,
  No. 16-CV-05966-LHK, 2017 WL 3267540 (N.D. Cal. July 31, 2017)...........9

Page iii    -    DEFENDANT NIKE, INC.'S MOTION FOR LEAVE TO FILE SUR-REPLY IN
                OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
                OR, ALTERNATIVELY, TO STRIKE NEW EVIDENCE AND ARGUMENTS

*S.E.C. v. Heart Tronics, Inc.,*
   No. SACV 11-1962 JVS (ANx), 2015 WL 13375687 (C.D. Cal. Aug. 3, 2015).....................6

*Scottsdale Ins. Co. v. Horowitz,*
   No. 1:17-cv-00381-AA, 2017 WL 4182814 (D. Or. Sept. 21, 2017)........................................5

*Semper/exeter Paper Co. LLC v. Henderson Specialty Paper LLC,*
   No. SACV 09-0672 AG (MLGx), 2009 WL 10670619
   (C.D. Cal. Sept. 21, 2009).......................................................................................................9

*Simmons v. Author Sols., LLC,*
   No. 13cv2801 (DLC), 2015 WL 4002243 (S.D.N.Y. July 1, 2015)..........................................6

*SiteLock, LLC v. GoDaddy.com, LLC,*
   338 F.R.D. 146 (D. Or. 2021)...................................................................................................8

*Torres v. Wells Fargo Bank, N.A.,*
   No. CV 17-9305 DMG, 2019 WL 7169790 (C.D. Cal. Sept. 27, 2019) ..............................6, 8

*Weaving v. City of Hillsboro,*
   No. 10-CV-1432-HZ, 2012 WL 526425 (D. Or. Feb. 16, 2012).............................................8

*Weinberg v. Dirty World, LLC,*
   No. CV 16-9179-GW(PJWx), 2017 WL 5665022 (C.D. Cal. Apr. 24, 2017) .........................8

*White v. First Am. Registry,*
   592 F. Supp. 2d 681 (S.D.N.Y. 2009).....................................................................................2

*Zimmerman v. F/V Leslie Lee, Inc.,*
   No. 6:13-cv-00048-MC, 2015 WL 8041958 (D. Or. Dec. 4, 2015)........................................6

**STATUTES**

OREGON EQUALITY ACT ..................................................................................................................7

## <u>LOCAL RULE 7.1(a) CERTIFICATION</u>

In compliance with Local Rule 7-1(a), counsel for Defendant Nike, Inc. has conferred in good faith with Plaintiffs' counsel regarding the subject of this motion, but the parties were unable to resolve their dispute.  The meet and confer process between the parties was lengthy and detailed, which resulted in a slight delay in Nike's filing of this motion.

## <u>MOTION</u>

Pursuant to Local Rule 7, Nike respectfully moves for leave to file a sur-reply in opposition to Plaintiffs' Motion for Class Certification. Local Rule 7-1(e)(3) provides that, "[u]nless directed by the Court, no further briefing is allowed [after a moving party's reply brief]." However, where a moving party introduces new authorities, arguments, or evidence in connection with a reply brief—as Plaintiffs have done here—leave to file a sur-reply is appropriate to allow the non-moving party to respond. Nike can be prepared to file its sur-reply within two weeks of the Court's order permitting such filing. If Nike is not provided the opportunity to respond to the new material first introduced in Plaintiffs' Reply, the Court should instead strike the new material in its entirety.

This Request is supported by the following Memorandum of Points and Authorities, and such further oral argument and documentary evidence as may be presented at or before the hearing on this motion.

Dated:  May 25, 2022

Respectfully submitted,

/s/ Felicia A. Davis
Daniel Prince, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
Felicia A. Davis, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
Laura E. Zabele, Cal. SB# 330847 (*pro hac vice*)
laurazabele@paulhastings.com
PAUL HASTINGS LLP

Page 1    -    DEFENDANT NIKE, INC.'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, TO STRIKE NEW EVIDENCE AND ARGUMENTS

515 South Flower Street, 25th Floor
Los Angeles, CA  90071-2228
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Amy Joseph Pedersen, OSB No. 853958
amy.joseph.pedersen@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  (503) 294-9408
Facsimile:  (503) 220-2480

Attorneys for Defendant NIKE, INC.

Page 2    -    DEFENDANT NIKE, INC.'S MOTION FOR LEAVE TO FILE SUR-REPLY IN
OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
OR, ALTERNATIVELY, TO STRIKE NEW EVIDENCE AND ARGUMENTS

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

In their Reply in support of their Motion for Class Certification (the "Reply"), Plaintiffs introduce new authorities, arguments, and evidence. Among other things:

- Plaintiffs rely heavily on two cases decided *after* Nike filed its Opposition.

- Plaintiffs' Reply argues for the first time that Nike collected prior pay data from public sources (for which Plaintiffs provide no evidence).

- Plaintiffs modify one of their class definitions (which the parties have relied upon for all of their expert analyses and briefing, and which Plaintiffs first proposed in November 2018).

Plaintiffs' introduction of new cases, arguments, and evidence for the first time on reply deprives Nike of the opportunity to respond and, in turn, deprives the Court of a complete record on which to base its decision. Plaintiffs' conduct is unfair and improper. Accordingly, the Court should grant Nike leave to file a sur-reply in response to Plaintiffs' Reply or, in the alternative, strike the new material altogether.

### ARGUMENT

It is well-settled that "issues cannot be raised for the first time in a reply brief." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1289 n.4 (9th Cir. 2000) (citing *Alaska Ctr. for Env't v. U.S. Forest Serv.*, 189 F.3d 851, 858 n.4 (9th Cir. 1999). Indeed, "submission of arguments or evidence for the first time upon reply is improper[,] as it unfairly deprives the non-movant of an opportunity to respond." *Am. Delta Party v. Wyman*, 488 F. Supp. 3d 1018, 1022 n.2 (W.D. Wash. 2020) (citing *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)), *appeal dismissed*, No. 20-35893, 2020 WL 9218085 (9th Cir. Dec. 10, 2020); *see also Derum v. Saks & Co.*, 95 F.

Page 1    -    DEFENDANT NIKE, INC.'S MOTION FOR LEAVE TO FILE SUR-REPLY IN
               OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
               OR, ALTERNATIVELY, TO STRIKE NEW EVIDENCE AND ARGUMENTS

Supp. 3d 1221, 1229 (S.D. Cal. 2015) ("Considering [new] arguments 'would unfairly deny the non-moving party an opportunity to respond.'") (citation omitted); *White v. First Am. Registry*, 592 F. Supp. 2d 681, 683 (S.D.N.Y. 2009) ("[P]laintiffs will not be heard to advance for the first time in reply papers new arguments that could and should have been made in their opening papers. To countenance such action would promote litigation by ambush and, in any case, deprive defendant of a fair opportunity to respond.").

Where a moving party nonetheless introduces new authorities, arguments, or evidence for the first time on reply, courts remedy the transgression in one of two ways: (1) by permitting the non-moving party an opportunity to respond by way of a sur-reply; or (2) by striking and declining to consider the new material. *Provenz*, 102 F.3d at 1483; *James v. Lindstrom*, No. 2:15-CV-00919-SU, 2016 WL 7851409, at *5 (D. Or. June 9, 2016) ("[T]he Ninth Circuit makes clear that a district court may consider evidence presented for the first time with a reply brief *if* the district court has given the adverse party an opportunity to respond") (emphasis added), *report and recommendation adopted*, No. 2:15-CV-00919-SU, 2016 WL 4251577 (D. Or. Aug. 10, 2016); *Crowder v. Blue Cross of Cal.*, No. CV 14-04747 MMM (CWx), 2014 WL 8397146, at *2-3 (C.D. Cal. Oct. 23, 2014) ("It is improper for the moving party to 'shift gears' and introduce new facts or different legal arguments in the reply brief than [those that were] presented in the moving papers. . . . If the court elects to consider new material included in a reply, however, it must afford the opposing party an opportunity to respond.") (alterations in original) (citations and internal quotation marks omitted).

Here, Plaintiffs' Reply improperly presents authorities, arguments, and evidence that appear nowhere in their Motion for Class Certification. The Court should redress Plaintiffs' conduct by allowing Nike the opportunity to respond or, in the alternative, striking the new

material in its entirety.

**I.**     **The Court Should Provide Nike An Opportunity To Respond To Plaintiffs' New Authorities, Arguments, And Evidence.**

Fundamental fairness dictates that Nike should have the opportunity to respond to Plaintiffs' new materials. The Ninth Circuit generally agrees. For example, in *Provenz*, the Ninth Circuit held that a district court erred in not considering the plaintiffs' supplemental papers responding to new evidence the defendants had introduced with a reply brief. 102 F.3d at 1483. The court reasoned that permitting the defendants to submit new evidence on reply, without affording the plaintiffs an opportunity to respond, "would be unfair." *Id.* In *Henderson v. Bonaventura*, the Ninth Circuit similarly found that a district court erred in considering arguments raised in the defendant's reply brief without giving the plaintiff an opportunity to respond. 649 F. App'x 639, 642 (9th Cir. 2016) ("On remand, the district court shall permit [plaintiff] to address these arguments."). Consistent with the Ninth Circuit's decisions in *Provenz* and *Henderson*, district courts regularly permit sur-replies to avoid the unfairness that otherwise would result from the introduction of new authorities, arguments, and evidence on reply.

**A.**     **Plaintiffs' Reply Relies Heavily On A Newly-Decided Case.**

Leave to file a sur-reply is properly granted where a moving party's reply brief cites to and relies upon cases decided after the non-moving party filed its opposition. *See, e.g.*, *CYBERsitter, LLC v. People's Republic of China*, 805 F. Supp. 2d 958, 964 (C.D. Cal. 2011) (granting plaintiff leave to file sur-reply where defendants' reply "cited and relied heavily upon" new decisions issued on the same day plaintiff filed opposition); *In re Vivendi Universal, S.A. Secs. Litig.*, 605 F. Supp. 2d 570, 574 (S.D.N.Y. 2009) (noting decision to grant plaintiffs' sur-reply when defendants' reply cited a decision issued after plaintiffs' opposition was filed); *Liberty Corp. Cap. Ltd. v. Steigleman*, No. CV-19-05698-PHX-GMS, 2020 WL 2097776, at *1

Page 3    -    DEFENDANT NIKE, INC.'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, TO STRIKE NEW EVIDENCE AND ARGUMENTS

n.2 (D. Ariz. May 1, 2020) (granting motion for leave to file sur-reply; "Because Steigleman raises new arguments and relies on substantially new authority in her Reply, the Court finds Liberty's proposed sur-reply would be helpful to the resolution of the pending motion.").

Here, Plaintiffs' Reply relies upon two cases decided after Nike filed its Opposition. First, Plaintiffs' Reply relies heavily on *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022). In fact, Plaintiffs cite *Olean* at least nine times in their 35-page Reply. *See, e.g.*, Reply at p. 2 (contending that Plaintiffs have sufficiently established commonality); pp. 7-8 (contending that Plaintiffs can show common evidence of disparate impact using regression analysis performed by their statistical expert, Dr. Neumark); p. 17 (contending that Dr. Neumark's aggregated regression analysis is capable of proving common impact); p. 19 (contending that Nike's challenge to Plaintiffs' statistical evidence "itself presents a common question capable of classwide resolution"); pp. 32-33 (contending that Plaintiffs' evidence "weighs heavily in favor of predominance"); *see also id.* at p. v (*Olean* cited *passim*). *Olean* was decided on April 8, 2022, two weeks after Nike filed its Opposition. Accordingly, to the extent Plaintiffs' rely on *Olean* in their Reply, basic fairness mandates that Nike be given the opportunity to respond.

Second, Plaintiffs also rely on *Maney v. State*, No. 6:20-cv-00570-SB, 2022 WL 986580, at *18 (D. Or. Apr. 1, 2022). *See* Reply at pp. 32-33 (contending that Plaintiffs' expert evidence supplies the common proof necessary for Plaintiffs' equal pay and disparate impact claims); p. 34 (proposing bifurcation for the first time on Reply, and contending that bifurcation is appropriate based on this "recent class certification decision"). *Maney* was decided on April 1, 2022, one week after Nike filed its Opposition. Thus, as with *Olean*, Nike should have the opportunity to respond.

Page 4    -    DEFENDANT NIKE, INC.'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, TO STRIKE NEW EVIDENCE AND ARGUMENTS

**B.**   **Plaintiffs' Reply Introduces New Evidence And Arguments That Do Not Directly Respond To Nike's Opposition, To Which Nike Should Have The Opportunity To Respond.**

District courts routinely permit sur-replies where a moving party introduces new evidence or arguments on reply.[1] In *Lavigne v. First Community Bancshares, Inc.*, for example, the plaintiff filed a reply in support of her motion for class certification that added a proposed class definition and newly-attached excerpts from three deposition transcripts. No. 1:15-cv-00934-WJ/LF, 2018 WL 1568726, at *2 (D.N.M. Mar. 29, 2018). The court concluded that the defendants "should be given the opportunity to clarify the [newly-introduced deposition] testimony" and explain their contention that the plaintiff had mischaracterized the testimony. *Id.* The court also concluded that the "Defendants should have the opportunity to respond" to the plaintiff's newly-proposed class definition, even though it was "unclear whether the addition to the proposed class definition change[d] anything[.]" *Id.* As the court observed, "any prejudice [resulting from plaintiff's belated submission of new arguments and new evidence] will be alleviated by allowing Defendants to file a surreply." *Id.* at *1. Similarly, in *Pfohl v. Farmers Insurance Group*, the court permitted the defendant to file a sur-reply "because Plaintiff submitted new evidence and raised new arguments in his Reply" in support of an amended motion for certification of a collective action. *See* No. CV03-3080 DT (RCX), 2004 WL 554834, *1 n.1 (C.D. Cal. Mar. 1, 2004). Similar decisions abound.[2]

---

[1] In fact, out of an abundance of caution, courts in the Ninth Circuit permit sur-replies even where they disagree that new arguments and evidence have been presented on reply. *See, e.g.*, *Oregon Nat. Desert Ass'n v. Cain*, 17 F. Supp. 3d 1037, 1048 (D. Or. 2014) ("[W]hile I do not agree that all of the evidence and arguments ONDA identifies as 'new' are, in fact, new, I will nevertheless grant ONDA's motion for leave to file a surreply."); *County of Multnomah v. Mortg. Elec. Registration Sys., Inc.*, No. 3:13-cv-00144-HZ, 2013 WL 12210102, at *3-4 (D. Or. Apr. 18, 2013) (granting defendants leave to file sur-reply in opposition to plaintiff's motion to remand where "plaintiff's Reply could be construed as introducing new arguments").
[2] *See, e.g.*, *Scottsdale Ins. Co. v. Horowitz*, No. 1:17-cv-00381-AA, 2017 WL 4182814, at *2-3

Of course, evidence and arguments submitted on reply are not deemed "new," and thus

properly are considered, if submitted in **direct response** to evidence or arguments raised in an

opposition brief. *See Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1205 n.31 (C.D. Cal.

2007) ("Evidence is not 'new,' however, if it is submitted *in direct response* to proof adduced in

opposition to a motion.") (emphasis added); *Celgard, LLC v. Shenzhen Senior Tech. Material*

*Co. (US) Rsch. Inst.*, No. 19-cv-05784-JST, 2020 WL 1548513, at *4 n.9 (N.D. Cal. Mar. 5,

2020) (denying request to strike or permit sur-reply where arguments in reply brief were "a

---

(D. Or. Sept. 21, 2017) (concluding that "the most equitable and efficient remedy is [to] allow
[plaintiff] to file its requested Sur-Reply" where defendants' reply improperly presented new
information); *Benchmark Young Adult Sch., Inc. v. Launchworks Life Servs., LLC*, No. 12-cv-
02953-BAS(BGS), 2015 WL 2062046, at *2 (S.D. Cal. Apr. 30, 2015) (permitting sur-reply
because, although the moving party's citation to deposition testimony "was in response to" the
non-moving party's citation to the same witness's testimony, "the parties cite[d] to different
portions of [the] testimony and the excerpt [the non-moving party] desire[d] to submit with its
sur-reply was not previously cited nor addressed"); *In re Clorox Consumer Litig.*, 301 F.R.D.
436, 439 n.1 (N.D. Cal. 2014) (granting Clorox's motion for leave to file sur-reply in opposition
to motion for class certification; although court was "willing to consider the arguments and new
evidence that Plaintiffs offer for the first time on reply[,] . . . the Court's lenience should not
deprive Clorox of an opportunity to respond"); *Gomez v. Rossi Concrete, Inc.*, 270 F.R.D. 579,
588 & n.12 (S.D. Cal. 2010) (noting decision granting leave to file sur-reply where plaintiffs
produced "additional evidence" of numerosity in reply in support of class certification);
*Zimmerman v. F/V Leslie Lee, Inc.*, No. 6:13-cv-00048-MC, 2015 WL 8041958, at *2 n.2
(D. Or. Dec. 4, 2015) (even where plaintiff failed to obtain leave of court, sur-reply in opposition
to motion for partial summary judgment was permitted under principle that, "'[w]hen a party has
raised new arguments . . . in a reply to an opposition, the court may permit the other party to
counter the new arguments or evidence'") (alterations in original) (citations omitted); *Torres v.
Wells Fargo Bank, N.A.*, No. CV 17-9305 DMG (RAOx), 2019 WL 7169790, at *1 (C.D. Cal.
Sept. 27, 2019) (noting decision to grant defendant leave to respond to "any new evidence
[plaintiff] submitted" with reply in support of motion for class certification); *S.E.C. v. Heart
Tronics, Inc.*, No. SACV 11-1962 JVS (ANx), 2015 WL 13375687, at *2 (C.D. Cal. Aug. 3,
2015) (where S.E.C.'s reply brief introduced new facts and arguments that were only "briefly
mentioned in its moving papers[,] . . . the Court *must* permit [defendant] to file his sur-reply if it
is to consider the new facts and argument") (emphasis added); *Simmons v. Author Sols., LLC*,
No. 13cv2801 (DLC), 2015 WL 4002243, at *4 n.4 (S.D.N.Y. July 1, 2015) (noting that
defendant was granted leave to file sur-reply in part because plaintiffs redefined class and
subclasses in reply in support of class certification).

*direct response* to the arguments in [non-moving party's] opposition") (emphasis added). That is not the case here.

First, as in *Lavigne*, 2018 WL 1568726, at *2, Plaintiffs here have added a new proposed class definition for their claims under the Oregon Equality Act, a class definition the parties, and their experts, have relied upon for the entirety of this litigation. They also included new excerpts from deposition testimony of 12 witnesses.[3] *See generally*, Reply. Therefore, like in *Lavigne*, Nike should have the opportunity to respond to the new class definition and transcript excerpts via a sur-reply. *See* 2018 WL 1568726, at *2 (holding defendants "should have the opportunity to file a surreply" to respond to plaintiffs' change to proposed class definition and newly excerpted deposition testimony).

Second, on reply, Plaintiffs accuse Nike, for the first time, of collecting prior pay data from public records. Reply at p. 3. In their Motion for Class Certification, Plaintiffs originally argued that Nike used "a new hire's prior pay as one of six factors" when setting starting pay. Mot. at 12. Plaintiffs cited a 2019 training document, in which Nike stated "*we no longer ask new hires their prior salary or focus on the size of the increase the new hire would receive.*"

---

[3] Cahill Tr. 139:3-140:14, Reply at p. 9 n.15; Cahill Tr. 104:21-105:12, Suppl. Sun Decl. Ex. 90, Reply at p. 16; Cahill Tr. 57:23-59:20, Suppl. Sun Decl. Ex. 90, Reply at p. 16; Cahill Tr. 23:17-22, Reply at p. 30 n.37; Hanvey Tr. 210:14-21, Suppl. Sun Decl. Ex. 91, Reply at p. 26; Hanvey Tr. 257:11-21, Suppl. Sun Decl. Ex. 91, Reply at p. 26; Hanvey Tr. 232:17-25, Suppl. Sun Decl. Ex. 91, Reply at p. 27 n.32; Hender Tr. 167:17-168:1, Suppl. Sun Decl. Ex. 92, Reply at p. 16; Johnston Tr. 64:15-24, Suppl. Sun Decl. Ex. 93, Reply at p. 30 n.37; Miller Tr. 79:14-81:16, 111:22-112:2, 139:14-23, Suppl. Sun Decl. Ex. 94, Reply at p. 15 n.20; Neumark Tr. 21:12-22:19, Suppl. Sun Decl. Ex. 95, Reply at p. 18 n.23; Olson Tr. 152:5-21, Suppl. Sun Decl. Ex. 96, Reply at p. 9 n.15; Saad Tr. 191:16-193:11, Suppl. Sun Decl. Ex. 98, Reply at p. 18 n.24; Thomas Tr. 83:12-84:5, Suppl. Sun Decl. Ex. 99, Reply at p. 12; Thomas Tr. 14:12-18; 18:14-19:2, Suppl. Sun Decl. Ex. 99, Reply at p. 12 n.19; Thomas Tr. 104:10-107:18, Suppl. Sun Decl. Ex. 99, Reply at p. 15 n.21; Tucker Tr. 97:19-98:10, Suppl. Sun Decl. Ex. 100, Reply at p. 9 n.15; Vales Tr. 100:16-19, 102:2-8, Suppl. Sun Decl. Ex. 101, Reply at p. 11; Walker Tr. 291:19-292:9, Suppl. Sun Decl. Ex. 102, Reply at pp. 6-7 n.8; Walker Tr. 210:24-211:12, Suppl. Sun Decl. Ex. 102, Reply at p. 10 n.16.

Page 7    -    DEFENDANT NIKE, INC.'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, TO STRIKE NEW EVIDENCE AND ARGUMENTS

Mot. at 13 (citing to Sun Decl. Ex. 12 at slide 41) (emphasis added from original to Plaintiffs'

Motion). Faced with evidence from putative class members who stated that they were not asked

about their prior salary (demonstrating that this was not, in fact, common policy or practice at

Nike), Plaintiffs respond that prior salary actually came from public records. *Id.* (citing to Sun

Decl. Ex. 30). By raising this new argument for the first time in their Reply, Plaintiffs deprive

Nike of the opportunity to respond (which Nike requires in order to identify for the Court why

this argument is unsupported by evidence and highly misleading).[4]

## II.     If Nike Is Not Permitted To File A Sur-Reply, The Court Should Not Consider Plaintiffs' New Authorities, Arguments, And Evidence.

Courts that do not permit sur-replies instead strike or decline to consider new authorities,

arguments, and evidence first presented on reply. For example:

- In *Weinberg v. Dirty World, LLC*, the plaintiff "relie[d] on a new legal authority

in his reply brief to suggest that [he] may have a valid copyright claim to the [at-issue] image[.]"

*No. CV 16-9179-GW(PJWx), 2017 WL 5665022, at \*3 n.6 (C.D. Cal. Apr. 24, 2017)*. However,

because the argument was newly raised in the plaintiff's reply, "the Court would not consider the

argument for which that [new] authority [was] cited." *Id.*

- In *Torres v. Wells Fargo Bank, N.A.*, the court granted the defendant's motion to

strike an argument the plaintiff first raised in his reply in support of class certification, observing

that the plaintiff's omission of such arguments from his opening brief was "a sufficient basis" to

reject the argument. 2019 WL 7169790, at \*2.[5]

---

[4] Plaintiffs also introduce new evidence that is allegedly related to Nike collecting prior pay
history from former employers. *See* Reply at p. 3, n.2 (Suppl. Sun Decl. Ex. 84); Reply at p. 6,
n.6 (Suppl. Sun Decl. Exs. 85, 86, 87). Nike should have the opportunity to respond to this
newly-introduced evidence, which also is misleading.

[5] *See also SiteLock, LLC v. GoDaddy.com, LLC*, 338 F.R.D. 146, 156 (D. Or. 2021) (declining to
consider argument first introduced in reply brief); *Dawson v. Bank of New York Mellon,*

- In *Pena v. Taylor Farms Pac., Inc.*, the plaintiffs moved for class certification of their state-law wage-and-hour claims, and the court considered declarations from over 30 former employees filed with the plaintiffs' opening brief. 305 F.R.D. 197, 208, 210 (E.D. Cal. 2015), *as clarified*, *Pena v. Taylor Farms Pac., Inc.*, No. 2:13-cv-01282-KJM-AC, 2015 WL 12550898 (E.D. Cal. Mar. 30, 2015), *aff'd in part*, 690 F. App'x 526 (9th Cir. 2017) (unpublished). However, the court disregarded the several *additional* employee declarations the plaintiffs submitted on reply, reasoning that "[i]t is generally improper for a moving party to introduce new facts or different legal arguments in a reply brief." *Id.* at 206 (citations omitted).[6]

No. 3:16-cv-01427-HZ, 2016 WL 7217626, at *6 (D. Or. Dec. 13, 2016) (same); *Weaving v. City of Hillsboro*, No. 10-CV-1432-HZ, 2012 WL 526425, at *15 n.5 (D. Or. Feb. 16, 2012) (same); *Flecker v. Hollywood Ent. Corp.*, 1997 WL 269488, at *4 (D. Or. Feb. 12, 1997) (same); *Grace v. Apple, Inc.*, 328 F.R.D. 320, 350 (N.D. Cal. 2018) (finding plaintiffs had waived argument as to form of injunctive relief at issue because they first attempted to define issue in reply in support of motion for class certification and thus "deprived [defendant] of any chance to respond"); *Chavez v. AmeriGas Propane, Inc.*, No. CV 13-05813 MMM (MANx), 2015 WL 12859721, at *4 (C.D. Cal. Feb. 11, 2015) (declining to consider "new evidence, arguments, and theories first raised in [plaintiff's] reply" in support of class certification).

[6] *See also* *Fox-Quamme v. Health Net Health Plan of Or., Inc.*, No. 3:15-CV-01248-BR, 2017 WL 1034202, at *11 (D. Or. Mar. 9, 2017) (declining to consider new declarations submitted with plaintiffs' reply in support of motion for class certification, noting declarations constituted "new evidence that Defendants have not had the opportunity to rebut"); *In re Flash Memory Antitrust Litig.*, No. C 07-0086 SBA, 2010 WL 2332081, at *15 (N.D. Cal. June 9, 2010) (declining to consider new evidence of ascertainability submitted with plaintiffs' reply in support of class certification); *Semper/exeter Paper Co. LLC v. Henderson Specialty Paper LLC*, No. SACV 09-0672 AG (MLGx), 2009 WL 10670619, at *2 (C.D. Cal. Sept. 21, 2009) (allowing plaintiffs to file new declarations on reply "would circumvent the rules of civil procedure and deprive Defendants of the adversary exchange that sequential briefing is designed to accomplish") (collecting cases); *Am. Delta Party*, 488 F. Supp. 3d at 1022 n.2 (declining to consider additional declarations submitted by moving party on reply),; *Meijer, Inc. v. Warner Chilcott Holdings Co. III*, 246 F.R.D. 293, 311 n.18 (D.D.C. 2007) (granting motion to strike expert report filed with reply in support of class certification motion "to the extent [the analysis and arguments in the report] go beyond the analysis and arguments offered in [expert's] initial Declaration"); *Rivera v. Saul Chevrolet, Inc.*, No. 16-CV-05966-LHK, 2017 WL 3267540, at *6 (N.D. Cal. July 31, 2017) (concluding court need not consider plaintiff's supplemental declaration filed in support of motion for conditional certification "because the submission of new facts in a reply brief is improper"); *Bell v. Addus Healthcare, Inc.*, No. C06-5188RJB, 2007 WL 2463303, at *7 (W.D. Wash. Aug. 27, 2007) (striking witness declarations submitted with

Page 9    -    DEFENDANT NIKE, INC.'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, TO STRIKE NEW EVIDENCE AND ARGUMENTS

Here, Plaintiffs introduce two newly-published cases and a host of new evidence and arguments in their Reply, unfairly depriving Nike of the opportunity to respond. *See* sections I.A. and I.B., *supra*. Thus, to the extent the Court does not grant Nike leave to file a sur-reply, the Court can and should remedy Plaintiffs' conduct by striking this new material.

### **CONCLUSION**

For the foregoing reasons, Nike respectfully requests that the Court grant Nike's motion for leave to file a sur-reply in opposition to Plaintiffs' Motion for Class Certification. Nike can be prepared to file its sur-reply within two weeks of the Court's order permitting such filing. In the alternative, Nike requests that the Court strike the new authorities, arguments, and evidence submitted by Plaintiffs on reply, as identified in sections I.A. and I.B., *supra*.

Dated:  May 25, 2022                Respectfully submitted,

/s/ Felicia A. Davis
Daniel Prince, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
Felicia A. Davis, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
Laura E. Zabele, Cal. SB# 330847 (*pro hac vice*)
laurazabele@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071-2228
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Amy Joseph Pedersen, OSB No. 853958
amy.joseph.pedersen@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  (503) 294-9408
Facsimile:  (503) 220-2480

Attorneys for Defendant NIKE, INC.

plaintiff's reply in support of class certification).