**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Kathryn P. Roberts, OSB #064854**
KathrynRoberts@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085 ǀ Fax: (503) 323-9105

**Laura L. Ho** (admitted *pro hac vice*)
lho@gbdhlegal.com
**Barry Goldstein, Of Counsel** (admitted *pro hac vice*)
bgoldstein@gbdhlegal.com
**James Kan** (admitted *pro hac vice*)
jkan@gbdhlegal.com
**Byron Goldstein** (admitted *pro hac vice*)
brgoldstein@gbdhlegal.com
**Mengfei Sun** (admitted *pro hac vice*)
msun@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
Telephone: (510) 763-9800 ǀ Fax: (510) 835-1417

Counsel for Plaintiffs, Opt-in Plaintiffs and Putative Class

[Additional Counsel of Record listed on the Signature page]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al., individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>NIKE, INC., an Oregon Corporation,<br><br>    Defendant. | Case No. 3:18-cv-01477-JR<br><br>**PLAINTIFFS' MOTION TO EXTEND THEIR DEADLINE TO FILE RESPONSE TO NIKE'S SUR-REPLY** Pursuant to Fed. R. Civ. P. 6(b)(1)(A) and Local Rule 16-3(a)<br><br>**EXPEDITED HEARING REQUESTED** |

## LR 7-1(a) CERTIFICATION

Pursuant to Local Rule 7-1(a), counsel for Named Plaintiffs Kelly Cahill, Sara Johnston, Lindsay Elizabeth, and Heather Hender ("Plaintiffs"), certify that they have made good faith efforts by telephone and email to resolve the request in this Motion, but the Parties have been unable to resolve the dispute. Decl. of James Kan in Support of Plaintiffs' Motion to Extend Their Deadline to File Response to Nike's Sur Reply ("Kan Decl.") ¶ 10, filed herewith.

## MOTION

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) and Local Rule 16-3(a), Plaintiffs move for a two-week extension to respond to Nike's Sur-Reply, expected to be filed on June 10, 2022, which would extend Plaintiffs' response deadline from June 24, 2022 to July 8, 2022. Plaintiffs respectfully request an expedited hearing for this motion. Nike does not oppose an expedited hearing on this motion.

## SUMMARY

Good cause exists to extend the deadline for Plaintiffs' Response to Nike's Sur-Reply. Class certification is the most important decision in a class action. Plaintiffs want to ensure that they have sufficient time to adequately analyze and respond to the arguments Nike may raise in its lengthy sur-reply (which Nike estimates will be 25 to 35 pages).

Plaintiffs' request for a modest two-week extension—in support of a motion filed nearly six months ago in a case that is nearly four years old—is supported by good cause. First, in the normal course of briefing, parties have equal amounts of time to respond to each other's briefs (*e.g.*, Rule 7-1(e)(1), responding party provided 14-days to respond to motion, and Rule 7-1(e)(2), moving party provided 14-days to reply to response). But here, due to Nike's special request to file a sur-reply, which is outside the normal course of briefing, Nike has had 32 days to draft its Sur-Reply (May 10, 2022 to June 10, 2022); in contrast Plaintiffs will have 14 days to respond. Second, the reason this

asymmetry is important is Nike has indicated it expects its Sur-Reply will be 25 to 35 pages, so Plaintiffs anticipate the need to respond to wide-ranging arguments and topics, including arguments concerning issues not described in Nike's request for a sur-reply, as well as potential new declarations.  Nike filed its Motion for Leave for to File Sur-reply in Opposition to Plaintiffs' Motion for Class Certification or, in the alternative, to Strike New Arguments and Evidence Submitted in Connection with Plaintiffs' Reply in Support of Motion for Class Certification ("Motion for Leave"), ECF No. 246, before completing the meet and confer process with Plaintiffs or providing adequate details about its sur-reply request and thus, leaving the scope of it open-ended.  This means the sur-reply will likely be far-reaching, necessitating extra time for Plaintiffs to respond.  Further, Nike's Motion for Leave includes various misstatements and misrepresentations that will require time and effort to untangle and clarify for the Court.[1]  Plaintiffs thus will need the requested two weeks to thoughtfully respond to Nike's arguments in a way that will be helpful to the Court.  Third, several of Plaintiffs' counsel are unavailable for portions of the current two-week period because Plaintiffs' counsel did not anticipate that briefing would extend beyond the normal schedule which was slated to close on June 6, 2022.  Plaintiffs thus request a modest two-week extension to file their response to Nike's Sur-Reply, which, if granted, will still be less time than Nike has had to prepare its Sur-Reply.

---

[1] For example, Nike's request for a sur-reply states Plaintiffs' Reply is "proposing bifurcation for the first time on Reply, and contending that bifurcation is appropriate based on this 'recent class certification decision.'"  Motion for Leave 4 (citing Reply at 34, ECF No. 240).  However, Plaintiffs' Motion for Class Certification proposed bifurcation, which Nike's Opposition acknowledged. *See e.g.,* Mot. Class Cert. 35, ECF No. 146 ("Courts typically bifurcate disparate treatment and disparate impact class claims into liability and remedial phases. [citations]. In the first phase, Plaintiffs seek to establish that the employer has engaged in a pattern or practice of discrimination; if the Plaintiffs prevail, then there is a second remedial phase.");[1] Opp'n to Mot. Class Cert. 58-59, ECF No. 183 (Nor would "bifurcating. . . remedy this situation—the individual trials must address both liability and damages." [citation] Plaintiffs' 'trial plan' also proposes class-wide assessments of backpay and punitive damages.").

**PLS.' MOT, TO EXTEND DEADLINE TO FILE RESP. TO NIKE'S SUR-REPLY**
**PAGE 2**

855994.13

## RELEVANT FACTUAL BACKGROUND

Nike sent an email to Plaintiffs on May 12, 2022, seeking to meet and confer on its Motion for Leave to file a Sur-Reply. Nike raised its stated need to respond to Plaintiffs' citation to *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022) and purported new evidence and arguments to which Nike claimed it has not had an opportunity to respond to, such as collecting prior pay data from public sources. Kan Decl. ¶ 2. Plaintiffs responded on May 13, 2022, stating their position that a Sur-Reply is not justified because *Olean* does not make new law, and the reference to collection of prior pay is a direct response to an assertion made by Nike in its Opposition and based on Nike documents. *Id.* ¶ 3. Plaintiffs further asked for Nike's proposed restraints on page limits, timing of filing, and what particular assertions or arguments justified the need for a Sur-Reply. *Id.* Plaintiffs offered to confer over the phone, but Nike did not schedule a call. *Id.* Nike responded on May 18, 2022, requesting 30 pages and four weeks, raising the issue of Plaintiffs' new class definition, but declined to provide further details regarding its request. *Id.* ¶ 4.

Plaintiffs responded on May 19, 2022, again seeking clarity on what issues justified a 30-page sur-reply, including why a 15-day modification in the class definition for one claim prejudices Nike. *Id.* ¶ 5. Nike responded on May 20, 2022, adding that it plans to address *Maney v. State*, No. 6:20-cv-00570-SB, 2022 WL 986580 (D. Or. Apr. 1, 2022) and deposition excerpts from 12 witnesses, but declined to respond to several of Plaintiffs inquiries. *Id.* ¶ 6. Plaintiffs responded on May 23, 2022, again requesting that Nike provide adequate details about its position on the disputed issues in order to meaningfully explore whether an agreement could be reached without unnecessary motion practice. *Id.* ¶ 7. Because Nike only provided general statements and non-exhaustive examples of issues, Plaintiffs remained unaware of the precise issues Nike sought to raise in its Sur-Reply and what, if any, limitations it would agree to. *Id.* Nike responded on May 25, 2022, at 11:06

a.m. that it viewed the meet and confer as not materially advancing and invited Plaintiffs to make a counter proposal that would eliminate the need for Nike to file a request with the Court. *Id.* ¶ 8. Prior to Plaintiffs having an opportunity to make a counter proposal or conferring by phone as invited by Plaintiffs several times, eight minutes later, at 11:14 a.m., Nike filed its Motion for Leave. *Id.* ¶ 9.

Nike's Motion for Leave states that it intends to address Plaintiffs' reliance on two cases decided after Nike filed its Opposition, Plaintiffs' argument that Nike collected prior pay data from public sources, Plaintiffs' inclusion of new excerpts from deposition testimony of 12 witnesses, and Plaintiffs' modification of their class definition. *See, generally*, Mot. for Leave, ECF No. 246. The Court granted Nike's Motion for Leave on May 27, 2022, setting the deadline for Nike's Sur-Reply for June 10, 2022, and Plaintiffs' Response for June 24, 2022. Order, ECF No. 250.

Plaintiffs' counsel and Nike's counsel conferred over the phone about Plaintiffs' request for an extension, and Nike opposes the requested two-week extension. Kan Decl. ¶ 10. During that conferral, Nike's counsel noted that its sur-reply could be as long as 35 pages (but likely no shorter than 25 pages) and declined to clarify the scope of the content or commit to limiting the Sur-Reply to the grounds stated in Nike's Motion for Leave. *Id.* ¶ 11.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 6 provides that a court may extend the time for a party to act for "good cause." Fed. R. Civ. P. 6(b)(1). Local Rule 16-3(a) provides that a motion to extend deadlines must:

1. Show good cause why the deadlines should be modified;
2. Show effective prior use of time;
3. Recommend a new date for the deadline in question; and
4. Show the impact of the proposed extension on other existing deadlines, settings, or schedules.

Plaintiffs appreciate the opportunity to respond to Nike's Sur-Reply. Plaintiffs respectfully request that the Court grant a two-week extension for Plaintiffs' Response to Nike's Sur-Reply deadline because all the required elements of Rule 6 and Local Rule 16-3 are satisfied here and because Plaintiffs believe the additional time will result in briefing that will better assist the Court in deciding this key issue of class certification.

Good cause exists to extend the deadline for Plaintiffs' Response to Nike's Sur-Reply. First, Nike has 32 days to draft its Sur-Reply (May 10, 2022, to June 10, 2022); in contrast, Plaintiffs have 14 days to respond. Because Plaintiffs have the burden of proof on their Motion for Class Certification, fundamental fairness dictates that they should have a similar amount of time for their response as Nike has been allowed to prepare and file its Sur-Reply. Additionally, Nike states that it expects its Sur-Reply will be as long as 35-pages so Plaintiffs will likely need to respond to a number of expansive arguments and topics. Kan Decl. ¶ 11. Plaintiffs want to ensure they can provide adequate responses to the Court in considering the dispositive issue of class certification. Second, Nike filed its Motion for Leave before completing the meet and confer process with Plaintiffs, conferring by phone, or providing adequate details about its sur-reply request and thus, leaving the scope of it open-ended. *Id.* ¶ 9 (Nike stated "for example" when identifying so-called "new" arguments made by Plaintiffs in the Reply brief). In the meet and confer for this extension request, Nike continues to refuse to clarify the scope of the content or limit its Sur-Reply to the grounds stated in its Motion for Leave. *Id.* ¶ 11. This means that Nike can bring up far reaching arguments, and Plaintiffs want to ensure their response is thorough and helpful for the Court in rendering this critical decision for this case. Third, Nike's Motion for Leave includes various misstatements and misrepresentations that will require time and effort to untangle and clarify for the Court; for example, Nike stated that Plaintiffs propose "bifurcation for the first time on Reply" even though Plaintiffs'

Motion for Class Certification, filed on January 10, 2022 – almost *six months ago* – proposed bifurcation, which Nike's Opposition acknowledged. *See id.* ¶ 12; fn. 1, *supra*.

Finally, several of Plaintiffs' counsel are unavailable for portions of the current two-week period, as all prior briefing deadlines concluded as of June 6, 2022, and Plaintiffs' counsel did not anticipate any filings between June 10 and 24, 2022. Kan Decl. ¶ 13. The requested two-week extension, as opposed to a one-week extension, is also justified because it includes days where several of Plaintiffs' counsel are unavailable due to previously scheduled conflicts as well as the July 4th holiday weekend. *Id.* ¶ 14.

Plaintiffs also have demonstrated effective prior use of their time by promptly requesting a conference with Nike to discuss their extension request and then immediately filing this motion after Nike confirmed it would not agree to an extension. Kan Decl. ¶ 10. Plaintiffs repeatedly asked Nike for clarification on the issues it intends to raise in its Sur-Reply but Nike refused to engage in a meaningful or adequately detailed meet and confer exchange for its Motion for Leave or Plaintiffs' requested extension. *Id..* ¶¶ 4-7, 9, 11.

Finally, the last two requirements of Local Rule 16-3 are met because this motion requests a two-week extension to July 8, 2022, for Plaintiffs' Response to Nike's Sur-Reply and the Court has not yet set oral argument for the Motion for Class Certification, so existing litigation deadlines are not impacted by the requested extension.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court rule on this Motion to Extend Deadline on an expedited basis and grant Plaintiffs an extension of time, until July 8, 2022, to file their Response to Nike's Sur-Reply.

Dated: June 8, 2022

Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

 /s/James Kan
Laura L. Ho (admitted *pro hac vice*)
Barry Goldstein, Of Counsel (admitted *pro hac vice*)
James Kan (admitted *pro hac vice*)
Byron Goldstein (admitted *pro hac vice*)
Mengfei Sun (admitted *pro hac vice*)

MARKOWITZ HERBOLD PC
Laura Salerno Owens, OSB #076230
David B. Markowitz, OSB #742046
Harry B. Wilson, OSB #077214
Kathryn P. Roberts, OSB #064854

ACKERMANN & TILAJEF PC
Craig Ackerman (admitted *pro hac vice*)
cja@ackermanntilajef.com
Brian Denlinger (*admitted pro hac vice*)
bd@ackermanntilajef.com
1180 S Beverly Drive, Suite 610
Los Angeles, CA 90035
Tel:  (310) 277-0614
Fax:  (310) 277-0635

INDIA LIN BODIEN LAW
India Lin Bodien (admitted *pro hac vice*)
india@indialinbodienlaw.com
2522 North Proctor Street, #387
Tacoma, WA 98406-5338
Tel:  (253) 503-1672
Fax:  (253) 276-0081

Attorneys for Plaintiffs, Opt-In Plaintiffs, and Putative Class