**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Kathryn P. Roberts, OSB #064854**
KathrynRoberts@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085 | Fax: (503) 323-9105

**Laura L. Ho** (admitted *pro hac vice*)
lho@gbdhlegal.com
**Barry Goldstein, Of Counsel** (admitted *pro hac vice*)
bgoldstein@gbdhlegal.com
**James Kan** (admitted *pro hac vice*)
jkan@gbdhlegal.com
**Byron Goldstein** (admitted *pro hac vice*)
brgoldstein@gbdhlegal.com
**Katharine L. Fisher** (admitted *pro hac vice*)
kfisher@gbdhlegal.com
**Mengfei Sun** (admitted *pro hac vice*)
msun@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
Telephone: (510) 763-9800 | Fax: (510) 835-1417

Attorneys for Plaintiffs, Opt-In Plaintiffs, and Putative Class

[Additional Counsel of Record listed on the next page]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NIKE, INC., an Oregon Corporation,<br><br>Defendant. | Case No. 3:18-cv-01477-JR<br><br>**DECLARATION OF JAMES KAN IN SUPPORT OF PLAINTIFFS' MOTION TO EXTEND THEIR DEADLINE TO FILE RESPONSE TO NIKE'S SUR-REPLY** |

**Craig Ackerman** (admitted *pro hac vice*)
cja@ackermanntilajef.com
**Brian Denlinger** (admitted *pro hac vice*)
bd@ackermanntilajef.com
ACKERMANN & TILAJEF PC
1180 S Beverly Drive, Suite 610
Los Angeles, CA 90035
Tel:  (310) 277-0614
Fax: (310) 277-0635

**India Lin Bodien** (admitted *pro hac vice*)
india@indialinbodienlaw.com
INDIA LIN BODIEN LAW
2522 North Proctor Street, #387
Tacoma, WA 98406-5338
Tel:  (253) 503-1672
Fax:  (253) 276-0081

I, James Kan, declare as follows:

1. I am a member in good standing of the Bar of the State of California and a Shareholder at the law firm of Goldstein Borgen Dardarian & Ho ("GBDH") in Oakland, California. I was admitted *pro hac vice* to this Court for this action on December 18, 2018. I and GBDH represent the named Plaintiffs, Opt-in Plaintiffs, and the putative class members in this action along with co-counsel Markowitz Herbold PC, Ackermann & Tilajef, P.C., and India Lin Bodien Law. I am providing this declaration in support of Plaintiffs' Motion to Extend Their Deadline to File Response to Nike's Sur-Reply. I have personal knowledge of the facts set forth in this declaration and could and would testify competently to them if called upon to do so.

2. Nike sent an email to Plaintiffs on May 12, 2022, seeking to meet and confer on its request to file a Sur-Reply, citing the need to respond to Plaintiffs' citation to *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022) and purported new evidence and arguments to which Nike claimed it has not had an opportunity to respond, such as collecting prior pay data from public sources.

3. Plaintiffs responded on May 13, 2022, asking for Nike's proposed restrains on page limits, timing of filing, and what particular assertions or arguments justify a Sur-Reply, and stating their position that a Sur-Reply is not justified because *Olean* does not make new law, and the reference to collection of prior pay is a direct response to an assertion made by Nike in its Opposition and based on Nike documents. Plaintiffs offered to confer over the phone, but Nike did not schedule a call.

4. Nike responded on May 18, 2022, requesting 30 pages and four weeks, raising the issue of Plaintiffs' new class definition, but declined to provide further details regarding its request.

5. Plaintiffs responded on May 19, 2022, again seeking clarity on what issues justify a 30-page sur-reply, including why a 15-day modification in the class definition for one claim prejudices Nike.

6. Nike responded on May 20, 2022, adding that it plans to address *Maney v. State,* 2022 WL 98580 (D. Or. Apr. 1, 2022) and deposition excerpts from 12 witnesses, but declined to respond to several of Plaintiffs inquiries

7. Plaintiffs responded on May 23, 2022, again requesting that Nike provide adequate details about its position on the disputed issues in order to meaningfully explore whether an agreement could be reached without unnecessary motion practice. Because Nike had only provided general statements and non-exhaustive examples of issues, Plaintiffs remained unaware of the precise issues Nike sought to raise in its Sur-Reply and what, if any, limitations it would agree to.

8. Nike responded on May 25, 2022 at 11:06 a.m. that the meet and confer did not appear to it to be materially advancing and invited Plaintiffs to make a counter proposal that would eliminate the need for Nike to file a request with the Court.

9. Eight minutes later, Nike filed its Motion for Leave for to File Sur-reply in Opposition to Plaintiffs' Motion for Class Certification or, in the alternative, to Strike New Arguments and Evidence Submitted in Connection with Plaintiffs' Reply in support of Motion for Class Certification ("Nike's Motion for Leave") on May 25, 2022 at 11:14 a.m. Nike failed to complete the meet and confer process with Plaintiffs before filing its Motion for Leave, did not confer by phone despite several invitations to do so by Plaintiffs, and did not provide adequate details about its sur-reply request, leaving the scope of the sur-reply open-ended.

10. On June 1, 2022, Plaintiffs' counsel sent an email to Nike's counsel to promptly meet and confer about their request for an extension. After several email exchanges, Plaintiffs' counsel and Nike's counsel conferred over the phone on June 6, 2022 about Plaintiffs' request for an extension. Nike opposes the requested two-week extension. Plaintiffs are filing this Motion shortly after Nike confirmed it would not agree to an extension. Nike does not oppose an expedited hearing on this motion.

11. Nike's counsel noted that its sur-reply could be as long as 35 pages (but likely no shorter than 25 pages) and declined to clarify the scope of the content or commit to limiting the Sur-Reply to the grounds stated in Nike's Motion for Leave. Plaintiffs will likely need to respond to a number of expansive arguments and topics with their Sur-sur-reply.

12. Nike's Motion for Leave includes various misstatements and misrepresentations, for example, incorrectly claiming that Plaintiffs only raise bifurcation for the first time on reply (they did not), which will require time and effort to untangle and clarify for the Court.

13. Several of Plaintiffs' counsel are unavailable for portions of the current two-week period, as all prior briefing deadlines concluded as of June 6, 2022 and counsel did not anticipate any filings between June 10 and 24, 2022. Key team members are scheduled to present at out-of-state conferences and attend to other previously scheduled obligations. For example, I will be out of office the entire week of June 13th for a long-planned family vacation, which is the first week of the current two-week period for Plaintiffs' to prepare their Response to Nike's Sur-Reply.

14. The two-week extension period, as opposed to a one-week extension, is further justified because it includes days where several key members of Plaintiffs' counsel are unavailable due to the start of parental leave, previously scheduled conferences, as well as the

July 4th holiday weekend.

I declare under penalty of perjury under that the foregoing is true and correct, and that this Declaration was executed this 8th day of June, 2022 in Oakland, California.

<u>/s/ James Kan</u><br>
James Kan