Ellen Osoinach, OSB#02498
eosoinach@rcfp.org
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
6605 SE Lake Road
Portland, OR 97221
(503) 213-3949

*Counsel for Proposed Intervenors*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>Defendant. | Case No. 3:18-cv-01477-JR<br><br>REQUEST OF NON-PARTY MEDIA ORGANIZATIONS INSIDER, INC., ADVANCE LOCAL MEDIA LLC *d/b/a OREGONIAN MEDIA GROUP*, AND AMERICAN CITY BUSINESS JOURNALS, INC *d/b/a PORTLAND BUSINESS JOURNAL'S* FOR CLARIFICATION<br><br>[Declaration of Ellen Osoinach and [Proposed] Order filed concurrently herewith] |

Non-Party Media Organizations ("proposed Media Intervenors") hereby respectfully request an order clarifying that counsel for proposed Media Intervenors in this case is not precluded, in the Court's view, from disseminating the contents of three unredacted documents (ECF Nos. 146, 240, and 241) filed by the parties and inadvertently obtained by counsel for Media Intervenors via ECF/PACER.

PAGE 1 - REQUEST FOR CLARIFICATION

As detailed in the concurrently filed declaration, undersigned counsel was mistakenly granted access via ECF/PACER to—and, as a result, on June 3, 2022 obtained—unredacted copies of three theretofore non-public documents filed by the plaintiffs in this case. Counsel was unaware at the time she downloaded those documents from ECF/PACER that they were not the publicly filed versions of those documents and, before realizing that fact, disclosed a piece of non-public information contained in one of them—Docket No. 240—to a reporter for one of the proposed Media Intervenors. *See* Declaration of Ellen Osoinach ("Osoinach Declaration" or "Osoinach Decl."), ¶¶ 6-9.[1] Upon realizing that the three documents in her possession were the unredacted, theretofore non-public versions of those documents, counsel for Media Intervenors promptly took appropriate steps, including notifying the Court on June 6, 2022 that she had access via ECF/PACER to unredacted, non-public documents on the docket in this case. *Id.*, ¶ 10. Counsel for Proposed Media Intervenors have maintained the status quo with respect to those three documents and the information therein. *Id.*, ¶ 12.

Proposed Media Intervenors now respectfully request that the Court enter an order clarifying that counsel for proposed Media Intervenors has no obligation of confidentiality with

---

[1] This request seeks clarification only as to any obligations the Court believes counsel for proposed Media Intervenors has with respect to the three unredacted documents the undersigned attorney obtained through ECF/PACER. The case law is clear that the reporter whom she provided the pay shortfall number to—believing at the time it was public information—cannot be restrained from publishing or disseminating that information. *See N.Y. Times Co. v. United States*, 403 U.S. 713, 714 (1971) (per curiam) (explaining that there is a "heavy presumption against [the] constitutional validity" of a prior restraint); *CBS, Inc. v. United States Dist. Court*, 729 F.2d 1174, 1183 (9th Cir. 1984) (stating that "prior restraints, if permissible at all, are permissible only in the most extraordinary of circumstances"); *see also Ashcraft v. Conoco, Inc.*, 218 F.3d 288 (4th Cir. 2000)(holding that a news organization may not be held in contempt for reporting on sealed court records that a court clerk gave to a journalist by mistake).

PAGE 2 - REQUEST FOR CLARIFICATION

respect to the unredacted copies of ECF Nos. 146, 240, and 241 in the possession of proposed Media Intervenors' counsel, or any information contained therein.[2]

## LR 7-1(a) CERTIFICATION

Pursuant to Local Rule 7-1(a), counsel for proposed Media Intervenors, certify that they have conferred with plaintiffs' and defendant's counsels by email regarding the subject of this request, but we could not reach a resolution. Defendant objects to disclosure of unredacted copies of ECF Nos. 146, 240, 241 and takes the position that Media Intervenors' counsel is bound by the Protective Order entered in this case (ECF No. 82). Plaintiff does not object to the filing of this Request and takes the position that "the Protective Order must be followed unless or until the Court rules otherwise".

## RELEVANT BACKGROUND

On April 8 and May 2, 2022, undersigned counsel used their ECF/PACER log-in credentials to file briefing in support of Media Intervenors' Motion to Intervene for the Limited Purpose of Moving to Unseal Judicial Records and to Oppose Defendant's Motion to Seal (the "Motion to Intervene") (ECF Nos. 205, 229).  Osoinach Decl. ¶¶ 1-2.

On the afternoon of Friday, June 3, 2022, in advance of a scheduled telephone call with a reporter from one of the proposed Media Intervenors to discuss this matter, counsel logged into ECF/PACER in order to review the docket and obtain certain recently filed public, redacted

---

[2] Through their pending Motion to Intervene for the Limited Purpose of Moving to Unseal Judicial Records and to Oppose Defendant's Motion to Seal, proposed Media Intervenors seek an order of the Court requiring "the parties to file on the public docket unredacted copies of all judicial records filed in this case since January 10, 2022[,]" including ECF Nos. 146, 240, and 241 (ECF No. 229 at 19).  The Court set the Motion to Intervene on its under-advisement calendar for June 27, 2022 (*See* ECF Nos. 237, 250).  To the extent the Court grants proposed Media Intervenors' pending motion to unseal as to ECF Nos. 146, 240, and 241, the instant request for clarification will be moot.

PAGE 3 - REQUEST FOR CLARIFICATION

documents in this matter. *Id*. ¶ 5. Specifically, as reflected at ECF No. 249, on May 27, 2022, the Court granted plaintiffs' unopposed motion to unseal documents ECF Nos. 239, 241-1, and 242, and to file redacted copies of ECF Nos. 240, 241, and 247. *Id*. ¶ 6. Counsel downloaded from ECF/PACER two of those documents—ECF Nos. 240 and 241—believing them to be the public, redacted versions. *Id*.

In quickly reviewing the documents, counsel noticed that it appeared that ECF No. 240 included a piece of information—the so-called "pay shortfall"—which had been the subject of disputed redactions between the parties and believed that to mean that the parties had reached an agreement as part of their ongoing negotiations to unseal information in plaintiffs' filings—a belief bolstered by the fact that plaintiffs' motion to file redacted versions of ECF Nos. 240 and 241 had been unopposed. *Id*. ¶ 7.

Thereafter, counsel spoke with a reporter from one of the proposed Media Intervenors. Assuming that the reporter had also read the documents recently unsealed pursuant to the Court's May 27, 2022 order, counsel mentioned the pay shortfall included in ECF No. 240 and, in doing so, stated the pay shortfall number included in that filing; the reporter did not appear aware that information was included in that document. *Id*. ¶ 8.

Suspecting that either ECF/PACER was malfunctioning or mistakenly providing her with access to unredacted documents, rather than the redacted versions the parties had filed on the public docket, counsel attempted to clarify the matter by downloading a copy of ECF No. 146, Plaintiffs' Motion for Class Certification—a document the parties had previously filed on the public docket with redactions that counsel was very familiar with. *Id*. ¶ 9. After skimming the document, counsel determined that it did not contain redactions included in the redacted version of ECF No. 146, and immediately closed it. *Id*.

The next business day, June 6, 2022, counsel notified the Court's Courtroom Deputy that ECF/PACER appeared to be providing her with access to unredacted documents filed by the parties. *Id*. ¶ 10.  Later that same day, counsel spoke with Eric Oss, the Portland Division Manager for the Oregon United States District Court. *Id*. ¶ 11.  As a result of that call, undersigned counsel is informed and believes that on or about April 8, 2022 she was designated as a case participant in the above-captioned matter in ECF/PACER to file documents electronically as a non-party.  Thereafter, ECF/PACER mistakenly granted default access to unredacted documents in the case, even though she did not become aware of that access until June 3.[3]  *Id*.

## ARGUMENT

Proposed Media Intervenors are not aware of any obligation their counsel would have with respect to maintaining the confidentiality of the unredacted copies of ECF Nos. 146, 240, and 241, or any information therein, that were obtained unknowingly by undersigned counsel pursuant to an administrative error.  To the contrary, the inadvertent disclosure of those non-public documents to counsel for Media Intervenors—even occurring as it did through ECF/PACER—amounts to a public disclosure that makes continued sealing of ECF Nos. 146, 240, and 241 unwarranted.  *In re Copley Press*, 518 F.3d 1022, 1025 (9th Cir. 2008) ("Secrecy is a one-way street.  Once information is published, it cannot be made secret again."); *see also Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004) (explaining that courts "do not have the power" to order that information made public by the

---

[3] Counsel has agreed to have Oss remove her as counsel for proposed Media Intervenors in ECF/PACER to correct the mistaken access to non-public, unredacted materials filed in this case, and further agreed to send any future filings on behalf of proposed Media Intervenors in this matter to Oss for filing.  Osoinach Decl. ¶ 11.

district court be made private again; once "[t]he genie is out of the bottle" the court has "not the means to put the genie back.")

While proposed Media Intervenors and their counsel are aware of the stipulated protective order governing discovery in this case (the "Protective Order") (ECF No. 82), they are not parties to the Protective Order and, indeed, pending a decision on their Motion to Intervene are not currently parties to this litigation. By definition, the Protective Order drafted and stipulated to by plaintiffs and defendant—even insofar as it imposes obligations on certain other "nonparties" who agree to be bound by it—does not impose any obligations upon proposed Media Intervenors or their counsel, who are not privy to discovery exchanged by the parties in this matter and have not agreed—and would not agree—to be bound by the Protective Order's terms. *See* ECF 82. Accordingly, the Protective Order has no application here.

For the foregoing reasons, proposed Media Intervenors respectfully ask this Court to enter the proposed order filed contemporaneously herewith clarifying that counsel for proposed Media Intervenors are not prohibited from disseminating, discussing, or revealing the contents of the unredacted copies of ECF Nos. 146, 240, and 241 that were obtained by proposed Media Intervenors' counsel via ECF/PACER on June 3, 2022.[4]

/s/ *Ellen Osoinach*_____

Ellen Osoinach
REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS

*Counsel for Proposed Media Intervenors*

---

[4] If the Court grants the relief that proposed Media Intervenors seek in this matter—an order requiring the parties "to file on the public docket unredacted copies of all judicial records filed in this case since January 10 2022" (*see* ECF No. 229 at 19)—as to at least ECF Nos. 146, 240, and 241, this request will be moot and proposed Media Intervenors will withdraw it.

PAGE 6 - REQUEST FOR CLARIFICATION