LAURA E. ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

DANIEL PRINCE, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
FELICIA A. DAVIS, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
LAURA E. ZABELE, Cal. SB# 330847 (*pro hac vice*)
laurazabele@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendant NIKE, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, SARA JOHNSTON, LINDSAY ELIZABETH, and HEATHER HENDER, individually and on behalf of others similarly situated,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>　　Defendant. | Case No.: 3:18-cv-01477-JR<br><br>DEFENDANT NIKE, INC.'S OPPOSITION TO PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DEFENDANT'S EVIDENCE SUBMITTED IN OPPOSITION TO CLASS CERTIFICATION |

# TABLE OF CONTENTS

                                                                                                                            **Page**

INTRODUCTION ..................................................................................................................2
RELEVANT FACTUAL BACKGROUND ........................................................................2
      I.     Declaration of Corporate Witness Jessica Stuckey. ...........................................2
      II.    Nike's Statements Regarding Pay Equity Studies. .............................................3
      III.   Nike's Statement Regarding Employing a Third Party to Investigate
             Internal Complaints. ............................................................................................3
      IV.   Nike's Statements Regarding Deposition Testimony Related to the Talent
             Acquisition Playbook. .........................................................................................4
ARGUMENT .......................................................................................................................5
      I.     Ms. Stuckey's Declaration is Lay Witness Testimony that is Properly
             Before the Court. .................................................................................................5
      II.    Nike's Brief Statements on the Existence of Pay Equity Studies and the
             Use of a Third Party to Investigate the Internal Complaints are Proper
             Because the Facts Are Known to Plaintiffs—Not Shielded by Nike. ..................6
      III.   Nike's Statements About "Match to Job" Are Based on Deposition
             Testimony Properly Before the Court. ................................................................7
CONCLUSION ....................................................................................................................8

Page i   -   DEFENDANT NIKE, INC.'S OPPOSITION TO PLAINTIFFS' EVIDENTIARY
                  OBJECTIONS TO DEFENDANT'S EVIDENCE SUBMITTED IN
                  OPPOSITION TO CLASS CERTIFICATION

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

United States v. Flores,
   536 F. App'x 709 (9th Cir. 2013) ................................................................................5, 6

**RULES**

Fed. R. Evid.
   701 ............................................................................................................................5, 6
   702 ............................................................................................................................5, 6

# INTRODUCTION

Plaintiffs' objections to Nike's evidence are without merit. First, Plaintiffs object to a declaration of Nike's corporate witness as improper expert testimony. Plaintiffs' mischaracterization of her declaration does not transform her lay opinion on Nike's job descriptions—a topic on which she was designated and deposed as Nike's Rule 30(b)(6) deponent—into expert opinion. Second, Plaintiffs attempt to strike generic, undisputed facts as privileged information. These facts, that Nike conducted a privileged pay equity audit and hired an outside law firm to conduct investigations, do not constitute nor require waiver of attorney-client or work product privileges. Finally, Plaintiffs contort Nike's discovery and argue that Nike's citations to the deposition transcript of a Rule 30(b)(6) deponent must be precluded based on failure to produce discovery of a Talent Acquisition Playbook website. Putting aside the fact that Nike did produce documents related to and hosted on its Talent Acquisition Playbook website, Nike does not rely on the documents in question in its class certification opposition. Plaintiffs' objections should be overruled.

# RELEVANT FACTUAL BACKGROUND

## I. Declaration of Corporate Witness Jessica Stuckey.

Nike designated witness Jessica Stuckey to testify as Nike's corporate witness on the following topics (among others): "The formation, use, and review of Nike's SAP job descriptions; related policies and practices, if any for the time period 2015 to present." Davis Decl. Ex. 41, ECF No. 187-1, ¶ 3. Ms. Stuckey sat for deposition on May 14, 2021. *Id*. Plaintiffs did not ask her whether their conclusion, that "the interaction of Job Subfamily (within Job Function and Job Family) and Job Level is the most differentiated type of work and level of work within Nike's corporate architecture," is accurate at Nike. So Ms. Stuckey provided a declaration to supplement her deposition testimony on this point. In her declaration, Ms. Stuckey

explains that "Nike's *job codes* are the most differentiated type of work and level of work within [Nike's] corporate architecture[.]" *Id*. ¶ 4. Through examples of different job code descriptions, she also testified that "there are a number of job codes that share the same Job Subfamily and Job Level but are readily distinguishable, involving the application of differing skillsets." *Id*. ¶ 4. Ms. Stuckey's declaration simply provides examples of job codes to highlight readily apparent differences between job descriptions that share the same Job Subfamily and Job Level.

II.  **Nike's Statements Regarding Pay Equity Studies.**

Nike references the existence of its privileged pay equity study just *twice* in its opposition to class certification to generally describe the company's commitment to diversity and inclusion. *See* Opposition to Class Certification, ECF No. 183 ("Opp."), at 22 (discussing Nike's commitment to diversity and inclusion by stating that "[f]or example, in 2018, Nike implemented 'Competitive Pay Management' or pay adjustments for individuals who were below the minimum of their pay ranges or identified as a result of Nike's pay equity analyses"); Opp. at 43 ("Plaintiffs fail to mention, of course, steps Nike has taken to promote diversity, equity and inclusion, including Nike's complaint investigation procedures; its pay equity studies; and its robust equal employment opportunity policies."). Neither party contests the existence of Nike's privileged pay equity analyses. However, the Court properly protected the results of Nike's pay equity analyses based on attorney-client privilege and work-product privilege. ECF No. 117.

III.  **Nike's Statement Regarding Employing a Third Party to Investigate Internal Complaints.**

Nike merely states a fact when it made *one* statement about employing a third party to investigate internal complaints raised by employees. It its opposition to class certification, Nike explained that it "took seriously the concerns raised" and "engaged an outside law firm to thoroughly investigate the concerns and any other contemporaneous submission." Opp. at 24.

Page 3    -    DEFENDANT NIKE, INC.'S OPPOSITION TO PLAINTIFFS' EVIDENTIARY
                    OBJECTIONS TO DEFENDANT'S EVIDENCE SUBMITTED IN
                    OPPOSITION TO CLASS CERTIFICATION

Nike properly withheld the attorney-client and work product privileged investigation *reports*.

## IV. Nike's Statements Regarding Deposition Testimony Related to the Talent Acquisition Playbook.

Plaintiffs falsely accuse Nike of relying on a "Talent Acquisition Playbook" that it claims was not produced in discovery. In its opposition to class certification, Nike describes that "matching" candidates to open positions rarely occurs and, even then, only in narrow situations where there are multiple open job postings at the same time for the exact same job. Opp. at 20-21. In describing the alleged "matching" process, and the fact that it rarely occurs, Nike cites to the Rule 30(b)(6) deposition testimony of Julian Miller and *eleven* recruiter declarations, not to a Talent Acquisition Playbook. Furthermore, Plaintiffs misleadingly describe Nike's Talent Acquisition Playbook. Pls. Mot. at 3. Plaintiffs claim that "Mr. Miller testified that his understanding of these guidelines for match to job was based on Nike's Talent Acquisition Playbook." Pls. Mot. at 3 (citing Suppl. Sun Decl. Ex. 94, ECF No. 241, 101:1-9). Mr. Miller actually testified that the guidelines were "kept" "within [Nike's] talent acquisition playbook" which is a "system" that he previously described as a "site . . . where we – the [Talent Acquisition] department posts guidelines and training materials." Davis Decl. Ex. 1, 45:3-14 (describing the internal TA playbook site that "hosted" guidelines and materials); Davis Decl. Ex. 1, 101:1-24 (describing how the TA playbook was created around 2016). Plaintiffs also provided and asked Mr. Miller about certain documents, produced by Nike during discovery, which were hosted on the Talent Acquisition Playbook site. *See* Davis Decl. Ex. 1, 45:3-14. These documents obviously were not withheld.

# ARGUMENT

I.  **Ms. Stuckey's Declaration is Lay Witness Testimony that is Properly Before the Court.**

A lay witness may testify as to her opinion when that opinion is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701; *United States v. Flores*, 536 F. App'x 709, 711 (9th Cir. 2013) (holding lay opinion testimony of Drug Enforcement Administration ("DEA") agent proper when the "observation[s] . . . are common enough and require[s] such limited [amount of] expertise that it is admissible [as lay testimony] under Rule 701").

Ms. Stuckey's declaration satisfies each of the requirements for lay opinion testimony under Rule 701. As Nike's corporate witness designated to testify on the formation, use, and review of Nike's SAP job descriptions, as well as related policies and practices, Ms. Stuckey's declaration is rationally based on her perception as the corporate designee. Her declaration simply discusses Nike's practices, which she has first-hand knowledge of through her long Nike employment. Ms. Stuckey describes and explains the obvious differences in the text of the job descriptions for job codes that were part of the same Job Subfamily and Job Level (which Plaintiffs claim means the jobs are substantially similar). This explanation is obviously helpful to clearly understanding a fact in issue (how Nike's corporate architecture differentiates between jobs in the same Job Subfamily and Job Level). Ms. Stuckey based her testimony on her ability to detect obvious differences in the wording of job descriptions and her status as a corporate designee and person most knowledgeable about Nike's SAP job descriptions. Like the DEA agent in *Flores*, Ms. Stuckey's observations about clear differences in the wording of job

Page 5  -   DEFENDANT NIKE, INC.'S OPPOSITION TO PLAINTIFFS' EVIDENTIARY
            OBJECTIONS TO DEFENDANT'S EVIDENCE SUBMITTED IN
            OPPOSITION TO CLASS CERTIFICATION

descriptions "are common enough and require such limited expertise" that they are proper lay opinion testimony. *Flores*, 536 F. App'x at 711.

Nike agrees that if Ms. Stuckey provided opinions on the similarly of job content based on a job analysis, this opinion would qualify as expert opinion, improper for a lay witness. Ms. Stuckey's declaration provides no such opinion. Nor, for that matter, does Plaintiffs' expert Dr. Lundquist. Nevertheless, Plaintiffs' objections to Ms. Stuckey's declaration are meritless and should be overruled.[1]

II. **Nike's Brief Statements on the Existence of Pay Equity Studies and the Use of a Third Party to Investigate Some Internal Complaints are Proper Because the Facts Are Known to Plaintiffs—Not Shielded by Nike.**

Nike references the existence of its privileged pay equity study just *twice* in its opposition to class certification to generally describe the company's commitment to diversity and inclusion. *See* Opp. at 22 (discussing Nike's commitment to diversity and inclusion by stating that "[f]or example, in 2018, Nike implemented "Competitive Pay Management" or pay adjustments for individuals who were below the minimum of their pay ranges or identified as a result of Nike's pay equity analyses"); Opp. at 43 ("Plaintiffs fail to mention, of course, steps Nike has taken to promote diversity, equity and inclusion, including Nike's complaint investigation procedures; its pay equity studies; and its robust equal employment opportunity policies."). The fact that Nike has undertaken pay equity studies is not privileged, nor even confidential. The results of the studies are privileged, and properly withheld from production, but Nike never references the results of the studies in its opposition brief. Thus, Nike's reference to publicly available information—the fact of the audits—is neither improper nor a basis to strike.

---

[1] Because Ms. Stuckey is a lay witness, the procedural requirements for an expert witness under Federal Rule of Evidence 702 are inapplicable. *Compare* Fed. R. Evid. 701 *with*

Nike also references—one time—the fact that it engaged outside counsel to conduct privileged investigations in response to internal complaints. That fact too is not privileged, though the work of Nike's counsel is. Again, Nike never discusses the results of the investigations, only that the investigations occurred. This too is not improper.

### III. Nike's Statements About "Match to Job" Are Based on Deposition Testimony Properly Before the Court.

Finally, Plaintiffs ask the Court to preclude Nike "from introducing evidence based on its Talent Acquisition Playbook" because Nike "failed to produce its Talent Acquisition Playbook." Mot. at 9. Not so.

First, in attempting to set forth why Plaintiffs inaccurately describe the alleged "match to job" practice, Nike cited to the deposition of Julian Miller, as well as eleven recruiter declarations. Nike does not rely on or cite to the Talent Acquisition Playbook or any documents that were not produced in discovery. Instead, Nike relies solely on the deposition testimony of its 30(b)(6) witness, along with sworn declarations. Plaintiffs obviously had the opportunity to—and indeed did—question Mr. Miller about the practice. They cannot credibly argue that Nike is prohibited from using this same information.

Second, Nike provided Plaintiffs ample discovery on the alleged "match to job" issue. Plaintiffs simply chose to ignore it. Nike designated a Rule 30(b)(6) witness, Mr. Miller, so that Plaintiffs could, and indeed did, ask a series of questions about the alleged process. *See* Suppl. Sun Decl. Ex. 94, ECF No. 241, 100:6-22. Mr. Miller answered Plaintiffs' questions, including about specific exhibits, produced by Nike in discovery, that were hosted on the Talent Acquisition Playbook site. *See* Davis Decl. Ex. 1, 45:3-14. During that deposition, Mr. Miller described guidelines related to the job matching process. Plaintiffs also asked Mr. Miller questions about the Talent Acquisition Playbook site. Davis Decl. Ex. 1, 101:1-24. Because Nike

did not "fail[] to obey an order to provide or permit discovery" and is therefore not a "disobedient party," Plaintiffs' request for sanctions under Rule 37(b)(2)(A)(ii) must fail.

## CONCLUSION

Nike respectfully requests that the Court deny Plaintiffs' Objections to Defendant's Evidence in Opposition to Class Certification.

Dated: July 8, 2022

Respectfully submitted,

/s/ Felicia A. Davis
Daniel Prince, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
Felicia A. Davis, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
Laura E. Zabele, Cal. SB# 330847 (*pro hac vice*)
laurazabele@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Laura E. Rosenbaum, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

Attorneys for Defendant NIKE, INC