# Byron Goldstein

**From:**          Davis, Felicia A. <feliciadavis@paulhastings.com>
**Sent:**          Tuesday, December 8, 2020 7:26 PM
**To:**          Byron Goldstein; Barry Goldstein; James Kan; Mengfei Sun
**Cc:**          Prince, Daniel; Zabele, Laura
**Subject:**      Cahill v. Nike - Shane Walker and Alison Daugherty Depositions



EXHIBIT
**502**
Shane Walker
12/17/2020
Teresa Rider - CSR

Counsel,

Mr. Walker can sit for a virtual deposition on December 17, 2020.  Mr. Walker will be designated as Nike's 30(b)(6) deponent on the following topics, as defined below.  The time period for which Mr. Walker will be prepared to testify with respect to each topic is set forth in parenthesis following each topic:

- **Topic 1**:  The organizational structure of Nike's compensation department (2015 to present).
- **Topic 2**:  The establishing of job codes, job levels, bands, sub-families, families, and/or functions for the Covered Positions (2016 to present).
- **Topic 3**:  The formation, review, modification, and use of job codes for the Covered Positions; related policies and procedures; the individuals who developed, consolidated, and/or organized job codes (2016 to present).  This does not include the assignment of employees to job codes.
- **Topic 5**:  Nike HQ executives' involvement, knowledge and responsibilities related to employee compensation; executives' knowledge regarding potential disparities between men and women in compensation; executives' involvement, knowledge, and responsibilities concerning the formation, review, and/or changing of policies and practices related to compensation (2015 to present).
- **Topic 6**:  Pay ranges relating to the Covered Positions, including "internal" and "external" ranges, market zones, market surveys, and how pay ranges are formed, review, changed and used; related policies and practices; the individuals who were involved in the formation, review and/or modification of pay ranges or related policies (2015 to present).
- **Topic 7**:  Development and implementation of starting pay guidelines; the individuals who were involved in the formation, changing and implementation of starting pay guidelines (2017 to present).
- **Topic 8**:  Effect of performance evaluations and potential appraisal ratings on employee compensation; related policies and procedures (2015 to present).
- **Topic 9**:  "Total rewards philosophy and interactions between philosophy and compensation," as Nike understands this phrase (2017 to present); offer modeling tool (2016 to present).
- **Topic 10**:  Setting and modifying salaries and lump sum payments for Covered Positions (excluding the setting of starting salary); policies and practices related to recommendations and determinations concerning merit, base pay, increases, lump sum payments (excluding the setting of starting salary); the individuals who make determinations regarding merit, base pay, increases, lump sum payments, and how (2015 to present).
- **Topic 11**:  General systems used to maintain employee compensation data; systems used to communicate recommendations or determinations concerning compensation (2015 to present.)
- **Topic 13**:  To the extent not privileged, recommendations and determinations of Competitive Pay Management ("CPM") and Active Pay Management ("APM") for Covered Positions; formation, components, uses, processes, and changes related to CPM and APM; related policies and practices; the individuals who are involved in the formation, use, changes, implementation, and/or supervision of CPM and APM; compa-ratios; the use of pay ranges, market analyses, and/or surveys in the CPM and APM process (2017 to present).
- **Topic 16**:  Guidance regarding compensation at promotion or lateral job transfer; the individuals who make such decisions and how; related policies and procedures; the individuals involved in forming and/or changing the policies and procedures; how the policies and practices were formed, reviewed and/or changed (2017 to present).

1

- **Topic 17**:  Responsibilities and authority of Human Resources at Nike HQ related to compensation processes (2016 to present).
- **Topic 21**:  To the extent not privileged, policies and practices regarding anti-discrimination in compensation (2017 to present).
- **Topic 24**:  "Validation" of any compensation policy or practice, as Nike understands this term, and to the extent it applies to compensation policies or practices (2016 to present).
- **Topic 25**:  "Compliance with the Uniform Guidelines" with respect to compensation policies or practices, as Nike understands this term, and to the extent it applies to compensation policies or practices (2016 to present).
- **Topic 26**:  Policies and practices relating to the training of managers, directors, VPs and other employees with respect to making compensation decisions and implementing Nike's policies and practices related to compensation decisions (2017 to present).
- **Topic 27**:  Nike's use of job analyses in establishing, modifying, or implementing compensation policies and practices, or establishing job codes, job levels, bands, sub-families, families, or functions (2016 to present).

We plan to submit formal objections to the 30(b)(6) deposition notice as well, but wanted to get you the topics as soon as possible so you have time to prepare.  In providing this list of topics, Nike does not consent to or agree with the scope or breadth of the topics noticed by Plaintiffs (i.e., Nike reserves its rights with respect to objections, and as provided in its Motion for Protective Order), nor does Nike consent to the defined terms contained in Plaintiffs' deposition notice.  Use of terms above does not necessarily mean that Nike's definition and Plaintiffs' definition are the same.

As set forth above, the term "compensation" is given its typical meaning, except that Mr. Walker will not be Nike's 30(b)(6) witness on the following compensation-related topics:  PSP awards, equity, stock options, or other long-term incentive payments.

***

Separately, Ms. Daugherty is available for deposition on January 7, 2021.  Ms. Daugherty likely will be designated as Nike's witness for certain 30(b)(6) deposition topics.  We are working through those now and will provide them in advance of the deposition.

Best,
Felicia



**Felicia Davis | Partner, Employment Law Department**
Paul Hastings LLP | 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071
Direct: +1.213.683.6120 | Main: +1.213.683.6000 | Fax: +1.213.996.3120 |
feliciadavis@paulhastings.com | www.paulhastings.com

*******************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

Goldstein Decl. Ex. 6, Page 2 of 26

AMY JOSEPH PEDERSEN, OSB No. 853958
amy.joseph.pedersen@stoel.com
KENNON SCOTT, OSB No. 144280
kennon.scott@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 300
Portland, OR  97205
Tel:  (503) 224-3380
Fax:  (503) 220-2480

Daniel Prince, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
Zach P. Hutton, Cal. SB#234737 (*pro hac vice*)
zachhutton@paulhastings.com
Felicia A. Davis, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
Tel:  (213) 683-6000
Fax:  (213) 627-0705

Attorneys for Defendant NIKE, INC.



UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, SARA JOHNSTON, LINDSAY ELIZABETH, and HEATHER HENDER, individually and on behalf of others similarly situated,<br><br>      Plaintiffs,<br><br> v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>      Defendant. | Case No.:  3:18-cv-01477-JR<br><br><br>**DEFENDANT NIKE, INC.'S OBJECTIONS TO PLAINTIFFS' NOTICE OF REMOTE DEPOSITION OF A NIKE CORPORATE WITNESS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)** |

Page 1  -  DEFENDANT NIKE, INC.'S OBJECTIONS AND RESPONSES TO
            PLAINTIFFS' NOTICE OF REMOTE DEPOSITION OF A NIKE
            CORPORATE WITNESS PURSUANT TO FEDERAL RULE OF CIVIL
            PROCEDURE 30(b)(6)

Goldstein Decl. Ex. 6, Page 3 of 26

EXHIBIT
566
Alison Daugherty
1/8/2021
Aleshia Macom - CSR, CCR

**TO PLAINTIFFS KELLY CAHILL, SARA JOHNSTON, LINDSAY ELIZABETH, AND HEATHER HENDER, AND TO THEIR ATTORNEYS OF RECORD:**

Defendant Nike, Inc. ("Nike" or "Defendant") hereby objects and responds to Plaintiffs' Notice of Remote Deposition of a Nike Corporate Witness Pursuant To Federal Rule of Civil Procedure 30(b)(6) ("Plaintiffs' Notice"). The objections set forth below are not intended to be exhaustive, and Nike hereby incorporates by reference the objections raised in its Motion for Protective Order, filed with the Court on November 11, 2020.

<u>**NIKE'S GENERAL OBJECTIONS TO PLAINTIFFS' NOTICE**</u>

1. Nike objects to Plaintiffs' Topics for Examination in their entirety to the extent that they call for testimony that is protected from disclosure by the attorney-client privilege and/or work product doctrine, and/or any other applicable privilege or immunity.

2. Nike objects to Plaintiffs' Topics for Examination in their entirety to the extent that they seek information that is not relevant to this litigation and not proportional to the needs of the case.

3. Nike objects to Plaintiffs' Topics for Examination in their entirety on the grounds that they are as overly broad as to time and scope because they seek information from outside the applicable statutory period(s).

4. Nike objects to the phrase "workplace complaints" on the grounds that it is vague and ambiguous. Nike further objects to the phrase "workplace complaints" on the grounds that it is unduly burdensome, oppressive and overly broad as to time because it refers to documents outside of the applicable statutory period(s). Nike further objects to the phrase "workplace complaints" on the grounds that it includes information that is not relevant to the subject matter of this litigation and is not proportional to the needs of the case. Nike further objects to the phrase "workplace complaints" to the extent that it includes information protected by the attorney-client privileged and/or attorney work product doctrine.

Page 2  -  DEFENDANT NIKE, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' NOTICE OF REMOTE DEPOSITION OF A NIKE CORPORATE WITNESS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

5. Nike objects to the phrase "potential appraisal" on the grounds that it is vague and ambiguous. Nike further objects to the phrase "potential appraisal" on the grounds that it assumes facts regarding Nike's business policies and procedures that have not been confirmed or denied by Nike and, as a result of which, may not be accurate or complete.

6. Nike objects to the phrase "Starfish Survey" on the grounds that it is vague and ambiguous. Nike further objects to the phrase "Starfish Survey" to the extent that Plaintiffs seek information protected by the attorney-client privileged and/or attorney work product doctrine.

All General Objections are incorporated by reference into each Response as though set forth in full therein.

## NIKE'S OBJECTIONS TO PLAINTIFFS' DEFINITIONS

1. Nike objects to Plaintiffs' Definition of "Compensation," and to each and every Topic for Examination that incorporates this term, on the grounds that it is vague and ambiguous as to "transfer of money" and "other thing of value." Nike further objects to this Definition on the grounds that it assumes facts regarding Nike's business policies and procedures that have not been confirmed or denied by Nike and, as a result of which, may not be accurate or complete. Nike further objects to this Definition on the grounds that it includes "things of value" that are available to all employees, or which employees self-select, such that they cannot form the basis for a discrimination claim.

2. Nike objects to Plaintiffs' Definition of "Defendant," "Nike," "You," and "Your," and to each and every Request that incorporates these terms, to the extent that it requires Nike to respond on behalf of any person, entity, or organization other than Nike.

3. Nike objects to Plaintiffs' Definition of "Executives," and to each and every Request that incorporates this term, on the grounds that it is vague and ambiguous as to "other job title that is as or more or senior than" and "at the same or higher." Nike further objects to this Definition as overly broad to the extent that it includes employees outside of Plaintiffs' class

Page 3 - DEFENDANT NIKE, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' NOTICE OF REMOTE DEPOSITION OF A NIKE CORPORATE WITNESS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

or collective definitions, or purports to include independent contractors, temporary workers, or other individuals not employed by Nike. Nike further objects to this Definition on the grounds that it assumes facts regarding Nike's business policies and procedures that have not been confirmed or denied by Nike and, as a result of which, may not be accurate or complete.

4. Nike objects to Plaintiffs' Definition of "HQ," and to each and every Request that incorporates this term, to the extent it includes buildings other than "Nike Headquarters" as referenced in Plaintiffs' putative class definition.

5. Nike objects to Plaintiffs' Definition of "HR," and to each and every Request that incorporates this term, on the grounds that it is vague and ambiguous as to "business unit[s]," "business unit," "reports to," and "in charge of." Nike further objects to this Definition on the grounds that it assumes facts regarding Nike's business policies and procedures that have not been confirmed or denied by Nike and, as a result of which, may not be accurate or complete.

6. Nike objects to Plaintiffs' Definition of "Policies," and to each and every Request that incorporates this term, on the grounds that it is vague and ambiguous as to "policies, rules, directives, protocols, and procedures." Nike further objects to this Definition on the grounds that it assumes facts regarding Nike's business policies and procedures that have not been confirmed or denied by Nike and, as a result of which, may not be accurate or complete.

7. Nike objects to Plaintiffs' Definition of "Practices," and to each and every Request that incorporates this term, on the grounds that it is vague and ambiguous as to "systematic processes or established, recognized, habitual, customary, usual, regular, or prescribed practices for achieving certain ends." Nike further objects to this Definition on the grounds that it assumes facts regarding Nike's business policies and procedures that have not been confirmed or denied by Nike and, as a result of which, may not be accurate or complete.

Page 4 - DEFENDANT NIKE, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' NOTICE OF REMOTE DEPOSITION OF A NIKE CORPORATE WITNESS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

Goldstein Decl. Ex. 6, Page 6 of 26

## NIKE'S RESPONSES TO PLAINTIFFS' TOPICS FOR EXAMINATION

Subject to and without in any way waiving any of its objections, and to the extent it understands the Topics for Examination, Nike designates Alison Daugherty to testify as Nike's corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6) on the following Topics for Examination on January 7, 2021.

TOPIC NO. 1:

With respect to Nike WHQ, the organizational structure of Nike's Human Resources, Employee Relations, and Global Investigations departments (March 2017 – present).

TOPIC NO. 5:

To the extent not privileged, Nike WHQ executives' involvement, knowledge, and responsibilities related to the general process of investigating workplace complaints, if any; Nike WHQ executives' involvement, knowledge, and responsibilities concerning the formation, review, or changing of policies and practices related to the general process of investigating workplace complaints, if any (March 2017 – present).

TOPIC NO. 8:

The effect of workplace complaints on performance evaluations and potential appraisal ratings, if any (March 2017 – present).

TOPIC NO. 11:

The Employee Relations system(s) used at Nike WHQ to track, analyze, or which contain documents related to workplace complaints (March 2017 – present).

Page 5     -     DEFENDANT NIKE, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' NOTICE OF REMOTE DEPOSITION OF A NIKE CORPORATE WITNESS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

The organizational structure, responsibilities, and authority of Nike's Human Resources Department at Nike WHQ related to workplace complaints (March 2017 – present).

TOPIC NO. 18:

Workplace complaints of sex discrimination, harassment, and hostile work environment related to Nike WHQ executives, if any, to the extent such complaints involve compensation, promotion, or performance reviews that male colleagues received favorable treatment for the same work, or complaints of executives condoning discrimination; to the extent not privileged, investigations, recommendations and decisions related to such complaints; related policies and practices; who is involved in investigations, recommendations, and determinations and how they occurred, if any; and systems used to analyze or track such complaints (March 2017 – present).

TOPIC NO. 21:

Anti-discrimination policies and/or practices used by Employee Relations (March 2017 – present).

TOPIC NO. 22:

To the extent not privileged, Nike's response to the anonymous, informal, and unofficial survey circulated at Nike WHQ in or about late 2017/early 2018.

TOPIC NOS. 29-30:

Workplace complaints of sexual harassment/discrimination linked to policies of pay/promotions and job duties against Trevor Edwards, Daniel Tawiah, and David Ayre, or

Page 6 - DEFENDANT NIKE, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' NOTICE OF REMOTE DEPOSITION OF A NIKE CORPORATE WITNESS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

regarding actions these individuals may have taken to condone pay/promotion and job duty discrimination decisions of lower level managers, if any (March 2017 – present).

Dated: January 6, 2021      Respectfully submitted,


           /s/ Felicia A. Davis
           Daniel Prince, Cal. SB# 237112 (*pro hac vice*)
           danielprince@paulhastings.com
           Zach P. Hutton, Cal. SB#234737 (*pro hac vice*)
           zachhutton@paulhastings.com
           Felicia A. Davis, Cal. SB# 266523 (*pro hac vice*)
           feliciadavis@paulhastings.com
           PAUL HASTINGS LLP
           515 South Flower Street, 25th Floor
           Los Angeles, CA 90071-2228
           Telephone: (213) 683-6000
           Facsimile: (213) 627-0705

           Amy Joseph Pedersen, OSB No. 853958
           amy.joseph.pedersen@stoel.com
           Kennon Scott, OSB No. 144280
           kennon.scott@stoel.com
           STOEL RIVES LLP
           760 SW Ninth Avenue, Suite 3000
           Portland, OR 97205
           Telephone: (503) 294-9408
           Facsimile: (503) 220-2480

           Attorneys for Defendant NIKE, INC.

Page 7 - DEFENDANT NIKE, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' NOTICE OF REMOTE DEPOSITION OF A NIKE CORPORATE WITNESS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

Goldstein Decl. Ex. 6, Page 9 of 26

**Byron Goldstein**



**EXHIBIT 597**
Shelli White
1/29/2021
Aleshia Macom - CSR

Counsel,

Subject to our objections, here is the list of topics for the Rule 30(b)(6) deposition on January 29, 2021:

- **Topic 5**: HQ executives' involvement, knowledge and responsibilities related to Performance Sharing Plan ("PSP") and Long Term Incentive Plan ("LTIP"); Executives knowledge regarding potential disparities between men and women in PSP and Equity/LTIP; Executives' involvement, knowledge, and responsibilities concerning the formation, review, or changing of policies and practices related to PSP and Equity/LTIP (2015 – present).
- **Topic 8**: Effect of performance evaluations and potential appraisals on PSP and Equity/LTIP (2015 – present).
- **Topic 12**: Calculations, factors, recommendations, supervision, responsibilities, authority, and determinations concerning the amount of, factors impacting, and eligibility for PSP payments for employees in Covered Positions; Related policies and practices; Who formed, reviewed, or changed such policies and practices, and how these policies and practices were formed, reviewed, or changed (2015 – present).
- **Topic 14**: Equity and LTIP awards, including eligibility, calculations, factors, recommendations, supervision, responsibilities, authority, and determinations; Related policies and practices; Who made recommendations and determinations regarding awards of equity or LTIP; Who formed, reviewed, or changed such policies and practices, and how these policies and practices were formed, reviewed, or changed (2015 – present).
- **Topic 16**: Compensation at promotion or lateral job transfer as it relates to PSP and Equity/LTIP (2015 – present).

Thanks,
Felicia

---



**Felicia A. Davis | Partner, Employment Law Department**
Paul Hastings LLP | 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071 | Direct: +1.213.683.6120 | Main: +1.213.683.6000 | Fax: +1.213.996.3120 | feliciadavis@paulhastings.com | www.paulhastings.com

**********************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

Goldstein Decl. Ex. 6, Page 10 of 26

**Byron Goldstein**

| | |
|---|---|
| **From:** | Prince, Daniel <danielprince@paulhastings.com> |
| **Sent:** | Thursday, February 4, 2021 9:08 PM |
| **To:** | Barry Goldstein; Byron Goldstein; Mengfei Sun; James Kan |
| **Cc:** | Davis, Felicia A.; Zabele, Laura; Jackson, Lindsey C. |
| **Subject:** | Nike/Cahill -- Proposed Deposition Topics for Global Investigations |

Barry, Byron, Mengfei & James:

Please see the proposed topics for the Rule 30(b)(6) deposition you requested of Global Investigations, scheduled for 9am on Thursday, 2/11.

Daniel

**Proposed Rule 30(b)(6) Depositions Topics re Global Investigations**

**Topic 1**:  With respect to Nike WHQ, the organizational structure of Nike's Global Investigations department (July 2015 – present).

**Topic 5**:  To the extent not privileged, Nike WHQ executives' involvement, knowledge, and responsibilities related to the general process of investigating workplace complaints by Global Investigations, if any; Nike WHQ executives' involvement, knowledge, and responsibilities concerning the formation, review, or changing of policies and practices related to the general process of investigating workplace complaints by Global Investigations, if any (July 2015 – present).

**Topic 11**:  The Global Relations system(s) used at Nike WHQ to track, analyze, or which contain documents related to workplace complaints (July 2015 – present).

**Topic 17**:  The responsibilities and authority of Nike's Global Investigations department at Nike WHQ related to workplace complaints (July 2015 – present).

**Topic 18**:  Workplace complaints investigated by Global Investigations of sex discrimination, harassment, and hostile work environment related to Nike WHQ executives, if any, to the extent such complaints involve compensation, promotion, or performance reviews that male colleagues received favorable treatment for the same work, or complaints of executives condoning discrimination; To the extent not privileged, investigations, recommendations and decisions related to such complaints; Related policies and practices used by Global Investigations; Who is involved in investigations, recommendations, and determinations and how they occurred, if any; Systems used to analyze or track such complaints by Global Investigations (July 2015 – present).

**Topic 21**:  Anti-discrimination policies and/or practices used by Global Investigations (July 2015 – present).

**Topics 29-30**:  Workplace complaints investigated by Global Investigations of sexual harassment/discrimination linked to policies of pay/promotions and job duties against Trevor Edwards, Daniel Tawiah, and David Ayre, or regarding actions these individuals may have taken to condone pay/promotion and job duty discrimination decisions of lower level managers, if any (July 2015 – present).

**EXHIBIT
629**
Kendra Pryce
2/11/2021
Aleshia Macom - CSR

*******************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

Goldstein Decl. Ex. 6, Page 12 of 26

# Byron Goldstein

**From:** Davis, Felicia A. <feliciadavis@paulhastings.com>
**Sent:** Thursday, March 11, 2021 12:21 AM
**To:** Byron Goldstein; Barry Goldstein; James Kan; Mengfei Sun
**Cc:** Prince, Daniel; Zabele, Laura; Jackson, Lindsey C.
**Subject:** Cahill v. Nike - Topics for March 16 and March 26 Rule 30(b)(6) Depositions

Counsel,

Below please find our proposed topics for the Rule 30(b)(6) depositions scheduled for March 16, 2021 and March 26, 2021.  Please let me know if you have any questions.

**March 16, 2021 (Performance evaluations and potential appraisals; non-competitive promotions / job transfers)**

**Topic 3**:  The assignment of employees to job codes through non-competitive promotions and/or job transfers, for the time period 2015 to present.

**Topic 4**:  The use of job descriptions in non-competitive promotions and/or job transfers, for the time period 2015 to present.

**Topic 5**:  Nike HQ executives' involvement, knowledge and responsibilities related to performance evaluations, potential appraisals, and non-competitive promotions and/or job transfers, if any; executives' knowledge regarding same, if any; executives' involvement, knowledge, and responsibilities concerning the formation, review, and/or changing of policies and practices related to same, if any; for the time period 2015 to present.

**Topic 8**:  Performance evaluations and potential appraisals, excluding (1) the effect of performance evaluations and potential appraisal ratings on employee compensation, (2) the effect of performance evaluations and potential appraisals on competitive promotions and/or job transfers, and (3) the effect of workplace complaints on performance evaluations and potential appraisal ratings, for the time period 2015 to present.

**Topic 11**:  General systems used to maintain data related to performance evaluations, potential appraisals, and non-competitive promotions and/or job transfers, for the time period 2015 to present.

**Topic 15**:  Nike's general guidelines and processes regarding non-competitive promotions and/or job transfers.

**Topic 17**:  The organizational structure, responsibilities, and authority of Nike's Human Resources Department at Nike WHQ related to performance evaluations, potential appraisals, and non-competitive promotions and/or job transfers, for the time period 2015 to present.

**Topic 21**:  To the extent not privileged, policies and practices regarding anti-discrimination in performance evaluations, potential appraisals, and non-competitive promotions and/or job transfers, for the time period 2015 to present.

**Topic 23**:  To the extent not privileged, "comparison of employees in Covered Positions with other HQ employees" relating to non-competitive promotions and/or job transfers, to the extent the witness understands this Topic, for the time period 2015 to present.

**Topic 26**:  The training of managers, directors, VPs and other employees with respect to making non-competitive promotion and/or job transfer decisions, for the time period 2015 to present.

**EXHIBIT**
**635**
Treasure Heinle
3/16/2021
Aleshia Macom - CSR

**Topic 26**:  The training of managers, directors, VPs and other employees with respect to performance evaluations and/or potential appraisals, for the time period 2015 to present.

**Topic 27**:  Nike's use of job analyses in establishing, modifying, or implementing policies and practices related to performance evaluations, potential appraisals, and non-competitive promotions and/or job transfers, for the time period 2015 to present.

**\*\*\***

**March 26, 2021 (Compensation at hire; competitive promotions / job transfers)**

**Topic 3**:  The assignment of employees to job codes at hire and through competitive promotions and/or job transfers, for the time period 2015 to present.

**Topic 4**:  The use of job descriptions to prepare job postings for open positions, for the time period 2015 to present.

**Topic 5**:  Nike HQ executives' involvement, knowledge and responsibilities related to competitive promotions and/or job transfers, if any; executives' knowledge regarding potential disparities between men and women in competitive promotions and/or job transfers, if any; executives' involvement, knowledge, and responsibilities concerning the formation, review, and/or changing of policies and practices related to competitive promotions and/or job transfers, if any; for the time period 2015 to present.

**Topic 7**:  Setting compensation at hire for employees in the Covered Positions, for the time period 2015 to present.

**Topic 7**:  Setting "Job Groupings" at hire for employees in the Covered Positions, to the extent the witness understands this Topic, for the time period 2015 to present.

**Topic 8**:  Effect of performance evaluations and potential appraisals on competitive promotions and/or job transfers, for the time period 2015 to present.

**Topic 9**:  Fair pay tool, for the period 2015 to present.

**Topic 10**:  Setting and modifying salaries and lump sum payments for Covered Positions at hire; policies and practices related to recommendations and determinations concerning salaries and lump sum payments for Covered Positions at hire; the individuals who make determinations regarding salaries and lump sum payments for Covered Positions at hire, for the time period 2015 to present.

**Topic 11**:  General systems used to maintain data related to competitive promotions and/or job transfers, for the time period 2015 to present.

**Topic 15**:  Competitive promotions and/or job transfers.

**Topic 17**:  The organizational structure, responsibilities, and authority of Nike's Human Resources Department at Nike WHQ related to competitive promotions and/or job transfers, for the time period 2015 to present.

**Topic 21**:  To the extent not privileged, policies and practices regarding anti-discrimination in competitive promotions and/or job transfers, for the time period 2015 to present.

**Topic 23**:  To the extent not privileged, "comparison of employees in Covered Positions with other HQ employees" relating to competitive promotions and/or job transfers, to the extent the witness understands this Topic, for the time period 2015 to present.

Goldstein Decl. Ex. 6, Page 14 of 26

**Topic 26**:  The training of managers, directors, VPs and other employees with respect to making compensation at hire, competitive promotion and/or job transfer decisions, for the time period 2015 to present.

**Topic 27**:  Nike's use of job analyses in establishing, modifying, or implementing competitive promotion and/or job transfer policies and practices, for the time period 2015 to present.

**Felicia A. Davis** | **Partner, Employment Law Department**
Paul Hastings LLP | 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071 | Direct: +1.213.683.6120 | Main: +1.213.683.6000 | Fax: +1.213.996.3120 | feliciadavis@paulhastings.com | www.paulhastings.com

*********************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

AMY JOSEPH PEDERSEN, OSB No. 853958
amy.joseph.pedersen@stoel.com
KENNON SCOTT, OSB No. 144280
kennon.scott@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 300
Portland, OR  97205
Tel:  (503) 224-3380
Fax:  (503) 220-2480

Daniel Prince, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
Zach P. Hutton, Cal. SB#234737 (*pro hac vice*)
zachhutton@paulhastings.com
Felicia A. Davis, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
Tel:  (213) 683-6000
Fax:  (213) 627-0705

Attorneys for Defendant NIKE, INC.



EXHIBIT
652
Cory Gillespie
3/25/2021
Aleshia Macom - CSR

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, SARA JOHNSTON, LINDSAY ELIZABETH, and HEATHER HENDER, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NIKE, INC., an Oregon Corporation, <br><br> Defendant. | Case No.:  3:18-cv-01477-JR <br><br> **DEFENDANT NIKE, INC.'S OBJECTIONS TO PLAINTIFFS' NOTICE OF REMOTE DEPOSITION OF A NIKE CORPORATE WITNESS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)** |

Page 1    -    DEFENDANT NIKE, INC.'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' NOTICE OF REMOTE DEPOSITION OF A NIKE
CORPORATE WITNESS PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 30(b)(6)

**TO PLAINTIFFS KELLY CAHILL, SARA JOHNSTON, LINDSAY ELIZABETH, AND HEATHER HENDER, AND TO THEIR ATTORNEYS OF RECORD:**

Defendant Nike, Inc. ("Nike" or "Defendant") hereby objects and responds to Plaintiffs' Notice of Remote Deposition of a Nike Corporate Witness Pursuant To Federal Rule of Civil Procedure 30(b)(6) ("Plaintiffs' Notice"). The objections set forth below are not intended to be exhaustive, and Nike hereby incorporates by reference the objections raised in its Motion for Protective Order, filed with the Court on November 11, 2020.

## NIKE'S GENERAL OBJECTIONS TO PLAINTIFFS' NOTICE

1. Nike objects to Plaintiffs' Topics for Examination in their entirety to the extent that they call for testimony that is protected from disclosure by the attorney-client privilege and/or work product doctrine, and/or any other applicable privilege or immunity.

2. Nike objects to Plaintiffs' Topics for Examination in their entirety to the extent that they seek information that is not relevant to this litigation and not proportional to the needs of the case.

3. Nike objects to Plaintiffs' Topics for Examination in their entirety on the grounds that they are as overly broad as to time and scope because they seek information from outside the applicable statutory period(s).

4. Nike objects to the phrase "workplace complaints" on the grounds that it is vague and ambiguous. Nike further objects to the phrase "workplace complaints" on the grounds that it is unduly burdensome, oppressive and overly broad as to time because it refers to documents outside of the applicable statutory period(s). Nike further objects to the phrase "workplace complaints" on the grounds that it includes information that is not relevant to the subject matter of this litigation and is not proportional to the needs of the case. Nike further objects to the phrase "workplace complaints" to the extent that it includes information protected by the attorney-client privileged and/or attorney work product doctrine.

Page 2   -   DEFENDANT NIKE, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' NOTICE OF REMOTE DEPOSITION OF A NIKE CORPORATE WITNESS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

5. Nike objects to the phrase "potential appraisal" on the grounds that it is vague and ambiguous. Nike further objects to the phrase "potential appraisal" on the grounds that it assumes facts regarding Nike's business policies and procedures that have not been confirmed or denied by Nike and, as a result of which, may not be accurate or complete.

All General Objections are incorporated by reference into each Response as though set forth in full therein.

## NIKE'S OBJECTIONS TO PLAINTIFFS' DEFINITIONS

1. Nike objects to Plaintiffs' Definition of "Compensation," and to each and every Topic for Examination that incorporates this term, on the grounds that it is vague and ambiguous as to "transfer of money" and "other thing of value." Nike further objects to this Definition on the grounds that it assumes facts regarding Nike's business policies and procedures that have not been confirmed or denied by Nike and, as a result of which, may not be accurate or complete. Nike further objects to this Definition on the grounds that it includes "things of value" that are available to all employees, or which employees self-select, such that they cannot form the basis for a discrimination claim.

2. Nike objects to Plaintiffs' Definition of "Defendant," "Nike," "You," and "Your," and to each and every Request that incorporates these terms, to the extent that it requires Nike to respond on behalf of any person, entity, or organization other than Nike.

3. Nike objects to Plaintiffs' Definition of "Executives," and to each and every Request that incorporates this term, on the grounds that it is vague and ambiguous as to "other job title that is as or more or senior than" and "at the same or higher." Nike further objects to this Definition as overly broad to the extent that it includes employees outside of Plaintiffs' class or collective definitions, or purports to include independent contractors, temporary workers, or other individuals not employed by Nike. Nike further objects to this Definition on the grounds

Page 3 - DEFENDANT NIKE, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' NOTICE OF REMOTE DEPOSITION OF A NIKE CORPORATE WITNESS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

that it assumes facts regarding Nike's business policies and procedures that have not been confirmed or denied by Nike and, as a result of which, may not be accurate or complete.

4. Nike objects to Plaintiffs' Definition of "HQ," and to each and every Request that incorporates this term, to the extent it includes buildings other than "Nike Headquarters" as referenced in Plaintiffs' putative class definition.

5. Nike objects to Plaintiffs' Definition of "HR," and to each and every Request that incorporates this term, on the grounds that it is vague and ambiguous as to "business unit[s]," "business unit," "reports to," and "in charge of." Nike further objects to this Definition on the grounds that it assumes facts regarding Nike's business policies and procedures that have not been confirmed or denied by Nike and, as a result of which, may not be accurate or complete.

6. Nike objects to Plaintiffs' Definition of "Policies," and to each and every Request that incorporates this term, on the grounds that it is vague and ambiguous as to "policies, rules, directives, protocols, and procedures." Nike further objects to this Definition on the grounds that it assumes facts regarding Nike's business policies and procedures that have not been confirmed or denied by Nike and, as a result of which, may not be accurate or complete.

7. Nike objects to Plaintiffs' Definition of "Practices," and to each and every Request that incorporates this term, on the grounds that it is vague and ambiguous as to "systematic processes or established, recognized, habitual, customary, usual, regular, or prescribed practices for achieving certain ends." Nike further objects to this Definition on the grounds that it assumes facts regarding Nike's business policies and procedures that have not been confirmed or denied by Nike and, as a result of which, may not be accurate or complete.

## NIKE'S RESPONSES TO PLAINTIFFS' TOPICS FOR EXAMINATION

Subject to and without in any way waiving any of its objections, and to the extent it understands the Topics for Examination, Nike designates Alison Daugherty to testify as Nike's

Page 4  -  DEFENDANT NIKE, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' NOTICE OF REMOTE DEPOSITION OF A NIKE CORPORATE WITNESS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6) on the following Topics for Examination on March 25, 2021.

TOPIC NO. 1:

With respect to Nike WHQ, the organizational structure of Nike's Employee Relations department (July 2015 – February 2017).

TOPIC NO. 5:

To the extent not privileged, Nike WHQ executives' involvement, knowledge, and responsibilities related to the general process of investigating workplace complaints, if any; Nike WHQ executives' involvement, knowledge, and responsibilities concerning the formation, review, or changing of policies and practices related to the general process of investigating workplace complaints, if any (July 2015 – February 2017).

TOPIC NO. 8:

The effect of workplace complaints on performance evaluations and potential appraisal ratings, if any (July 2015 – February 2017).

TOPIC NO. 11:

The Employee Relations system(s) used at Nike WHQ to track, analyze, or which contain documents related to workplace complaints (July 2015 – February 2017).

TOPIC NO. 17:

The organizational structure, responsibilities, and authority of Nike's Employee Relations Department at Nike WHQ related to workplace complaints (July 2015 – February 2017).

Page 5    -    DEFENDANT NIKE, INC.'S OBJECTIONS AND RESPONSES TO
               PLAINTIFFS' NOTICE OF REMOTE DEPOSITION OF A NIKE
               CORPORATE WITNESS PURSUANT TO FEDERAL RULE OF CIVIL
               PROCEDURE 30(b)(6)

<u>TOPIC NO. 18</u>:

Workplace complaints of sex discrimination, harassment, and hostile work environment related to Nike WHQ executives, if any, to the extent such complaints involve compensation, promotion, or performance reviews that male colleagues received favorable treatment for the same work, or complaints of executives condoning discrimination; to the extent not privileged, investigations, recommendations and decisions related to such complaints; related policies and practices; who is involved in investigations, recommendations, and determinations and how they occurred, if any; and systems used to analyze or track such complaints (July 2015 – February 2017).

<u>TOPIC NO. 21</u>:

Anti-discrimination policies and/or practices used by Employee Relations (July 2015 – February 2017).

<u>TOPIC NOS. 29-30</u>:

Workplace complaints of sexual harassment/discrimination linked to policies of pay/promotions and job duties against Trevor Edwards, Daniel Tawiah, and David Ayre, or regarding actions these individuals may have taken to condone pay/promotion and job duty discrimination decisions of lower level managers, if any (July 2015 – February 2017).

Dated:  March 25, 2021                          Respectfully submitted,


/s/ Daniel Prince

Daniel Prince, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
Zach P. Hutton, Cal. SB#234737 (*pro hac vice*)
zachhutton@paulhastings.com
Felicia A. Davis, Cal. SB# 266523 (*pro hac vice*)

Page 6      -     DEFENDANT NIKE, INC.'S OBJECTIONS AND RESPONSES TO
                  PLAINTIFFS' NOTICE OF REMOTE DEPOSITION OF A NIKE
                  CORPORATE WITNESS PURSUANT TO FEDERAL RULE OF CIVIL
                  PROCEDURE 30(b)(6)

feliciadavis@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071-2228
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Amy Joseph Pedersen, OSB No. 853958
amy.joseph.pedersen@stoel.com
Kennon Scott, OSB No. 144280
kennon.scott@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  (503) 294-9408
Facsimile:  (503) 220-2480

Attorneys for Defendant NIKE, INC.

Page 7    -    DEFENDANT NIKE, INC.'S OBJECTIONS AND RESPONSES TO
               PLAINTIFFS' NOTICE OF REMOTE DEPOSITION OF A NIKE
               CORPORATE WITNESS PURSUANT TO FEDERAL RULE OF CIVIL
               PROCEDURE 30(b)(6)

| | | |
|---|---|---|
| **From:** | Davis, Felicia A. <feliciadavis@paulhastings.com> | |
| **Sent:** | Thursday, March 25, 2021 11:35 AM | |
| **To:** | Byron Goldstein; Barry Goldstein; James Kan; Mengfei Sun | |
| **Cc:** | Prince, Daniel; Zabele, Laura; Jackson, Lindsey C. | |
| **Subject:** | Cahill v. Nike - March 26 Rule 30(b)(6) Deposition | |



Counsel,

We have made a few changes to the topics for tomorrow's Rule 30(b)(6) deposition, specifically to Topics 5, and 10, and we have removed Topic 9. I look forward to seeing you tomorrow.

Felicia

**March 26, 2021 (Compensation at hire; competitive promotions / job transfers)**

**Topic 3**: The assignment of employees to job codes at hire and through competitive promotions and/or job transfers, for the time period 2015 to present.

**Topic 4**: The use of job descriptions to prepare job postings for open positions, for the time period 2015 to present.

**Topic 5**: Nike HQ executives' involvement, knowledge and responsibilities related to competitive promotions and/or job transfers, if any, for the time period 2015 to present.

**Topic 7**: Setting compensation at hire for employees in the Covered Positions, for the time period 2015 to present.

**Topic 7**: Setting "Job Groupings" at hire for employees in the Covered Positions, to the extent the witness understands this Topic, for the time period 2015 to present.

**Topic 8**: Effect of performance evaluations and potential appraisals on competitive promotions and/or job transfers, for the time period 2015 to present.

**Topic 10**: Nike's guidelines regarding the setting and modifying salaries and lump sum payments for Covered Positions at hire; policies and practices related to recommendations and determinations concerning salaries and lump sum payments for Covered Positions at hire; the individuals who make determinations regarding salaries and lump sum payments for Covered Positions at hire, for the time period 2015 to present.

**Topic 11**: General systems used to maintain data related to competitive promotions and/or job transfers, for the time period 2015 to present.

**Topic 15**: Competitive promotions and/or job transfers.

**Topic 17**: The organizational structure, responsibilities, and authority of Nike's Human Resources Department at Nike WHQ related to competitive promotions and/or job transfers, for the time period 2015 to present.

**Topic 21**: To the extent not privileged, policies and practices regarding anti-discrimination in competitive promotions and/or job transfers, for the time period 2015 to present.

**Topic 26**: The training of managers, directors, VPs and other employees with respect to making compensation at hire, competitive promotion and/or job transfer decisions, for the time period 2015 to present.

Goldstein Decl. Ex. 6, Page 23 of 26

**Topic 27**:  Nike's use of job analyses in establishing, modifying, or implementing competitive promotion and/or job transfer policies and practices, for the time period 2015 to present.

_____

**Felicia A. Davis** | **Partner, Employment Law Department**
Paul Hastings LLP | 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071 | Direct: +1.213.683.6120 | Main: +1.213.683.6000 | Fax: +1.213.996.3120 | feliciadavis@paulhastings.com | www.paulhastings.com

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

# Byron Goldstein

| | |
|---|---|
| **From:** | Davis, Felicia A. <feliciadavis@paulhastings.com> |
| **Sent:** | Friday, May 21, 2021 4:58 PM |
| **To:** | Barry Goldstein; Byron Goldstein; James Kan; Mengfei Sun |
| **Cc:** | Prince, Daniel; Zabele, Laura |
| **Subject:** | Cahill v. Nike - May 27, 2021 Rule 30(b)(6) Deposition |

Counsel,

The Rule 30(b)(6) deponent on Thursday, May 27, 2021, will be prepared to testify regarding the following topics:

- The high-level organizational structure at Nike WHQ from 2015-present. High-level organizational structure means the CEO and his direct reports (ELT).
- High-level changes that were made as a result of the two major reorganizations that occurred during the relevant time period (2015-present).

I hope you all have a great weekend.

Best Regards,
Felicia



**Felicia A. Davis | Partner, Employment Law Department**
Paul Hastings LLP | 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071
Direct: +1.213.683.6120 | Main: +1.213.683.6000 | Fax: +1.213.627.0705 | email
feliciadavis@paulhastings.com | www.paulhastings.com

*******************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.



EXHIBIT
**698**
Elizabeth Vales
5/27/2021
Aleshia Macom - CSR

Goldstein Decl. Ex. 6, Page 25 of 26

## James Kan

| | |
|---|---|
| **From:** | Davis, Felicia A. <feliciadavis@paulhastings.com> |
| **Sent:** | Tuesday, June 1, 2021 6:56 PM |
| **To:** | Barry Goldstein; Byron Goldstein; James Kan; Mengfei Sun |
| **Cc:** | Prince, Daniel; Zabele, Laura |
| **Subject:** | Cahill v. Nike - June 3, 2021 Rule 30(b)(6) Deposition |

Counsel,

As we have discussed, the witness on Thursday, June 3, 2021, will be prepared to testify regarding the data contained within Nike's Taleo system during the period 2015 to present.

Best regards,
Felicia



**Felicia A. Davis | Partner, Employment Law Department**
Paul Hastings LLP | 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071
Direct: +1.213.683.6120 | Main: +1.213.683.6000 | Fax: +1.213.627.0705 | email
feliciadavis@paulhastings.com | www.paulhastings.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

