**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Kathryn P. Roberts, OSB #064854**
KathrynRoberts@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085 | Fax: (503) 323-9105

**Laura L. Ho** (admitted *pro hac vice*)
lho@gbdhlegal.com
**Barry Goldstein, Of Counsel** (admitted *pro hac vice*)
bgoldstein@gbdhlegal.com
**James Kan** (admitted *pro hac vice*)
jkan@gbdhlegal.com
**Byron Goldstein** (admitted *pro hac vice*)
brgoldstein@gbdhlegal.com
**Katharine L. Fisher** (admitted *pro hac vice*)
kfisher@gbdhlegal.com
**Mengfei Sun** (admitted *pro hac vice*)
msun@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
Telephone: (510) 763-9800 | Fax: (510) 835-1417

Counsel for Plaintiffs, Opt-in Plaintiffs and Putative Class

[Additional Counsel of Record listed on the Signature page]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NIKE, INC., an Oregon Corporation,<br>Defendant. | Case No. 3:18-cv-01477-JR<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF OBJECTIONS TO FINDINGS AND RECOMMENDATIONS**<br><br>**EXPEDITED HEARING REQUESTED** |

## LR 7-1(a) CERTIFICATION

Pursuant to Local Rule 7-1(a), counsel for Named Plaintiffs Kelly Cahill, Sara Johnston, Lindsay Elizabeth, and Heather Hender ("Plaintiffs"), certify that they have conferred with defendant's counsel over the phone regarding the subject of this motion. Kan Decl. in Supp. of Pls' Mot. for Leave to File Reply in Supp. of Objs. to Findings and Recommendations ("Kan Decl.") ¶ 2, filed herewith. Nike opposes this motion.

## MOTION

Plaintiffs move for leave to file a 25-page reply, within two weeks of the order granting this motion, in support of their Objections to the Magistrate Judge's Findings and Recommendations on Plaintiffs' Motion for Class Certification ("Objections"). Plaintiffs request an expedited hearing on this motion for leave. Nike does not oppose Plaintiffs' request for an expedited hearing. Kan Decl. ¶ 2.

## MEMORANDUM OF LAW

Courts may consider replies in support of objections to a magistrate judge's findings and recommendations, particularly when a party first seeks leave of court to file a reply. *See e.g.,* *Jensen v. State Farm Fire & Cas. Co.*, No. 3:22-CV-486-JR, 2022 WL 17658223, at *1 n.1 (D. Or. Aug. 1, 2022) (permitting Plaintiff's reply in support of objections to findings and recommendations without first obtaining leave from the court and sustaining plaintiff's objections).

Here, Plaintiffs request leave of court to file a reply in support of their Objections to the Findings and Recommendations ("F&R") for two reasons.

First, because Plaintiffs have the burden on their Motion for Class Certification and Nike's Response, ECF No. 328, contains misstatements of the record and the law, Plaintiffs seek a Reply to clarify the record. On a motion on class certification, Plaintiffs have the burden of

showing the elements of Rule 23. *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 275–76 (2014) (plaintiffs "must actually prove—not simply plead—that their proposed class satisfies each requirement of Rule 23, including (if applicable) the predominance requirement of Rule 23(b)(3)," and must carry their burden of proof "before class certification.").

In its Response, Nike makes several misstatements of the record and the law. Regarding misstatements of fact, for example, in the first paragraph of its Response, Nike represents that a Named Plaintiff, Kelly Cahill, testified she made "starting pay decisions …." ECF No. 328 at 8 (citing ECF No. 187-2 at 104-113, Cahill Tr. 236:18- 245:13). In the testimony Nike cites, however, Cahill never testified she made decisions on starting pay; Cahill testified she made a "recommendation," which "would have been what HR would have given me as that recommendation" and when Cahill was asked if anyone else needed to approve the compensation, she testified, "yes. Danny [a business leader] would have to approve, and Tyler [an HRBP] and H.R. would have had to approve …." ECF No. 187-2 at 108-109, Cahill Tr. 240:1-241:18.

Regarding misstatements of law, for example, Nike mischaracterizes Title VII and a Supreme Court decision in responding to Plaintiffs' challenge to Nike's hiring process. Title VII provides that a disparate impact claim can either challenge "a particular employment practice" or, if "the elements of a respondent's decision-making process are not capable of separation for analysis, the decision-making process may be analyzed as one employment practice." 42 U.S.C. § 2000e-2(k)(1)(B)(i). Plaintiffs argue Nike's hiring process is not capable of separation for analysis. ECF No. 322 at 34. In Response, relying on *Meacham v. Knolls Atomic Power Lab'y*, 554 U.S. 84, 100-101 (2008), Nike argues a Title VII disparate impact challenge must always identify a specific practice. ECF No. 328 at 29. This is not only contrary to the plain language

of Title VII but also not the holding of *Meacham*, which concerned the Age Discrimination in Employment Act ("ADEA"), not Title VII, and noted "disparate-impact liability … was narrower in ADEA cases than under Title VII." 554 U.S. at 98.

Second, Nike's Response makes several arguments and relies on evidence not included in the F&R and thus not addressed in Plaintiffs' Objections. For example, Nike makes arguments and cites evidence concerning one of Plaintiffs' experts, Dr. Kathleen Lundquist, not addressed in the F&R (*see* ECF No. 328 at 43-44), certain evidence specific to Plaintiffs (*see, e.g.* ECF No. 328 at 8, 53, 54), and argues that Plaintiffs have not met the Rule 72(b) objection standards (*see* ECF No. 328 at 9-10).

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file a reply in support of their Objections no longer than 25 pages in length and due within fourteen days of an order granting leave, and do so on an expedited basis.

Dated: January 31, 2023

Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

 /s/James Kan
Laura L. Ho (admitted *pro hac vice*)
Barry Goldstein, Of Counsel (admitted *pro hac vice*)
James Kan (admitted *pro hac vice*)
Byron Goldstein (admitted *pro hac vice*)
Katharine L. Fisher (admitted *pro hac vice*)
Mengfei Sun (admitted *pro hac vice*)

MARKOWITZ HERBOLD PC
Laura Salerno Owens, OSB #076230
David B. Markowitz, OSB #742046
Harry B. Wilson, OSB #077214
Kathryn P. Roberts, OSB #064854

ACKERMANN & TILAJEF PC
Craig Ackerman (admitted *pro hac vice*)
cja@ackermanntilajef.com
1180 S Beverly Drive, Suite 610

        Los Angeles, CA 90035
        Tel:  (310) 277-0614
        Fax:  (310) 277-0635

        INDIA LIN BODIEN LAW
        India Lin Bodien (admitted *pro hac vice*)
        india@indialinbodienlaw.com
        2522 North Proctor Street, #387
        Tacoma, WA 98406-5338
        Tel:  (253) 503-1672
        Fax:  (253) 276-0081

        Of Attorneys for Plaintiffs and Opt-In Plaintiffs