Timothy Volpert
OR Bar No. 814074
tim@timvolpertlaw.com
TIM VOLPERT, P.C.
3934 SE Hawthorne Blvd. Suite 343
Portland, OR 97214
(503) 703-9054

Lisa Zycherman*
lzycherman@rcfp.org
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
(202) 795-9300
*Admitted *pro hac vice*

*Counsel for Media Intervenors*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>Defendant. | Case No. 3:18-cv-01477-JR<br><br>REPLY IN SUPPORT OF RENEWED MOTION OF NON-PARTY MEDIA ORGANIZATIONS INSIDER, INC. *d/b/a BUSINESS INSIDER*, ADVANCE LOCAL MEDIA LLC *d/b/a OREGONIAN MEDIA GROUP*, AND AMERICAN CITY BUSINESS JOURNALS, INC. *d/b/a PORTLAND BUSINESS JOURNAL* TO UNSEAL JUDICIAL RECORDS |

**REPLY IN SUPPORT OF RENEWED MOTION TO UNSEAL JUDICIAL RECORDS**
**- Page i -**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iii

I. INTRODUCTION ..................................................................................................... 1

II. ARGUMENT ............................................................................................................. 2

    A. Nike Must Demonstrate "Compelling Reasons" to Seal Judicial Records Filed in Support of Class Certification. ....................................................................... 2

    B. Nike Bears the Burden to Show Compelling Reasons to Justify Continued Sealing. ........................................................................................................... 3

    C. Nike's Claims of Potential Embarrassment and Reputational Harm Are Insufficient to Justify Sealing Under Either the "Compelling Reasons" or "Good Cause" Standard. ........................................................................................... 6

    D. Nike's Arguments About Media Intervenors' Purported Motives Are Irrelevant. ........... 9

III. CONCLUSION ....................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**

*Adtrader, Inc. v. Google LLC*,
   No. 17-CV-07082-BLF, 2020 WL 6391210 (N.D. Cal. Mar. 24, 2020) .................................3

*Bracken v. Fla. League of Cities*,
   No. 19-CV-00602-CL, 2019 WL 1867921 (D. Or. Apr. 24, 2019) .............................................7

*Buchanan v. Homeservices Lending LLC*,
   No. 11-CV-0922, 2012 WL 5505775 (S.D. Cal. Nov. 13, 2012)................................................2

*CBS, Inc. v. Democratic Nat'l Comm.*,
   412 U.S. 94 (1973) ...................................................................................................................10

*Ctr. for Auto Safety v. Chrysler Grp., LLC*,
   809 F.3d 1092 (9th Cir. 2016)............................................................................................1, 2, 3

*Davis v. Soc. Serv. Coordinators, Inc.*,
   No. 10-CV-02372-SKO, 2012 WL 2376217 (E.D. Cal. June 22, 2012)....................................2

*Delplanche v. Window Prods., Inc.*,
   No. 16-CV-02319-AA, 2021 WL 1425320 (D. Or. Apr. 15, 2021),
   *appeal dismissed*, No. 21-35361, 2021 WL 5237292 (9th Cir. July 19, 2021).........................7

*Doe v. Pub. Citizen*,
   749 F.3d 246 (4th Cir. 2014) ...................................................................................................10

*Dugan v. Lloyds TSB Bank, PLC*,
   No. 12-CV-02549-WHA, 2013 WL 1435223 (N.D. Cal. Apr. 9, 2013)....................................2

*F.T.C. v. AbbVie Prods. LLC*,
   713 F.3d 54 (11th Cir. 2013).....................................................................................................4

*Fodera v. Equinox Holdings, Inc.*,
   341 F.R.D. 616 (N.D. Cal. 2022) ..............................................................................................3

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
   331 F.3d 1122 (9th Cir. 2003)................................................................................................4, 5

*In re Coordinated Pretrial Proceedings in Petrol. Prods. Antitrust Litig.*,
   101 F.R.D. 34 (C.D. Cal. 1984)...............................................................................................10

*In re McClatchy Newspapers, Inc.*,
   288 F.3d 369 (9th Cir. 2002)....................................................................................................11

**REPLY IN SUPPORT OF RENEWED MOTION TO UNSEAL JUDICIAL RECORDS
- Page iii -**

*In re NCAA Student-Athlete Name & Likeness Licensing Litig.*,
 No. 09-CV-01967-CW, 2012 WL 5395039 (N.D. Cal. Nov. 5, 2012) ...................................... 2

*In re Roman Cath. Archbishop of Portland*,
 661 F.3d 417 (9th Cir. 2011) .................................................................................................. 8

*In re High-Tech Emp. Antitrust Litig.*,
 No. 11-CV-02509-LHK, 2013 WL 163779 (N.D. Cal. Jan. 15, 2013) ..................................... 2

*Johnson v. Coos Cnty.*,
 No. 19-CV-01883-AA, 2023 WL 3994287 (D. Or. June 14, 2023) .......................................... 7

*Kamakana v. City & Cnty. of Honolulu*,
 447 F.3d 1172 (9th Cir. 2006) ..................................................................................... 4, 5, 6, 7

*Miami Herald Publ'g Co. v. Tornillo*,
 418 U.S. 241 (1974) .............................................................................................................. 10

*Oliner v. Kontrabecki*,
 745 F.3d 1024 (9th Cir. 2014) ................................................................................................ 7

*Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,
 307 F.3d 1206 (9th Cir. 2002) ................................................................................................ 4

*Polaris Innovations Ltd. v. Kingston Tech. Co.*,
 No. 16-CV-00300-CJC, 2017 WL 2806897 (C.D. Cal. Mar. 30, 2017) .................................. 5

*Price v. Equilon Enters. LLC*,
 No. 11-CV-1553-JCC, 2012 WL 12846100 (W.D. Wash. Nov. 20, 2012) .............................. 8

*Reflex Media, Inc. v. Doe No. 1*,
 No. 18-CV-02423-BNW, 2022 WL 2985938 (D. Nev. July 28, 2022) .................................... 8

*Rich v. Hewlett-Packard Co.*,
 No. 06-CV-03361-JF, 2009 WL 2168688 (N.D. Cal. July 20, 2009) ...................................... 2

*Romero v. Cnty. of Santa Clara*,
 No. 11-CV-04812-WHO, 2014 WL 12641990 (N.D. Cal. June 17, 2014) .............................. 8

*Sentynl Therapeutics, Inc. v. U.S. Specialty Ins. Co.*,
 No. 19-CV-1667-LAB, 2021 WL 794271 (S.D. Cal. Mar. 1, 2021) ........................................ 8

*Skky, LLC v. Facebook, Inc.*,
 191 F. Supp. 3d 977 (D. Minn. 2016) ..................................................................................... 5

*United States v. Amodeo*,
 71 F.3d 1044 (2d Cir. 1995) .............................................................................................. 9, 10

**REPLY IN SUPPORT OF RENEWED MOTION TO UNSEAL JUDICIAL RECORDS
- Page iv -**

*United States v. Mayers*,
   No. 16-CR-0258-JCC, 2017 WL 2215805 (W.D. Wash. May 19, 2017) ................................. 8

*Vietnam Veterans of Am. v. C.I.A.*,
   No. 09-CV-0037-CW, 2012 WL 1094360 (N.D. Cal. Mar. 29, 2012) ...................................... 2

*Waldrup v. Countrywide Fin. Corp.*,
   No. 13-CV-08833-CAS, 2018 WL 4586188 (C.D. Cal. Sept. 17, 2018) ................................. 10

*Whitecryption Corp. v. Arxan Techs., Inc.*,
   No. 15-CV-00754-WHO, 2016 WL 7852471 (N.D. Cal. Mar. 9, 2016) .................................... 5

Non-party media organizations Insider, Inc. *d/b/a Business Insider*, Advance Local Media LLC *d/b/a Oregonian Media Group*, and American City Business Journals, Inc. *d/b/a Portland Business Journal* (collectively, the "Media Intervenors") respectfully submit this reply in support of their renewed motion seeking a court order requiring the parties to file unredacted versions of seven judicial records filed in support of Plaintiffs' Motion for Class Certification.

I.   **INTRODUCTION**

Nike's opposition to Media Intervenors' Renewed Motion to Unseal seeks to invert the presumptive right of access and misapplies the applicable standard for sealing judicial records filed in connection with a motion for class certification in the Ninth Circuit. Media Intervenors' Renewed Motion should be granted for the following reasons. ***First***, Nike must meet the stringent "compelling reasons" standard to seal the records at issue. All the cases cited by Nike in support of the less stringent "good cause" standard pre-date the Ninth Circuit's 2016 decision in *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016), which clarified the sealing standard for class certification records. ***Second***, while Nike would have this Court continue to redact the names of all employees identified in workplace misconduct complaints, concerns about potential embarrassment or reputational harm are insufficient to meet the "compelling reasons" standard, especially given the strong public interest in this proceeding, which will determine whether one of the country's most prominent public companies is properly handling claims of sexual harassment and misconduct. ***Third***, Nike's generalized assertions and conclusory claims of potential harm fail to meet its burden to maintain secrecy. ***Finally***, Nike's attacks on what it claims are Media Intervenors' motives for seeking to unseal judicial records in this case are improper and irrelevant; Nike's desire to control news media coverage of this matter is not determinative of the public's right of access and its arguments to that end must be rejected.

**REPLY IN SUPPORT OF RENEWED MOTION TO UNSEAL JUDICIAL RECORDS
- Page 1 -**

## II.   ARGUMENT

### A. Nike Must Demonstrate "Compelling Reasons" to Seal Judicial Records Filed in Support of Class Certification.

After filing thousands of pages of judicial records under seal pursuant only to a stipulated protective order, Nike continues to resist meeting the Ninth Circuit's "compelling reasons" standard to justify sealing of judicial records submitted in support of class certification. Instead, Nike claims that it need only demonstrate "good cause"—a standard governing the exchange of materials in discovery, not the sealing of judicial records filed in connection with a dispositive motion. Opp'n 5. However, *every* case Nike cites in support of its position was issued *before* the Ninth Circuit's decision in *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016), which clarified application of the "compelling reasons" standard in the class certification context. Consequently, Nike's survey of the caselaw, Opp'n 6–7,[1] elides the Ninth Circuit's unambiguous—and, here, dispositive—direction that where motions and accompanying materials are "more than tangentially related to the merits of a case"—including, specifically, at the class certification stage—a party must demonstrate "compelling reasons," rather than merely "good cause," to seal them from public view. *Ctr. for Auto Safety*, 809 F.3d at 1101 (reversing district court order applying "good cause" standard to deny motion to unseal records filed in connection with motion for preliminary injunction to require defendant vehicle manufacturer to

---

[1] Citing *Dugan v. Lloyds TSB Bank, PLC*, No. 12-CV-02549-WHA, 2013 WL 1435223, at *1 (N.D. Cal. Apr. 9, 2013); *In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-02509-LHK, 2013 WL 163779, at *2 n.1 (N.D. Cal. Jan. 15, 2013); *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. 09-CV-01967-CW, 2012 WL 5395039, at *1–2 (N.D. Cal. Nov. 5, 2012); *Vietnam Veterans of Am. v. C.I.A.*, No. 09-CV-0037-CW, 2012 WL 1094360, at *1–2 (N.D. Cal. Mar. 29, 2012); *Buchanan v. Homeservices Lending LLC*, No. 11-CV-0922, 2012 WL 5505775, at *2 (S.D. Cal. Nov. 13, 2012); *Davis v. Soc. Serv. Coordinators, Inc.*, No. 10-CV-02372-SKO, 2012 WL 2376217, at *1 (E.D. Cal. June 22, 2012); *Rich v. Hewlett-Packard Co.*, No. 06-CV-03361-JF, 2009 WL 2168688, at *1 (N.D. Cal. July 20, 2009).

**REPLY IN SUPPORT OF RENEWED MOTION TO UNSEAL JUDICIAL RECORDS
- Page 2 -**

notify proposed class of alleged risks presented by its vehicles); *id*. ("Consistent with our precedent, we make clear that public access to filed motions and their attachments does not merely depend on whether the motion is technically 'dispositive.'"). More recent decisions confirm that "[c]ourts within this circuit apply the compelling reasons standard to motions to seal documents relating to class certification." *Fodera v. Equinox Holdings, Inc.*, 341 F.R.D. 616, 634 (N.D. Cal. 2022); *see Adtrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020) (collecting cases). Simply put, the law of this Circuit is clear: Nike must satisfy that more stringent standard.

Plaintiffs' Motion for Class Certification was plainly "more than tangentially related to the merits of [the] case." *Ctr. for Auto Safety*, 809 F.3d at 1101. As noted in Media Intervenors' Renewed Motion, the Findings and Recommendation adopted by this Court on class certification specifically addressed the merits of Plaintiffs' underlying claim. ECF No. 310 at 44–50 (analyzing Plaintiffs' disparate impact claims), 50–53 (analyzing Plaintiffs' disparate treatment claims), 53–54 (analyzing Plaintiffs' Oregon Equal Pay Act claim), 54–55 (analyzing the typicality and adequacy requirements of Rule 23). This analysis was based on an assessment of voluminous evidence submitted by both parties. The Court's decision whether to certify a class is critical to the litigation and it necessarily follows that the public in general (including potential class members) should have access to filings relating to that certification decision. Accordingly, Nike must demonstrate "compelling reasons" to maintain under seal key information from judicial records Plaintiffs submitted in support of their class certification motion.

**B.  Nike Bears the Burden to Show Compelling Reasons to Justify Continued Sealing.**

Nike improperly attempts to shift its burden to Media Intervenors, Opp'n 11, but the burden to show compelling reasons that support sealing remains entirely with Nike. In this case, other than an agreement of the parties—which has now ended—no specific justification was put forward

**REPLY IN SUPPORT OF RENEWED MOTION TO UNSEAL JUDICIAL RECORDS - Page 3 -**

by either party for redacting the names of Nike complainants, witnesses, and accused harassers.[2] And, now, absent that agreement, Nike offers no further justification to continue sealing those names other than the unsupported claim that one or more persons involved might be embarrassed by disclosure. However, as detailed below, embarrassment is not good cause—let alone a compelling reason—for entry of a sealing order or closure order of any kind. *See infra* Section II.C. And, fundamentally, Nike's arguments fall far short of the showing necessary to meet its burden under Ninth Circuit law.

To fulfill the demanding "compelling reasons" standard, a party seeking sealing must show compelling reasons supported by specific factual findings that outweigh the historic presumption and public interest in favor of openness. *Kamakana*, 447 F.3d at 1178–79. This showing is particularized to **each** document or portion of a document the party seeks to seal. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138–39 (9th Cir. 2003). The burden remains on Nike even under the "good cause" standard, which requires the party seeking to shield documents (or portions of documents) to show that specific prejudice or harm will result from public disclosure. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 & n.1 (9th Cir. 2002). And, again, that burden must be met with respect to "each particular document [the party] seeks to protect." *Foltz*, 331 F.3d at 1130–31. This showing must be made through "specific

---

[2] Nike argues that the redacted information in filings in support of Plaintiffs' Motion for Class Certification is not of sufficient importance because "these peoples' identities did not form the bases or explanations for the court's decision." Opp'n 12 (citation and internal quotation marks omitted). In essence, Nike argues for a presumptive right of **closure** until a court determines that information contained in court filings was critical or necessary to its ultimate decision. That is not the law. The Ninth Circuit has been explicit: the presumptive right of access "applies fully" to judicial records—not just those parts of a court record later deemed relevant to the issues before the court. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *see also F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 64 (11th Cir. 2013) ("This is a simple rule to apply and does not involve locating the [judicial record] on a continuum by determining the actual role the document played—by, for instance, counting the number of times the district court cited it[.]").

**REPLY IN SUPPORT OF RENEWED MOTION TO UNSEAL JUDICIAL RECORDS
- Page 4 -**

demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm." *Id.* (citation omitted).

Here, Nike has not identified any particularized harm, supported by any facts or evidence, that would result from the disclosure of the names of Nike employees involved in its internal workplace misconduct investigations. Moreover, even if Nike could identify some non-speculative, particularized harm (which it has not done), it would be outweighed by the substantial public interest in this case. Besides broad claims of potential embarrassment and reputational harm, Nike offers no factual support whatsoever for its contention that the court records at issue must continue to be redacted. To the contrary, Nike relies exclusively on broad generalizations about the value of confidentiality and unfounded speculation about the impact of disclosure, Opp'n 9–11. Indeed, it does not offer *any* evidence to show that unsealing any particular employee's name will cause any *specific* harm.

Nike's "generalized rationales" and vague speculation are not an adequate substitute for the factual demonstration of specific harm required to seal court records. *Whitecryption Corp. v. Arxan Techs., Inc.*, No. 15-CV-00754-WHO, 2016 WL 7852471, at *2 (N.D. Cal. Mar. 9, 2016). "[A]ssertions about possible harm" that are so vague "that there is no meaningful way to realistically gauge how"—or even whether—"disclosure would" actually be harmful are insufficient to seal court records. *Polaris Innovations Ltd. v. Kingston Tech. Co.*, No. 16-CV-00300-CJC, 2017 WL 2806897, at *6 (C.D. Cal. Mar. 30, 2017). And courts have repeatedly rejected attempts to seal court records based on such assertions. *See, e.g.*, *Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d 977, 980–81 (D. Minn. 2016) ("If Defendants have a factual basis for requiring this information to be sealed, it is Defendants' duty to present that basis; the Court will not speculate based on broad, unsupported attorney advocacy."); *Kamakana*, 447 F.3d at 1182

**REPLY IN SUPPORT OF RENEWED MOTION TO UNSEAL JUDICIAL RECORDS - Page 5 -**

(refusing to seal court records based on "conclusory statements" that the documents "are confidential and that, in general, their production would . . . hinder [a police department's] future operations with other agencies, endanger informants' lives, and cast [police] officers in a false light").

### C. Nike's Claims of Potential Embarrassment and Reputational Harm Are Insufficient to Justify Sealing Under Either the "Compelling Reasons" or "Good Cause" Standard.

Nike's primary argument for continued sealing is that revealing the names of Nike employees who complained of, witnessed, or were accused of workplace misconduct would embarrass those unnamed individuals and potentially harm their reputations. Opp'n 8. Specifically—and ignoring all other considerations, including the public's interest in access—Nike argues that there is good cause (and even compelling reason) to continue to redact the records at issue because unsealing would result in "embarrassing and shaming" people "solely to appeal to [Media Intervenors'] (or the public's) prurient interests." *Id*. Nike's arguments must fail.

Whereas Federal Rule of Civil Procedure 26(c) authorizes courts to issue protective orders to shield "a party or person from annoyance, embarrassment, oppression, or undue burden or expense" in the discovery context, "[d]ifferent interests are at stake with the right of access [to court records] than with Rule 26(c)." *Kamakana*, 447 F.3d at 1180. Indeed, even when a party has identified "compelling reasons," a court must then "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id*. at 1179 (citations and internal quotation marks omitted). In general, compelling reasons that could outweigh the public's interest in access and justify sealing court records are rare, found only when the information sought to be sealed could be used for some palpably improper purpose. *Id*.

Here, in contrast, Nike's conclusory argument casts a single, narrow factor in the good cause analysis—whether "specific prejudice or harm will result" if information is unsealed, Opp'n

**REPLY IN SUPPORT OF RENEWED MOTION TO UNSEAL JUDICIAL RECORDS - Page 6 -**

6—as a wholesale exception for anything that might be embarrassing or unfavorable. Nike's broad claims of potential embarrassment are insufficient under either the "compelling reasons" or the "good cause" standard. Federal courts consistently find assertions that information might be embarrassing, incriminating, or reputation-damaging insufficient to overcome the presumption of access. *Kamakana*, 447 F.3d at 1179 (applying compelling reasons standard and holding "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records"); *Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014) (applying compelling reasons standard and holding "to avoid embarrassment or annoyance to [debtor] and to prevent an undue burden on his professional endeavors [] are not 'compelling'"); *Delplanche v. Window Prods., Inc.*, No. 16-CV-02319-AA, 2021 WL 1425320, at *2 (D. Or. Apr. 15, 2021), *appeal dismissed*, No. 21-35361, 2021 WL 5237292 (9th Cir. July 19, 2021) ("potential employers' knowledge of . . . lawsuit" which "has caused them to ask difficult questions during interviews and made it hard for [litigant] to find work does not meet the 'compelling reasons' standard"); *Bracken v. Fla. League of Cities*, No. 19-CV-00602-CL, 2019 WL 1867921, at *4 (D. Or. Apr. 24, 2019) ("The desire for privacy is not a compelling reason sufficient to outweigh the public's interest in disclosure."); *Johnson v. Coos Cnty.*, No. 19-CV-01883-AA, 2023 WL 3994287, at *3 (D. Or. June 14, 2023) (applying "good cause" standard and finding that while litigants had "a privacy interest at stake and the disclosure of the challenged exhibits may be embarrassing to them, these considerations are substantially outweighed by the remaining factors," including the public interest in disclosure).

Nike argues that some of the redacted witness names were provided in a confidential process (although no evidence has been proffered to support that claim) and that third parties should not be subjected to potential embarrassment or reputational harm, Opp'n 9. But the

**REPLY IN SUPPORT OF RENEWED MOTION TO UNSEAL JUDICIAL RECORDS - Page 7 -**

applicable standard applies equally to party litigants and non-parties. The Ninth Circuit has explicitly rejected the suggestion that it "develop a new rule governing the disclosure of discovery material containing confidential information about third parties." *In re Roman Cath. Archbishop of Portland*, 661 F.3d 417, 425–26 (9th Cir. 2011); *see also Price v. Equilon Enters. LLC*, No. 11-CV-1553-JCC, 2012 WL 12846100, at *1 (W.D. Wash. Nov. 20, 2012) (finding even under the good cause standard that the public has an interest and right to know the identity of the non-party whose actions go directly to plaintiffs' claims). Indeed, this discrimination lawsuit is against Nike, which acts through its employees, including those identified in the records at issue.[3]

In addition to offering only insufficient, conclusory arguments to support closure, Nike also radically underplays the public interest in the identities of key witnesses. Nike acknowledges "[t]he public's claimed interest in learning who may have been involved in purported wrongdoing," but argues that interest is "outweighed" by the "intrusion" on individuals' "privacy rights." Opp'n 3. The public interest here goes well beyond that. Despite Nike's inverted understanding of the presumption, the information it contends should remain sealed—*i.e.*, the identities of Nike employees who alleged serious misconduct occurred at the company or who were accused of serious misconduct—is relevant to the adjudication of the substantive rights of the parties. Here, the Court reviewed the redacted information to reach a determination on

---

[3] None of the cases Nike cites is actually supportive of its argument for sealing individual names to avoid potential "harassment," Opp'n 10, as they either involved the incorrect sealing standard, *Reflex Media, Inc. v. Doe No. 1*, No. 18-CV-02423-BNW, 2022 WL 2985938, at *1 (D. Nev. July 28, 2022) (applying the "good cause" standard); criminal allegations or proceedings, *Sentynl Therapeutics, Inc. v. U.S. Specialty Ins. Co.*, No. 19-CV-1667-LAB, 2021 WL 794271, at *3 (S.D. Cal. Mar. 1, 2021) (the sealing of "non-parties' personal identifying information . . . [b]ecause that information connects the individuals to a criminal investigation of a high-profile issue"), *United States v. Mayers*, No. 16-CR-0258-JCC, 2017 WL 2215805, at *2 (W.D. Wash. May 19, 2017); or the denial of a motion to seal, *Romero v. Cnty. of Santa Clara*, No. 11-CV-04812-WHO, 2014 WL 12641990, at *2–3 (N.D. Cal. June 17, 2014).

**REPLY IN SUPPORT OF RENEWED MOTION TO UNSEAL JUDICIAL RECORDS - Page 8 -**

Plaintiffs' Motion for Class Certification and the public is entitled to know the factual basis for this Court's legal determinations. Specifically, the public is entitled to know what evidence the Court deemed credible, what evidence carried weight, and what evidence did not.

Media Intervenors seek access to the redacted information in furtherance of reporting on this important litigation. This legitimate purpose does not promote public scandal, but instead fosters public understanding of these proceedings. While Nike may prefer to litigate in private—as its extensive sealed filings before intervention make clear—the public interest in access to the sealed information is especially weighty here and more than enough to overcome any interest in secrecy. On balance, Nike's claimed interest in precluding the public disclosure of Nike employees who claimed or were accused of misconduct does not overcome the public's right of access to the parties' class certification briefing in this case.

### D. Nike's Arguments About Media Intervenors' Purported Motives Are Irrelevant.

Nike chastises Media Intervenors for supposedly "attempt[ing] to create a media circus," Opp'n 1, and seeking access only to "satisfy [their] (and Plaintiffs') 'morbid craving for that which is sensational and impure,'" *id*. at 3 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995)). In addition to being baseless, Nike's ad hominem attack on Media Intervenors' purported motives ignores the fact that, as even the decision Nike relies upon underscores, neither Media Intervenors' nor Plaintiffs' motives are relevant:

> Although the presumption of access is based on the need for the public monitoring of federal courts, those who seek access to particular information may want it for entirely different reasons. However, *we believe motive generally to be irrelevant to defining the weight accorded the presumption of access.* It is true that journalists may seek access to judicial documents for reasons unrelated to the monitoring of Article III functions. Nevertheless, *assessing the motives of journalists risks self-serving judicial decisions tipping in favor of secrecy.* Where access is for the purpose of reporting news, moreover, those interested in

**REPLY IN SUPPORT OF RENEWED MOTION TO UNSEAL JUDICIAL RECORDS - Page 9 -**

> monitoring the courts may well learn of, and use, the information whatever the motive of the reporting journalist.

*Amodeo*, 71 F.3d at 1050 (emphasis supplied); *see also Waldrup v. Countrywide Fin. Corp.*, No. 13-CV-08833-CAS, 2018 WL 4586188, at *3 (C.D. Cal. Sept. 17, 2018).

Courts have dismissed such motive-based arguments for good reason: it is not Nike's (or this Court's) role to impose its views as to the editorial prerogatives of press movants. *See CBS, Inc. v. Democratic Nat'l Comm.*, 412 U.S. 94, 124–25 (1973) ("For better or worse, editing is what editors are for; and editing is selection and choice of material."); *Miami Herald Publ'g Co. v. Tornillo*, 418 U.S. 241, 258 (1974) ("The choice of material to go into a newspaper . . . and treatment of public issues . . . —whether fair or unfair—constitute the exercise of editorial control and judgment. It has yet to be demonstrated how governmental regulation of this crucial process can be exercised consistent with First Amendment guarantees of a free press as they have evolved to this time."). Consistent with the First Amendment and common law access principles set forth in Media Intervenors' Renewed Motion to Unseal, the decision of how to report on the matters Nike seeks to withhold from the public must be made by editors, and not by courts (or Nike).

Nike's hyperbolic criticism of supposedly "'sensational and impure' headlines" it claims Media Intervenors "have used to grab attention for more than four years," Opp'n 8, reveals its real goal is to preserve the company's ability to "spin" future news coverage of this litigation. To the extent Nike is suggesting that court records may be sealed to avoid negative press coverage, it is wrong: "It is not the duty of federal courts to accommodate the public relations interests of litigants." *In re Coordinated Pretrial Proceedings in Petrol. Prods. Antitrust Litig.*, 101 F.R.D. 34, 40 (C.D. Cal. 1984); *see, e.g.*, *Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014) ("[T]he public and press enjoy a presumptive right of access to civil proceedings and documents filed therein, notwithstanding the negative publicity those documents may shower upon a

**REPLY IN SUPPORT OF RENEWED MOTION TO UNSEAL JUDICIAL RECORDS - Page 10 -**

company."); *In re McClatchy Newspapers, Inc.*, 288 F.3d 369, 374 (9th Cir. 2002) (rejecting argument that court records could be sealed based on concerns that news media would publish accusations "without also publishing the skepticism of [the accuser's] credibility"). Needless to say, Nike's public relations concerns do not and cannot justify the continuing infringement of Media Intervenors' (and the public's) rights to access judicial records filed in this case.

### III.   CONCLUSION

Media Intervenors respectfully request that the redacted information filed in connection with Plaintiffs' Motion for Class Certification be made public. Access will promote public understanding of the events at issue in this important litigation, and the presumptive right of access to judicial records in this case outweighs any interest in secrecy.

/s/Lisa Zycherman

Timothy Volpert
OR Bar No. 814074
tim@timvolpertlaw.com
TIM VOLPERT, P.C.
3934 SE Hawthorne Blvd. Suite 343
Portland, OR 97214
(503) 703-9054

Lisa Zycherman*
lzycherman@rcfp.org
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
(202) 795-9300
*Admitted *pro hac vice*

*Counsel for Media Intervenors*