**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Kathryn P. Roberts, OSB #064854**
KathrynRoberts@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085 ǀ Fax: (503) 323-9105

**Laura L. Ho** (admitted *pro hac vice*)
lho@gbdhlegal.com
**Barry Goldstein, Of Counsel** (admitted *pro hac vice*)
bgoldstein@gbdhlegal.com
**James Kan** (admitted *pro hac vice*)
jkan@gbdhlegal.com
**Byron Goldstein** (admitted *pro hac vice*)
brgoldstein@gbdhlegal.com
**Katharine L. Fisher** (admitted *pro hac vice*)
kfisher@gbdhlegal.com
**Mengfei Sun** (admitted *pro hac vice*)
msun@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
Telephone: (510) 763-9800 ǀ Fax: (510) 835-1417

Counsel for Plaintiffs

[Additional Counsel of Record listed on the Signature page]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al.,<br><br>                              Plaintiffs,<br><br>vs.<br><br>NIKE, INC., an Oregon Corporation,<br>                              Defendant. | Case No. 3:18-cv-01477-JR<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT NIKE'S MOTION FOR A PROTECTIVE ORDER RELATED TO, OR ALTERNATIVELY, TO QUASH PLAINTIFFS' THIRD-PARTY SUBPOENA**<br><br>**DEMAND FOR JURY TRIAL** |

## I.      SUMMARY OF ARGUMENT

Nike chose to file a Motion for a Protective Order, which seeks to preclude a non-objecting third-party from testifying, that will not be decided until after the deposition it seeks to prevent.  Nike's Motion is thus moot.  When it filed this Motion, Nike knew its Motion would be moot.  Nike thus knowingly filed a Motion that wastes the Court's resources as well as Plaintiffs' time.  Even if this Motion was not Moot, Nike's Motion does not and cannot provide any specific reasons supporting its burden even though it asks this Court to take the unusual step of precluding the testimony of a third-party witness who has not objected to the subpoena.

## II.      BACKGROUND

On August 25, 2023, Plaintiffs personally served a deposition subpoena on Genevieve Long pursuant to Federal Rule of Civil Procedure 45 ("Rule 45").  Goldstein Decl. ¶ 2, submitted herewith.  Plaintiffs provided the subpoena to Nike that same day.  Goldstein Decl. ¶ 2.  Nike then asked to reschedule this deposition, Plaintiffs agreed, and Plaintiffs arranged for it to be rescheduled to September 27, a date Nike's counsel proposed.  Goldstein Decl. ¶ 3.  Before re-scheduling the deposition, Plaintiffs confirmed with Ms. Long's counsel, Jose Klein, that September 27 was convenient for Ms. Long.  Goldstein Decl. ¶ 5.

During the Parties' August 28, 2023 meet and confer call, Nike demanded that Plaintiffs detail the testimony they would seek from this third-party witness, and Nike stated Plaintiffs should not be able to depose Ms. Long.  Goldstein Decl. ¶ 4.  Plaintiffs asked Nike to explain and provide authority for their positions, which Nike did not do.  *Id.*  And despite several subsequent attempts, *see* Goldstein Decl. Ex. 1 (September 8 email from Goldstein), Nike *never* provided any such authority. Goldstein Decl. ¶ 6.

Although Plaintiffs were not obligated to do so, they explained that Ms. Long served as a Human Resources Business Partner ("HRBP") at Nike and, as such, would have relevant

information regarding Plaintiffs' disparate impact, disparate treatment, and equal pay claims, including knowledge specific to individual plaintiffs, and applicable Nike policies and practices. Goldstein Decl. ¶¶ 7-8. Nike was not satisfied and demanded additional detail, *i.e.*, "a list of topics or provide detail on scope." Goldstein Decl. Ex. 1 (September 6 email from Prince).

Then, on September 12, 2023, Nike filed its "Motion for a Protective Order Related To, or Alternatively, To Quash Plaintiffs' Third-Party Subpoena." Mot., ECF No. 347. Although Nike knew about this deposition since August 25 and the deposition was rescheduled at Nike's request to September 27 to accommodate Nike's schedule, Nike chose to file this Motion on September 12 and without asking for an expedited hearing. Nor did Nike ever ask Plaintiffs if they would agree to an expedited hearing. Goldstein Decl. ¶ 9. Plaintiffs' opposition is thus due the day *before* the deposition and the Motion goes under advisement several days after the deposition, on October 2, 2023. Order, ECF No. 348.

## III.    ARGUMENT

### A.    Nike's Motion is Moot

After receiving the deposition subpoena, Nike agreed to schedule Ms. Long's deposition for September 27, 2023. But because Nike filed a Motion for a Protective Order that will not be decided until after the deposition it seeks to prevent, Nike's Motion is moot. *See Cedano v. Thrifty Payless, Inc.*, No. CV–10–237–HZ, 2011 WL 5117930, at *7 (D. Or. Oct. 25, 2011) (denying protective order because scheduled deposition date already passed by the date the decision was issued).

### B.    Nike Has No Standing to Quash a Subpoena to a Third-Party.

With regard to a third-party deposition subpoena, the non-issuing party lacks standing to quash based on relevance or burden. Rule 45 permits a party to subpoena a third party for

testimony or to produce documents.  Fed. R. Civ. P. 45(a)(1)(A)(iii).[1]  While the "recipient may object to a subpoena, or move to quash or modify it," the non-issuing party "lacks standing to object to the subpoenas on grounds of relevance or undue burden ...."  *Thao v. Lynch*, No. 221CV0731KJMACP, 2023 WL 2480860, at *2 (E.D. Cal. Mar. 13, 2023) (denying motion to quash third-party deposition subpoena) (collecting cases).  Because Ms. Long, the subpoena recipient, has not objected to the subpoena on burden or any other grounds, Nike's argument that the subpoena would "unduly burden and harass a non-party" (Mot. 2, 6-7) is meritless and its motion to quash should be denied.[2]

## C.    Nike Fails to Meet Its "Heavy Burden" for a Protective Order.

Regarding Nike's request under Rule 26, even if its motion was not moot, Nike has a "heavy burden" to obtain a protective order.  *Cedano*, 2011 WL 5117930, at *2 (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)) (quotation omitted).  In seeking to establish "good cause" under Rule 26(c)(1), "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."  *Hardin v.*

---

[1] Throughout its Motion, Nike confuses the Rule 45 standard for a motion to quash a subpoena seeking documents, which is different than the standard for seeking to quash a deposition for testimony.  *See e.g.,* Mot. 6 n.4 (citing *Kadon Johnson, Inc. v. D'Amico*, No. 3:12–mc–00126, 2012 WL 1576233, at *4 (D. Or. May 4, 2012), where Nike confuses the standard under Rule 45(d)(2), which provides for filing "objections" to any requests for production of documents with the standard for Plaintiffs' subpoena under Rule 45 where the subpoena is limited to seeking testimony.)

[2] Nike relies upon several decisions that have no bearing on the subpoena served by Plaintiffs. *Wu v. City of Redwood City*, 11 F. App'x 914, 916 (9th Cir. 2001) (No abuse of discretion in granting a protective order from "continuing" a deposition because the portion of the deposition already taken had demonstrated irrelevance); *Picket v. Temp. Hous., Inc.*, No. 2:21-CV-0174-TOR, 2023 WL 2290247, at *2 (E.D. Wash. Feb. 28, 2023) (the protective order concerned "topics" for a corporate witness pursuant to Federal Rule of Civil Procedure 30(b)(6) which requires a description of the deposition); *Koh v. S.C. Johnson & Sons, Inc.*, No. C09–00927 RMW, 2011 WL 940227, at *4-5 (N.D. Cal. Feb 18, 2011) (the documents requested were clearly irrelevant since they were directed to the plaintiff's "purchasing habits" which is not pertinent to the "consumer protection class action" where the issue was whether the defendant's actions were "deceptive").

*Mendocino Coast Dist. Hosp.*, No. 17CV05554JSTTSH, 2019 WL 3944990, at *1 (N.D. Cal. Aug. 21, 2019) (quoting *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1130 (9th Cir. 2003)).  In addition, in employment discrimination cases, the Supreme Court has observed that "liberal civil discovery rules give plaintiffs broad access to employers' records in an effort to document their claims." *Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 657 (1989), *superseded by statute on other grounds*, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat 1074.  Here, Nike's unsubstantiated claims of harm do not outweigh the Plaintiffs' interest in obtaining the information related to the merits of their claims.

1.     **<u>Nike's Relevance Argument is Meritless Because It Does Not and Cannot Dispute the Relevance of this Third Party Witness' Testimony.</u>**

According to Nike, Plaintiffs "have made no effort to demonstrate how any information possessed by Ms. Long has any relevance to Plaintiffs' *individual* claims."  Mot. 12 (emphasis in original).  This argument is meritless for three reasons.

First, Nike bears the heavy burden to justify stopping a properly noticed deposition from occurring, not Plaintiffs.  As above, Nike has failed to meet its burden to show that good cause requires that the Court issue a protective order to prevent Ms. Long's deposition.

Second, while Nike claims Plaintiffs should have provided a list of topics before taking a third-party deposition, (*see e.g.,* Mot. 3 ("Notably, the Deposition Subpoena does not contain deposition topics or provide any indication of the information sought")), Rule 45 does not require Plaintiffs to provide Nike with this detail.  Unlike Federal Rule of Civil Procedure 30(b)(6), which requires the party noticing the deposition for a corporate witness "describe with reasonable particularity the matters for examination," there is no such requirement for a deposition noticed by subpoena pursuant to Rule 45.  Nike does not cite, nor could it, any

**P<small>LS.</small>' O<small>PP'N</small> to N<small>IKE'S</small> M<small>OT.</small> <small>for a</small> P<small>ROTECTIVE</small> O<small>RDER</small> <small>related to</small> Q<small>UASH</small> P<small>LS.</small>' T<small>HIRD</small> P<small>ARTY</small> S<small>UBPOENA</small>**
**P<small>AGE</small> 4**

877165.14

authority that requires a party seeking to depose a third party to detail the scope of the intended deposition.

Third, Nike does not dispute that Ms. Long has knowledge of the challenged practices, Nike's handling discrimination complaints, and other evidence related to Plaintiffs' claims. In fact, as Nike acknowledges, Ms. Long served as a Senior Director and HR Business Partner for over 10 years, from September 2008 until November 2018. Mot. 3. Moreover, Plaintiffs believe that Ms. Long has information concerning how Nike treated complaints against an executive who Plaintiffs complained about.

Evidence of discriminatory acts and a pattern or practice of discrimination is relevant to prove individual claims of discrimination, including those asserted by Plaintiffs. It is also relevant to show that any purported justification for an adverse action taken by Nike was a "pretext" for discrimination. *See Obrey v. Johnson*, 400 F.3d 691, 697-99 (9th Cir. 2005) (finding district court erred in excluding testimony based on relevance from witnesses about other instances of discrimination); *see also e.g., E.E.O.C. v. Farmer Bros. Co.,* 31 F.3d 891, 898 (9th Cir. 1994) ("Because hostility against women underlies decisions to discharge or to refuse to hire women because of their gender, evidence of sexual harassment often will be relevant to claims of gender-based employment discrimination.") (citation omitted). Nike's claim that the testimony of a long-time former HR Senior Director is thus baseless.

Lastly, Nike argues that Plaintiffs should not be able to depose Ms. Long because they deposed other witnesses during class certification discovery. While Nike asserts "Plaintiffs have significant and comprehensive deposition testimony," Nike does not and cannot provide any evidence showing the deposition testimony was either significant or comprehensive. Mot. 8, 12-13. Instead, Nike just relies on a declaration from its counsel stating Plaintiffs deposed

witnesses. *Id.* The declaration does not, and cannot, establish that Nike's witnesses provided adequate testimony, let alone significant and comprehensive testimony, in response to Plaintiffs' questions. Furthermore, prior discovery in this case had been focused on issues related to class certification whereas Plaintiffs now seek discovery regarding the merits of their claims and Nike's defenses, which necessarily will include additional depositions of percipient witnesses. *See* 21.14. Precertification Discovery, Ann. Manual Complex Lit. § 21.14 (4th ed.) (although precertification and merits discovery often overlap, "discovery into certification issues pertains to the requirements of Rule 23 and tests whether the claims and defenses are susceptible to class-wide proof; discovery into the merits pertains to the strength or weaknesses of the claims or defenses and tests whether they are likely to succeed"); *see also e.g.,* Goldstein Decl. in Supp. Mot. Class Cert. Ex. 7 at 12-13, ECF No. 290-2 (Nike arguing in opposition to a motion to compel discovery that pre-certification discovery on the merits must be limited).

## 2. <u>Ms. Long's Testimony Does Not Undermine the Finality of Judicial Orders.</u>

Nike asserts that this third-party deposition "would … threaten the finality" of the findings on Plaintiffs' Motion for class certification. Mot. 11. But a "district court's findings at the certification stage do not bind the fact-finder on the merits." *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 667 n.10 (9th Cir. 2002), *cert. denied sub nom. StarKist Co. v. Olean Wholesale Grocery Coop., Inc.*, 143 S. Ct. 424 (2022)) (citation and internal quotation omitted); *see also e.g., Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 633 (9th Cir. 1982) (certification determination is "inherently tentative.") (citations omitted).

Further, Nike's "finality" argument suggests Plaintiffs are now limited to discovery obtained for certification purposes. But, as Nike argued prior to certification, merits-related discovery was limited during the certification discovery phase. *See* Sec. III(C)(1), *supra.*

**3.      Nike's Speculative Claim of Attorney Client Privilege Does Not Provide a Basis for Quashing the Subpoena for the Third-Party Deposition**

While Nike argues that the subpoena should be quashed because "Plaintiffs *may* seek" information about privileged communications (Mot. 9) (emphasis added), this is mere speculation.  Such speculation does not justify quashing the deposition subpoena.  *See e.g.*, *Al Otro Lado, Inc. v. Wolf*, No. 3:17-cv-02366-BAS-KSC, 2020 WL 4336064, at *2 (S.D. Cal. July 27, 2020) (finding that the noticed party's "privilege can be adequately protected by raising objections to specific questions posed at the deposition and instructing the witness not to answer where that instruction is appropriate" and the noticed party's "assumption … is simply too speculative to support a finding of good cause for a protective order.") (citation omitted).[3]

First, as with any deposition, Plaintiff will not be permitted to inquire regarding communications legitimately protected by the attorney-client privilege.  Plaintiffs do not intend to get attorney-client privileged communications during the deposition.  Second, there is no indication that Ms. Long received any privileged attorney-client communications regarding Nike's investigations and, if she did, Nike will have the opportunity to assert the privilege at the deposition, which has been rescheduled, at Nike's request, to September 27, a date Nike said it would be able to attend.

Third, Nike's concern that Ms. Long may be questioned about privileged communications is not a basis to prevent the deposition.  As above, Plaintiffs have not indicated

---

[3] The Cases cited by Nike, involving subpoenas for the production of documents not present here, provide no support for granting its motion based upon the possibility that questioning may implicate privileged information.  In *Lectrolam Custom Sys. V. Pelco Sales, Inc.*, 212 F.R.D. 567, 573 (E.D. Cal. 2002), the court issued a protective order where a subpoena for documents sought "[a]ll documents that … relate to communications directly or through attorneys" because the request explicitly sought the documents protected by attorney-client privilege.  In *Broadband v. iTV v. Hawaiian Telecom*, No. 15—mc—80053 HRL, 2015 WL 1778432, at *3 (N.D. Cal. Apr. 17, 2015), the court determined that a subpoena for documents sought privileged information after an *in camera* review of the documents revealed their privileged nature.

that they seek to invade the attorney-client privilege and, regardless, Nike may object to inquiries that it contends would invade the attorney-client privilege.  Nike has thus presented no basis upon which the Court should quash the subpoena.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request the Court to deny Nike's Motion for a Protective Order Related To, or Alternatively, To Quash Plaintiffs' Third-Party Subpoena.

Dated: September 26, 2023                Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO


 _/s/ Byron Goldstein_____
Laura L. Ho (admitted *pro hac vice*)
Barry Goldstein, Of Counsel (admitted *pro hac vice*)
James Kan (admitted *pro hac vice*)
Byron Goldstein (admitted *pro hac vice*)
Katharine L. Fisher (admitted *pro hac vice*)
Mengfei Sun (admitted *pro hac vice*)

MARKOWITZ HERBOLD PC
Laura Salerno Owens, OSB #076230
David B. Markowitz, OSB #742046
Harry B. Wilson, OSB #077214
Kathryn P. Roberts, OSB #064854

ACKERMANN & TILAJEF PC
Craig Ackerman (admitted *pro hac vice*)
cja@ackermanntilajef.com
1180 S Beverly Drive, Suite 610
Los Angeles, CA 90035
Tel:  (310) 277-0614
Fax:  (310) 277-0635

INDIA LIN BODIEN LAW
India Lin Bodien (admitted *pro hac vice*)
india@indialinbodienlaw.com
2522 North Proctor Street, #387
Tacoma, WA 98406-5338
Tel:  (253) 503-1672
Fax:  (253) 276-0081

Of Attorneys for Plaintiffs and Opt-In Plaintiffs