LAURA E. ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 300
Portland, OR  97205
Telephone:  (503) 294-9642
Facsimile:  (503) 220-2480

DANIEL PRINCE, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
FELICIA A. DAVIS, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Attorneys for Defendant NIKE, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, SARA JOHNSTON, LINDSAY ELIZABETH, and HEATHER HENDER, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>Defendant. | Case No.:  3:18-cv-01477-JR<br><br>NOTICE OF IMPROPER DEPOSITION |

PLEASE BE ADVISED that, Defendant Nike, Inc.'s ("Nike") counsel learned on September 28, 2023 (from the court reporter) that Plaintiffs proceeded with the deposition of Genevieve Long on September 27, 2023, despite the pending Motion for Protective Order or to Quash relating to that deposition, which Motion had been scheduled for the Court's under advisement calendar for October 2, 2023. ECF No. 347. Since the briefing has concluded on the Motion, Plaintiffs' counsel never communicated to Nike's counsel regarding the deposition, nor did counsel or the court reporter ever provide any log-in or other details to Nike's counsel in connection with the deposition. The deposition should not have proceeded, particularly given that Nike raised privilege and other objections in its Motion that needed to be resolved in advance of the deposition (and, at worst case, to provide guidance regarding the scope of any deposition).

On September 12, 2023, Nike filed its Motion. The Motion was timely filed, well prior to September 27, the noticed date for the deposition. *See e.g.*, [Freed v. Home Depot U.S.A., Inc., 2019 WL 582346, at *3 (S.D. Cal. Feb. 13, 2019)](#) ("The instant motion to quash was timely filed on January 29, 2019 because it was filed before the January 30, 2019 date of compliance."). The Court set the motion for an under advisement calendar of October 2, only five days after the noticed deposition date. As indicated in the Motion itself, and via the email correspondence between the parties, there was no confusion as to the purpose of the Motion—i.e., that the deposition should not proceed pending the Court's resolution of the Motion. Ex. A ("please let us know Nike's bases for seeking to prevent the deposition of a third party"); *Id*. ("we asked, on several occasions, for you to provide us with your bases for seeking to prevent the deposition of a third party"); *see also* [Brzezinski v. Allstate Ins. Co., 2012 WL 12869522, at *6 (S.D. Cal. Aug. 28, 2012)](#) (declining to find a motion to quash that was filed one day after the noticed deposition

date untimely because the deponent's "counsel reasonably interpreted [an] email correspondence from Plaintiffs' counsel as a representation that the deposition would be taken off calendar pending a ruling by the Court on the instant dispute."). Plaintiffs' counsel did not contact Nike's counsel regarding the deposition following the filing of the Motion. Notwithstanding the pending Motion, Nike's counsel received an email on September 28 from a court reporter inquiring whether Nike would like a copy of the transcript of the deposition of Ms. Long that proceeded on September 27, without Nike's knowledge. Ex. B. Indeed, Nike's counsel did not receive *any* correspondence from Plaintiffs' counsel, or even the court reporter, regarding the deposition or its logistics.

Knowing that Nike expected the deposition to be suspended pending the Motion, Plaintiffs proceeded anyway, and intentionally—behind Nike's back. This is not only improper, but also toes the line of ethical and good faith deposition practices. [N. Am. Co. for Life & Health Ins. v. Philpot, 2010 WL 4917065, at *3 (S.D. Cal. Nov. 24, 2010)](#) (finding that the party "filed her motion to quash before the date noticed for compliance with the subpoena, the motion is timely"); LR 30-3 ("Counsel present at a deposition will not engage in any conduct that would not otherwise be allowed in the presence of a judge."); LR 30-6 (the court can suspend a deposition for bad faith deposition techniques). Plaintiffs' bad faith litigation tactics prevented the Court from resolving the important issues raised in Nike's Motion that should have, at

minimum, governed the scope of the deposition. For these reasons, Nike requests that the Court grant Nike's motion and strike the testimony from the improper deposition.

Dated: September 29, 2023

Respectfully submitted,

*/s/ Daniel Prince*

Daniel Prince, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
Felicia A. Davis, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071-2228
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Laura E. Rosenbaum, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  (503) 294-9642
Facsimile:  (503) 220-2480

Attorneys for Defendant NIKE, INC.

| From: | Prince, Daniel |
| --- | --- |
| To: | Byron Goldstein; es@ackermanntilajef.com; Davis, Felicia A.; Jackson, Lindsey C. |
| Subject: | RE: Cahill v Nike meet and confer |
| Date: | Monday, September 11, 2023 6:32:04 PM |

Byron:

As we have discussed, we are unaware of any information showing that Ms. Long had or has any relationship to or knowledge about the named plaintiffs or their claims. I asked you that question directly, and you still have not answered it, even though you have represented the named plaintiffs since 2018.

But a general statement that you're looking for "information about discrimination" at Nike is far too broad and, if anything, suggests that plaintiffs seek a fishing expedition. This expedition likely includes "starfish," which has been covered in depositions and discovery ad nauseam – and which was extensively briefed on certification (and covered in the court's order).

Based on your responses, it appears we will have no choice other than to file a motion. We were hoping to avoid this outcome.

Daniel

**From:** Byron Goldstein <brgoldstein@gbdhlegal.com>
**Sent:** Friday, September 8, 2023 6:52 PM
**To:** Prince, Daniel <danielprince@paulhastings.com>; es@ackermanntilajef.com; Davis, Felicia A. <feliciadavis@paulhastings.com>; Jackson, Lindsey C. <lindseyjackson@paulhastings.com>
**Subject:** [EXT] RE: Cahill v Nike meet and confer

--- External Email ---

Daniel,

We have accommodated your request to reschedule the third party deposition of Ms. Long. As we told you, we are seeking information about the discrimination claims at issue and Nike's practices related to the claims. As you know, Ms. Long was an HRBP at Nike WHQ. If you have any authority that requires a party to provide the opposing party with a list of topics and details on what they plan to ask a third party, please provide it. We have not found any such authority.

We have also offered to discuss why you believe Plaintiffs should not be able to take the deposition of a third-party witness. To that end, we asked, on several occasions, for you to provide us with your

bases for seeking to prevent the deposition of a third party. But you have provided no legal authority for seeking to prevent this third party deposition. If you have a legal basis, please explain so that the Parties can then discuss.

Have a good weekend,
Byron

**From:** Prince, Daniel <danielprince@paulhastings.com>
**Sent:** Wednesday, September 6, 2023 8:12 PM
**To:** Byron Goldstein <brgoldstein@gbdhlegal.com>; es@ackermanntilajef.com; Davis, Felicia A. <feliciadavis@paulhastings.com>; Jackson, Lindsey C. <lindseyjackson@paulhastings.com>
**Subject:** RE: Cahill v Nike meet and confer

Thanks, Byron. Are you still declining to provide a list of topics or provide detail on scope? If so, we'll proceed to file in due course, but I think it's probably easier for us all if we can avoid additional motion practice.

**From:** Byron Goldstein <brgoldstein@gbdhlegal.com>
**Sent:** Wednesday, September 6, 2023 5:14 PM
**To:** Prince, Daniel <danielprince@paulhastings.com>; es@ackermanntilajef.com; Davis, Felicia A. <feliciadavis@paulhastings.com>; Jackson, Lindsey C. <lindseyjackson@paulhastings.com>
**Subject:** [EXT] RE: Cahill v Nike meet and confer

**--- External Email ---**

Hi Daniel,

Updated deposition subpoena attached. It has been rescheduled for one of the dates you provided.
Thanks,
Byron

**From:** Byron Goldstein
**Sent:** Tuesday, September 5, 2023 7:17 PM
**To:** Prince, Daniel <danielprince@paulhastings.com>; es@ackermanntilajef.com; Davis, Felicia A. <feliciadavis@paulhastings.com>; Jackson, Lindsey C. <lindseyjackson@paulhastings.com>
**Subject:** RE: Cahill v Nike meet and confer

Daniel, given that you provided availability, we agree to not go forward on the 7th. As we said in last week's email, we will circle back to you by tomorrow.

**From:** Prince, Daniel <danielprince@paulhastings.com>
**Sent:** Tuesday, September 5, 2023 6:36 PM
**To:** Byron Goldstein <brgoldstein@gbdhlegal.com>; es@ackermanntilajef.com; Davis, Felicia A.

<feliciadavis@paulhastings.com>; Jackson, Lindsey C. <lindseyjackson@paulhastings.com>
**Subject:** RE: Cahill v Nike meet and confer

Thanks, Byron. We have not heard from you with the respect to this deposition, and unfortunately, it appears we have no choice other than to seek relief from the Court.

If you have agreed to withdraw the subpoena, please let me know ASAP. But to the extent plaintiffs simply continue to assert that the scope of the deposition is "information about their claims," then we will have no choice other than to file a motion (which we would like to avoid, if possible).

Daniel

**From:** Byron Goldstein <brgoldstein@gbdhlegal.com>
**Sent:** Thursday, August 31, 2023 9:36 PM
**To:** Prince, Daniel <danielprince@paulhastings.com>; es@ackermanntilajef.com; Davis, Felicia A. <feliciadavis@paulhastings.com>; Jackson, Lindsey C. <lindseyjackson@paulhastings.com>
**Subject:** [EXT] RE: Cahill v Nike meet and confer

--- **External Email** ---

Daniel,

While the availability you provide is further into the discovery period than Plaintiffs prefer, we will work on accommodating. We hope to be able to circle back to you on it before Wednesday but are trying for sooner.

If you are asking to meet and confer about whether Plaintiffs can seek testimony from a third party, as we asked you during our Monday call, please let us know Nike's bases for seeking to prevent the deposition of a third party.

Byron

**From:** Prince, Daniel <danielprince@paulhastings.com>
**Sent:** Wednesday, August 30, 2023 10:15 PM
**To:** Byron Goldstein <brgoldstein@gbdhlegal.com>; es@ackermanntilajef.com; Davis, Felicia A. <feliciadavis@paulhastings.com>; Jackson, Lindsey C. <lindseyjackson@paulhastings.com>
**Subject:** RE: Cahill v Nike meet and confer

Thanks, Byron.

As I stated during our call on Monday, neither Felicia nor I are available on the proposed deposition date. In the meantime, we did compare calendars and identified other potential dates, including 9/18, 9/19, 9/25, 9/26, or 9/27.

Having said that, as noted during our call and below, we object to what we believe to be the scope of the proposed deposition (e.g., project "starfish"), which was covered ad nauseum in various depositions and in the class certification briefing. When I asked you about the anticipated scope of Ms. Long's deposition during the call, however, you stated that plaintiffs sought "information about each of our claims" and refused to provide additional detail.

You did not provide any information, when asked, about whether Ms. Long had any interaction whatsoever with the named plaintiffs (Kelly Cahill, Sara Johnston, Tracee Cheng, and Samantha Phillips) or whether she has knowledge regarding their claims, even though you have represented these plaintiff for nearly five years. With that as a backdrop, we respectfully request that you withdraw the subpoena. Otherwise, we intend to seek to quash the same (with the proviso that if the motion is denied, we will request that the court schedule the deposition on a mutually agreed upon date).

All rights are reserved.

Daniel

**From:** Byron Goldstein <brgoldstein@gbdhlegal.com>
**Sent:** Monday, August 28, 2023 8:18 PM
**To:** Prince, Daniel <danielprince@paulhastings.com>; es@ackermanntilajef.com; Davis, Felicia A. <feliciadavis@paulhastings.com>; Jackson, Lindsey C. <lindseyjackson@paulhastings.com>
**Subject:** [EXT] RE: Cahill v Nike meet and confer

--- External Email ---

Daniel,

Thank you for the email. I will note that you sent this email only 20 minutes after you told me that you did not know if any member of Nike's legal team, either at Paul Hastings or Stoel Rives, could attend Ms. Long's deposition on September 7, 2023. If that is indeed the case, please confirm that you reached out to your colleagues and no attorney from either of those law firms, including Lindsay Jackson from Paul Hastings, can attend Ms. Long's deposition on September 7, 2023 (the existing deposition date).

If that is the case, please provide alternative dates in the 10 calendar days after September 7, 2023, that a Nike attorney can attend the deposition on its behalf. If you provide dates in a timely manner, we will do our best to reschedule the deposition on an agreeable date. Of course, the chances of rescheduling are higher if you provide several potential dates as soon as possible, *i.e.*, in the next day or two.

As it stands, Ms. Long has been subpoenaed to appear for deposition on September 7, 2023. Until a

new deposition date is both proposed and confirmed, the deposition will proceed on that date, consistent with the details in the subpoena.

I look forward to your prompt response no later than **Wednesday, August 30, 2023**.

Byron

---

**From:** Prince, Daniel <danielprince@paulhastings.com>
**Sent:** Monday, August 28, 2023 1:18 PM
**To:** Byron Goldstein <brgoldstein@gbdhlegal.com>; es@ackermanntilajef.com; Davis, Felicia A. <feliciadavis@paulhastings.com>; Jackson, Lindsey C. <lindseyjackson@paulhastings.com>
**Subject:** RE: Cahill v Nike meet and confer

Byron:

Thank you for the call. With respect to the deposition of Ms. Long, as we discussed, neither September 7 nor 8 work for us. We would appreciate any flexibility on timing/scheduling. We also will get back to you on scope issues relating to the deposition.

Daniel


-----Original Appointment-----
**From:** Byron Goldstein <brgoldstein@gbdhlegal.com>
**Sent:** Wednesday, August 23, 2023 1:56 PM
**To:** Byron Goldstein; es@ackermanntilajef.com; Prince, Daniel; Davis, Felicia A.; Jackson, Lindsey C.
**Subject:** [EXT] Cahill v Nike meet and confer
**When:** Monday, August 28, 2023 12:00 PM-1:00 PM (UTC-08:00) Pacific Time (US & Canada).
**Where:** https://zoom.us/j/98937918497


### --- External Email ---

Byron Goldstein is inviting you to a scheduled Zoom meeting.

Join Zoom Meeting
https://zoom.us/j/98937918497

Meeting ID: 989 3791 8497

---

One tap mobile
+14805624901,,98937918497# US
+14042012656,,98937918497# US

---

Dial by your location
• +14805624901 US
• +14042012656 US
• +12122258997 US
• +16462551997 US

Meeting ID: 989 3791 8497

Find your local number: https://zoom.us/u/adGow3hfg0

_____

Microsoft Teams meeting

**Join on your computer, mobile app or room device**
Click here to join the meeting

Meeting ID: 260 343 928 82
Passcode: cfLbNo
Download Teams | Join on the web

Learn More | Meeting options

_____

*******************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

*******************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

*******************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

| From: | Byron Goldstein |
|---|---|
| To: | Davis, Felicia A.; Mary Jacks; jose@kleinmunsinger.com |
| Cc: | Prince, Daniel; Jackson, Lindsey C.; Tapper, Alyssa; James Kan; Barry Goldstein; Mengfei Sun; Laura Salerno Owens; Kathryn P. Roberts |
| Subject: | [EXT] RE: Cahill v Nike |
| Date: | Friday, September 29, 2023 10:21:41 AM |
| Attachments: | image001.png |

**--- External Email ---**

Hi Felicia,

We were disappointed to see Nike chose to skip the deposition. The deposition, of course, appropriately went forward at the date, time, and place in the subpoena that you received.

Although the filing of your motion to quash did not stop this third-party deposition, your below email appears to suggest that one party can unilaterally and automatically choose to block the deposition of a third party by filing a protective order. Is that Nike's position? If so, please let us know the specific law or rule on which it relies. The Parties can then have a phone call to discuss and try to iron out any issues.

Regarding the transcript, are you saying that Nike can prohibit a court reporter from providing a transcript of a deposition to a party? If that is Nike's position, please let us know the specific law or rule on which it relies.

Thank you,

Byron

**From:** Davis, Felicia A. <feliciadavis@paulhastings.com>
**Sent:** Thursday, September 28, 2023 9:04 PM
**To:** Mary Jacks <marytjacks777@gmail.com>; jose@kleinmunsinger.com; Byron Goldstein <brgoldstein@gbdhlegal.com>
**Cc:** Prince, Daniel <danielprince@paulhastings.com>; Jackson, Lindsey C. <lindseyjackson@paulhastings.com>; Tapper, Alyssa <alyssatapper@paulhastings.com>
**Subject:** RE: Cahill v Nike

Byron – Did this deposition occur despite our pending motion to quash? Mary – This deposition is the subject of a pending motion with the court. Please do not distribute any copies of the transcript until this issue is resolved.

Thank you,
Felicia Davis



**Felicia A. Davis** | **Partner, Employment Law Department**
Paul Hastings LLP | 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071 | Direct: +1.213.683.6120 | Main: +1.213.683.6000 | Fax: +1.213.627.0705 | email feliciadavis@paulhastings.com | www.paulhastings.com

**From:** Mary Jacks <marytjacks777@gmail.com>
**Sent:** Thursday, September 28, 2023 10:53 AM
**To:** Davis, Felicia A. <feliciadavis@paulhastings.com>; danielprice@paulhastings.com; brgoldstein@pbdhlegal.com; jose@kleinmunsinger.com
**Subject:** [EXT] Cahill v Nike

**--- External Email ---**

Hello, Counsel

My name is Mary Jacks. I am a court reporter in Portland, Oregon. I covered the deposition of Genevieve Long in the Cahill v Nike case yesterday, 9/27/23. Case number 3:18-cv-01477-JR.

I am writing to see if copy orders would like to be ordered by counsel not in attendance.

Please let me know at your earliest convenience as the transcript has now been expedited. I would like to see all counsel receive what they need from me in time.

Thank you.

Mary Jacks
503-730-9151
marytjacks777@gmail.com

*************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.