**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Kathryn P. Roberts, OSB #064854**
KathrynRoberts@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085

*Attorneys for Plaintiffs, Opt-in Plaintiffs, and Putative Class*
*Additional counsel of record listed on signature page*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al., individually and on behalf of others similarly situated,<br><br>                              Plaintiffs,<br><br>     v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>                              Defendant. | Case No. 3:18-cv-01477-JR<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S NOTICE** |

### I.     INTRODUCTION

A third-party deposition proceeds unless there is an order preventing it.  *See Regence Grp. v. TIG Specialty Ins. Co.*, No. 3:07-CV-1337-HA, 2012 WL 13049973 at *5 (D. Or. Aug. 7, 2012) ("Rule 30(b) places the burden on the proposed deponent to get an order, not just to make a motion for a protective order prior to a scheduled deposition.") (quoting *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964) (cleaned up)).  Here, as Nike concedes, there is no order staying the deposition.

Page 1 –     PLAINTIFFS' RESPONSE TO DEFENDANT'S NOTICE

Nike clearly knows this is the rule because in its "Notice of Improper Deposition," Nike does *not* claim a rule, statute, or order that automatically stays a third-party deposition when the non-issuing party files a motion for a protective order. The third-party deponent, who is represented by an attorney, appeared for the deposition at the time, place, and date in the subpoena that Nike received on the same date that the third-party deponent received it.

Further, Defendant's arguments are contradicted by the following undisputed facts.

1. Nike had no legitimate basis for believing that the deposition would not occur on the date set by the subpoena, as the law dictates, due to the following:

    a. Nike was on notice for weeks this deposition was set to go forward.

    b. Plaintiffs accommodated Nike by scheduling the deposition <u>on a date proposed by Nike</u>.

    c. Plaintiffs never agreed to postpone the deposition.

    d. The third-party deponent never moved to quash the subpoena.

    e. Plaintiffs filed an Opposition to Nike's motion to quash the subpoena before the close of business on the day prior to the deposition making clear that the deposition was going forward.

    f. Nike never obtained an order quashing the validly issued subpoena.

2. In the absence of an order quashing the subpoena, the third-party deponent was legally required to comply with the subpoena on September 27, which she did.

3. The third-party deponent's sworn testimony shows the real reason for Nike's recent objections to her deposition testimony: it supports plaintiffs' claims that Nike had a policy or practice of using prior pay when setting starting pay before October 2017 (contrary to Nike's cherry-picked, litigation-driven declarations created in secret that it relied on in opposition to the motion for class certification).

The foregoing shows that instead of proceeding reasonably, Nike chose to not show up at all, and then complained that the third-party deponent's testimony should not even be transcribed—a ridiculous request as Plaintiffs could have interviewed the deponent in front of a court reporter and had the statement transcribed.  Accordingly, Nike's position that the deposition was "improper" is unfounded—the Court should disregard Nike's latest attempt to obfuscate discovery in this case.

## II.    ARGUMENT

Case law in the District of Oregon and the Ninth Circuit holds that just filing for a protective order does not quash a properly issued subpoena.  Nike's authorities to the contrary are readily distinguishable.  Additionally, the circumstances here show that there was nothing improper with the deposition proceeding.

### a.    Filing a motion for protective order does not quash the subpoena.

If Nike wanted to quash the subpoena, it should have requested expedited consideration of its motion because just filing a motion does not quash a subpoena.  "As an initial matter, Rule 30(b) 'places the burden on the proposed deponent to get an order, not just to make a motion [for a protective order]' prior to a scheduled deposition." *Regence Grp.,* 2012 WL 13049973 at *5 (citing *Pioche Mines Consol., Inc.* , 333 F.2d 257, 269 (9th Cir. 1964), *cert. denied*).  *See also, COA Inc. v. Xiamei Houseware Grp. Co., Inc*., No. C13-771 MJP, 2013 WL 2332347 at *2 (W.D. Wash. 2013) ("it is apparent from a reading of the cases that a motion to quash is a *separate* procedural device from filing objections [to documents sought by] the subpoena.  The FRCP's only state that the motion to quash must be 'timely;' what constitutes a 'timely' motion is not specified.  FRCP 45(c)(3)(A).  There is case law that indicates that 'timely' means 'sufficiently in advance of the scheduled deposition to allow a ruling before the deposition is

scheduled to occur.'") (citing *King v. Fidelity Nat'l Bank of Baton Rouge*, 712 F.2d 188, 191 (5th Cir. 1983)) (motion itself does not postpone the deposition).

The Ninth Circuit explained the issue as follows: "Counsel's view seems to be that a party need not appear if a motion under Rule 30(b), F.R. Civ. P. is on file, even though it has not been acted upon. Any such rule would be an intolerable clog on the discovery process. Rule 30(b) places the burden on the proposed deponent to get an order, not just make a motion. And if there is not time to have his motion heard, the least he can be expected to do is to get an order postponing the time of the deposition, until his motion can be heard . . . . But unless he has obtained a court order that postpones or dispenses with his duty to appear, that duty remains . . . . Under the Rules, it is for the court, not the deponent or his counsel, to relieve him of the duty to appear." *PiocheMines Consol., Inc.*, 333 F.2d at 269. *See also King,* 712 F2d at 191.

The mere filing of a motion for protective order under Fed. R. Civ. P. 26(c) "is not self-executing – the relief authorized under the rule depends on obtaining a court's order to that effect." Fed. R. Civ. P. 37(d) advisory committee notes to 1993 amendment. For example, in *Twin Falls NSC, LLC v. Southern Idaho Ambulatory Surgery, Ctr.*, No. 1:19-CV-00009-DCN, 2020 WL 5523384 (D. Idaho 2020), the court denied a motion for a protective order filed two days after the noticed deposition, compelled the deposition take place within 10 days, and noted that the "Ninth Circuit has long made clear that 'it is for the court not the deponent or his counsel to relieve him of the duty to appear.'" *Id*. at *14 (quoting *Pioche Mines Consol., Inc.,* 333 F.2d at 269) (additional citations omitted).

The duty to seek an order should apply with even more force upon a party seeking a protective order for the purpose of precluding or quashing the deposition of a third party given that postponing the deposition may place an additional burden on the third-party deponent. This

is especially the situation when, as here, the Plaintiffs, who served the subpoena, confirmed with counsel for the third-party deponent, that the date set for the deposition was convenient for the third-party deponent.

      b.      **A routine scheduling order does not quash a validly issued subpoena.**

A validly issued subpoena is an order instructing a witness to appear to testify. The only way a court reverses or negates a valid pending order is to issue another order specifically and expressly saying that.

Nike's reference to the Court placing the motion on the October 2 advisement calendar is irrelevant. To the extent Nike argues the scheduling order negated the subpoena, that argument should be rejected. One does not make such inferences from a routine scheduling order that fails to specifically and expressly state that such reversal has occurred. Orders, whether issued by the judge or obtained by counsel through a subpoena, cannot possibly be negated by a routine scheduling order. Otherwise, the moving party would enjoy the absurd advantage of obtaining relief requested in the motion weeks before a hearing or a deposition simply because a routine scheduling minute order was entered. A party cannot obtain such immediate and drastic relief unless it makes an application to the judge that specifically and expressly seeks immediate entry of the protective order quashing the subpoena. Nike failed to make such an application or even request expedited consideration of its motion.

      c.      **Nike's authorities are inapposite.**

In its Notice, Nike primarily relies on two cases, *Brzezinski v. Allstate Ins. Co.,* No. 11-CV-2373-CAB (DHB), 2012 WL 12869522 (S.D. Cal. 2012) and *Freed v. Home Depot U.S.A., Inc.*, No. 18CV359-BAS (LL), 2019 WL 582346 (S.D. Cal. 2019), to support its contention that the deposition was improper. However, neither case is persuasive under these circumstances.

First, neither *Brzezinski* nor *Freed* contradicts the legal principle that a motion for protective order or to quash does not by itself relieve the deponent of the obligation to appear pursuant to the subpoena but rather the deponent must obtain a court order resolving the motion prior to the scheduled date for the deposition or postponing the deposition. Neither decision addressed the issue.

Second, *Brzezinski* is further irrelevant because the court's determination of the timeliness of the third-party's motion is based upon two factors that are inapplicable to this case. The court ruled that "Plaintiffs' counsel [represented] that the deposition would be taken off calendar pending a ruling . . . on the instant dispute." 2012 WL 12869522 at *6. Next, the court determined that, "in light of the extra protection due to non-party witnesses," it would consider the merits of the action. *Id*. Here, there was no such representation by counsel and the third-party deponent did not object to the deposition. Rather, when Plaintiffs were trying to meet and confer before Nike filed its motion, they wrote Nike:

> "[W]e asked, on several occasions, for you to provide us with your bases for seeking to prevent the deposition of a third party. But you have provided no legal authority for seeking to prevent this third party deposition."

ECF No. 356, Ex. A at 1-2. Plaintiffs' statements to Nike were thus the opposite of telling Nike that Plaintiffs would postpone the deposition based just on Nike's desire to prevent the deposition because Plaintiffs were telling Nike its request is baseless.

Third, in *Freed* the parties "jointly contacted the Court regarding [the] discovery dispute . . . ," 2019 WL 582346 at *2, concerning the motion for a protective order.[1] There was simply no question about or opportunity for the issue to arise regarding whether the deposition

---

[1] Nike makes a citation error – the quotation in the reference is at *3 n.2, not *3 as in the filing.

Page 6 –    PLAINTIFFS' RESPONSE TO DEFENDANT'S NOTICE

could proceed after a motion was filed but prior to the issuance of an appropriate order. The intended deponent was not a true third party but rather a paralegal employed by the defendant Home Depot. Thus, the defendant could and did argue on behalf of the deponent regarding the timing of the discovery dispute. Since the parties had agreed to present the dispute to the court, there was no issue as whether the deposition could proceed prior to the resolution by the court.

As explained below, none of those circumstances exist here, where Nike had ample notice of the deposition and Plaintiffs informed Nike that the deposition was going forward.

    d.    **The circumstances show there was nothing improper about the deposition going forward.**

As a preliminary matter, the witness had her own counsel, who did not object to the subpoena. Moreover, the following timeline demonstrates that Nike had ample notice of the subpoena—indeed, it even provided dates when it was available for the deposition, and Plaintiffs noticed the deposition for one of those dates:

- **8/25/23**: Plaintiffs served the subpoena on the witness' counsel, deposition noticed for 9/7/23; Nike received a copy of that subpoena on 8/25

- **8/28/23**: Plaintiffs and Nike had a telephonic meet and confer about the subpoena and Nike requested to move the date to later in September

- **8/30/23**: Nike emailed Plaintiffs and said they could do deposition on 9/18, 9/19, 9/25, 9/26, or 9/27

- **9/6/23**: Plaintiffs reissued the subpoena with Nike's requested date of 9/27; Nike received a copy of that updated subpoena on 9/6

- **9/12/23**: Nike filed motion to quash the subpoena, did not request expedited consideration

- **9/26/23**: Plaintiffs filed their opposition to the motion to quash, which again shows the deposition would go forward on 9/27

Page 7 –    PLAINTIFFS' RESPONSE TO DEFENDANT'S NOTICE

- **9/27/23**: Deposition went forward pursuant to validly issued subpoena

- **9/29/23**: Nike emailed court reporter not to release the transcript of deposition to the parties

The timeline above clearly establishes that Nike knew this deposition was going to happen and chose not to attend. It also waited nearly a week after the issuance of the updated subpoena before it moved to quash it. Nike cannot now try to prevent the disclosure of discovery that was properly obtained just because they do not like what the discovery contains.

### III.  CONCLUSION

For the foregoing reasons, the Court should disregard Nike's notice.

DATED: October 2, 2023         MARKOWITZ HERBOLD PC

*s/ Laura Salerno Owens*
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com
David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Kathryn P. Roberts, OSB #064854
KathrynRoberts@MarkowitzHerbold.com

GOLDSTEIN, BORGEN, DARDARIAN & HO
Barry Goldstein, Of Counsel (admitted *pro hac vice*)
Laura L. Ho (admitted *pro hac vice*)
James Kan (admitted *pro hac vice*)
Byron Goldstein (admitted *pro hac vice*)
Katharine L. Fisher (admitted *pro hac vice*)
Mengfei Sun (admitted *pro hac vice*)

INDIA LIN BODIEN LAW
India Lin Bodien (admitted *pro hac vice*)
india@indialinbodienlaw.com
2522 North Proctor Street, #387
Tacoma, WA  98406-5338
Tel: (253) 503-1672
Fax: (253) 276-0081

*Attorneys for Plaintiffs and Opt-in Plaintiffs*