**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Kathryn P. Roberts, OSB #064854**
KathrynRoberts@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085 ǀ Fax: (503) 323-9105

**Laura L. Ho** (admitted *pro hac vice*)
lho@gbdhlegal.com
**Barry Goldstein, Of Counsel** (admitted *pro hac vice*)
bgoldstein@gbdhlegal.com
**James Kan** (admitted *pro hac vice*)
jkan@gbdhlegal.com
**Byron Goldstein** (admitted *pro hac vice*)
brgoldstein@gbdhlegal.com
**Katharine L. Fisher** (admitted *pro hac vice*)
kfisher@gbdhlegal.com
**Mengfei Sun** (admitted *pro hac vice*)
msun@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
Telephone: (510) 763-9800 ǀ Fax: (510) 835-1417

Counsel for Plaintiffs

[Additional Counsel of Record listed on the Signature page]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al., individually and on behalf of others similarly situated,<br><br>                                               Plaintiffs,<br><br>vs.<br><br>NIKE, INC., an Oregon Corporation,<br>                                               Defendant. | Case No. 3:18-cv-01477-JR<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY**<br><br>**EXPEDITED HEARING REQUESTED**<br><br>**FILED WITH REDACATIONS** |

### LR 7-1(a) CERTIFICATION

Plaintiffs' counsel conferred in good faith with Defendant's counsel on the issues raised in this motion. The parties could not reach an agreement on these issues, and Defendant opposes this motion. Declaration of Byron Goldstein ("Goldstein Decl."), submitted herewith, ¶ 2.

### MOTION

Pursuant to Local Rule 1-4 and 26-3(c), Plaintiffs respectfully request permission to file a reply in support of their Motion To Compel Production, ECF No. 349, and in response to Nike's Opposition, ECF No. 354, not to exceed 10 pages and within 10 days of the Court's granting Plaintiffs leave to file a reply brief. Plaintiffs request an expedited hearing on their request. Nike has not agreed to an expedited hearing on this request. Goldstein Decl. ¶ 3.

### MEMORANDUM OF LAW

Plaintiffs request leave, pursuant to Local Rule 1-4 and 26-3(c), to file a reply in support of their motion to compel production because it will assist the Court in considering Plaintiffs' requests and is in the interest of justice for three reasons. *See Short v. Equifax Information Services LLC*, No. No. 3:14–CV–0471–YY, 2016 WL 6683563, *4 (D. Or. Nov. 14, 2016) (considering reply submitted in support of motion to compel discovery).

First, recent deposition testimony, obtained after Plaintiffs' motion to compel discovery, further supports Plaintiffs' evidence that Nike failed to produce documents and communications concerning the setting of starting pay prior to October 2017 that are responsive to RFP No. 4, RFP No. 8, or the Court's October 31, 2019 Order. *See* Mot. at 6-8. A long-time former Senior Director who worked as a Human Resources Business Partner ("HRBP") in many different areas of Nike's business at its World Headquarter ("WHQ"), confirmed that ████████████ ████████████████████████████████████████████████ ████████████████████████ Goldstein Decl. Ex. 1, ████████████████ , filed herewith.

**PLS.' MOT. FOR LEAVE TO FILE REPLY IN SUPP. OF PLS.' MOT. TO COMPEL DISCOVERY**
**PAGE 1**

Second, a reply is necessary to correct many mischaracterizations by Nike.[1] For example, regarding Nike's redaction of names from the Starfish Survey,[2] Nike, without any evidentiary support, now claims: "Plaintiffs then incorrectly claimed that the individuals were 'executives.'" Opp'n at 5, ECF No 354. Plaintiffs' proposed Reply will show these employees are executives,[3] and Nike is thus making a further misrepresentation to cover up its prior misrepresentation.

Nike also claims it did not make a misrepresentation regarding existing organizational charts because its declarant stated they do "not exist in the ordinary course of business." Opp'n at 6. This, of course, is a vague and unsupported distinction that has no support in the law, Plaintiffs' discovery request, or the August 2020 Order. Regardless, Nike unequivocally told the Court it had no existing organizational charts: "Compelling Nike to produce organizational charts, as Plaintiffs request, *would require Nike to create* documents solely for use in this litigation." Goldstein Decl. in Supp Mot. Class Cert. Ex. 15 at 76, ECF No. 291-5 (bold omitted and emphasis added); *see also id.* ("manual creation of organizational charts is the only possible way to produce 'organizational charts' to Plaintiffs.").

Nike also mischaracterizes the testimony regarding Nike's use of prior pay. *See* Opp'n at 4. Regarding Nike's reliance on Shane Walker's testimony, Plaintiffs' proposed Reply will show he testified that he only worked with executives prior to November 2017, Nike had starting

---

[1] Without a reply, the Court may need to assume Nike's mischaracterizations are accurate, which is not in the interest of justice. *See Sarnowski v. Peter*, No. 2:16-cv-00176-SU, 2017 WL 4711437, *2 (D. Or. Oct. 20, 2017) (noting court had to assume what opposition said was true because reply briefing is typically not permitted).

[2] ███████████████████████████████████████████████████████████████████

[3] ███████████████████████████████████████████████████████████████████

**PLS.' MOT. FOR LEAVE TO FILE REPLY IN SUPP. OF PLS.' MOT. TO COMPEL DISCOVERY PAGE 2**

pay guidelines before 2018, and he did not know what those pre-2018 guidelines were or who created those guidelines.  Nike misleadingly states that "Plaintiffs Elizabeth and Johnston confirmed they were never asked about their prior salaries before receiving a job offer."  Opp'n at 4.  But the testimony Nike cites does not state this.  Prince Decl. Ex. F, Elizabeth Dep. at 144:2-19, ECF No. 355.  And there is compelling evidence that Nike had both Elizabeth's and Johnston's prior salaries.  For example, Elizabeth was a contractor for Nike when Nike hired her as an employee, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉, *see* Goldstein Decl. Ex. 1, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉.

Third, Plaintiffs' reply will clarify how Nike's opposition fails to dispute key facts and law that support Plaintiffs' motion to compel.  For example, Nike does not dispute that an individual disparate impact claim requires the same prima facie showing as a class disparate impact claim: an employment practice with a disparate impact on women as a group.  *See* Mot. at 4-5; *see also generally* Opp'n (Nike failing to cite any contrary authority).  This indisputable standard confirms the necessity of merits discovery into the challenged employment practices, including how Nike set starting pay prior to October 2017.  Indeed, Nike does not dispute that it has "failed to produce any policies, guidelines, trainings, descriptions, or forms it used when determining the amount of starting pay before October 2017."  *See* Mot. at 8; *see also generally* Opp'n (Nike failing to identify a single such document or communication in its Opposition).[4]

Plaintiffs thus respectfully request leave to file a  Reply, no longer than 10 pages, within 10 days of an order granting leave.  Plaintiffs respectfully request that the Court decide this motion for leave on an expedited basis because Nike continues to make misrepresentations about

---

[4] Nike implies that it produced two different documents containing different versions of its Offer Intake Form.  But the earliest produced version of its Offer Intake Form is from October 2017.  This October 2017 document is what seemingly contains a pre-October 2017 version.

**PLS.' MOT. FOR LEAVE TO FILE REPLY IN SUPP. OF PLS.' MOT. TO COMPEL DISCOVERY PAGE 3**

the existence of discovery that Plaintiffs have been seeking for years and this discovery concerns a central allegation in this case.

Dated:  October 4, 2023                           Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

 /s/ Byron Goldstein
Laura L. Ho (admitted *pro hac vice*)
Barry Goldstein, Of Counsel (admitted *pro hac vice*)
James Kan (admitted *pro hac vice*)
Byron Goldstein (admitted *pro hac vice*)
Katharine L. Fisher (admitted *pro hac vice*)
Mengfei Sun (admitted *pro hac vice*)

MARKOWITZ HERBOLD PC
Laura Salerno Owens, OSB #076230
David B. Markowitz, OSB #742046
Harry B. Wilson, OSB #077214
Kathryn P. Roberts, OSB #064854

ACKERMANN & TILAJEF PC
Craig Ackerman (admitted *pro hac vice*)
cja@ackermanntilajef.com
1180 S Beverly Drive, Suite 610
Los Angeles, CA 90035
Tel:  (310) 277-0614
Fax:  (310) 277-0635

INDIA LIN BODIEN LAW
India Lin Bodien (admitted *pro hac vice*)
india@indialinbodienlaw.com
2522 North Proctor Street, #387
Tacoma, WA 98406-5338
Tel:  (253) 503-1672
Fax:  (253) 276-0081

Of Attorneys for Plaintiffs