IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KELLY CAHILL, SARA JOHNSTON, LINDSAY ELIZABETH, and HEATHER HENDER, individually and on behalf of others similarly situated, | Case No. 3:18-cv-01477-JR<br><br>FINDINGS AND RECOMMENDATION |
|           Plaintiffs,<br>v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>          Defendant. | |

RUSSO, Magistrate Judge:

Named plaintiffs Kelly Cahill, Sara Johnston, Lindsay Elizabeth, and Heather Hender brought this action seeking class action status alleging that defendant Nike systematically discriminates against them and other similarly situated women regarding salary and promotions. Several additional plaintiffs filed consents to join this action. During the pendency of plaintiffs' motion for class certification, defendant sought to seal certain portions of the documents filed in relation to the motion. At that time, a group of non-party media organizations, moved to intervene seeking access to sealed documents in the case. The Court granted the motion to seal in part. The Court also granted the motion to intervene for the limited purpose of challenging the parties'

Page 1 – FINDINGS AND RECOMMENDATION

stipulated redactions in regard to the briefing surrounding plaintiffs' motion for class certification. However, the Court denied intervenor's request for further briefing and to unseal or access documents produced under the protective order in place in the case. Nonetheless, the Court invited the media organizations to file a renewed motion for the purpose of opposing any remaining stipulated redactions following final resolution of the motion for class certification. The motion to certify has been denied and the media organizations now move to unredact the following documents:

• Exhibit 46 to the Declaration of Mengfei Sun in Support of Plaintiffs' Motion for Class Certification. ECF No. 284-6.

• Exhibit 47 to the Declaration of Mengfei Sun in Support of Plaintiffs' Motion for Class Certification. ECF No. 284-7.

• Exhibit 48 to the Declaration of Mengfei Sun in Support of Plaintiffs' Motion for Class Certification. ECF No. 284-8.

• Exhibit 51 to the Declaration of Mengfei Sun in Support of Plaintiffs' Motion for Class Certification. ECF No. 285-1.

• Exhibit 52 to the Declaration of Mengfei Sun in Support of Plaintiffs' Motion for Class Certification. ECF No. 285-2.

• Paragraph 16 of the Declaration of Byron Goldstein in Support of Plaintiffs' Motion for Class Certification. ECF No. 288.

• Exhibit 9 to the Declaration of Byron Goldstein in Support of Plaintiffs' Motion for Class Certification. ECF No. 290-4.[1]

---

[1] Defendant does not object to unredacting contents of the complaints in this document but maintains that redactions of the names of individuals listed as complainants, witnesses, and subjects of the complaints must remain. Plaintiffs support the motion to unseal.

Page 2 – FINDINGS AND RECOMMENDATION

For the reasons stated below, the motion is granted.

DISCUSSION

The redactions at issue involve the names of those making workplace complaints along with the names of the witnesses and subjects of and to the complaints.

The press and the public have a "general right to inspect and copy public records and documents, including judicial records." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). There is a strong presumption in favor of access to court records that "can be overridden given sufficiently compelling reasons for doing so." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003). However, with respect to judicial records filed in relation to non-dispositive motions, a more lenient standard applies when seeking to seal records. *In re Midland Nat'l Life Ins. Co. Annuity Sales Prac. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). In such situations, under Fed. R. Civ. P. 26(c), the party seeking to seal need only demonstrate "good cause." Id.

Thus, the applicable standard depends on the document's relationship to the merits of the plaintiff's claims. See Ctr. for Auto Safety v. Chrysler Grp*., LLC*, 809 F.3d 1092, 1096-99 (9th Cir. 2016) (the focus is on whether the material "at issue is more than tangentially related to the underlying cause of action"). Under the "compelling reasons" standard, the party seeking to seal or redact a judicial record bears the burden of showing that compelling reasons supported by specific factual findings outweigh the presumption of access and the public policies favoring disclosure. Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006). The "good cause" standard, in contrast, requires only a showing that "specific prejudice or harm will result." Phillips ex rel. Est. of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002).

The parties disagree over which standard applies with respect to the documents at issue. Defendant asserts the motion to certify is nondispositive and therefore the documents filed in support of the motion are merely subject to the good cause standard. Certainly, the complaints regarding pay disparities and harassment can be significant in an attempt to demonstrate class status. See, e.g., Kassman v. KPMG LLP, 416 F. Supp. 3d 252, 281 (S.D. N.Y. 2018) (quoting Int'l Bhd. of Teamsters v. United States, 431 U.S. 324, 336 (1977)) (Plaintiff's may demonstrate commonality in a disparate treatment claim via evidence of a "systemwide pattern or practice" of pervasive discrimination against the class, such that the discrimination is "the regular rather than the unusual practice." ).

Plaintiffs use of the complaints, while insufficient to demonstrate a company-wide policy rather than individualized hiring manager decisions, formed a crucial part of their motion. Public access to filed motions and their attachments does not merely depend on whether the motion is technically "dispositive," rather, access turns on whether the motion is more than tangentially related to the merits of a case. Ctr. for Auto Safety, 809 F.3d at 1101 (9th Cir. 2016). Here, such evidence may also go to the merits of the disparate impact claim itself. Generally, courts within this circuit apply the compelling reasons standard to motions to seal documents relating to class certification. See Adtrader, Inc. v. Google LLC, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020) (collecting cases). The evidence sought to be unsealed, as noted, relates to commonality and for purposes of plaintiffs' disparate impact claims, proof of commonality overlaps with the merits because both look at the reason for a particular employment decision. See, e.g., Cooper v. Fed. Rsrv. Bank of Richmond, 467 U.S. 867, 876 (1984). Accordingly, defendant must show compelling reasons to continue redaction of the names of those making workplace complaints along with the names of the witnesses and subjects of and to the complaints.

Defendant asserts that the privacy interests of third parties in the complaints, especially those made by anonymous complainants rebuts any presumption of public access. Defendant maintains unredacting the names would have a chilling effect on confidential reporting in the workplace and cause reputational damage to the subjects of the complaints especially if the complaints have been unsubstantiated. In addition, defendant asserts revealing the names of witnesses identified in the complaints may expose those witnesses to unwanted attention or ridicule. Finally, defendant asserts the public will reap no additional benefit from revealing the names beyond what they already may glean from the substance of the previously revealed documents.

Defendant largely relies on generalized assertions of purported compelling reasons to redact the names and only once specifically refers to a complaint in which the complainant is not identified. However, the proponent of redactions must provide concrete examples rather than broad conclusory allegations of harm. Foltz, 331 F.3d at 1130–31.

The names included in the documents involve Nike employees and actions that plaintiffs allege demonstrate gender discrimination and harassment by Nike itself. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. Kamakana, 447 F.3d at 1179. In addition, the desire for privacy is not a compelling reason sufficient to outweigh the public's interest in disclosure. Bracken v. Fla. League of Cities, 2019 WL 1867921, at *4 (D. Or. Apr. 24, 2019).

To the extent the individuals identified in the complaints are third parties, the public has an interest and right to access the documents that bear on plaintiffs' claims even if those documents identify non-parties to the litigation. Price v. Equilon Enterprises LLC, 2012 WL 12846100, at *1

(W.D. Wash. Nov. 20, 2012). The identity of Nike employees engaged in the very behavior plaintiffs assert resulted in discrimination certainly bear on plaintiffs' claims. The identity of complainants and witnesses similarly relate to issues going to the merits and credibility of plaintiffs' claims. Accordingly, the intervenors' motion to unseal judicial records is granted.

RECOMMENDATION

The Media Intervenors' renewed motion to unseal judicial records (ECF 343) should be granted and the following exhibits should be unredacted: Exhibit 46 to the Declaration of Mengfei Sun in Support of Plaintiffs' Motion for Class Certification (ECF No. 284-6); Exhibit 47 to the Declaration of Mengfei Sun in Support of Plaintiffs' Motion for Class Certification (ECF No. 284-7); Exhibit 48 to the Declaration of Mengfei Sun in Support of Plaintiffs' Motion for Class Certification. ECF No. 284-8); Exhibit 51 to the Declaration of Mengfei Sun in Support of Plaintiffs' Motion for Class Certification (ECF No. 285-1); Exhibit 52 to the Declaration of Mengfei Sun in Support of Plaintiffs' Motion for Class Certification (ECF No. 285-2); Paragraph 16 of the Declaration of Byron Goldstein in Support of Plaintiffs' Motion for Class Certification (ECF No. 288); and Exhibit 9 to the Declaration of Byron Goldstein in Support of Plaintiffs' Motion for Class Certification (ECF No. 290-4).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's

right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 11th day of October, 2023.

/s/ Jolie A. Russo<br>
Jolie A. Russo<br>
United States Magistrate Judge