LAURA E. ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 300
Portland, OR 97205
Telephone: (503) 294-9642
Facsimile: (503) 220-2480

DANIEL PRINCE, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
FELICIA A. DAVIS, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendant NIKE, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, SARA JOHNSTON, LINDSAY ELIZABETH, and HEATHER HENDER, individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>    Defendant. | Case No.: 3:18-cv-01477-JR<br><br>DEFENDANT NIKE, INC.'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY<br><br>EXPEDITED HEARING REQUESTED |

## **TABLE OF CONTENTS**

Page

LR 7-1(A) CERTIFICATION ................................................................................................... 1
MOTION FOR LEAVE TO FILE SUR-REPLY .................................................................... 1
MEMORANDUM OF POINTS AND AUTHORITIES .......................................................... 1
I.     INTRODUCTION ......................................................................................................... 1
II.    ARGUMENT ................................................................................................................. 3
       A.    Plaintiffs Improperly Rely on a Transcript of a Deposition that Proceeded
             Without NIKE's Knowledge While a Motion To Quash Was Pending. ............... 3
       B.    Plaintiffs Accuse NIKE of Misrepresentations and Present New
             Arguments on Reply. ............................................................................................ 6
III.   CONCLUSION .............................................................................................................. 7

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Am. Delta Party v. Wyman,*
    488 F. Supp. 3d 1018 (W.D. Wash. 2020) ................................................................................3

*Arias v. Transcor Am. LLC,*
    2018 U.S. Dist. LEXIS 41648 (D. Ariz. Mar. 13, 2018) ...........................................................4

*Barco N.V. v. Tech. Props.,*
    2011 WL 1422896 (N.D. Cal. Mar. 8, 2011) ............................................................................5

*Bazuaye v. I.N.S.,*
    79 F.3d 118 (9th Cir. 1996) .......................................................................................................3

*In re Cathode Ray Tube (CRT) Antitrust Litig.,*
    2014 WL 7206620 (N.D. Cal. Dec. 18, 2014) ..........................................................................8

*County of Multnomah v. Mortg. Elec. Registration Sys., Inc.,*
    2013 WL 12210102 (D. Or. Apr. 18, 2013) .............................................................................4

*James v. Lindstrom,*
    2016 WL 7851409 (D. Or. June 9, 2016) .................................................................................3

*Oregon Nat. Desert Ass'n v. Cain,*
    17 F. Supp. 3d 1037 (D. Or. 2014) ...........................................................................................4

*Radware, Ltd. v. F5 Networks, Inc.,*
    2016 WL 393227 (N.D. Cal. Feb. 2, 2016) ..............................................................................8

*Tounget v. Valley-Wide Recreation & Park Dist.,*
    2020 WL 8410456 (C.D. Cal. Feb. 20, 2020) ..........................................................................5

*Tovar v. USPS,*
    3 F.3d 1271 (9th Cir. 1993) .......................................................................................................3

*United States v. Mahon,*
    2011 U.S. Dist. LEXIS 67728 (D. Ariz. June 23, 2011) ..........................................................8

*United States v. Venture One Mortg. Corp.,*
    2015 WL 12532139 (S.D. Cal. Feb. 26, 2015) .........................................................................3

*Watts v. Aly,*
    2020 WL 1224281 (C.D. Cal. Jan. 29, 2020) ...........................................................................4

*WeRide Corp. v. Kun Huang*,
    No. 2019 U.S. Dist. LEXIS 22915 (N.D. Cal. Feb. 12, 2019) ..............................................4, 5

**Other Authorities**

Local Rule
    7.................................................................................................................................................1
    7-1(a).........................................................................................................................................1
    7-1(e)(3)....................................................................................................................................1
    30-3...........................................................................................................................................6
    30-6...........................................................................................................................................7

<u>**LR 7-1(a) CERTIFICATION**</u>

Pursuant to <u>Local Rule 7-1(a),</u> counsel for Nike, Inc. ("NIKE") conferred in good faith with counsel for Plaintiffs Kelly Cahill, Heather Hender, Sara Johnston, and Lindsay Elizabeth ("Plaintiffs") regarding this motion and the matters contained here.  The parties could not reach an agreement on these issues, and Plaintiffs oppose this motion.

<u>**MOTION FOR LEAVE TO FILE SUR-REPLY**</u>

Pursuant to Local Rule 7, NIKE respectfully moves for leave to file a sur-reply in opposition to Plaintiffs' Motion to Compel Discovery.  <u>Local Rule 7-1(e)(3)</u> provides that "[u]nless directed by the Court, no further briefing is allowed [after a moving party's reply brief.]"  However, where a moving party introduces new authorities, arguments, or evidence in connection with a reply brief—as Plaintiffs have done here—leave to file a sur-reply is appropriate to allow the non-moving party to respond.  NIKE can be prepared to file its sur-reply within ten (10) days of the Court's order granting NIKE leave to file its sur-reply.  This Request is supported by the following Memorandum of Points and Authorities, and such further oral argument and documentary evidence as may be presented at or before the hearing on this motion.  NIKE requests an expedited hearing on its request.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

Plaintiffs' Reply in Support of its Motion to Compel Discovery (the "Reply") admittedly introduces deposition testimony that was not cited in Plaintiffs' Motion to Compel Discovery ("Motion to Compel").  Not only is this deposition testimony new, but it was also obtained in bad faith.  Indeed, while NIKE's motion to quash the deposition subpoena (the "Motion to Quash") was pending, Plaintiffs took the deposition of former Human Resources Business Partner, Genevieve Long, in NIKE's absence.  Plaintiffs were fully aware that NIKE's motion

sought to quash the deposition, meaning the deposition should not have proceeded pending the Court's consideration of the arguments. The parties' email correspondence, and the request for relief in NIKE's motion, made this abundantly clear. Yet, Plaintiffs decided it was best to proceed with the deposition surreptitiously. The parties have taken more than 30 depositions in this case, and for those depositions, counsel (including, at times, with the court reporter) discussed or exchanged correspondence about logistics in advance of the deposition. That includes, for example, Zoom instructions (if the deposition would be virtual), or even whether a party desired a real-time deposition feed to follow along with the testimony. None of that occurred here. NIKE only learned of the deposition because, *the day after the deposition*, the court reporter contacted NIKE's counsel to inquire whether NIKE wanted a copy of the transcript. To be clear, this is not a case in which NIKE refused to participate—in fact, before this, NIKE had participated in every deposition in this case (*i.e.,* party, non-party, and expert witnesses).

There also was and is no deadline or other reason why Plaintiffs were in such a rush to proceed with the Long deposition before the Court would have a chance to resolve NIKE's Motion to Quash. The discovery cut-off is in March 2024. Yet, Plaintiffs' bad faith litigation tactics were on full display here.

In any event, Plaintiffs argue on reply, based on a few snippets of testimony—from a witness lacking personal knowledge and foundation, and whom was not cross-examined or even asked proper follow-up questions—that the Long deposition and other purported materials support their Motion to Compel. That is not true. First, nothing in that deposition relates to the named Plaintiffs or their claims—in fact, throughout the parties' meetings of counsel Plaintiffs dodged that simple, threshold question of the nexus between Long's testimony and the named

Plaintiffs' claims. Second, neither Long's testimony nor other information establishes claimed misrepresentations. NIKE should be afforded the opportunity, on sur-reply, to address these allegations.

## II. ARGUMENT

It is well settled that "submission of arguments or evidence for the first time upon reply is improper[,] as it unfairly deprives the non-movant of an opportunity to respond." *Am. Delta Party v. Wyman*, 488 F. Supp. 3d 1018, 1022 n.2 (W.D. Wash. 2020) (citing *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)), *appeal dismissed*, No. 20-35893, 2020 WL 9218085 (9th Cir. Dec. 10, 2020). Thus, generally speaking, issues and evidence raised for the first time in a reply brief are waived. *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived."). A court has the discretion to either strike the reply declarations and portions of the reply brief that present new material or consider the new material after affording the nonmoving party an opportunity to respond. *Tovar v. USPS*, 3 F.3d 1271, 1273 (9th Cir. 1993); *James v. Lindstrom*, No. 2:15-CV-00919-SU, 2016 WL 7851409, at *5 (D. Or. June 9, 2016) ("[T]he Ninth Circuit makes clear that a district court may consider evidence presented for the first time with a reply brief *if* the district court has given the adverse party an opportunity to respond") (emphasis added), *report and recommendation adopted*, No. 2:15-CV-00919-SU, 2016 WL 4251577 (D. Or. Aug. 10, 2016); *United States v. Venture One Mortg. Corp.*, 2015 WL 12532139, at *2 (S.D. Cal. Feb. 26, 2015) (allowing the plaintiff an opportunity to file a sur-reply addressing the new material).

### A. Plaintiffs Improperly Rely on a Transcript of a Deposition that Proceeded Without NIKE's Knowledge While a Motion To Quash Was Pending.

District courts routinely permit sur-replies where a moving party introduces new

evidence on reply.[1]  *See e.g.*, *WeRide Corp. v. Kun Huang,* No. 2019 U.S. Dist. LEXIS 22915, at *3 (N.D. Cal. Feb. 12, 2019) (granting leave to file a sur-reply where the reply introduced new evidence); *Arias v. Transcor Am. LLC,* 2018 U.S. Dist. LEXIS 41648, at *2 (D. Ariz. Mar. 13, 2018) (same); *Watts v. Aly*, 2020 WL 1224281, at *2 (C.D. Cal. Jan. 29, 2020) (granting request to file sur-reply and reasoning, "[i]f a party raises a new argument or presents new evidence in a reply brief, a court may consider these matters only if the adverse party is given an opportunity to respond").

Plaintiffs readily admit that they rely on new evidence in their Reply.  *See* Dkt. No. 360 at 2 ("First, recent deposition testimony, *obtained after Plaintiffs' motion to compel discovery* further supports Plaintiffs' evidence . . . .") (emphasis added).  This alone not only justifies, but mandates, that NIKE be afforded an opportunity to address such evidence on a sur-reply.  *See Tounget v. Valley-Wide Recreation & Park Dist.*, 2020 WL 8410456, at *2 (C.D. Cal. Feb. 20, 2020) ("A 'valid reason' to grant leave to file a sur-reply exists when new and previously unavailable evidence becomes available subsequent to the filing of a brief."); *Barco N.V. v. Tech. Props.*, 2011 WL 1422896, at *3 (N.D. Cal. Mar. 8, 2011) (granting leave to file sur-reply to consider previously unavailable evidence pertinent to motion for summary judgment); *WeRide Corp.*, 2019 U.S. Dist. LEXIS 22915, at *4 (granting sur-reply where the party itself characterized the evidence as "newly-discovered facts").  Allowing Plaintiffs to rely on this

---

[1] In fact, out of an abundance of caution, courts in the Ninth Circuit permit sur-replies even where they disagree that new arguments and evidence have been presented on reply. *See, e.g.*, *Oregon Nat. Desert Ass'n v. Cain*, 17 F. Supp. 3d 1037, 1048 (D. Or. 2014) ("[W]hile I do not agree that all of the evidence and arguments ONDA identifies as 'new' are, in fact, new, I will nevertheless grant ONDA's motion for leave to file a surreply."); *County of Multnomah v. Mortg. Elec. Registration Sys., Inc.*, No. 3:13-cv-00144-HZ, 2013 WL 12210102, at *3-4 (D. Or. Apr. 18, 2013) (granting defendants leave to file sur-reply in opposition to plaintiff's motion to remand where "plaintiff's Reply could be construed as introducing new arguments").

Page 4    -    DEFENDANT NIKE, INC.'S MOTION FOR LEAVE TO FILE SUR-REPLY IN
                OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY

evidence without also permitting NIKE a chance to address this evidence would severely prejudice NIKE.

This is especially true considering the questionable circumstances under which Plaintiffs obtained this new "evidence." Plaintiffs' bad faith tactics concerning the deposition of Ms. Genevieve Long began during the parties' meet and confer regarding scheduling and the scope of potential testimony. Dkt. No. 347-1 ¶¶ 5-7. NIKE's counsel made very reasonable requests to move the deposition to a mutually agreeable date and to explain the potential scope of the testimony, as without it, the deposition appeared to improperly target issues unrelated to the named Plaintiffs remaining in this matter. *Id*. Plaintiffs initially refused both requests. *Id*. While Plaintiffs ultimately rescheduled the deposition, Plaintiffs did not provide NIKE with *any* information regarding the potential scope of the deposition, despite being afforded multiple opportunities by NIKE to do so. *Id.* Plaintiffs' tactics necessitated the filing of a Motion to Quash, as NIKE had serious concerns related to privilege and that Plaintiffs were attempting to reopen long-since closed class discovery to take a deposition that they had every ability to take prior to the class certification briefing. Dkt. No. 347.

While NIKE's Motion to Quash was pending and scheduled for the Court's under advisement calendar for October 2, 2023, however, Plaintiffs took the deposition of Ms. Long on September 27, 2023 (the "Long Deposition"), without NIKE present. Plaintiffs were fully aware of the Motion to Quash, which should have suspended the deposition unless or until the Court ordered it. Dkt. No. 356 at Ex. A. The deposition should not have gone forward absent ruling or instruction from the Court as to the important issues raised in NIKE's Motion to Quash, including those related to privilege. Despite this, and shockingly, NIKE received an email a day after the deposition on September 28, 2023, not from Plaintiffs, but from a court reporter asking

Page 5    -    DEFENDANT NIKE, INC.'S MOTION FOR LEAVE TO FILE SUR-REPLY IN
               OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY

whether NIKE would like a copy of the transcript from the Long Deposition. *Id*. at Ex. B. At no point prior to the deposition did Plaintiffs contact NIKE regarding logistics for the deposition, nor did Plaintiffs notify NIKE that they intended to proceed with the deposition despite the pending Motion to Quash.[2] At best, Plaintiffs were content to leave NIKE in the dark and without any ability to object to Plaintiffs' questioning, or, importantly, to cross-examine the third party witness. At worst, the entire series of events was by design.[3] Either way, Plaintiffs have engaged in conduct that strains civility and professional conduct, as well as the rules of this Court. LR 30-3 ("Counsel present at a deposition will not engage in any conduct that would not otherwise be allowed in the presence of a judge."); LR 30-6 (the court can suspend a deposition for bad faith deposition techniques).

To alleviate the significant prejudice to NIKE, the Court should, at minimum, afford NIKE the opportunity to address the testimony—an opportunity that was unilaterally taken from it when Plaintiffs proceeded with the deposition without NIKE. This is particularly true because Plaintiffs' characterization of the evidence is incorrect and fails to take into account the serious evidentiary issues surrounding the testimony. NIKE should be permitted to address these allegations and the evidence purportedly supporting them.

    **B.**     **Plaintiffs Accuse NIKE of Misrepresentations and Present New Arguments on Reply.**

Courts also will grant leave to file a sur-reply in order to consider evidence or arguments

---

[2] Plaintiffs undoubtedly had no intention to contact NIKE's counsel or even wait to ensure that counsel was not lost or encountering some other issue. Indeed, Plaintiffs noticed the in-person deposition for 9:30 a.m. and the deposition began at 9:32 a.m. without NIKE. *Compare* Dkt. 347-1, Ex. A *with* Dkt. No. 361.

[3] Notably, this was the first and only in-person deposition without a Zoom option, scheduled, instead, to take place in Oregon. At no time prior to the deposition did Plaintiffs provide logistical instructions regarding the location of the deposition.

Page 6   -   DEFENDANT NIKE, INC.'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY

that give a more complete picture of the issues in need of resolution.  *See, e.g.*, *Radware, Ltd. v. F5 Networks, Inc.*, 2016 WL 393227, at *2 (N.D. Cal. Feb. 2, 2016) (granting leave to file sur-reply because it "helped to crystalize the disputed issues"); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 7206620, at *1 n.2 (N.D. Cal. Dec. 18, 2014) (granting leave to file sur-reply "in the interests of completeness and judicial efficiency").  Sur-replies have also been permitted to allow a party to address purported misrepresentations.  *See e.g.*, *United States v. Mahon*, 2011 U.S. Dist. LEXIS 67728, at *3 (D. Ariz. June 23, 2011) (allowing a sur-reply to address the argument that the government made numerous misrepresentations).

Plaintiffs accuse NIKE of numerous misrepresentations in their Reply.  Dkt. No. 366 at 3-5, 7-9.  In doing so, Plaintiffs, themselves, engage in several mischaracterizations of the evidence in this matter.  Dkt. No. 360 at 4.  This includes heavy reliance on Ms. Long's testimony, as well as other new evidence attached to the Declaration of Byron Goldstein, to purportedly support their allegations of misrepresentations against NIKE.  *E.g.*, Dkt. Nos. 369-1-369-11, 366 Appendix A.  NIKE's sur-reply will address both this evidence and Plaintiffs' own mischaracterizations in order to clarify and correct the record.

### III.   CONCLUSION

For the foregoing reasons, NIKE respectfully requests the Court to grant NIKE leave to file a sur-reply.

Dated:  October 17, 2023                    Respectfully submitted,

*/s/ Daniel Prince*
_____

Daniel Prince, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
Felicia A. Davis, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
PAUL HASTINGS LLP

Page 7    -    DEFENDANT NIKE, INC.'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY

        515 South Flower Street, 25th Floor
        Los Angeles, CA  90071-2228
        Telephone:  (213) 683-6000
        Facsimile:  (213) 627-0705

        Laura E. Rosenbaum, OSB No. 110061
        laura.rosenbaum@stoel.com
        STOEL RIVES LLP
        760 SW Ninth Avenue, Suite 3000
        Portland, OR  97205
        Telephone:  (503) 294-9642
        Facsimile:  (503) 220-2480

        Attorneys for Defendant NIKE, INC.

Page 8 - DEFENDANT NIKE, INC.'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY