**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Kathryn P. Roberts, OSB #064854**
KathrynRoberts@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085 | Fax: (503) 323-9105

**Laura L. Ho** (admitted *pro hac vice*)
lho@gbdhlegal.com
**Barry Goldstein, Of Counsel** (admitted *pro hac vice*)
bgoldstein@gbdhlegal.com
**James Kan** (admitted *pro hac vice*)
jkan@gbdhlegal.com
**Byron Goldstein** (admitted *pro hac vice*)
brgoldstein@gbdhlegal.com
**Katharine L. Fisher** (admitted *pro hac vice*)
kfisher@gbdhlegal.com
**Mengfei Sun** (admitted *pro hac vice*)
msun@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
Telephone: (510) 763-9800 | Fax: (510) 835-1417

Counsel for Plaintiffs, Opt-in Plaintiffs and Putative Class

[Additional Counsel of Record listed on the Signature page]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

KELLY CAHILL, et al., individually and on behalf of others similarly situated,

Plaintiffs,

vs.

NIKE, INC., an Oregon Corporation,

Defendant.

Case No. 3:18-cv-01477-JR

**PLAINTIFFS' OPPOSITION TO NIKE'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

**Oral Argument Requested**

## I. SUMMARY

The underlying motion is Plaintiffs' request for an order compelling Nike to produce responsive discovery regarding its starting pay practices before October 2017 and to provide information concerning the existence of this discovery. *See* ECF No. 349 at 12 (specific relief requested).

Nike's seven-page Motion for Leave to File Sur-Reply (ECF No. 370) ("Request") provides only general assertions about most of Plaintiffs' Reply. While Nike claims "Plaintiffs' characterization of the evidence is incorrect," it does not provide a single concrete example. *See id.* at 10. Nike refers to "concerns related to privilege" for the deposition testimony, but it provides no specifics. *See id.* at 10. Regardless, although Nike has had the transcript, it has not even suggested, to either Plaintiffs or the Court, that any of testimony raises such concerns.

Nike states, Plaintiffs "Present New Arguments on Reply." *Id.* at 10. But Nike does not identify a single new argument. In addition, Nike's Request makes no assertions about the undisputed facts and law identified in Plaintiffs' Reply. *See* ECF No. 366 at 2-4, 10.[1]

Instead, Nike focuses on alleged issues surrounding a third-party deposition. *See* ECF No. 370 at 5-7, 8-10 (focusing on this third-party deposition). Although it claims there is "heavy reliance" on this testimony in the Reply (*id.* at 11), the Reply cites just two parts of this testimony, which is done in support of substantial additional evidence, *see* ECF No. 366 at 8-9.[2]

Yet Plaintiffs must oppose Nike's Request because they cannot condone Nike's extreme language and unsubstantiated accusations. Moreover, Nike does not meet its burden of showing compelling reasons for a sur-reply. In contrast, further briefing causes delay and wastes judicial

---

[1] Nike's claims about the meet and confer prior to its Motion to Quash are addressed in Plaintiffs' Opposition to that Motion. *See* ECF No. 352 at 2-3, 5-6.

[2] Plaintiffs can submit the entire transcript if the Court wants. It is about 60 pages.

resources. Nike's request should thus be denied. Alternatively, Nike can be provided with an opportunity at a hearing to address the testimony its motion focuses on.

## II. ARGUMENT

A sur-reply requires a compelling reason. *See, e.g., Numrich v. Qwest Corp.*, No. 3:14-cv-01864-BR, 2015 WL 1883917, at *3 (D. Or. Apr. 23, 2015) ("surreplies are disfavored and the party seeking to submit one has to demonstrate a compelling reason for permitting the additional filing and such requests are routinely disallowed when that burden is not met.") (citations omitted).

### A. It Is Well-Established That a Motion for a Protective Order Does Not Automatically Stay a Deposition.

Nike asserts, "Plaintiffs were fully aware of the Motion to Quash, which should have suspended the deposition unless or until the Court ordered it." ECF No. 370. But this position is the opposite of well-established law: a motion for a protective order or to quash, like any motion, is not self-executing because such a rule would be "an intolerable clog upon the discovery process." *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964) (rejecting a similar argument to Nike's because, "[u]nder the Rules, it is for the court, not the deponent or his counsel, to relieve him of the duty to appear."); *see also, e.g.,* Fed. R. Civ. P. 37 advisory committee's note to 1993 amendment ("the filing of a motion under Rule 26(c) is not self-executing—the relief authorized under that rule depends on obtaining the court's order to that effect.").[3]

---

[3] *See also, e.g., Livingston v. Boeing Co.*, No. CV121220SVWDTBX, 2013 WL 12130581, at *1 (C.D. Cal. Oct. 11, 2013) ("it is well-settled that unless a party or witness files a motion for a protective order and seeks and obtains a stay prior to the deposition—which was not done here—a party or witness has no basis to refuse to attend a properly noticed deposition.") (emphasis in original) (citation omitted).

Moreover, Nike does not need another filing because it submitted argument about why the deposition should not have occurred in its "Notice of Improper Deposition." ECF No. 356.

**B. After Plaintiffs Rescheduled the Deposition at Nike's Request, It Occurred At the Exact Place, Date, and Time that Nike Was Provided Well in Advance.**

Nike accuses Plaintiffs of "surreptitiously" deposing the third-party witness, and Nike claims it "only learned of the deposition … *the day after the deposition* ….". ECF No. 370 at 6 (emphasis in original). But here is what occurred:

- **8/25/23**: Plaintiffs serve a third-party with a subpoena for an in-person deposition on 9/7/23. That same day, Plaintiffs provide Nike with a copy of this subpoena.
- **8/28/23**: Nike told Plaintiffs they were unavailable on 9/7/23. That same day, Plaintiffs asked Nike for alternative dates to reschedule the deposition.
- **8/30/23-9/6/23**: Nike provides its availability for rescheduling this deposition. Plaintiffs contact the witness' counsel about rescheduling to a date Nike is available. After the witness' attorney confirmed availability, Plaintiffs provide the revised subpoena to the third-party and Nike on 9/6/23. This subpoena notices an in-person deposition for 9/27/23, a date Nike stated it was available, and the subpoena tells Nike the exact date, time, street address, and suite number for the deposition.
- **9/12/23**: Nike filed its Motion to Quash, which did not request expedited review.
- **9/26/23**: Plaintiffs' Opposition to Nike's Motion to Quash is filed, again making clear the deposition was proceeding according to the reissued subpoena. *See, e.g.,* ECF No. 352 at 2 ("Nike chose to file a Motion for a Protective Order … that will not be decided until after the deposition it seeks to prevent. Nike's Motion is thus moot. When it filed this Motion, Nike knew its Motion would be moot."); *id.* at 8 ("Nike will have the opportunity to assert the privilege at the deposition, which has been rescheduled, at Nike's request, to September 27, a date Nike said it would be able to attend.").
- **9/27/23**: Deposition occurred at the location, date, and time listed in the subpoena. The deposition took less than two hours.

In addition, Nike knows that it is well-established that the filing of a motion for a protective order or to quash does not stay a deposition. Plaintiffs described this law to Nike in their opposition to Nike's December 2020 request for a protective order against Plaintiffs' Rule 30(b)(6) deposition notice. *See* ECF No. 166-4 at 27 ("The mere filing of a motion for protective

order under Fed. R. Civ. P. 26(c) 'is not self-executing'") (collecting cases). Nike confirms its awareness because its Request does *not* claim any order, law, or rule automatically stayed the deposition when it filed its motion.

The Request also accuses Plaintiffs of bad faith because the Parties had not "discussed or exchanged correspondence about logistics in advance of the deposition." *See* ECF No. 370 at 6. First, the Parties did discuss logistics – Nike requested to reschedule, which Plaintiffs then accommodated. Second, the original and revised subpoenas noticed an in-person deposition for a specific place, date, and time. For every prior deposition, at least one of the Parties requested that the deposition occur remotely.[4] Neither the third-party nor Nike requested a remote deposition. The law required the witness to appear, which she did with counsel, while Nike chose to neither appear nor request remote access.

## III. CONCLUSION

Instead of appearing at the deposition or asking to join remotely, or providing the discovery Plaintiffs' Motion requests, Nike chose to file a Motion for a Protective Order to stop a third-party witness, who did not object, from testifying in what was a less-than-two-hour deposition, then chose to file a "Notice of Improper Deposition," and now this Request, which recycles many of the assertions it made in its Notice of Improper Deposition.

Plaintiffs thus respectfully request that Nike's Motion for Leave to File a Sur-Reply in Opposition to Plaintiffs' Motion to Compel Discovery be denied. Alternatively, Nike can be provided with an opportunity at a hearing to address the testimony it focuses on.

---

[4] The prior depositions occurred from about December 2020 to October 2021, during the Pandemic.

Dated: October 19, 2023

Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

*/s/ Byron Goldstein*

Laura L. Ho (admitted *pro hac vice*)
Barry Goldstein, Of Counsel (admitted *pro hac vice*)
James Kan (admitted *pro hac vice*)
Byron Goldstein (admitted *pro hac vice*)
Katharine L. Fisher (admitted *pro hac vice*)
Mengfei Sun (admitted *pro hac vice*)

MARKOWITZ HERBOLD PC
Laura Salerno Owens, OSB #076230
David B. Markowitz, OSB #742046
Harry B. Wilson, OSB #077214
Kathryn P. Roberts, OSB #064854

ACKERMANN & TILAJEF PC
Craig Ackerman (admitted *pro hac vice*)
cja@ackermanntilajef.com
1180 S Beverly Drive, Suite 610
Los Angeles, CA 90035
Tel: (310) 277-0614
Fax: (310) 277-0635

INDIA LIN BODIEN LAW
India Lin Bodien (admitted *pro hac vice*)
india@indialinbodienlaw.com
2522 North Proctor Street, #387
Tacoma, WA 98406-5338
Tel: (253) 503-1672
Fax: (253) 276-0081

Of Attorneys for Plaintiffs and Opt-In Plaintiffs