LAURA E. ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 300
Portland, OR 97205
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

DANIEL PRINCE, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
FELICIA A. DAVIS, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendant NIKE, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, SARA JOHNSTON, LINDSAY ELIZABETH, and HEATHER HENDER, individually and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>        Defendant. | Case No.: 3:18-cv-01477-JR<br><br>DEFENDANT NIKE, INC.'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS & RECOMMENDATION DATED OCTOBER 11, 2023 (ECF NO. 363) PURSUANT TO FED. R. CIV. P. 72(a)<br><br>REQUEST FOR ORAL ARGUMENT |

# TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ............................................................. 1

II.    PROCEDURAL BACKGROUND.......................................................... 3

III.    ARGUMENT ....................................................................................... 5

    A.    Standard Of Review Under Rule 72(a). ................................. 5

    B.    Pursuant To Rule 72(a), The Court Should Set The Findings & Recommendation Aside As Contrary To Law. ...................................... 7

        1.    The Findings & Recommendation Ignore That The "Good Cause" Standard Applies To Redaction Requests Accompanying Motions Tangentially-Related To The Merits Of The Case. ................................. 7

        2.    The Findings & Recommendation Ignore Case Law Finding Third-Parties' Privacy Is A Compelling Reason To Redact Names. .................. 9

        3.    The Findings & Recommendation Erroneously Rely On Inapposite Case Law. ............................................................................... 14

        4.    The Findings & Recommendation Ignore The Reasonableness Of NIKE's Limited Redactions, Which Are Supported By Case Law. ........ 15

IV.    CONCLUSION.................................................................................. 16

# **TABLE OF AUTHORITIES**

**Page(s)**

CASES

*Bakki v. Boeing Co.*,
2021 WL 962488 (W.D. Wash. Mar. 15, 2021) .......................................................13

*Bracken v. Fla. League of Cities*,
2019 WL 1867921 (D. Or. Apr. 24, 2019) ..............................................................14

*Coates v. Farmers Grp., Inc.*,
2016 WL 8223348 (N.D. Cal. Jan. 25, 2016) ............................................................8

*Crispin v. Christian Audigier, Inc.*,
717 F. Supp. 2d 965 (C.D. Cal. 2010) ...................................................................5, 6

*Ctr. for Auto Safety v. Chrysler Grp., LLC*,
809 F.3d 1092 (9th Cir. 2016) ...........................................................................7, 10

*Delaittre v. Berryhill*,
2017 WL 6310483 (W.D. Wash. Dec. 11, 2017) ....................................................13

*Doe v. Va. Polytechnic Inst. & State Univ.*,
2022 WL 67324 (W.D. Va. Jan. 6, 2022) ...............................................................11

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
331 F.3d 1122 (9th Cir. 2003) .........................................................................10, 15

*Gnassi v. del Toro*,
2022 WL 3867376 (W.D. Wash. Aug. 30, 2022) ....................................................10

*Gregory v. City of Vallejo*,
2014 WL 4187365 (E.D. Cal. Aug. 21, 2014) .........................................................10

*Hanson v. Wells Fargo Home Mortg., Inc.*,
2013 WL 5674997 (W.D. Wash. Oct. 17, 2013) .......................................................7

*Heath v. Google LLC*,
2018 WL 11465387 (N.D. Cal. June 22, 2018) .........................................................8

*Hill v. Xerox Corp.*,
2014 WL 1356212 (W.D. Wash. Apr. 7, 2014) .........................................................8

*Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*,
2015 WL 984121 (N.D. Cal. Mar. 4, 2015) .............................................................10

*Ingram v. Pac. Gas & Elec. Co.*,
2013 WL 6174487 (N.D. Cal. Nov. 22, 2013) ...........................................................6

*Kamakana v. City & Cnty. of Honolulu*,
447 F.3d 1172 (9th Cir. 2006) ..........................................................................7, 11

*Kautsman v. Carrington Mortg. Servs.*,
2017 U.S. Dist. LEXIS 153550 (W.D. Wash. Sept. 19, 2017) ..................................8

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Mirlis v. Greer,*
  952 F.3d 51 (2d. Cir. 2020)................................................................11

*Moussouris v. Microsoft Corp.,*
  2018 WL 1159251 (W.D. Wash. Feb. 16, 2018)...................................11

*Music Grp. Macao Com. Offshore Ltd. v. Foote,*
  2015 WL 3993147 (N.D. Cal. June 30, 2015).....................................10

*Myles v. County of San Diego,*
  2017 WL 274829 (S.D. Cal. Jan. 19, 2017).........................................10

*Nixon v. Warner Commc'ns, Inc.,*
  435 U.S. 589 (1978)............................................................................11

*Philips v. Ford Motor Co.,*
  2016 WL 7374214 (N.D. Cal. Dec. 20, 2016).......................................8

*Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.,*
  307 F.3d 1206 (9th Cir. 2002).............................................................9

*Price v. Equilon Enterprises LLC,*
  2012 WL 12846100 (W.D. Wash. Nov. 20, 2012).........................14, 15

*Quatama Park Townhomes Owners Ass'n v. RBC Real Estate Fin., Inc.,*
  365 F. Supp. 3d 1129 (D. Or. 2019)....................................................6

*Rawcar Grp., LLC v. Grace Med., Inc.,*
  2014 WL 12496548 (S.D. Cal. Aug. 4, 2014)........................................6

*Reflex Media, Inc. v. Doe No. 1,*
  2022 WL 2985938 (D. Nev. July 28, 2022)..........................................3

*Romero v. County of Santa Clara,*
  2014 WL 12641990 (N.D. Cal. June 17, 2014)......................................3

*SEC v. Ripple Labs, Inc.,*
  2023 WL 3477552 (S.D.N.Y. May 16, 2023)...................................11, 13

*Sentynl Therapeutics, Inc. v. U.S. Specialty Ins. Co.,*
  2021 WL 794271 (S.D. Cal. Mar. 1, 2021), *aff'd*,
  2022 WL 706941 (9th Cir. Mar. 9, 2022)..............................................3

*Sessa v. Ancestry.com Operations Inc.,*
  2023 WL 1795856 (D. Nev. Feb. 6, 2023)............................................8

*Skurkis v. Montelongo,*
  2016 WL 4719271 (N.D. Cal. Sept. 9, 2016).......................................11

*Spam Arrest, LLC v. Replacements, Ltd.,*
  2013 WL 4478645 (W.D. Wash. Aug. 20, 2013)...................................10

*Stoba v. Saveology.com, LLC,*
  2016 WL 1257501 (S.D. Cal. Mar. 31, 2016).........................................8

**TABLE OF AUTHORITIES**

(continued)

**Page(s)**

*True Health Chiropractic, Inc. v. McKesson Corp.*,
  2019 WL 11743580 (N.D. Cal. Aug. 13, 2019) .....................................................7

*United States v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90, Exit
  514, S. of Billings, Mont.*,
  658 F.3d 1188 (9th Cir. 2011) ...............................................................................15

*United States v. Mayers*,
  2017 WL 2215805 (W.D. Wash. May 19, 2017).....................................................3

*United States v. McConney*,
  728 F.2d 1195 (9th Cir. 1984) (*en banc*), *overruled on other grounds by
  Estate of Merchant v. C.I.R.*,
  947 F.2d 1390 (9th Cir. 1991) .................................................................................6

*Weeks v. Union Pac. R.R. Co.*,
  2017 WL 1740123 (E.D. Cal. May 3, 2017) ......................................................5, 6

**STATUTES**

28 U.S.C. § 636(b)(1)(A) ................................................................................................5

28 U.S.C. § 2106................................................................................................................5

**RULES**

FED. R. CIV. P. 23 ..........................................................................................................2, 15

FED. R. CIV. P. 26(c)(1) ....................................................................................................9

FED. R. CIV. P. 72(a) ...............................................................................................3, 5, 6, 7

**TREATISES**

12 Charles Alan Wright and Arthur R. Miller, *et al.*,
  *Federal Practice and Procedure: Civil § 3069 (3d ed. 2018)*...................................6

## I.    **PRELIMINARY STATEMENT**

These objections concern whether the privacy interests of complainants, third-party witnesses, and alleged persons of interest identified in unsubstantiated and uncorroborated complaint files outweigh the interests of the Media Intervenors to embarrass and shame individuals who did not consent to disclosure of their confidential information.[1]  The impact on privacy is particularly troubling where, as here, the complaints were often made anonymously, describe events that purportedly occurred many years before a small pamphlet of materials containing these complaints was provided to NIKE in or about December 2017,[2] and largely concern former employees whose personal and/or professional reputations ought not be damaged by unsubstantiated allegations to which they have no opportunity to respond.[3]

As the Court is aware, this is *not* a harassment case.  Yet, even though the unsubstantiated complaints alleging workplace (mis)conduct have *nothing* to do with the pay equity and promotion claims here,[4] it is undisputed that the allegations themselves—whether true or not—have been made available to Plaintiffs, the Media Intervenors, and exist in the public

---

[1] "Media Intervenors" refers to Non-Party Media Organizations Insider Inc. *d/b/a Business Insider*, Advance Local Media LLC *d/b/a Oregonian Media Group*, and American City Business Journals, Inc. *d/b/a Portland Business Journal*.

[2] Where possible, NIKE retained outside counsel to investigate the allegations.

[3] Specifically, the Media Intervenors seek to unseal the redacted content in Exhibits 46 (ECF No. 284-6), 47 (ECF No. 284-7), 48 (ECF No. 284-8), 51 (ECF No. 285-1), and 52 (ECF No. 285-2) of the Declaration of Mengfei Sun in Support of Plaintiffs' Motion for Class Certification, Paragraph 16 of the Declaration of Byron Goldstein in Support of Plaintiffs' Motion for Class Certification ("Goldstein Decl.") (ECF No. 288), and Exhibit 9 to the Goldstein Decl. (ECF No. 290-4) (collectively, the "Documents").  Exhibit 9 to the Goldstein Decl. at pages 17, 18, 25, 31, and 32, includes redactions of the contents of complaints, rather than just the names of complainants, witnesses, and subjects of complaints.  NIKE maintains that the names of any individuals on these pages should be redacted, but does not otherwise oppose lifting the redactions.

[4] Further, none of the claims appear to assert allegations of non-consensual conduct.

Page 1    -    DEF. NIKE, INC.'S OBJECTIONS TO THE MAGISTRATE JUDGE'S
               FINDINGS & RECOMMENDATION PURSUANT TO FED. R. CIV. P. 72(a)

domain.[5]  In fact, such allegations have been repeated in court filings and news publications. *See, e.g.*, Edward Helmore, *[Nike lawsuit records allege culture of sexism, bullying and fear of retaliation,](https://www.theguardian.com/business/2022/dec/20/nike-lawsuit-records-sexual-abuse-toxic-workplace-claim)* [The Guardian](https://www.theguardian.com/business/2022/dec/20/nike-lawsuit-records-sexual-abuse-toxic-workplace-claim), Dec. 22, 2022 ([https://www.theguardian.com/business/2022/dec/20/nike-lawsuit-records-sexual-abuse-toxic-workplace-claim](https://www.theguardian.com/business/2022/dec/20/nike-lawsuit-records-sexual-abuse-toxic-workplace-claim)) (last visited October 25, 2023); *see also* ECF No. 146 at 37-39.  None of these shaming allegations—and certainly not the names of the complainants, witnesses, and alleged persons of interest—had any bearing on the Court's finding that Plaintiffs failed to meet their burden under [Rule 23](#) to certify a class action.  Nor did the failure to disclose the identities of complainants, witnesses, and alleged persons of interest preclude the Ninth Circuit from denying Plaintiffs' petition for an immediate appeal.

The Findings & Recommendation (the "Findings"), however, assert that the privacy interests of the complainants, witnesses, and alleged persons of interest are not sufficiently specific here.  ECF No. 363 at 5-6.  But the Findings do not clarify the amount of proof or showing required to establish a specific privacy interest, whether under a "compelling reasons" or "good cause" standard.  As NIKE has argued, the identities of these individuals are completely unrelated to Plaintiffs' Motion for Class Certification, a non-dispositive motion that is only tangentially related to the causes of action.  As a result, the "good cause" standard applies to the narrowly-tailored redactions in this case.  Nevertheless, NIKE sufficiently demonstrated that, under either the "good cause" or the "compelling reasons" standard, the limited redactions

---

[5] Sun Declaration, Exhibits 46, 47, 51, and 52 relate, at least in part, to allegations of sexual harassment or observance of a consensual sexual act, rather than discrimination or pay equity and thus have no bearing on Plaintiffs' claims in this case.

of the names of complainants, witnesses, and alleged persons of interest should be maintained to protect their privacy.[6]

Certainly, the law does not require that NIKE provide a third-party declaration stating, for example, that a third-party's personal or professional reputation would be harmed if uncorroborated allegations of his/her conduct (including details about his/her private life, relationship, or intimate partners) were revealed in the newspaper. Under the Findings, *even that* would be insufficient to outweigh the Media Intervenors' claimed right of access here. The law is not so rigid. Nor should it be construed to yield this result. Therefore, pursuant to Federal Rule of Civil Procedure 72(a), NIKE respectfully requests that the Findings are set aside as contrary to law. Nike further requests oral argument on its objections.

## II.    PROCEDURAL BACKGROUND

Plaintiffs and NIKE had previously agreed to redact select matters from the Parties' class certification briefing, principally the names of complainants, witnesses, and subjects of complaints (the "Third Parties") that were collected incident to the leafletting that occurred on NIKE's campus in late 2017. ECF No. 273 at 13 (the Parties had worked together to "review previously sealed documents and re-lodge unsealed or redacted versions where appropriate."); *id* at 12 (the Parties agreed to keep redacted "the names of any individuals named in allegations of sexual harassment or gender discrimination at Nike that have not already been made public[.]").

---

[6] *See e.g.*, *Reflex Media, Inc. v. Doe No. 1*, 2022 WL 2985938, at *2 (D. Nev. July 28, 2022) (sealing personal identifying information of victims of the alleged extortion business); *Sentynl Therapeutics, Inc. v. U.S. Specialty Ins. Co.*, 2021 WL 794271, at *3 (S.D. Cal. Mar. 1, 2021), *aff'd*, 2022 WL 706941 (9th Cir. Mar. 9, 2022) (sealing non-parties' names because it "runs a substantial risk of exposing those individuals to harassment"); *United States v. Mayers*, 2017 WL 2215805, at *2 (W.D. Wash. May 19, 2017) ("sealing the identifying personal information of an unrelated party to this case is a compelling reason to keep that information sealed"); *Romero v. County of Santa Clara*, 2014 WL 12641990, at *3 (N.D. Cal. June 17, 2014) ("Discrete, sensitive identifying information regarding third parties may be redacted.").

While the allegations contained in the complaints were made public, the Third Parties' names were redacted.  ECF No. 171 at 10.

On April 1, 2022, NIKE's counsel met and conferred with counsel for Plaintiffs and the Media Intervenors regarding the Media Intervenors' request for private information in support of the Parties' class certification briefing.  ECF No. 220, ¶ 3.  The Media Intervenors claimed that they should have the right to access "Confidential" and "AEO" filings to evaluate whether unsealing was justified.  ECF No. 205 at 13-15.

On April 8, 2022, the Media Intervenors brought their initial Motion to Intervene for the Limited Purpose of Moving to Unseal Judicial Records and to Oppose Defendant's Motion to Seal (the "Motion to Intervene").  ECF No. 205.  NIKE and the Media Intervenors fully briefed the motion, and on September 30, 2022, the Court issued a recommendation granting in part and denying in part the Motion to Intervene.  ECF No. 273.  While the Court allowed Media Intervenors to intervene for the limited purpose of unsealing judicial records, it denied their attempts to access or unseal the records in connection with Plaintiffs' Motion for Class Certification.  ECF No. 273 at 11.

On November 22, 2022, the Court entered its Findings and Recommendation, concluding that Plaintiffs' Motion for Class Certification should be denied.  ECF No. 310.  On March 21, 2023, the Court adopted the Findings and Recommendation in its Order denying class certification.  ECF No. 335.  Plaintiffs petitioned the Ninth Circuit for leave to immediately appeal the denial of their class certification motion.  ECF No. 337.  The Ninth Circuit denied their petition.  *Cahill v. Nike, Inc.*, No. 23-80027 (9th Cir. Ct. App. June 1, 2023) (Dkt. 9).

On August 9, 2023, the Media Intervenors filed a renewed motion to unredact the limited items remaining in certain "complaint" files, including, for example, allegations of philandering,

consensual sex between colleagues, and workplace bullying.  ECF No. 343.  Recognizing the

pre-certification stage of this case, and to protect the Third Parties' personal interest in

maintaining privacy, NIKE had redacted the names of these third parties; but, the complaints

themselves were unsealed.  Despite this wealth of information, the Media Intervenors claimed

this was not enough and demanded the disclosure of the Third Parties' names.  On August 23,

2023, NIKE filed its opposition to the Media Intervenors' renewed motion.  ECF No. 345.  On

September 6, 2023, the Media Intervenors replied.  ECF No. 346.  The Magistrate Judge issued

her Findings & Recommendation on October 11, 2023.  ECF No. 363.  Therein, and as discussed

below in more detail, the Findings recommend removal of the limited redactions remaining to

mask the identities of complainants, witnesses, and alleged persons of interest.  These objections

followed.

## III.    ARGUMENT

### A.    Standard Of Review Under Rule 72(a).

The District Court should review the Magistrate's Findings *de novo*.  Federal Rule of

Civil Procedure 72(a) governs a district court's review of non-dispositive rulings by a magistrate

judge.  Fed. R. Civ. P. 72(a).  The Rule provides that "[t]he district judge in the case must

consider timely objections and modify or set aside any part of the order that is clearly erroneous

or is contrary to law."  *Id.*; 28 U.S.C. § 636(b)(1)(A).  As such, the district court, "[a]cting as an

appellate court . . . has the power to 'affirm, modify, vacate, set aside or reverse' the magistrate

judge's order and 'may remand the cause and direct the entry of such appropriate judgment,

decree or order, or require such further proceedings . . . as may be just under the circumstances.'"

*Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 971 (C.D. Cal. 2010) (quoting

28 U.S.C. § 2106).

Under Rule 72(a), the "contrary to law" standard—which applies to a magistrate judge's finding of law—calls for "independent plenary review." *Weeks v. Union Pac. R.R. Co.*, 2017 WL 1740123, at *5 (E.D. Cal. May 3, 2017) (sustaining objections to a magistrate judge's order under Rule 72(a) after conducting an independent, plenary review); *see also Quatama Park Townhomes Owners Ass'n v. RBC Real Estate Fin., Inc.*, 365 F. Supp. 3d 1129, 1141-42 (D. Or. 2019) (reversing magistrate judge's order as contrary to law under Rule 72(a) after conducting plenary review); *Rawcar Grp., LLC v. Grace Med., Inc.*, 2014 WL 12496548, at *4 (S.D. Cal. Aug. 4, 2014) ("In an objection under [Rule] 72(a), a magistrate judge's legal conclusions are subject to de novo review."); *Crispin*, 717 F. Supp. 2d at 991 (reversing in part and vacating in part a magistrate judge's decision under Rule 72(a) after conducting de novo review). As Judge Simon of this Court observed in undertaking plenary review of a nondispositive decision by a magistrate judge:

> [I]t is also important to avoid the conclusion that district judges are absolutely powerless to alter magistrate-judge resolution of nondispositive matters unless they fall into the clearly erroneous category. . . . Moreover, even for those courts that adhere to a strict application of the 'clearly erroneous' standard, it is limited to factual findings; even the Third Circuit recognized that the phrase 'contrary to law' indicates plenary review as to matters of law. . . . The latter is the situation that we have here.

*Quatama Park*, 365 F. Supp. 3d at 1141-42 (quoting 12 Charles Alan Wright and Arthur R. Miller, *et al., Federal Practice and Procedure: Civil* § 3069 (3d ed. 2018)) (quotation marks and citations omitted). Of note, for issues involving mixed questions of law and fact, *de novo* or plenary review still applies. *See, e.g., Ingram v. Pac. Gas & Elec. Co.*, 2013 WL 6174487, at *7 (N.D. Cal. Nov. 22, 2013) (observing that under Rule 72(a), "[m]ixed questions of fact and law are reviewed *de novo*") (citing *United States v. McConney*, 728 F.2d 1195, 1202-03 (9th Cir. 1984) (*en banc*), *overruled on other grounds by Estate of Merchant v. C.I.R.*, 947 F.2d 1390, 1392-93 (9th Cir. 1991)). Finally, an order is "contrary to law" when it "fails to apply or

misapplies relevant statutes, case law, or rules of procedure."  *Weeks*, 2017 WL 1740123, at *5 (quotation marks and citation omitted).

Here, NIKE's objections to the Findings concern two purely legal questions.  First, whether the "good cause" or "compelling reasons" standard should apply to NIKE's request to maintain the limited redactions contained in the complaint files (*i.e.,* the names of complainants, witnesses, and alleged persons of interest).  Second, regardless of which standard is applied, whether the privacy rights of Third Parties outweigh the presumption of public access in this case.  Thus, the Findings are subject to *de novo* review by this Court.

### B.   Pursuant To Rule 72(a), The Court Should Set The Findings & Recommendation Aside As Contrary To Law.

The Court should set aside the Findings under Rule 72(a) because, as discussed below, it fails to apply the "good cause" standard and, even under a "compelling reasons" standard, fails to find a particularized showing of harm to the Third Parties' privacy, in contravention of the holding in several cases in this Circuit.

### 1.   The Findings & Recommendation Ignore That The "Good Cause" Standard Applies To Redaction Requests Accompanying Motions Tangentially-Related To The Merits Of The Case.

Courts employ two legal standards in motions to seal:  the 'good cause' standard and the "compelling reasons" standard.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016).  "The Ninth Circuit has not ruled [on the question of] whether a motion for class certification is a dispositive motion for the purposes of determining whether the compelling reasons standard applies to a sealing request."  *True Health Chiropractic, Inc. v. McKesson Corp.*, 2019 WL 11743580, at *2 (N.D. Cal. Aug. 13, 2019) (citation omitted).  In deciding which legal standard to apply, the Ninth Circuit has distinguished between requests that accompany dispositive and non-dispositive motions, with a focus on whether the motion is

"more than tangentially related to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1101; *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); s*ee also Hanson v. Wells Fargo Home Mortg., Inc.*, 2013 WL 5674997, at *2 (W.D. Wash. Oct. 17, 2013); *Hill v. Xerox Corp.*, 2014 WL 1356212, at *1 (W.D. Wash. Apr. 7, 2014).

"[C]ourts generally hold that the standard for filing documents under seal in relation to a class certification motion is a showing of 'good cause.'" *Sessa v. Ancestry.com Operations Inc.*, 2023 WL 1795856, at *1 (D. Nev. Feb. 6, 2023) (citing cases; applying good cause standard) (citation omitted); *see, e.g.*, *Heath v. Google LLC*, 2018 WL 11465387, at *2 (N.D. Cal. June 22, 2018) (applying good cause standard to motion to decertify collective action); *Kautsman v. Carrington Mortg. Servs.*, 2017 U.S. Dist. LEXIS 153550, at *2-3 (W.D. Wash. Sept. 19, 2017) (finding good cause existed to seal documents filed to support the non-dispositive class certification motion); *Stoba v. Saveology.com, LLC*, 2016 WL 1257501, at *2 (S.D. Cal. Mar. 31, 2016) (applying good cause standard to motion to unseal documents related to motion for class certification); *Coates v. Farmers Grp., Inc.*, 2016 WL 8223348, at *2 (N.D. Cal. Jan. 25, 2016) (applying good cause standard to seal documents in connection with plaintiff's motion for conditional collective action certification because motion "does not address the merits of Plaintiff's underlying claims").

The "good cause" standard applies here because Plaintiffs' Motion for Class Certification is not more than tangentially related to the merits.  Importantly, "[t]he Court need not decide whether, in general, motions for class certification are more than tangentially related to the underlying cause of action. . . .  Instead, the Court merely decides that the instant motion for class certification meets this standard." *Philips v. Ford Motor Co.*, 2016 WL 7374214, at *2 (N.D. Cal. Dec. 20, 2016) (internal citation omitted).  Here, it does not.

However, instead of analyzing the extent to which the Motion for Class Certification is tangentially related to Plaintiffs' claims, the Findings erroneously focus on the relationship between the redacted documents and Plaintiffs' Motion for Class Certification.  For example, the Findings state, "complaints regarding pay disparities and harassment can be significant in an attempt to demonstrate class status" (ECF No. 363 at 4).  But, none of the complaints at issue relate to pay disparities, and Plaintiffs have not brought a harassment cause of action, nor have they attempted to certify a harassment class.  Furthermore, in the Findings and Recommendation denying class certification, the Magistrate Judge noted that these same documents are insignificant.  ECF No. 310 at 53 ("Plaintiffs present approximately 30 complaints from the Starfish Survey and no declarations from opt-in plaintiffs.  Given the size of the putative class, this is insufficient to demonstrate a standard operating procedure of discrimination.").  Indeed, the Findings and Recommendation on Plaintiffs' Motion for Class Certification do not analyze the complaints—for good reason.  A handful of claimed harassment complaints tell the Court nothing about whether Plaintiffs can prove a common policy or practice of pay or promotion decisions sufficient to certify a class.

Because Plaintiffs' Motion for Class Certification was only tangentially related to the underlying merits of the case, the good cause standard applies to this motion to seal.

### 2.    The Findings & Recommendation Ignore Case Law Finding Third-Parties' Privacy Is A Compelling Reason To Redact Names.

NIKE seeks to maintain the limited redactions of the documents at issue because they reveal the names of third-party (1) complainants alleging discrimination or harassment; (2) subjects of those complaints; and (3) witnesses to the alleged conduct.

Good cause exists where disclosure may subject "a party or person [to] annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1); *see also*

*Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)

("For good cause to exist, the party seeking protection bears the burden of showing specific

prejudice or harm will result if no protective order is granted.").  Under the "compelling reasons"

standard, the court must "conscientiously balance the competing interests of the public and the

party who seeks to keep certain judicial records secret." *Ctr. for Auto Safety*, 809 F.3d at 1097

(citation omitted).

While the "good cause" standard should apply, even under the "compelling reasons"

standard, courts have recognized the privacy interests of third parties by sealing personnel and

other identifying information from the public record.  *See Foltz v. State Farm Mut. Auto. Ins.*

*Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) ("third-party medical and personnel records" should be

redacted "to protect third-party privacy interests"); *Gnassi v. del Toro*, 2022 WL 3867376, at *3

(W.D. Wash. Aug. 30, 2022) ("Courts may seal records containing identifying information of

third parties to protect their privacy interests."); *Myles v. County of San Diego*, 2017 WL

274829, at *2 (S.D. Cal. Jan. 19, 2017) ("[I]nformation about third parties' personal identifying

information should not be disclosed to the public."); *Music Grp. Macao Com. Offshore Ltd. v.*

*Foote*, 2015 WL 3993147, at *2 (N.D. Cal. June 30, 2015) ("Disclosure of [identifying]

information would infringe the privacy rights of [third party individuals], which constitutes a

compelling reason for sealing."); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015

WL 984121, at *2 (N.D. Cal. Mar. 4 ,2015) ("invasion of third parties' privacy" constitutes a

compelling reason to file under seal); *Gregory v. City of Vallejo*, 2014 WL 4187365, at *3 (E.D.

Cal. Aug. 21, 2014) (identities of third parties should be sealed in internal investigation

documents); *Spam Arrest, LLC v. Replacements, Ltd.*, 2013 WL 4478645, at *2 (W.D. Wash.

Aug. 20, 2013) (finding compelling reasons justified redacting "email addresses [and] other

identifying information for Spam Arrest customers and . . . third parties").  "The privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation when deciding whether to seal certain materials."  *SEC v. Ripple Labs, Inc.*, 2023 WL 3477552, at *6 (S.D.N.Y. May 16, 2023)* (quoting *Mirlis v. Greer*, 952 F.3d 51, 61 (2d. Cir. 2020)).  That concern is particularly important here where the party seeking to unseal the files is not the Plaintiffs (who agreed the names should be sealed), but the Media Intervenors.  There can be no doubt that the sole purpose of the Media Intervenors' request is to shame and disparage third parties who will have no opportunity to defend their reputations.

Prevention of unfounded reputational damage is an overriding interest that supports redaction.  *See Kamakana*, 447 F.3d at 1178-79; *see also Skurkis v. Montelongo*, 2016 WL 4719271, at *6 (N.D. Cal. Sept. 9, 2016)* (granting motion to file complaint under seal where it contained information about allegedly criminal acts of defendants' agents and non-parties).  "In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."  *See Kamakana*, 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); s*ee also Doe v. Va. Polytechnic Inst. & State Univ.*, 2022 WL 67324, at *4 (W.D. Va. Jan. 6, 2022)* (third parties "did not voluntarily disclose their identities . . .; there is a risk of harm to them as non-parties by being known as persons who asserted that they were victims of sexual violence . . .").  "The privacy interests of non-parties – most of whom raised allegations that they were discriminated against or harassed while employed by [NIKE] – outweighs the public's interest in knowing the identity of the non-parties.  Such information is private to the individuals involved, who have not sought to

place that private information in the public sphere." *Moussouris v. Microsoft Corp.*, 2018 WL 1159251, at *6 (W.D. Wash. Feb. 16, 2018) (citation omitted).

Here, the unsubstantiated complaints about and by Third Parties implicate similar, significant privacy interests. For example, Sun Declaration Exhibit 47 accuses a NIKE employee of being a bully and others of being "philanderers." Sun Declaration Exhibit 51 alleges that an individual made inappropriate comments about the dress and body of the anonymous complainant. Sun Declaration Exhibit 52 identifies two individuals who allegedly engaged in a sex act on NIKE's campus. Further, Goldstein Declaration Exhibit 9 includes complaints with the names of women who allegedly complained about gender discrimination and the subjects of those complaints. Paragraph 16 of the Goldstein Declaration lists the subjects of these complaints.

Publication of this confidential information (including uncorroborated information about individuals and their claimed intimate partners) would violate the privacy of several current and former NIKE employees who are not parties to this lawsuit. These privacy interests outweigh the public's right of access to court records, particularly given the lack of relevance of such information to the pay equity and promotion claims asserted in this lawsuit. The individuals whose employment information is at stake here are ordinary citizens who lead private lives. For complainants and persons of interest, a complaint process is supposed to be a safe space for individuals to voice concerns, not for salacious rumor-spreading. Unredacting complainants' names necessarily risks their privacy, which likely would have a chilling effect on confidential reporting in the workplace. The net result is that complainants would be worse off. NIKE takes considerable precautions to protect the confidentiality of individuals who raise concerns, as well as the confidentiality of subjects and witnesses in these matters. Because publication of the

Third Parties' names would subject them to public scrutiny while serving no countervailing public interest, there are compelling reasons to redact them.

Furthermore, courts have routinely found the protection of third party investigatory or disciplinary records to be a sufficiently compelling interest to justify withholding the information from the public.  *See, e.g.*, *Bakki v. Boeing Co.*, 2021 WL 962488, at *6 (W.D. Wash. Mar. 15, 2021)* (finding, under compelling reasons standard, that the "third party disciplinary document implicates significant privacy interests" and its publication "would violate the employee's privacy and expose him to public scrutiny while serving no countervailing public interest in transparency") (citation omitted); *Delaittre v. Berryhill*, 2017 WL 6310483, at *3-4 (W.D. Wash. Dec. 11, 2017)* (granting motion to seal documents, including disciplinary histories of third party employees).

Moreover, Sun Declaration Exhibit 46 contains investigatory and disciplinary documents regarding a third party, specifically an executive summary of the complaint about the individual and the disciplinary letter the individual received as a result of the investigation.  Thus, the names in Sun Declaration Exhibit 46 should remain redacted to avoid violating the employees' privacy interests and subjecting them to public scrutiny.  The contents of the investigatory documents are already unsealed; there is no reason the public needs to know the individuals' names because their "identities have minimal relevance to the court's decision on the" class certification motion.  *SEC*, 2023 WL 3477552, at *6.

The Findings state, without explanation, that the aforementioned compelling reasons are not "concrete examples" but rather "broad conclusory allegations of harm."  ECF No. 363 at 5. That is incorrect, and as detailed above, construing the law in this fashion would functionally mean that a third party's privacy may not be protected.  Even if s/he submitted a declaration of

potential harm to reputation resulting from the public disclosure of intimate partners and the like, the declaration itself would be unsealed/unredacted under the Findings, and likewise would be considered to be speculative and not sufficiently specific.  This position is untenable.

### 3.    The Findings & Recommendation Erroneously Rely On Inapposite Case Law.

The Finding's reliance on *Bracken v. Fla. League of Cities*, 2019 WL 1867921, at \*4 (D. Or. Apr. 24, 2019) and *Price v. Equilon Enterprises LLC*, 2012 WL 12846100, at \*1 (W.D. Wash. Nov. 20, 2012) is misplaced.  ECF No. 363 at 5-6.  In *Bracken*, the plaintiff requested to seal the case file, including the complaint, *in its entirety* "per reasons of privacy of all participants as the fruition of these matters set forth shall prevail."  *Bracken*, 2019 WL 1867921, at \*4.  The *Bracken* court "reviewed the Complaint for personal information that may be inappropriate for public disclosure and found no such information."  *Id.*  Here, by contrast, NIKE explained the harm that disclosure of the Third Parties' names would have on each of them and cited to a plethora of case law finding the same.

The Findings point to *Price v. Equilon Enterprises LLC* as an example of a case where a court permitted unsealing a third party's name.  ECF No. 363 at 5-6.  But in *Price*, the court declined to redact just one third party's name because *his* behavior, as attested to in the relevant document, went directly to the plaintiff's claim that her employer maintained a hostile work environment.  *Price*, 2012 WL 12846100, at \*1.  Indeed, the plaintiff specifically called out "experienc[ing] harassment and belittling comments" from that individual.  *Id.*  Notably, for the other third parties, the *Price* court found that simply redacting those individuals' names "is feasible."  *Id.*  Similarly, here NIKE only seeks to redact these individuals' *names* and none of these individuals is the focus of Plaintiffs' specific allegations in the operative complaint.

The Findings also state that the identities of the subjects of complaints "bear on [P]laintiffs' claims" and that the identities of complainants and witnesses go "to the merits and credibility of [P]laintiffs' claims."  ECF No. 363 at 5-6.  Untrue.  While the *substance* of the redacted documents may go to Plaintiffs' claims, the *names* of Third Parties in unverified complaints do not.  Furthermore, there is no showing that the names of Third Parties purportedly involved in harassment or discrimination (or who may have witnessed harassment or discrimination) were relevant to the Magistrate Judge's finding that Plaintiffs failed to meet their obligation under Rule 23.

4.    **The Findings & Recommendation Ignore The Reasonableness Of NIKE's Limited Redactions, Which Are Supported By Case Law.**

The Findings fail to address case law advocating for the use of limited redactions for privacy purposes as NIKE does here.  Indeed, one of the two cases upon which the Findings rely to explain the purported relevance of the Third Parties' identities to Plaintiffs' Motion for Class Certification actually supports NIKE's position.  *See Price*, 2012 WL 12846100, at *1.  "[C]ourts have recognized several concerns that may call for redaction of the materials or withholding of disclosure outright[,]" including privacy interests.  *United States v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont.*, 658 F.3d 1188, 1195 n.5 (9th Cir. 2011).  "Simply redacting the identifying information of third parties (*e.g.*, their names . . .) from these records and disclosing the remaining information … would not injure the third parties[.]" *Foltz*, 331 F.3d at 1137.[7]  This is exactly what NIKE has done.  It has provided the public with the information it needs to understand the Magistrate Judge's orders,

---

[7] The Findings also cite to this case in reliance on another proposition.

while preventing the public scrutiny of Third Parties whose identities provide no added value to the issues in the Motion for Class Certification.

IV.    **<u>CONCLUSION</u>**

For the foregoing reasons, Nike respectfully asks the Court to set aside and reverse the Findings & Recommendation dated October 11, 2023 (ECF No 363).

Dated:  October 25, 2023                    Respectfully submitted,


<u>/s/ Daniel Prince</u>

LAURA E. ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 300
Portland, OR  97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

DANIEL PRINCE, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
FELICIA A. DAVIS, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Attorneys for Defendant NIKE, INC.