IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KELLY CAHILL, SARA JOHNSTON, LINDSAY ELIZABETH, and HEATHER HENDER, individually and on behalf of others similarly situated,<br><br>      Plaintiffs,<br>  v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>      Defendant. | Case No. 3:18-cv-01477-JR<br><br>ORDER |

RUSSO, Magistrate Judge:

Plaintiffs Kelly Cahill, Sara Johnston, Lindsay Elizabeth, and Heather Hender brought this action seeking class action status alleging that defendant Nike systematically discriminates against them and other similarly situated women regarding salary and promotions. Several additional plaintiffs filed consents to join this action.

After the Court denied plaintiffs' motion for class certification, the parties proceeded to "merits" discovery on plaintiffs' claims. Currently, defendant moves for a protective order barring

Page 1 – ORDER

or quashing plaintiffs' deposition of third-party individual Genevieve Long,[1] and plaintiffs' move for an order compelling defendant to:

> (1) produce discovery related to the setting of starting pay prior to October 2017 that is responsive to Plaintiffs' Request for Production ("RFP") No. 4, RFP No. 8, or the Court's October 31, 2019 Order (ECF No. 89); (2) produce retention policies responsive to RFP No. 32; and (3) provide a declaration setting forth (a) what discovery responsive to RFP Nos. 4 or 8 it withheld and why, (b) how and who searched for and collected potentially responsive discovery related to setting starting pay before October 2017, and (c) if any of this responsive discovery was deleted, what, when, and why.

Motion to Compel (ECF 349) at p. 2.

A.    Deposition of Genevieve Long

In 2018, several Nike employees complained about gender discrimination and harassment referenced as the Starfish Survey. Genevieve Long served as defendant's global senior director and human resources business partner from September 2008 until November 2018. Long received a copy of the Survey. Defendant asserts none of the named plaintiffs submitted complaints as part of the Survey and that Long has no information related to plaintiffs' claims.

A party generally has no standing to object to a subpoena issued to a third party. See Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir.1975) ("In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness."). Moreover, as noted the deposition has already taken place and, thus, to the extent the motion seeks to quash the subpoena pursuant to Fed. R. Civ. P. 45, the motion is denied as moot.

---

[1] On August 25, 2023, plaintiffs noticed Long's deposition for September 7, 2023. On August 28, 2023, defendant asked to reschedule the deposition. Plaintiffs accommodated that request and rescheduled the deposition to September 27, 2023, after confirming with Long's counsel that date was acceptable. On September 12, 2023, defendant moved for a protective order to bar the deposition but did not seek expedited consideration. The motion did not go under advisement until October 2, 2023, after the deposition took place. Third-party Long, who previously served as a Nike human resources business partner, did not object to the deposition. Counsel for Nike did not attend the deposition and now informs the Court the deposition was "improper" and seeks to strike the testimony.

Page 2 – ORDER

Pursuant to Fed. R. Civ. P. 26(c), a court may, for "good cause," issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Nike asserts the deposition seeks irrelevant testimony because none of the plaintiffs submitted Starfish complaints, and any relevant testimony Long might provide would be unreasonably cumulative and duplicative. Nike also asserts that because Nike shared the Starfish complaints with outside counsel, any testimony Long could provide about the Starfish complaints is covered by attorney-client privilege.

Nike's general arguments fail to meet its burden to show good cause for issuance of a protective order. The case is now in the merits discovery phase and any evidence of discrimination by Nike executives may be relevant to plaintiffs' specific allegations of discrimination and pay inequality. See, e.g., Obrey v. Johnson, 400 F.3d 691, 698 (9th Cir. 2005) (A plaintiff attempting to establish a pattern or practice of discriminatory employment will present some anecdotal testimony regarding past discriminatory acts.); E.E.O.C. v. Farmer Bros. Co., 31 F.3d 891, 898 (9th Cir. 1994) ("Because hostility against women underlies decisions to discharge or to refuse to hire women because of their gender, evidence of sexual harassment often will be relevant to claims of gender-based employment discrimination."). In addition, speculation regarding whether the testimony will come within any privilege is insufficient to issue a protective order.

However, given that counsel for Nike did not appear at the deposition, it did not have an opportunity to object to testimony that may have come within the attorney-client privilege. Nonetheless, it is unclear why Nike contends the deposition itself was improper as it did not seek expedited relief and the Court did not issue an order preventing the deposition from going forward. As far as third-party Long was concerned, she was obligated to appear for the properly noticed deposition. When the Court scheduled the motion on the under-advisement calendar, it did so

based on Nike's failure to seek expedited consideration and did not intend the scheduling order to stay the deposition. Nike was properly noticed regarding the deposition and indeed plaintiffs accommodated Nike's counsel in rescheduling the deposition. The deponent was properly noticed and represented by counsel at the deposition. To the extent the Court could strike a deposition that is not in the record before the Court, the Court declines to do so simply because Nike took the risk to not appear at the deposition. However, to the extent plaintiffs, may in the future, submit the deposition or portions thereof into the record that contain inadmissible or privileged evidence, defendant may, if appropriate move to strike.[2] At this stage, defendant's motion to quash, for issuance of a protective order, or to strike is denied.

B.      Plaintiffs' Motion to Compel

Plaintiffs' latest motion to compel documents that have been the subject of numerous discovery conflicts going back more than four years again involves disputes over whether Nike has documents responsive to the request to which Nike has repeatedly asserted it has produced "all documents within its control and kept in the ordinary course of business." Of particular importance to plaintiffs are purported pre-October 2017 starting pay polices involving the collection of prior pay information. The Court cannot order a party to produce documents that do not exist. Plaintiffs' mere suspicion that additional documents "must exist" is an insufficient basis to grant a motion to compel. See Bethea v. Comcast, 218 F.R.D. 328, 329 (D. D.C. 2003). Rather, the moving party must have a colorable basis for its belief that relevant, responsive documents exist and are being improperly withheld. See Carter v. Dawson, 2010 WL 4483814, at *5 (E.D. Cal. Nov. 1, 2010) (defendants' representation that they are unable to locate responsive documents precludes the grant of a motion to compel "unless Plaintiff can identify a specific document that Defendants have

---

[2] As noted below, plaintiffs do submit a small portion of the deposition for purposes of their own discovery motion and the Court declines to strike it from the record.

Page 4 – ORDER

withheld"); Ayala v. Tapia, 1991 WL 241873, at *2 (D.D.C. Nov. 1, 1991) (denying motion to compel where moving party could not identify withheld documents).

Plaintiffs present an offer intake form suggesting collection of current pay information to construct offers to candidates for hire. Although the form is not a written policy of the purported practice itself, plaintiffs assert the form suggests there are indeed documents responsive to its request for prior pay policies in existence before October 2017. Plaintiffs also rely on Long's deposition to argue that Nike did have a policy or practice of using prior pay to determine the starting pay for new hires. Deposition of Genevieve Long at 18 (ECF 361 at p. 8-9).

Nike calls Long's credibility into question and notes her testimony is unclear as to whether Nike had an actual policy directing managers to rely on prior pay to determine starting pay for new hires, or whether there was simply an informal practice of using prior pay by some managers. This is significant as the evidence presented in support of the certification of a class motion demonstrated individual hiring managers did indeed use such a practice while other managers did not. The evidence, however, failed to show a company-wide policy. Although Nike's own actions resulted in its failure to cross examine Long on such issues, plaintiffs did not pursue the inquiry beyond a simple open-ended question. Some four plus years after plaintiffs initially sought discovery into this issue and have utilized numerous opportunities to seek the Court's intervention, the Court declines to find that the deposition provides a colorable basis to again compel Nike to make another effort to locate responsive documents.

Moreover, the intake form does not present a colorable basis for yet another search for responsive documents as it does not suggest the existence of a company-wide policy given the evidence produced through previous discovery including depositions of a Senior Director for Talent Acquisition and a Senior Director of Global Compensation among others. As noted in the

Court's ruling on class certification, the evidence suggests only that individual hiring managers had discretion to use such data. Accordingly, plaintiffs' motion to compel is denied. In addition, the Court declines to order "discovery on discovery" into Nike's methods for searching for responsive documents especially in light of the lengthy and exhaustive discovery process thus far, and the expense and burden of this further duty in proportion to the individual claims in this case.

## CONCLUSION

For the reasons stated above, defendant's motion for a protective order or to quash (ECF 347) and plaintiffs' motion to compel (ECF 349) are denied.

DATED this 22nd day of November, 2023.

                          /s/ Jolie A. Russo
                           Jolie A. Russo
                United States Magistrate Judge