**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Kathryn P. Roberts, OSB #064854**
KathrynRoberts@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085 ǀ Fax: (503) 323-9105

**Laura L. Ho** (admitted *pro hac vice*)
lho@gbdhlegal.com
**Barry Goldstein, Of Counsel** (admitted *pro hac vice*)
bgoldstein@gbdhlegal.com
**James Kan** (admitted *pro hac vice*)
jkan@gbdhlegal.com
**Byron Goldstein** (admitted *pro hac vice*)
brgoldstein@gbdhlegal.com
**Katharine L. Fisher** (admitted *pro hac vice*)
kfisher@gbdhlegal.com
**Mengfei Sun** (admitted *pro hac vice*)
msun@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
Telephone: (510) 763-9800 ǀ Fax: (510) 835-1417

Counsel for Plaintiffs

[Additional Counsel of Record listed on the Signature page]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NIKE, INC., an Oregon Corporation,<br>Defendant. | Case No. 3:18-cv-01477-JR<br><br>**PLAINTIFFS' REQUEST FOR RULE 16 CONFERENCE** |

Pursuant to Local Rule 16-2(c), Plaintiffs request a Rule 16 Conference with the Court. Plaintiffs request this conference because they are trying to complete discovery within the Court-imposed discovery deadlines. But, despite years of trying to meet and confer, Nike is not providing required information designed to facilitate effective discovery. Plaintiffs thus request a conference with the Court and Nike to discuss the following discovery issues and any other issues the Court or Nike want to discuss at this time.

On October 6, 2023, Kelly Cahill, Sara Johnston, Lindsay Elizabeth, and Heather Hender ("Plaintiffs") served the following written discovery upon Nike:

- Plaintiffs' Fourth Set of Requests for Production of Documents to Defendant Nike, Inc. ("RFPs");
- Plaintiff Kelly Cahill's First Set of Interrogatories to Defendant Nike, Inc. ("Cahill ROGs");
- Plaintiff Sara Johnston's First Set of Interrogatories to Defendant Nike, Inc. ("Johnston ROGs");
- Plaintiff Lindsay Elizabeth's First Set of Interrogatories to Defendant Nike, Inc. ("Elizabeth ROGs"); and
- Plaintiff Heather Hender's First Set of Interrogatories to Defendant Nike, Inc. ("Hender ROGs").

On November 6, 2023, Nike served responses that did not comply with the requirements of the applicable discovery rules.

Until a scheduling process is established and Nike produces responsive documents, replies to interrogatories, identifies documents that are withheld pursuant to its objections, and provides a privilege log, the Plaintiffs cannot review the sufficiency of Nike's responses, the

parties cannot meet and confer upon any substantive disputes, and the Plaintiffs cannot seek a judicial resolution of any disputes that cannot otherwise be resolved.

The resolution of the scheduling disputes is particularly critical in light of the approaching discovery deadline, March 29, 2024, ECF 342, and the likely need for the Plaintiffs to take further discovery, such as depositions, that will follow and be informed by documents and information produced by Nike pursuant to the RFPs and ROGs.

The parties have exchanged numerous meet and confer communications regarding these disputes, commencing on November 19, 2023 and spanning through December 5, 2023, but they have been unable to resolve the disputes.

**A.      Set a Specific Date by which Nike Must Produce Documents**

Under Fed. R. Civ. P. 34(b)(2)(B), in response the Plaintiffs RFPs, Nike had to either produce documents not subject to any objection by November 6, the date the responses were due, or provide "another reasonable time specified in the response." In its responses to Plaintiffs' RFPs, Nike represented that it would produce documents in response to several requests (*i.e.*, RFP Nos. 99-100, 104-08, 113-14, 116-28, and 130). In addition, during the meet and confer process Nike represented that it would produce documents not subject to its objections to RFP No. 92. In several meet and confer communications, Plaintiffs asked Nike to identify a specific date by which this production will be completed as required by Rule 34. Nike failed to do so.

Plaintiffs thus request to discuss setting this deadline promptly during the Rule 16 conference.

**B.      Set a Specific Date by which Nike Must Respond to Interrogatories**

Under Fed. R. Civ. P. 33(b)(2), in response to Plaintiffs' ROGs, Nike had to "serve its answers and any objections within 30 days after being served with the interrogatories." In its

responses, Nike stated that it would provide supplemental answers to certain interrogatories at a later date.  This does not comply with Rule 33(b)(2).  By meet and confer communications, Plaintiffs advised Nike that it had failed to comply with Rule 33(b)(2) because it stated that it had to provide supplement responses to specific interrogatories (Cahill ROGs Nos. 1, 13-16; Hender ROGs Nos. 1, 14-15, 17-18; Johnson ROGs Nos. 1, 14, 16; and Elizabeth ROG No. 1). Plaintiffs requested that Nike provide supplemental responses or specify a date when it would do so.  Nike has done neither.

Plaintiffs thus request to discuss setting this deadline promptly during the Rule 16 conference.

C. **Set a Specific Date by which Nike Must State whether any Documents Are Being Withheld on the Basis of an Objection in Order that the Parties May Have an Informed Discussion about the Objection**

Under Fed. R. Civ. P. 34(b)(2)(C), in response to Plaintiffs RFPs, Nike was required to "state whether any responsive materials are being withheld on the basis of [the] objection."  By meet and confer communications, Plaintiffs requested that Nike comply with the Rule and state whether Nike has withheld any documents pursuant to each of its objections.  Nike has failed to do so.  As Plaintiffs explained in a meet and confer communication, the purpose of this requirement is "to alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection."  FRCP 34, 2015 Cmts.  Nike's continued refusal is thus thwarting an "informed discussion of the objection[s]."

Plaintiffs thus request to discuss setting this deadline promptly during the Rule 16 conference.

D. **Set a Specific Date by which Nike Must Produce a Privilege Log**

In response to each of the Plaintiffs RFPs, Nike claimed that responsive documents were protected by attorney-client privilege and/or work product doctrine.  By meet and confer

communication, Plaintiffs requested that Nike timely produce a privilege log for any document for which it claims is protected by the attorney-client privilege or work product doctrine. As Plaintiffs pointed out, the timely production of a privilege log is necessary in light of the discovery deadline in this case. In its response, Nike failed to provide a date certain or otherwise advise Plaintiffs as to when it will produce a privilege log. Plaintiffs informed Nike that it need not list a document on a new privilege log if it had previously listed a document on a prior privilege log, but that Nike should identify those documents on prior privilege logs that were responsive to these RFPs.

Plaintiffs thus request to discuss setting this deadline promptly during the Rule 16 conference.

Dated: December 7, 2023            Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

/s/Craig J. Ackermann
Laura L. Ho (admitted *pro hac vice*)
Barry Goldstein, Of Counsel (admitted *pro hac vice*)
James Kan (admitted *pro hac vice*)
Byron Goldstein (admitted *pro hac vice*)
Katharine L. Fisher (admitted *pro hac vice*)
Mengfei Sun (admitted *pro hac vice*)

MARKOWITZ HERBOLD PC
Laura Salerno Owens, OSB #076230
David B. Markowitz, OSB #742046
Harry B. Wilson, OSB #077214
Kathryn P. Roberts, OSB #064854

ACKERMANN & TILAJEF PC
Craig Ackermann (admitted *pro hac vice*)
cja@ackermanntilajef.com
Brian Denlinger (admitted *pro hac vice*)
bd@ackermanntilajef.com
315 S Beverly Drive, Suite 504
Beverly Hills, CA 90212
Tel: (310) 277-0614
Fax: (310) 277-0635

INDIA LIN BODIEN, ATTORNEY AT LAW
India Lin Bodien (admitted *pro hac vice*)
india@indialinbodienlaw.com
2522 North Proctor Street, #387
Tacoma, WA 98406-5338
Tel:  (253) 212-7913
Fax:  (253) 276-0081

Of Attorneys for Plaintiffs