LAURA E. ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 300
Portland, OR  97205
Telephone:  (503) 294-9642
Facsimile:  (503) 220-2480

DANIEL PRINCE, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
FELICIA A. DAVIS, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Attorneys for Defendant NIKE, INC.


UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


| | |
|---|---|
| KELLY CAHILL, SARA JOHNSTON, LINDSAY ELIZABETH, and HEATHER HENDER, individually and on behalf of others similarly situated, | Case No.:  3:18-cv-01477-JR |
| Plaintiffs, | NIKE, INC.'S NOTICE REGARDING RECEIPT OF COURT ORDER REGARDING PLAINTIFFS' REQUEST FOR RULE 16 CONFERENCE (ECF No. 391) |
| v. | |
| NIKE, INC., an Oregon Corporation, | |
| Defendant. | |

Defendant NIKE, Inc. ("NIKE") submits this notice acknowledging the Court's Order (ECF No. 391) and responding to Plaintiffs' Request for a Rule 16 Conference (the "Request") (ECF No. 390). As an initial matter, NIKE acknowledges and intends to comply with the Court's Order regarding Plaintiffs' Request. (ECF No. 391). However, because Plaintiffs did not accurately represent the parties' discovery communications and given that NIKE has not had an opportunity to respond to Plaintiffs' Request, NIKE submits the below response to help the parties address and clarify the issues identified by Plaintiffs.

### Plaintiffs' Discovery Requests

To be clear, NIKE will comply with Court's order. But further context is important to understanding NIKE's discussions with Plaintiffs about the breadth and scope of the requests and the supplementation of NIKE's responses thereto.

Responding to Plaintiffs' burdensome requests has been time-consuming, but NIKE has been working to comply in good faith. For example:

- During this discovery period, Plaintiffs have served 53 document requests and 64 interrogatories, many of which contain multiple subparts.

- Many of the 53 document requests pertain to numerous individuals (e.g., RFP No. 92 pertains to 19 individuals alone) and contain multiple subparts. Indeed, Plaintiffs' RFPs are huge paragraphs requesting broad information and documents for multiple individuals on a multitude of topics. Some of these broad topics are vague and extremely difficult to search for. For example, Plaintiffs propound multiple RFPs broadly requesting documents and communications that relate to the "reasons" for certain employment decisions, many of which occurred nearly a decade ago. (E.g., RFP Nos. 105, 106, 116, 117, 120, 121). As another example, Plaintiffs' RFPs often seek physical copies of

documents dating back to 2015, requesting items such as "all invites and attendance records, whether in flyer form [or] email form" and paperwork which may or may not have been placed on an individual's desk 7 years ago.

- NIKE timely served tailored objections and responses, noting that many of the requests would require diligent inquiry.  NIKE also has timely responded to all of Plaintiffs' discovery emails, providing relevant information regarding discovery and anticipated production/supplementation timelines.  Plaintiffs' statements suggesting otherwise are categorically untrue.  Plaintiffs did not attach the parties' correspondence to their Request, but NIKE's counsel advised in an email on December 4 that it intended to produce documents and supplement interrogatory responses "by the end of next week" meaning December 15, 2023.  *See* Exs. A - B.  NIKE's counsel further advised that the work of digging into Plaintiffs' requests is ongoing.  That is for several reasons.  For instance, several of Plaintiffs' interrogatories and document requests seek information dating back *at least 10-15 years*, and as stated above, involve more than two dozen individuals.  Collecting information going back more than a decade has its challenges.  It includes, for example, attempting to track down relevant persons with information regarding hiring and employment decisions going back to 2010, many of whom are no longer employed by NIKE.  This is particularly true where, as here, many individuals are required to assist with the search for and collection of this information.  For example, Plaintiffs propounded at least 15 separate interrogatories for each named Plaintiff.  Many of these questions relate to decisions that were made about the Plaintiffs' starting salary, salary increases, and PSP bonuses over many years.  Answering these questions requires communicating with the relevant decision makers, but each Plaintiff had more than one

manager or individual involved in those decisions.  Tracking down this information—

especially when some of the decision-makers are no longer at NIKE and/or the

information dates back 10 years or more—simply takes significant time.

Again, NIKE is committed to complying with its discovery obligations, as it has

throughout the litigation, and will comply with the Court's order on or before the deadline.

### NIKE's Privilege Log

While NIKE previously represented to Plaintiffs, *see* Exs. A & B, that it would provide a

privilege log later in the discovery period, NIKE will supplement its privilege log by December

21, 2023, pursuant to the Court's Order.  Further, NIKE will continue to supplement its privilege

entries as may be necessary consistent with Rule 26.

NIKE appreciates the Court's review of these issues.

Dated:  December 8, 2023                        Respectfully submitted,


                                                */s/ Daniel Prince*
                                                _____

                                                Daniel Prince, Cal. SB# 237112 (*pro hac vice*)
                                                danielprince@paulhastings.com
                                                Felicia A. Davis, Cal. SB# 266523 (*pro hac vice*)
                                                feliciadavis@paulhastings.com
                                                PAUL HASTINGS LLP
                                                515 South Flower Street, 25th Floor
                                                Los Angeles, CA  90071-2228
                                                Telephone:  (213) 683-6000
                                                Facsimile:  (213) 627-0705

                                                Laura E. Rosenbaum, OSB No. 110061
                                                laura.rosenbaum@stoel.com
                                                STOEL RIVES LLP
                                                760 SW Ninth Avenue, Suite 3000
                                                Portland, OR  97205
                                                Telephone:  (503) 294-9642
                                                Facsimile:  (503) 220-2480

                                                Attorneys for Defendant NIKE, INC.