# Exhibit A

| | |
|---|---|
| **From:** | Barry Goldstein |
| **To:** | Prince, Daniel; Davis, Felicia A.; Tapper, Alyssa; Jackson, Lindsey C. |
| **Cc:** | Kathryn P. Roberts; Erika Smolyar; James Kan; Byron Goldstein; Laura Salerno Owens; Mengfei Sun; Brian Denlinger; cja@ackermanntilajef.com; india Bodien; Barry Goldstein |
| **Subject:** | [EXT] Cahill/Nike - Conferral Call and Discovery Conference |
| **Date:** | Tuesday, December 5, 2023 8:56:54 PM |
| **Attachments:** | image001.png |

--- External Email ---

Daniel, thank you for your email. Unfortunately, your email does not provide an adequate response. (1) There is no "time" set for the production of documents as required by Rule 34(b)(2)(B). (2) There is no specific date provided for the supplementation of the interrogatory answers as required by Rule 33(b)(2). (3) There is not even a mention of the requirement in Rule 34(b)(2)(C) that Nike "state whether any responsive materials are being withheld" pursuant to any of the many objections made by Nike; accordingly, Nike provides no date as to when it will comply with this Rule. Nike continues to thwart the purpose of the Rule which is to permit the parties to have "informed discussion[s]" about the objections. (4) There is no specific date or timeline provided as to when Nike will provide a privilege log. (5) There is no mention as to whether Nike will provide materials, which are not protected by privilege, related to Nike's "responses, investigations, findings, and/or conclusions" concerning several categories of complaints made by Plaintiffs and others (specifically, RFP Nos. 103, 109, 112, and 115).

These are basic scheduling issues for discovery and for providing within the discovery period sufficient time for matters related to this initial discovery to proceed. For example, Plaintiffs will need time to resolve disputes concerning the adequacy of the document production including whether Nike may improperly withhold documents based upon invalid or inapplicable objections. Furthermore, as we have stated, Plaintiffs anticipate, as is usually the situation in litigation, that they will need to take depositions or conduct further discovery based upon the documents produced and/or responses to the interrogatories. Accordingly, the less than four months remaining before the close of discovery is not a substantial amount of time to complete discovery. Moreover, it is not an adequate amount of time if Nike continues to fail to meet the requirements of Rules 33 and 34.

In conclusion, in view of the inadequacy of Nike's response to Plaintiffs' requests, pursuant to Oregon Local Rules 16-2 and 26-3(F), the Plaintiffs need to request by the end of the week a conference with the Court in order to resolve these disputes and request the Court to set a discovery schedule. We remain available to discuss these matters at your convenience on Wednesday from 9:30am to Noon and 1-5pm.

Regards,
*Barry*

**From:** Prince, Daniel <danielprince@paulhastings.com>
**Sent:** Monday, December 4, 2023 5:29 PM
**To:** Kathryn P. Roberts <kathrynroberts@markowitzherbold.com>; Davis, Felicia A. <feliciadavis@paulhastings.com>; Tapper, Alyssa <alyssatapper@paulhastings.com>; Jackson, Lindsey C. <lindseyjackson@paulhastings.com>
**Cc:** Erika Smolyar <es@ackermanntilajef.com>; James Kan <jkan@gbdhlegal.com>; Byron Goldstein <brgoldstein@gbdhlegal.com>; Laura Salerno Owens <laurasalerno@markowitzherbold.com>; Mengfei Sun <msun@gbdhlegal.com>; Barry Goldstein <bgoldstein@gbdhlegal.com>; Brian Denlinger <bd@ackermanntilajef.com>; india Bodien <india@indialinbodienlaw.com>
**Subject:** RE: Cahill/Nike - Conferral Call and Discovery Conference

Kathryn:

Thank you for the email.

I don't know if Monday or Wednesday would be optimal for a call, given scheduling issues and whether there will be meaningful updates for purposes of the matters you have raised. If you like, we can try to reserve time on Friday afternoon, but I realistically expect that we will have more information to provide to you if we continue our work and perhaps touch bases next week. Indeed, I expect that we will be able to start a rolling production by the end of next week and that we will have additional information to, for example, furnish in supplemental interrogatory responses around the same time.

As you might expect, we are working with a large multinational company and appreciate your courtesy in understanding that gathering documents and information – much of which dates back a decade and perhaps more – is a time-consuming process that

may take resources, particularly where we would like to get the process done efficiently and correctly (and we hope that Plaintiffs have an interest in both of these as well). Further on the timing point, we also are in the midst of the U.S. holiday season, which impacts staffing and availability of certain individuals with whom we need to coordinate to gather, review, and produce information to Plaintiffs.

Having said all of this, we disagree with your characterizations below. The Federal Rules are designed to build in flexibility, where needed, and we submit that such flexibility is necessary here. *See, e.g.,* Fed. R. Civ. P. 1 (the Rules must be construed and administered to "secure the just, speedy, and inexpensive determination of every action"); *Caity of Colton v. Am. Promotional Events, Inc.,* 2011 U.S. Dist. LEXIS 61205, at *28 (C.D. Cal. June 7, 2011) ("Rule 26 of the Federal Rules of Civil Procedure allow the Court flexibility in controlling discovery…").

We further advise that NIKE expects to begin production by late next week (which we expect to be rolling as documents are received, reviewed, and processed); that Nike provided information, and continues to gather information that we hope to supplement in interrogatories by the end of next week (or, at least, to begin to supplement); and that we believe it would be helpful to take up issues of privilege when our document production is substantially complete (*e.g.,* it seems difficult to address these issues in a vacuum while we're still collecting documents for review and having internal discussions, where needed).

Finally, you mentioned the parties' "pending discovery cutoff," but our understanding is that the discovery cutoff is March 29, 2024. While we hope to resolve discovery issues in advance of that date, even under the current timing, there are several months in which we can do so and I assure you that NIKE is committed to the same.

Take care.

Daniel



**Daniel Prince | Partner, Litigation Department**
Paul Hastings LLP | 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071 | Direct: +1.213.683.6169 | Main: +1.213.683.6000 | Fax: +1.213.996.3169 |
danielprince@paulhastings.com | www.paulhastings.com

**From:** Kathryn P. Roberts <kathrynroberts@markowitzherbold.com>
**Sent:** Friday, December 1, 2023 10:13 AM
**To:** Prince, Daniel <danielprince@paulhastings.com>; Davis, Felicia A. <feliciadavis@paulhastings.com>; Tapper, Alyssa <alyssatapper@paulhastings.com>; Jackson, Lindsey C. <lindseyjackson@paulhastings.com>
**Cc:** Erika Smolyar <es@ackermanntilajef.com>; James Kan <jkan@gbdhlegal.com>; Byron Goldstein <brgoldstein@gbdhlegal.com>; Laura Salerno Owens <laurasalerno@markowitzherbold.com>; Mengfei Sun <msun@gbdhlegal.com>; Barry Goldstein <bgoldstein@gbdhlegal.com>; Brian Denlinger <bd@ackermanntilajef.com>; India Bodien <india@indialinbodienlaw.com>
**Subject:** [EXT] Cahill/Nike - Conferral Call and Discovery Conference

Counsel,
In recent meet and confer correspondence, Plaintiffs asked Nike to address the following failures in its responses to the RFPs and ROGs that were served on October 6. This correspondence is summarized below.

1. Under Fed. R. Civ. P. 34(b)(2)(B), Nike must either produce documents not subject to any objection by 11/6, the date the responses were due, or provide "another reasonable time specified in the response." In its response, Nike agreed to produce documents in response to several requests (*i.e.*, RFP Nos. 99-100, 104-08, 113-14, 116-28, and 130). By email, on 11/19, Plaintiffs asked Nike to specify a specific date by which this production will be completed as required by Rule 34. As of this writing, Nike has failed to do so.

2. Fed. R. Civ. P. 33(b)(2) requires that the responding party "serve its answers and any objections within 30 days after being served with the interrogatories." In its response, Nike stated that it would provide supplemental answers to certain interrogatories at a later date. This does not comply with Rule 33(b)(2). By email, on 11/22, Plaintiffs advised Nike that more than 30 days had passed and, as of this writing, Nike has still failed to respond to these interrogatories to which it said that it

would supplement (specifically, Cahill 1, 13-16, Hender 1, 14-15, 17-18, Johnson 1, 14, 16, and Elizabeth 1). Nike has neither provided a supplemental response nor specified a date when it would do so.

3. Fed. R. Civ. P. 34(b)(2)(C) requires that a responding party "state whether any responsive materials are being withheld on the basis of the objection." By emails, dated 11/19 and 11/22, Plaintiffs requested that Nike comply with the Rule and state whether Nike has withheld any documents pursuant to each of its objections. As of this writing, Nike has failed to do so. As stated in Plaintiffs' 11/19 email, the purpose of this requirement is "to alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection." FRCP 34, 2015 Cmts. Nike's continued refusal is thus thwarting an "informed discussion of the objection[s]."

4. By email, dated 11/22, Plaintiffs requested that Nike timely produce a privilege log for any document for which it claims is protected by the attorney-client privilege or work product doctrine. As Plaintiffs pointed out, the timely production of a privilege log is necessary in light of the discovery deadlines in this case. In its response, dated 11/29, Nike again failed to provide a date certain or otherwise advise Plaintiffs as to when it will turn over a privilege log. Once again, Plaintiffs request that Nike provide a timeline for its production of a privilege log.

5. In response to Nike's apparent refusal to produce documents related to its "responses, investigations, findings, and/or conclusions" as to the complaints identified in RFPs 103, 109, 112 and 115, Plaintiffs asked Nike to acknowledge that it would produce any such documents that are not subject to the attorney-client privilege or work product doctrine. In its subsequent response, Nike did not address Plaintiffs' request that these documents be produced. Please confirm that Nike will produce responsive, nonprivileged documents.

6. In RFP No. 92, Plaintiffs requested documents related to 19 male comparators. In its response, Nike objected to the request but did not agree to produce any responsive documents subject to its objections or otherwise. By email, on 11/22, Plaintiffs clarified that the individual formerly thought to be Frank Wright is actually named Franklin Cooke and renewed its request for those documents. In a responsive email, 11/29, Nike stated: "[s]ubject to our objections we will produce nonprivileged documents responsive to RFP No. 92." Plaintiffs appreciate Nike's clarification and, further, that it has "accept[ed the] correction" of Franklin Cooke for Frank Wright. Even so, pursuant to Rule 34, Nike must specify when those documents will be produced and whether any documents are being withheld pursuant to the objections listed in its written response to RFP 92.

Plaintiffs hereby request a conferral conference regarding the above issues **on or before December 6, 2023.** Counsel for Plaintiffs are available at the following times: Monday, December 4, 1-5pm, and Wednesday, December 6, 9:30am-noon, 1-5pm. Please promptly advise if any of these times will work for Nike's counsel and, if not, what alternative dates and times are available on or before December 6.

If the parties are unable to reach agreement on any of the above by that date, and in order to have these issues efficiently resolved and an appropriate discovery schedule set in light of the pending discovery cutoff, Plaintiffs will promptly seek a discovery and case management conference with Magistrate Judge Russo, pursuant to Local Rules 16-2 and 26-3(f).

Regards,
Kathryn

**Kathryn P. Roberts (she/her)** | Attorney
**Markowitz Herbold PC**
1455 SW Broadway, Suite 1900 | Portland, OR 97201
**T** (503) 295-3085 | Web

**CONFIDENTIALITY NOTICE:** The information contained in this transmission is confidential. It may also be subject to the attorney-client privilege or be privileged work product or proprietary information. This information is intended for the exclusive use of the addressee(s). If you are not the intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution (other than to the addressee(s)), copying or taking of any action because of this information is strictly prohibited.

***********************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.