# Exhibit B

| | |
|---|---|
| **From:** | Jackson, Lindsey C. |
| **To:** | Kathryn P. Roberts |
| **Cc:** | Prince, Daniel; Davis, Felicia A.; Tapper, Alyssa; Erika Smolyar; Barry Goldstein; James Kan; Mengfei Sun; Byron Goldstein; Laura Salerno Owens |
| **Subject:** | Re: [EXT] Cahill/Nike - Conferral re Plaintiffs" Fourth RFPs and Privilege Log |
| **Date:** | Wednesday, November 29, 2023 10:01:34 PM |

Kathryn,

NIKE is in the process of collecting and reviewing documents in connection with Plaintiffs' Fourth Set of RFPs. It is NIKE's goal to make a production as soon as possible. As we have done previously, we intend to timely supplement our privilege log, if needed, when we have substantially completed our document production.

We will wait to formally respond to any meet and confer correspondence regarding NIKE's privilege objections. Plaintiffs' previewing of a sword-and-shield argument in the abstract is confounding. It would be most efficient to wait until NIKE has substantially completed its production before the parties engage in further discussion regarding any assertions of privilege (or work product protection). Indeed, the sword-and-shield argument prevents parties in litigation from abusing the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged material. *See Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003). That is not the situation here.

Thanks,

Lindsey

> On Nov 22, 2023, at 9:05 AM, Kathryn P. Roberts <kathrynroberts@markowitzherbold.com> wrote:
>
>
>
> --- External Email ---
>
> <!--[if !((ie)|(mso))]-->
>
> --- External Email ---
>
> <!--[endif]-->
> Counsel,
>
> This message addresses two issues upon which Plaintiffs seek to confer with Nike in connection with its Objections and Responses to Plaintiffs' Fourth Set of Requests for Production ("Response"), served on November 6, 2023.

1. Timely Production of a Privilege Log.  In the Preliminary Statement to its Response, Nike represented that it would not produce any "documents that are protected by the attorney-client privilege and/or attorney work product doctrine, or any other applicable privilege or immunity."  Nike reiterated this objection in its response to each of the 47 RFPs.

   Should Nike withhold responsive documents pursuant to these objections, it is obligated to provide a privilege log.  Under the federal rules, a party withholding documents based upon attorney-client privilege or attorney work product must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  Fed. R. Civ. P. 26(b)(5)(A)(ii).  <u>Consistent with this obligation, please advise when Nike will produce a privilege log that satisfies its obligation under the rules.</u>

   If you already logged any responsive discovery on a prior privilege log, please identify which log entries those are because, based on the descriptions Nike provided, Plaintiffs cannot identify which discovery is responsive to these RFPs.  And, given that close of discovery is approaching, it is critical that Nike provide such an privilege log in the near future.  Timely production of a privilege log is needed so that we are able to "assess the claim" of privilege and, if appropriate, challenge the claim.  Moreover, a timely production would also allow Plaintiffs to take further discovery, including written discovery and depositions, necessitated by information disclosed in response to a successful challenge to a claim of privilege.

2. Non-Privileged Response to Complaints.  Plaintiffs RFPs seek, in part, materials related to Nike's "responses, investigations, findings, and/or conclusions" as to several categories of complaints and requests made by Plaintiffs and others to Nike (specifically, RFP Nos. 103, 109, 112, and 115).  In response, Nike refused to produce any responsive documents citing the attorney-client and work product privileges and, in particular, Nike's engagement of outside counsel to investigate the Starfish complaints.

   While Plaintiffs intend to address Nike's objections in greater detail in subsequent conferral correspondence, Plaintiffs nonetheless note

that any such responses, investigations, findings and/or conclusions that are not subject to privilege must be promptly produced. The preparation and production of a privilege log shall not delay the production of non-privileged responsive documents. In addition, Plaintiffs hereby underscore that, should Nike refuse to produce documents related to the referenced "complaints and/or reports" based on an assertion of privilege, then Nike may not subsequently introduce evidence regarding these matters. A party cannot conceal evidence related to a particular claim or event behind the "shield" of privilege while using the "sword" of the introduction of selected evidence regarding the same claim or event.

Please advise no later than November 29, 2023, when Nike will produce a privilege log identifying all responsive documents withheld as privileged in response to Plaintiffs' fourth RFPs and if further conferral is necessary regarding any of the aforementioned issues.

Regards,

**Kathryn P. Roberts (she/her)** | Attorney
**Markowitz Herbold PC**
1455 SW Broadway, Suite 1900 | Portland, OR  97201
**T** (503) 295-3085 | Web

**CONFIDENTIALITY NOTICE:** The information contained in this transmission is confidential. It may also be subject to the attorney-client privilege or be privileged work product or proprietary information. This information is intended for the exclusive use of the addressee(s). If you are not the intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution (other than to the addressee(s)), copying or taking of any action because of this information is strictly prohibited.