LAURA E. ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 300
Portland, OR 97205
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

DANIEL PRINCE, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
FELICIA A. DAVIS, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendant NIKE, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, SARA JOHNSTON, LINDSAY ELIZABETH, and HEATHER HENDER, individually and on behalf of others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>　　　　　Defendant. | Case No.: 3:18-cv-01477-JR<br><br>DEFENDANT NIKE, INC.'S RESPONSE TO PLAINTIFFS' RULE 72(a)-(b) OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER DATED NOVEMBER 22, 2023 (ECF NO. 386)<br><br>ORAL ARGUMENT REQUESTED |

DEFENDANT NIKE, INC.'S RESPONSE TO PLAINTIFFS' RULE 72 (a)-(b)
OBJECTIONS TO ORDER (ECF NO. 386)

## **TABLE OF CONTENTS**

                                                                                                                                            **Page**

I.    INTRODUCTION .................................................................................................. 1

II.   PLAINTIFFS DID NOT PROVIDE SUFFICIENT EVIDENCE TO SHOW THEY HAVE A COLORABLE BASIS FOR THEIR BELIEF THAT RESPONSIVE DOCUMENTS EXIST AND ARE BEING IMPROPERLY WITHHELD .............................................................................................................. 2

       A.    NIKE Cannot Produce Documents That Do Not Exist ............................................ 2

       B.    The Order Did Not Deny Plaintiffs' Motion to Compel Based on a Merits Findings; Plaintiffs Erroneously Claim the Magistrate Judge Misunderstands the Elements of a Disparate Impact Claim. ................................. 4

III.  DISCOVERY ON DISCOVERY IS NOT WARRANTED............................................... 4

IV.  CONCLUSION...................................................................................................... 6

## **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*246 Sears Rd. Realty Corp. v. Exxon Mobil Corp.*,
   2011 WL 13254283 (E.D.N.Y. Apr. 1, 2011) .................................................................. 4, 5

*Alley v. MTD Prods., Inc.*,
   2018 WL 4689112 (W.D. Pa. Sept. 28, 2018) ...................................................................... 5

*Ayala v. Tapia*,
   1991 WL 241873 (D.D.C. Nov. 1, 1991) .............................................................................. 2

*Bresk v. Unimerica Ins. Co.*,
   2017 WL 10439831 (C.D. Cal. Nov. 16, 2017) ................................................................. 2, 4

*Brewer v. BNSF Ry. Co.*,
   2018 WL 882812 (D. Mont. Feb. 14, 2018) .......................................................................... 4

*Carter v. Dawson*,
   2010 WL 4483814 (E.D. Cal. Nov. 1, 2010) ........................................................................ 2

*Corbello v. DeVito*,
   2011 WL 2413434 (D. Nev. June 10, 2011) ......................................................................... 3

*Gross v. Chapman*,
   2020 WL 4336062 (N.D. Ill. July 28, 2020) ......................................................................... 3

*Karrani v. JetBlue Airways Corp.*,
   2019 WL 2269817 (W.D. Wash. May 28, 2019) .................................................................. 4

*Martin v. Monsanto Co.*,
   2017 WL 5172205 (C.D. Cal. Apr. 10, 2017) ....................................................................... 2

*Paskuly v. Marshall Field & Co.*,
   494 F. Supp. 687 (N.D. Ill. 1980), *aff'd*,
   646 F.2d 1210 (7th Cir. 1981) ............................................................................................... 3

**RULES**

FED. R. CIV. P. 26 .......................................................................................................................... 5

FED. R. CIV. P. 26(b)(1) ................................................................................................................. 5

FED. R. CIV. P. 72(a) ..................................................................................................................... 1

FED. R. CIV. P. 72(b) ..................................................................................................................... 1

I.     **INTRODUCTION**

Magistrate Judge Russo got it right.  The Order in question denies two "dueling motions," one of which was NIKE's Motion for Protective Order, or in the alternative, to Quash.  ECF No. 347.  Although NIKE may not agree with Magistrate Judge Russo's denial of its motion, it acknowledges that the high standard—whether Magistrate Judge Russo's Order (hereafter the "Order") was "clearly erroneous or is contrary to law"—is a difficult bar to overcome.  That threshold cannot be met here, despite Plaintiffs' bold proclamation to the contrary in their Rule 72(a)-(b) Objections to Order (ECF No. 386) (hereafter the "Objections").  ECF No. 394-1 at 3; *see also* Fed. R. Civ. P. 72(a); ECF No. 386.  Magistrate Judge Russo has lived with this case since 2018 and has heard the same arguments from Plaintiffs during multiple discovery disputes.  *See, e.g.,* ECF Nos. 89, 111, 310 at 39-42, and 386; *see also* ECF No. 349.  Plaintiffs did not present anything new that should have led Magistrate Judge Russo, or now this Court, to question what it already knows:  (1) Plaintiffs did not meet their burden to show a colorable basis for their belief that responsive documents have been improperly withheld; and (2) "the Court cannot order a party to produce documents that do not exist."  ECF No. 386 at 4.

Plaintiffs' Objections to the well-reasoned Order must fail because NIKE has "already produced the information in its possession, custody, and control that it was able to locate after a reasonable inquiry and diligent search, including a pre-October 2017 version of the Offer Intake Form that was produced over a year before class certification briefing."  ECF No. 354 at 1.  Once again, Plaintiffs seek to reopen issues long resolved simply because NIKE does not have every document Plaintiffs would hope existed.  They do not exist.  Nor would additional motion practice make it so.  The Objections should be overruled.

Page 1    -    DEFENDANT NIKE, INC.'S RESPONSE TO PLAINTIFFS' RULE 72 (a)-(b) OBJECTIONS TO ORDER (ECF NO. 386)

## II. PLAINTIFFS DID NOT PROVIDE SUFFICIENT EVIDENCE TO SHOW THEY HAVE A COLORABLE BASIS FOR THEIR BELIEF THAT RESPONSIVE DOCUMENTS EXIST AND ARE BEING IMPROPERLY WITHHELD

### A. NIKE Cannot Produce Documents That Do Not Exist.

"A plaintiff's mere suspicion that additional documents must exist is an insufficient basis to grant a motion to compel." *Bresk v. Unimerica Ins. Co.*, 2017 WL 10439831, at *5 (C.D. Cal. Nov. 16, 2017) ("a court cannot order a party to produce documents that do not exist"). "Rather, the moving party must have a colorable basis for its belief that relevant, responsive documents exist and are being improperly withheld." *Id.*; *see also Carter v. Dawson*, 2010 WL 4483814, at *5 (E.D. Cal. Nov. 1, 2010) (defendants' representation that they are unable to locate responsive documents precludes the grant of a motion to compel "unless Plaintiff can identify a specific document that Defendants have withheld"); *Ayala v. Tapia*, 1991 WL 241873, at *2 (D.D.C. Nov. 1, 1991) (denying motion to compel where moving party could not identify withheld documents). No such basis exists here.

Plaintiffs admit that NIKE has produced responsive materials. *See, e.g.,* ECF Nos. 349 at 5-8 and 394-1 at 6-7 (describing responsive documents and communications that NIKE has produced). As NIKE stated in its opposition to Plaintiffs' Motion to Compel:

> NIKE distributed retention notices to custodians and potential custodians; it worked with e-discovery professionals who assisted with document harvesting, staging, and production; it conducted custodial witness interviews to identify potentially responsive materials and potential repositories of data, including historical data; it analyzed Plaintiffs' discovery requests and Court Orders in connection with the data universe that was harvested; it reviewed documents for responsiveness; it screened out privileged material and logged those items; and it produced nearly 50,000 pages of information during the discovery period, including recent supplementations of those documents following the Court's scheduling order. Prince Decl., ¶ 3.

ECF No. 354 at 9. NIKE has met its obligation to perform a reasonable and diligent inquiry into discovery requests and produce responsive documents. *See Martin v. Monsanto Co.*, 2017 WL

5172205, at *6 (C.D. Cal. Apr. 10, 2017) (defendant made reasonable inquiry into discovery request despite plaintiff's dissatisfaction with document production). NIKE has communicated to Plaintiffs multiple times that no additional documents exist. *See Corbello v. DeVito*, 2011 WL 2413434, at *3 (D. Nev. June 10, 2011) ("The court will not compel the New Defendants to produce a document it represents has been produced after searching the files . . . or other agreements counsel represent do not exist."). Nonetheless, Plaintiffs refuse to accept the facts.

This has become evident with respect to Plaintiffs' demand for pre-2017 documents, some dating as far back as January 2010. Plaintiffs seem to believe that space and file storage are unlimited resources. That is not true and the case law recognizes as much. *See, e.g.*, *Paskuly v. Marshall Field & Co.*, 494 F. Supp. 687, 689 (N.D. Ill. 1980) ("The primary purpose of statutes of limitation is to protect parties from the prejudice caused by the loss of evidence due to the passage of time."), *aff'd*, 646 F.2d 1210 (7th Cir. 1981). The absence of pre-2017 documents does not "merit[] a lengthy trip down the rabbit hole of discovery on discovery." *Gross v. Chapman*, 2020 WL 4336062, at *4 (N.D. Ill. July 28, 2020).

To be clear, documents may not exist due to perfectly valid reasons—not because of any nefarious conduct. First, there is no certainty that the documents Plaintiffs seek ever existed. Even so, file storage is not unlimited, and NIKE was under no obligation to preserve documents prior to litigation, at which time it put appropriate litigation holds in place. Due to the good faith operation of retention rules, certain pre-2017 documents do not exist (assuming they ever existed in the first place) and NIKE cannot be expected to produce information that it does not have because Plaintiffs insist on filing motion after motion seeking identical (and unreasonable) relief.

Page 3    -    DEFENDANT NIKE, INC.'S RESPONSE TO PLAINTIFFS' RULE 72 (a)-(b) OBJECTIONS TO ORDER (ECF NO. 386)

      **B.**     **The Order Did Not Deny Plaintiffs' Motion to Compel Based on a Merits Findings; Plaintiffs Erroneously Claim the Magistrate Judge Misunderstands the Elements of a Disparate Impact Claim.**

Plaintiffs mistakenly claim that Magistrate Judge Russo denied their Motion to Compel because Plaintiffs did not prove a required element to establish a disparate impact claim—which Plaintiffs boldly claim that Magistrate Judge Russo simply misunderstands. *See* ECF. No. 394-1 at 1-3. Specifically, Plaintiffs assert that Magistrate Judge Russo required them to show that NIKE had "a company-wide policy" to prevail on their motion. *See id*. This assertion is an attempt to divert the Court's attention from the issue here, whether Plaintiffs provided "a colorable basis for [their] belief that relevant, responsive documents exist and are being improperly withheld." *Bresk*, 2017 WL 10439831, at *5. In fact, the Order never discussed the elements of Plaintiffs' claims, nor did it mention disparate impact. Instead, the Order reasonably pointed to the Court's findings during the many years and multiple reviews of this very same issue. The Order found that Plaintiffs' additional evidence offered in support of their motion—the Offer Intake Forms and the deposition testimony of Genevieve Long—"failed to show a company-wide policy," and thus established that Plaintiffs do not have a colorable basis for their belief that responsive documents have been improperly withheld.[1] Therefore, Plaintiffs' motion to compel was rightly denied.

**III.**    **DISCOVERY ON DISCOVERY IS NOT WARRANTED**

Plaintiffs request "discovery on discovery"; specifically that NIKE submit a declaration on its search and collection methods and its retention policies. Requests for "discovery on

---

[1] Despite their reliance on the Long deposition to try to show a colorable basis for their belief, and despite the fact that NIKE was not present at the Long deposition, Magistrate Judge Russo correctly noted that "plaintiffs did not pursue the inquiry [about whether a company-wide policy existed to use prior pay to establish starting salaries] beyond a simple open-ended question." *See* ECF 386 at 5.

Page 4  -  DEFENDANT NIKE, INC.'S RESPONSE TO PLAINTIFFS' RULE 72 (a)-(b) OBJECTIONS TO ORDER (ECF NO. 386)

discovery" are routinely denied. *246 Sears Rd. Realty Corp. v. Exxon Mobil Corp.*, 2011 WL 13254283, at *4 (E.D.N.Y. Apr. 1, 2011); see also *Karrani v. JetBlue Airways Corp.*, 2019 WL 2269817, at *4 (W.D. Wash. May 28, 2019) (denying motion to compel where "[p]laintiff effectively seeks discovery on JetBlue's discovery process"); *Brewer v. BNSF Ry. Co.*, 2018 WL 882812, at *2 (D. Mont. Feb. 14, 2018) (denying plaintiff's request for a description of how defendant searched for and produced documents).

Plaintiffs attempt to force NIKE to prove a negative—that the documents Plaintiffs seek do *not* exist—based on Plaintiffs' unfounded suspicions. However, "[f]ederal courts will not compel a party to disclose its discovery process as a result of the opponent's mere suspicion that the party's process has not produced adequate documents." *Alley v. MTD Prods., Inc.*, 2018 WL 4689112, at *2 (W.D. Pa. Sept. 28, 2018) (citation omitted).

Contrary to Plaintiffs brief and erroneous claims in their Objections, NIKE has not withheld critical discovery or misrepresented the existence of discovery, and has provided a sufficient summary of its discovery process, understanding work product and privilege concerns. *See* ECF No. 354 at 1, 5-7 and 9. "NIKE conducted a reasonable inquiry and diligent search to produce documents relating to starting pay" and has "complied with all Court Orders." *Id.* at 5. Plaintiffs' assertions are no more than a "hypothetical inference" that more documents exist, and are not supported by facts. *246 Sears Rd. Realty Corp.*, 2011 WL 13254283, at *4.

Instead, as Magistrate Judge Russo aptly points out, there has been "exhaustive discovery" in this case and the "expense and burden of this further duty" is *not* "proportion[al] to the individual claims in this case" (given that only the individual claims of the four named Plaintiffs survived the ruling on class certification). ECF No. 386 at 6. Here, Magistrate Judge Russo clearly applied the proportionality factors in Rule 26 despite Plaintiffs' baseless assertion

Page 5    -    DEFENDANT NIKE, INC.'S RESPONSE TO PLAINTIFFS' RULE 72 (a)-(b) OBJECTIONS TO ORDER (ECF NO. 386)

she did not. *See* [Fed. R. Civ. P. 26(b)(1)](#) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering" amongst other things "whether the burden or expense of the proposed discovery outweighs its likely benefit.").

IV.    **CONCLUSION**

Based on the above and Plaintiffs' inability to show that the Magistrate Judge's Order dated November 22, 2023, was "clearly erroneous or is contrary to law," NIKE respectfully requests the District Court overrule Plaintiffs' objections.

Dated:  December 20, 2023                    Respectfully submitted,

*s/ Daniel Prince*
Daniel Prince, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
Felicia A. Davis, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com

PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071-2228
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Laura E. Rosenbaum, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  (503) 294-9408
Facsimile:  (503) 220-2480

Attorneys for Defendant NIKE, INC.