LAURA E. ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 300
Portland, OR 97205
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

DANIEL PRINCE, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
FELICIA A. DAVIS, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendant NIKE, INC.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL SARA JOHNSTON, LINDSAY ELIZABETH, and HEATHER HENDER, individually and on behalf of others similarly situated, | Case No. 3:18-cv-01477-JR |
| Plaintiffs, | DEFENDANT NIKE, INC.'S MOTION FOR A STAY PENDING APPEAL RE: OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS & RECOMMENDATION DATED OCTOBER 11, 2023 (ECF NO. 363) |
| vs. | |
| NIKE, INC., an Oregon Corporation, | |
| Defendant. | **EXPEDITED HEARING REQUESTED** |
| | **ORAL ARGUMENT REQUESTED** |

## <u>TABLE OF CONTENTS</u>

**Page**

I.      BACKGROUND ................................................................................................ 2

II.     LEGAL STANDARD ...................................................................................... 3

III.    A STAY PENDING APPEAL IS NECESSARY HERE. ................................. 4

        A.      There Will be Irreparable Injury Without a Stay Pending Appeal. ...................... 4

        B.      NIKE Has Raised Serious Legal Questions on the Merits. .................................. 6

        C.      The Balance of Hardships Tips in Favor of NIKE and its Former Employees. .... 7

        D.      The Public Interest Favors a Stay Pending Appeal................................................ 7

IV.     CONCLUSION ................................................................................................. 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Al Otro Lado v. Wolf*,
   952 F.3d 999 (9th Cir. 2020) ................................................................3, 4

*Align Tech., Inc. v. SmileDirectClub, LLC*,
   No. 23-CV-00023-EMC, 2023 WL 2347431 (N.D. Cal. Mar. 3, 2023)...............................4, 5

*Ball v. Skillz Inc.*,
   No. 220CV00888JADBNW, 2020 WL 10180904 (D. Nev. Nov. 16, 2020) ......................5, 8

*Benson v. Double Down Interactive, LLC*,
   Case No. 2:18-cv-00525-RBL, 2019 WL 972482 (W.D. Wash. Feb. 28, 2019).....................6

*Does I thru XXIII v. Advanced Textile Corp.*,
   214 F.3d 1058, 1069 (9th Cir. 2000) ...........................................................6

*Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*,
   179 F.R.D. 264 (C.D. Cal. 1998) .............................................................8

*Flores v. Barr*,
   977 F.3d 742 (9th Cir. 2020) ................................................................4

*Hernandez v. Cnty. of Monterey*,
   No. 13-CV-02354-BLF, 2023 WL 4849877 (N.D. Cal. July 28, 2023)..................................5

*Hooks v. Hood River Distillers, Inc.*,
   No. 3:21-CV-268-SI, 2021 WL 2142609 (D. Or. May 26, 2021) ...........................4

*Hunton v. Am. Zurich Ins. Co.*,
   No. CV-16-00539-PHX-DLR, 2019 WL 399708 (D. Ariz. Jan. 31, 2019).....................5, 7, 8

*Leiva-Perez v. Holder*,
   640 F.3d 962 (9th Cir. 2011) ................................................................4, 6

*Nken v. Holder*,
   556 U.S. 418 (2009).........................................................................3, 5

*WOF SW GGP 1, LLC v. Quasar Energy Group, LLC*,
   No. 3:18-CV-01475-AC, 2020 WL 2758779 (D. Or. Jan. 7, 2020) ...................................6, 7

**Other Authorities**

Fed. R. App. P. 8(a)(1) ...................................................................................................3

Fed. R. App. P. 8(a)(2)(A)(ii) .....................................................................................2, 8

LR 7-1(a) .......................................................................................................................1

LR 7-1(g) .......................................................................................................................2

## LR 7-1(a) CERTIFICATION

Pursuant to Local Rule 7-1(a), counsel for Defendant NIKE, Inc. ("NIKE") conferred in good faith with counsel for the Non-Party Media Organizations, Insider Inc. *d/b/a BUSINESS INSIDER*, Advance Local Media LLC *d/b/a Oregonian Media Group*, and American City Business Journals, Inc. *d/b/a Portland Business Journal* (collectively the "Intervenors"), and counsel for Plaintiffs Kelly Cahill, Heather Hender, Sara Johnston, and Lindsay Elizabeth ("Plaintiffs"), regarding this motion and the matters contained herein.  NIKE understands that the motion is opposed.

## EMERGENCY MOTION FOR STAY PENDING APPEAL

NIKE filed objections to the Magistrate Judge's Findings and Recommendation (the "Findings") granting the Intervenors' Renewed Motion to unseal this Court's records (collectively, the "Records").[1]  NIKE files this protective motion for an emergency stay in the event the District Court overrules NIKE's objections.  The purpose of this motion is to avoid publication—during the pendency of any appeal—of the identities of complainants, witnesses, and subjects of internal complaints listed in certain, limited documents.  *See* ECF Nos. 343, 346.  Publication of the identities of the above-referenced individuals is likely to cause immediate and irreparable harm, and the subject matter of the appeal would be destroyed without a stay.  NIKE seeks an expedited hearing pursuant to LR 7-1(g).  **Assuming, *arguendo*, that the Court denies this motion, NIKE**

---

[1] Intervenors requested that unredacted versions of the following be publicly filed: Exhibit 46 to the Declaration of Mengfei Sun in Support of Plaintiffs' Motion for Class Certification, ECF No. 284–6; Exhibit 47 to the Declaration of Mengfei Sun in Support of Plaintiffs' Motion for Class Certification, ECF No. 284–7; Exhibit 48 to the Declaration of Mengfei Sun in Support of Plaintiffs' Motion for Class Certification, ECF No. 284–8; Exhibit 51 to the Declaration of Mengfei Sun in Support of Plaintiffs' Motion for Class Certification, ECF No. 285–1; Exhibit 52 to the Declaration of Mengfei Sun in Support of Plaintiffs' Motion for Class Certification, ECF No. 285–2; Paragraph 16 of the Declaration of Byron Goldstein in Support of Plaintiffs' Motion for Class Certification, ECF No. 288; Exhibit 9 to the Declaration of Byron Goldstein in Support of Plaintiffs' Motion for Class Certification, ECF No. 290–4.  ECF No. 343 at 5.

Page 1 –  NIKE, INC.'S EMERGENCY MOTION FOR A STAY PENDING APPEAL

**requests a brief stay be put in place for NIKE to request a stay directly from the Ninth Circuit.**

**Fed. R. App. P. 8(a)(2)(A)(ii).**

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    BACKGROUND

On November 13, 2022, the Court granted, in part, NIKE's motion to seal certain portions of documents filed in relation to Plaintiffs' motion for class certification, adopting the Magistrate's recommendations issued on September 30, 2022.  ECF Nos. 275.  The Court also granted the Intervenors' motion to intervene "for the limited purpose of challenging the stipulated redactions related to the briefing surrounding [P]laintiffs' Motion for Class Certification" and denied the Intervenors' request to unseal documents produced under the Protective Order in the case.  *Id.*  The Court denied Plaintiffs' motion for class certification on March 21, 2023 (ECF No. 335), and Intervenors filed their renewed motion on August 9, 2023, seeking to reveal the identities of complainants, witnesses, and subjects of internal complaints listed in certain, limited documents.

Many of the documents subject to the Intervenors' renewed motion already have been publicly filed and their substantive contents have been laid bare.  ***The only information that remains redacted are the names*** of individuals who:  (1) submitted complaints internally to NIKE, with the expectation that the issues raised would be investigated as confidentially as possible; (2) were the subjects of the internal complaints, some of which were not substantiated; or (3) alleged witnesses to purported events, many of whom were interviewed with the understanding that the investigation would remain as confidential as possible.  The Intervenors admitted that NIKE already unredacted extensive information pertaining to these purported complaints.  ECF No. 343, at 7–8.  The remaining redactions seek to avoid embarrassing the individuals named in the documents and to avoid discouraging confidential reporting of wrongdoing, an essential element in protecting workers

going forward.  The individual employees implicated here are not parties to the litigation, and have

no expectation that their identities are subject to exposure for the Intervenors' sole purpose of

generating news content.  ***Furthermore, these individuals' identities have absolutely nothing to do***

***with the claims or defenses raised in this case.***

On October 11, 2023, Magistrate Judge Russo recommended that this Court grant the

Intervenors' renewed motion, ECF No. 364, and NIKE timely filed objections to the Magistrate

Judge's Findings on October 25, 2023, ECF No. 376.  Both Plaintiffs and the Intervenors filed

oppositions to NIKE's objections.  ECF Nos. 382–84.  NIKE's objections requested oral argument,

and NIKE concurrently filed its renewed request for oral argument alongside this motion.  Within

that renewal, NIKE requested a stay of proceedings in the event the District Court overrules NIKE's

objections to avoid publication during the time this concurrently filed motion to stay remains under

the Court's consideration.

## II.    <u>LEGAL STANDARD</u>

A party seeking a stay pending appeal must ordinarily move for a stay from the District Court

before requesting a stay from the Ninth Circuit.  Fed. R. App. P. 8(a)(1).  Either level of review

requires the consideration of four factors:

> "(1) whether the stay applicant has made a strong showing that he is likely to
> succeed on the merits; (2) whether the applicant will be irreparably injured absent
> a stay; (3) whether issuance of the stay will substantially injure the other parties
> interested in the proceeding; and (4) where the public interest lies."

*Al Otro Lado v. Wolf*, 952 F.3d 999, 1006–07 (9th Cir. 2020) (quoting *Nken v. Holder*, 556 U.S.

418, 434–435 (2009)).  "The first two factors ... are the most critical," while the last two are

reached only "[o]nce an applicant satisfies the first two factors."  *Id*.  At core, "[a]n applicant for

a stay pending appeal must show that a stay is necessary to avoid likely irreparable injury to the

applicant while the appeal is pending."  *Id*.  However, the Ninth's Circuit's "sliding scale"

Page 3 –   NIKE, INC.'S EMERGENCY MOTION FOR A STAY PENDING APPEAL

approach—which balances the elements of the preliminary injunction test so that a stronger

showing of one element may offset a weaker showing of another—applies equally to a district

court's assessment of whether to stay an order pending appeal.  *Al Otro Lado*, 952 F.3d at 1007;

*Hooks v. Hood River Distillers, Inc.*, No. 3:21-CV-268-SI, 2021 WL 2142609, at *18 (D. Or.

May 26, 2021).  "If anything, a flexible approach is even more appropriate in the stay context."

*Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (per curiam).  Thus, a stay may be

granted despite serious questions going to the merits of success on appeal if the balance of

hardships tips in the moving party's favor.  *See Flores v. Barr*, 977 F.3d 742, 746 (9th Cir.

2020); *Align Tech., Inc. v. SmileDirectClub, LLC*, No. 23-CV-00023-EMC, 2023 WL 2347431,

at *1 (N.D. Cal. Mar. 3, 2023).

III.    <u>A STAY PENDING APPEAL IS NECESSARY HERE.</u>

To the extent the District Court overrules NIKE's objections on the redaction issue, if there is

no immediate stay, Plaintiffs likely would file unredacted copies of the documents at issue publicly,

thereby enabling the Intervenors to publish non-party individuals' identities while NIKE's motion

for stay and appeal would be under review.  Publication of the records at issue would gut any

potential remedy available to NIKE or the impacted individuals.  Thus, if the Court denies NIKE's

instant motion, NIKE respectfully requests an emergency stay of proceedings to allow time for

NIKE to seek a stay directly from the Ninth Circuit pending appeal.

A.    <u>There Will be Irreparable Injury Without a Stay Pending Appeal.</u>

Adoption of the Magistrate Judge's Findings presents a situation that could result in

irreparable injury to those currently protected by the Court's seal.  The Intervenors seek to

immediately publicize the documents at issue.  Thus, the risk that publication brings is not

merely that prying eyes will log into PACER and access documents behind the paywall; it is that

Page 4 –   NIKE, INC.'S EMERGENCY MOTION FOR A STAY PENDING APPEAL

Plaintiffs would provide unredacted copies of the key documents to Intervenors, and that the Intervenors would publish the names contained therein.  This concern is not a mere possibility, but rather the fundamental reason why the Intervenors have joined this action seeking to unseal this information (and why Plaintiffs echoed the Intervenors' response to NIKE's objections).  *See* ECF Nos. 343, 346.  Publication of this information is likely to bring embarrassment, emotional harm and reputational harm to individuals named in the redacted records.  And once the unredacted records are filed on the public docket, the information within them can never be fully clawed back.  *See Ball v. Skillz Inc.*, No. 220CV00888JADBNW, 2020 WL 10180904, at *2 (D. Nev. Nov. 16, 2020) (finding irreparable injury absent stay because of inability to claw back plaintiff's anonymity from public record); *see also Align Tech., Inc., LLC*, 2023 WL 2347431, at *1 ("'[When] the information is publicly filed, what once may have been [confidential] no longer will be'") (quoting *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 3536800, at *1 (N.D. Cal. Aug. 15, 2012)).

If a stay is not put in place pending appeal of the Court's Order, nothing prevents the Intervenors or anyone else from accessing the Court's records and disclosing that information to the public during NIKE's appeal.  *See Hunton v. Am. Zurich Ins. Co.*, No. CV-16-00539-PHX-DLR, 2019 WL 399708, at *3 (D. Ariz. Jan. 31, 2019) (opposing counsel disclosed unsealed information to third party in absence of a stay pending appeal); Understanding that reality, a stay prevents harm to the individuals named in the applicable records, *see, e.g., Nken*, 556 U.S. at 434; *c.f. Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000) (finding district court erred by failing to consider evidence of threatened retaliation to non-parties), while also preserving the merits of NIKE's appeal.  *Hernandez v. Cnty. of Monterey*, No. 13-CV-02354-BLF, 2023 WL 4849877, at *2 (N.D. Cal. July 28, 2023) ("Defendants

correctly point out that once the material in the reports is made public, Defendants would have no effective recourse even if they were to prevail on their appeal of the Sealing Order.").

### B.    NIKE Has Raised Serious and Important Legal Questions on the Merits.

The likelihood of NIKE's success on appeal also weighs in its favor.  At this stage, NIKE need only establish that success is a "reasonable probability," a "fair prospect," or that "serious legal questions are raised."  *Leiva–Perez*, 640 F.3d at 967-968; *WOF SW GGP 1, LLC v. Quasar Energy Group, LLC*, No. 3:18-CV-01475-AC, 2020 WL 2758779, at *1 (D. Or. Jan. 7, 2020).

Although the Ninth Circuit has not defined "serious legal questions," this Court and others within the Circuit have found that a question is serious "when it raises an issue of first impression within the Ninth Circuit or involves a split of legal authority." *WOF SW GGP 1, LLC*, 2020 WL 2758779, at *1 (quoting *Vesta Corp. v. Amdocs Mgmt. Ltd.*, No. 3:14-cv-1142-HZ, 2016 WL 10843668, at *2 (D. Or. Nov. 7, 2016)); *Benson v. Double Down Interactive, LLC*, Case No. 2:18-cv-00525-RBL, 2019 WL 972482, at *6 (W.D. Wash. Feb. 28, 2019) (holding that "[e]ven though this Court stands by its prior decision ... there is no clear precedent by the Ninth Circuit or the Supreme Court squarely addressing the issue ... [and thus movant] meets the serious legal question standard").

There is a dearth of authority in the Ninth Circuit on motions to stay pending appeal when the underlying order concerns a motion to unseal the identities of non-party complainants, witnesses, and subjects of internal complaints.  That said, NIKE has presented a serious legal question with respect to whether the "good cause" standard (instead of the "compelling interest" standard) should be applied in the instant case.  This is especially true where, as here, the Court should weigh this factor as well as the other factors that militate in favor of NIKE.

**C.**     **The Balance of Hardships Tips in Favor of NIKE and its Former Employees.**

There would be no injury to other interested parties as a result of a stay.  For one, all parties hereto have access to the applicable records without redaction.  Plaintiffs did not challenge the Court's June 17, 2019 Protective Order, and in fact, Plaintiffs agreed with NIKE to keep redacted "the names of any individuals named in allegations of sexual harassment or gender discrimination at [NIKE] that have not already been made public[.]"  ECF No. 273 at 12. Of equal import, granting a stay would not impact the current stage of proceedings because the parties can continue the proceedings consistent with the Court's case management order.

The Intervenors likewise would be no worse off to wait until the appellate court can review the legal issues here before gaining access to and/or publishing the records at issue.  Any additional delay that may arise by virtue of any appellate proceedings is outweighed by the interest of justice for the individuals whose identities are currently redacted, and there would be no harm to the litigants themselves.  *See WOF SW GGP 1, LLC*, 2020 WL 2758779, at *2 ("[T]he timeframe for the appeal is not so arduously long that it creates an unnecessary burden on [p]laintiff.").

**D.**     **The Public Interest Favors a Stay Pending Appeal.**

Finally, public interest weighs in favor of NIKE's position.  If there is no stay and the Court is inclined to overrule NIKE's objections to the Magistrate Judge's Findings, any appeal to the Ninth Circuit likely would be moot—far in advance of the Ninth Circuit's review of the legal arguments.  *Hunton*, 2019 WL 399708, at *3 ("Although the Court could issue a stay that prevents Plaintiff from disclosing these documents to others going forward, it is not clear how the Court can undo the disclosures that already have occurred.").  Allowing parties to seek appellate review without mooting the subject of the inquiry is a significant public interest and

Page 7 –   NIKE, INC.'S EMERGENCY MOTION FOR A STAY PENDING APPEAL

finding otherwise would effectively create a "race to the courthouse," whereby Plaintiffs and/or the Intervenors would attempt to publicize the records here before the Court has time to consider NIKE's appeal. *C.f. Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 271 (C.D. Cal. 1998) ("[C]ourts seek to eliminate the race to the courthouse door in an attempt to preempt a later suit in another forum."). By contrast, minimal harm would befall the public interest if proceedings are stayed pending appeal. *See Ball*, 2020 WL 10180904, at *2 (finding slight delay in revealing contested information while an appeal is pursued has minimal effect on public interest).

## IV.    CONCLUSION

Assuming, *arguendo*, that the Court overrules NIKE's objections to the Magistrate's Findings & Recommendation, NIKE respectfully requests an immediate stay of proceedings to protect the subject matter of any appeal that NIKE would file with the Ninth Circuit concerning the redactions referenced in NIKE's objections to the Findings. Assuming, *arguendo*, that the Court denies this motion, NIKE requests a brief stay be put in place for NIKE to request a stay directly from the Ninth Circuit. Fed. R. App. P. 8(a)(2)(A)(ii); s*ee Hunton*, 2019 WL 399708, at *3 (granting party's alternative request for stay to allow time to seek relief directly from the Ninth Circuit).


Date: December 21, 2023            */S/ Daniel Prince*

                                   DANIEL PRINCE, Cal. SB# 237112 (*pro hac vice*)
                                   danielprince@paulhastings.com
                                   FELICIA A. DAVIS, Cal. SB# 266523 (*pro hac vice*)
                                   feliciadavis@paulhastings.com
                                   PAUL HASTINGS LLP
                                   515 South Flower Street, 25th Floor
                                   Los Angeles, CA 90071
                                   Telephone:  (213) 683-6000
                                   Facsimile:  (213) 627-0705

LAURA E. ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 300
Portland, OR 97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

Attorneys for Defendant NIKE, INC.