**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Kathryn P. Roberts, OSB #064854**
KathrynRoberts@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085 | Fax: (503) 323-9105

**Laura L. Ho** (admitted *pro hac vice*)
lho@gbdhlegal.com
**Barry Goldstein, Of Counsel** (admitted *pro hac vice*)
bgoldstein@gbdhlegal.com
**James Kan** (admitted *pro hac vice*)
jkan@gbdhlegal.com
**Byron Goldstein** (admitted *pro hac vice*)
brgoldstein@gbdhlegal.com
**Katharine L. Fisher** (admitted *pro hac vice*)
kfisher@gbdhlegal.com
**Mengfei Sun** (admitted *pro hac vice*)
msun@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
Telephone: (510) 763-9800 | Fax: (510) 835-1417

Counsel for Plaintiffs, Opt-in Plaintiffs and Putative Class

[Additional Counsel of Record listed on the Signature page]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NIKE, INC., an Oregon Corporation,<br><br>Defendant. | Case No. 3:18-cv-01477-JR<br><br>**UNOPPOSED MOTION FOR VOLUNTARY DISMISSAL OF OPT-IN PLAINTIFFS WITHOUT PREJUDICE**<br><br>**Title VII of the Civil Rights Act of 1964; Federal Equal Pay Act; Oregon Equal Pay Act; Oregon Equality Act**<br><br>**DEMAND FOR JURY TRIAL** |

## LOCAL RULE (LR) 7-1 CERTIFICATION

Plaintiffs' counsel conferred in good faith with Defendant's counsel on the issues raised in this Motion. Defendant does not oppose this motion.

## MOTION

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiffs respectfully move for an order granting voluntary dismissal of the Equal Pay Act claims of opt-in plaintiffs Tracee Cheng, Samantha Phillips, Cindy Linebaugh, Paige Azavedo, Donna Olson, Lauren Anderson, Emily Tucker, Jessica Junkins, Christina Baumel, and Jessica Westerhof ("Opt-in Plaintiffs") without prejudice from this action.

## MEMORANDUM

### I. INTRODUCTION

Opt-in Plaintiffs seek voluntary dismissal of their federal Equal Pay Act claims without prejudice from this action. The Opt-in Plaintiffs sought to bring their federal Equal Pay Act claims in this action by filing Consents to Become Party Plaintiff in Collective Action Under 29 U.S.C. § 216(b) ("Consents to Join"). The Court has denied class certification on Plaintiffs' claims under Title VII and Oregon state laws. ECF No. 310, 335. It has not yet expressly ruled on whether the Opt-in Plaintiffs' federal Equal Pay Act claims are similarly situated, pursuant to Section 216, to that of the named Plaintiffs. However, in light of the Court's findings that support its denial of Rule 23 class certification and the factual overlap of those findings with the certification requirements under Section 216(b), the interests of justice and conservation of Court resources warrant the Opt-in Plaintiffs voluntarily dismissing their claims without prejudice from this action. Defendant does not oppose this motion, and does not suffer any plain legal prejudice as a result of this dismissal, so the Court should grant this motion.

### II. FACTUAL BACKGROUND

Samantha Phillips filed a Consent to Join on August 9, 2018. ECF No. 2. Tracee Cheng filed a Consent to Join on August 9, 2018. ECF No. 3. Paige Azavedo filed a Consent to Join on October 29, 2018. ECF No. 37. Donna Olson filed a Consent to Join on November 8, 2018. ECF No. 40. Lauren Anderson filed a Consent to Join on January 18, 2019. ECF No. 60. Cindy Linebaugh filed a Consent to Join on March 18, 2019. ECF No. 66. Emily Tucker filed a Consent to Join on January 22, 2020. ECF No. 95. Jessica Junkins filed a Consent to Join on March 31, 2020. ECF No. 100. Christina Baumel filed a Consent to Join on July 22, 2020. ECF

No. 109. Jessica Westerhof filed a Consent to Join on January 16, 2021. ECF No. 132.[1] Each of the opt-in plaintiffs responded to written discovery and sat for deposition.

### III. ARGUMENT

#### A. Voluntary Dismissal of Opt-in Plaintiffs is Appropriate Under Rule 41(a)(2).

Federal Rule of Civil Procedure 41(a)(2) provides that an action can be dismissed at the plaintiff's request by court order "on terms that the court considers proper…Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."

Courts allow opt-in plaintiffs in Fair Labor Standards Act ("FLSA") actions to be voluntarily dismissed from the action without prejudice under Rule 41(a)(2). *See, e.g., Holland v. Allegiance Hosp. of N. Little Rock, LLC,* No. 4:20-cv-00344 KGB, 2023 WL 6909655, *1 (E.D. Ark. Sept. 5, 2023) (noting voluntary dismissal of opt-in plaintiffs in FLSA action under Rule 41(a)(2)); *Duke v. Harvest Hosps., Inc.*, No. 2:20-CV-00865-CCW2021 WL 4245089, *4 (W.D. Pa. Sept. 17, 2021) (applying Rule 41(a)(2) standard and granting voluntary dismissal of opt-in plaintiffs in FLSA action); *Echeverria v. Nevada*, No. 3:14-cv-00320-MMD-WGC, 2020 WL 1549734, *1 (D. Nev. Apr. 1, 2020) (granting voluntary dismissal of opt-in plaintiffs under Rule 41(a)(2)). "Given the FLSA context, the Court finds that dismissal of opt-in plaintiffs would not increase the risk of excessive and duplicative expense of a second litigation. If, at the time of final certification, the Court were to find that the members of the proposed collective action are not 'similarly situated,' the opt-in plaintiffs would be dismissed without prejudice and each opt-in plaintiff would be entitled to file another suit against the Defendants." *Duke*, 2021 WL 4245089 at *4. The FLSA does not explicitly provide a separate method whereby an opt-in

---

[1] The statute of limitations for each Opt-in Plaintiff's federal EPA claims have been tolled since the filing of their consent to join. 29 U.S.C. § 256(b).

**UNOPPOSED MOT. FOR VOLUNTARY DISMISSAL OF OPT-IN PLS. WITHOUT PREJUDICE**
**PAGE 3**

888589.6

plaintiff may unilaterally withdraw once they have joined the litigation. *Id.* at *2. Accordingly, Opt-in Plaintiffs seek voluntary dismissal from the action under Rule 41(a)(2).

### B. Voluntary Dismissal Should Be Granted Without Prejudice and Without Conditions.

When evaluating a motion for voluntary dismissal under Rule 41(a)(2), the court must determine "(1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Solano v. Kroger Co.*, No. 3:18-cv-01488-AR, 2022 WL 3143352, *4 (D. Or. May 3, 2022).

"A district court should grant a motion for voluntary dismissal … unless a defendant can show that it will suffer some plain legal prejudice as a result." *Santa Rosa Mem'l Hosp. v. Kent*, 688 Fed. Appx. 492, 493 (9th Cir. 2017) (citation omitted). "'[L]egal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Id.* (citation omitted). "Plain legal prejudice does not result merely because a dispute remains unresolved, there is a threat of future litigation, the defendant will be inconvenienced by having to defend in another forum, or the plaintiff would gain a tactical advantage by that dismissal." *Id.* (citations omitted). The "expense incurred in defending against a lawsuit does not amount to legal prejudice." *Westlands Water Dist. v. U.S.*, 100 F.3d, 94, 97 (9th Cir. 1996). Here, Nike does not oppose this motion and will suffer no legal prejudice from the dismissal.

To determine whether dismissal should be with or without prejudice, courts typically consider: "(1) the defendant's effort and expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; and (3) insufficient explanation of the need to dismiss." *Solano,* 2022 WL 3143352 at *5 (citation omitted). Discovery in this case has been focused on class certification issues, and Defendant's efforts and expenses have been focused on defeating the class claims. While Nike propounded

written discovery and took the depositions of the Opt-in Plaintiffs, it used that opt-in specific discovery to oppose class certification – not in preparation for trial. As Plaintiffs have made clear, they aim to focus trial on the four named plaintiffs, which makes this request timely. Jt. Status Update, ECF No. 341. Dismissal of the Opt-in Plaintiffs' EPA claims without prejudice is further appropriate because fact discovery on their federal Equal Pay Act claims has yet to close. *See* Order, ECF No. 342.[2]

The court need not impose conditions or terms on the dismissal. Nike does not oppose this motion. If the Court were to find that the members of the proposed collective action are not "similarly situated," the opt-in plaintiffs would be dismissed without prejudice and each opt-in plaintiff would be entitled to file another suit against the Defendants, with no conditions or terms. *See Duke*, 2021 WL 4245089 at *4. The Court should grant voluntary without conditions or terms.

## IV.  CONCLUSION

For the foregoing reasons, Opt-in Plaintiffs respectfully request that the Court grant voluntary dismissal of the Opt-in Plaintiffs' federal Equal Pay Act claims without prejudice and without conditions from this action.

Dated:  December 22, 2023          Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

 */s/ Mengfei Sun*
Laura L. Ho (admitted *pro hac vice*)
Barry Goldstein, Of Counsel (admitted *pro hac vice*)
James Kan (admitted *pro hac vice*)
Byron Goldstein (admitted *pro hac vice*)

---

[2] The Opt-in Plaintiffs' non-federal EPA claims (under Title VII and the Oregon state laws), like the putative class, were dismissed from this case by the Court's order denying Rule 23 class certification. ECF No. 335. Of course, if the Rule 23 class claims were reinstated upon appeal, the Opt-in Plaintiffs would become absent class members as to those claims like the rest of the putative class.

**UNOPPOSED MOT. FOR VOLUNTARY DISMISSAL OF OPT-IN PLS. WITHOUT PREJUDICE
PAGE 5**

        Katharine L. Fisher (admitted *pro hac vice*)
        Mengfei Sun (admitted *pro hac vice*)

MARKOWITZ HERBOLD PC
Laura Salerno Owens, OSB #076230
David B. Markowitz, OSB #742046
Harry B. Wilson, OSB #077214
Kathryn P. Roberts, OSB #064854

ACKERMANN & TILAJEF PC
Craig Ackerman (admitted *pro hac vice*)
cja@ackermanntilajef.com
Brian Denlinger (admitted *pro hac vice*)
bd@ackermanntilajef.com
315 S Beverly Drive, Suite 504
Beverly Hills, CA 90212
Tel:  (310) 277-0614
Fax:  (310) 277-0635

INDIA LIN BODIEN, ATTORNEY AT LAW
India Lin Bodien (admitted *pro hac vice*)
india@indialinbodienlaw.com
2522 North Proctor Street, #387
Tacoma, WA 98406-5338
Tel:  (253) 212-7913
Fax:  (253) 276-0081

Of Attorneys for Plaintiffs and Opt-In Plaintiffs

## [PROPOSED] ORDER

The Court has reviewed the Unopposed Motion for Voluntary Dismissal of Opt-in Plaintiffs Without Prejudice. Pursuant to Federal Rule of Civil Procedure 41(a)(2), Opt-in Plaintiffs Tracee Cheng, Samantha Phillips, Cindy Linebaugh, Paige Azavedo, Donna Olson, Lauren Anderson, Emily Tucker, Jessica Junkins, Christina Baumel, and Jessica Westerhof are dismissed from this action without prejudice.

**IT IS SO ORDERED.**

Dated: _____

_____
JOLIE A. RUSSO
United States Magistrate Judge