Timothy Volpert
OR Bar No. 814074
tim@timvolpertlaw.com
TIM VOLPERT, P.C.
3934 SE Hawthorne Blvd. Suite 343
Portland, OR 97214
(503) 703-9054

Lisa Zycherman*
lzycherman@rcfp.org
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
(202) 795-9300
*Admitted *pro hac vice*

*Counsel for Media Intervenors*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>Defendant. | Case No. 3:18-cv-01477-JR<br><br>RESPONSE OF NON-PARTY MEDIA ORGANIZATIONS INSIDER, INC. *d/b/a BUSINESS INSIDER*, ADVANCE LOCAL MEDIA LLC *d/b/a OREGONIAN MEDIA GROUP*, AND AMERICAN CITY BUSINESS JOURNALS, INC. *d/b/a PORTLAND BUSINESS JOURNAL* TO DEFENDANT'S EMERGENCY MOTION FOR STAY PENDING APPEAL |

**RESPONSE IN OPPOSITION TO EMERGENCY
MOTION FOR STAY PENDING APPEAL**

Non-party media organizations Insider, Inc. *d/b/a Business Insider*, Advance Local Media LLC *d/b/a Oregonian Media Group*, and American City Business Journals, Inc. *d/b/a Portland Business Journal* (collectively, the "Media Intervenors") hereby respond to and oppose

Page 1 – RESPONSE TO DEFENDANT'S EMERGENCY MOTION FOR STAY
            PENDING APPEAL

Defendant's Emergency Motion for Stay Pending Appeal (ECF No. 397), and renewed Request for Oral Argument (ECF No. 396), on Nike, Inc.'s Objections to the Magistrate Judge's Findings & Recommendation. On October 11, 2023, Magistrate Russo correctly granted Media Intervenors' renewed motion to unseal judicial records related to class certification because, as a proponent of sealing, Nike failed to show compelling reasons supported by specific factual findings that outweigh the historic presumption and public interest in favor of openness. ECF No. 364 ("Magistrate's Findings"). Nike's objections to the Magistrate's Findings are fully briefed by all parties and Media Intervenors, *see* ECF Nos. 376, 383, 384, and argument is not warranted for the Court to make its decision on either the objections or Nike's preemptive motion for stay pending appeal. Indeed, without an order of the Court on Defendant's objections, Nike's emergency motion seeking a stay is both premature and baseless. For the reasons set forth herein, even if this Court were to deny Nike's objections to the Magistrate's Findings and order disclosure, it should deny a stay pending Nike's planned appeal.

## BACKGROUND

Media Intervenors incorporate by reference the factual and procedural background provided in their briefing on Nike's objections to the Magistrate's Findings. ECF No. 383, Media Intervenors' Resp. 2–5. Plaintiffs joined Media Intervenors in opposing Nike's effort to maintain sealing. ECF No. 384. Nike requested oral argument on its objections, *see* ECF No. 376, but neither Media Intervenors nor Plaintiffs made similar requests and the Court has not scheduled a hearing.

## ARGUMENT

"'A stay is not a matter of right, even if irreparable injury might otherwise result.'" *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658,

**Page 2 – RESPONSE TO DEFENDANT'S EMERGENCY MOTION FOR STAY PENDING APPEAL**

672 (1926)). "It is instead 'an exercise of judicial discretion,'" and "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34 (quoting *Virginian Ry. Co.*, 272 U.S. at 672–73). In determining whether to issue a stay pending appeal, courts in this Circuit consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Al Otro Lado v. Wolf*, 952 F.3d 999, 1006–07 (9th Cir. 2020) (quoting *Nken*, 556 U.S. at 434). "The first two factors . . . are the most critical," and the last two are reached "[o]nce an applicant satisfies the first two factors." *Id*. at 1007 (quoting *Nken*, 556 U.S. at 434–35). To prevail, the movant must show "[m]ore than a mere possibility of relief" and more than "some possibility of irreparable injury." *Nken*, 556 U.S. at 434 (citations and internal quotation marks omitted).

Here all four factors weigh in favor of denying Nike's motion to stay this Court's forthcoming order pending appeal. First, Nike is unlikely to succeed on its claims that purported fears of harm resulting from the disclosure of the names of complainants, witnesses, and employees accused of workplace misconduct are reasonable and sufficiently substantial to overcome the strong presumption of open access to civil proceedings and records. *See* ECF No. 383, Media Intervenors' Resp. 5–15. Nike's Emergency Motion, although a transparent attempt to sur-reply the closed briefing on its objections to the Magistrate's decision, offers no new evidence in support of its vague and conclusory claims of potential reputational and privacy

harms.[1]  *See* ECF No. 397, Emergency Mot. 2–3.  Thus, as the Magistrate correctly found, the record reflects a near total absence of proof supporting Nike's claims.  *See* ECF No. 363, Magistrate's Findings 5 (finding that "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records" (citing *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *Bracken v. Fla. League of Cities*, No. 19-cv-602, 2019 WL 1867921, at *4 (D. Or. Apr. 24, 2019))).  A demonstration of serious, non-speculative physical or mental harm—not economic harm, or mere discomfort or embarrassment—is essential to maintain the sealing Nike seeks.  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130–31 (9th Cir. 2003) (the proponent of sealing must present arguments "supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm" (citation omitted)).  Put simply, given the continued absence of record evidence substantiating Nike's assertions of anticipated harm, it has not met its burden of showing likelihood of success on the merits of its planned appeal.

Second, because Nike's likelihood of success on the merits turns on its burden to show a reasonable fear of harm, it follows from the preceding analysis that Nike has not established a threat of irreparable harm.  Staying the Court's forthcoming order would not irreparably injure Nike or the non-party witnesses, *see* ECF No. 383, Media Intervenors' Resp. 5–15, but would harm Media Intervenors and the press and public at large.  *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably

---

[1] For example, while Nike continues to claim that complainants and witnesses were promised confidentiality, ECF No. 397, Emergency Mot. 2, it still has not come forward with any evidentiary showing that such assurances were made.  *See* ECF No. 383, Media Intervenors' Resp. 12-13.

**Page 4 – RESPONSE TO DEFENDANT'S EMERGENCY MOTION FOR STAY
        PENDING APPEAL**

constitutes irreparable injury."); *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 491 (1975) (linking the press's right of access to the public's "in a society in which each individual has but limited time and resources"). Further delaying access—especially in light of Nike's continued failure to demonstrate any compelling reason for sealing—would significantly injure Media Intervenors.

Furthermore, staying the Court's forthcoming order would be contrary to the public interest. There is a strong public interest in open courts. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Maintaining sealing of information contained in judicial records prevents the press, and by extension the public, from learning key information regarding the allegations at the root of this case and understanding this proceeding's full context and significance. Here, the Court reviewed the redacted identities of Nike complainants, witnesses, and employees who allegedly engaged in misconduct when ruling on the Plaintiffs' Motion for Class Certification. To foster a greater understanding of the judicial process, the public has a right to know what evidence was relied on—and what evidence was rejected—in making decisions in this high-profile litigation. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). This interest would be further stymied by a stay pending Nike's planned appeal.

Nike failed to demonstrate the requisite "compelling reasons" that outweigh the public's interest in open litigation. *See Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016). Meanwhile, the public's interest in this case is substantial, given that Nike is one of the largest and most prominent brands in the world, and its handling of workplace harassment and discrimination claims is of significant importance to American consumers and shareholders. For these reasons, the Magistrate was correct in concluding that the public interest compels disclosure of the redacted identities. A stay of this Court's forthcoming order would unduly delay that disclosure and undermine the public interest. To rule otherwise would allow Nike to continue to

**Page 5 – RESPONSE TO DEFENDANT'S EMERGENCY MOTION FOR STAY PENDING APPEAL**

cloak the identities of individuals involved in complaints of workplace misconduct in secrecy while litigating a case of great public concern.

## CONCLUSION

For the foregoing reasons, Media Intervenors respectfully request that this Court deny Nike's premature emergency motion to stay this Court's forthcoming order and deny Nike's renewed request for oral argument on its objections to the Magistrate's Findings and on its preemptive stay request.

/s/ *Lisa Zycherman*

Timothy Volpert
OR Bar No. 814074
tim@timvolpertlaw.com
TIM VOLPERT, P.C.
3934 SE Hawthorne Blvd. Suite 343
Portland, OR 97214
(503) 703-9054

Lisa Zycherman*
lzycherman@rcfp.org
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
(202) 795-9300
*Admitted *pro hac vice*

*Counsel for Media Intervenors*