**Edwin A. Harnden,** OSB No. 721129
eharnden@barran.com
**Bruce T. Garrett**, OSB No. 213430
bgarrett@barran.com
601 SW Second Ave., Suite 2300
Portland, Oregon 97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212

Attorneys for Non-Party Advance Local Media LLC d/b/a Oregonian Media Group (The Oregonian)

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND

| | |
|---|---|
| KELLY CAHILL, et al, | **3:18-cv-01477-JR** |
| Plaintiffs, | **ADVANCE LOCAL MEDIA LLC, D/B/A OREGONIAN MEDIA GROUP'S (THE OREGONIAN) EMERGENCY MOTION TO VACATE THE MAGISTRATE JUDGE'S ORDER, OR IN THE ALTERNATIVE, STAY PROCEEDINGS PRIOR TO JANUARY 31, 2024, FRCP 72** |
| v. | |
| NIKE, INC., an Oregon Corporation, | |
| Defendants. | |
| | *(**ORAL ARGUMENT / EXPEDITED HEARING REQUESTED**)* |

---

I.    <u>PRELIMINARY STATEMENT</u>

Advance Local Media LLC, d.b.a., Oregonian Media Group (hereinafter, The Oregonian),[1]

respectfully requests that the District Court expeditiously vacate the order signed by Magistrate

---

[1] The Oregonian is one of several media groups that the Court permitted to join this litigation as a non-party intervenor. The issues before the Court in this Emergency Motion relate only to The Oregonian.

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

Judge Jolie A. Russo on January 26, 2024 (the "Magistrate's Order"). Because The Oregonian was not served with the motion or supporting declaration that was the impetus for the Magistrate's Order, otherwise been able to access these documents, was not afforded the opportunity to be heard on the motion, and because the Magistrate's Order is a clearly unconstitutional prior restraint that presents an on-going violation of the First Amendment to the United States Constitution— including an order to return and destroy records in The Oregonian's possession by January 31, 2024—it is requesting emergency review by this Court. In the alternative, if the District Court is unable to make a ruling before the Magistrate's January 31, 2024, deadline, The Oregonian requests that the Magistrate's Order be stayed until this request for relief is adjudged.[2] Immediate action is necessary by this Court to protect the constitutional rights of the Oregonian, and thus, the public, because every second that the Magistrate's Order remains in place it is causing additional irreparable harm. *Elrod v. Burns*, 427 U.S. 347, 373, 96 S. Ct. 2673, 49 L. Ed. 2d 547 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.").

## II.    **BACKGROUND**

On January 19, 2024, Matthew Kish, a business reporter for The Oregonian, met with Laura Salerno Owens, one of the attorneys for Plaintiffs in the above captioned matter. Mr. Kish and Ms. Salerno Owens met at a coffee shop to discuss workplace sexual harassment allegations that

---

[2] This Court is no stranger to the *Cahill et. al. v. Nike, Inc.,* litigation and for the purpose of this Emergency Motion, the Oregonian will forgo a lengthy recitation of the procedural history. On January 5, 2024, this Court granted the media intervenors' motion to Unseal Judicial Records. EFC 403. On January 9, 2024, the Ninth Circuit Court of Appeals granted Defendant Nike, Inc.'s motion for a stay pending appeal. The Documents referred to in this motion include at least some of the sealed documents subject to the Court's Order on January 5, 2024, but since The Oregonian does not have access to all of the sealed records, it is not aware if there are additional sealed records that were not disclosed.

Page 2 - ADVANCE LOCAL MEDIA LLC, D/B/A OREGONIAN MEDIA GROUP'S (THE OREGONIAN) EMERGENCY MOTION TO VACATE THE MAGISTRATE JUDGE'S ORDER, OR IN THE ALTERNATIVE, STAY PROCEEDINGS PRIOR TO JANUARY 31, 2024, FRCP 72

were raised by an individual not named in the instant lawsuit. Declaration of Matthew Kish. Ms. Salerno Owens sent Mr. Kish three emails from her phone during that meeting. The third email included a PDF document entitled "Starfish Surveys" (hereinafter, the "Documents"). *Id.* Upon returning to The Oregonian's office, Mr. Kish opened the files and suspected that that they were not part of the public record in the instant litigation. A few hours later, Ms. Salerno Owens called Mr. Kish and informed him that she had inadvertently sent him the Documents, which were subject to a Protective Order. *Id.*

On January 23, 2024, Ms. Salerno Owens sent Mr. Kish a follow-up email reiterating that she had inadvertently emailed him the Documents and asked The Oregonian to return and delete the Documents, not to disclose or disseminate them, and give "adequate notice" if The Oregonian did not oblige. *Id.*

On January 25, 2024, Mr. Kish responded to Ms. Salerno Owens' email, stating, *inter alia*, that The Oregonian did not intend to return any newsgathering materials it had in its possession. Later that day, Ms. Salerno Owens filed a Motion to Request Return of Inadvertently Disclosed Documents along with a declaration and requested oral argument and an expedited hearing. Declarations of Timothy R. Volpert.

Ms. Salerno Owens did not serve The Oregonian or any of the other non-party media intervenors with a copy of her motion or declaration. *Id.* The Oregonian has been able to read the caption of Ms. Salerno Owens' motion and declaration in the Public Access to Court Electronic Records ("PACER") system but unable to download them because these documents were filed in accordance with a Protective Order, to which The Oregonian is not a party, and they cannot be

/ / /

Page 3 - ADVANCE LOCAL MEDIA LLC, D/B/A OREGONIAN MEDIA GROUP'S (THE OREGONIAN) EMERGENCY MOTION TO VACATE THE MAGISTRATE JUDGE'S ORDER, OR IN THE ALTERNATIVE, STAY PROCEEDINGS PRIOR TO JANUARY 31, 2024, FRCP 72

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

electronically retrieved by a non-party. *Id.* The day following Ms. Salerno Owens' motion, without giving notice to The Oregonian, the Magistrate entered the following order:

> The Court is aware that certain documents marked "Confidential" and "Attorneys' Eyes Only" have been inadvertently disclosed by plaintiff's counsel to the Oregonian via e-mail dated January 19, 2024 and that the Oregonian refuses to return the documents. The Oregonian (as party-intervenor Oregonian Media Group) inserted itself as a party-intervenor in this case for the purpose of obtaining disclosure of these and other documents. This Court granted disclosure of the documents at issue on January 5, 2024 which had previously been subject to a protective order. However, the Ninth Circuit stayed the Order pending appeal and the Oregonian is a party to that appeal. Accordingly, the operative protective order requires parties to this litigation to not disclose such inadvertently disclosed documents. Therefore, plaintiff's motion requesting return of inadvertently disclosed documents and requesting expedited consideration, to which defendant joins, is Granted. In order to assure non-disclosure, the Oregonian is Ordered as follows: return the inadvertently disclosed documents by January 31, 2024; agree not to disseminate that information in any way; and to destroy any copies in its possession.

(Citations omitted.) The Magistrate's Order contains clearly erroneous statements of fact and law, and it should be vacated for two primary reasons: (1) The Oregonian is not a "party-intervenor"— it is a non-party intervenor, not subject to the terms of the Protective Order, and The Oregonian lawfully obtained the Documents through the newsgathering process, independent of Court proceedings (i.e., it did not engage in discovery); and  (2) the Magistrate's Order that The Oregonian return and destroy the Documents, and not disseminate their contents, "in any way," is an unconstitutional prior restraint in violation of the First Amendment.

### III.    ARGUMENT

**A. <u>The Court Should Immediately Vacate the Magistrate's Order Because It Is Factually and Legally Erroneous and It Causes Irreparable Harm Through an On-Going Constitutional Violation.</u>**

Federal Rule of Civil Procedure 72(a) allows a party 14 days to object to a magistrate judge's non-dispositive order, and the district judge may modify or set aside any part of the order that is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A). "A finding is clearly

Page 4 - ADVANCE LOCAL MEDIA LLC, D/B/A OREGONIAN MEDIA GROUP'S (THE OREGONIAN) EMERGENCY MOTION TO VACATE THE MAGISTRATE JUDGE'S ORDER, OR IN THE ALTERNATIVE, STAY PROCEEDINGS PRIOR TO JANUARY 31, 2024, FRCP 72

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

erroneous if it is (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Ibrahim v. U.S. Dep't of Homeland Sec.*, 835 F.3d 1048, 1058 (9th Cir. 2016) (citation and quotation marks omitted).

The Court "will evaluate the Magistrate Judge's factual findings to determine if any are clearly erroneous" and "will evaluate the Magistrate Judge's legal conclusions to determine if any are contrary to law, which involves a *de novo* review of those issues." *Quatama Park Townhomes Owners Ass'n v. RBC Real Est. Fin., Inc.*, 365 F. Supp. 3d 1129, 1133 (D. Or. 2019); *see also id.* at 1141-42. *Natkin v. Am. Osteopathic Ass'n*, No. 3:16-cv-1494-SI, 2023 U.S. Dist. LEXIS 84517, at *7 (D. Or. May 15, 2023). For the reasons set forth below, the Magistrate's Order is clearly both legally and factually erroneous and it should be immediately vacated.

The Magistrate's Order states that The Oregonian is a "party-intervenor." The Oregonian objects to this finding as clearly erroneous because the record indicates otherwise. First, The Oregonian is one of several non-party media intervenors who intervened for the limited purpose of moving to unseal judicial records that the press and public have a right to access. Accordingly, as a non-party intervenor, The Oregonian is not subject to the terms of the operative protective order referenced in the Magistrate's Order, which the Documents are subject to. The Magistrate's Order directing The Oregonian to destroy and return the inadvertently disclosed documents should be vacated as it is clearly erroneous and contrary to law. Second, The Magistrate's Order presents an unconstitutional prior restraint of a publication, outlined in detail below, which is clearly contrary to nearly a century of settled law. This prior restraint is in violation of the First Amendment Freedom of the Press. For this reason alone, the Order should be vacated. Lastly, the Magistrate's Order directs The Oregonian to take certain actions and it never had an opportunity

Page 5 - ADVANCE LOCAL MEDIA LLC, D/B/A OREGONIAN MEDIA GROUP'S (THE OREGONIAN) EMERGENCY MOTION TO VACATE THE MAGISTRATE JUDGE'S ORDER, OR IN THE ALTERNATIVE, STAY PROCEEDINGS PRIOR TO JANUARY 31, 2024, FRCP 72

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

to be heard, a quintessential due process violation, and contrary to this nation's commitment to an ordered scheme of liberty. *See Duncan v. Louisiana*, 391 U.S. 145, 147-48 (1968).

   **i.   The Oregonian Is a Non-Party Intervenor and It Lawfully Obtained the Documents Through the Newsgathering Process Independent From Any Court Proceeding (i.e., Discovery).**

   The publication or dissemination of lawfully obtained newsgathering materials regarding a matter of public significance enjoys First Amendment protection absent a showing from the government that there is a state interest of the "highest order." *Smith v. Daily Mail Publishing Co.,* 443 U.S. 97, 103 (1979) (granting First Amendment protection to a newspaper who lawfully obtained the name of a rape victim and published it). The Supreme Court has held repeatedly that prohibiting the sensitive and private disclosure of information pertaining to private individuals does not amount to a state interest of the highest order, and the government cannot preclude publication of this lawfully obtained information. *See id.; see also The Fla. Star v. BJF*, 491 U.S. 524 (1989) (holding that the State's asserted interest in protecting the anonymity of a juvenile offender did not supersede the newspaper's First Amendment right to publish the juvenile's name, which was obtained through lawful means).  That a news media outlet cannot be punished—or even worse, as in this case, restrained—from publishing lawfully obtained information is "unexceptionable." *Cohen v. Cowles Media Co.*, 501 U.S. 663, 669, 111 S. Ct. 2513, 2518, 115 L. Ed. 2d 586, 596 (1991).

   The exception to when a news media organization does not have First Amendment protection for publishing lawfully obtained information is exceedingly rare. In limited situations where a news media outlet is a ***party*** to litigation and it receives information obtained ***through the court process***—i.e., information gleaned through a Request for Production or other discovery

Page 6 - ADVANCE LOCAL MEDIA LLC, D/B/A OREGONIAN MEDIA GROUP'S (THE OREGONIAN) EMERGENCY MOTION TO VACATE THE MAGISTRATE JUDGE'S ORDER, OR IN THE ALTERNATIVE, STAY PROCEEDINGS PRIOR TO JANUARY 31, 2024, FRCP 72

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

mechanisms—and this information is non-public, the Court may preclude, by terms of a jointly entered Protective Order, the news media outlet from disseminating this information. *Seattle Times Co. v. Rhinehart*. 467 U.S. 20 (1984) ("A litigant has no First Amendment right of access to information made available only for the purposes of trying his suit.").

The exception does not apply here. First, The Oregonian is a non-party intervenor, and it was granted that status for a limited purpose—it is not a "litigant" as the *Seattle Times* Court used that term. *See Robert Ito Farm, Inc. v. Cty. of Maui*, 842 F.3d 681, 688 (9th Cir. 2016). Second, The Oregonian is not subject to the Protective Order in the *Cahill et. al. v. Nike, Inc.,* litigation. Third, The Oregonian received the Documents through inadvertent disclosure, and it did not use the court process to—discovery—to obtain these documents.

### ii. The Magistrate's Order Requiring That The Oregonian Return and Destroy the Documents and Not Disseminate the Contents therein Amounts to an Unconstitutional Prior Restraint in Violation of the First Amendment to the United States Constitution.

A prior restraint is the judicial suppression of information prior to that information being communicated or disseminated.[3] *Alexander v. United States*, 509 U.S. 544, 546, 113 S. Ct. 2766, 2769, 125 L. Ed. 2d 441, 447 (1993). The Magistrate's Order fits squarely within this definition because "in order to assure non-disclosure," it instructed The Oregonian to not "disseminate [the Documents] in any way."

/ / /

---

[3] A prior restraint stands opposed from a punishment imposed by the government after the speech takes place. The latter concern is not at issue here. Carter, T. B., Franklin, M. A., Sanders, A. K., & Wright, J. B. (n.d.). Carter, Franklin, Sanders, and Wright's The First Amendment and the Fourth Estate: The Law of Mass Media, 13th. Retrieved from https://platform.virdocs.com/read/1948952/14/#/4/2/340,/1:0,/1:0.

Page 7 - ADVANCE LOCAL MEDIA LLC, D/B/A OREGONIAN MEDIA GROUP'S (THE OREGONIAN) EMERGENCY MOTION TO VACATE THE MAGISTRATE JUDGE'S ORDER, OR IN THE ALTERNATIVE, STAY PROCEEDINGS PRIOR TO JANUARY 31, 2024, FRCP 72

For nearly a century, the Supreme Court has viewed prior restraints with great skepticism. In the context of suppressing the dissemination of information by a news media outlet, prior restraints are particularly troubling. *See, e.g., Nebraska Press Ass'n v. Stuart*, 427 U.S. 539 ("Prior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights" and "free[zing] any lawful speech before it occurs is uniquely dangerous."). Indeed, a prior restraint is only permissible in "exceptional cases" because it is the "essence of censorship." *Near v. Minnesota*, 283 U.S. 697, 716, 51 S. Ct. 625, 631, 75 L. Ed 1357, 1367 (1931). An "exceptional" example includes the publication of wartime secrets, such as the location of troops. *Id. See also NY Times Co. v. United States*, 403 U.S. 713 (1971) (holding that the government's interest in protecting then-classified documents was subordinate to *The New York Times* and *Washington Post's* right to publish the same, lawfully obtained documents).

Determining the circumstances in which a prior restraint can withstand constitutional scrutiny when applied to the dissemination of lawfully obtained information that was gathered outside of the court process is essentially an academic question. *Columbia Broad. Sys., Inc. v. United States Dist. Court for Cent. Dist.*, 729 F.2d 1174, 1183 (9th Cir. 1983) ("[U]nder our constitutional system prior restraints, *if permissible at all*, are permissible only in the most extraordinary of circumstances.") (emphasis added). Even when national security or competing constitutional interests are in play, such as the right of a criminal defendant to receive a fair trial versus the right of a news media outlet to publish certain facts, Courts will "impose[] this most extraordinary remedy only where the evil that would result from the reportage is both great and certain and cannot be mitigated by less intrusive measures." *CBS, Inc. v. Davis*, 510 U.S. 1315

/ / /

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

(1994). Importantly, there is a "heavy presumption" against the constitutional validity of prior restraints." *NY Times Co.*, 403 U.S. at 723.

As noted in the *Daily Mail Publishing Co. and BJF* decisions, the privacy concerns of an individual—including concerns about privacy within one's own home—are not sufficient to justify a prior restraint imposed by a court when the underlying speech is lawful. *Org. for a Better Austin v. Keefe*, 402 U.S. 415, 419-20, 91 S. Ct. 1575, 1578, 29 L. Ed. 2d 1, 6 (1971).

The case at bar is not an exceptional one, it does not call for an extraordinary remedy, and there are no allegations or facts to support that the Magistrate's Order can overcome the heavy presumption of invalidity. The Documents contain no national security implications, there is no risk of bodily harm or safety to any individual, and there are no competing constitutional rights at play—The Oregonian is the only one whose constitutional rights are on the line.

For its part, the Oregon Supreme Court has held that prior restraints violate the Oregon Constitution's guarantee that no law shall be passed with restrictions on the right to speak, write, or print freely on any subject. *State ex rel. Sports Mgmt. News v. Nachtigal*, 324 Or. 80, 90 (1996). In *Sports Mgmt News,* Adidas America attempted to have a court enjoin a trade publication from publishing alleged proprietary information that it claimed was known only by a handful of employees at its company. The source of the leak was unknown. Adidas America made a *prima facie* showing that the information in question met Oregon's statutory requirements to qualify as a trade secret. *Id.* at 86. The circuit court issued an order requiring the publication to get approval from the court prior to publishing the alleged trade secrets. The Oregon Supreme Court, emphasizing that there was no allegation that the publisher had violated any criminal or civil law

/ / /

Page 9 - ADVANCE LOCAL MEDIA LLC, D/B/A OREGONIAN MEDIA GROUP'S (THE OREGONIAN) EMERGENCY MOTION TO VACATE THE MAGISTRATE JUDGE'S ORDER, OR IN THE ALTERNATIVE, STAY PROCEEDINGS PRIOR TO JANUARY 31, 2024, FRCP 72

to possess the alleged trade secrets, reversed the lower court's order. *Id.* at 90.  ("[A] court [cannot] compel silence from one who desires to speak.").

### iii. <u>The Magistrate's Order Did Not Adhere to the Constitutional Requirements of Due Process.</u>

The Magistrate Judge's Order is in violation of Due Process requirements, namely, notice and the opportunity to be heard before the deprivation of a right. The Supreme Court has held that an "elementary and fundamental requirement of due process . . . is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections . . . with due regard for the practicalities and peculiarities of the case." *Mullane v. Central Hanover Bank & Trust Co.* 339 U.S. 306, 314-15, 70 S. Ct. 652, 94 L. Ed. 865 (1950). Put simply, Due Process requires that notice is provided, along with a meaningful opportunity to be heard, before a party's rights are affected. Here, The Oregonian was not served with a copy of the motion that led to the Magistrate's Order and it is still unaware of the arguments that the Magistrate considered prior to signing the order that deprived it of its constitutional rights.

### B. <u>If the Court Cannot Make a Ruling by the Magistrate's January 31, 2024, Deadline, It Should Stay the Portions of the Magistrate's Order Requiring the Destruction and Return of the Documents.</u>

As discussed above, the Magistrate Judge's Order is an unconstitutional prior restraint that should be vacated, and it imposes an immediate, final, and irreparable injury on The Oregonian and the public as a whole. The Magistrate's Order requires the destruction of the Documents that The Oregonian lawfully obtained outside of the court process (i.e., not through discovery). Without a stay of the Magistrate's Order, The Oregonian would be compelled to return or destroy the

Page 10 - ADVANCE LOCAL MEDIA LLC, D/B/A OREGONIAN MEDIA GROUP'S (THE OREGONIAN) EMERGENCY MOTION TO VACATE THE MAGISTRATE JUDGE'S ORDER, OR IN THE ALTERNATIVE, STAY PROCEEDINGS PRIOR TO JANUARY 31, 2024, FRCP 72

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

Documents and even if this Court later vacated the Magistrate's Order after January 31, 2024, The Oregonian would have no mechanism for retrieving the Documents. That a newspaper would be required to destroy documents that are lawfully in its newsroom would present a profound chilling effect on the general public and news media outlets everywhere.

It is within the discretion of the District Court to grant a motion to stay. "[T]he decision to grant a stay, like the decision to grant an evidentiary hearing, is 'generally left to the sound discretion of district courts.'" *Ryan v. Gonzales*, 568 U.S. 57, 74, 133 S. Ct. 696, 184 L. Ed. 2d 528 (2013) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473, 127 S. Ct. 1933, 167 L. Ed. 2d 836 (2007)). When deciding whether a stay should be ordered, courts look to four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Harley-Davidson Credit Corp. v. Turudic*, No. 3:11-cv-01317-HZ, 2012 U.S. Dist. LEXIS 158975, at *3 (D. Or. Nov. 6, 2012) (quoting *Golden Gate Rest. Ass'n v. City and Cnty. of S.F.*, 512 F.3d 1112, 1115 (9th Cir. 2008)).

Among the four factors, the likelihood that the applicant will succeed on the merits and whether the applicant will be irreparably injured absent a stay "are the most critical." *United States v. Yetisen*, No. 3:18-cv-00570-HZ, 2023 U.S. Dist. LEXIS 212087, at *2-3 (D. Or. Nov. 28, 2023) (citing *Nken v. Holder*, 556 U.S. 418, 434, 129 S. Ct. 1749, 1761 (2009)). "The court uses a 'sliding scale' approach under which the factors of a stay are balanced, so that 'a stronger showing of one [factor] may offset a weaker showing of another.'" *Id.* (citing *Al Otro Lado v. Wolf*, 952 F.3d 999, 1007 (9th Cir. 2020)).

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

1. **The Magistrate's Order Will Not Survive Review Because It Is an Unconstitutional Prior Restraint, Violates Due Process, and The Oregonian Was Never a "Party" to the Protective Order.**

As explained in detail above, the Magistrate's Order contradicts a longstanding body of law by the United States Supreme Court that strongly disfavors prior restraints. Moreover, it erroneously states that The Oregonian is a party to the litigation and that it is subject to the Protective Order. Lastly, The Oregonian suffered a Due Process violation because it is subjected to the Magistrate's Order without having the opportunity to read the arguments against it or have an opportunity to be heard.

2. **The Return and Destruction of the Lawfully Obtained Documents Will Prejudice and Irreparably Harm The Oregonian Because These Actions Cannot Be Undone**.

To satisfy the second factor for a stay, the applicant "must demonstrate more than 'some possibility of irreparable injury,' instead showing that 'the irreparable injury is likely to occur during the period before the appeal is decided.'" *United States v. Yetisen*, No. 3:18-cv-00570-HZ, 2023 U.S. Dist. LEXIS 212087, at *5 (D. Or. Nov. 28, 2023). The Oregonian will be irreparably harmed if the Magistrate's Order to destroy and return the Documents is not stayed because of the nature of the Order requiring destruction and return of all materials is final. Once something is destroyed, it permanently ceases to exist. Additionally, the deadline for destruction rapidly approaches (January 31, 2024).

As explained above, the Documents were lawfully obtained by The Oregonian outside the confines of the discovery process. If the Documents are returned and destroyed, The Oregonian will have been deprived of materials acquired via lawful newsgathering, and its constitutional right to report on the news will have been abrogated by a prior restraint on publication.

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

The deprivation of a constitutional right constitutes irreparable injury. *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012). "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *de Jesus Ortega Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373, 96 S. Ct. 2673, 49 L. Ed. 2d 547 (1976)). "This is especially so in the First Amendment context... Plaintiff will suffer irreparable harm without an injunction because '[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.'" *Total Real Estate Grp., Ltd. Liab. Co. v. Strode*, 588 F. Supp. 3d 1137, 1156-57 (D. Or. 2022) (quoting *Elrod v. Burns*, 427 U.S. 347, 373, 96 S. Ct. 2673, 49 L. Ed. 2d 547 (1976)).

### 3.  A Stay of the Destruction Order Will Not Prejudice Plaintiff or Defendant.

The third factor in determining if a stay is proper is whether other parties will be prejudiced by the stay. In the instant case, The Oregonian only requests a temporary preservation of the status quo and it will not disseminate the contents of the Documents until this Court makes a determination on the prior restraint issue.  No additional actions would be taken that would prejudice or irreparably harm other parties to the litigation—a stay would simply allow the process to unfold and give The Oregonian the right to be heard—which it has not yet had.

For these reasons, and with a lack of otherwise identifiable harm that could befall other parties to the litigation due to the delay in destruction of the Documents, the third factor militates in favor of the applicant.

/ / /

/ / /

/ / /

Page 13 - ADVANCE LOCAL MEDIA LLC, D/B/A OREGONIAN MEDIA GROUP'S (THE OREGONIAN) EMERGENCY MOTION TO VACATE THE MAGISTRATE JUDGE'S ORDER, OR IN THE ALTERNATIVE, STAY PROCEEDINGS PRIOR TO JANUARY 31, 2024, FRCP 72

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

**4.    The First Amendment's Freedom of the Press is Paramount to the Public Interest.**

The public interest weighs in favor of granting the stay. In analyzing this factor, courts have unequivocally stated that upholding constitutional rights is within the public interest. Because "all citizens have a stake in upholding the Constitution," the public has an interest when constitutional rights have been violated. *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005). See also, *Cal. Chamber of Commerce v. Council for Educ. & Rsch. on Toxics*, 29 F.4th 468, 482, 2022 U.S. App. LEXIS 6952, *27-28, 52 ELR 20036, 2022 WL 804104 ("it is always in the public interest to prevent the violation of a party's constitutional rights") (internal citations and punctuation omitted). Courts have specifically emphasized the importance of first amendment freedoms when analyzing the public interest. See *Cal. Chamber of Commerce v. Council for Educ. & Rsch. on Toxics*, 29 F.4th 468, 482, 2022 U.S. App. LEXIS 6952, *27-28, 52 ELR 20036, 2022 WL 804104 ("this court has consistently recognized the significant public interest in upholding First Amendment principles") (internal citations omitted); see also *Sammartano v. First Judicial Dist. Court*, 303 F.3d 959, 974, 2002 U.S. App. LEXIS 17648, *41-42, 2002 Cal. Daily Op. Service 7782, 2002 Daily Journal DAR 9819. Time and time again, the Ninth Circuit has shown that First Amendment principles are of supreme importance to the public interest, and this Court should not stray in its interpretation.

The public relies on free press to access information. See *Index Newspapers LLC v. United States Marshals Serv.*, 977 F.3d 817, 831, 2020 U.S. App. LEXIS 32103, *25, 2020 WL 5988501 ("the free press is the guardian of the public interest" and "open government has been a hallmark of our democracy since our nation's founding") (internal punctuation and citations omitted). If the

/ / /

Page 14 - ADVANCE LOCAL MEDIA LLC, D/B/A OREGONIAN MEDIA GROUP'S (THE OREGONIAN) EMERGENCY MOTION TO VACATE THE MAGISTRATE JUDGE'S ORDER, OR IN THE ALTERNATIVE, STAY PROCEEDINGS PRIOR TO JANUARY 31, 2024, FRCP 72

Court Order is not stayed, and the documents are therefore destroyed, the public will not have access to documents that were lawfully acquired by journalists.

## IV.    CONCLUSION

For the reasons outlined above, The Oregonian respectfully requests that the Court immediately vacate the Magistrate Judge's Order, or, in the alternative, stay the Order prior to the Magistrate's January 31, 2024 deadline to return and destroy the Documents that are lawfully in The Oregonian's possession.

Dated this 29th day of January, 2024.

BARRAN LIEBMAN LLP

By *s/Bruce T. Garrett*
    Edwin A. Harnden, OSB No. 721129
    eharnden@barran.com
    Bruce T. Garrett, OSB No. 213430
    bgarrett@barran.com

Attorneys for Non-Party Advance Local Media LLC d/b/a Oregonian Media Group (The Oregonian)

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212