**David J. Elkanich**, OSB No. 992558
Email: delkanich@buchalter.com
**David A. Bernstein**, OSB No. 235633
Email: dbernstein@buchalter.com
BUCHALTER, A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205
Telephone: 503.226.1191
Fax: 503.226.0079

*Attorneys for Non-Party Markowitz Herbold PC*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>NIKE, Inc., an Oregon Corporation,<br><br>    Defendant. | Case No. 3:18-cv-01477-JR<br><br>**PLAINTIFFS' MOTION TO REQUEST RETURN OF INADVERTENTLY DISCLOSED MATERIALS**<br><br>**[FILED UNDER SEAL]**<br><br>EXPEDITED HEARING REQUESTED |

**LR 7-1 CERTIFICATION**

As reflected in the Declaration of Plaintiffs' Counsel, Ms. Laura Salerno Owens, Plaintiffs' counsel has had numerous conversations with The Oregonian in attempts to resolve this issue prior to bringing this motion. Those have been unsuccessful, necessitating the instant motion. (Salerno Owens Dec. at ¶¶ 14-19.) Prior to filing the instant motion, Plaintiffs' counsel informed Defendant of the underlying issue by email. Given the urgency in bringing this motion, akin to seeking relief under a temporary restraining order, Plaintiffs' counsel brings this motion before they have spoken telephonically with Defendant's counsel.

Page 1   PLAINTIFFS' MOTION TO REQUEST RETURN OF
         INADVERTENTLY DISCLOSED MATERIALS

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191 / Fax: 503.226.0079

BN 80620960v4

**I.   INTRODUCTION**

Plaintiffs' counsel, by and through their independent counsel, move the Court for an Order requiring that party-Intervenor Advance Local Media, LLC d/b/a Oregonian Media Group ("Intervenor" or "The Oregonian") return certain documents that were inadvertently disclosed to The Oregonian by email on January 19, 2024, by Plaintiffs' counsel.[1]  (*See* Declaration of Plaintiffs' Counsel Ms. Laura Salerno Owens "Salerno Owens Dec.".)  Several of the documents produced were designated "Attorneys' Eyes' Only" or "Confidential" under the Court's Stipulated Protective Order, and several would be protected by the Ninth Circuit's stay Order.  The Oregonian, as Intervenor, has subjected itself to the jurisdiction of this Court and the Ninth Circuit, and should be bound by the applicable orders established in this matter.  It would therefore be impermissible for The Oregonian to retain the inadvertently disclosed documents, taking undue and unfair advantage of counsel's accident.

As discussed in her Declaration, filed concurrently under seal, Ms. Salerno Owens intended to send The Oregonian a select few requested documents that previously had been publicly filed with this Court. (Salerno Owens Dec. at ¶¶ 3-9.)  As a result of mere inadvertence, The Oregonian received a larger set of documents that included documents produced by Defendant Nike, Inc., which had been marked and maintained as "Attorneys' Eyes Only" or "Confidential," and which had not previously been filed on the public docket.  (Salerno Owens Dec. at ¶ 13.)  Ms. Salerno Owens discovered the mistake the same day, within a couple hours, and immediately requested that The Oregonian return the documents.  Today, The Oregonian confirmed that it did not intend

---

[1] The undersigned counsel have entered a limited appearance on behalf of Markowitz Herbold PC. Although the undersigned counsel do not represent Plaintiffs, this motion is brought by Plaintiffs' counsel, Markowitz Herbold PC, to ensure Plaintiffs' interests are protected.  As a result, this motion is styled "Plaintiffs' Motion to Request Return of Inadvertently Disclosed Materials."

Page 2   PLAINTIFFS' MOTION TO REQUEST RETURN OF INADVERTENTLY DISCLOSED MATERIALS

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191 / Fax: 503.226.0079

BN 80620960v4

to return the inadvertently disclosed documents, and therefore Plaintiffs' counsel seeks immediate Court intervention to mitigate any harm from this accident. (Salerno Owens Dec. at ¶ 19.)

The inadvertently disclosed documents, most of which have already been publicly filed on the docket in some form, are ███████████████████████████████

███████████████ Although Ms. Salerno Owens had intended to provide a redacted copy

███████████ as had been produced in the public record, instead, she produced additional pages that the Defendant had marked "Confidential" and "Attorneys' Eyes Only". (Salerno Owens Dec. at ¶ 13.) ███████████████████████████████



As part of this litigation, The Oregonian intentionally availed itself of the Court's jurisdiction, and asked it for relief. It cannot now act as though it is not bound by the same authority—this is especially so while The Oregonian is actively on appeal seeking to uphold the Court's prior ruling in its favor. The Oregonian should be required to ensure the redacted documents remain redacted from public view until the Ninth Circuit has had time to address the merits of the appeal.

/ / /

/ / /

/ / /

Page 3   PLAINTIFFS' MOTION TO REQUEST RETURN OF
INADVERTENTLY DISCLOSED MATERIALS

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191 / Fax: 503.226.0079

BN 80620960v4

## II. DISCUSSION

### A. The Court May Order the Return of Any Inadvertently Disclosed Documents.

Under the terms of the operative Stipulated Protective Order in place, "[u]se of any information or documents labeled 'Confidential' or 'Attorneys' Eyes Only' and subject to this Stipulated Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party *for any business, commercial, or competitive purpose*." (Stipulated Protective Order, ¶ 2, ECF 82 (emphasis added).)

As specified in ¶ 12 of the Stipulated Protective Order,

> The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only." **The receiving party or its counsel shall not disclose such documents or materials if that party or counsel know or reasonably should know that a claim of confidentiality would be made by the producing party.** Pursuant to Fed. R. Civ. P. 26(b)(5), promptly after receiving notice from the producing party of a claim of confidentiality, **the receiving party** or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and **shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.**

(ECF 82 (emphasis added).)

Fed. R. Civ. P. 26(b)(5)(B) provides a similar prohibition on a party that received any materials subject to a claim of "protection as trial-preparation material" until such issues may be resolved by the appropriate court. As noted under the Rule, the receiving party of inadvertently disclosed materials "must not use or disclose the information" and "[m]ust take reasonable steps to retrieve the information" if inadvertently disclosed. Fed. R. Civ. P. 26(b)(5)(B); *see also* Fed. R. Evid. 502(b).[2] These Rules illustrate the strong policy in federal courts for not allowing attorney

---

[2] Similarly, Fed. R. Evid. 502(b) provides that an "inadvertent disclosure" of privileged documents will not act as a waiver of privilege or protection where the disclosure is inadvertent; there were

Page 4      PLAINTIFFS' MOTION TO REQUEST RETURN OF INADVERTENTLY DISCLOSED MATERIALS

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191 / Fax: 503.226.0079

BN 80620960v4

mistakes to obstruct an otherwise orderly litigation, and to prevent one side from having an unfair advantage that would not exist absent a simple mistaken disclosure.

Accordingly, both the Stipulated Protective Order and the Rules provide the Court with ample authority to order the return and deletion of any copies of inadvertently disclosed documents. *See, e.g., Arnett v. Bank of Am.*, N.A., No. 3:11-CV-01372-SI, 2013 WL 12321485, at *1 (D. Or. Mar. 29, 2013); and *U.S. Home Corp. v. Settlers Crossing, LLC,* No. CIV.A. DKC 08-1863, 2012 WL 3025111, at *2 (D. Md. July 23, 2012) (Court granting "claw back" for "inadvertently disclosed materials").

Indeed, this District has said: "Courts have 'broad latitude' to issue a protective order to 'protect a party or person from annoyance, embarrassment, oppression, or undue burden.'" *Pegatron Tech. Serv., Inc. v. Zurich Am. Ins. Co.,* 377 F. Supp. 3d 1197, 1202 (D. Or. 2019) (quoting *deBarros v. Walmart Stores, Inc.*, 857 F. Supp. 2d 1109, 1113 (D. Or. 2012)).

In this case, the Court is empowered under the Stipulated Protective Agreement (ECF 82) to mandate the return of any inadvertently disclosed documents received by the intervening party, The Oregonian, to prohibit any dissemination of those documents by The Oregonian, and to order destruction of any copies in The Oregonian's possession.

Previously in this case, to prevent the "inadvertent disclosure" of sealed materials, this Court required specific filing and appearance rules for the intervening media parties' counsel because of a quirk in the ECF system that had allowed the intervening parties access to sealed filings. (*See* ECF 327 ("certain parameters must be utilized due to a known ECF issue that will

---

steps taken to protect the documents; and after inadvertent disclosure, the disclosing party "promptly took reasonable steps to rectify the error" including following Fed. R. Civ. P. 26(b)(5)(B).

Page 5    PLAINTIFFS' MOTION TO REQUEST RETURN OF INADVERTENTLY DISCLOSED MATERIALS

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191 / Fax: 503.226.0079

BN 80620960v4

allow all parties access to restricted documents. To avoid inadvertent disclosure of restricted filings, the e-mail addresses for pro hac attorney Zycheman and local counsel Timothy Volpert will be added to the party records for non-party media organizations.").)

As a result, the Court has already demonstrated its willingness to take steps to prevent accidental disclosure of information marked with confidentiality protection. As in *Pegatron*, this alone is reason to enforce the Stipulated Protective Order and require The Oregonian to return the inadvertently disclosed documents. Accordingly, Plaintiffs' motion should be granted.

> **B.    The Oregonian Should Be Required To Comport with The Orders Set Forth in This Case, And Return The Documents Pursuant to The Stipulated Protective Order.**

The Oregonian is not in this dispute merely as a random recipient of inadvertently disclosed confidential materials. Rather, The Oregonian inserted itself directly into this case and has availed itself of the applicable court rules and orders several times. (*See, e.g.,* ECF 205.) Since they have been granted leave to intervene, The Oregonian successfully moved the Court to unseal documents (ECF 273), and to peel back redactions of other previously-sealed documents. (ECF 363.) While that decision to remove redactions is under appeal in the Ninth Circuit by Defendant, the Ninth Circuit has stayed the Court's order, preserving the *status quo* for a time and keeping the names redacted. The Oregonian and other intervening media organization parties are currently opposing Defendant's appeal of that Order.

Given the stay, it would be manifestly unjust to allow The Oregonian to obtain from an attorney's inadvertent mistake ██████████████████████████████████████ ████████████████ Furthermore, The Oregonian clearly understands and has thus far abided under the governing Stipulated Protective Order at place in this case. The Oregonian understands

Page 6    PLAINTIFFS' MOTION TO REQUEST RETURN OF INADVERTENTLY DISCLOSED MATERIALS

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191 / Fax: 503.226.0079

BN 80620960v4

how to seek Court approval to obtain any confidential documents it desires, and it has done so in this case.

As a result, the Court should require The Oregonian to abide by the claw-back provisions of the Stipulated Protective Order and return the inadvertently disclosed documents to Plaintiffs. Such steps are necessary if the Court wishes to maintain the current status quo and allow normal procedure to control.

### C. Plaintiffs' Inadvertent Disclosure Will Not Materially Harm Defendant.

While Plaintiffs ask the Court to strictly enforce the Stipulated Protective Order to claw back and correct for Plaintiffs' inadvertent disclosure of Defendant's "Attorneys' Eyes Only" and "Confidential" documents it accidentally emailed to the Oregonian, Plaintiffs nonetheless note that Defendant has not and likely will not be damaged from this inadvertent disclosure.

On September 30, 2022, Magistrate Judge Russo issued a ruling which, in the first instance, allowed The Oregonian to intervene in this lawsuit. (ECF 273.) As Judge Russo noted, "[t]he Court…recognizes the distinct perspective the [intervening] media organizations offer to this litigation, along with their well-established common law and First Amendment rights to challenge the sealing of judicial records." (*Id*. at 13.) As a result, Judge Russo allowed the intervening parties, including The Oregonian, to seek to unseal previously-sealed exhibits submitted along with the parties' briefings on class certification. (*Id*.) Then, on November 13, 2022, without objections, Judge Hernandez adopted the findings and recommendation in Judge Russo's September 2022 order. (ECF 275.)

As part of the controversy surrounding the extent to which documents could be sealed and, if unsealed, how much of a document could be redacted, the parties had several conferrals in an attempt to resolve this issue. (*See, e.g.,* ECF 273 at 2-4 and n.2.) The parties then stipulated to

Page 7    PLAINTIFFS' MOTION TO REQUEST RETURN OF INADVERTENTLY DISCLOSED MATERIALS

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191 / Fax: 503.226.0079

BN 80620960v4

the unsealing of several documents that had been submitted as exhibits to the class certification briefings, in some cases with certain names redacted. (*See* ECF 213 ("Nike only seeks to redact these individuals' names, not the allegations surrounding them"); *see also* ECF 284, 285, 290, 291 for unsealed versions of those exhibits.)

Following the conclusion of that extensive class certification briefing, the Court returned to the intervening media organizations' requests to further unseal portions of the record, namely un-redacting certain names from exhibits to class certification briefings. (*See* ECF 363.) Plaintiffs supported the motion, and Defendant maintained that it did "not object to unredacting contents of the complaints in this document but maintain[ed] that redactions of the names of individuals listed as complainants, witnesses, and subjects of the complaints must remain." (*Id*. at 2, n. 1.) The Court sided with the intervening parties and disagreed with Defendant, noting that "Defendant largely relies on generalized assertions of purported compelling reasons to redact the names… However, the proponent of redactions must provide concrete examples rather than broad conclusory allegations of harm." (*Id*. at 5.) The Court concluded:

> To the extent the individuals identified in the complaints are third parties, the public has an interest and right to access the documents that bear on plaintiffs' claims even if those documents identify non-parties to the litigation… The identity of Nike employees engaged in the very behavior plaintiffs assert resulted in discrimination certainly bear on plaintiffs' claims. The identity of complainants and witnesses similarly relate to issues going to the merits and credibility of plaintiffs' claims. Accordingly, the intervenors' motion to unseal judicial records is granted.

(*Id*. at 5-6 (internal citations omitted).) On January 5, 2024, Judge Hernandez adopted this Order and its holding. (ECF 403.)

While Plaintiffs and their counsel are aware that this decision is under a current appeal to the Ninth Circuit, this Court's preference has been one of unequivocal full and open disclosure

Page 8   PLAINTIFFS' MOTION TO REQUEST RETURN OF INADVERTENTLY DISCLOSED MATERIALS

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191 / Fax: 503.226.0079

BN 80620960v4

because the Court believes they benefit the public interest. The documents that were inadvertently disclosed to The Oregonian on January 19, 2024 ███████████████████

███████████████████

███  As a result, there is minimal harm to Defendant by this inadvertent disclosure.

### III.    CONCLUSION

Accordingly, Plaintiffs request that the Court immediately enter an order requiring The Oregonian to return the inadvertently disclosed documents that Ms. Salerno Owens inadvertently sent to it on January 19, 2024, to further promise not to disseminate that information in any way, and to destroy any copies in its possession. Such remedial steps are necessary under ¶¶ 2 and 12 of the Stipulated Protective Order (ECF 82), as well as Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid 502(b).

While Plaintiffs do this to limit any further violations of the Stipulated Protective Order, Plaintiffs also note that ███████████████████ ███████████ this Court previously unsealed and un-redacted for The Oregonian's benefit.

DATED this 25th day of January, 2024.

>                    BUCHALTER
>                    A Professional Corporation
>
>
>                    By  s/ *David J. Elkanich*
>                        David J. Elkanich, OSB No. 992558
>                        Email: delkanich@buchalter.com
>                        David A. Bernstein, OSB No. 235633
>                        Email: dbernstein@buchalter.com
>                        Telephone: 503.226.1191
>
>                        Attorneys for Non-Party Markowitz Herbold PC

Page 9   PLAINTIFFS' MOTION TO REQUEST RETURN OF INADVERTENTLY DISCLOSED MATERIALS

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191 / Fax: 503.226.0079

BN 80620960v4