**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Kathryn P. Roberts, OSB #064854**
KathrynRoberts@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085

**Laura L. Ho** (admitted *pro hac vice*)
lho@gbdhlegal.com
**Barry Goldstein, Of Counsel** (admitted *pro hac vice*)
bgoldstein@gbdhlegal.com
**James Kan** (admitted *pro hac vice*)
jkan@gbdhlegal.com
**Byron Goldstein** (admitted *pro hac vice*)
brgoldstein@gbdhlegal.com
**Katharine L. Fisher** (admitted *pro hac vice*)
kfisher@gbdhlegal.com
**Mengfei Sun** (admitted *pro hac vice*)
msun@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
Telephone: (510) 763-9800 | Fax: (510) 835-1417

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>Defendant. | Case No. 3:18-cv-01477-JR<br><br>**DECLARATION OF LAURA SALERNO OWENS IN SUPPORT OF PLAINTIFFS' MOTION TO REQUEST RETURN OF INADVERTENTLY DISCLOSED MATERIALS**<br><br>**[FILED UNDER SEAL]** |

Page 1 – **DECLARATION OF LAURA SALERNO OWENS IN SUPPORT OF PLAINTIFFS' MOTION TO REQUEST RETURN OF INADVERTENTLY DISCLOSED MATERIALS**

I, Laura Salerno Owens, declare as follows:

1.      I am a shareholder with Markowitz Herbold PC, attorneys of record for plaintiffs. I have personal knowledge of the facts set forth herein.  I make this declaration in support of Plaintiffs' Motion to Request Return of Inadvertently Disclosed Materials.

2.      On Friday, January 19, 2024, I met in-person with Matthew Kish, a reporter for the Oregonian, at his request.  Mr. Kish had previously informed me that he had received a copy of a declaration that ▮▮▮▮▮▮ made in connection with this lawsuit (plaintiffs' counsel did not provide the declaration to him).  The declaration contained allegations ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ that ▮▮▮▮▮ claimed she experienced while working at Nike.  At the time of the alleged incidents, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Mr. Kish had asked if plaintiffs would like to provide a comment on the allegations in ▮▮▮▮▮ declaration.

3.      ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Therefore, I decided to limit my comments to the information in the publicly available records in this case, specifically ▮▮▮▮▮▮▮ unsealed pursuant to the Court's October 11, 2023 order (ECF 363).

4.      To that end, I asked my team to compile a PDF of ▮▮▮▮▮▮.  I had intended to only have copies of the ▮▮▮ that were available in the public record pursuant to the Court's October 11, 2023 order (ECF 363).

5.      In my January 19, 2024, meeting with Mr. Kish, I stated that I would provide a limited comment on ▮▮▮▮▮ declaration.  I emailed him the comment at 1:58 p.m. with the subject line, "Quote."  A true and accurate copy of that email is attached hereto as Exhibit 1.

**Page 2 –      DECLARATION OF LAURA SALERNO OWENS IN SUPPORT OF PLAINTIFFS' MOTION TO REQUEST RETURN OF INADVERTENTLY DISCLOSED MATERIALS**

6.      Mr. Kish reviewed the comment and noticed I referenced ████████████ He asked me which ██████ supported the comment.

7.      I then emailed Mr. Kish an index referencing where in the documents the allegations were found that supported the comment.  I emailed him that index at 2:02 p.m. in an email with the subject line, "Citations to public record."  A true and accurate copy of that email is attached hereto as Exhibit 2.

8.      Mr. Kish then told me that the index referenced page numbers that were not ECF numbers.  I explained to him that we had a packet of the publicly available ████████ and the index was referencing those pages in the packet.  Because the docket in this case is very complex, with the same document being filed in various places in various forms, for ease of reference, I emailed to Mr. Kish the packet of what I believed at the time were the publicly available documents.

9.      ████████████████████████████████████████████████ ████████████████████████████████████████████ ████████ I emailed him that information at 2:10 p.m. in an email with the subject line, "Public record documents."  A true and accurate copy of that email is attached hereto as Exhibit 3.  To prevent any further disclosure of the contents of the ████████, we have not included that document with this filing.  However, we can make it available to the Court upon request.

10.     When I sent Exhibit 3, I understood that the attachment was made up of ████████ ██████ that the Court had ordered unsealed, and that they contained ████████████ ████████████  I never intended to send Mr. Kish any documents he could not otherwise access through PACER.

Page 3 –      DECLARATION OF LAURA SALERNO OWENS IN SUPPORT OF
              PLAINTIFFS' MOTION TO REQUEST RETURN OF INADVERTENTLY
              DISCLOSED MATERIALS

11.     After I sent the email marked as Exhibit 3, Mr. Kish told me that he opened the PDF. He did not review the documents, but he commented that the number of documents seemed like more than he had previously seen. That immediately worried me, and I told him I would look into it.

12.     I had another meeting with a client from 2:30 p.m. to 3:30 p.m. On my way to that meeting, I called a staff member at my firm, explained my concern, and asked them to please look into the issue immediately while I was in my other meeting.

13.     Shortly after the conclusion of my 3:30 p.m. meeting, I realized my mistake: ██ ████████ were documents plaintiffs received from Nike in discovery, not only publicly available documents. I immediately texted Mr. Kish at 3:41 p.m. and asked him to call me back as soon as he could. I also called him at 4:30 p.m., but he did not answer the call. I sent him another text message at 4:50 p.m. asking for him to call me that day.

14.     Mr. Kish called me at 5:08 p.m. I told him during that call that I made an inadvertent disclosure, that he had documents that (I then believed) were not publicly available, and that I needed him to return the documents immediately and destroy the documents in his possession. He said that it was after hours and that he had to talk to his editor. He then called me at 5:40 p.m. and said that he would get back to me on Monday, January 22, 2024, regarding what they are going to do. He assured me no story would be coming out over the weekend or on Monday about these inadvertently disclosed documents.

15.     I then immediately contacted my firm's risk management partners to alert them to this issue, and they in turn contacted outside ethics counsel. ███████████████ I then began to work on ascertaining the scope of the disclosure to determine which of the documents

Page 4 –     **DECLARATION OF LAURA SALERNO OWENS IN SUPPORT OF PLAINTIFFS' MOTION TO REQUEST RETURN OF INADVERTENTLY DISCLOSED MATERIALS**

were in fact publicly available.  To ensure the firm complied with our ethical obligations, we consulted with outside ethics counsel throughout the process.

16.     On Monday, January 22, 2024, Mr. Kish called me at 11:44 a.m. and at 5:56 p.m. In both calls he told me that the Oregonian had not decided yet what it was going to do with the documents.  He again assured me that the Oregonian was not intending on running a story or distributing the documents in any way.  I reiterated my demand that he return the documents.  I asked if my ethics counsel could speak with the Oregonian or their counsel to convince them to return the documents.  He said possibly, but not that evening.

17.     The next morning, on Tuesday, January 23, 2024 at 9:14 a.m., I sent Mr. Kish an email reiterating the demands I had made during our conversations to return the documents and instructing him not to share or disseminate the documents.  A true and accurate copy of that email is attached as Exhibit 4 to this declaration.

18.     On Wednesday, January 24, 2024, I called Mr. Kish at 11:51 a.m.  I received his voicemail and left him a message telling him I was calling to inquire about the status of the Oregonian's decision and to call me back.  He returned my call at 12:29 p.m. while I was in a meeting, and left me a voicemail stating that he was returning my call.  I then called him at 1:15 p.m. and we spoke.  He told me the Oregonian still had not decided whether they were going to return and destroy the documents.  I reiterated my demand that they do so, and told him that we might have to take action soon if the Oregonian continued to hold these documents.  I once again asked if our lawyers could communicate with one another on this issue.  He said he would pass along that request.

19.     On Thursday, January 25, 2024, Mr. Kish sent me an email at 2:47 p.m. responding to my email from January 23, 2024.  He informed me that the Oregonian does not intend to return

**Page 5 –     DECLARATION OF LAURA SALERNO OWENS IN SUPPORT OF PLAINTIFFS' MOTION TO REQUEST RETURN OF INADVERTENTLY DISCLOSED MATERIALS**

the inadvertently disclosed documents, and that they would give me notice before publication.  A

true and accurate copy of that email is attached as Exhibit 5 to this declaration.

    20.    Since Friday, January 19, 2024, I have worked diligently with my paralegal and

with outside ethics counsel to ascertain the scope of the disclosure.  To the best of our ability, here

is the scope of disclosure:



ii. ████████████████████████

████████████████████████████████████████

████████████████████████████

21. ████████████████████████████

████████████████████████████████████████

████████



**DECLARATION OF LAURA SALERNO OWENS IN SUPPORT OF PLAINTIFFS' MOTION TO REQUEST RETURN OF INADVERTENTLY DISCLOSED MATERIALS**

22. 

23.

24.      There are mitigating circumstances that explain how I made this mistake.  This inadvertent disclosure occurred on a Friday afternoon at the end of a uniquely difficult week in Portland, Oregon.  Starting on Friday, January 12, 2024, Portland was hit with a series of snow, wind, and ice storms.  During the week, I lost power multiple times, and my children's school was closed for the entire week.  By the time I met with Mr. Kish, I was coming off a week of juggling sleeping at friends' houses who had heat and power; dealing with stir-crazy kids who could not go outside because of the ice and dangers from snow, wind, downed powerlines, and downed trees;

**Page 8 –     DECLARATION OF LAURA SALERNO OWENS IN SUPPORT OF PLAINTIFFS' MOTION TO REQUEST RETURN OF INADVERTENTLY DISCLOSED MATERIALS**

and trying to work remotely from friends' houses on my laptop (because my office building was closed due to a pipe burst in our building, flooding and disabling our elevators).  These circumstances contributed to my mistake and my reliance that the packet was what I thought it was—publicly available documents with proper redactions.

25.     Attached are true and correct copies of the following exhibits:

| Ex. No. | Document Description | Date |
|---------|---------------------|------|
| 1 | Email with subject line: "Quote" | January 19, 2024 |
| 2 | Email with subject line: "Citations to public record" | January 19, 2024 |
| 3 | Email with subject line: "Public record documents" | January 19, 2024 |
| 4 | Email with subject line: "Inadvertent Disclosure" | January 23, 2024 |
| 5 | Email with subject line: "Re: Inadvertent Disclosure" | January 25, 2024 |
| 6 | ███████████████ | January 25, 2024 |

I declare under penalty of perjury that the foregoing is true and correct.

Executed January 25, 2024, at Portland, Oregon.

s/ *Laura Salerno Owens*

Laura Salerno Owens, OSB # 076230

2090457.4

**Page 9 –    DECLARATION OF LAURA SALERNO OWENS IN SUPPORT OF PLAINTIFFS' MOTION TO REQUEST RETURN OF INADVERTENTLY DISCLOSED MATERIALS**

**From:** Laura Salerno Owens <laurasalerno@markowitzherbold.com>
**Sent:** Friday, January 19, 2024 1:58 PM
**To:** Matthew Kish <MKish@oregonian.com>
**Subject:** Quote



1

**Exhibit 1 to Salerno Owens Decl.**
**Page 1 of 1**

**From:** Laura Salerno Owens <laurasalerno@markowitzherbold.com>
**Sent:** Friday, January 19, 2024 2:02 PM
**To:** Matthew Kish <MKish@oregonian.com>
**Subject:** Citations to public record



Sent from my iPhone

1

**Exhibit 2 to Salerno Owens Decl.**
**Page 1 of 1**

**From:** Laura Salerno Owens
**Sent:** Friday, January 19, 2024 2:10 PM
**To:** 'Matthew Kish' <MKish@oregonian.com>
**Subject:** Public record documents
**Attachments:** ███████████████



**Exhibit 3 to Salerno Owens Decl.**
**Page 1 of 1**

**From:** Laura Salerno Owens
**Sent:** Tuesday, January 23, 2024 9:14 AM
**To:** 'Matthew Kish' <MKish@oregonian.com>
**Subject:** Inadvertent disclosure

Matt,

This email is to follow up on our conversations from Friday (1/19) and yesterday (1/22). I am writing to confirm that on Friday and yesterday I advised you that I inadvertently emailed you documents; I have asked that the documents be returned and deleted; I do not believe you or the Oregonian have a legal right to the documents; and I am instructing you not to disclose or disseminate the documents to anyone else.

Please confirm as soon as you can that the Oregonian will do the right thing and will return documents that were clearly provided in error and not intended to be shared. I appreciate you letting me know that the Oregonian is not going to take further action to disseminate this information at this time, and please confirm that you will give us adequate notice if this changes. I'm happy to speak with you further, or to connect you or the Oregonian's lawyer with our ethics counsel.

Regards,
Laura

**Laura Salerno Owens** | Lawyer
**Markowitz Herbold PC**
1455 SW Broadway, Suite 1900 | Portland, OR  97201
**T** (503) 295-3085| Web

1

**Exhibit 4 to Salerno Owens Decl.**
**Page 1 of 1**

**From:** Matthew Kish <MKish@oregonian.com>
**Sent:** Thursday, January 25, 2024 2:47 PM
**To:** Laura Salerno Owens <laurasalerno@markowitzherbold.com>
**Subject:** Re: Inadvertent disclosure

Hi Laura,
This is in response to your Jan. 23 email. The Oregonian does not intend to return any newsgathering materials we possess, and we make no representations about any reporting or publishing we may do in the future. We do intend to give you notice before publication.

Thank you,
Matt



Matthew Kish (he/him/his)
Business reporter
The Oregonian/OregonLive
Desk: 503-221-4386
Mobile: 503-453-4435
@matthewkish
oregonlive.com/business

**From:** Laura Salerno Owens <laurasalerno@markowitzherbold.com>
**Date:** Tuesday, January 23, 2024 at 9:14 AM
**To:** Matthew Kish <MKish@oregonian.com>
**Subject:** Inadvertent disclosure

Matt,

This email is to follow up on our conversations from Friday (1/19) and yesterday (1/22). I am writing to confirm that on Friday and yesterday I advised you that I inadvertently emailed you documents; I have asked that the documents be returned and deleted; I do not believe you or the Oregonian have a legal right to the documents; and I am instructing you not to disclose or disseminate the documents to anyone else.

Please confirm as soon as you can that the Oregonian will do the right thing and will return documents that were clearly provided in error and not intended to be shared. I appreciate you letting me know that the Oregonian is not going to take further action to disseminate this information at this time, and please confirm that you will give us adequate notice if this changes. I'm happy to speak with you further, or to connect you or the Oregonian's lawyer with our ethics counsel.

Regards,
Laura

1

**Exhibit 5 to Salerno Owens Decl.**
**Page 1 of 2**

**Laura Salerno Owens** | Lawyer
**Markowitz Herbold PC**
1455 SW Broadway, Suite 1900 | Portland, OR  97201
**T** (503) 295-3085| <u>Web</u>

2

Exhibit 5 to Salerno Owens Decl.
Page 2 of 2

Exhibit 6 to Salerno Owens Decl.
Page 1 of 5

Exhibit 6 to Salerno Owens Decl.
Page 2 of 5

Exhibit 6 to Salerno Owens Decl.
Page 3 of 5



Exhibit 6 to Salerno Owens Decl.
Page 4 of 5

Exhibit 6 to Salerno Owens Decl.
Page 5 of 5