JOHN A. BERG, OSB# 120018
jberg@littler.com
PAUL E. CIRNER, OSB# 191471
pcirner@littler.com
LITTLER MENDELSON P.C.
1300 SW Fifth Avenue
Wells Fargo Tower, Suite 2050
Portland, OR 97201
Telephone:  (503) 221-0309
Facsimile:  (503) 242-2457

DANIEL PRINCE, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
FELICIA A. DAVIS, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Attorneys for Defendant NIKE, INC.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL SARA JOHNSTON, LINDSAY ELIZABETH, and HEATHER HENDER, individually and on behalf of others similarly situated,<br><br>   Plaintiffs,<br><br> vs.<br><br>NIKE, INC., an Oregon Corporation,<br><br>   Defendant. | Case No. 3:18-cv-01477-JR<br><br>**DEFENDANT NIKE, INC.'S (1) ORAL ARGUMENT REQUEST, (2) EMERGENCY MOTION FOR A TEMPORARY ADMINISTRATIVE STAY; (3) REQUEST FOR DISCOVERY; AND (4) OBJECTION**<br><br>**ORAL ARGUMENT REQUESTED** |

## LR 7-1 CERTIFICATION

Counsel for NIKE certifies that it made a good faith effort to confer with counsel for Advance Local Media LLC, *d/b/a Oregonian Media Group* (the "Oregonian"), Markowitz Herbold PC, and Media Organizations Insider, Inc. *d/b/a Business Insider*, American Business Journals, Inc., *d/b/a Portland Business Journal*, and the Oregonian (collectively, the "Media Intervenors") on February 14, 2024, by email regarding the issues presented in this request. Counsel for the Oregonian indicated that the Oregonian objects to NIKE's request. Counsel for Markowitz Herbold and the Media Intervenors did not respond prior to filing,

## REQUEST FOR ORAL ARGUMENT, TEMPORARY ADMINISTRATIVE STAY, AND DISCOVERY

On February 13, 2024, the Oregonian filed its Reply Brief in support of the Motion to Vacate, ECF No. 427. Inconsistent with the rules for reply briefing, the Oregonian offered a new declaration. *See, e.g.,* ECF No. 428 (Declaration of Matthew Kish ("Kish Decl.")), ¶¶ 1-2. NIKE objects. As set forth below, the Reply Brief supports:[1]

(1) NIKE's Objection;

(2) NIKE's renewed request for discovery into the circumstances of the disclosure here, including that such discovery occur prior to the Court's ruling on the Motion to Vacate;

(3) NIKE's renewed request for oral argument, particularly upon a more detailed factual record, and

(4) NIKE's protective request for confirmation that the January 30, 2024 order precludes the publication and/or dissemination of any information that Plaintiffs provided to the

---

[1] All capitalized terms herein are given their meaning assigned to them in NIKE's Response in Opposition to Emergency Motion to Vacate the Magistrate Judge's Order, or in the Alternative Stay Proceedings Prior to January 31, 2024. ECF No. 425.

Page 1 –   REQUEST FOR ORAL ARGUMENT, TEMPORARY STAY, AND DISCOVERY

Media Intervenors in violation of Court orders "until the issues set out in the Motion to Vacate are resolved," which includes the resolution of any Fed. R. Civ. P. 72 objections submitted to the District Court. ECF No. 417. While NIKE has every confidence it should and shall prevail, should Your Honor disagree, NIKE should be afforded its appellate rights as both this District and the Ninth Circuit have already recognized.

NIKE briefly addresses each item below.

***First***, as stated in its Opposition, NIKE has served discovery and awaits documents and information from the Markowitz law firm and from the Oregonian.[2] ECF No. 425 at 10 n.3. The Kish declaration also demonstrates why discovery is necessary prior to the ruling on the Motion to Vacate. In fact, the declaration introduced new evidence on reply, specifically with respect to claimed "standard journalistic practices." ECF No. 428 (Kish Decl., ¶ 2). NIKE should have the ability to determine the truth of the protective order breach, so that the record is not limited to self-serving and untested declarations.

While introducing new evidence on reply is inappropriate in the ordinary course—*see, e.g.*, *Martin for C.M. v. Hermiston Sch. Dist. 8R*, 499 F. Supp. 3d 813, 827 (D. Or. 2020) ("The Court declines to consider Defendant Bruck's declaration because Defendants submitted it for the first time in their reply, could have filed it with their motion, and did not have a chance to respond."); *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 560 n.87 (C.D. Cal. 2014) ("In general, a court will not consider evidence submitted for the first time in reply without giving the opposing party an opportunity to respond." (citing *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996))—it is particularly problematic when the opposing party has been denied discovery.

---

[2] NIKE has served document demands and interrogatories. Once those are responded to and documents produced, NIKE will move promptly to scheduling limited depositions. NIKE anticipates that with the Court's blessing and prompting, this discovery could be completed within 45 days.

Page 2 –   REQUEST FOR ORAL ARGUMENT, TEMPORARY STAY, AND DISCOVERY

NIKE objects.

Even beyond the sequencing objection (*i.e.,* no new evidence on reply), Mr. Kish offers his opinion without qualifying himself as an expert, laying any foundation for his testimony, and asserting a conclusion which is facially self-serving.[3] The declaration is inappropriate under normal evidence rules, too.  Fed. R. Evid. 702.

That said, the Oregonian's offering of a reply declaration confirms *its* own belief that *it* has an evidentiary burden to prove certain facts.  While NIKE disagrees that anything beyond the Protective Order, the Stay Order, and the Oregonian's own intervention is needed to validate the approach Your Honor has already taken (*e.g.,* requiring the return and destruction of the documents, barring any reliance or dissemination of the information contained therein), if the Court has any doubt (it should not) about its prior Order and reasoning, then discovery should be permitted so that any conclusory (and self-serving) factual claims can be tested on a full record.[4] The Oregonian's requested departure is premised on *factual* claims—if entertained at all—that is the subject of discovery.

---

[3] "[T]he burden of laying the proper foundation for the admission of expert testimony is on the party offering the expert and admissibility must be shown by a preponderance of the evidence." *Est. of Thomason ex rel. Perez v. Cnty. of Klamath*, 2004 WL 1598802, at *1 (D. Or. July 16, 2004) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 592 n. 10 (1993)); *Cameron v. Lowes Home Centers Inc.*, 2019 WL 2617032, at *2 (D. Ariz. June 26, 2019) ("When the report of an expert witness offers no foundation for one of his conclusions, a court may properly exclude that portion of the opinion under Rule 702, *Daubert*, and *Kumho Tire*.") (citing *Provident Life & Accident Ins. Co. v. Fleischer*, 18 Fed. App'x 554, 556 (9th Cir. 2001)).

[4] The Oregonian argues that "[t]he facts clearly establish that the only one who is in violation of this Court's orders is Ms. Salerno Owens." ECF No. 427.  But the facts are not yet fully developed.  NIKE maintains that in these circumstances, where an intervenor has received documents both in violation of a Ninth Circuit stay and this Court's Protective Order, the Oregonian's position should be rejected outright.  ECF No. 425 at 13-16 (this Court may enforce the Protective Order against intervenors who intervened with the sole purpose of modifying the Protective Order) & 16-20 (the First Amendment does not protect acquisitions in violation of court orders).

Page 3 –   REQUEST FOR ORAL ARGUMENT, TEMPORARY STAY, AND DISCOVERY

***Second***, the new evidence and new arguments asserted in reply (including new authority and the abandonment of authority), makes this case an especially appropriate one for argument. NIKE renews its request for oral argument on the Motion to Vacate. NIKE notes that the Oregonian has also requested oral argument. ECF No. 414.

***Third***, given the serious nature of these issues and the very real threat of the Oregonian publishing nonpublic discovery material it received as a result of a party's breach of the Protective Order, NIKE seeks to confirm that which it understands the District Court has already ordered in its referral on the Motion to Vacate, namely that the "status quo [shall] remain in effect"—that is, no dissemination or disclosure of the materials Plaintiffs provided to the Oregonian in violation of court orders—"until the issues set out in the Motion to Vacate are resolved." ECF No. 417. NIKE believes this language means that no (further) disclosure or dissemination of materials should occur here until the Motion to Vacate has been resolved, including the resolution of any objections pursuant to Fed. R. Civ. P. 72. *Zargarian v. BMW of N. Am., LLC*, 2019 WL 6111734, at *1 (C.D. Cal. Oct. 15, 2019) (noting a party's right to Rule 72 objections and granting a stay).

For the avoidance of doubt, and to avoid another improper disclosure, NIKE respectfully requests that Court specifically and expressly confirm that the current stay preserves the status quo until (1) any objections under Fed. R. Civ. P. 72 are filed and resolved by the District Court, and (2) until such time that a stay pending appeal can be sought from the Ninth Circuit. *See* 5 U.S.C. § 705; Fed. R. Civ. P. 62(d); *Alvarez v. LaRose*, 2020 WL 5632659, at *2 (S.D. Cal. Sept. 21, 2020) (granting in part a motion to stay where immediate enforcement of a magistrate judge's order "might preclude the district court's ability to review respondents' anticipated Rule 72 objection, which would effectively deprive Respondents of their right to reconsideration of

Page 4 –   REQUEST FOR ORAL ARGUMENT, TEMPORARY STAY, AND DISCOVERY

the discovery order by the district judge"); *Al Otro Lado v. Wolf*, 945 F.3d 1223, 1224 (9th Cir. 2019) ("A temporary stay in this context (sometimes referred to as an administrative stay) is only intended to preserve the status quo until the substantive motion for a stay pending appeal can be considered on the merits[.]"); *Rauda v.Jennings*, 2021 WL 2413006, at *6 (N.D. Cal. June 14, 2021) (continuing an administrative stay to provide defendant an opportunity to seek further relief from the Ninth Circuit).

A temporary administrative bar on use is warranted and necessary for all of the reasons stated in NIKE's Response to the Oregonian's Motion to Vacate (ECF No. 425), its Renewed Request for Oral Argument (ECF No. 396), and its Motion to Stay Pending Appeal (ECF No. 397 (which was ultimately granted on appeal, ECF No. 408)). Should a use bar not be entered, the Oregonian *will* immediately publish the confidential Alleged Complaints, destroying the status quo and resulting in irreparable harm to non-party's privacy interests (*i.e.,* once the information is published, the damage will be done and NIKE will have no recourse). *See Ball v. Skillz Inc.*, 2020 WL 10180904, at *2 (D. Nev. Nov. 16, 2020) (finding irreparable injury absent stay because of inability to claw back plaintiff's anonymity from public record); *see also Align Tech., Inc. v. SmileDirectClub, LLC*, 2023 WL 2347431, at *1 (N.D. Cal. Mar. 3, 2023) ("'[When] the information is publicly filed, what once may have been [confidential] no longer will be'") (quoting *Apple, Inc. v. Samsung Elecs. Co.*, 2012 WL 3536800, at *1 (N.D. Cal. Aug. 15, 2012)).[5]

---

[5] This is especially necessary, as NIKE would appeal any adverse ruling. A stay is thus essential because any appeal would be mooted by the Oregonian's clear intention to publish the Alleged Complaints at the earliest possible opportunity. *See* ECF Nos. 414, 427, & 425 at 15 n. 6 (collecting articles published by the Oregonian regarding this litigation); *see also Al Otro Lado*, 945 F.3d at 1224.

Page 5 –   REQUEST FOR ORAL ARGUMENT, TEMPORARY STAY, AND DISCOVERY

An order to maintain the status quo is already in effect and the Oregonian is not irreparably injured by simply having to wait until this matter is truly, fully, and fairly resolved. Therefore, if the Court does not rule in favor of NIKE, NIKE requests that the Court confirm that the current administrative injunction during NIKE's submission of Rule 72 objections and the District Court's consideration of the same.

Again, this confirmatory request is stated purely protectively.  As NIKE has already explained, Your Honor's earlier Order requiring the return, destruction, and bar on use was entirely appropriate and lawful.  But given the unfortunate position NIKE finds itself in based on other parties' breaches, it seeks confirmation out of an abundance of caution.

Date: February 14, 2024

*/S/ Daniel Prince*
DANIEL PRINCE, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
FELICIA A. DAVIS, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

JOHN A. BERG, OSB# 120018
jberg@littler.com
PAUL E. CIRNER, OSB# 191471
pcirner@littler.com
LITTLER MENDELSON P.C.
1300 SW Fifth Avenue
Wells Fargo Tower, Suite 2050
Portland, OR 97201
Telephone:  (503) 221-0309
Facsimile:  (503) 242-2457