**David J. Elkanich**, OSB No. 992558
Email: delkanich@buchalter.com
**David A. Bernstein**, OSB No. 235633
Email: dbernstein@buchalter.com
BUCHALTER, A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR  97205
Telephone: 503.226.1191
Fax: 503.226.0079

*Attorneys for Non-Party Markowitz Herbold PC*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>Defendant. | Case No. 3:18-cv-01477-JR<br><br>**PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S FEBRUARY 28, 2024, ORDER [ECF 431]** |

## I.     INTRODUCTION

Plaintiffs' counsel Markowitz Herbold P.C. ("Markowitz"), by and through their independent counsel, objects to the Magistrate Judge's February 28, 2024 Order (ECF 431) under Fed. R. Civ. P. 72(b)(2) as the Order is contrary to law.

Plaintiffs' counsel inadvertently disclosed documents to an Oregonian reporter that had been designed by Defendant as either confidential or attorneys' eyes only and which, at that point, were subject to a Stipulated Protective Order ("Protective Order").  Plaintiffs' counsel, who had

Page 1    PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S
         FEBRUARY 28, 2024, ORDER [ECF 431]

Buchalter
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191 / Fax: 503.226.0079

BN 80754432

possession of those documents only as a result of this litigation, immediately notified The Oregonian reporter of the inadvertent disclosure and promptly raised this issue with the Court. It would therefore be impermissible for The Oregonian to retain the inadvertently disclosed documents, taking undue and unfair advantage of counsel's accident—especially since The Oregonian intervened in this matter to seek discovery of documents subject to the same Protective Order.

Magistrate Judge Russo correctly issued a January 26, 2024 Order requiring The Oregonian to return the inadvertently disclosed confidential material, to not disseminate those materials, and to destroy any copies in its possession by January 31, 2024 (ECF 417). For reasons discussed further below, as well as those outlined in Plaintiffs' Motion to Request Return of Inadvertently Disclosed Materials ("Plaintiffs' Motion", ECF 410 (redacted), ECF 422 (unredacted)), and Plaintiffs' Response in Opposition to Emergency Motion to Vacate the Magistrate Judge's Order of 1/26/2024 (ECF 421 ("Plaintiffs' Response")), Plaintiffs' counsel respectfully requests that the Court set aside the subsequent February 28, 2024 Order under Rule 72(a), and order The Oregonian to return and destroy the inadvertently disclosed documents at issue in this matter.

## II.     DISCUSSION

### A.     Standard of Review.

Under Fed. R. Civ. P. 72(a), "When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide… [a] party may serve and file objections to the order within 14 days after being served with a copy… The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." For the reasons discussed, the Magistrate Judge's Order of February 28, 2024 contains clearly erroneous findings that are also contrary to law.

Page 2    PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S
FEBRUARY 28, 2024, ORDER [ECF 431]

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191 / Fax: 503.226.0079

BN 80754432

**B.    The Court Is Empowered to Hold Intervenor-Party The Oregonian Subject to the Protective Order.**

Despite The Oregonian's suggestion that these documents were obtained solely by "independent journalistic means," The Oregonian inserted itself into this case as an intervening party, and after having been granted leave to intervene, The Oregonian successfully moved the Court to unseal documents (ECF 273), and to peel back redactions of other previously-sealed documents. (ECF 363.) The Court should therefore be permitted to find that The Oregonian, as an intervening party, should be held to the obligations of the Protective Order.

The Oregonian may not have been an original signatory to the Protective Order, but it nonetheless became subject to each of the applicable orders entered in this matter when it began proceeding, through normal litigation means, to obtain certain documents that were themselves subject to the Protective Order. Similarly, in *Marshall v. Planz*, another federal district court found it was entitled to enforce, assert, or modify the provisions of a protective order in place to govern the behavior of non-parties in litigation where those non-parties requested information protected by the protective order. *Marshall v. Planz,* 347 F. Supp. 2d 1198, 1200–03 (M.D. Ala. 2004).

As noted by Defendant in its Response in Opposition to Emergency Motion to Vacate the Magistrate Judge's Order of 1/26/2024 (ECF 425), "one who intervenes in a suit in equity thereby becomes a party to the suit, and is bound by all prior orders and adjudications of fact and law as though he had been a party from the commencement of the suit." *Galbreath v. Metropolitan Trust Co. of Cal*., 134 F.2d 569, 570 (10th Cir.1943). Accordingly, the February 28, 2024 Order was incorrect and issued a finding contrary to law when it held that The Oregonian was not a party or litigant to this litigation.

/ / /

/ / /

Page 3    PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S FEBRUARY 28, 2024, ORDER [ECF 431]

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191 / Fax: 503.226.0079

BN 80754432

### C. The Court May Order the Return of Inadvertently Disclosed Documents without Implicating First Amendment Concerns.

The February 28, 2024 Order incorrectly found that the First Amendment was implicated on the grounds that The Oregonian obtained the inadvertently disclosed documents not involving "any Court process emanating from this case." (ECF 431 at 8.) That simply is not the case. As explained in Plaintiffs' Motion and Response, Plaintiffs' counsel was only in possession of the inadvertently disclosed documents as a result of Defendants' response to discovery requests made in the regular course of this litigation and in conjunction with the applicable Protective Order. (See ECF 422 (unredacted motion), 421 (response)). Absent the normal discovery processes in this matter, Plaintiffs' counsel could not have ever made an inadvertent disclosure of the documents at issue, nor could The Oregonian have obtained those documents from Plaintiffs' counsel.

The Oregonian may not have been a direct party to those discovery processes, but that is irrelevant because The Oregonian has involved itself formally in this case through intervention. As Defendant properly noted that the Ninth Circuit has found that when a court discusses independent journalistic means of gathering information, it means "documents [acquired] from a source not involved in this litigation." *Ground Zero Ctr. for Non-Violent Action v. United States Dep't of Navy*, 860 F.3d 1244 (9th Cir. 2017); *see also* ECF 425 at 18. Since The Oregonian received these documents inadvertently from a party's counsel in this matter, who only had them as a result of normal discovery processes, The Oregonian cannot, as a matter of law, claim that its access to the inadvertently disclosed documents were a result of "independent journalistic means."

As discussed at length in *Seattle Times Co. v. Rhinehart*, and again by both Plaintiffs and Defendant in the many briefings, First Amendment concerns are not implicated when a court seeks to limit a newspaper's ability to disseminate information learned through litigation. *See generally Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984); *see also*

Page 4    PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S FEBRUARY 28, 2024, ORDER [ECF 431]

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191 / Fax: 503.226.0079

BN 80754432

*Dorsett v. Cnty. of Nassau*, 289 F.R.D. 54, 77–78 (E.D.N.Y. 2012) ("[T]he Court is restricting information which came into certain individuals' possession only as a direct result of the court's processes."). Accordingly, because The Oregonian necessarily became a party when it intervened, and because it only obtained the inadvertently disclosed documents as a result of this litigation, any orders restricting the flow of information governed by the applicable Protective Order in this case may be issued without concerning whether such an order amounts to prior restraint.

## CONCLUSION

As stated above, Magistrate Judge Russo's Order of February 28, 2024 is premised on erroneous findings and is contrary to the law. For those reasons, Markowitz requests that the Order be set aside and grant Plaintiffs' Motion (ECF 410).

DATED this 13th day of March, 2024.

> BUCHALTER
> A Professional Corporation
>
> By  s/ *David J. Elkanich*
> David J. Elkanich, OSB No. 992558
> Email: delkanich@buchalter.com
> David A. Bernstein, OSB No. 235633
> Email: dbernstein@buchalter.com
> Telephone: 503.226.1191
>
> Attorneys for Non-Party Markowitz Herbold PC

Page 5   PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S FEBRUARY 28, 2024, ORDER [ECF 431]

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191 / Fax: 503.226.0079

BN 80754432