**Edwin A. Harnden,** OSB No. 721129
eharnden@barran.com
**Bruce T. Garrett**, OSB No. 213430
bgarrett@barran.com
601 SW Second Ave., Suite 2300
Portland, Oregon 97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212

Attorneys for Non-Party Advance Local Media LLC d/b/a Oregonian Media Group (The Oregonian)

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al, <br><br> Plaintiffs, <br><br> v. <br><br> NIKE, INC., an Oregon Corporation, <br><br> Defendants. | **3:18-cv-01477-JR** <br><br> **ADVANCE LOCAL MEDIA LLC, D/B/A OREGONIAN MEDIA GROUP'S (THE OREGONIAN) RESPONSE IN OPPOSITION TO DEFENDANT NIKE, INC.'S AND PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S FEBRUARY 28, 2024 ORDER** |

## I.   PRELIMINARY STATEMENT

The prior restraint against Advance Local Media LLC, d.b.a., Oregonian Media Group ("The Oregonian") continues to wreak irreparable constitutional injury. Defendant Nike and Plaintiffs (collectively, the "Parties") have sought to extend the unconstitutional prior restraint by obfuscating the factual record and relevant legal analysis. Specifically, since The Oregonian first moved this Court to lift the prior restraint imposed by Magistrate Judge Russo's initial order on

Page 1 - ADVANCE LOCAL MEDIA LLC, D/B/A OREGONIAN MEDIA GROUP'S (THE OREGONIAN) RESPONSE IN OPPOSITION TO DEFENDANT NIKE, INC.'S AND PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S FEBRUARY 28, 2024 ORDER

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

January 26, 2024, (ECF 412), Defendant Nike ("Nike") has misrepresented the facts and the law and offered only speculation to support its specious arguments. However, the Parties cannot avoid the inevitable conclusions that 1) non-party, media-intervenor The Oregonian has a First Amendment right to publish the information that it obtained without itself violating the law, and 2) any prior restraint on publication amounts to "the most serious and the least tolerable infringement on First Amendment rights." *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976).

After considering extensive briefing from the Parties and The Oregonian, the Magistrate issued an order ("Magistrate's Order") (ECF 431), supported by detailed findings of fact and law, including well-established Supreme Court precedent, upholding The Oregonian's First Amendment right to publish information contained in the Documents[1] that its reporter obtained through the newsgathering process. Now that the Magistrate has put this matter to rest, The Oregonian respectfully requests that this Court expeditiously affirm the Magistrate's Order and deny Nike's request for a stay pending appeal. The prior restraint has been violating The Oregonian's rights to publish—and thus the public's rights to know—for nearly two months. Every second that the prior restraint remains in place it is causing additional irreparable harm. *Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."). It must be immediately stopped.

/ / /

/ / /

---

[1] The Oregonian attributes the same meaning to the "Documents" as it has in its prior filings.

Page 2 -  ADVANCE LOCAL MEDIA LLC, D/B/A OREGONIAN MEDIA GROUP'S (THE OREGONIAN) RESPONSE IN OPPOSITION TO DEFENDANT NIKE, INC.'S AND PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S FEBRUARY 28, 2024 ORDER

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

## II.    BACKGROUND

An accurate recitation of the key facts can be found in the Magistrate's Order. The Oregonian will not belabor these points, which have also been laid out in The Oregonian's prior filings. Instead, The Oregonian will address specific facts that Nike attempts to misconstrue. First, Nike erroneously conflates Plaintiffs' counsel Laura Salerno Owens' ("Ms. Salerno Owens") actions and duties with those of The Oregonian. The two are separate. Nike contends that Ms. Salerno Owens' inadvertent disclosure of the Documents was a "breach" by both her and The Oregonian, but The Oregonian played no part in Ms. Salerno Owens' mistake. It simply came into possession of the Documents (albeit inadvertently) through the newsgathering process. Moreover, Nike's contention that The Oregonian did not inform Nike about the disclosure is irrelevant. The Oregonian, unlike Ms. Salerno Owens, never had a duty to inform Nike of what happened. Next, Nike's contention that Ms. Salerno Owens and The Oregonian's business reporter, Matthew Kish ("Mr. Kish"), met for the purpose of "previewing" the Documents or otherwise acted in concert causing the inadvertent disclosure is patently false and contradicted by Ms. Salerno Owens' and Mr. Kish's sworn and mutually corroborated declarations. *See* ECF 411 and 416, respectively.

Instead, the truth, while less salacious, is straightforward: Mr. Kish met with Ms. Salerno Owens to obtain comment regarding sexual harassment allegations that had been raised by a former employee at Nike who Mr. Kish understood not to be a plaintiff in the underlying *Cahill v. Nike* litigation. *See id.* Mr. Kish has been covering the topic of sexual harassment at Nike for years, and simply sought comment from Ms. Salerno Owens. Ms. Salerno Owens made a mistake by inadvertently emailing the Documents to Mr. Kish. The Oregonian, acting pursuant to its First

Page 3 - ADVANCE LOCAL MEDIA LLC, D/B/A OREGONIAN MEDIA GROUP'S (THE OREGONIAN) RESPONSE IN OPPOSITION TO DEFENDANT NIKE, INC.'S AND PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S FEBRUARY 28, 2024 ORDER

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

Amendment rights, did not return the Documents after learning of the inadvertent disclosure and certainly did not violate any court order.

## III.    ARGUMENT

**A. The Magistrate's Order Correctly Applied the Relevant First Amendment Legal Standards and Found that The Oregonian is Not a Party to the Lawsuit or to the Protective Order.**

Nike argues that the Court should be "looking at the breach before the speech." *Id.* ECF 436, pp. 9-11. While catchy, this is not the law. How information gets into the hands of the news media is irrelevant under the Supreme Court's prior restraint analysis. *See, e.g., New York Times Co. v. United States*, 403 U.S. 713 (1971) ("Pentagon Papers"). Moreover, The Magistrate's Order *did* consider how the Documents were disseminated to The Oregonian (ECF 431, pp. 3-7), and after considering the facts and the law, it correctly found that the First Amendment protects The Oregonian's right to publication.

Nike fails to distinguish—or even address—any of the Supreme Court's relevant holdings on the prior restraint doctrine, including the high Court's decision in the Pentagon Papers case. Even with national security implications at stake, the Supreme Court made no inquiry into how the *New York Times* and *Washington Post* obtained classified documents. *Id* at 713-14. Nor did the Court suggest that discovery or evidentiary hearings were needed to determine how the information was leaked. Instead, the Court declined to enjoin the newspapers from publication and aptly summarized that "[a]ny system of prior restraints of expression comes to this Court bearing a heavy presumption against its constitutional validity" placing the "heavy burden of showing justification for the imposition of such a restraint" on the party requesting a prior restraint. *Id.*. (Quotations and citations omitted). The Parties do not meet this heavy burden.

Page 4 - ADVANCE LOCAL MEDIA LLC, D/B/A OREGONIAN MEDIA GROUP'S (THE OREGONIAN) RESPONSE IN OPPOSITION TO DEFENDANT NIKE, INC.'S AND PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S FEBRUARY 28, 2024 ORDER

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

    *i.*    ***The Magistrate's Order Correctly Did Not Impute Ms. Salerno Owens' Violation to The Oregonian.***

Nike contends on several occasions that The Oregonian "should not" be in possession of the Documents.[2] ECF 436, p. 8. Whether The Oregonian "should" be in possession of the Documents is irrelevant under the prior restraint analysis. Indeed, the Pentagon Papers "should not" have been in possession of the reporters at the *New York Times* and the *Washington Post*, but that was irrelevant to the Supreme Court's First Amendment analysis. *See New York Times Co,* 403 U.S. at 713-14. *See also Bartnicki v. Vopper,* 532 U.S. 514, 535, 121 S. Ct. 1753, 1765, 149 (2001) (holding that whether a news outlet "knew or should have known" that information it disseminated was obtained illegally by another was irrelevant under the First Amendment analysis).

Moreover, Nike's concerns about the "privacy rights of third-party complainants [and] witnesses" (ECF 436, p. 11) does not trump The Oregonian's First Amendment right to publication. Whatever remedy is available to Nike, it cannot be a prior restraint on The Oregonian. Even in the context of post-publication punishment for speech—a lesser constitutional bar than a prior restraint—the Supreme Court has been clear that the publication or dissemination of lawfully obtained newsgathering materials regarding a matter of public significance enjoys First Amendment protection absent a showing that there is a state interest of the "highest order." *Smith v. Daily Mail Publishing Co.,* 443 U.S. 97, 103 (1979).

---

[2] Nike's argument that The Oregonian "should not" be in possession of the Documents also contradicts its position that The Oregonian is subjected to the Protective Order (ECF 82), which is addressed in the next section.

Page 5 - ADVANCE LOCAL MEDIA LLC, D/B/A OREGONIAN MEDIA GROUP'S (THE OREGONIAN) RESPONSE IN OPPOSITION TO DEFENDANT NIKE, INC.'S AND PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S FEBRUARY 28, 2024 ORDER

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

Nike side-steps the relevant First Amendment analysis and instead argues that the Court "is not powerless to protect itself, its process, and its orders" and that by upholding the Magistrate's Order "protective orders and the integrity of court processes should give future litigants little comfort. The lesson will be that such orders are hollow." ECF 436, p. 9. Nike's parade of horribles does not meet its heavy burden of justifying the imposition of a prior restraint nor does it establish a "state interest of the highest order." In contriving its world-without-protective-orders scenario, Nike flatly ignores at least one remedy for addressing the disclosure of protected documents: "whether any sanction may be available." ECF 431, p. 9.

Nike cites *Eli Lilly & Co. v. Gottstein*, 617 F.3d 186 (2d Cir. 2010), and *In re Zyprexa Injunction*, 474 F. Supp. 2d 385 (E.D.N.Y. 2007), to support its position that prior restraint does not apply in this case. Such reliance is misplaced. In those cases, the courts found that the plaintiffs' expert had conspired to set up a sham proceeding to issue subpoenas and disseminate documents that were "procured solely by use of the court's discovery process." Notably, the courts in both cases found that the confidential documents "'reveal[ed] trade secrets, confidential preliminary research, development ideas, commercial information, product planning, and employee training techniques.'" *Id.* at 196 (quoting *In re Zyprexa Injunction*, 474 F. Supp. 2d at 404). Unlike the case at bar, based on the admissions of the parties, there was evidence to support that there was a conspiracy to disseminate the documents. *Id.* at 405.

In both *Eli Lilly* and *In re Zyprexa Injunction*, there was a clear meeting of the minds between conspirators to get around the protective order. *Eli Lilly*, 617 F.3d at 192. In the instant case, despite Nike's conclusory allegations, there is no conspiracy nor even a whiff of a "meeting of the minds." As indicated previously by both Ms. Salerno Owens and Mr. Kish, there was an

Page 6 - ADVANCE LOCAL MEDIA LLC, D/B/A OREGONIAN MEDIA GROUP'S (THE OREGONIAN) RESPONSE IN OPPOSITION TO DEFENDANT NIKE, INC.'S AND PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S FEBRUARY 28, 2024 ORDER

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

accidental disclosure of documents solely on the part of Ms. Salerno Owens in a situation unrelated to the litigation itself. *See* ECF 411 and 416. Mr. Kish and The Oregonian did not conspire to get around the Protective Order, and very clearly did not establish a sham proceeding to effectuate any kind of conspiracy.

      *ii.*    ***The Magistrate's Order Correctly Found that The Oregonian is not a Party to the Lawsuit, and Did Not Obtain the Documents Through the Court Process.***

When a party to litigation uses discovery to obtain information that is not publicly available from another party, it does not have a First Amendment right to publish it. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32 (1984) (holding that the party-defendant *Seattle Times* newspaper did not have a First Amendment right to publish information that it obtained through compelled discovery subject to a protective order). But a news media outlet "may disseminate the identical information covered by the protective order as long as the information is gained through means independent of the court's processes." *Id.* at 33-34.

Nike attempts to invoke *Seattle Times* by arguing that "but for" discovery, the Documents never would have come into The Oregonian's possession. ECF 436, p. 31. Nike blatantly distorts the holding in *Seattle Times* by arguing that information gleaned through discovery loses First Amendment protection. Rather, when a party to a lawsuit uses compelled discovery subject to a protective order to obtain information, that party does not have a First Amendment right to publish that information. *Seattle Times*, 467 U.S. at 37.

As the Magistrate's Order correctly found, Mr. Kish approached Ms. Salerno Owens as a source, and he obtained the Documents through the newsgathering process, not as participant in the litigation. Accordingly, *Seattle Times* may be relevant to whether Ms. Salerno Owens has a First Amendment right to disseminate information she compelled through discovery, but *Seattle*

Page 7 -  ADVANCE LOCAL MEDIA LLC, D/B/A OREGONIAN MEDIA GROUP'S (THE OREGONIAN) RESPONSE IN OPPOSITION TO DEFENDANT NIKE, INC.'S AND PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S FEBRUARY 28, 2024 ORDER

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

*Times* does not curtail The Oregonian's First Amendment rights to publish the Documents it received inadvertently.

The Magistrate also correctly found that The Oregonian is not a party to the lawsuit. Nike's contention to the contrary is unavailing. Nike ignores that this Court's order explicitly stated The Oregonian was admitted as a *nonparty* and for a *limited purpose*. ECF 275. And, Nike fails to offer any substantive rationale for how The Oregonian is a party to the lawsuit. Nike points to no facts—because there are none—that support the claim that The Oregonian somehow acted inconsistent within its limited, nonparty status (e.g., by engaging in discovery, arguing evidentiary motions, submitting pleadings, etc.). Instead, Nike summarily asserts that The Oregonian is a party. The Magistrate's Order correctly finds otherwise.

### iii. The Magistrate's Order Correctly Found that The Oregonian Is Not Subject to the Protective Order

Next, the Magistrate's Order correctly found that The Oregonian is not subject to the Protective Order in the underlying litigation. Nike does not and cannot refute the very simple proposition that The Oregonian cannot be bound to a stipulated order that it did not stipulate to. Nike also ignores the fact that it and Plaintiffs never moved the Court to amend the Protective Order to include The Oregonian when it intervened in the case years after the order was agreed to by the Parties. Moreover, Nike fails to address the fact that, to this day, The Oregonian does not have access to the records sealed under the Protective Order precisely because The Oregonian is not a party to that order. Nike's argument that The Oregonian "should not" be in possession of the Documents completely undermines its position that The Oregonian is subject to the Protective Order because, if it were subject to the Protective Order, it would have unfettered access to the sealed records, including the Documents.

Page 8 - ADVANCE LOCAL MEDIA LLC, D/B/A OREGONIAN MEDIA GROUP'S (THE OREGONIAN) RESPONSE IN OPPOSITION TO DEFENDANT NIKE, INC.'S AND PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S FEBRUARY 28, 2024 ORDER

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

Instead, Nike asserts that actions taken by the Media Intervenors'[3] counsel two years ago support the contention that The Oregonian is subject to the Protective Order. ECF 436, p. 21. In April 2022, a clerical error by the Court designated then-counsel for the Media Intervenors, Ellen Osoinach ("Ms. Osoinach"), a "case participant." ECF 431, pp. 3-4. This designation allowed Ms. Osoinach full access to the case record, including documents filed under seal. Ms. Osoinach did not realize the mistake until June 3, 2022. Immediately after realizing the Court's mistake, Ms. Osoinach contacted the courtroom deputy, and they corrected the problem. Nike contends that Ms. Osoinach's actions—reporting the clerical error to the Court—prove that The Oregonian considered itself a party subject to the Protective Order. *Id.*

Nike confuses Ms. Osoinach's actions then with The Oregonian's actions now. First, Ms. Osoinach was an attorney for Media Intervenors and, unlike Mr. Kish, was not a reporter engaged in the news gathering process when she came across the sealed documents. As an officer of the court, Ms. Osoinach has obligations to the Court that Mr. Kish does not. Second, the fact that Ms. Osoinach notified the Court that she had obtained access to sealed documents is consistent with the fact The Oregonian (and the other Media Intervenors) were not a party to the Protective Order because otherwise, Ms. Osoinach should have had access to sealed records and her accessing them would not have been a mistake.

**B. This Court Should Review the Magistrate's Order Under the Clearly Erroneous and Contrary to Law Standard of Review**

Federal Rule of Civil Procedure 72(a) mandates the clearly erroneous and contrary to law standard of review for non-dispositive matters. Non-dispositive matters are those "pretrial

---

[3] Three years after the *Cahill, et al v. Nike* litigation began, this Court permitted The Oregonian, along with other media groups (collectively, the Media Intervenors) to intervene as a non-party for the limited purpose of challenging sealed judicial records and uncovering redactions. (ECF 275).

Page 9 -  ADVANCE LOCAL MEDIA LLC, D/B/A OREGONIAN MEDIA GROUP'S (THE OREGONIAN) RESPONSE IN OPPOSITION TO DEFENDANT NIKE, INC.'S AND PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S FEBRUARY 28, 2024 ORDER

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

matters not dispositive of a claim or defense of a party." *Maisonville v. F2 Am., Inc.*, 902 F2d 746, 747 (9th Cir 1990) (quoting FRCP 72(a)); *Mitchell v. Valenzuela*, 791 F3d 1166, 1170 (9th Cir 2015).

Nike relies on *Mitchell* to argue that a request for injunctive relief is a dispositive matter. ECF 436, p. 16. Nike misconstrues *Mitchell*. The Ninth Circuit in *Mitchell* found that the type of relief sought was dispositive because it was tantamount to a dismissal of the underlying claims and the party seeking relief would not be able to return to federal court to assert those claims. *Id.* at 1177. Nike also relies on *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199 (9th Cir. 2000) but that case is not applicable because it considered a preliminary injunction on the commercial use of a disputed trademark where the underling claims related to disputing a trademark—the injunctive relief sought was inextricably linked to underlying claims. 202 F.3d at 1204. Here, Plaintiffs motioned the Court to order The Oregonian to return and destroy the Documents that Ms. Salerno Owens inadvertently disclosed, and Nike joined Plaintiffs in that motion. The motion had absolutely nothing to do with the underlying claims or any defenses that Nike raised in connection with those claims. The matter before the Magistrate was squarely within the Ninth Circuit's construction of non-dispositive motion under FRCP 72(A). But even if de novo review applied, clear constitutional principles and the overwhelming weight of authoritative case law support the Magistrate's Order.

C. **The Magistrate's Order Did Not Err by Denying Discovery and Oral Argument and Any Further Stay Would be Inappropriate.**

Neither discovery nor a stay are proper here. Nike's request for oral argument should be denied. Despite Nike's contention to the contrary, this Court is not without authority to remedy violations of its orders. But such remedy cannot include a violation of The Oregonian's First

Page 10 -  ADVANCE LOCAL MEDIA LLC, D/B/A OREGONIAN MEDIA GROUP'S (THE OREGONIAN) RESPONSE IN OPPOSITION TO DEFENDANT NIKE, INC.'S AND PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S FEBRUARY 28, 2024 ORDER

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

Amendment rights. Once this Court restores The Oregonian's First Amendment rights, it can address Ms. Salerno Owens' violation of the Protective Order. But that should not involve The Oregonian, because it took no part in Ms. Salerno Owens' disclosure.

The Oregonian continues to suffer ongoing and irreparable constitutional harm. Maintaining and extending an unconstitutional prohibition through meaningless discovery is not a permissible option when Nike's only basis for it is rooted in speculation—Nike has asserted no facts that call the sworn declarations from Ms. Salerno Owens and Mr. Kish into question. If the Court were to stay a ruling in The Oregonian's favor; it would have the same effect as issuing a further prior restraint. Additionally, the filings in this case have provided the Court with an extensive record and the First Amendment issues before the Court are crystal clear. Oral argument and/or a stay are unnecessary and would only further delay and result in further unconstitutional harm. Nike's request for oral argument should be denied.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 11 - ADVANCE LOCAL MEDIA LLC, D/B/A OREGONIAN MEDIA GROUP'S (THE OREGONIAN) RESPONSE IN OPPOSITION TO DEFENDANT NIKE, INC.'S AND PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S FEBRUARY 28, 2024 ORDER

## IV.    CONCLUSION

For all the reasons cited above, The Oregonian respectfully requests that this Court immediately affirm the Magistrate's Order denying Plaintiffs' motion requesting return of inadvertently disclosed materials (ECF 410), deny Nike's request for an injunction (ECF 436), deny Nike's request for an order to show cause (ECF 436), deny Nike's request for discovery (ECF 436), deny Nike's request for oral argument (ECF 436), and deny Nike's request for a stay of any kind (ECF 436).

Dated this 22nd day of March, 2024.

        BARRAN LIEBMAN LLP

        By *s/Edwin A. Harnden*
           Edwin A. Harnden, OSB No. 721129
           eharnden@barran.com
           Bruce T. Garrett, OSB No. 213430
           bgarrett@barran.com

        Attorneys for Non-Party Advance Local Media LLC d/b/a Oregonian Media Group (The Oregonian)

Page 12 - ADVANCE LOCAL MEDIA LLC, D/B/A OREGONIAN MEDIA GROUP'S (THE OREGONIAN) RESPONSE IN OPPOSITION TO DEFENDANT NIKE, INC.'S AND PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S FEBRUARY 28, 2024 ORDER

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212