Laura E. Rosenbaum, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

Daniel Prince (admitted *pro hac vice*)
danielprince@paulhastings.com
Felicia A. Davis (admitted *pro hac vice* )
feliciadavis@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendant NIKE, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL and SARA JOHNSTON, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NIKE, INC., an Oregon corporation, <br><br> Defendant. | Case No.: 3:18-cv-01477-JR <br><br> **DEFENDANT NIKE, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO REQUEST FOR PRODUCTION SET NOS. TWO (HENDER), THREE (CAHILL), AND FOUR (JOHNSTON AND ELIZABETH)** |

# <u>TABLE OF CONTENTS</u>

**Page**

LR 7-1 CERTIFICATION ................................................................................................ 1

I.     INTRODUCTION AND SUMMARY OF ARGUMENT ................................................. 1

II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ............................... 2

III.   ARGUMENT .................................................................................................................. 4

     A.    The Legal Standard Supports the Requested Relief. ................................................. 4

     B.    The Requests Seek Documents Directly Relevant To Multiple Issues .................. 4

            1.    The Documents Are Relevant to Plaintiffs' Duty To Mitigate And Alleged Economic Damages; Plaintiffs Do Not Meaningfully Contend Otherwise ..................................................................................... 5

            2.    The Requests Seek Documents Relevant To Plaintiffs' Allegations Regarding The Work They Performed While At NIKE. ........................... 6

            3.    The Documents Sought Are Also Relevant For Impeachment And Credibility Purposes. ...................................................................... 7

            4.    Subsequent Employment Documents Are Also Relevant To Ms. Hender's Unique Claim For Emotional Distress Damages. ............... 9

     C.    Plaintiffs' Objections Are Baseless. ....................................................................... 9

IV.   CONCLUSION ............................................................................................................. 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Achterberg v. Albaugh, LLC,*
    No. 5:16-CV-06097-DGK, 2017 WL 5924262 (W.D. Mo. Nov. 30, 2017) ..........................10

*Awosika v. Target Corp.,*
    No. 11-0185-RSM, 2011 WL 13048452 (W.D. Wash. May 26, 2011)...................................6

*Blankenship v. Hearst Corp.,*
    519 F.2d 418 (9th Cir. 1975) ...............................................................................................5

*Burnett v. Ocean Props., Ltd.,*
    No. 2:16-cv-00359-JAW, 2017 WL 3262163 (D. Me July 31, 2017).....................................6

*Cable & Computer Tech. Inc. v. Lockheed Saunders, Inc.,*
    175 F.R.D. 646 (C.D. Cal. 1997) .........................................................................................5

*Davila v. Luxury Wood Floors, Inc.,*
    No. 22-cv-80760-MATTHEWMAN, 2023 WL 4370419 (S.D. Fla. May 3, 2023)..............8, 9

*Debeaubien v. California,*
    No. 2:19-cv-1329 WBS DB, 2021 WL 1616111 (E.D. Cal. Apr. 26, 2021) ..........................11

*Fairley v. Wal-Mart Stores, Inc.,*
    No. 15-462, 2016 WL 6584806 (E.D. La. Nov. 7, 2016) .......................................................7

*Giambrone v. Kearney & Co., P.C.,*
    No. 8:16-cv-2083-T-30AAS, 2017 WL 2538705 (M.D. Fla. June 12, 2017) .......................10

*Goldwater Bank, N.A. v. Elizarov,*
    No. 5:21-cv-00616-JWH, 2022 WL 17081192 (C.D. Cal. Sept. 21, 2022) ............................9

*Iannucci v. Rite Aid Corp.,*
    No. 1:11cv281, 2012 WL 3019953 (W.D.N.C. July 24, 2012), *aff'd*,
    512 F. App'x 365 (4th Cir. 2013) .........................................................................................7

*Makaneole v. SolarWorld Indus. Am., Inc.,*
    No. 3:14-CV-1528-PK, 2016 WL 7856433 (D. Or. Sept. 2, 2016)......................................10

*Newsome v. Penske Truck Leasing Corp.,*
    437 F. Supp. 2d 431 (D. Md. 2006) ......................................................................................8

*Pearson v. Royal Canin USA, Inc.,*
    No. 4:22-CV-04018-KES, 2023 WL 5916437 (D.S.D. Sept. 11, 2023) .................................8

*Walsh v. Walmart, Inc.,*
   No. 2:22-cv-01313-LK, 2023 WL 3304216 (W.D. Wash. May 8, 2023) ................................9

*William v. Morrison & Foerster LLP,*
   No. 18-cv-02542-JSC, 2020 WL 1643977 (C.D. Cal. Apr. 2, 2020) ........................................7

*Winningham v. Rafeal's Gourmet Diner, LLC,*
   No. 6:22-cv-00382-MK, 2022 WL 17752377 (D. Or. Dec. 19, 2022) ...................................12

**STATUTES**

29 U.S.C. § 206(d) (FEDERAL EQUAL PAY ACT) ...............................................................3

42 U.S.C. § 2000e-2 (TITLE VII) ..........................................................................................3

OR. ADMIN. R. § 839-008-0000 (OREGON EQUAL PAY ACT) ........................................3

OREGON EQUALITY ACT .....................................................................................................3

**RULES**

FED. R. CIV. P. 26 ....................................................................................................1, 5, 8, 9

FED. R. CIV. P. 26(b) ................................................................................................................8

Fed. R. Civ. P. 26(b)(i) ......................................................................................................5, 6, 9

FED. R. CIV. P. 34 ....................................................................................................................5

FED. R. CIV. P. 37(a)(3) ...........................................................................................................5

FED. R. EVID. 404 ....................................................................................................................9

FED. R. EVID. 404(b) ................................................................................................................9

FED. R. EVID. 608 ....................................................................................................................9

L.R. 7-1 ....................................................................................................................................1

## **LR 7-1 CERTIFICATION**

Counsel for NIKE certifies that it made a good faith effort to confer with counsel for Plaintiffs.  Plaintiffs oppose this motion.

## I.    **INTRODUCTION AND SUMMARY OF ARGUMENT**

Pursuant to Federal Rule of Civil Procedure, Rule 26, NIKE respectfully moves this Court for an order compelling Plaintiffs to produce documents in response to RFP Nos. 85-87 (Plaintiffs and Elizabeth), 86-88 (Hender), and 107-109 (Johnston) (the "Requests").

This is a straightforward dispute, and one that should never have required motion practice.  Plaintiffs sued NIKE, their former employer, alleging pay discrimination.  Their complaint seeks damages for front and back pay.  NIKE served discovery requests in response, asking Plaintiffs for documents detailing their employment.  The Requests went directly to core issues in the case, including Plaintiffs' performance, their compensation, and their job duties (both at NIKE and at subsequent employers).  There are three buckets at-issue:

- **Category No. 1 (RFP Nos. 85 (Cahill, Elizabeth), 86 (Hender), and 107 (Johnston)):** Job applications, resumes, or other documents in which Plaintiffs describe their job duties at NIKE in attempts to obtain subsequent employment.

- **Category No. 2 (RFP Nos. 86 (Cahill, Elizabeth), 87 (Hender), and 108 (Johnston)):** Documents regarding Plaintiffs' job titles, job descriptions, performance evaluations, disciplinary issues, and termination at any subsequent employers.

- **Category No. 3 (RFP Nos. 87 (Cahill, Elizabeth), 88 (Hender), and 109 (Johnston)):** Documents sufficient to determine Plaintiffs' income after leaving NIKE.

Plaintiffs refused to produce **any** documents in response.  Plaintiffs claimed they are not seeking front or back pay, and so there was no reason to produce these documents.  NIKE

explained during the meet and confer process that there were two problems with this response.

**First**, the operative complaint and Plaintiffs' verified interrogatory responses say otherwise, explicitly requesting both front and back pay. To moot the dispute, NIKE asked Plaintiffs to sign a stipulation confirming they are now abandoning these categories of damages. Plaintiffs refused, confusingly stating that they believed "that has already been done in effect through Plaintiffs supplemental [and unverified] responses to NIKE's RFPs." Plaintiffs never explained why they would not stipulate if they were abandoning these categories of damages, particularly in view of their verified discovery responses and complaint to the contrary.

**Second**, regardless of what damages are now at-issue, these documents are relevant to a other issues in the case, including, Plaintiffs' allegations regarding the substantive work they performed while at NIKE (which impacts their pay claims (to identify potential comparators) and promotion claims (to determine whether they were qualified)) and for impeachment purposes.

Unfortunately, Plaintiffs still refuse to either produce documents about their pay and employment, or to sign a stipulation. This Motion follows.

## II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The facts here are straightforward. In August 2018, Plaintiffs Kelly Cahill and Sara Johnston initiated this lawsuit. *See* ECF No. 1. Months later, Plaintiffs amended the complaint to add Plaintiffs Lindsay Elizabeth and Heather Hender. *See* ECF No. 42. Plaintiffs brought claims under the Federal Equal Pay Act, Oregon Equal Pay Act, Title VII (disparate treatment and disparate impact), and the Oregon Equality Act (intentional discrimination and disparate impact) on behalf of themselves and putative class members. **All plaintiffs sought front pay and back pay**. *See* ECF No. 377 at 60 ¶¶ O, P. In November 2022, the court denied Plaintiffs' motion for class certification. *See* ECF No. 310. The case now involves only Plaintiffs' individual claims.

On October 26, 2023, Plaintiffs filed a Second Amended Complaint ("SAC"), in which Ms. Hender added a retaliation claim under Title VII and **sought an award of back pay, front pay, and emotional distress damages associated with the new claim**.  *See* ECF No. 377 at 60 ¶ Q.  In its answer, NIKE asserted a failure to mitigate affirmative defense.  *See* ECF No. 385.

NIKE served Plaintiffs with the Requests on December 22, 2023.  *See* Declaration of Daniel Prince in Support of NIKE's Motion to Compel ("Prince Decl."), ¶¶ 2-6, Exhs. A-D. When Plaintiffs responded, they did not produce any documents in response to the Requests.  *See id.*, ¶¶ 7-10, Exhs. E-H.  NIKE sent a letter detailing the insufficiencies in Plaintiffs' responses on January 29, 2024, explaining that the Requests were relevant, in part, because Plaintiffs seek both front pay and back pay.  *See id.*, ¶ 18, Exh. P.  ECF No. 377 at 60, ¶¶ O, P.

On February 8, 2024, Plaintiffs responded to NIKE's meet and confer letter and served supplemental responses (but still did not produce any documents in response to the Requests). *See* Prince Decl., ¶¶ 11-14, 19, Exhs. I-L, Q.  Plaintiffs' meet and confer correspondence merely said that the RFPs at issue were not relevant because Plaintiffs are not seeking mitigation damages and none of them have raised a wrongful termination claim.  *See id.*, ¶ 19, Exh. Q. They did not raise any other objections.  Plaintiffs specified that "none of the Plaintiffs seek back pay or front pay damages subsequent to their employment with Nike . . . , and for clarification purposes, Plaintiffs are willing to stipulate to the same with Nike."  *Id.*  Plaintiffs' supplemental responses also stated that they do "not seek back pay or front pay damages subsequent to her employment with Nike."  *Id.*, ¶¶ 11-14, Exhs. I-L.  On February 22, 2024, NIKE asked Plaintiffs to send a proposed stipulation verifying that they no longer sought front pay or back pay.  *See id*. ¶ 20, Exh. R.  Plaintiffs did not do so.

NIKE followed up on March 15, 2024, asking Plaintiffs for an update on the stipulation

they had initially proposed. *See id.*, ¶ 21, Exh. S.  Plaintiffs responded a week later, saying now that they would not produce documents in response to the Requests *and* they would not stipulate as they had previously suggested. *See id.*  Their only explanation for the about-face was a statement that Plaintiffs believe "that has already been done in effect through Plaintiffs supplemental responses to NIKE's RFPs." *Id.*  Importantly, during the same week, on March 15, 2024, Plaintiffs Cahill, Elizabeth, and Hender served verified discovery responses stating the exact opposite of what their counsel represented; those responses said under penalty of perjury that each Plaintiff **does "seek[] back pay for lost compensation during her NIKE employment**." *Id.* at ¶¶ 15-17, Exhs. M-O. (emphasis added).

## III.    ARGUMENT

### A.    The Legal Standard Supports the Requested Relief.

A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(i). Rule 26 provides for liberal discovery of all information reasonably calculated to lead to the discovery of admissible evidence even if the information itself is not admissible at trial. *See id.* If a party refuses to produce relevant requested documents that are subject to privilege, the requesting party may seek an order compelling discovery. *See* Fed. R. Civ. P. 34; 37(a)(3). A party resisting discovery has a heavy burden of showing why discovery should be denied. *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *Cable & Computer Tech. Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997) (the party resisting discovery must "clarify[], explain[], and support[] its objections").

### B.    The Requests Seek Documents Directly Relevant To Multiple Issues.

The Requests seek job applications, documents reflecting job titles, job descriptions, disciplinary documents, termination documentation, and documents reflecting Plaintiffs'

compensation at subsequent employers.

    1.    **The Documents Are Relevant to Plaintiffs' Duty To Mitigate And Alleged Economic Damages; Plaintiffs Do Not Meaningfully Contend Otherwise.**

Courts recognize that discovery regarding attempts to obtain subsequent employment income earned after termination is highly relevant in cases like this, as they relate to Plaintiffs' mitigation efforts and "reflect upon Plaintiff's ability to obtain employment . . . and/or why Plaintiff may have been terminated from a job obtained after [her] employment with Defendant." *Awosika v. Target Corp.*, No. 11-0185-RSM, 2011 WL 13048452, at *2 (W.D. Wash. May 26, 2011).[1] Verifiable documentation in the form of records is the only way to "provide a balanced perspective on [Plaintiffs'] ability [to obtain employment] and are less likely to be biased." *Id* at *2.

Plaintiffs do not dispute that these documents are relevant to damages. Instead, they have tried to avoid responding through a letter from their counsel stating they are no longer seeking front and back pay damages. *See* Prince Decl., ¶ 19, Exh. Q. But there is nothing binding *Plaintiffs* to that position. Indeed, Plaintiffs actively refused to stipulate on this issue, which itself is concerning. *See id.*, ¶ 20, Exh. S. NIKE cannot (and does not) trust that Plaintiffs will not change their position again between now and trial, nor is it required to do so. *See, e.g.*, *Burnett v. Ocean Props., Ltd.*, No. 2:16-cv-00359-JAW, 2017 WL 3262163, at *4 (D. Me July 31, 2017) ("[A] party need not accept a witness's testimony at face value."). Plaintiffs cannot unilaterally excuse themselves from responding to discovery about a claim that they plead in their complaint (particularly since they recently served *verified* discovery responses saying they *are* pursuing front and back pay). *See* Fed. R. Civ. P. 26(b)(i) (authorizing broad discovery on

---

[1] Unless otherwise indicated, all emphasis has been added, and all internal citations and quotations have been omitted.

"any nonprivileged matter that is relevant to any party's claim or defense"').  Plaintiffs need to respond to this discovery (or, at a minimum, execute a binding stipulation forfeiting their claim for back and front pay).

      2.     **The Requests Seek Documents Relevant To Plaintiffs' Allegations Regarding The Work They Performed While At NIKE.**

Documents related to Plaintiffs' subsequent employment bear on the substantive issues in this case, namely Plaintiffs' claim that they were paid less than men for equal work, or that they were denied promotions due to discrimination.  Specifically, documents detailing how Plaintiffs describe their role at NIKE and evaluations of their work at subsequent employers are relevant to NIKE's defense that Plaintiffs' pay, and any promotion decisions, were unrelated to their sex.

Courts have regularly found that the very documents sought here—resumes submitted to subsequent employers, performance evaluations, disciplinary records, and documents regarding salary—are relevant in cases like this one.  *See Iannucci v. Rite Aid Corp.*, No. 1:11cv281, 2012 WL 3019953, at *4 (W.D.N.C. July 24, 2012) ("information and documents regarding salary and resumes submitted to prospective employe[rs], as well as any discipline, termination, or demotion in connection with the employers . . . is relevant to the [age and sex employment discrimination] claims and alleged damages"), *aff'd*, 512 F. App'x 365 (4th Cir. 2013); *William v. Morrison & Foerster LLP*, No. 18-cv-02542-JSC, 2020 WL 1643977, at *2 (C.D. Cal. Apr. 2, 2020) (denying motion to quash defendant's subpoena of performance evaluations and disciplinary records for a one-year period by plaintiff's current employer, stating "[i]f Plaintiff's performance was exemplary, that would support her claim against Defendant if problems were noted in the time frame near to her employment with Defendant, such evidence might support the defense"); *Fairley v. Wal-Mart Stores, Inc.*, No. 15-462, 2016 WL 6584806, at *2 (E.D. La. Nov. 7, 2016) ("Evidence of Plaintiff's employment after [she left Wal-Mart in] 2005 is relevant to the

defense that she was paid fairly during her employment with Wal-Mart from 1997 to 2005 based on her experience and skill.").

For example, if Plaintiffs had similar performance issues at subsequent employers, their performance evaluations and disciplinary records may demonstrate or bolster a defense that Plaintiffs' pay and promotion decisions were based on her performance or other issues, rather than her gender.  Likewise, documents demonstrating Plaintiffs' pay at subsequent employers may demonstrate or bolster the fact that NIKE's compensation for Plaintiffs was in line with the market or with Plaintiffs' value in the workforce, and was thus not discriminatory.  How Plaintiffs described their roles at NIKE to a subsequent employer is relevant to comparing Plaintiffs' job responsibilities to their alleged comparators (as well as assessing their credibility in how they described what they did to a subsequent employer versus their allegations here— more on that immediately below).

### 3.    The Documents Sought Are Also Relevant For Impeachment And Credibility Purposes.

Documents relating to Plaintiffs' attempts to obtain, and the details of, subsequent employment may be relevant for impeachment and credibility purposes.  Impeachment by contradiction is a well-recognized way of attacking credibility.  "The scope of Rule 26 includes the discovery of information sought for impeachment purposes," if it is reasonably calculated to lead to admissible evidence.  *Pearson v. Royal Canin USA, Inc.*, No. 4:22-CV-04018-KES, 2023 WL 5916437, at *9 (D.S.D. Sept. 11, 2023).  Documentary evidence may be used "to demonstrate that a statement made during direct examination was false."  *Id.*

Documents that may demonstrate that Plaintiffs' testimony regarding their job responsibilities, which are at issue here, is inaccurate is highly relevant for impeachment purposes and is discoverable.  *See Davila v. Luxury Wood Floors, Inc.*, No. 22-cv-80760-

MATTHEWMAN, 2023 WL 4370419, at *2 (S.D. Fla. May 3, 2023) ("Evidence regarding Plaintiff's subsequent employment may be used for impeachment purposes or to impugn Plaintiff's credibility depending on what testimony and evidence are introduced at trial"); *Newsome v. Penske Truck Leasing Corp.*, 437 F. Supp. 2d 431, 437 (D. Md. 2006) (Rule 26(b) "does not exempt from disclosure information to be used 'solely for impeachment'" and "[a] specific discovery request makes impeachment evidence discoverable"); *Goldwater Bank, N.A. v. Elizarov*, No. 5:21-cv-00616-JWH (SPx), 2022 WL 17081192, at *7 (C.D. Cal. Sept. 21, 2022) (Rule 26 "does not protect impeachment documents from discovery under Rule 26(b)(1)."). Similarly, discrepancies in Plaintiffs' own identification of job titles, job descriptions and periods of employment may demonstrate that Plaintiffs have been untruthful in other instances. *See Walsh v. Walmart, Inc.*, No. 2:22-cv-01313-LK, 2023 WL 3304216, at *4 (W.D. Wash. May 8, 2023) (prior and subsequent employment records are relevant to impeaching plaintiff). This is relevant credibility evidence that is an exception to Federal Rule of Evidence 404's prohibition against inadmissible character evidence. *See* Fed. R. Evid. 608; Fed. R. Evid. 404(b); *Davila*, 2023 WL 4370419, at *2 ("Evidence regarding Plaintiff's subsequent employment may be used for impeachment purposes or to impugn Plaintiff's credibility depending on what testimony and evidence are introduced at trial").

Plaintiffs have put the details of their job duties at NIKE at issue. At deposition, Plaintiffs testified about their job duties at NIKE, which often did not align with the job description at issue. The crux of Plaintiffs' claims is that they performed substantially similar roles as alleged male comparators, but were paid less. Key evidence in this case likely will involve Plaintiffs' testimony regarding the jobs they performed and how that compared to their male peers. Plaintiffs likely described their NIKE job duties and responsibilities in resumes and

job applications, which may conflict with their job descriptions and/or their deposition

testimony.  NIKE is entitled to this type of impeachment and credibility evidence.

**4.      Subsequent Employment Documents Are Also Relevant To
Ms. Hender's Unique Claim For Emotional Distress Damages.**

Ms. Hender presents a unique situation.  She is the only plaintiff pursuing a claim for

emotional distress thereby putting this category of documents even further at-issue than the

others, and entitling NIKE to explore any performance issues at any subsequent employers and

the length of time that Ms. Hender has been in various roles at each subsequent employer, as

sources of potential alternate stressors.  *See Giambrone v. Kearney & Co., P.C.*, No. 8:16-cv-

2083-T-30AAS, 2017 WL 2538705, at *1 (M.D. Fla. June 12, 2017) (same categories of

employment related documents from subsequent employers "are relevant and proportional" to

plaintiff's claim for emotional distress damages); *Achterberg v. Albaugh, LLC*, No. 5:16-CV-

06097-DGK, 2017 WL 5924262, at *2 (W.D. Mo. Nov. 30, 2017) (evidence about subsequent

employment is relevant and admissible because it "may show there was a superseding or

intervening event, such as a subsequent employment termination, that should place a temporal

limit on the scope of Plaintiff's alleged emotional distress").

**C.      Plaintiffs' Objections Are Baseless.**

Separate and apart from their relevance objections, Plaintiffs advance four boilerplate

arguments in an attempt to justify their withholding of discovery in response to the Requests, but

each of these arguments fail.  *See Makaneole v. SolarWorld Indus. Am., Inc.*, No. 3:14-CV-1528-

PK, 2016 WL 7856433, at *3 (D. Or. Sept. 2, 2016) ("[b]oilerplate, generalized objections are

inadequate and tantamount to not making any objection at all.").

**First**, Plaintiffs object to NIKE's definition of "documents," "Plaintiff" and "Defendant"

as overly broad and/or oppressive.  *See* Prince Decl., ¶¶ 11-14, Exhs. I-L.  "In opposing

discovery on the grounds of burdensomeness, a party has the burden to show facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome.  This imposes an obligation to provide sufficient detail in terms of time, money, and procedure[s] required to produce the requested documents." *Debeaubien v. California*, No. 2:19-cv-1329 WBS DB, 2021 WL 1616111, at *2 (E.D. Cal. Apr. 26, 2021). Plaintiffs' objections make no attempt to meet this obligation.  Nor can they do so now.

**Second**, Plaintiffs object to the Requests as vague and ambiguous.  This objection is baseless because the words Plaintiffs purport not to understand are not subject to interpretation. Indeed, in their meet and confer correspondence, Plaintiffs did not discuss any confusion regarding the meaning of the words used in the Requests.  *See* Prince Decl., ¶ 19, Exh. Q.

**Third**, Plaintiffs object to the Requests on privilege grounds.  Documents or communications relating to obtaining employment, employment records, or amount of income do not fall within the attorney-client privilege, attorney work product doctrine, or spousal privilege.  Plaintiffs essentially admit that this was a meritless objection by stating that they are not withholding responsive documents on the bases of privilege.  *See id.*

**Fourth**, Plaintiffs object that the Requests seek documents protected by the right to privacy.  This objection is without merit because there is a robust Protective Order in this case under which Plaintiffs have already produced documents.  *See Winningham v. Rafeal's Gourmet Diner, LLC*, No. 6:22-cv-00382-MK, 2022 WL 17752377, at *7 (D. Or. Dec. 19, 2022).

## IV.    CONCLUSION

For the foregoing reasons, NIKE respectfully requests that the Court enter an order compelling Plaintiffs to produce all documents responsive to the Requests.

Dated:  March 29, 2024                      */S/ Daniel Prince* _____

DANIEL PRINCE, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
FELICIA A. DAVIS, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Laura E. Rosenbaum, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480