LAURA E. ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

DANIEL PRINCE, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
FELICIA A. DAVIS, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Attorneys for Defendant NIKE, INC.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL SARA JOHNSTON, LINDSAY ELIZABETH, and HEATHER HENDER, individually and on behalf of others similarly situated,<br><br>         Plaintiffs,<br><br>    vs.<br><br>NIKE, INC., an Oregon Corporation,<br><br>         Defendant. | Case No. 3:18-cv-01477-JR<br><br>**DECLARATION OF DANIEL PRINCE IN SUPPORT OF NIKE INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO RFP SETS TWO (HENDER), THREE (CAHILL), AND FOUR (JOHNSTON AND ELIZABETH)** |

PRINCE DECLARATION ISO NIKE, INC.'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS IN RESPONSE TO RFP SETS TWO
(HENDER), THREE (CAHILL), AND FOUR (JOHNSTON AND ELIZABETH)

## <u>DECLARATION OF DANIEL PRINCE</u>

I, Daniel Prince, hereby declare as follows:

1.      I am an attorney duly licensed to practice law in the State of California and the United States District Court for the Central District of California.  I am admitted *pro hac vice* in the United States District Court for the District Court of Oregon.  I am a partner with the law firm of Paul Hastings LLP, counsel of record for Defendant NIKE, Inc. ("NIKE") in the above-captioned matter.  I have personal knowledge of the facts herein, and if called upon to do so, could and would competently testify thereto.

2.      I submit this Declaration in Support of NIKE's Motion to Compel Production of Documents in Response to RFP Sets Two (Hender), Three (Cahill), and Four (Johnston and Elizabeth).

3.      Attached hereto as **Exhibit A** is a true and correct copy of Request for Production of Documents, Set Three that NIKE served on Kelly Cahill on December 22, 2023.

4.      Attached hereto as **Exhibit B** is a true and correct copy of Request for Production of Documents, Set Four that NIKE served on Sara Johnston on December 22, 2023.

5.      Attached hereto as **Exhibit C** is a true and correct copy of Request for Production of Documents, Set Four that NIKE served on Lindsay Elizabeth on December 22, 2023.

6.      Attached hereto as **Exhibit D** is a true and correct copy of relevant excerpts of Request for Production of Documents, Set Two that NIKE served on Heather Hender on December 22, 2023.

7.      Attached hereto as **Exhibit E** is a true and correct copy of relevant excerpts of Ms. Cahill's January 22, 2024 Responses to Defendant's Request for Production of Documents, Set Three.

8.      Attached hereto as **Exhibit F** is a true and correct copy of relevant excerpts of Ms. Johnston's January 22, 2024 Responses to Defendant's Request for Production of Documents, Set Four.

9.      Attached hereto as **Exhibit G** is a true and correct copy of relevant excerpts of Ms. Elizabeth's January 22, 2024 Responses to Defendant's Request for Production of Documents, Set Four.

10.     Attached hereto as **Exhibit H** is a true and correct copy of relevant excerpts of Ms. Hender's January 22, 2024 Responses to Defendant's Request for Production of Documents, Set Two.

11.     Attached hereto as **Exhibit I** is a true and correct copy of relevant excerpts of Ms. Cahill's February 8, 2024 Supplemental Responses to Defendant's Request for Production of Documents, Set Three.

12.     Attached hereto as **Exhibit J** is a true and correct copy of relevant excerpts of Ms. Johnston's February 8, 2024 Supplemental Responses to Defendant's Request for Production of Documents, Set Four.

13.     Attached hereto as **Exhibit K** is a true and correct copy of relevant excerpts of Ms. Elizabeth's February 8, 2024 Supplemental Responses to Defendant's Request for Production of Documents, Set Four.

14.     Attached hereto as **Exhibit L** is a true and correct copy of relevant excerpts of Ms. Hender's February 8, 2024 Supplemental Responses to Defendant's Request for Production of Documents, Set Two.

15.     Attached hereto as **Exhibit M** is a true and correct copy of relevant excerpts of Ms. Cahill's March 14, 2024 Responses to Defendant NIKE, Inc.'s Interrogatories.

16.     Attached hereto as **Exhibit N** is a true and correct copy of relevant excerpts of Ms. Elizabeth's March 14, 2024 Responses to Defendant NIKE, Inc.'s Interrogatories.

17.     Attached hereto as **Exhibit O** is a true and correct copy of relevant excerpts of Ms. Hender's March 14, 2024 Responses to Defendant NIKE, Inc.'s Interrogatories.

18.     Attached hereto as **Exhibit P** is a true and correct copy of a January 29, 2024 letter I sent to Plaintiffs' counsel.

19.     Attached hereto as **Exhibit Q** is a true and correct copy of a February 8, 2024 letter Plaintiffs' counsel sent.

20.     Attached hereto as **Exhibit R** is a true and correct copy of a February 22, 2024 letter I sent to Plaintiffs' counsel.

21.     Attached hereto as **Exhibit S** is a true and correct copy of a February 22, 2024 – March 28, 2024 email thread between counsel for Plaintiffs and NIKE.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on this 29th day of March, 2024, at Los Angeles, California.

*/s/ Daniel Prince*
DANIEL PRINCE

LAURA E. ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, Oregon 97205
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

PAUL HASTINGS LLP
DANIEL PRINCE (*pro hac vice*)
danielprince@paulhastings.com
FELICIA A. DAVIS (*pro hac vice*)
feliciadavis@paulhastings.com
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California  90071-2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

Attorneys for Defendant NIKE, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, SARA JOHNSTON, LINDSAY ELIZABETH, and HEATHER HENDER, individually and on behalf of others similarly situated,<br><br>           Plaintiff,<br><br>  vs.<br><br>NIKE, INC. an Oregon Corporation,<br><br>           Defendant. | CASE NO. 3:18-CV-01477-JR<br><br><br>**DEFENDANT NIKE, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF KELLY CAHILL, SET THREE** |

Prince Decl. Exhibit A, Page 1 of 6

Page 1    -    DEFENDANT NIKE, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF KELLY CAHILL, SET THREE

TO PLAINTIFF KELLY CAHILL AND TO HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 34 ("Rule 34"), Plaintiff Kelly Cahill ("Plaintiff") is hereby requested to produce for inspection and copying the documents and tangible things described hereinbelow on January 22, 2024 at the law offices of Paul Hastings LLP, 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071-2228. Plaintiff may comply with this Request by transmitting the documents and physical evidence by mail or overnight delivery service so long as they arrive at the designated place by the aforestated date and time (attention: Daniel Prince, Esq.).

In accordance with Rule 34, Plaintiff also must serve within 30 days after service of this Request a written response, responding separately to each item or category of item included in the Request by a statement that Plaintiff will comply with the particular request, a representation that Plaintiff lacks the ability to comply with the particular request, or an objection to the particular request. NOTICE: ANY FAILURE TO SERVE A TIMELY WRITTEN RESPONSE IN ACCORDANCE WITH RULE 34 WILL CONSTITUTE A WAIVER BY PLAINTIFF OF ANY OBJECTION TO THIS REQUEST, INCLUDING ONE BASED ON PRIVILEGE OR WORK PRODUCT.

## I.

## DEFINITIONS AND INSTRUCTIONS

A.      Definitions

1.      As used herein, the words "DOCUMENT" or "DOCUMENTS" mean any kind of written, typewritten, printed, electronic, or recorded material whatsoever, stored in any medium and including but not limited to, any notes, memoranda, charges, complaints, claims, affidavits, statements, papers, files, forms, data, magnetic or optical discs, cards or tapes, printouts, letters, reports, summaries, compilations, chronicles, publications, books, manuals, handbooks, certificates, minutes, agenda, communications, contracts, agreements, electronic communications or messages, facsimiles, records, correspondence, diaries, calendars, appointment books, logs, audio and/or video recordings and transcriptions of recordings, microfilm, microfiche, electronically stored information or representations of any kind (including but not limited to

Prince Decl. Exhibit A, Page 2 of 6

Page 2    -    DEFENDANT NIKE, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF KELLY CAHILL, SET THREE

electronic mail, internet files, instant or text messages, internet relay chat, internet or intranet postings or communications, social or professional network postings or messaging communications, attachments to any of the foregoing, voicemail and other recordings whether in digital or analog format, databases and all electronic file formats) on any type of computer readable storage media (including but not limited to programs, drives, desktops, laptops, servers, networks, archives, back-up or disaster recovery systems, magnetic or optical tapes, cards or discs, CDs, DVDs, portable or removable media such as flash or thumb drives, smart cards, mobile phones and personal devices such as iPhones, Androids, Blackberries) whether or not ever printed out or displayed, photographs, pictures, diagrams, or any other writing, however produced or reproduced, and further including, without limitation, originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such documents whether or not used, within the possession, custody, and/or control of Plaintiff, or her agents, attorneys, physicians, psychologists, psychiatrists, counselors, and/or any other persons who may act on her behalf, excepting only those documents that are privileged or otherwise protected from discovery, as to which the claim of privilege or protection is specifically stated by pleadings herein.

2.      "NIKE" or "DEFENDANT" refers to Defendant NIKE, INC. and/or to any past or present officers, employees and/or agents of said named entity and/or all divisions, subsidiaries, parent, affiliated, related or predecessor companies, or any of them.

3.      "PLAINTIFF" refers to PLAINTIFF Kelly Cahill and/or her agents and/or representatives, past or present.

4.      "COMMUNICATE" and "COMMUNICATIONS" mean and include any meeting, conference, face-to-face conversation, telephone conversation, or conference or communication used by any media, as well as any written, taped, or recorded communication of any kind whatsoever.

B.      Instructions

1.      Construction of "And" and "Or"

Prince Decl. Exhibit A, Page 3 of 6

Page 3    -    DEFENDANT NIKE, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF KELLY CAHILL, SET THREE

As used herein, the words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of this Request any documents that would otherwise not be brought within its scope.

2.    Construction of the Singular and Plural Forms

As used herein, the singular form shall include the plural and vice versa whenever such dual construction will serve to bring within the scope of this Request any documents that would otherwise not be brought within its scope.

II.

DOCUMENTS REQUIRED TO BE PRODUCED

85.    Any and all DOCUMENTS relating to or referring to any and all attempts by PLAINTFF to obtain employment subsequent to May 3, 2019, including, but not limited to, any and all DOCUMENTS relating to resumes and/or other records of employment history; job applications and related documentation; negotiations regarding any aspect of employment; offers of employment; correspondence, notes, memoranda and documents to and/or from any prospective employer from which employment was sought regarding interviews, applications, offers of employment, rejections of applications for employment, and reasons for PLAINTIFF's expected or actual from DEFENDANT's employ.

86.    Any and all DOCUMENTS that evidence, relate to or otherwise pertain to any or all employment of PLAINTIFF by any employer or self-employment subsequent to May 3, 2019, including, but not limited to, any and all DOCUMENTS relating to resumes and/or other records of employment history; job applications and related documentation; negotiations regarding any aspect of employment; offers of employment; terms, benefits and conditions of employment; employment contracts, if any; at-will employment agreements; job title or status; applications for changes in job status; promotions transfers; job requirements; job assignments

Prince Decl. Exhibit A, Page 4 of 6

Page 4    -    DEFENDANT NIKE, INC.'S REQUEST FOR PRODUCTION OF
DOCUMENTS TO PLAINTIFF KELLY CAHILL, SET THREE

and/or responsibilities; requests for promotions, transfers, changes in job

assignments and/or responsibilities, and placements and responses to said

requests; evaluations and/or reviews of job performance; reprimands, warnings,

discipline; complaints; responses to complaints; rates of pay, salary, wages,

earnings, compensation, commissions, bonuses, or any other form of income or

remuneration; changes in rate of pay, salary, wages, earnings, compensation,

commissions, bonuses, or in any other form of income or remuneration; seniority;

threatened or potential termination and/or other separation of employment;

termination and/or other separation from employment.

87.    W-2 forms and/or all other DOCUMENTS that evidence, relate or refer to the

amount and source of income earned or received by PLAINTIFF for the years

2019 to present; including, but not limited to, monies received from self-

employment, other employers, and/or the federal, state or local government.

88.    Any and all DOCUMENTS that in any way discuss, relate or otherwise pertain to

any other lawsuits filed by PLAINTIFF or filed by others on PLAINTIFF's

behalf, or any other complaints, charges, grievances or other legal or equitable

claims made by PLAINTFF, or made by others on PLAINTIFF's behalf, against

an employer from May 3, 2019 to the present.

89.    Any and all non-privileged COMMUNICATIONS between PLAINTIFF and any

former or current employee or contractor of DEFENDANT sent or received since

the termination of PLAINTIFF's employment with DEFENDANT.

Prince Decl. Exhibit A, Page 5 of 6

Page 5  -    DEFENDANT NIKE, INC.'S REQUEST FOR PRODUCTION OF
DOCUMENTS TO PLAINTIFF KELLY CAHILL, SET THREE

DATED:  December 22, 2023                    PAUL HASTINGS LLP
                                             DANIEL PRINCE
                                             FELICIA A. DAVIS


                                             By:  /s/ Daniel Prince
                                                   DANIEL PRINCE

                                             Attorneys for Defendant
                                             NIKE, INC.

Page 6    -    DEFENDANT NIKE, INC.'S REQUEST FOR PRODUCTION OF
               DOCUMENTS TO PLAINTIFF KELLY CAHILL, SET THREE

LAURA E. ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, Oregon 97205
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

PAUL HASTINGS LLP
DANIEL PRINCE (*pro hac vice*)
danielprince@paulhastings.com
FELICIA A. DAVIS (*pro hac vice*)
feliciadavis@paulhastings.com
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California  90071-2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

Attorneys for Defendant NIKE, INC.

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, SARA JOHNSTON, LINDSAY ELIZABETH, and HEATHER HENDER, individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>NIKE, INC. an Oregon Corporation,<br><br>    Defendant. | CASE NO. 3:18-CV-01477-JR<br><br><br>**DEFENDANT NIKE, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF SARA JOHNSTON, SET FOUR** |

Page 1 - DEFENDANT NIKE, INC.'S REQUEST FOR PRODUCTION OF
      DOCUMENTS TO PLAINTIFF SARA JOHNSTON, SET FOUR

TO PLAINTIFF SARA JOHNSTON AND TO HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 34 ("Rule 34"), Plaintiff Sara Johnston ("Plaintiff") is hereby requested to produce for inspection and copying the documents and tangible things described hereinbelow on January 22, 2024 at the law offices of Paul Hastings LLP, 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071-2228. Plaintiff may comply with this Request by transmitting the documents and physical evidence by mail or overnight delivery service so long as they arrive at the designated place by the aforestated date and time (attention: Daniel Prince, Esq.).

In accordance with Rule 34, Plaintiff also must serve within 30 days after service of this Request a written response, responding separately to each item or category of item included in the Request by a statement that Plaintiff will comply with the particular request, a representation that Plaintiff lacks the ability to comply with the particular request, or an objection to the particular request. NOTICE: ANY FAILURE TO SERVE A TIMELY WRITTEN RESPONSE IN ACCORDANCE WITH RULE 34 WILL CONSTITUTE A WAIVER BY PLAINTIFF OF ANY OBJECTION TO THIS REQUEST, INCLUDING ONE BASED ON PRIVILEGE OR WORK PRODUCT.

## I.
## DEFINITIONS AND INSTRUCTIONS

A.    <u>Definitions</u>

1.    As used herein, the words "DOCUMENT" or "DOCUMENTS" mean any kind of written, typewritten, printed, electronic, or recorded material whatsoever, stored in any medium and including but not limited to, any notes, memoranda, charges, complaints, claims, affidavits, statements, papers, files, forms, data, magnetic or optical discs, cards or tapes, printouts, letters, reports, summaries, compilations, chronicles, publications, books, manuals, handbooks, certificates, minutes, agenda, communications, contracts, agreements, electronic communications or messages, facsimiles, records, correspondence, diaries, calendars, appointment books, logs, audio and/or video recordings and transcriptions of recordings, microfilm, microfiche, electronically stored information or representations of any kind (including but not limited to

Page 2   -   DEFENDANT NIKE, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF SARA JOHNSTON, SET FOUR

Prince Decl. Exhibit B, Page 2 of 6

electronic mail, internet files, instant or text messages, internet relay chat, internet or intranet postings or communications, social or professional network postings or messaging communications, attachments to any of the foregoing, voicemail and other recordings whether in digital or analog format, databases and all electronic file formats) on any type of computer readable storage media (including but not limited to programs, drives, desktops, laptops, servers, networks, archives, back-up or disaster recovery systems, magnetic or optical tapes, cards or discs, CDs, DVDs, portable or removable media such as flash or thumb drives, smart cards, mobile phones and personal devices such as iPhones, Androids, Blackberries) whether or not ever printed out or displayed, photographs, pictures, diagrams, or any other writing, however produced or reproduced, and further including, without limitation, originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such documents whether or not used, within the possession, custody, and/or control of Plaintiff, or her agents, attorneys, physicians, psychologists, psychiatrists, counselors, and/or any other persons who may act on her behalf, excepting only those documents that are privileged or otherwise protected from discovery, as to which the claim of privilege or protection is specifically stated by pleadings herein.

2.     "NIKE" or "DEFENDANT" refers to Defendant NIKE, INC. and/or to any past or present officers, employees and/or agents of said named entity and/or all divisions, subsidiaries, parent, affiliated, related or predecessor companies, or any of them.

3.     "PLAINTIFF" refers to PLAINTIFF Sara Johnston and/or her agents and/or representatives, past or present.

4.     "COMMUNICATE" and "COMMUNICATIONS" mean and include any meeting, conference, face-to-face conversation, telephone conversation, or conference or communication used by any media, as well as any written, taped, or recorded communication of any kind whatsoever.

B.     Instructions

1.     Construction of "And" and "Or"

Page 3   -       DEFENDANT NIKE, INC.'S REQUEST FOR PRODUCTION OF
                 DOCUMENTS TO PLAINTIFF SARA JOHNSTON, SET FOUR

As used herein, the words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of this Request any documents that would otherwise not be brought within its scope.

2.      Construction of the Singular and Plural Forms

As used herein, the singular form shall include the plural and vice versa whenever such dual construction will serve to bring within the scope of this Request any documents that would otherwise not be brought within its scope.

II.<br>
<u>DOCUMENTS REQUIRED TO BE PRODUCED</u>

107.    Any and all DOCUMENTS relating to or referring to any and all attempts by PLAINTFF to obtain employment subsequent to May 3, 2019, including, but not limited to, any and all DOCUMENTS relating to resumes and/or other records of employment history; job applications and related documentation; negotiations regarding any aspect of employment; offers of employment; correspondence, notes, memoranda and documents to and/or from any prospective employer from which employment was sought regarding interviews, applications, offers of employment, rejections of applications for employment, and reasons for PLAINTIFF's expected or actual from DEFENDANT's employ.

108.    Any and all DOCUMENTS that evidence, relate to or otherwise pertain to any or all employment of PLAINTIFF by any employer or self-employment subsequent to May 3, 2019, including, but not limited to, any and all DOCUMENTS relating to resumes and/or other records of employment history; job applications and related documentation; negotiations regarding any aspect of employment; offers of employment; terms, benefits and conditions of employment; employment contracts, if any; at-will employment agreements; job title or status; applications for changes in job status; promotions transfers; job requirements; job assignments and/or responsibilities; requests for promotions, transfers, changes in job

Page 4    -      DEFENDANT NIKE, INC.'S REQUEST FOR PRODUCTION OF
                 DOCUMENTS TO PLAINTIFF SARA JOHNSTON, SET FOUR

assignments and/or responsibilities, and placements and responses to said requests; evaluations and/or reviews of job performance; reprimands, warnings, discipline; complaints; responses to complaints; rates of pay, salary, wages, earnings, compensation, commissions, bonuses, or any other form of income or remuneration; changes in rate of pay, salary, wages, earnings, compensation, commissions, bonuses, or in any other form of income or remuneration; seniority; threatened or potential termination and/or other separation of employment; termination and/or other separation from employment.

109.    W-2 forms and/or all other DOCUMENTS that evidence, relate or refer to the amount and source of income earned or received by PLAINTIFF for the years 2019 to present; including, but not limited to, monies received from self-employment, other employers, and/or the federal, state or local government.

110.    Any and all DOCUMENTS that in any way discuss, relate or otherwise pertain to any other lawsuits filed by PLAINTIFF or filed by others on PLAINTIFF's behalf, or any other complaints, charges, grievances or other legal or equitable claims made by PLAINTFF, or made by others on PLAINTIFF's behalf, against an employer from May 3, 2019 to the present.

111.    Any and all non-privileged COMMUNICATIONS between PLAINTIFF and any former or current employee or contractor of DEFENDANT sent or received since the termination of PLAINTIFF's employment with DEFENDANT.

Page 5    -    DEFENDANT NIKE, INC.'S REQUEST FOR PRODUCTION OF
                DOCUMENTS TO PLAINTIFF SARA JOHNSTON, SET FOUR

Prince Decl. Exhibit B, Page 5 of 6

DATED:  December 22, 2023                  PAUL HASTINGS LLP
                                           DANIEL PRINCE
                                           FELICIA A. DAVIS


                                           By:  /s/ Daniel Prince
                                                DANIEL PRINCE

                                           Attorneys for Defendant
                                           NIKE, INC.

Page 6    -    DEFENDANT NIKE, INC.'S REQUEST FOR PRODUCTION OF
                DOCUMENTS TO PLAINTIFF SARA JOHNSTON, SET FOUR

                                                  Prince Decl. Exhibit B, Page 6 of 6

LAURA E. ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, Oregon 97205
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

PAUL HASTINGS LLP
DANIEL PRINCE (*pro hac vice*)
danielprince@paulhastings.com
FELICIA A. DAVIS (*pro hac vice*)
feliciadavis@paulhastings.com
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California  90071-2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

Attorneys for Defendant NIKE, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, SARA JOHNSTON, LINDSAY ELIZABETH, and HEATHER HENDER, individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> NIKE, INC. an Oregon Corporation, <br><br> Defendant. | CASE NO. 3:18-CV-01477-JR <br><br><br> **DEFENDANT NIKE, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF LINDSAY ELIZABETH, SET FOUR** |

TO PLAINTIFF LINDSAY ELIZABETH AND TO HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 34 ("Rule 34"), Plaintiff Lindsay Elizabeth ("Plaintiff") is hereby requested to produce for inspection and copying the documents and tangible things described hereinbelow on January 22, 2024 at the law offices of Paul Hastings LLP, 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071-2228. Plaintiff may comply with this Request by transmitting the documents and physical evidence by mail or overnight delivery service so long as they arrive at the designated place by the aforestated date and time (attention: Daniel Prince, Esq.).

In accordance with Rule 34, Plaintiff also must serve within 30 days after service of this Request a written response, responding separately to each item or category of item included in the Request by a statement that Plaintiff will comply with the particular request, a representation that Plaintiff lacks the ability to comply with the particular request, or an objection to the particular request. NOTICE: ANY FAILURE TO SERVE A TIMELY WRITTEN RESPONSE IN ACCORDANCE WITH RULE 34 WILL CONSTITUTE A WAIVER BY PLAINTIFF OF ANY OBJECTION TO THIS REQUEST, INCLUDING ONE BASED ON PRIVILEGE OR WORK PRODUCT.

I.

DEFINITIONS AND INSTRUCTIONS

A.    Definitions

1.    As used herein, the words "DOCUMENT" or "DOCUMENTS" mean any kind of written, typewritten, printed, electronic, or recorded material whatsoever, stored in any medium and including but not limited to, any notes, memoranda, charges, complaints, claims, affidavits, statements, papers, files, forms, data, magnetic or optical discs, cards or tapes, printouts, letters, reports, summaries, compilations, chronicles, publications, books, manuals, handbooks, certificates, minutes, agenda, communications, contracts, agreements, electronic communications or messages, facsimiles, records, correspondence, diaries, calendars, appointment books, logs, audio and/or video recordings and transcriptions of recordings, microfilm, microfiche, electronically stored information or representations of any kind (including but not limited to

Page 2    -    DEFENDANT NIKE, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF LINDSAY ELIZABETH, SET FOUR

Prince Decl. Exhibit C, Page 2 of 6

electronic mail, internet files, instant or text messages, internet relay chat, internet or intranet postings or communications, social or professional network postings or messaging communications, attachments to any of the foregoing, voicemail and other recordings whether in digital or analog format, databases and all electronic file formats) on any type of computer readable storage media (including but not limited to programs, drives, desktops, laptops, servers, networks, archives, back-up or disaster recovery systems, magnetic or optical tapes, cards or discs, CDs, DVDs, portable or removable media such as flash or thumb drives, smart cards, mobile phones and personal devices such as iPhones, Androids, Blackberries) whether or not ever printed out or displayed, photographs, pictures, diagrams, or any other writing, however produced or reproduced, and further including, without limitation, originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such documents whether or not used, within the possession, custody, and/or control of Plaintiff, or her agents, attorneys, physicians, psychologists, psychiatrists, counselors, and/or any other persons who may act on her behalf, excepting only those documents that are privileged or otherwise protected from discovery, as to which the claim of privilege or protection is specifically stated by pleadings herein.

2.      "NIKE" or "DEFENDANT" refers to Defendant NIKE, INC. and/or to any past or present officers, employees and/or agents of said named entity and/or all divisions, subsidiaries, parent, affiliated, related or predecessor companies, or any of them.

3.      "PLAINTIFF" refers to PLAINTIFF Lindsay Elizabeth and/or her agents and/or representatives, past or present.

4.      "COMMUNICATE" and "COMMUNICATIONS" mean and include any meeting, conference, face-to-face conversation, telephone conversation, or conference or communication used by any media, as well as any written, taped, or recorded communication of any kind whatsoever.

B.      Instructions

1.      Construction of "And" and "Or"

Page 3    -    DEFENDANT NIKE, INC.'S REQUEST FOR PRODUCTION OF
               DOCUMENTS TO PLAINTIFF LINDSAY ELIZABETH, SET FOUR

As used herein, the words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of this Request any documents that would otherwise not be brought within its scope.

    2.    Construction of the Singular and Plural Forms

As used herein, the singular form shall include the plural and vice versa whenever such dual construction will serve to bring within the scope of this Request any documents that would otherwise not be brought within its scope.

II.

DOCUMENTS REQUIRED TO BE PRODUCED

85.    Any and all DOCUMENTS relating to or referring to any and all attempts by PLAINTFF to obtain employment subsequent to May 3, 2019, including, but not limited to, any and all DOCUMENTS relating to resumes and/or other records of employment history; job applications and related documentation; negotiations regarding any aspect of employment; offers of employment; correspondence, notes, memoranda and documents to and/or from any prospective employer from which employment was sought regarding interviews, applications, offers of employment, rejections of applications for employment, and reasons for PLAINTIFF's expected or actual from DEFENDANT's employ.

86.    Any and all DOCUMENTS that evidence, relate to or otherwise pertain to any or all employment of PLAINTIFF by any employer or self-employment subsequent to May 3, 2019, including, but not limited to, any and all DOCUMENTS relating to resumes and/or other records of employment history; job applications and related documentation; negotiations regarding any aspect of employment; offers of employment; terms, benefits and conditions of employment; employment contracts, if any; at-will employment agreements; job title or status; applications for changes in job status; promotions transfers; job requirements; job assignments

Page 4  -    DEFENDANT NIKE, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF LINDSAY ELIZABETH, SET FOUR

Prince Decl. Exhibit C, Page 4 of 6

and/or responsibilities; requests for promotions, transfers, changes in job assignments and/or responsibilities, and placements and responses to said requests; evaluations and/or reviews of job performance; reprimands, warnings, discipline; complaints; responses to complaints; rates of pay, salary, wages, earnings, compensation, commissions, bonuses, or any other form of income or remuneration; changes in rate of pay, salary, wages, earnings, compensation, commissions, bonuses, or in any other form of income or remuneration; seniority; threatened or potential termination and/or other separation of employment; termination and/or other separation from employment.

87.    W-2 forms and/or all other DOCUMENTS that evidence, relate or refer to the amount and source of income earned or received by PLAINTIFF for the years 2019 to present; including, but not limited to, monies received from self-employment, other employers, and/or the federal, state or local government.

88.    Any and all DOCUMENTS that in any way discuss, relate or otherwise pertain to any other lawsuits filed by PLAINTIFF or filed by others on PLAINTIFF's behalf, or any other complaints, charges, grievances or other legal or equitable claims made by PLAINTFF, or made by others on PLAINTIFF's behalf, against an employer from May 3, 2019 to the present.

89.    Any and all non-privileged COMMUNICATIONS between PLAINTIFF and any former or current employee or contractor of DEFENDANT sent or received since the termination of PLAINTIFF's employment with DEFENDANT.

Page 5    -    DEFENDANT NIKE, INC.'S REQUEST FOR PRODUCTION OF
DOCUMENTS TO PLAINTIFF LINDSAY ELIZABETH, SET FOUR

Prince Decl. Exhibit C, Page 5 of 6

DATED:  December 22, 2023

PAUL HASTINGS LLP
DANIEL PRINCE
FELICIA A. DAVIS


By:  /s/ Daniel Prince
      DANIEL PRINCE

Attorneys for Defendant
NIKE, INC.

Page 6    -    DEFENDANT NIKE, INC.'S REQUEST FOR PRODUCTION OF
DOCUMENTS TO PLAINTIFF LINDSAY ELIZABETH, SET FOUR

Prince Decl. Exhibit C, Page 6 of 6

LAURA E. ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, Oregon 97205
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

PAUL HASTINGS LLP
DANIEL PRINCE (*pro hac vice*)
danielprince@paulhastings.com
FELICIA A. DAVIS (*pro hac vice*)
feliciadavis@paulhastings.com
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California  90071-2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

Attorneys for Defendant NIKE, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, SARA JOHNSTON, LINDSAY ELIZABETH, and HEATHER HENDER, individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>NIKE, INC. an Oregon Corporation,<br><br>    Defendant. | CASE NO. 3:18-CV-01477-JR<br><br><br>**DEFENDANT NIKE, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF HEATHER HENDER, SET TWO** |

 Page 1    -    DEFENDANT NIKE, INC.'S REQUEST FOR PRODUCTION OF
              DOCUMENTS TO PLAINTIFF HEATHER HENDER, SET TWO

Prince Decl. Exhibit D, Page 1 of 6

TO PLAINTIFF HEATHER HENDER AND TO HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 34 ("Rule 34"), Plaintiff Heather Hender ("Plaintiff") is hereby requested to produce for inspection and copying the documents and tangible things described hereinbelow on January 22, 2024 at the law offices of Paul Hastings LLP, 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071-2228. Plaintiff may comply with this Request by transmitting the documents and physical evidence by mail or overnight delivery service so long as they arrive at the designated place by the aforestated date and time (attention: Daniel Prince, Esq.).

In accordance with Rule 34, Plaintiff also must serve within 30 days after service of this Request a written response, responding separately to each item or category of item included in the Request by a statement that Plaintiff will comply with the particular request, a representation that Plaintiff lacks the ability to comply with the particular request, or an objection to the particular request. NOTICE: ANY FAILURE TO SERVE A TIMELY WRITTEN RESPONSE IN ACCORDANCE WITH RULE 34 WILL CONSTITUTE A WAIVER BY PLAINTIFF OF ANY OBJECTION TO THIS REQUEST, INCLUDING ONE BASED ON PRIVILEGE OR WORK PRODUCT.

I.
DEFINITIONS AND INSTRUCTIONS

A.    Definitions

1.    As used herein, the words "DOCUMENT" or "DOCUMENTS" mean any kind of written, typewritten, printed, electronic, or recorded material whatsoever, stored in any medium and including but not limited to, any notes, memoranda, charges, complaints, claims, affidavits, statements, papers, files, forms, data, magnetic or optical discs, cards or tapes, printouts, letters, reports, summaries, compilations, chronicles, publications, books, manuals, handbooks, certificates, minutes, agenda, communications, contracts, agreements, electronic communications or messages, facsimiles, records, correspondence, diaries, calendars, appointment books, logs, audio and/or video recordings and transcriptions of recordings, microfilm, microfiche, electronically stored information or representations of any kind (including but not limited to

Page 2    -    DEFENDANT NIKE, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF HEATHER HENDER, SET TWO

Prince Decl. Exhibit D, Page 2 of 6

electronic mail, internet files, instant or text messages, internet relay chat, internet or intranet postings or communications, social or professional network postings or messaging communications, attachments to any of the foregoing, voicemail and other recordings whether in digital or analog format, databases and all electronic file formats) on any type of computer readable storage media (including but not limited to programs, drives, desktops, laptops, servers, networks, archives, back-up or disaster recovery systems, magnetic or optical tapes, cards or discs, CDs, DVDs, portable or removable media such as flash or thumb drives, smart cards, mobile phones and personal devices such as iPhones, Androids, Blackberries) whether or not ever printed out or displayed, photographs, pictures, diagrams, or any other writing, however produced or reproduced, and further including, without limitation, originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such documents whether or not used, within the possession, custody, and/or control of Plaintiff, or her agents, attorneys, physicians, psychologists, psychiatrists, counselors, and/or any other persons who may act on her behalf, excepting only those documents that are privileged or otherwise protected from discovery, as to which the claim of privilege or protection is specifically stated by pleadings herein.

      2.      "NIKE" or "DEFENDANT" refers to Defendant NIKE, INC. and/or to any past or present officers, employees and/or agents of said named entity and/or all divisions, subsidiaries, parent, affiliated, related or predecessor companies, or any of them.

      3.      "PLAINTIFF" refers to PLAINTIFF Heather Hender and/or her agents and/or representatives, past or present.

      4.      "COMPLAINT" refers to PLAINTIFF'S Second Amended Complaint on file herein.

      5.      "COMMUNICATE" and "COMMUNICATIONS" mean and include any meeting, conference, face-to-face conversation, telephone conversation, or conference or communication used by any media, as well as any written, taped, or recorded communication of any kind whatsoever.

Page 3   -      DEFENDANT NIKE, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF HEATHER HENDER, SET TWO

training opportunities, and ignored her communications regarding her airbag inflation patent application."

85.    Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support the allegations in Paragraph 170 of the COMPLAINT, specifically including, but not limited to, DOCUMENTS supporting or relating to the allegation that:  "As a result of Nike's retaliatory conduct, Ms. Hender's performance evaluations suffered, and Nike's performance evaluations are directly tied to and influence employees' compensation and promotion opportunities."

86.    Any and all DOCUMENTS relating to or referring to any and all attempts by PLAINTFF to obtain employment subsequent to May 3, 2019, including, but not limited to, any and all DOCUMENTS relating to resumes and/or other records of employment history; job applications and related documentation; negotiations regarding any aspect of employment; offers of employment; correspondence, notes, memoranda and documents to and/or from any prospective employer from which employment was sought regarding interviews, applications, offers of employment, rejections of applications for employment, and reasons for PLAINTIFF's expected or actual from DEFENDANT's employ.

87.    Any and all DOCUMENTS that evidence, relate to or otherwise pertain to any or all employment of PLAINTIFF by any employer or self-employment subsequent to May 3, 2019, including, but not limited to, any and all DOCUMENTS relating to resumes and/or other records of employment history; job applications and related documentation; negotiations regarding any aspect of employment; offers of employment; terms, benefits and conditions of employment; employment contracts, if any; at-will employment agreements; job title or status; applications for changes in job status; promotions transfers; job requirements; job assignments and/or responsibilities; requests for promotions, transfers, changes in job

Page 8    -    DEFENDANT NIKE, INC.'S REQUEST FOR PRODUCTION OF
DOCUMENTS TO PLAINTIFF HEATHER HENDER, SET TWO

assignments and/or responsibilities, and placements and responses to said

requests; evaluations and/or reviews of job performance; reprimands, warnings,

discipline; complaints; responses to complaints; rates of pay, salary, wages,

earnings, compensation, commissions, bonuses, or any other form of income or

remuneration; changes in rate of pay, salary, wages, earnings, compensation,

commissions, bonuses, or in any other form of income or remuneration; seniority;

threatened or potential termination and/or other separation of employment;

termination and/or other separation from employment.

88.    W-2 forms and/or all other DOCUMENTS that evidence, relate or refer to the

amount and source of income earned or received by PLAINTIFF for the years

2019 to present; including, but not limited to, monies received from self-

employment, other employers, and/or the federal, state or local government.

89.    Any and all DOCUMENTS that in any way discuss, relate or otherwise pertain to

any other lawsuits filed by PLAINTIFF or filed by others on PLAINTIFF's

behalf, or any other complaints, charges, grievances or other legal or equitable

claims made by PLAINTFF, or made by others on PLAINTIFF's behalf, against

an employer from May 3, 2019 to the present.

90.    Any and all non-privileged COMMUNICATIONS between PLAINTIFF and any

former or current employee or contractor of DEFENDANT sent or received since

the termination of PLAINTIFF's employment with DEFENDANT.

Page 9    -    DEFENDANT NIKE, INC.'S REQUEST FOR PRODUCTION OF
DOCUMENTS TO PLAINTIFF HEATHER HENDER, SET TWO

Prince Decl. Exhibit D, Page 5 of 6

DATED:  December 22, 2023                    PAUL HASTINGS LLP
                                            DANIEL PRINCE
                                            FELICIA A. DAVIS


                                            By:  /s/ Daniel Prince
                                                 DANIEL PRINCE

                                            Attorneys for Defendant
                                            NIKE, INC.

Page 10    -    DEFENDANT NIKE, INC.'S REQUEST FOR PRODUCTION OF
                     DOCUMENTS TO PLAINTIFF HEATHER HENDER, SET TWO

                                                    Prince Decl. Exhibit D, Page 6 of 6

**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Anna M. Joyce, OSB #013112**
AnnaJoyce@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204-3730
Telephone:  (503) 295-3085
Fax:  (503) 323-9105

**Laura L. Ho** (admitted *pro hac vice*)
lho@gbdhlegal.com
**Barry Goldstein, Of Counsel** (admitted *pro hac vice*)
bgoldstein@gbdhlegal.com
**James Kan** (admitted *pro hac vice*)
jkan@gbdhlegal.com
**Byron Goldstein** (admitted *pro hac vice*)
brgoldstein@gbdhlegal.com
**Katharine L. Fisher** (admitted *pro hac vice*)
kfisher@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Telephone:  (510) 763-9800
Fax:  (510) 835-1417

Attorneys for Plaintiffs
[Additional Counsel of Record listed on the Signature page]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al., individually and on behalf of others similarly situated,<br><br>                                        Plaintiffs,<br><br>vs.<br><br>NIKE, INC., an Oregon Corporation,<br><br>                                        Defendant. | Case No. 3:18-cv-01477<br><br>**PLAINTIFF KELLY CAHILL'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE** |

**PLAINTIFF KELLY CAHILL'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE**

or (d) not within Plaintiff's possession, custody, or control. In responding to the requests, Plaintiff will produce only documents currently within her possession, custody, or control.

10.     Plaintiff objects to each request and instruction to the extent that it contains terms which are undefined, vague and ambiguous. Plaintiff objects to each request to the extent it is overly broad, burdensome, oppressive, vague, or generally non-specific so as to fail to provide notice of what is needed for a full and complete response.

11.     Plaintiff objects to Defendant's definition of the words "document" and "documents" to the extent that Defendant's definition of those terms is functionally different than the definition of the term "documents" set forth in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

12.     By producing the documents herein, Plaintiff is not giving her permission that the documents produced may be used for any purpose, other than for use in this litigation pursuant to the Parties' Protective Order and other applicable agreements to be entered into by and between the Parties to this action.

Subject to and without waiving the foregoing objections, and incorporating them by reference into each of the responses provided below, Plaintiff responds to Defendant's Request for Production of Documents, Set Three, as follows:

## RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION No. 85:

Any and all DOCUMENTS relating to or referring to any and all attempts by PLAINTFF to obtain employment subsequent to May 3, 2019, including, but not limited to, any and all DOCUMENTS relating to resumes and/or other records of employment history; job applications and related documentation; negotiations regarding any aspect of employment; offers of

**PLAINTIFF KELLY CAHILL'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE**
**PAGE 4**

Prince Decl. Exhibit E, Page 2 of 9

employment; correspondence, notes, memoranda and documents to and/or from any prospective employer from which employment was sought regarding interviews, applications, offers of employment, rejections of applications for employment, and reasons for PLAINTIFF's expected or actual from DEFENDANT's employ.

**RESPONSE TO REQUEST FOR PRODUCTION No. 85:**

Plaintiff objects to this request on the ground that it is vague, ambiguous, and overbroad, in that it seeks documents which are not relevant to the subject matter of this litigation. Information regarding Plaintiff's employment subsequent to May 3, 2019 is not relevant to any party's claims or defenses, is not proportional to the needs of the case, and is not discoverable in this matter. This request is inconsistent with existing law, is unreasonable, and is unduly burdensome. Plaintiff further objects to this request because it seeks irrelevant documents where Plaintiff has not raised an individual claim of wrongful termination and thus, mitigation related discovery is not relevant. Plaintiff objects to Defendant's definition of "DOCUMENTS", as it is a single sentence with 304 words, 95 commas, 2 sets of parentheses, "and/or" is used 3 times, and "or" is used 24 times, and is, accordingly, overly broad and oppressive. Plaintiff objects to Defendant's definition of "PLAINTIFF" because the inclusion of all "agents and/or representatives, past or present" is overly broad, harassing, and oppressive, and not proportional to the needs of the case. Likewise, Defendant's definition of "DEFENDANT" is overly broad, vague, and ambiguous and includes persons or entities which are not relevant to the subject matter of this litigation. Plaintiff further objects that the enumerated list of documents purportedly encompassed by the request contains the following undefined, overbroad, vague and ambiguous terms, causing Plaintiff to speculate which documents are responsive, if any: "other records of employment history;" "negotiations" regarding "any aspect of employment;" "terms, benefits and conditions of employment;" "employment

**PLAINTIFF KELLY CAHILL'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE**
**PAGE 5**

Prince Decl. Exhibit E, Page 3 of 9

contracts," if any; "at-will employment agreements;" "any other form of income or remuneration;" and changes in . . . any other form of income or remuneration." Plaintiff also objects to this request to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, the spousal privilege, Plaintiff's privacy rights and the privacy rights of third parties without a compelling need for the requested documents, and/or other lawfully recognized privileges that protect such documents from disclosure.

Given her objections above, Plaintiff will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 86:**

Any and all DOCUMENTS that evidence, relate to or otherwise pertain to any or all employment of PLAINTIFF by any employer or self-employment subsequent to May 3, 2019, including, but not limited to, any and all DOCUMENTS relating to resumes and/or other records of employment history; job applications and related documentation; negotiations regarding any aspect of employment; offers of employment; terms, benefits and conditions of employment; employment contracts, if any; at-will employment agreements; job title or status; applications for changes in job status; promotions transfers; job requirements; job assignments and/or responsibilities; requests for promotions, transfers, changes in job assignments and/or responsibilities, and placements and responses to said requests; evaluations and/or reviews of job performance; reprimands, warnings, discipline; complaints; responses to complaints; rates of pay, salary, wages, earnings, compensation, commissions, bonuses, or any other form of income or remuneration; changes in rate of pay, salary, wages, earnings, compensation, commissions, bonuses, or in any other form of income or remuneration; seniority; threatened or potential termination and/or other separation of employment; termination and/or other separation from

**PLAINTIFF KELLY CAHILL'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE**
**PAGE 6**

Prince Decl. Exhibit E, Page 4 of 9

employment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Plaintiff objects to this request on the ground that it is vague, ambiguous, and overbroad, in that it seeks documents which are not relevant to the subject matter of this litigation. This request is inconsistent with existing law, is not proportional to the needs of the case, is unreasonable, and is unduly burdensome. Information regarding Plaintiff's employment subsequent to her employment with Nike is not relevant to any party's claims or defenses and not discoverable in this matter. Plaintiff further objects to this request because it seeks irrelevant documents where Plaintiff has not raised an individual claim of wrongful termination and thus, mitigation related discovery is not relevant. Plaintiff objects to Defendant's definition of "DOCUMENTS", as it is a single sentence with 304 words, 95 commas, 2 sets of parentheses, "and/or" is used 3 times, and "or" is used 24 times, and is, accordingly, overly broad and oppressive. Plaintiff objects to Defendant's definition of "PLAINTIFF" because the inclusion of all "agents and/or representatives, past or present" is overly broad, harassing, and oppressive, and not proportional to the needs of the case. Plaintiff further objects that the enumerated list of documents purportedly encompassed by the request contains the following undefined, overbroad, vague and ambiguous terms, causing Plaintiff to speculate which documents are responsive, if any: "other records of employment history;" "negotiations" regarding "any aspect of employment;" "terms, benefits and conditions of employment;" "employment contracts, if any"; "at-will employment agreements;" "any other form of income or remuneration;" and "changes in . . . any other form of income or remuneration." Plaintiff also objects to this request to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, the spousal privilege, Plaintiff's privacy rights and the privacy rights of third parties without a compelling need for the

**PLAINTIFF KELLY CAHILL'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE**
**PAGE 7**

Prince Decl. Exhibit E, Page 5 of 9

requested documents, and/or other lawfully recognized privileges that protect such documents from disclosure.

Given her objections above, Plaintiff will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 87:**

W-2 forms and/or all other DOCUMENTS that evidence, relate or refer to the amount and source of income earned or received by PLAINTIFF for the years 2019 to present; including, but not limited to, monies received from self-employment, other employers, and/or the federal, state or local government.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Plaintiff objects to this request on the ground that it is vague, ambiguous, and overbroad, in that it seeks documents which are not relevant to the subject matter of this litigation. Plaintiff also objects that the terms "relate" and "refer to" are overbroad, vague, and ambiguous. This request is inconsistent with existing law, is unreasonable, and is unduly burdensome. Information regarding Plaintiff's W-2 forms and/or all other documents that relate to income earned or received for the years 2019 to present, and subsequent to her employment with Nike, is not relevant to any party's claims or defenses and not discoverable in this matter. Plaintiff further objects to this request because it seeks irrelevant documents where Plaintiff has not raised an individual claim of wrongful termination and thus, mitigation related discovery is not relevant. Plaintiff objects that this request is overbroad and intrusive in that it seeks sensitive personal financial documents with information which is not relevant to the subject matter of this litigation. Accordingly, Plaintiff's privacy interest outweighs Defendant's purported need for production because the information sought is not relevant to any claims or defenses and there is no compelling need for disclosure.

**PLAINTIFF KELLY CAHILL'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE**
**PAGE 8**

Prince Decl. Exhibit E, Page 6 of 9

Plaintiff objects to Defendant's definition of "DOCUMENTS", as it is a single sentence with 304 words, 95 commas, 2 sets of parentheses, "and/or" is used 3 times, and "or" is used 24 times, and is, accordingly, overly broad and oppressive. Plaintiff further objects that the request for "DOCUMENTS that evidence, relate or refer to the amount and source of income earned or received" is vague and ambiguous, causing Plaintiff to speculate which documents are responsive, if any. Plaintiff objects to Defendant's definition of "PLAINTIFF" because the inclusion of all "agents and/or representatives, past or present" is overly broad, harassing, and oppressive. Plaintiff also objects to this request to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, the spousal privilege, Plaintiff's privacy rights and the privacy rights of third parties without a compelling need for the requested documents, and/or other lawfully recognized privileges that protect such documents from disclosure.

Given her objections above, Plaintiff will not produce documents in response to this request.

## REQUEST FOR PRODUCTION NO. 88:

Any and all DOCUMENTS that in any way discuss, relate or otherwise pertain to any other lawsuits filed by PLAINTIFF or filed by others on PLAINTIFF's behalf, or any other complaints, charges, grievances or other legal or equitable claims made by PLAINTFF, or made by others on PLAINTIFF's behalf, against an employer from May 3, 2019 to the present.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 88:

Plaintiff objects to this request as overbroad, vague, and ambiguous and because it seeks documents which are not relevant to the subject matter of this litigation. Documents that "…relate or otherwise pertain to any other lawsuits filed by PLAINTIFF or filed by others on PLAINTIFF's behalf, or any other complaints, charges, grievances or other legal or equitable claims made by

**PLAINTIFF KELLY CAHILL'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE**
**PAGE 9**

Prince Decl. Exhibit E, Page 7 of 9

words, 95 commas, 2 sets of parentheses, "and/or" is used 3 times, and "or" is used 24 times, and is, accordingly, overly broad and oppressive. Plaintiff objects to Defendant's definition of "PLAINTIFF" because the inclusion of all "agents and/or representatives, past or present" is overly broad, harassing, and oppressive. Likewise, Defendant's definition of "DEFENDANT" is overly broad, vague, and ambiguous and includes persons or entities which are not relevant to the subject matter of this litigation. Plaintiff also objects to this request to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, Plaintiff's privacy rights and the privacy rights of third parties without a compelling need for the requested documents, and/or other lawfully recognized privileges that protect such documents from disclosure.

Notwithstanding these objections, and expressly reserving the same, Plaintiff responds as follows: Plaintiff has searched within her email account and her LinkedIn account. Plaintiff will produce, by or before January 29, 2024, all non-privileged responsive communications involving Plaintiff that relate to the factual and legal allegations of the Second Amended Complaint and are currently in her possession, custody, or control.

Dated:  January 22, 2024                Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

 /s/Brian Denlinger
Laura L. Ho (admitted *pro hac vice*)
Barry Goldstein, Of Counsel (admitted *pro hac vice*)
James Kan (admitted *pro hac vice*)
Byron Goldstein (admitted *pro hac vice*)
Katharine L. Fisher (admitted *pro hac vice*)

MARKOWITZ HERBOLD PC
Laura Salerno Owens, OSB #076230
David B. Markowitz, OSB #742046
Harry B. Wilson, OSB #077214

Anna M. Joyce, OSB #013112


ACKERMANN & TILAJEF PC
Craig Ackermann (admitted *pro hac vice*)
cja@ackermanntilajef.com
Brian Denlinger (admitted *pro hac vice*)
bd@ackermanntilajef.com
1180 S Beverly Drive, Suite 610
Los Angeles, CA 90035
Tel:  (310) 277-0614
Fax:  (310) 277-0635

INDIA LIN BODIEN, ATTORNEY LAW
India Lin Bodien (admitted *pro hac vice*)
india@indialinbodienlaw.com
2522 North Proctor Street, #387
Tacoma, WA 98406-5338
Tel:  (253) 212-7913
Fax:  (253) 276-0081


Of Attorneys for Plaintiffs

**PLAINTIFF KELLY CAHILL'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE**
**PAGE 13**

Prince Decl. Exhibit E, Page 9 of 9

**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Anna M. Joyce, OSB #013112**
AnnaJoyce@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204-3730
Telephone:  (503) 295-3085
Fax:  (503) 323-9105

**Laura L. Ho** (admitted *pro hac vice*)
lho@gbdhlegal.com
**Barry Goldstein, Of Counsel** (admitted *pro hac vice*)
bgoldstein@gbdhlegal.com
**James Kan** (admitted *pro hac vice*)
jkan@gbdhlegal.com
**Byron Goldstein** (admitted *pro hac vice*)
brgoldstein@gbdhlegal.com
**Katharine L. Fisher** (admitted *pro hac vice*)
kfisher@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Telephone:  (510) 763-9800
Fax:  (510) 835-1417

Attorneys for Plaintiffs
[Additional Counsel of Record listed on the Signature page]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NIKE, INC., an Oregon Corporation,<br>Defendant. | Case No. 3:18-cv-01477<br><br>**PLAINTIFF SARA JOHNSTON'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FOUR** |

**PLAINTIFF SARA JOHNSTON RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FOUR**

or (d) not within Plaintiff's possession, custody, or control.  In responding to the requests, Plaintiff will produce only documents currently within her possession, custody, or control.

10.    Plaintiff objects to each request and instruction to the extent that it contains terms which are undefined, vague and ambiguous.  Plaintiff objects to each request to the extent it is overly broad, burdensome, oppressive, vague, or generally non-specific so as to fail to provide notice of what is needed for a full and complete response.

11.    Plaintiff objects to Defendant's definition of the words "document" and "documents" to the extent that Defendant's definition of those terms is functionally different than the definition of the term "documents" set forth in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

12.    By producing the documents herein, Plaintiff is not giving her permission that the documents produced may be used for any purpose, other than for use in this litigation pursuant to the Parties' Protective Order and other applicable agreements to be entered into by and between the Parties to this action.

Subject to and without waiving the foregoing objections, and incorporating them by reference into each of the responses provided below, Plaintiff responds to Defendant's Request for Production of Documents, Set Four, as follows:

## RESPONSES TO REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 107:

Any and all DOCUMENTS relating to or referring to any and all attempts by PLAINTFF to obtain employment subsequent to May 3, 2019, including, but not limited to, any and all DOCUMENTS relating to resumes and/or other records of employment history; job applications and related documentation; negotiations regarding any aspect of employment; offers of

**PLAINTIFF SARA JOHNSTON'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FOUR**
**PAGE 4**

Prince Decl. Exhibit F, Page 2 of 9

employment; correspondence, notes, memoranda and documents to and/or from any prospective employer from which employment was sought regarding interviews, applications, offers of employment, rejections of applications for employment, and reasons for PLAINTIFF's expected or actual from DEFENDANT's employ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

Plaintiff objects to this request on the ground that it is vague, ambiguous, and overbroad, in that it seeks documents which are not relevant to the subject matter of this litigation. Information regarding Plaintiff's attempts to obtain employment subsequent to May 3, 2019 is not relevant to any party's claims or defenses, is not proportional to the needs of the case, and is not discoverable in this matter. This request is inconsistent with existing law, is unreasonable, and is unduly burdensome. Plaintiff further objects to this request because it seeks irrelevant documents where Plaintiff has not raised an individual claim of wrongful termination and thus, mitigation related discovery is not relevant. Plaintiff objects to Defendant's definition of "DOCUMENTS", as it is a single sentence with 304 words, 95 commas, 2 sets of parentheses, "and/or" is used 3 times, and "or" is used 24 times, and is, accordingly, overly broad and oppressive. Plaintiff objects to Defendant's definition of "PLAINTIFF" because the inclusion of all "agents and/or representatives, past or present" is overly broad, harassing, and oppressive, and not proportional to the needs of the case. Likewise, Defendant's definition of "DEFENDANT" is overly broad, vague, and ambiguous and includes persons or entities which are not relevant to the subject matter of this litigation. Plaintiff further objects that the enumerated list of documents purportedly encompassed by the request contains the following undefined, overbroad, vague and ambiguous terms, causing Plaintiff to speculate which documents are responsive, if any: "other records of employment history;" "negotiations" regarding "any aspect of employment;" "terms, benefits and

**PLAINTIFF SARA JOHNSTON'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FOUR**
**PAGE 5**

Prince Decl. Exhibit F, Page 3 of 9

conditions of employment;" "employment contracts," if any; "at-will employment agreements;" "any other form of income or remuneration;" and changes in . . . any other form of income or remuneration." Plaintiff also objects to this request to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, the spousal privilege, Plaintiff's privacy rights and the privacy rights of third parties without a compelling need for the requested documents, and/or other lawfully recognized privileges that protect such documents from disclosure.

Given her objections above, Plaintiff will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 108:**

Any and all DOCUMENTS that evidence, relate to or otherwise pertain to any or all employment of PLAINTIFF by any employer or self-employment subsequent to May 3, 2019, including, but not limited to, any and all DOCUMENTS relating to resumes and/or other records of employment history; job applications and related documentation; negotiations regarding any aspect of employment; offers of employment; terms, benefits and conditions of employment; employment contracts, if any; at-will employment agreements; job title or status; applications for changes in job status; promotions transfers; job requirements; job assignments and/or responsibilities; requests for promotions, transfers, changes in job assignments and/or responsibilities, and placements and responses to said requests; evaluations and/or reviews of job performance; reprimands, warnings, discipline; complaints; responses to complaints; rates of pay, salary, wages, earnings, compensation, commissions, bonuses, or any other form of income or remuneration; changes in rate of pay, salary, wages, earnings, compensation, commissions, bonuses, or in any other form of income or remuneration; seniority; threatened or potential

**PLAINTIFF SARA JOHNSTON'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FOUR**
**PAGE 6**

Prince Decl. Exhibit F, Page 4 of 9

termination and/or other separation of employment; termination and/or other separation from employment.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 108:

Plaintiff objects to this request on the ground that it is vague, ambiguous, and overbroad, in that it seeks documents which are not relevant to the subject matter of this litigation. This request is inconsistent with existing law, is not proportional to the needs of the case, is unreasonable, and is unduly burdensome. Information regarding Plaintiff's employment subsequent to her employment with Nike is not relevant to any party's claims or defenses and not discoverable in this matter. Plaintiff further objects to this request because it seeks irrelevant documents where Plaintiff has not raised an individual claim of wrongful termination and thus, mitigation related discovery is not relevant. Plaintiff objects to Defendant's definition of "DOCUMENTS", as it is a single sentence with 304 words, 95 commas, 2 sets of parentheses, "and/or" is used 3 times, and "or" is used 24 times, and is, accordingly, overly broad and oppressive. Plaintiff objects to Defendant's definition of "PLAINTIFF" because the inclusion of all "agents and/or representatives, past or present" is overly broad, harassing, and oppressive, and not proportional to the needs of the case. Plaintiff further objects that the enumerated list of documents purportedly encompassed by the request contains the following undefined, overbroad, vague and ambiguous terms, causing Plaintiff to speculate which documents are responsive, if any: "relating to resumes and/or other records of employment history;" "negotiations" regarding "any aspect of employment;" "terms, benefits and conditions of employment;" "employment contracts, if any"; "at-will employment agreements;" "any other form of income or remuneration;" and "changes in . . . any other form of income or remuneration." Plaintiff also objects to this request to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client

**PLAINTIFF SARA JOHNSTON'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FOUR**
**PAGE 7**

Prince Decl. Exhibit F, Page 5 of 9

privilege, the spousal privilege, Plaintiff's privacy rights and the privacy rights of third parties without a compelling need for the requested documents, and/or other lawfully recognized privileges that protect such documents from disclosure.

Given her objections above, Plaintiff will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 109:**

W-2 forms and/or all other DOCUMENTS that evidence, relate or refer to the amount and source of income earned or received by PLAINTIFF for the years 2019 to present; including, but not limited to, monies received from self-employment, other employers, and/or the federal, state or local government.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Plaintiff objects to this request on the ground that it is vague, ambiguous, and overbroad, in that it seeks documents which are not relevant to the subject matter of this litigation. Plaintiff also objects that the terms "relate" and "refer to" are overbroad, vague, and ambiguous. This request is inconsistent with existing law, is not proportional to the needs of the case, is unreasonable, and is unduly burdensome. Information regarding Plaintiff's W-2 forms and/or all other documents that relate to income earned or received for the years 2019 to present, and subsequent to her employment with Nike, is not relevant to any party's claims or defenses and not discoverable in this matter. Plaintiff further objects to this request because it seeks irrelevant documents where Plaintiff has not raised an individual claim of wrongful termination and thus, mitigation related discovery is not relevant. Plaintiff objects that this request is overbroad and intrusive in that it seeks sensitive personal financial documents with information which is not relevant to the subject matter of this litigation. Accordingly, Plaintiff's privacy interest outweighs

**PLAINTIFF SARA JOHNSTON'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FOUR**
**PAGE 8**

Prince Decl. Exhibit F, Page 6 of 9

Defendant's purported need for production because the information sought is not relevant to any claims or defenses and there is no compelling need for disclosure. Plaintiff objects to Defendant's definition of "DOCUMENTS", as it is a single sentence with 304 words, 95 commas, 2 sets of parentheses, "and/or" is used 3 times, and "or" is used 24 times, and is, accordingly, overly broad and oppressive. Plaintiff further objects that the request for "DOCUMENTS that evidence, relate or refer to the amount and source of income earned or received" is vague and ambiguous, causing Plaintiff to speculate which documents are responsive, if any. Plaintiff objects to Defendant's definition of "PLAINTIFF" because the inclusion of all "agents and/or representatives, past or present" is overly broad, harassing, and oppressive. Plaintiff also objects to this request to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, the spousal privilege, Plaintiff's privacy rights and the privacy rights of third parties without a compelling need for the requested documents, and/or other lawfully recognized privileges that protect such documents from disclosure.

Given her objections above, Plaintiff will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 110:**

Any and all DOCUMENTS that in any way discuss, relate or otherwise pertain to any other lawsuits filed by PLAINTIFF or filed by others on PLAINTIFF's behalf, or any other complaints, charges, grievances or other legal or equitable claims made by PLAINTFF, or made by others on PLAINTIFF's behalf, against an employer from May 3, 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

Plaintiff objects to this request as overbroad, vague, and ambiguous and because it seeks documents which are not relevant to the subject matter of this litigation. Documents that "…relate

**PLAINTIFF SARA JOHNSTON'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FOUR**
**PAGE 9**

Prince Decl. Exhibit F, Page 7 of 9

Plaintiff objects to Defendant's definition of "DOCUMENTS", as it is a single sentence with 304 words, 95 commas, 2 sets of parentheses, "and/or" is used 3 times, and "or" is used 24 times, and is, accordingly, overly broad and oppressive. Plaintiff objects to Defendant's definition of "PLAINTIFF" because the inclusion of all "agents and/or representatives, past or present" is overly broad, harassing, and oppressive. Likewise, Defendant's definition of "DEFENDANT" is overly broad, vague, and ambiguous and includes persons or entities which are not relevant to the subject matter of this litigation. Plaintiff also objects to this request to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, Plaintiff's privacy rights and the privacy rights of third parties without a compelling need for the requested documents, and/or other lawfully recognized privileges that protect such documents from disclosure.

Notwithstanding these objections, and expressly reserving the same, Plaintiff responds as follows: Plaintiff has searched within her "Messenger" account, her LinkedIn account, her text messages, and her Outlook email account. Plaintiff will produce, by or before January 29, 2024, all non-privileged responsive communications involving Plaintiff that relate to the factual and legal allegations of the Second Amended Complaint and are currently in her possession, custody, or control.

Dated:  January 22, 2024                Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

 /s/Brian Denlinger
Laura L. Ho (admitted *pro hac vice*)
Barry Goldstein, Of Counsel (admitted *pro hac vice*)
James Kan (admitted *pro hac vice*)
Byron Goldstein (admitted pro hac vice)
Katharine L. Fisher (admitted *pro hac vice*)

**PLAINTIFF SARA JOHNSTON'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FOUR**
**PAGE 12**

Prince Decl. Exhibit F, Page 8 of 9

MARKOWITZ HERBOLD PC
Laura Salerno Owens, OSB #076230
David B. Markowitz, OSB #742046
Harry B. Wilson, OSB #077214
Anna M. Joyce, OSB #013112

ACKERMANN & TILAJEF PC
Craig Ackermann (admitted *pro hac vice*)
cja@ackermanntilajef.com
Brian Denlinger (admitted *pro hac vice*)
bd@ackermanntilajef.com
1180 S Beverly Drive, Suite 610
Los Angeles, CA 90035
Tel:  (310) 277-0614
Fax:  (310) 277-0635

INDIA LIN BODIEN, ATTORNEY LAW
India Lin Bodien (admitted *pro hac vice*)
india@indialinbodienlaw.com
2522 North Proctor Street, #387
Tacoma, WA 98406-5338
Tel:  (253) 212-7913
Fax:  (253) 276-0081

Of Attorneys for Plaintiffs

**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Anna M. Joyce, OSB #013112**
AnnaJoyce@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204-3730
Telephone:  (503) 295-3085
Fax:  (503) 323-9105

**Laura L. Ho** (admitted *pro hac vice*)
lho@gbdhlegal.com
**Barry Goldstein, Of Counsel** (admitted *pro hac vice*)
bgoldstein@gbdhlegal.com
**James Kan** (admitted *pro hac vice*)
jkan@gbdhlegal.com
**Byron Goldstein** (admitted *pro hac vice*)
brgoldstein@gbdhlegal.com
**Katharine L. Fisher** (admitted *pro hac vice*)
kfisher@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Telephone:  (510) 763-9800
Fax:  (510) 835-1417

Attorneys for Plaintiffs
[Additional Counsel of Record listed on the Signature page]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al., individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> NIKE, INC., an Oregon Corporation, <br> Defendant. | Case No. 3:18-cv-01477 <br><br> **PLAINTIFF LINDSAY ELIZABETH'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FOUR** |

**PLAINTIFF LINDSAY ELIZABETH'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FOUR**

Prince Decl. Exhibit G, Page 1 of 9

or (d) not within Plaintiff's possession, custody, or control.  In responding to the requests, Plaintiff will produce only documents currently within her possession, custody, or control.

10.     Plaintiff objects to each request and instruction to the extent that it contains terms which are undefined, vague and ambiguous.  Plaintiff objects to each request to the extent it is overly broad, burdensome, oppressive, vague, or generally non-specific so as to fail to provide notice of what is needed for a full and complete response.

11.     Plaintiff objects to Defendant's definition of the words "document" and "documents" to the extent that Defendant's definition of those terms is functionally different than the definition of the term "documents" set forth in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

12.     By producing the documents herein, Plaintiff is not giving her permission that the documents produced may be used for any purpose, other than for use in this litigation pursuant to the Parties' Protective Order and other applicable agreements to be entered into by and between the Parties to this action.

Subject to and without waiving the foregoing objections, and incorporating them by reference into each of the responses provided below, Plaintiff responds to Defendant's Request for Production of Documents, Set Four, as follows:

## RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 85:

Any and all DOCUMENTS relating to or referring to any and all attempts by PLAINTFF to obtain employment subsequent to May 3, 2019, including, but not limited to, any and all DOCUMENTS relating to resumes and/or other records of employment history; job applications and related documentation; negotiations regarding any aspect of employment; offers of

**PLAINTIFF LINDSAY ELIZABETH'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FOUR**
**PAGE 4**

Prince Decl. Exhibit G, Page 2 of 9

employment; correspondence, notes, memoranda and documents to and/or from any prospective employer from which employment was sought regarding interviews, applications, offers of employment, rejections of applications for employment, and reasons for PLAINTIFF's expected or actual from DEFENDANT's employ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Plaintiff objects to this request on the ground that it is vague, ambiguous, and overbroad, in that it seeks documents which are not relevant to the subject matter of this litigation. Information regarding Plaintiff's attempts to obtain employment subsequent to May 3, 2019 is not relevant to any party's claims or defenses, is not proportional to the needs of the case, and is not discoverable in this matter. This request is inconsistent with existing law, is unreasonable, and is unduly burdensome. Plaintiff further objects to this request because it seeks irrelevant documents where Plaintiff has not raised an individual claim of wrongful termination and thus, mitigation related discovery is not relevant. Plaintiff objects to Defendant's definition of "DOCUMENTS", as it is a single sentence with 304 words, 95 commas, 2 sets of parentheses, "and/or" is used 3 times, and "or" is used 24 times, and is, accordingly, overly broad and oppressive. Plaintiff objects to Defendant's definition of "PLAINTIFF" because the inclusion of all "agents and/or representatives, past or present" is overly broad, harassing, and oppressive, and not proportional to the needs of the case. Likewise, Defendant's definition of "DEFENDANT" is overly broad, vague, and ambiguous and includes persons or entities which are not relevant to the subject matter of this litigation. Plaintiff further objects that the enumerated list of documents purportedly encompassed by the request contains the following undefined, overbroad, vague and ambiguous terms, causing Plaintiff to speculate which documents are responsive, if any: "other records of employment history;" "negotiations" regarding "any aspect of employment;" "terms, benefits and

**PLAINTIFF LINDSAY ELIZABETH'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FOUR**
**PAGE 5**

Prince Decl. Exhibit G, Page 3 of 9

conditions of employment;" "employment contracts," if any; "at-will employment agreements;" "any other form of income or remuneration;" and changes in . . . any other form of income or remuneration." Plaintiff also objects to this request to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, the spousal privilege, Plaintiff's privacy rights and the privacy rights of third parties without a compelling need for the requested documents, and/or other lawfully recognized privileges that protect such documents from disclosure.

Given her objections above, Plaintiff will not produce documents in response to this request.

## REQUEST FOR PRODUCTION NO. 86:

Any and all DOCUMENTS that evidence, relate to or otherwise pertain to any or all employment of PLAINTIFF by any employer or self-employment subsequent to May 3, 2019, including, but not limited to, any and all DOCUMENTS relating to resumes and/or other records of employment history; job applications and related documentation; negotiations regarding any aspect of employment; offers of employment; terms, benefits and conditions of employment; employment contracts, if any; at-will employment agreements; job title or status; applications for changes in job status; promotions transfers; job requirements; job assignments and/or responsibilities; requests for promotions, transfers, changes in job assignments and/or responsibilities, and placements and responses to said requests; evaluations and/or reviews of job performance; reprimands, warnings, discipline; complaints; responses to complaints; rates of pay, salary, wages, earnings, compensation, commissions, bonuses, or any other form of income or remuneration; changes in rate of pay, salary, wages, earnings, compensation, commissions, bonuses, or in any other form of income or remuneration; seniority; threatened or potential

**PLAINTIFF LINDSAY ELIZABETH'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FOUR**
**PAGE 6**

Prince Decl. Exhibit G, Page 4 of 9

termination and/or other separation of employment; termination and/or other separation from employment.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 86:

Plaintiff objects to this request on the ground that it is vague, ambiguous, and overbroad, in that it seeks documents which are not relevant to the subject matter of this litigation. This request is inconsistent with existing law, is not proportional to the needs of the case, is unreasonable, and is unduly burdensome. Information regarding Plaintiff's employment subsequent to her employment with Nike is not relevant to any party's claims or defenses and not discoverable in this matter. Plaintiff further objects to this request because it seeks irrelevant documents where Plaintiff has not raised an individual claim of wrongful termination and thus, mitigation related discovery is not relevant. Plaintiff objects to Defendant's definition of "DOCUMENTS", as it is a single sentence with 304 words, 95 commas, 2 sets of parentheses, "and/or" is used 3 times, and "or" is used 24 times, and is, accordingly, overly broad and oppressive. Plaintiff objects to Defendant's definition of "PLAINTIFF" because the inclusion of all "agents and/or representatives, past or present" is overly broad, harassing, and oppressive, and not proportional to the needs of the case. Plaintiff further objects that the enumerated list of documents purportedly encompassed by the request contains the following undefined, overbroad, vague and ambiguous terms, causing Plaintiff to speculate which documents are responsive, if any: "relating to resumes and/or other records of employment history;" "negotiations" regarding "any aspect of employment;" "terms, benefits and conditions of employment;" "employment contracts, if any"; "at-will employment agreements;" "any other form of income or remuneration;" and "changes in . . . any other form of income or remuneration." Plaintiff also objects to this request to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client

**PLAINTIFF LINDSAY ELIZABETH'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FOUR**
**PAGE 7**

Prince Decl. Exhibit G, Page 5 of 9

privilege, the spousal privilege, Plaintiff's privacy rights and the privacy rights of third parties without a compelling need for the requested documents, and/or other lawfully recognized privileges that protect such documents from disclosure.

Given her objections above, Plaintiff will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 87:**

W-2 forms and/or all other DOCUMENTS that evidence, relate or refer to the amount and source of income earned or received by PLAINTIFF for the years 2019 to present; including, but not limited to, monies received from self-employment, other employers, and/or the federal, state or local government.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Plaintiff objects to this request on the ground that it is vague, ambiguous, and overbroad, in that it seeks documents which are not relevant to the subject matter of this litigation. Plaintiff also objects that the terms "relate" and "refer to" are overbroad, vague, and ambiguous. This request is inconsistent with existing law, is not proportional to the needs of the case, is unreasonable, and is unduly burdensome. Information regarding Plaintiff's W-2 forms and/or all other documents that relate to income earned or received for the years 2019 to present, and subsequent to her employment with Nike, is not relevant to any party's claims or defenses and not discoverable in this matter. Plaintiff further objects to this request because it seeks irrelevant documents where Plaintiff has not raised an individual claim of wrongful termination and thus, mitigation related discovery is not relevant. Plaintiff objects that this request is overbroad and intrusive in that it seeks sensitive personal financial documents with information which is not relevant to the subject matter of this litigation. Accordingly, Plaintiff's privacy interest outweighs

**PLAINTIFF LINDSAY ELIZABETH'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FOUR**
**PAGE 8**

Prince Decl. Exhibit G, Page 6 of 9

Defendant's purported need for production because the information sought is not relevant to any claims or defenses and there is no compelling need for disclosure. Plaintiff objects to Defendant's definition of "DOCUMENTS", as it is a single sentence with 304 words, 95 commas, 2 sets of parentheses, "and/or" is used 3 times, and "or" is used 24 times, and is, accordingly, overly broad and oppressive. Plaintiff further objects that the request for "DOCUMENTS that evidence, relate or refer to the amount and source of income earned or received" is vague and ambiguous, causing Plaintiff to speculate which documents are responsive, if any. Plaintiff objects to Defendant's definition of "PLAINTIFF" because the inclusion of all "agents and/or representatives, past or present" is overly broad, harassing, and oppressive. Plaintiff also objects to this request to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, the spousal privilege, Plaintiff's privacy rights and the privacy rights of third parties without a compelling need for the requested documents, and/or other lawfully recognized privileges that protect such documents from disclosure.

Given her objections above, Plaintiff will not produce documents in response to this request.

## REQUEST FOR PRODUCTION NO. 88:

Any and all DOCUMENTS that in any way discuss, relate or otherwise pertain to any other lawsuits filed by PLAINTIFF or filed by others on PLAINTIFF's behalf, or any other complaints, charges, grievances or other legal or equitable claims made by PLAINTFF, or made by others on PLAINTIFF's behalf, against an employer from May 3, 2019 to the present.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 88:

Plaintiff objects to this request as overbroad, vague, and ambiguous and because it seeks documents which are not relevant to the subject matter of this litigation. Documents that "…relate

**PLAINTIFF LINDSAY ELIZABETH'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FOUR**
**PAGE 9**

Prince Decl. Exhibit G, Page 7 of 9

termination of Plaintiff's employment with Defendant are necessarily relevant to this matter. Plaintiff objects to Defendant's definition of "DOCUMENTS", as it is a single sentence with 304 words, 95 commas, 2 sets of parentheses, "and/or" is used 3 times, and "or" is used 24 times, and is, accordingly, overly broad and oppressive. Plaintiff objects to Defendant's definition of "PLAINTIFF" because the inclusion of all "agents and/or representatives, past or present" is overly broad, harassing, and oppressive. Likewise, Defendant's definition of "DEFENDANT" is overly broad, vague, and ambiguous and includes persons or entities which are not relevant to the subject matter of this litigation. Plaintiff also objects to this request to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, Plaintiff's privacy rights and the privacy rights of third parties without a compelling need for the requested documents, and/or other lawfully recognized privileges that protect such documents from disclosure.

Notwithstanding these objections, and expressly reserving the same, Plaintiff responds as follows: Plaintiff has searched within her email account, her text messages, and her Instagram account. Plaintiff will produce, by or before January 29, 2024,  all non-privileged responsive communications involving Plaintiff that relate to the factual and legal allegations of the Second Amended Complaint and are currently in her possession, custody, or control.

Dated:  January 22, 2024                    Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO


 _/s/Brian Denlinger_____
Laura L. Ho (admitted *pro hac vice*)
Barry Goldstein, Of Counsel (admitted *pro hac vice*)
James Kan (admitted *pro hac vice*)
Byron Goldstein (admitted pro hac vice)
Katharine L. Fisher (admitted pro hac vice)

MARKOWITZ HERBOLD PC
Laura Salerno Owens, OSB #076230
David B. Markowitz, OSB #742046
Harry B. Wilson, OSB #077214
Anna M. Joyce, OSB #013112

ACKERMANN & TILAJEF PC
Craig Ackermann (admitted *pro hac vice*)
Brian Denlinger (admitted *pro hac vice*)
cja@ackermanntilajef.com
bd@ackermanntilajef.com
1180 S Beverly Drive, Suite 610
Los Angeles, CA 90035
Tel:  (310) 277-0614
Fax:  (310) 277-0635

INDIA LIN BODIEN, ATTORNEY LAW
India Lin Bodien (admitted *pro hac vice*)
india@indialinbodienlaw.com
2522 North Proctor Street, #387
Tacoma, WA 98406-5338
Tel:  (253) 212-7913
Fax:  (253) 276-0081

Of Attorneys for Plaintiffs

**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Anna M. Joyce, OSB #013112**
AnnaJoyce@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204-3730
Telephone:  (503) 295-3085
Fax:  (503) 323-9105

**Laura L. Ho** (admitted *pro hac vice*)
lho@gbdhlegal.com
**Barry Goldstein, Of Counsel** (admitted *pro hac vice*)
bgoldstein@gbdhlegal.com
**James Kan** (admitted *pro hac vice*)
jkan@gbdhlegal.com
**Byron Goldstein** (admitted *pro hac vice*)
brgoldstein@gbdhlegal.com
**Katharine L. Fisher** (admitted *pro hac vice*)
kfisher@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Telephone:  (510) 763-9800
Fax:  (510) 835-1417

Attorneys for Plaintiffs
[Additional Counsel of Record listed on the Signature page]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| KELLY CAHILL, et al., individually and on behalf of others similarly situated, Plaintiffs, vs. NIKE, INC., an Oregon Corporation, Defendant. | Case No. 3:18-cv-01477 **PLAINTIFF HEATHER HENDER'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO** |
| --- | --- |

**PLAINTIFF HEATHER HENDER'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO**

of "PLAINTIFF" because the inclusion of all "agents and/or representatives, past or present" is overly broad, harassing, and oppressive, and not proportional to the needs of the case. Likewise, Defendant's definition of "DEFENDANT" is overly broad, vague, and ambiguous and includes persons or entities which are not relevant to the subject matter of this litigation. Plaintiff also objects to this request to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, the spousal privilege, Plaintiff's privacy rights and the privacy rights of third parties without a compelling need for the requested documents, and/or other lawfully recognized privileges that protect such documents from disclosure.

Notwithstanding these objections, and expressly reserving the same, Plaintiff responds as follows: Plaintiff will produce, by January 29, 2024, all non-privileged documents that support the referenced factual and legal allegations and are currently in her possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 86:

Any and all DOCUMENTS relating to or referring to any and all attempts by PLAINTFF to obtain employment subsequent to May 3, 2019, including, but not limited to, any and all DOCUMENTS relating to resumes and/or other records of employment history; job applications and related documentation; negotiations regarding any aspect of employment; offers of employment; correspondence, notes, memoranda and documents to and/or from any prospective employer from which employment was sought regarding interviews, applications, offers of employment, rejections of applications for employment, and reasons for PLAINTIFF's expected or actual from DEFENDANT's employ.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 86:

Plaintiff objects to this request on the ground that it is vague, ambiguous, and overbroad, in that it seeks documents which are not relevant to the subject matter of this litigation. Information

**PLAINTIFF HEATHER HENDER'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO**
**PAGE 20**

Prince Decl. Exhibit H, Page 2 of 8

regarding Plaintiff's employment subsequent to May 3, 2019 is not relevant to any party's claims or defenses, is not proportional to the needs of the case, and is not discoverable in this matter. This request is inconsistent with existing law, is unreasonable, and is unduly burdensome. Plaintiff further objects to this request because it seeks irrelevant documents where Plaintiff has not raised an individual claim of wrongful termination and thus, mitigation related discovery is not relevant. To the extent that the request seeks information regarding Plaintiff's non-Nike employment during her employment with Nike, if any, the request is not relevant to any party's claim or defense and is not discoverable. Plaintiff objects to Defendant's definition of "DOCUMENTS", as it is a single sentence with 304 words, 95 commas, 2 sets of parentheses, "and/or" is used 3 times, and "or" is used 24 times, and is, accordingly, overly broad and oppressive. Plaintiff objects to Defendant's definition of "PLAINTIFF" because the inclusion of all "agents and/or representatives, past or present" is overly broad, harassing, and oppressive, and not proportional to the needs of the case. Likewise, Defendant's definition of "DEFENDANT" is overly broad, vague, and ambiguous and includes persons or entities which are not relevant to the subject matter of this litigation. Plaintiff further objects that the enumerated list of documents purportedly encompassed by the request contains the following undefined, overbroad, vague and ambiguous terms, causing Plaintiff to speculate which documents are responsive, if any: "other records of employment history;" "negotiations" regarding "any aspect of employment;" "terms, benefits and conditions of employment;" "employment contracts," if any; "at-will employment agreements;" "any other form of income or remuneration;" and changes in . . . any other form of income or remuneration." Plaintiff also objects to this request to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, the spousal privilege, Plaintiff's privacy rights and the privacy rights of third parties without a compelling need for the requested documents,

PLAINTIFF HEATHER HENDER'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO
PAGE 21

Prince Decl. Exhibit H, Page 3 of 8

and/or other lawfully recognized privileges that protect such documents from disclosure.

Given her objections above, Plaintiff will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 87:**

Any and all DOCUMENTS that evidence, relate to or otherwise pertain to any or all employment of PLAINTIFF by any employer or self-employment subsequent to May 3, 2019, including, but not limited to, any and all DOCUMENTS relating to resumes and/or other records of employment history; job applications and related documentation; negotiations regarding any aspect of employment; offers of employment; terms, benefits and conditions of employment; employment contracts, if any; at-will employment agreements; job title or status; applications for changes in job status; promotions transfers; job requirements; job assignments and/or responsibilities; requests for promotions, transfers, changes in job assignments and/or responsibilities, and placements and responses to said requests; evaluations and/or reviews of job performance; reprimands, warnings, discipline; complaints; responses to complaints; rates of pay, salary, wages, earnings, compensation, commissions, bonuses, or any other form of income or remuneration; changes in rate of pay, salary, wages, earnings, compensation, commissions, bonuses, or in any other form of income or remuneration; seniority; threatened or potential termination and/or other separation of employment; termination and/or other separation from employment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Plaintiff objects to this request on the ground that it is vague, ambiguous, and overbroad, in that it seeks documents which are not relevant to the subject matter of this litigation. This request is inconsistent with existing law, is unreasonable, and is unduly burdensome. Information

**PLAINTIFF HEATHER HENDER'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO**
**PAGE 22**

Prince Decl. Exhibit H, Page 4 of 8

regarding Plaintiff's employment subsequent to her employment with Nike is not relevant to any party's claims or defenses and not discoverable in this matter. Plaintiff further objects to this request because it seeks irrelevant documents where Plaintiff has not raised an individual claim of wrongful termination and thus, mitigation related discovery is not relevant. To the extent the request seeks information regarding Plaintiff's employment with Nike, Plaintiff objects to the request because it seeks unreasonably cumulative or duplicative discovery and seeks documents that are more readily available to Defendant or already within Defendant's possession, custody or control. To the extent that the request seeks information regarding Plaintiff's non-Nike employment during her employment with Nike, if any, the request is not relevant to any party's claim or defense and is not discoverable. Plaintiff objects to Defendant's definition of "DOCUMENTS", as it is a single sentence with 304 words, 95 commas, 2 sets of parentheses, "and/or" is used 3 times, and "or" is used 24 times, and is, accordingly, overly broad and oppressive. Plaintiff objects to Defendant's definition of "PLAINTIFF" because the inclusion of all "agents and/or representatives, past or present" is overly broad, harassing, and oppressive, and not proportional to the needs of the case. Plaintiff further objects that the enumerated list of documents purportedly encompassed by the request contains the following undefined, overbroad, vague and ambiguous terms, causing Plaintiff to speculate which documents are responsive, if any: "other records of employment history;" "negotiations" regarding "any aspect of employment;" "terms, benefits and conditions of employment;" "employment contracts, if any"; "at-will employment agreements;" "any other form of income or remuneration;" and "changes in . . . any other form of income or remuneration." Plaintiff also objects to this request to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, the spousal privilege, Plaintiff's privacy rights and the privacy rights of third parties without a

**PLAINTIFF HEATHER HENDER'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO**
**PAGE 23**

Prince Decl. Exhibit H, Page 5 of 8

compelling need for the requested documents, and/or other lawfully recognized privileges that protect such documents from disclosure.

Given her objections above, Plaintiff will not produce documents in response to this request.

## REQUEST FOR PRODUCTION NO. 88:

W-2 forms and/or all other DOCUMENTS that evidence, relate or refer to the amount and source of income earned or received by PLAINTIFF for the years 2019 to present; including, but not limited to, monies received from self-employment, other employers, and/or the federal, state or local government.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 88:

Plaintiff objects to this request on the ground that it is vague, ambiguous, and overbroad, in that it seeks documents which are not relevant to the subject matter of this litigation. Plaintiff also objects that the terms "relate" and "refer to" are overbroad, vague, and ambiguous.  This request is inconsistent with existing law, is unreasonable, and is unduly burdensome. Information regarding Plaintiff's W-2 forms and/or all other documents that relate to income earned or received for the years 2019 to present, and subsequent to her employment with Nike, is not relevant to any party's claims or defenses and not discoverable in this matter. To the extent the request seeks information regarding Plaintiff's employment with Nike, Plaintiff objects to the request because it seeks unreasonably cumulative or duplicative discovery and seeks documents that are more readily available to Defendant or already within Defendant's possession, custody or control. To the extent that the request seeks information regarding Plaintiff's non-Nike employment during her employment with Nike, if any, the request is not relevant to any party's claim or defense and is not discoverable. Plaintiff further objects to this request because it seeks irrelevant documents

**PLAINTIFF HEATHER HENDER'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO**
**PAGE 24**

Prince Decl. Exhibit H, Page 6 of 8

where Plaintiff has not raised an individual claim of wrongful termination and thus, mitigation related discovery is not relevant. Plaintiff objects that this request is overbroad and intrusive in that it seeks sensitive personal financial documents with information which is not relevant to the subject matter of this litigation. Accordingly, Plaintiff's privacy interest outweighs Defendant's purported need for production because the information sought is not relevant to any claims or defenses and there is no compelling need for disclosure. Plaintiff objects to Defendant's definition of "DOCUMENTS", as it is a single sentence with 304 words, 95 commas, 2 sets of parentheses, "and/or" is used 3 times, and "or" is used 24 times, and is, accordingly, overly broad and oppressive. Plaintiff further objects that the request for "DOCUMENTS that evidence, relate or refer to the amount and source of income earned or received" is vague and ambiguous, causing Plaintiff to speculate which documents are responsive, if any. Plaintiff objects to Defendant's definition of "PLAINTIFF" because the inclusion of all "agents and/or representatives, past or present" is overly broad, harassing, and oppressive. Plaintiff also objects to this request to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, the spousal privilege, Plaintiff's privacy rights and the privacy rights of third parties without a compelling need for the requested documents, and/or other lawfully recognized privileges that protect such documents from disclosure.

Given her objections above, Plaintiff will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 89:**

Any and all DOCUMENTS that in any way discuss, relate or otherwise pertain to any other lawsuits filed by PLAINTIFF or filed by others on PLAINTIFF's behalf, or any other complaints, charges, grievances or other legal or equitable claims made by PLAINTFF, or made by others on

**PLAINTIFF HEATHER HENDER'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO**
**PAGE 25**

Prince Decl. Exhibit H, Page 7 of 8

Notwithstanding these objections, and expressly reserving the same, Plaintiff responds as follows: Plaintiff has searched within her email account, her personal phones, and through personal bins. Plaintiff is not aware of responsive documents in her possession, custody or control at this time.

Dated:  January 22, 2024          Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

*/s/Brian Denlinger*
Laura L. Ho (admitted *pro hac vice*)
Barry Goldstein, Of Counsel (admitted *pro hac vice*)
James Kan (admitted *pro hac vice*)
Byron Goldstein (admitted *pro hac vice*)
Katharine L. Fisher (admitted *pro hac vice*)

MARKOWITZ HERBOLD PC
Laura Salerno Owens, OSB #076230
David B. Markowitz, OSB #742046
Harry B. Wilson, OSB #077214
Anna M. Joyce, OSB #013112

ACKERMANN & TILAJEF PC
Craig Ackermann (admitted *pro hac vice*)
cja@ackermanntilajef.com
Brian Denlinger (admitted *pro hac vice*)
bd@ackermanntilajef.com
1180 S Beverly Drive, Suite 610
Los Angeles, CA 90035
Tel:  (310) 277-0614
Fax:  (310) 277-0635

INDIA LIN BODIEN, ATTORNEY LAW
India Lin Bodien (admitted *pro hac vice*)
india@indialinbodienlaw.com
2522 North Proctor Street, #387
Tacoma, WA 98406-5338
Tel:  (253) 212-7913
Fax:  (253) 276-0081

Of Attorneys for Plaintiffs

PLAINTIFF HEATHER HENDER'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO
PAGE 29

Prince Decl. Exhibit H, Page 8 of 8

**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Anna M. Joyce, OSB #013112**
AnnaJoyce@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204-3730
Telephone: (503) 295-3085
Fax: (503) 323-9105

**Laura L. Ho** (admitted *pro hac vice*)
lho@gbdhlegal.com
**Barry Goldstein, Of Counsel** (admitted *pro hac vice*)
bgoldstein@gbdhlegal.com
**James Kan** (admitted *pro hac vice*)
jkan@gbdhlegal.com
**Byron Goldstein** (admitted *pro hac vice*)
brgoldstein@gbdhlegal.com
**Katharine L. Fisher** (admitted *pro hac vice*)
kfisher@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Telephone: (510) 763-9800
Fax: (510) 835-1417

Attorneys for Plaintiffs
[Additional Counsel of Record listed on the Signature page]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al., individually and on behalf of others similarly situated,<br><br>                                        Plaintiffs,<br><br>vs.<br><br>NIKE, INC., an Oregon Corporation,<br><br>                                        Defendant. | Case No. 3:18-cv-01477<br><br>**PLAINTIFF KELLY CAHILL'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE** |

**PLAINTIFF KELLY CAHILL'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE**

Prince Decl. Exhibit I, Page 1 of 10

Subject to and without waiving the foregoing objections, and incorporating them by reference into each of the responses provided below, Plaintiff responds to Defendant's Request for Production of Documents, Set Three, as follows:

## RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION No. 85:

Any and all DOCUMENTS relating to or referring to any and all attempts by PLAINTFF to obtain employment subsequent to May 3, 2019, including, but not limited to, any and all DOCUMENTS relating to resumes and/or other records of employment history; job applications and related documentation; negotiations regarding any aspect of employment; offers of employment; correspondence, notes, memoranda and documents to and/or from any prospective employer from which employment was sought regarding interviews, applications, offers of employment, rejections of applications for employment, and reasons for PLAINTIFF's expected or actual from DEFENDANT's employ.

### RESPONSE TO REQUEST FOR PRODUCTION No. 85:

Plaintiff objects to this request on the ground that it is vague, ambiguous, and overbroad, in that it seeks documents which are not relevant to the subject matter of this litigation. Information regarding Plaintiff's employment subsequent to May 3, 2019 is not relevant to any party's claims or defenses, is not proportional to the needs of the case, and is not discoverable in this matter. This request is inconsistent with existing law, is unreasonable, and is unduly burdensome. Plaintiff further objects to this request because it seeks irrelevant documents where Plaintiff has not raised an individual claim of wrongful termination and thus, mitigation related discovery is not relevant. Plaintiff objects to Defendant's definition of "DOCUMENTS", as it is a single sentence with 304 words, 95 commas, 2 sets of parentheses, "and/or" is used 3 times,

**PLAINTIFF KELLY CAHILL'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE PAGE 4**

Prince Decl. Exhibit I, Page 2 of 10

and "or" is used 24 times, and is, accordingly, overly broad and oppressive. Plaintiff objects to

Defendant's definition of "PLAINTIFF" because the inclusion of all "agents and/or

representatives, past or present" is overly broad, harassing, and oppressive, and not proportional

to the needs of the case. Likewise, Defendant's definition of "DEFENDANT" is overly broad,

vague, and ambiguous and includes persons or entities which are not relevant to the subject

matter of this litigation. Plaintiff further objects that the enumerated list of documents

purportedly encompassed by the request contains the following undefined, overbroad, vague and

ambiguous terms, causing Plaintiff to speculate which documents are responsive, if any: "other

records of employment history;" "negotiations" regarding "any aspect of employment;" "terms,

benefits and conditions of employment;" "employment contracts," if any; "at-will employment

agreements;" "any other form of income or remuneration;" and changes in . . . any other form of

income or remuneration." Plaintiff also objects to this request to the extent that it seeks

information protected by the attorney work product doctrine, the attorney-client privilege, the

spousal privilege, Plaintiff's privacy rights and the privacy rights of third parties without a

compelling need for the requested documents, and/or other lawfully recognized privileges that

protect such documents from disclosure.

     Given her objections above, Plaintiff will not produce documents in response to this

request.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 85:

     Subject to and without waiving the foregoing objections, Plaintiff further responds as

follows: Plaintiff is not withholding any responsive documents on the basis of privilege. The

primary reason responsive discovery is not being produced is because Plaintiff has not raised an

individual claim of wrongful termination, and Plaintiff does not seek back pay or front pay

**PLAINTIFF KELLY CAHILL'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE**
**PAGE 5**

Prince Decl. Exhibit I, Page 3 of 10

damages subsequent to her employment with Nike. Accordingly, mitigation related discovery is not relevant. And it is thus not proportional for Plaintiff to locate, collect, and produce what Nike requests.

## REQUEST FOR PRODUCTION NO. 86:

Any and all DOCUMENTS that evidence, relate to or otherwise pertain to any or all employment of PLAINTIFF by any employer or self-employment subsequent to May 3, 2019, including, but not limited to, any and all DOCUMENTS relating to resumes and/or other records of employment history; job applications and related documentation; negotiations regarding any aspect of employment; offers of employment; terms, benefits and conditions of employment; employment contracts, if any; at-will employment agreements; job title or status; applications for changes in job status; promotions transfers; job requirements; job assignments and/or responsibilities; requests for promotions, transfers, changes in job assignments and/or responsibilities, and placements and responses to said requests; evaluations and/or reviews of job performance; reprimands, warnings, discipline; complaints; responses to complaints; rates of pay, salary, wages, earnings, compensation, commissions, bonuses, or any other form of income or remuneration; changes in rate of pay, salary, wages, earnings, compensation, commissions, bonuses, or in any other form of income or remuneration; seniority; threatened or potential termination and/or other separation of employment; termination and/or other separation from employment.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 86:

Plaintiff objects to this request on the ground that it is vague, ambiguous, and overbroad, in that it seeks documents which are not relevant to the subject matter of this litigation. This request is inconsistent with existing law, is not proportional to the needs of the case, is

**PLAINTIFF KELLY CAHILL'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE**
**PAGE 6**

Prince Decl. Exhibit I, Page 4 of 10

unreasonable, and is unduly burdensome. Information regarding Plaintiff's employment subsequent to her employment with Nike is not relevant to any party's claims or defenses and not discoverable in this matter. Plaintiff further objects to this request because it seeks irrelevant documents where Plaintiff has not raised an individual claim of wrongful termination and thus, mitigation related discovery is not relevant. Plaintiff objects to Defendant's definition of "DOCUMENTS", as it is a single sentence with 304 words, 95 commas, 2 sets of parentheses, "and/or" is used 3 times, and "or" is used 24 times, and is, accordingly, overly broad and oppressive. Plaintiff objects to Defendant's definition of "PLAINTIFF" because the inclusion of all "agents and/or representatives, past or present" is overly broad, harassing, and oppressive, and not proportional to the needs of the case. Plaintiff further objects that the enumerated list of documents purportedly encompassed by the request contains the following undefined, overbroad, vague and ambiguous terms, causing Plaintiff to speculate which documents are responsive, if any: "other records of employment history;" "negotiations" regarding "any aspect of employment;" "terms, benefits and conditions of employment;" "employment contracts, if any"; "at-will employment agreements;" "any other form of income or remuneration;" and "changes in . . . any other form of income or remuneration." Plaintiff also objects to this request to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, the spousal privilege, Plaintiff's privacy rights and the privacy rights of third parties without a compelling need for the requested documents, and/or other lawfully recognized privileges that protect such documents from disclosure.

Given her objections above, Plaintiff will not produce documents in response to this request.

///

**PLAINTIFF KELLY CAHILL'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE**
**PAGE 7**

Prince Decl. Exhibit I, Page 5 of 10

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Subject to and without waiving the foregoing objections, Plaintiff further responds as follows: Plaintiff is not withholding any responsive documents on the basis of privilege. The primary reason responsive discovery is not being produced is because Plaintiff has not raised an individual claim of wrongful termination, and Plaintiff does not seek back pay or front pay damages subsequent to her employment with Nike. Accordingly, mitigation related discovery is not relevant. And it is thus not proportional for Plaintiff to locate, collect, and produce what Nike requests.

**REQUEST FOR PRODUCTION NO. 87:**

W-2 forms and/or all other DOCUMENTS that evidence, relate or refer to the amount and source of income earned or received by PLAINTIFF for the years 2019 to present; including, but not limited to, monies received from self-employment, other employers, and/or the federal, state or local government.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Plaintiff objects to this request on the ground that it is vague, ambiguous, and overbroad, in that it seeks documents which are not relevant to the subject matter of this litigation. Plaintiff also objects that the terms "relate" and "refer to" are overbroad, vague, and ambiguous. This request is inconsistent with existing law, is unreasonable, and is unduly burdensome. Information regarding Plaintiff's W-2 forms and/or all other documents that relate to income earned or received for the years 2019 to present, and subsequent to her employment with Nike, is not relevant to any party's claims or defenses and not discoverable in this matter. Plaintiff further objects to this request because it seeks irrelevant documents where Plaintiff has not raised an individual claim of wrongful termination and thus, mitigation related discovery is not relevant.

**PLAINTIFF KELLY CAHILL'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE**
**PAGE 8**

Prince Decl. Exhibit I, Page 6 of 10

Plaintiff objects that this request is overbroad and intrusive in that it seeks sensitive personal financial documents with information which is not relevant to the subject matter of this litigation. Accordingly, Plaintiff's privacy interest outweighs Defendant's purported need for production because the information sought is not relevant to any claims or defenses and there is no compelling need for disclosure. Plaintiff objects to Defendant's definition of "DOCUMENTS", as it is a single sentence with 304 words, 95 commas, 2 sets of parentheses, "and/or" is used 3 times, and "or" is used 24 times, and is, accordingly, overly broad and oppressive. Plaintiff further objects that the request for "DOCUMENTS that evidence, relate or refer to the amount and source of income earned or received" is vague and ambiguous, causing Plaintiff to speculate which documents are responsive, if any. Plaintiff objects to Defendant's definition of "PLAINTIFF" because the inclusion of all "agents and/or representatives, past or present" is overly broad, harassing, and oppressive. Plaintiff also objects to this request to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, the spousal privilege, Plaintiff's privacy rights and the privacy rights of third parties without a compelling need for the requested documents, and/or other lawfully recognized privileges that protect such documents from disclosure.

Given her objections above, Plaintiff will not produce documents in response to this request.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 87:

Subject to and without waiving the foregoing objections, Plaintiff further responds as follows: Plaintiff is not withholding any responsive documents on the basis of privilege. The primary reason responsive discovery is not being produced is because Plaintiff has not raised an individual claim of wrongful termination, and Plaintiff does not seek back pay or front pay

**PLAINTIFF KELLY CAHILL'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE**
**PAGE 9**

Prince Decl. Exhibit I, Page 7 of 10

damages subsequent to her employment with Nike. Accordingly, mitigation related discovery is not relevant.  And it is thus not proportional for Plaintiff to locate, collect, and produce what Nike requests.

**REQUEST FOR PRODUCTION NO. 88:**

Any and all DOCUMENTS that in any way discuss, relate or otherwise pertain to any other lawsuits filed by PLAINTIFF or filed by others on PLAINTIFF's behalf, or any other complaints, charges, grievances or other legal or equitable claims made by PLAINTFF, or made by others on PLAINTIFF's behalf, against an employer from May 3, 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Plaintiff objects to this request as overbroad, vague, and ambiguous and because it seeks documents which are not relevant to the subject matter of this litigation. Documents that "…relate or otherwise pertain to any other lawsuits filed by PLAINTIFF or filed by others on PLAINTIFF's behalf, or any other complaints, charges, grievances or other legal or equitable claims made by PLAINTFF, or made by others on PLAINTIFF's behalf, against an employer…" are not relevant to the subject matter of the litigation, and the request is not proportional to the needs of the case. Plaintiff objects that the enumerated list of documents purportedly encompassed by the request contains the following undefined, overbroad, vague and ambiguous terms, causing Plaintiff to speculate which documents are responsive, if any: "lawsuits filed by PLAINTIFF;" "lawsuits…filed by others on PLAINTIFF'S behalf;" "complaints;" "charges;" "grievances;" and "legal or equitable claims." Plaintiff objects to the term "made by others on PLAINTIFF's behalf" because it causes Plaintiff to speculate as to what documents, if any, are responsive, and because is vague, ambiguous, and overbroad, and purports to seek all documents relating to, for example, class action lawsuits wherein Plaintiff was an absent class member.

**PLAINTIFF KELLY CAHILL'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE**
**PAGE 10**

Prince Decl. Exhibit I, Page 8 of 10

information protected by the attorney work product doctrine, the attorney-client privilege, Plaintiff's privacy rights and the privacy rights of third parties without a compelling need for the requested documents, and/or other lawfully recognized privileges that protect such documents from disclosure.

Notwithstanding these objections, and expressly reserving the same, Plaintiff responds as follows: Plaintiff has searched within her email account and her LinkedIn account. Plaintiff will produce, by or before January 29, 2024, all non-privileged responsive communications involving Plaintiff that relate to the factual and legal allegations of the Second Amended Complaint and are currently in her possession, custody, or control.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Subject to and without waiving the foregoing objections, Plaintiff further responds as follows: Plaintiff is not withholding any responsive documents on the basis of privilege. Plaintiff has searched or will search within her text messages, email accounts, LinkedIn, and social media accounts (as applicable) for responsive documents. All responsive communications involving Plaintiff that relate to the factual and legal allegations of the Second Amended Complaint in her possession, custody, or control were either produced on January 26, 2024 or will be produced no later than February 23, 2024.

Dated:  February 8, 2024                    Respectfully submitted,

                                           GOLDSTEIN, BORGEN, DARDARIAN & HO


                                            _/s/Brian Denlinger_____
                                           Laura L. Ho (admitted *pro hac vice*)
                                           Barry Goldstein, Of Counsel (admitted *pro hac vice*)
                                           James Kan (admitted *pro hac vice*)

**PLAINTIFF KELLY CAHILL'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE PAGE 13**

Prince Decl. Exhibit I, Page 9 of 10

Byron Goldstein (admitted *pro hac vice*)
Katharine L. Fisher (admitted *pro hac vice*)

MARKOWITZ HERBOLD PC
Laura Salerno Owens, OSB #076230
David B. Markowitz, OSB #742046
Harry B. Wilson, OSB #077214
Anna M. Joyce, OSB #013112

ACKERMANN & TILAJEF PC
Craig Ackermann (admitted *pro hac vice*)
cja@ackermanntilajef.com
Brian Denlinger (admitted *pro hac vice*)
bd@ackermanntilajef.com
1180 S Beverly Drive, Suite 610
Los Angeles, CA 90035
Tel:  (310) 277-0614
Fax:  (310) 277-0635

INDIA LIN BODIEN, ATTORNEY LAW
India Lin Bodien (admitted *pro hac vice*)
india@indialinbodienlaw.com
2522 North Proctor Street, #387
Tacoma, WA 98406-5338
Tel:  (253) 212-7913
Fax:  (253) 276-0081

Of Attorneys for Plaintiffs

**PLAINTIFF KELLY CAHILL'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE**
**PAGE 14**

Prince Decl. Exhibit I, Page 10 of 10

**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Anna M. Joyce, OSB #013112**
AnnaJoyce@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204-3730
Telephone: (503) 295-3085
Fax: (503) 323-9105

**Laura L. Ho** (admitted *pro hac vice*)
lho@gbdhlegal.com
**Barry Goldstein, Of Counsel** (admitted *pro hac vice*)
bgoldstein@gbdhlegal.com
**James Kan** (admitted *pro hac vice*)
jkan@gbdhlegal.com
**Byron Goldstein** (admitted *pro hac vice*)
brgoldstein@gbdhlegal.com
**Katharine L. Fisher** (admitted *pro hac vice*)
kfisher@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Telephone: (510) 763-9800
Fax: (510) 835-1417

      Attorneys for Plaintiffs
      [Additional Counsel of Record listed on the Signature page]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al., individually and on behalf of others similarly situated, <br><br>                    Plaintiffs, <br><br> vs. <br><br> NIKE, INC., an Oregon Corporation, <br><br>                   Defendant. | Case No. 3:18-cv-01477 <br><br> **PLAINTIFF SARA JOHNSTON'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FOUR** |

**PLAINTIFF SARA JOHNSTON SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FOUR**

Prince Decl. Exhibit J, Page 1 of 8

reference into each of the responses provided below, Plaintiff responds to Defendant's Request

for Production of Documents, Set Four, as follows:

## RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 107:

Any and all DOCUMENTS relating to or referring to any and all attempts by PLAINTFF

to obtain employment subsequent to May 3, 2019, including, but not limited to, any and all

DOCUMENTS relating to resumes and/or other records of employment history; job applications

and related documentation; negotiations regarding any aspect of employment; offers of

employment; correspondence, notes, memoranda and documents to and/or from any prospective

employer from which employment was sought regarding interviews, applications, offers of

employment, rejections of applications for employment, and reasons for PLAINTIFF's expected

or actual from DEFENDANT's employ.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 107:

Plaintiff objects to this request on the ground that it is vague, ambiguous, and overbroad,

in that it seeks documents which are not relevant to the subject matter of this litigation.

Information regarding Plaintiff's attempts to obtain employment subsequent to May 3, 2019 is

not relevant to any party's claims or defenses, is not proportional to the needs of the case, and is

not discoverable in this matter. This request is inconsistent with existing law, is unreasonable,

and is unduly burdensome. Plaintiff further objects to this request because it seeks irrelevant

documents where Plaintiff has not raised an individual claim of wrongful termination and thus,

mitigation related discovery is not relevant. Plaintiff objects to Defendant's definition of

"DOCUMENTS", as it is a single sentence with 304 words, 95 commas, 2 sets of parentheses,

"and/or" is used 3 times, and "or" is used 24 times, and is, accordingly, overly broad and

**PLAINTIFF SARA JOHNSTON'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FOUR
PAGE 4**

Prince Decl. Exhibit J, Page 2 of 8

oppressive. Plaintiff objects to Defendant's definition of "PLAINTIFF" because the inclusion of all "agents and/or representatives, past or present" is overly broad, harassing, and oppressive, and not proportional to the needs of the case. Likewise, Defendant's definition of "DEFENDANT" is overly broad, vague, and ambiguous and includes persons or entities which are not relevant to the subject matter of this litigation. Plaintiff further objects that the enumerated list of documents purportedly encompassed by the request contains the following undefined, overbroad, vague and ambiguous terms, causing Plaintiff to speculate which documents are responsive, if any: "other records of employment history;" "negotiations" regarding "any aspect of employment;" "terms, benefits and conditions of employment;" "employment contracts," if any; "at-will employment agreements;" "any other form of income or remuneration;" and changes in . . . any other form of income or remuneration." Plaintiff also objects to this request to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, the spousal privilege, Plaintiff's privacy rights and the privacy rights of third parties without a compelling need for the requested documents, and/or other lawfully recognized privileges that protect such documents from disclosure.

Given her objections above, Plaintiff will not produce documents in response to this request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

Subject to and without waiving the foregoing objections, Plaintiff further responds as follows: Plaintiff is not withholding any responsive documents on the basis of privilege. The primary reason responsive discovery is not being produced is because Plaintiff has not raised an individual claim of wrongful termination, and Plaintiff does not seek back pay or front pay damages subsequent to her employment with Nike. Accordingly, mitigation related discovery is not relevant.  And it is thus not proportional for Plaintiff to locate, collect, and produce what

**PLAINTIFF SARA JOHNSTON'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FOUR**
**PAGE 5**

Prince Decl. Exhibit J, Page 3 of 8

Nike requests.

**REQUEST FOR PRODUCTION NO. 108:**

Any and all DOCUMENTS that evidence, relate to or otherwise pertain to any or all employment of PLAINTIFF by any employer or self-employment subsequent to May 3, 2019, including, but not limited to, any and all DOCUMENTS relating to resumes and/or other records of employment history; job applications and related documentation; negotiations regarding any aspect of employment; offers of employment; terms, benefits and conditions of employment; employment contracts, if any; at-will employment agreements; job title or status; applications for changes in job status; promotions transfers; job requirements; job assignments and/or responsibilities; requests for promotions, transfers, changes in job assignments and/or responsibilities, and placements and responses to said requests; evaluations and/or reviews of job performance; reprimands, warnings, discipline; complaints; responses to complaints; rates of pay, salary, wages, earnings, compensation, commissions, bonuses, or any other form of income or remuneration; changes in rate of pay, salary, wages, earnings, compensation, commissions, bonuses, or in any other form of income or remuneration; seniority; threatened or potential termination and/or other separation of employment; termination and/or other separation from employment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Plaintiff objects to this request on the ground that it is vague, ambiguous, and overbroad, in that it seeks documents which are not relevant to the subject matter of this litigation. This request is inconsistent with existing law, is not proportional to the needs of the case, is unreasonable, and is unduly burdensome. Information regarding Plaintiff's employment subsequent to her employment with Nike is not relevant to any party's claims or defenses and not discoverable in this matter. Plaintiff further objects to this request because it seeks irrelevant

**PLAINTIFF SARA JOHNSTON'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FOUR**
**PAGE 6**

Prince Decl. Exhibit J, Page 4 of 8

documents where Plaintiff has not raised an individual claim of wrongful termination and thus, mitigation related discovery is not relevant. Plaintiff objects to Defendant's definition of "DOCUMENTS", as it is a single sentence with 304 words, 95 commas, 2 sets of parentheses, "and/or" is used 3 times, and "or" is used 24 times, and is, accordingly, overly broad and oppressive. Plaintiff objects to Defendant's definition of "PLAINTIFF" because the inclusion of all "agents and/or representatives, past or present" is overly broad, harassing, and oppressive, and not proportional to the needs of the case. Plaintiff further objects that the enumerated list of documents purportedly encompassed by the request contains the following undefined, overbroad, vague and ambiguous terms, causing Plaintiff to speculate which documents are responsive, if any: "relating to resumes and/or other records of employment history;" "negotiations" regarding "any aspect of employment;" "terms, benefits and conditions of employment;" "employment contracts, if any"; "at-will employment agreements;" "any other form of income or remuneration;" and "changes in . . . any other form of income or remuneration." Plaintiff also objects to this request to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, the spousal privilege, Plaintiff's privacy rights and the privacy rights of third parties without a compelling need for the requested documents, and/or other lawfully recognized privileges that protect such documents from disclosure.

Given her objections above, Plaintiff will not produce documents in response to this request.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 108:

Subject to and without waiving the foregoing objections, Plaintiff further responds as follows: Plaintiff is not withholding any responsive documents on the basis of privilege. The primary reason responsive discovery is not being produced is because Plaintiff has not raised an individual claim of wrongful termination, and Plaintiff does not seek back pay or front pay

**PLAINTIFF SARA JOHNSTON'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FOUR**
**PAGE 7**

Prince Decl. Exhibit J, Page 5 of 8

damages subsequent to her employment with Nike. Accordingly, mitigation related discovery is not relevant.  And it is thus not proportional for Plaintiff to locate, collect, and produce what Nike requests.

## REQUEST FOR PRODUCTION NO. 109:

W-2 forms and/or all other DOCUMENTS that evidence, relate or refer to the amount and source of income earned or received by PLAINTIFF for the years 2019 to present; including, but not limited to, monies received from self-employment, other employers, and/or the federal, state or local government.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 109:

Plaintiff objects to this request on the ground that it is vague, ambiguous, and overbroad, in that it seeks documents which are not relevant to the subject matter of this litigation. Plaintiff also objects that the terms "relate" and "refer to" are overbroad, vague, and ambiguous. This request is inconsistent with existing law, is not proportional to the needs of the case, is unreasonable, and is unduly burdensome. Information regarding Plaintiff's W-2 forms and/or all other documents that relate to income earned or received for the years 2019 to present, and subsequent to her employment with Nike, is not relevant to any party's claims or defenses and not discoverable in this matter. Plaintiff further objects to this request because it seeks irrelevant documents where Plaintiff has not raised an individual claim of wrongful termination and thus, mitigation related discovery is not relevant. Plaintiff objects that this request is overbroad and intrusive in that it seeks sensitive personal financial documents with information which is not relevant to the subject matter of this litigation. Accordingly, Plaintiff's privacy interest outweighs Defendant's purported need for production because the information sought is not relevant to any claims or defenses and there is no compelling need for disclosure. Plaintiff objects to Defendant's definition of "DOCUMENTS", as it is a single sentence with 304 words,

**PLAINTIFF SARA JOHNSTON'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FOUR**
**PAGE 8**

Prince Decl. Exhibit J, Page 6 of 8

95 commas, 2 sets of parentheses, "and/or" is used 3 times, and "or" is used 24 times, and is, accordingly, overly broad and oppressive. Plaintiff further objects that the request for "DOCUMENTS that evidence, relate or refer to the amount and source of income earned or received" is vague and ambiguous, causing Plaintiff to speculate which documents are responsive, if any. Plaintiff objects to Defendant's definition of "PLAINTIFF" because the inclusion of all "agents and/or representatives, past or present" is overly broad, harassing, and oppressive. Plaintiff also objects to this request to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, the spousal privilege, Plaintiff's privacy rights and the privacy rights of third parties without a compelling need for the requested documents, and/or other lawfully recognized privileges that protect such documents from disclosure.

Given her objections above, Plaintiff will not produce documents in response to this request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Subject to and without waiving the foregoing objections, Plaintiff further responds as follows: Plaintiff is not withholding any responsive documents on the basis of privilege. The primary reason responsive discovery is not being produced is because Plaintiff has not raised an individual claim of wrongful termination, and Plaintiff does not seek back pay or front pay damages subsequent to her employment with Nike. Accordingly, mitigation related discovery is not relevant. And it is thus not proportional for Plaintiff to locate, collect, and produce what Nike requests.

**REQUEST FOR PRODUCTION NO. 110:**

Any and all DOCUMENTS that in any way discuss, relate or otherwise pertain to any other lawsuits filed by PLAINTIFF or filed by others on PLAINTIFF's behalf, or any other complaints, charges, grievances or other legal or equitable claims made by PLAINTFF, or made

**PLAINTIFF SARA JOHNSTON'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FOUR**
**PAGE 9**

Prince Decl. Exhibit J, Page 7 of 8

follows: Plaintiff is not withholding any responsive documents on the basis of privilege. Plaintiff

has searched or will search within her text messages, email accounts, LinkedIn, and social media

accounts (as applicable) for responsive documents. All responsive communications involving

Plaintiff that relate to the factual and legal allegations of the Second Amended Complaint in her

possession, custody, or control were either produced on January 26, 2024 or will be produced no

later than February 23, 2024.


Dated:  February 8, 2024                    Respectfully submitted,

                                            GOLDSTEIN, BORGEN, DARDARIAN & HO

                                             _/s/Brian Denlinger_____
                                            Laura L. Ho (admitted *pro hac vice*)
                                            Barry Goldstein, Of Counsel (admitted *pro hac vice*)
                                            James Kan (admitted *pro hac vice*)
                                            Byron Goldstein (admitted pro hac vice)
                                            Katharine L. Fisher (admitted *pro hac vice*)

                                            MARKOWITZ HERBOLD PC
                                            Laura Salerno Owens, OSB #076230
                                            David B. Markowitz, OSB #742046
                                            Harry B. Wilson, OSB #077214
                                            Anna M. Joyce, OSB #013112

                                            ACKERMANN & TILAJEF PC
                                            Craig Ackermann (admitted *pro hac vice*)
                                            cja@ackermanntilajef.com
                                            Brian Denlinger (admitted *pro hac vice*)
                                            bd@ackermanntilajef.com
                                            1180 S Beverly Drive, Suite 610
                                            Los Angeles, CA 90035
                                            Tel:  (310) 277-0614
                                            Fax:  (310) 277-0635

                                            INDIA LIN BODIEN, ATTORNEY LAW
                                            India Lin Bodien (admitted *pro hac vice*)
                                            india@indialinbodienlaw.com
                                            2522 North Proctor Street, #387
                                            Tacoma, WA 98406-5338
                                            Tel:  (253) 212-7913
                                            Fax:  (253) 276-0081

                                            Of Attorneys for Plaintiffs

**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Anna M. Joyce, OSB #013112**
AnnaJoyce@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204-3730
Telephone: (503) 295-3085
Fax: (503) 323-9105

**Laura L. Ho** (admitted *pro hac vice*)
lho@gbdhlegal.com
**Barry Goldstein, Of Counsel** (admitted *pro hac vice*)
bgoldstein@gbdhlegal.com
**James Kan** (admitted *pro hac vice*)
jkan@gbdhlegal.com
**Byron Goldstein** (admitted *pro hac vice*)
brgoldstein@gbdhlegal.com
**Katharine L. Fisher** (admitted *pro hac vice*)
kfisher@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Telephone: (510) 763-9800
Fax: (510) 835-1417

      Attorneys for Plaintiffs
      [Additional Counsel of Record listed on the Signature page]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al., individually and on behalf of others similarly situated,<br><br>                    Plaintiffs,<br><br>vs.<br><br>NIKE, INC., an Oregon Corporation,<br><br>                   Defendant. | Case No. 3:18-cv-01477<br><br>**PLAINTIFF LINDSAY ELIZABETH'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FOUR** |

**Plaintiff Lindsay Elizabeth's Supplemental Responses to Defendant's Request
for Production of Documents, Set Four**

Prince Decl. Exhibit K, Page 1 of 9

reference into each of the responses provided below, Plaintiff responds to Defendant's Request

for Production of Documents, Set Four, as follows:

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 85:**

Any and all DOCUMENTS relating to or referring to any and all attempts by PLAINTFF

to obtain employment subsequent to May 3, 2019, including, but not limited to, any and all

DOCUMENTS relating to resumes and/or other records of employment history; job applications

and related documentation; negotiations regarding any aspect of employment; offers of

employment; correspondence, notes, memoranda and documents to and/or from any prospective

employer from which employment was sought regarding interviews, applications, offers of

employment, rejections of applications for employment, and reasons for PLAINTIFF's expected

or actual from DEFENDANT's employ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Plaintiff objects to this request on the ground that it is vague, ambiguous, and overbroad,

in that it seeks documents which are not relevant to the subject matter of this litigation.

Information regarding Plaintiff's attempts to obtain employment subsequent to May 3, 2019 is

not relevant to any party's claims or defenses, is not proportional to the needs of the case, and is

not discoverable in this matter. This request is inconsistent with existing law, is unreasonable,

and is unduly burdensome. Plaintiff further objects to this request because it seeks irrelevant

documents where Plaintiff has not raised an individual claim of wrongful termination and thus,

mitigation related discovery is not relevant. Plaintiff objects to Defendant's definition of

"DOCUMENTS", as it is a single sentence with 304 words, 95 commas, 2 sets of parentheses,

"and/or" is used 3 times, and "or" is used 24 times, and is, accordingly, overly broad and

oppressive. Plaintiff objects to Defendant's definition of "PLAINTIFF" because the inclusion of all "agents and/or representatives, past or present" is overly broad, harassing, and oppressive, and not proportional to the needs of the case. Likewise, Defendant's definition of "DEFENDANT" is overly broad, vague, and ambiguous and includes persons or entities which are not relevant to the subject matter of this litigation. Plaintiff further objects that the enumerated list of documents purportedly encompassed by the request contains the following undefined, overbroad, vague and ambiguous terms, causing Plaintiff to speculate which documents are responsive, if any: "other records of employment history;" "negotiations" regarding "any aspect of employment;" "terms, benefits and conditions of employment;" "employment contracts," if any; "at-will employment agreements;" "any other form of income or remuneration;" and changes in . . . any other form of income or remuneration." Plaintiff also objects to this request to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, the spousal privilege, Plaintiff's privacy rights and the privacy rights of third parties without a compelling need for the requested documents, and/or other lawfully recognized privileges that protect such documents from disclosure.

Given her objections above, Plaintiff will not produce documents in response to this request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Subject to and without waiving the foregoing objections, Plaintiff further responds as follows: Plaintiff is not withholding any responsive documents on the basis of privilege. The primary reason responsive discovery is not being produced is because Plaintiff has not raised an individual claim of wrongful termination, and Plaintiff does not seek back pay or front pay damages subsequent to her employment with Nike. Accordingly, mitigation related discovery is not relevant. And it is thus not proportional for Plaintiff to locate, collect, and produce what Nike

**PLAINTIFF LINDSAY ELIZABETH'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FOUR**
**PAGE 5**

Prince Decl. Exhibit K, Page 3 of 9

requests.

**REQUEST FOR PRODUCTION NO. 86:**

Any and all DOCUMENTS that evidence, relate to or otherwise pertain to any or all employment of PLAINTIFF by any employer or self-employment subsequent to May 3, 2019, including, but not limited to, any and all DOCUMENTS relating to resumes and/or other records of employment history; job applications and related documentation; negotiations regarding any aspect of employment; offers of employment; terms, benefits and conditions of employment; employment contracts, if any; at-will employment agreements; job title or status; applications for changes in job status; promotions transfers; job requirements; job assignments and/or responsibilities; requests for promotions, transfers, changes in job assignments and/or responsibilities, and placements and responses to said requests; evaluations and/or reviews of job performance; reprimands, warnings, discipline; complaints; responses to complaints; rates of pay, salary, wages, earnings, compensation, commissions, bonuses, or any other form of income or remuneration; changes in rate of pay, salary, wages, earnings, compensation, commissions, bonuses, or in any other form of income or remuneration; seniority; threatened or potential termination and/or other separation of employment; termination and/or other separation from employment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Plaintiff objects to this request on the ground that it is vague, ambiguous, and overbroad, in that it seeks documents which are not relevant to the subject matter of this litigation. This request is inconsistent with existing law, is not proportional to the needs of the case, is unreasonable, and is unduly burdensome. Information regarding Plaintiff's employment subsequent to her employment with Nike is not relevant to any party's claims or defenses and not discoverable in this matter. Plaintiff further objects to this request because it seeks irrelevant

**PLAINTIFF LINDSAY ELIZABETH'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FOUR**
**PAGE 6**

Prince Decl. Exhibit K, Page 4 of 9

documents where Plaintiff has not raised an individual claim of wrongful termination and thus, mitigation related discovery is not relevant. Plaintiff objects to Defendant's definition of "DOCUMENTS", as it is a single sentence with 304 words, 95 commas, 2 sets of parentheses, "and/or" is used 3 times, and "or" is used 24 times, and is, accordingly, overly broad and oppressive. Plaintiff objects to Defendant's definition of "PLAINTIFF" because the inclusion of all "agents and/or representatives, past or present" is overly broad, harassing, and oppressive, and not proportional to the needs of the case. Plaintiff further objects that the enumerated list of documents purportedly encompassed by the request contains the following undefined, overbroad, vague and ambiguous terms, causing Plaintiff to speculate which documents are responsive, if any: "relating to resumes and/or other records of employment history;" "negotiations" regarding "any aspect of employment;" "terms, benefits and conditions of employment;" "employment contracts, if any"; "at-will employment agreements;" "any other form of income or remuneration;" and "changes in . . . any other form of income or remuneration." Plaintiff also objects to this request to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, the spousal privilege, Plaintiff's privacy rights and the privacy rights of third parties without a compelling need for the requested documents, and/or other lawfully recognized privileges that protect such documents from disclosure.

Given her objections above, Plaintiff will not produce documents in response to this request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Subject to and without waiving the foregoing objections, Plaintiff further responds as follows: Plaintiff is not withholding any responsive documents on the basis of privilege. The primary reason responsive discovery is not being produced is because Plaintiff has not raised an individual claim of wrongful termination, and Plaintiff does not seek back pay or front pay

PLAINTIFF LINDSAY ELIZABETH'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FOUR
PAGE 7

Prince Decl. Exhibit K, Page 5 of 9

damages subsequent to her employment with Nike. Accordingly, mitigation related discovery is not relevant.  And it is thus not proportional for Plaintiff to locate, collect, and produce what Nike requests.

**REQUEST FOR PRODUCTION NO. 87:**

W-2 forms and/or all other DOCUMENTS that evidence, relate or refer to the amount and source of income earned or received by PLAINTIFF for the years 2019 to present; including, but not limited to, monies received from self-employment, other employers, and/or the federal, state or local government.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Plaintiff objects to this request on the ground that it is vague, ambiguous, and overbroad, in that it seeks documents which are not relevant to the subject matter of this litigation. Plaintiff also objects that the terms "relate" and "refer to" are overbroad, vague, and ambiguous. This request is inconsistent with existing law, is not proportional to the needs of the case, is unreasonable, and is unduly burdensome. Information regarding Plaintiff's W-2 forms and/or all other documents that relate to income earned or received for the years 2019 to present, and subsequent to her employment with Nike, is not relevant to any party's claims or defenses and not discoverable in this matter. Plaintiff further objects to this request because it seeks irrelevant documents where Plaintiff has not raised an individual claim of wrongful termination and thus, mitigation related discovery is not relevant. Plaintiff objects that this request is overbroad and intrusive in that it seeks sensitive personal financial documents with information which is not relevant to the subject matter of this litigation. Accordingly, Plaintiff's privacy interest outweighs Defendant's purported need for production because the information sought is not relevant to any claims or defenses and there is no compelling need for disclosure. Plaintiff objects to Defendant's definition of "DOCUMENTS", as it is a single sentence with 304 words,

**PLAINTIFF LINDSAY ELIZABETH'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FOUR**
**PAGE 8**

Prince Decl. Exhibit K, Page 6 of 9

95 commas, 2 sets of parentheses, "and/or" is used 3 times, and "or" is used 24 times, and is, accordingly, overly broad and oppressive. Plaintiff further objects that the request for "DOCUMENTS that evidence, relate or refer to the amount and source of income earned or received" is vague and ambiguous, causing Plaintiff to speculate which documents are responsive, if any. Plaintiff objects to Defendant's definition of "PLAINTIFF" because the inclusion of all "agents and/or representatives, past or present" is overly broad, harassing, and oppressive. Plaintiff also objects to this request to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, the spousal privilege, Plaintiff's privacy rights and the privacy rights of third parties without a compelling need for the requested documents, and/or other lawfully recognized privileges that protect such documents from disclosure.

Given her objections above, Plaintiff will not produce documents in response to this request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Subject to and without waiving the foregoing objections, Plaintiff further responds as follows: Plaintiff is not withholding any responsive documents on the basis of privilege. The primary reason responsive discovery is not being produced is because Plaintiff has not raised an individual claim of wrongful termination, and Plaintiff does not seek back pay or front pay damages subsequent to her employment with Nike. Accordingly, mitigation related discovery is not relevant.  And it is thus not proportional for Plaintiff to locate, collect, and produce what Nike requests.

**REQUEST FOR PRODUCTION NO. 88:**

Any and all DOCUMENTS that in any way discuss, relate or otherwise pertain to any other lawsuits filed by PLAINTIFF or filed by others on PLAINTIFF's behalf, or any other complaints, charges, grievances or other legal or equitable claims made by PLAINTFF, or made

**PLAINTIFF LINDSAY ELIZABETH'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FOUR**
**PAGE 9**

Prince Decl. Exhibit K, Page 7 of 9

Amended Complaint and are currently in her possession, custody, or control.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Subject to and without waiving the foregoing objections, Plaintiff further responds as follows: Plaintiff is not withholding any responsive documents on the basis of privilege. Plaintiff has searched or will search within her text messages, email accounts, LinkedIn, and social media accounts (as applicable) for responsive documents. All responsive communications involving Plaintiff that relate to the factual and legal allegations of the Second Amended Complaint in her possession, custody, or control were either produced on January 26, 2024 or will be produced no later than February 23, 2024.

Dated:  February 8, 2024                    Respectfully submitted,

                                            GOLDSTEIN, BORGEN, DARDARIAN & HO

                                            _/s/Brian Denlinger_
                                            Laura L. Ho (admitted *pro hac vice*)
                                            Barry Goldstein, Of Counsel (admitted *pro hac vice*)
                                            James Kan (admitted *pro hac vice*)
                                            Byron Goldstein (admitted pro hac vice)
                                            Katharine L. Fisher (admitted pro hac vice)

                                            MARKOWITZ HERBOLD PC
                                            Laura Salerno Owens, OSB #076230
                                            David B. Markowitz, OSB #742046
                                            Harry B. Wilson, OSB #077214
                                            Anna M. Joyce, OSB #013112

                                            ACKERMANN & TILAJEF PC
                                            Craig Ackermann (admitted *pro hac vice*)
                                            cja@ackermanntilajef.com
                                            Brian Denlinger (admitted *pro hac vice*)
                                            bd@ackermanntilajef.com
                                            1180 S Beverly Drive, Suite 610
                                            Los Angeles, CA 90035
                                            Tel:  (310) 277-0614
                                            Fax:  (310) 277-0635

                                            ///

INDIA LIN BODIEN, ATTORNEY LAW
India Lin Bodien (admitted *pro hac vice*)
india@indialinbodienlaw.com
2522 North Proctor Street, #387
Tacoma, WA 98406-5338
Tel:  (253) 212-7913
Fax:  (253) 276-0081

Of Attorneys for Plaintiffs

**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Anna M. Joyce, OSB #013112**
AnnaJoyce@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204-3730
Telephone:  (503) 295-3085
Fax:  (503) 323-9105

**Laura L. Ho** (admitted *pro hac vice*)
lho@gbdhlegal.com
**Barry Goldstein, Of Counsel** (admitted *pro hac vice*)
bgoldstein@gbdhlegal.com
**James Kan** (admitted *pro hac vice*)
jkan@gbdhlegal.com
**Byron Goldstein** (admitted *pro hac vice*)
brgoldstein@gbdhlegal.com
**Katharine L. Fisher** (admitted *pro hac vice*)
kfisher@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Telephone:  (510) 763-9800
Fax:  (510) 835-1417

Attorneys for Plaintiffs
[Additional Counsel of Record listed on the Signature page]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NIKE, INC., an Oregon Corporation,<br><br>Defendant. | Case No. 3:18-cv-01477<br><br>**PLAINTIFF HEATHER HENDER'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO** |

**PLAINTIFF HEATHER HENDER'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO**

Prince Decl. Exhibit L, Page 1 of 11

seeks documents which are not relevant to the subject matter of this litigation. Plaintiff also objects that the terms "relate, [and] pertain to" are overbroad, vague, and ambiguous. Plaintiff objects to the extent the request seeks unreasonably cumulative or duplicative discovery and seeks documents that are more readily available to Defendant or already within Defendant's possession, custody or control. Plaintiff objects to Defendant's definition of "DOCUMENTS", as it is a single sentence with 304 words, 95 commas, 2 sets of parentheses, "and/or" is used 3 times, and "or" is used 24 times, and is, accordingly, overly broad and oppressive. Plaintiff objects to Defendant's definition of "PLAINTIFF" because the inclusion of all "agents and/or representatives, past or present" is overly broad, harassing, and oppressive, and not proportional to the needs of the case. Likewise, Defendant's definition of "DEFENDANT" is overly broad, vague, and ambiguous and includes persons or entities which are not relevant to the subject matter of this litigation. Plaintiff also objects to this request to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, the spousal privilege, Plaintiff's privacy rights and the privacy rights of third parties without a compelling need for the requested documents, and/or other lawfully recognized privileges that protect such documents from disclosure.

Notwithstanding these objections, and expressly reserving the same, Plaintiff responds as follows: Plaintiff will produce, by January 29, 2024, all non-privileged documents that support the referenced factual and legal allegations and are currently in her possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 86:

Any and all DOCUMENTS relating to or referring to any and all attempts by PLAINTFF to obtain employment subsequent to May 3, 2019, including, but not limited to, any and all

**PLAINTIFF HEATHER HENDER'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO**
**PAGE 20**

Prince Decl. Exhibit L, Page 2 of 11

DOCUMENTS relating to resumes and/or other records of employment history; job applications and related documentation; negotiations regarding any aspect of employment; offers of employment; correspondence, notes, memoranda and documents to and/or from any prospective employer from which employment was sought regarding interviews, applications, offers of employment, rejections of applications for employment, and reasons for PLAINTIFF's expected or actual from DEFENDANT's employ.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 86:</u>**

Plaintiff objects to this request on the ground that it is vague, ambiguous, and overbroad, in that it seeks documents which are not relevant to the subject matter of this litigation. Information regarding Plaintiff's employment subsequent to May 3, 2019 is not relevant to any party's claims or defenses, is not proportional to the needs of the case, and is not discoverable in this matter. This request is inconsistent with existing law, is unreasonable, and is unduly burdensome. Plaintiff further objects to this request because it seeks irrelevant documents where Plaintiff has not raised an individual claim of wrongful termination and thus, mitigation related discovery is not relevant. To the extent that the request seeks information regarding Plaintiff's non-Nike employment during her employment with Nike, if any, the request is not relevant to any party's claim or defense and is not discoverable. Plaintiff objects to Defendant's definition of "DOCUMENTS", as it is a single sentence with 304 words, 95 commas, 2 sets of parentheses, "and/or" is used 3 times, and "or" is used 24 times, and is, accordingly, overly broad and oppressive. Plaintiff objects to Defendant's definition of "PLAINTIFF" because the inclusion of all "agents and/or representatives, past or present" is overly broad, harassing, and oppressive, and not proportional to the needs of the case. Likewise, Defendant's definition of "DEFENDANT" is overly broad, vague, and ambiguous and includes persons or entities which

**PLAINTIFF HEATHER HENDER'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO**
**PAGE 21**

Prince Decl. Exhibit L, Page 3 of 11

are not relevant to the subject matter of this litigation. Plaintiff further objects that the enumerated list of documents purportedly encompassed by the request contains the following undefined, overbroad, vague and ambiguous terms, causing Plaintiff to speculate which documents are responsive, if any: "other records of employment history;" "negotiations" regarding "any aspect of employment;" "terms, benefits and conditions of employment;" "employment contracts," if any; "at-will employment agreements;" "any other form of income or remuneration;" and changes in . . . any other form of income or remuneration." Plaintiff also objects to this request to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, the spousal privilege, Plaintiff's privacy rights and the privacy rights of third parties without a compelling need for the requested documents, and/or other lawfully recognized privileges that protect such documents from disclosure.

Given her objections above, Plaintiff will not produce documents in response to this request.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 86:

Subject to and without waiving the foregoing objections, Plaintiff further responds as follows: Plaintiff is not withholding any responsive documents on the basis of privilege. The primary reason responsive discovery is not being produced is because Plaintiff has not raised an individual claim of wrongful termination, and Plaintiff does not seek back pay or front pay damages subsequent to her employment with Nike. Accordingly, mitigation related discovery is not relevant. And it is thus not proportional for Plaintiff to locate, collect, and produce what Nike requests.

## REQUEST FOR PRODUCTION NO. 87:

Any and all DOCUMENTS that evidence, relate to or otherwise pertain to any or all employment of PLAINTIFF by any employer or self-employment subsequent to May 3, 2019, including, but not limited to, any and all DOCUMENTS relating to resumes and/or other records

**PLAINTIFF HEATHER HENDER'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO**
**PAGE 22**

Prince Decl. Exhibit L, Page 4 of 11

of employment history; job applications and related documentation; negotiations regarding any aspect of employment; offers of employment; terms, benefits and conditions of employment; employment contracts, if any; at-will employment agreements; job title or status; applications for changes in job status; promotions transfers; job requirements; job assignments and/or responsibilities; requests for promotions, transfers, changes in job assignments and/or responsibilities, and placements and responses to said requests; evaluations and/or reviews of job performance; reprimands, warnings, discipline; complaints; responses to complaints; rates of pay, salary, wages, earnings, compensation, commissions, bonuses, or any other form of income or remuneration; changes in rate of pay, salary, wages, earnings, compensation, commissions, bonuses, or in any other form of income or remuneration; seniority; threatened or potential termination and/or other separation of employment; termination and/or other separation from employment.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 87:

Plaintiff objects to this request on the ground that it is vague, ambiguous, and overbroad, in that it seeks documents which are not relevant to the subject matter of this litigation. This request is inconsistent with existing law, is unreasonable, and is unduly burdensome. Information regarding Plaintiff's employment subsequent to her employment with Nike is not relevant to any party's claims or defenses and not discoverable in this matter. Plaintiff further objects to this request because it seeks irrelevant documents where Plaintiff has not raised an individual claim of wrongful termination and thus, mitigation related discovery is not relevant. To the extent the request seeks information regarding Plaintiff's employment with Nike, Plaintiff objects to the request because it seeks unreasonably cumulative or duplicative discovery and seeks documents that are more readily available to Defendant or already within Defendant's possession, custody

**PLAINTIFF HEATHER HENDER'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO**
**PAGE 23**

Prince Decl. Exhibit L, Page 5 of 11

or control. To the extent that the request seeks information regarding Plaintiff's non-Nike

employment during her employment with Nike, if any, the request is not relevant to any party's

claim or defense and is not discoverable. Plaintiff objects to Defendant's definition of

"DOCUMENTS", as it is a single sentence with 304 words, 95 commas, 2 sets of parentheses,

"and/or" is used 3 times, and "or" is used 24 times, and is, accordingly, overly broad and

oppressive. Plaintiff objects to Defendant's definition of "PLAINTIFF" because the inclusion of

all "agents and/or representatives, past or present" is overly broad, harassing, and oppressive,

and not proportional to the needs of the case. Plaintiff further objects that the enumerated list of

documents purportedly encompassed by the request contains the following undefined, overbroad,

vague and ambiguous terms, causing Plaintiff to speculate which documents are responsive, if

any: "other records of employment history;" "negotiations" regarding "any aspect of

employment;" "terms, benefits and conditions of employment;" "employment contracts, if any";

"at-will employment agreements;" "any other form of income or remuneration;" and "changes in

. . . any other form of income or remuneration." Plaintiff also objects to this request to the extent

that it seeks information protected by the attorney work product doctrine, the attorney-client

privilege, the spousal privilege, Plaintiff's privacy rights and the privacy rights of third parties

without a compelling need for the requested documents, and/or other lawfully recognized

privileges that protect such documents from disclosure.

       Given her objections above, Plaintiff will not produce documents in response to this

request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

       Subject to and without waiving the foregoing objections, Plaintiff further responds as

follows: Plaintiff is not withholding any responsive documents on the basis of privilege. The

primary reason responsive discovery is not being produced is because Plaintiff has not raised an

PLAINTIFF HEATHER HENDER'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR
PRODUCTION OF DOCUMENTS, SET TWO
PAGE 24

Prince Decl. Exhibit L, Page 6 of 11

individual claim of wrongful termination, and Plaintiff does not seek back pay or front pay damages subsequent to her employment with Nike. Accordingly, mitigation related discovery is not relevant.  And it is thus not proportional for Plaintiff to locate, collect, and produce what Nike requests.

## REQUEST FOR PRODUCTION NO. 88:

W-2 forms and/or all other DOCUMENTS that evidence, relate or refer to the amount and source of income earned or received by PLAINTIFF for the years 2019 to present; including, but not limited to, monies received from self-employment, other employers, and/or the federal, state or local government.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 88:

Plaintiff objects to this request on the ground that it is vague, ambiguous, and overbroad, in that it seeks documents which are not relevant to the subject matter of this litigation. Plaintiff also objects that the terms "relate" and "refer to" are overbroad, vague, and ambiguous.  This request is inconsistent with existing law, is unreasonable, and is unduly burdensome. Information regarding Plaintiff's W-2 forms and/or all other documents that relate to income earned or received for the years 2019 to present, and subsequent to her employment with Nike, is not relevant to any party's claims or defenses and not discoverable in this matter. To the extent the request seeks information regarding Plaintiff's employment with Nike, Plaintiff objects to the request because it seeks unreasonably cumulative or duplicative discovery and seeks documents that are more readily available to Defendant or already within Defendant's possession, custody or control. To the extent that the request seeks information regarding Plaintiff's non-Nike employment during her employment with Nike, if any, the request is not relevant to any party's claim or defense and is not discoverable. Plaintiff further objects to this request because it seeks irrelevant documents where Plaintiff has not raised an individual claim of wrongful termination

**PLAINTIFF HEATHER HENDER'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO**
**PAGE 25**

Prince Decl. Exhibit L, Page 7 of 11

and thus, mitigation related discovery is not relevant. Plaintiff objects that this request is overbroad and intrusive in that it seeks sensitive personal financial documents with information which is not relevant to the subject matter of this litigation. Accordingly, Plaintiff's privacy interest outweighs Defendant's purported need for production because the information sought is not relevant to any claims or defenses and there is no compelling need for disclosure. Plaintiff objects to Defendant's definition of "DOCUMENTS", as it is a single sentence with 304 words, 95 commas, 2 sets of parentheses, "and/or" is used 3 times, and "or" is used 24 times, and is, accordingly, overly broad and oppressive. Plaintiff further objects that the request for "DOCUMENTS that evidence, relate or refer to the amount and source of income earned or received" is vague and ambiguous, causing Plaintiff to speculate which documents are responsive, if any. Plaintiff objects to Defendant's definition of "PLAINTIFF" because the inclusion of all "agents and/or representatives, past or present" is overly broad, harassing, and oppressive. Plaintiff also objects to this request to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, the spousal privilege, Plaintiff's privacy rights and the privacy rights of third parties without a compelling need for the requested documents, and/or other lawfully recognized privileges that protect such documents from disclosure.

Given her objections above, Plaintiff will not produce documents in response to this request.

### SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 88:

Subject to and without waiving the foregoing objections, Plaintiff further responds as follows: Plaintiff is not withholding any responsive documents on the basis of privilege. The primary reason responsive discovery is not being produced is because Plaintiff has not raised an individual claim of wrongful termination, and Plaintiff does not seek back pay or front pay

**PLAINTIFF HEATHER HENDER'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO**
**PAGE 26**

Prince Decl. Exhibit L, Page 8 of 11

damages subsequent to her employment with Nike. Accordingly, mitigation related discovery is not relevant.  And it is thus not proportional for Plaintiff to locate, collect, and produce what Nike requests.

**REQUEST FOR PRODUCTION NO. 89:**

Any and all DOCUMENTS that in any way discuss, relate or otherwise pertain to any other lawsuits filed by PLAINTIFF or filed by others on PLAINTIFF's behalf, or any other complaints, charges, grievances or other legal or equitable claims made by PLAINTFF, or made by others on PLAINTIFF's behalf, against an employer from May 3, 2019 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Plaintiff objects to this request as overbroad, vague, and ambiguous and because it seeks documents which are not relevant to the subject matter of this litigation. Documents that "…relate or otherwise pertain to any other lawsuits filed by PLAINTIFF or filed by others on PLAINTIFF's behalf, or any other complaints, charges, grievances or other legal or equitable claims made by PLAINTFF, or made by others on PLAINTIFF's behalf, against an employer…" are not relevant to the subject matter of the litigation, and the request is not proportional to the needs of the case. Plaintiff objects that the enumerated list of documents purportedly encompassed by the request contains the following undefined, overbroad, vague and ambiguous terms, causing Plaintiff to speculate which documents are responsive, if any: "lawsuits filed by PLAINTIFF;" "lawsuits…filed by others on PLAINTIFF'S behalf;" "complaints;" "charges;" "grievances;" and "legal or equitable claims." Plaintiff objects to the term "made by others on PLAINTIFF's behalf" because it causes Plaintiff to speculate as to what documents, if any, are responsive, and because is vague, ambiguous, and overbroad, and purports to seek all documents relating to, for example, class action lawsuits wherein Plaintiff was an absent class member. Plaintiff also objects to this request because it seeks information from third-party "others" and,

**PLAINTIFF HEATHER HENDER'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO**
**PAGE 27**

Prince Decl. Exhibit L, Page 9 of 11

information protected by the attorney work product doctrine, the attorney-client privilege, Plaintiff's privacy rights and the privacy rights of third parties without a compelling need for the requested documents, and/or other lawfully recognized privileges that protect such documents from disclosure.

Notwithstanding these objections, and expressly reserving the same, Plaintiff responds as follows: Plaintiff has searched within her email account, her personal phones, and through personal bins. Plaintiff is not aware of responsive documents in her possession, custody or control at this time.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Subject to and without waiving the foregoing objections, Plaintiff further responds as follows: Plaintiff is not withholding any responsive documents on the basis of privilege. Plaintiff has searched or will search within her text messages, email accounts, LinkedIn, and social media accounts (as applicable) for responsive documents. All responsive communications involving Plaintiff that relate to the factual and legal allegations of the Second Amended Complaint in her possession, custody, or control were either produced on January 26, 2024 or will be produced no later than February 23, 2024.

Dated:  February 8, 2024                    Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

 _/s/Brian Denlinger_
Laura L. Ho (admitted *pro hac vice*)
Barry Goldstein, Of Counsel (admitted *pro hac vice*)
James Kan (admitted *pro hac vice*)
Byron Goldstein (admitted *pro hac vice*)
Katharine L. Fisher (admitted *pro hac vice*)

**PLAINTIFF HEATHER HENDER'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO**
**PAGE 30**

Prince Decl. Exhibit L, Page 10 of 11

MARKOWITZ HERBOLD PC
Laura Salerno Owens, OSB #076230
David B. Markowitz, OSB #742046
Harry B. Wilson, OSB #077214
Anna M. Joyce, OSB #013112

ACKERMANN & TILAJEF PC
Craig Ackermann (admitted *pro hac vice*)
cja@ackermanntilajef.com
Brian Denlinger (admitted *pro hac vice*)
bd@ackermanntilajef.com
1180 S Beverly Drive, Suite 610
Los Angeles, CA 90035
Tel:  (310) 277-0614
Fax:  (310) 277-0635

INDIA LIN BODIEN, ATTORNEY LAW
India Lin Bodien (admitted *pro hac vice*)
india@indialinbodienlaw.com
2522 North Proctor Street, #387
Tacoma, WA 98406-5338
Tel:  (253) 212-7913
Fax:  (253) 276-0081

Of Attorneys for Plaintiffs

**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Kathryn P. Roberts, OSB #064854**
KathrynRoberts@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085 | Fax: (503) 323-9105

**Laura L. Ho** (admitted *pro hac vice*)
lho@gbdhlegal.com
**Barry Goldstein, Of Counsel** (admitted *pro hac vice*)
bgoldstein@gbdhlegal.com
**James Kan** (admitted *pro hac vice*)
jkan@gbdhlegal.com
**Byron Goldstein** (admitted *pro hac vice*)
brgoldstein@gbdhlegal.com
**Katharine L. Fisher** (admitted *pro hac vice*)
kfisher@gbdhlegal.com
**Mengfei Sun** (admitted *pro hac vice*)
msun@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
Telephone: (510) 763-9800 | Fax: (510) 835-1417

Counsel for Plaintiffs
[Additional Counsel of Record listed on Signature page]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al., individually and on behalf of others similarly situated,<br><br>                                        Plaintiffs,<br><br>vs.<br><br>NIKE, INC., an Oregon Corporation,<br>                                        Defendant. | Case No. 3:18-cv-01477-JR<br><br>**PLAINTIFF KELLY CAHILL'S RESPONSES TO DEFENDANT NIKE, INC.'S INTERROGATORIES TO PLAINTIFF KELLY CAHILL** |

Prince Decl. Exhibit M, Page 1 of 8

were involved in setting each Plaintiff's starting pay, their salary increases, and their PSP bonuses; all those involved in drafting the Offer Intake Form, including each such person in total rewards; total rewards employees; talent acquisition employees; human resources business partners; all those who have been identified and will be identified as having made a Starfish survey complaint or are witnesses to any such complaint; all those who gathered any facts related to any investigation of a Starfish complaint; all those who were involved in any executive's involuntary or Nike-requested departure, including anyone involved in gathering facts concerning allegations against such executive, since 2013, including David Ayre, Trevor Edwards, Jayme Martin, William Dennings, Joaquin Hidalgo, Michael Jackson, Greg Thompson, Greg Hoffman, Daniel Tawiah, Steve Lesnard, Simon Pestridge, Antoine Andrews, Lee Holman, Charlie Denson; Melanie Strong; ████████████████ Genevieve Long; █████████████████████████████ ████████████████ Monique Matheson; Jayme Martin; Trevor Edwards; Steven Conroy; Tyler Allen; ██████████████████████████████████████████ ████ Meredith Marlin; Elvira Corey; Lenley Keyes; Beth Rosenberger; David Buckmaster; Shelli White; Zack Vinton; Zack Wells; Daniel Westling; Daniel Laboe; Nicole Neuberger; Mark Parker; Pamela Parker; Sheena Compton; Treasure Heinle.

## INTERROGATORY NO. 2

Referring to the damages claimed by YOU in the Complaint, including but not limited to back pay, front pay, compensatory damages, punitive damages, reinstatement, attorneys' fees and costs, and other damages YOU intend to seek, describe fully and specifically each category of costs, expenses, and damages attributed to each claim. For each such category, provide a full and specific explanation of how YOU calculated the damages referred to in the Complaint, and every fact upon which YOU base YOUR damage calculations and allegations regarding damages, the

PLAINTIFF KELLY CAHILL'S RESPONSES TO DEFENDANT NIKE, INC.'S INTERROGATORIES
PAGE 5

Prince Decl. Exhibit M, Page 2 of 8

identity of all persons with knowledge or information concerning the above, and the identity of all documents relating to or reflecting YOUR answer to this Interrogatory.

## ANSWER TO INTERROGATORY NO. 2

Plaintiff objects to this interrogatory on the ground that it is vague and ambiguous as to the terms "fact," "category," identity," "full/fully" and "specific/specifically" as those terms are undefined, leaving Plaintiff to speculate as to what information, if any, is responsive. Additionally, the terms "all persons" and "all documents" are overbroad. Plaintiff further objects to this request as compound and consisting of at least two interrogatories within the meaning of FRCP 33(a) because it asks Plaintiff to (1) "provide a full and specific explanation of how [Plaintiff] calculated the damages referred to in the Complaint, and every fact upon which [Plaintiff bases her] damage calculations and allegations regarding damages, [and] the identity of all persons with knowledge or information concerning the above"; and (2) identify "all documents relating to or reflecting [Plaintiff's] answer." Unless otherwise stipulated or ordered by the court, a party may serve on any party no more than 25 written interrogatories, including all discrete subparts. Fed. R. Civ. P. 33(a)(1). The law is clear that "an interrogatory that asks for information and also asks for the identification of documents relating to that information should be counted as two separate interrogatories." *Ott v. Mortg. Inv'rs Corp. of Ohio, Inc.*, No. 3:14-cv-00645-ST, 2015 U.S. Dist. LEXIS 19050, at *3 (D. Or. Feb. 17, 2015) (citing *Kendall v. GES Exposition Servs.*, 174 F.R.D. 684, 686 (D. Nev. 1997)); *Banks v. Office of the Senate Sergeant—At—Arms*, 222 FRD 7, 10 (D.D.C. 2004) ("knowing that an event occurred is entirely different from learning about documents that evidence it occurred"); *see also Thomas v. Yates*, No. 1:05-cv-01198-LJO-JMD-HC, 2009 U.S. Dist. LEXIS 99791, at *12-14 (E.D. Cal. Oct. 8, 2009) (holding that an interrogatory asking whether the responding party had a specific policy, and its subpart, which

PLAINTIFF KELLY CAHILL'S RESPONSES TO DEFENDANT NIKE, INC.'S INTERROGATORIES
PAGE 6

Prince Decl. Exhibit M, Page 3 of 8

asked the responding party to "identify all documents in which that policy is or was memorialized, including but not limited to communications," constituted two separate inquiries and therefore two separate interrogatories). Plaintiff also objects to this request to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, the spousal privilege, Plaintiff's privacy rights and the privacy rights of third parties without a compelling need for the requested information, and/or other lawfully recognized privileges that protect such information from disclosure. Nike has failed to preserve discovery required by the Uniform Guidelines on Employee Selection Procedure. Nike has failed to preserve discovery it was required to preserve. Nike has withheld relevant discovery responsive to Plaintiffs' discovery requests, and Nike has misrepresented the existence of discovery to Plaintiffs and the Court. Plaintiff has not yet completed discovery and investigation of the facts giving rise to this action, and therefore, is not in a position to provide a full description of each category of damages, costs, and expenses attributed to each claim yet.

Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Plaintiff does not seek back pay or front pay damages subsequent to her employment with Nike. Plaintiff seeks back pay for lost compensation during her Nike employment, associated interest (including subsequent to her employment at Nike), plus liquidated damages, exemplary and punitive damages, attorneys' fees, and costs. I also seek all other relief a Court deems proper. Punitive damages, including because of Nike's pattern or practice of discrimination, destruction of and refusal to produce relevant materials, Nike's knowledge of discrimination and failure to address, condoning of discrimination, especially by executives. For identities of persons who may have knowledge or information concerning my damages, see Answer to Interrogatory No. 1.

PLAINTIFF KELLY CAHILL'S RESPONSES TO DEFENDANT NIKE, INC.'S INTERROGATORIES
PAGE 7

Prince Decl. Exhibit M, Page 4 of 8

## INTERROGATORY NO. 3

Identify every lawsuit, legal action or legal matter (including criminal, civil, bankruptcy, and workers' compensation) in which YOU have participated, whether as a witness, party, or other type of participant (including participating as an opt-in plaintiff), including the nature of YOUR participation, the name of the lawsuit or legal action, the court in which the lawsuit or legal action was filed, the court file number, the dates on which the lawsuit or legal action was filed, the nature of the issues in the lawsuit or legal action, and the outcome of the lawsuit or legal action.

## ANSWER TO INTERROGATORY NO. 3

Plaintiff objects to this interrogatory as overbroad, vague, and ambiguous and because it seeks information that is not relevant to the subject matter of this litigation. Specifically, information regarding "every lawsuit, legal action or legal matter (including criminal, civil, bankruptcy, and workers' compensation) in which [Plaintiff] has participated" in any capacity, without any sort of time limitation, is not relevant to the subject matter of the litigation that is focused on discrimination by Nike, and the request is not proportional to the needs of the case. Additionally, the terms "identify," "participated," "legal matter," "other type of participant," and "nature" are vague and ambiguous as they are undefined, forcing Plaintiff to have to speculate as to what information, if any, is responsive. Plaintiff also objects to this request to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, the spousal privilege, Plaintiff's privacy rights and the privacy rights of third parties without a compelling need for the requested information, and/or other lawfully recognized privileges that protect such information from disclosure.

Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Since her employment with Nike ended and through the present, Plaintiff has not filed any other

PLAINTIFF KELLY CAHILL'S RESPONSES TO DEFENDANT NIKE, INC.'S INTERROGATORIES
PAGE 8

Prince Decl. Exhibit M, Page 5 of 8

take reasonable steps to address the disparities.  Nike's job descriptions, job levels, job families,

leveling criteria, and Nike's uses of the foregoing.


Dated:  March 14, 2024                    Objections by:

                                          ACKERMANN & TILAJEF, P.C.

                                          */s/ Craig J. Ackermann*
                                          _____
                                          Craig Ackermann (admitted *pro hac vice*)
                                          cja@ackermanntilajef.com
                                          Brian Denlinger (admitted pro hac vice)
                                          bd@ackermanntilajef.com
                                          315 S Beverly Drive, Suite 504
                                          Beverly Hills, CA 90212
                                          Tel:  (310) 277-0614
                                          Fax:  (310) 277-0635

                                          GOLDSTEIN, BORGEN, DARDARIAN & HO
                                          Laura L. Ho (*pro hac vice*)
                                          lho@gbdhlegal.com
                                          Barry Goldstein, Of Counsel (*pro hac vice*)
                                          bgoldstein@gbdhlegal.com
                                          James Kan (*pro hac vice*)
                                          jkan@gbdhlegal.com
                                          Byron Goldstein (*pro hac vice*)
                                          brgoldstein@gbdhlegal.com
                                          Katharine L. Fisher (*pro hac vice*)
                                          kfisher@gbdhlegal.com
                                          Mengfei Sun (*pro hac vice*)
                                          msun@gbdhlegal.com

                                          MARKOWITZ HERBOLD PC
                                          Laura Salerno Owens, OSB #076230
                                          David B. Markowitz, OSB #742046
                                          Harry B. Wilson, OSB #077214
                                          Kathryn P. Roberts, OSB #064854

                                          INDIA LIN BODIEN, ATTORNEY AT LAW
                                          India Lin Bodien (admitted *pro hac vice*)
                                          india@indialinbodienlaw.com
                                          2522 North Proctor Street, #387
                                          Tacoma, WA 98406-5338
                                          Tel:  (253) 503-1672
                                          Fax:    (253) 276-0081

Prince Decl. Exhibit M, Page 6 of 8

Attorneys for Plaintiffs

PLAINTIFF KELLY CAHILL'S RESPONSES TO DEFENDANT NIKE, INC.'S INTERROGATORIES
PAGE 64

Prince Decl. Exhibit M, Page 7 of 8

## <u>VERIFICATION</u>

I, Kelly Cahill, certify:

I am a former employee of Nike, Inc. ("Nike") and a Plaintiff in the above-captioned matter. I have read PLAINTIFF KELLY CAHILL'S RESPONSES TO DEFENDANT NIKE, INC.'S INTERROGATORIES TO PLAINTIF KELLY CAHILL. I know the contents therein or they are based on information and belief and I believe them to be true, except as to the objections, which are entered by my counsel. I state under penalty of perjury that the foregoing is true and correct. Executed on _3/12/2024 | 9:02 AM PDT_____.

DocuSigned by:

*kelly Cahill*

486CF2DE09C444B...

KELLY CAHILL

PLAINTIFF KELLY CAHILL'S RESPONSES TO DEFENDANT NIKE, INC.'S INTERROGATORIES
PAGE 65

Prince Decl. Exhibit M, Page 8 of 8

**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Kathryn P. Roberts, OSB #064854**
KathrynRoberts@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone:  (503) 295-3085 | Fax:  (503) 323-9105

**Laura L. Ho** (admitted *pro hac vice*)
lho@gbdhlegal.com
**Barry Goldstein, Of Counsel** (admitted *pro hac vice*)
bgoldstein@gbdhlegal.com
**James Kan** (admitted *pro hac vice*)
jkan@gbdhlegal.com
**Byron Goldstein** (admitted *pro hac vice*)
brgoldstein@gbdhlegal.com
**Katharine L. Fisher** (admitted *pro hac vice*)
kfisher@gbdhlegal.com
**Mengfei Sun** (admitted *pro hac vice*)
msun@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
Telephone:  (510) 763-9800 | Fax:  (510) 835-1417

Counsel for Plaintiffs
[Additional Counsel of Record listed on Signature page]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al., individually and on behalf of others similarly situated,<br><br>                                           Plaintiffs,<br><br>vs.<br><br>NIKE, INC., an Oregon Corporation,<br><br>                                           Defendant. | Case No. 3:18-cv-01477-JR<br><br>**PLAINTIFF LINDSAY ELIZABETH'S RESPONSES TO DEFENDANT NIKE, INC.'S INTERROGATORIES TO PLAINTIFF LINDSAY ELIZABETH** |

PLAINTIFF LINDSAY ELIZABETH'S RESPONSES TO DEFENDANT NIKE, INC.'S INTERROGATORIES
PAGE 1

Prince Decl. Exhibit N, Page 1 of 8

were involved in setting each Plaintiff's starting pay, their salary increases, and their PSP bonuses; all those involved in drafting the Offer Intake Form, including each such person in total rewards; total rewards employees; talent acquisition employees; human resources business partners; all those who have been identified and will be identified as having made a Starfish survey complaint or are witnesses to any such complaint; all those who gathered any facts related to any investigation of a Starfish complaint; all those who were involved in any executive's involuntary or Nike-requested departure, including anyone involved in gathering facts concerning allegations against such executive, since 2013, including David Ayre, Trevor Edwards, Jayme Martin, William Dennings, Joaquin Hidalgo, Michael Jackson, Greg Thompson, Greg Hoffman, Daniel Tawiah, Steve Lesnard, Simon Pestridge, Antoine Andrews, Lee Holman, Charlie Denson; Melanie Strong; ██████████████ Genevieve Long; ████████████████████████ ████████████ Monique Matheson; Jayme Martin; Trevor Edwards; Steven Conroy; Tyler Allen; ████████████████████████████████ ████ Meredith Marlin; Elvira Corey; Lenley Keyes; Beth Rosenberger; David Buckmaster; Shelli White; Zack Vinton; Zack Wells; Daniel Westling; Daniel Laboe; Nicole Neuberger; Mark Parker; Pamela Parker; Sheena Compton; Treasure Heinle.

## INTERROGATORY NO. 2

Referring to the damages claimed by YOU in the Complaint, including but not limited to back pay, front pay, compensatory damages, punitive damages, reinstatement, attorneys' fees and costs, and other damages YOU intend to seek, describe fully and specifically each category of costs, expenses, and damages attributed to each claim. For each such category, provide a full and specific explanation of how YOU calculated the damages referred to in the Complaint, and every fact upon which YOU base YOUR damage calculations and allegations regarding damages, the

PLAINTIFF LINDSAY ELIZABETH'S RESPONSES TO DEFENDANT NIKE, INC.'S INTERROGATORIES
PAGE 5

Prince Decl. Exhibit N, Page 2 of 8

identity of all persons with knowledge or information concerning the above, and the identity of all documents relating to or reflecting YOUR answer to this Interrogatory.

## ANSWER TO INTERROGATORY NO. 2

Plaintiff objects to this interrogatory on the ground that it is vague and ambiguous as to the terms "fact," "category," identity," "full/fully" and "specific/specifically" as those terms are undefined, leaving Plaintiff to speculate as to what information, if any, is responsive. Additionally, the terms "all persons" and "all documents" are overbroad. Plaintiff further objects to this request as compound and consisting of at least two interrogatories within the meaning of FRCP 33(a) because it asks Plaintiff to (1) "provide a full and specific explanation of how [Plaintiff] calculated the damages referred to in the Complaint, and every fact upon which [Plaintiff bases her] damage calculations and allegations regarding damages, [and] the identity of all persons with knowledge or information concerning the above"; and (2) identify "all documents relating to or reflecting [Plaintiff's] answer." Unless otherwise stipulated or ordered by the court, a party may serve on any party no more than 25 written interrogatories, including all discrete subparts. Fed. R. Civ. P. 33(a)(1). The law is clear that "an interrogatory that asks for information and also asks for the identification of documents relating to that information should be counted as two separate interrogatories." *Ott v. Mortg. Inv'rs Corp. of Ohio, Inc.*, No. 3:14-cv-00645-ST, 2015 U.S. Dist. LEXIS 19050, at *3 (D. Or. Feb. 17, 2015) (citing *Kendall v. GES Exposition Servs.*, 174 F.R.D. 684, 686 (D. Nev. 1997)); *Banks v. Office of the Senate Sergeant—At—Arms*, 222 FRD 7, 10 (D.D.C. 2004) ("knowing that an event occurred is entirely different from learning about documents that evidence it occurred"); *see also Thomas v. Yates*, No. 1:05-cv-01198-LJO-JMD-HC, 2009 U.S. Dist. LEXIS 99791, at *12-14 (E.D. Cal. Oct. 8, 2009) (holding that an interrogatory asking whether the responding party had a specific policy, and its subpart, which

PLAINTIFF LINDSAY ELIZABETH'S RESPONSES TO DEFENDANT NIKE, INC.'S INTERROGATORIES
PAGE 6

Prince Decl. Exhibit N, Page 3 of 8

asked the responding party to "identify all documents in which that policy is or was memorialized, including but not limited to communications," constituted two separate inquiries and therefore two separate interrogatories). Plaintiff also objects to this request to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, the spousal privilege, Plaintiff's privacy rights and the privacy rights of third parties without a compelling need for the requested information, and/or other lawfully recognized privileges that protect such information from disclosure. Nike has failed to preserve discovery required by the Uniform Guidelines on Employee Selection Procedure. Nike has failed to preserve discovery it was required to preserve. Nike has withheld relevant discovery responsive to Plaintiffs' discovery requests, and Nike has misrepresented the existence of discovery to Plaintiffs and the Court. Plaintiff has not yet completed discovery and investigation of the facts giving rise to this action, and therefore, is not in a position to provide a full description of each category of damages, costs, and expenses attributed to each claim yet.

Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Plaintiff does not seek back pay or front pay damages subsequent to her employment with Nike. Plaintiff seeks back pay for lost compensation during her Nike employment, associated interest (including subsequent to her employment at Nike), plus liquidated damages, exemplary and punitive damages, attorneys' fees, and costs. I also seek all other relief a Court deems proper. Punitive damages, including because of Nike's pattern or practice of discrimination, destruction of and refusal to produce relevant materials, Nike's knowledge of discrimination and failure to address, condoning of discrimination, especially by executives. For identities of persons who may have knowledge or information concerning my damages, see Answer to Interrogatory No. 1.

PLAINTIFF LINDSAY ELIZABETH'S RESPONSES TO DEFENDANT NIKE, INC.'S INTERROGATORIES
PAGE 7

Prince Decl. Exhibit N, Page 4 of 8

**INTERROGATORY NO. 3**

Identify every lawsuit, legal action or legal matter (including criminal, civil, bankruptcy, and workers' compensation) in which YOU have participated, whether as a witness, party, or other type of participant (including participating as an opt-in plaintiff), including the nature of YOUR participation, the name of the lawsuit or legal action, the court in which the lawsuit or legal action was filed, the court file number, the dates on which the lawsuit or legal action was filed, the nature of the issues in the lawsuit or legal action, and the outcome of the lawsuit or legal action.

**ANSWER TO INTERROGATORY NO. 3**

Plaintiff objects to this interrogatory as overbroad, vague, and ambiguous and because it seeks information that is not relevant to the subject matter of this litigation. Specifically, information regarding "every lawsuit, legal action or legal matter (including criminal, civil, bankruptcy, and workers' compensation) in which [Plaintiff] has participated" in any capacity, without any sort of time limitation, is not relevant to the subject matter of the litigation that is focused on discrimination by Nike, and the request is not proportional to the needs of the case. Additionally, the terms "identify," "participated," "legal matter," "other type of participant," and "nature" are vague and ambiguous as they are undefined, forcing Plaintiff to have to speculate as to what information, if any, is responsive. Plaintiff also objects to this request to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, the spousal privilege, Plaintiff's privacy rights and the privacy rights of third parties without a compelling need for the requested information, and/or other lawfully recognized privileges that protect such information from disclosure.

Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Since her employment with Nike ended and through the present, Plaintiff has not filed any other

PLAINTIFF LINDSAY ELIZABETH'S RESPONSES TO DEFENDANT NIKE, INC.'S INTERROGATORIES
PAGE 8

Prince Decl. Exhibit N, Page 5 of 8

analysis will show, for example, that between 2015 to 2019, Nike paid female salaried employees below the VP level, including Plaintiffs, less in base pay and bonuses than men working in comparable jobs even when controlling for age, tenure, time in position, and performance ratings; Nike paid women, including Plaintiffs, less per year in starting base pay than men who were hired into the same jobs between 2015 to 2019; and Nike paid incumbent women less in base pay and bonuses than men in similar jobs from 2017 to 2019. *See, e.g.*, Neumark Rebuttal ¶ 39 & 22, ECF No. 278-2, at Table R6, col. 4, Panel C; Neumark Report ¶ 58 & 57, ECF No. 278-1, at Table 6, col. 4; Neumark Report 55, ECF No. 278-1, at Table 4, col. 6, Panel C (all incorporated into Plaintiff's answer by reference pursuant to Fed. R. Civ. P. 33(d)). Additionally, an analysis of data comparing Plaintiffs to their comparators, including male employees in the same job code and/or job subfamily level as Plaintiffs, many of whom Plaintiffs have already identified in discovery requests to and correspondence with Nike, will show that Plaintiffs were compensated and promoted less and received less favorable compensation and promotion terms than male employees. Project Starfish, the Starfish complaints, Nike's investigations of complaints related to Starfish, and Nike's responses to such complaints. Nike's inability to produce contemporaneous materials with the actual reasons that were used for compensation or promotion decisions that can show Nike's alleged defenses or reasons for compensation or promotion decisions. Nike's failure to conduct a sufficient pay equity or promotion analysis concerning disparities between men and women for business reasons and to take reasonable steps to address the disparities. Nike's job descriptions, job levels, job families, leveling criteria, and Nike's uses of the foregoing.

Dated:  March 14, 2024          Objections by:

ACKERMANN & TILAJEF, P.C.

PLAINTIFF LINDSAY ELIZABETH'S RESPONSES TO DEFENDANT NIKE, INC.'S INTERROGATORIES
PAGE 67

Prince Decl. Exhibit N, Page 6 of 8

*/s/ Craig J. Ackermann*

Craig Ackermann (admitted *pro hac vice*)
cja@ackermanntilajef.com
Brian Denlinger (admitted pro hac vice)
bd@ackermanntilajef.com
315 S Beverly Drive, Suite 504
Beverly Hills, CA 90212
Tel:  (310) 277-0614
Fax:  (310) 277-0635

GOLDSTEIN, BORGEN, DARDARIAN & HO
Laura L. Ho (*pro hac vice*)
lho@gbdhlegal.com
Barry Goldstein, Of Counsel (*pro hac vice*)
bgoldstein@gbdhlegal.com
James Kan (*pro hac vice*)
jkan@gbdhlegal.com
Byron Goldstein (*pro hac vice*)
brgoldstein@gbdhlegal.com
Katharine L. Fisher (*pro hac vice*)
kfisher@gbdhlegal.com
Mengfei Sun (*pro hac vice*)
msun@gbdhlegal.com

MARKOWITZ HERBOLD PC
Laura Salerno Owens, OSB #076230
David B. Markowitz, OSB #742046
Harry B. Wilson, OSB #077214
Kathryn P. Roberts, OSB #064854

INDIA LIN BODIEN, ATTORNEY AT LAW
India Lin Bodien (admitted *pro hac vice*)
india@indialinbodienlaw.com
2522 North Proctor Street, #387
Tacoma, WA 98406-5338
Tel:  (253) 503-1672
Fax:    (253) 276-0081

Attorneys for Plaintiffs

PLAINTIFF LINDSAY ELIZABETH'S RESPONSES TO DEFENDANT NIKE, INC.'S INTERROGATORIES
PAGE 68

Prince Decl. Exhibit N, Page 7 of 8

## **VERIFICATION**

I, Lindsay Elizabeth, certify:

I am a former employee of Nike, Inc. ("Nike") and a Plaintiff in the above-captioned

matter. I have read PLAINTIFF LINDSAY ELIZABETH'S RESPONSES TO DEFENDANT

NIKE, INC.'S INTERROGATORIES TO PLAINTIF LINDSAY ELIZABETH. I know the

contents therein or they are based on information and belief and I believe them to be true, except

as to the objections, which are entered by my counsel. I state under penalty of perjury that the

foregoing is true and correct. Executed on ___3/14/2024 | 3:39 PM PDT___.

DocuSigned by:

_____
6B32BD2B4B3E46D...

LINDSAY ELIZABETH

PLAINTIFF LINDSAY ELIZABETH'S RESPONSES TO DEFENDANT NIKE, INC.'S INTERROGATORIES
PAGE 69

Prince Decl. Exhibit N, Page 8 of 8

**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Kathryn P. Roberts, OSB #064854**
KathrynRoberts@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone:  (503) 295-3085 | Fax:  (503) 323-9105

**Laura L. Ho** (admitted *pro hac vice*)
lho@gbdhlegal.com
**Barry Goldstein, Of Counsel** (admitted *pro hac vice*)
bgoldstein@gbdhlegal.com
**James Kan** (admitted *pro hac vice*)
jkan@gbdhlegal.com
**Byron Goldstein** (admitted *pro hac vice*)
brgoldstein@gbdhlegal.com
**Katharine L. Fisher** (admitted *pro hac vice*)
kfisher@gbdhlegal.com
**Mengfei Sun** (admitted *pro hac vice*)
msun@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
Telephone:  (510) 763-9800 | Fax:  (510) 835-1417

Counsel for Plaintiffs
[Additional Counsel of Record listed on Signature page]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al., individually and on behalf of others similarly situated,<br><br>          Plaintiffs,<br><br>vs.<br><br>NIKE, INC., an Oregon Corporation,<br><br>          Defendant. | Case No. 3:18-cv-01477-JR<br><br>**PLAINTIFF HEATHER HENDER'S RESPONSES TO DEFENDANT NIKE, INC.'S INTERROGATORIES TO PLAINTIFF HEATHER HENDER** |

PLAINTIFF HEATHER HENDER'S RESPONSES TO DEFENDANT NIKE, INC.'S INTERROGATORIES
PAGE 1

Prince Decl. Exhibit O, Page 1 of 8

were involved in setting each Plaintiff's starting pay, their salary increases, and their PSP bonuses; all those involved in drafting the Offer Intake Form, including each such person in total rewards; total rewards employees; talent acquisition employees; human resources business partners; all those who have been identified and will be identified as having made a Starfish survey complaint or are witnesses to any such complaint; all those who gathered any facts related to any investigation of a Starfish complaint; all those who were involved in any executive's involuntary or Nike-requested departure, including anyone involved in gathering facts concerning allegations against such executive, since 2013, including David Ayre, Trevor Edwards, Jayme Martin, William Dennings, Joaquin Hidalgo, Michael Jackson, Greg Thompson, Greg Hoffman, Daniel Tawiah, Steve Lesnard, Simon Pestridge, Antoine Andrews, Lee Holman, Charlie Denson; Melanie Strong; ███████████████ Genevieve Long; ███████████████████████████ ███████████████ Monique Matheson; Jayme Martin; Trevor Edwards; Steven Conroy; Tyler Allen; ██████████████████████████████████████ ████ Meredith Marlin; Elvira Corey; Lenley Keyes; Beth Rosenberger; David Buckmaster; Shelli White; Zack Vinton; Zack Wells; Daniel Westling; Daniel Laboe; Nicole Neuberger; Mark Parker; Pamela Parker; Sheena Compton; Treasure Heinle.

## INTERROGATORY NO. 2

Referring to the damages claimed by YOU in the Complaint, including but not limited to back pay, front pay, compensatory damages, punitive damages, reinstatement, attorneys' fees and costs, and other damages YOU intend to seek, describe fully and specifically each category of costs, expenses, and damages attributed to each claim. For each such category, provide a full and specific explanation of how YOU calculated the damages referred to in the Complaint, and every fact upon which YOU base YOUR damage calculations and allegations regarding damages, the

PLAINTIFF HEATHER HENDER'S RESPONSES TO DEFENDANT NIKE, INC.'S INTERROGATORIES
PAGE 5

Prince Decl. Exhibit O, Page 2 of 8

identity of all persons with knowledge or information concerning the above, and the identity of all documents relating to or reflecting YOUR answer to this Interrogatory.

## ANSWER TO INTERROGATORY NO. 2

Plaintiff objects to this interrogatory on the ground that it is vague and ambiguous as to the terms "fact," "category," identity," "full/fully" and "specific/specifically" as those terms are undefined, leaving Plaintiff to speculate as to what information, if any, is responsive. Additionally, the terms "all persons" and "all documents" are overbroad. Plaintiff further objects to this request as compound and consisting of at least two interrogatories within the meaning of FRCP 33(a) because it asks Plaintiff to (1) "provide a full and specific explanation of how [Plaintiff] calculated the damages referred to in the Complaint, and every fact upon which [Plaintiff bases her] damage calculations and allegations regarding damages, [and] the identity of all persons with knowledge or information concerning the above"; and (2) identify "all documents relating to or reflecting [Plaintiff's] answer." Unless otherwise stipulated or ordered by the court, a party may serve on any party no more than 25 written interrogatories, including all discrete subparts. Fed. R. Civ. P. 33(a)(1). The law is clear that "an interrogatory that asks for information and also asks for the identification of documents relating to that information should be counted as two separate interrogatories." *Ott v. Mortg. Inv'rs Corp. of Ohio, Inc.*, No. 3:14-cv-00645-ST, 2015 U.S. Dist. LEXIS 19050, at *3 (D. Or. Feb. 17, 2015) (citing *Kendall v. GES Exposition Servs.*, 174 F.R.D. 684, 686 (D. Nev. 1997)); *Banks v. Office of the Senate Sergeant—At—Arms*, 222 FRD 7, 10 (D.D.C. 2004) ("knowing that an event occurred is entirely different from learning about documents that evidence it occurred"); *see also Thomas v. Yates*, No. 1:05-cv-01198-LJO-JMD-HC, 2009 U.S. Dist. LEXIS 99791, at *12-14 (E.D. Cal. Oct. 8, 2009) (holding that an interrogatory asking whether the responding party had a specific policy, and its subpart, which

PLAINTIFF HEATHER HENDER'S RESPONSES TO DEFENDANT NIKE, INC.'S INTERROGATORIES
PAGE 6

Prince Decl. Exhibit O, Page 3 of 8

asked the responding party to "identify all documents in which that policy is or was memorialized, including but not limited to communications," constituted two separate inquiries and therefore two separate interrogatories). Plaintiff also objects to this request to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, the spousal privilege, Plaintiff's privacy rights and the privacy rights of third parties without a compelling need for the requested information, and/or other lawfully recognized privileges that protect such information from disclosure. Nike has failed to preserve discovery required by the Uniform Guidelines on Employee Selection Procedure. Nike has failed to preserve discovery it was required to preserve. Nike has withheld relevant discovery responsive to Plaintiffs' discovery requests, and Nike has misrepresented the existence of discovery to Plaintiffs and the Court. Plaintiff has not yet completed discovery and investigation of the facts giving rise to this action, and therefore, is not in a position to provide a full description of each category of damages, costs, and expenses attributed to each claim yet.

Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Plaintiff does not seek back pay or front pay damages subsequent to her employment with Nike. Plaintiff seeks back pay for lost compensation during her Nike employment, associated interest (including subsequent to her employment at Nike), plus liquidated damages, exemplary and punitive damages, attorneys' fees, and costs. Plaintiff seeks an award against Nike for actual damages and garden-variety emotional distress damages and interest associated with her retaliation claims. Plaintiff also seeks all other relief a Court deems proper. Punitive damages, including because of Nike's pattern or practice of discrimination, destruction of and refusal to produce relevant materials, Nike's knowledge of discrimination and failure to address, condoning of discrimination, especially by executives. For identities of persons who may have knowledge or

PLAINTIFF HEATHER HENDER'S RESPONSES TO DEFENDANT NIKE, INC.'S INTERROGATORIES
PAGE 7

Prince Decl. Exhibit O, Page 4 of 8

information concerning my damages, see Answer to Interrogatory No. 1.

## INTERROGATORY NO. 3

Identify every lawsuit, legal action or legal matter (including criminal, civil, bankruptcy, and workers' compensation) in which YOU have participated, whether as a witness, party, or other type of participant (including participating as an opt-in plaintiff), including the nature of YOUR participation, the name of the lawsuit or legal action, the court in which the lawsuit or legal action was filed, the court file number, the dates on which the lawsuit or legal action was filed, the nature of the issues in the lawsuit or legal action, and the outcome of the lawsuit or legal action.

## ANSWER TO INTERROGATORY NO. 3

Plaintiff objects to this interrogatory as overbroad, vague, and ambiguous and because it seeks information that is not relevant to the subject matter of this litigation. Specifically, information regarding "every lawsuit, legal action or legal matter (including criminal, civil, bankruptcy, and workers' compensation) in which [Plaintiff] has participated" in any capacity, without any sort of time limitation, is not relevant to the subject matter of the litigation that is focused on discrimination by Nike, and the request is not proportional to the needs of the case. Additionally, the terms "identify," "participated," "legal matter," "other type of participant," and "nature" are vague and ambiguous as they are undefined, forcing Plaintiff to have to speculate as to what information, if any, is responsive. Plaintiff also objects to this request to the extent that it seeks information protected by the attorney work product doctrine, the attorney-client privilege, the spousal privilege, Plaintiff's privacy rights and the privacy rights of third parties without a compelling need for the requested information, and/or other lawfully recognized privileges that protect such information from disclosure.

Subject to and without waiver of the foregoing objections, Plaintiff responds as follows:

PLAINTIFF HEATHER HENDER'S RESPONSES TO DEFENDANT NIKE, INC.'S INTERROGATORIES
PAGE 8

Prince Decl. Exhibit O, Page 5 of 8

employees. Project Starfish, the Starfish complaints, Nike's investigations of complaints related

to Starfish, and Nike's responses to such complaints. Nike's inability to produce contemporaneous

materials with the actual reasons that were used for compensation or promotion decisions that can

show Nike's alleged defenses or reasons for compensation or promotion decisions. Nike's failure

to conduct a sufficient pay equity or promotion analysis concerning disparities between men and

women for business reasons and to take reasonable steps to address the disparities. Nike's job

descriptions, job levels, job families, leveling criteria, and Nike's uses of the foregoing.


Dated:  March 14, 2024                     Objections by:

                                            ACKERMANN & TILAJEF, P.C.

                                             */s/ Craig J. Ackermann*
                                            _____
                                            Craig Ackermann (admitted *pro hac vice*)
                                            cja@ackermanntilajef.com
                                            Brian Denlinger (admitted pro hac vice)
                                            bd@ackermanntilajef.com
                                            315 S Beverly Drive, Suite 504
                                            Beverly Hills, CA 90212
                                            Tel:  (310) 277-0614
                                            Fax:  (310) 277-0635

                                            GOLDSTEIN, BORGEN, DARDARIAN & HO
                                            Laura L. Ho (*pro hac vice*)
                                            lho@gbdhlegal.com
                                            Barry Goldstein, Of Counsel (*pro hac vice*)
                                            bgoldstein@gbdhlegal.com
                                            James Kan (*pro hac vice*)
                                            jkan@gbdhlegal.com
                                            Byron Goldstein (*pro hac vice*)
                                            brgoldstein@gbdhlegal.com
                                            Katharine L. Fisher (*pro hac vice*)
                                            kfisher@gbdhlegal.com
                                            Mengfei Sun (*pro hac vice*)
                                            msun@gbdhlegal.com

                                            MARKOWITZ HERBOLD PC
                                            Laura Salerno Owens, OSB #076230
                                            David B. Markowitz, OSB #742046
                                            Harry B. Wilson, OSB #077214

PLAINTIFF HEATHER HENDER'S RESPONSES TO DEFENDANT NIKE, INC.'S INTERROGATORIES
PAGE 68

Prince Decl. Exhibit O, Page 6 of 8

Kathryn P. Roberts, OSB #064854


INDIA LIN BODIEN, ATTORNEY AT LAW
India Lin Bodien (admitted *pro hac vice*)
india@indialinbodienlaw.com
2522 North Proctor Street, #387
Tacoma, WA 98406-5338
Tel:  (253) 503-1672
Fax:    (253) 276-0081

Attorneys for Plaintiffs

PLAINTIFF HEATHER HENDER'S RESPONSES TO DEFENDANT NIKE, INC.'S INTERROGATORIES
PAGE 69

Prince Decl. Exhibit O, Page 7 of 8

## VERIFICATION

I, Heather Hender, certify:

I am a former employee of Nike, Inc. ("Nike") and a Plaintiff in the above-captioned matter. I have read PLAINTIFF HEATHER HENDER'S RESPONSES TO DEFENDANT NIKE, INC.'S INTERROGATORIES TO PLAINTIF HEATHER HENDER. I know the contents therein or they are based on information and belief and I believe them to be true, except as to the objections, which are entered by my counsel. I state under penalty of perjury that the foregoing is true and correct. Executed on ___3/11/2024 | 6:25 PM PDT___.

DocuSigned by:

*Heather Hender*

72E5D0E6364F46D...

HEATHER HENDER

PLAINTIFF HEATHER HENDER'S RESPONSES TO DEFENDANT NIKE, INC.'S INTERROGATORIES
PAGE 70

Prince Decl. Exhibit O, Page 8 of 8



1(213) 683-6169
danielprince@paulhastings.com

January 29, 2024

**VIA E-MAIL**

Barry Goldstein (bgoldstein@gbdhlegal.com)
Byron Goldstein (brgoldstein@gbdhlegal.com)
James Kan (jkan@gbdhlegal.com)
Mengfei Sun (msun@gbdhlegal.com)
Goldstein, Borgen, Dardarian & Ho
155 Grand Avenue, Suite 900
Oakland, CA 94612

*Re:    Cahill, et al. v. Nike, Inc., Case No. 3:18-cv-01477-JR,*
*Meet and Confer Letter Regarding NIKE's RFPs to Plaintiffs Cahill, Elizabeth, Hender, and*
*Johnston*

Dear Counsel:

We write regarding Plaintiffs Kelly Cahill, Lindsay Elizabeth, Heather Hender, and Sara Johnston's ("Plaintiffs") objections and responses to NIKE's Requests for Production (the "RFPs"), Set Three, Set Four, Set Two, and Set Four, respectively.  Plaintiffs' objections do not comply with Rule 34 and are insufficient.  Indeed, each Plaintiff sets forth identical boilerplate objections that fail to identify legitimate grounds for withholding documents.  Moreover, Plaintiffs refuse to produce *any* documents with regard to several of NIKE's requests without identifying on which objection they are grounding such refusal.  Fed. R. Civ. P. 34(b)(2)(C), Committee Notes on Rules – 2015 Amendment.  None of the objections propounded justify a blanket refusal to produce all of the documents requested.

Plaintiffs' objections and responses are particularly problematic given that they fail to adhere to Plaintiffs' own standards.  Plaintiffs have accused NIKE of failing to set forth specific objections that comply with Rule 34.  While NIKE has consistently offered objections that identify specific reasons why Plaintiffs' requests are, among other issues, overly broad and not proportional to the needs of the case, Plaintiffs do not here.  Because NIKE's narrow and tailored requests target information that is directly relevant to the claims at issue in this litigation, Plaintiffs' nonspecific objections cannot support the withholding of such documents.

NIKE, therefore, requests a meet and confer between counsel to address the issues discussed in this letter.

**RFP Nos. 85 (Cahill, Elizabeth), 86 (Hender), and 107 (Johnston):**

Request Nos. 85 (Cahill, Elizabeth), 86 (Hender), and 107 (Johnston) seek documents and information relating to Plaintiffs' attempts to obtain subsequent employment after they departed NIKE and after the last round of discovery.  Such documents are relevant to the claims remaining in this litigation for several reasons.  First, resumes, applications, and negotiations pertaining to subsequent employment bear on the substantive issues of each Plaintiff's claims because they may reveal Plaintiffs' own characterizations and understandings of the work they performed while at NIKE.  *Jerozal v. Stryker Corp.*, 2023 U.S. Dist. LEXIS 84298, at *5 (C.D. Cal. Apr. 4, 2023) (applications and resumes from subsequent employers were

Paul Hastings LLP  |  515 South Flower Street  |  Twenty-Fifth Floor  |  Los Angeles, CA 90071
t: +1.213.683.6000  |  www.paulhastings.com

Prince Decl. Exhibit P, Page 1 of 5



January 29, 2024
Page 2

relevant and discoverable for an FLSA claim "because those documents may contain descriptions of the work that Plaintiffs say they performed while working for Defendant").

Second, and similarly, such documents would demonstrate whether and to what extent Plaintiffs sought to obtain subsequent employment, thereby potentially mitigating any damages they claimed to sustain. *See, e.g., Miller v. St. Charles Health Sys.*, 2019 U.S. Dist. LEXIS 19771, at *4 (D. Or. Feb. 7, 2019) (records from subsequent employers, including plaintiff's earnings, are relevant to mitigation). Contrary to Plaintiffs' boilerplate and unsupported objection, mitigation related discovery *is* relevant without a claim of wrongful termination. As clearly set forth in Plaintiffs' Second Amended Complaint, Plaintiffs expressly seek both "front pay" and "back pay." Dkt. No. 377 at Prayer for Relief, ¶¶ O & P; *Rollins v. Traylor Bros., Inc.,* 2017 U.S. Dist. LEXIS 69211, at *12 (W.D. Wash. May 5, 2017) (mitigation evidence is "a major interest" for claims seeking front pay); *Rutherford v. Palo Verde Health Care Dist.,* 2014 U.S. Dist. LEXIS 196697, at *5 (C.D. Cal. Dec. 1, 2014) (mitigation evidence is appropriate where plaintiff seeks front pay and back pay). NIKE is entitled to and needs this evidence in order to properly assert any defense against Plaintiffs' claims and alleged damages. *See Alfred M. Lewis, Inc. v. NLRB*, 681 F.2d 1154, 1156 (9th Cir. 1982) ("Once the [plaintiff] has established the amount of back pay due to the discharged employee, the burden is on the employer to come forward with evidence to mitigate its liability."). Plaintiffs' attempts to thwart NIKE's right to inquire into its defense is improper.

Third, such evidence may also be pertinent to each Plaintiffs' credibility and impeachment. *See Newson v. Wal-Mart Stores, Inc.,* 2010 U.S. Dist. LEXIS 93929, at *8 (E.D. Cal. Aug. 22, 2010) (plaintiff's subsequent employment is relevant to the "litigation, particularly with regard to damages, credibility, and impeachment"). For example, it may counter any attempt by Plaintiffs to argue that they have properly mitigated their alleged damages. Or, more simply, it may demonstrate that what Plaintiffs allege regarding their job duties and capabilities while at NIKE is, in fact, untrue. Plaintiffs have sought similar evidence from NIKE, and NIKE has and will produce such documents where appropriate. But unlike Plaintiffs' broad and unreasonable inquiry into irrelevant class action witnesses who will play no role at trial, NIKE is seeking documents pertaining to the named Plaintiffs. The named Plaintiffs will undoubtedly be key witnesses in this case moving forward; their credibility as witnesses is critical.

Accordingly, Plaintiffs' boilerplate relevancy objections are without merit and do not cite any specific reason for withholding these documents that are crucial for NIKE's defense. *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("boilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper"). Nor do Plaintiffs' other objections state a sufficient basis for failing to produce *any* documents in response to this Request. For example, Plaintiffs object that this Request is "overly broad, harassing, and oppressive," as well as "unduly burdensome," but fails to demonstrate how the Request is objectionable other than that it is lengthy and contains several commas. Not only is such objection ironic in light of Plaintiffs' own document requests which each comprise paragraphs of text, but it is also improper and insufficient, especially for refusing to produce any documents whatsoever. *See Homesite Ins. Co. v. Howell,* 2022 U.S. Dist. LEXIS 224466, at *8 (W.D. Wash. Dec. 13, 2022) (general overly burdensome and harassing objections are improper without support for such objections); *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 379 (C.D. Cal. 2009) ("[U]nexplained and unsupported boilerplate objections are improper."). And to the extent Plaintiffs complain regarding the number of the commas, the examples separated by those commas simply aim to comply with Rule 34 by providing sufficient detail regarding the types of documents NIKE seeks. The examples detailed in the Request are neither vague nor ambiguous. But to the extent that Plaintiffs believe that they are, Plaintiffs should have, at minimum, offered to meet and confer on these issues to clarify the scope of the Request, rather than outright refuse to produce *any* documents.



January 29, 2024
Page 3

Finally, Plaintiffs refuse to produce any documents but do not indicate on which objection they base such refusal.  While NIKE disagrees with Plaintiffs' objections, as detailed above, Plaintiffs must, at minimum, comply with Rule 34.  Fed. R. Civ. P. 34(b)(2)(C), Committee Notes on Rules – 2015 Amendment.

### RFP Nos. 86 (Cahill, Elizabeth), 87 (Hender), and 108 (Johnston):

For the same reasons as described for RFP No. 85/86/107, RFP No. 86/87/108 is also directly relevant to the issues in this litigation.  This Request similarly targets documents regarding Plaintiffs' subsequent employment, but is focused on *actual* (rather than prospective or sought) employment and, thus, seeks additional documents pertaining to performance, compensation, and disciplinary actions, among other relevant topics.  Because these documents will also directly bear on (1) Plaintiffs' qualifications, skills, expertise and experience, (2) mitigation and (3) impeachment and credibility, they are relevant and needed for NIKE's defense.  *See e.g.*, *See William v. Morrison and Foerster LLP*, 2020 U.S. Dist. LEXIS 58351 at *5 (C.D. Cal. Apr. 2, 2020) (denying motion to quash defendant's subpoena of performance evaluations and disciplinary records for a one-year period by plaintiff's current employer, stating "[i]f Plaintiff's performance was exemplary, that would support her claim against Defendant; if problems were noted in the time frame near to her employment with Defendant, such evidence might support the defense"); *Heard v. Costco Wholesale Corp.*, 2020 U.S. Dist. LEXIS 16586, at *6 (D. Nev. Jan. 31, 2020) (job performance at subsequent employer was relevant and discoverable); *Penn v. Heitmeier*, 2000 WL 297685, at *2 (E.D. La. Mar. 17, 2000) (subsequent job performance was highly relevant and admissible at trial to aid in defendant's defense of a non-discriminatory reason for discharge); *Serrano v. Cintas Corp.,* 2006 WL 585714, at *2 (E.D. Mich. Mar. 9, 2006) (evidence of past and present employers demonstrating lack of qualifications would be directly relevant to plaintiff's discrimination claims).

As Plaintiffs have simply copied and pasted their boilerplate objections from RFP No. 85/86/107 into RFP No. 86/87/108, each of the issues NIKE details above for RFP No. 85/86/107 apply with equal force here. They are neither specific enough to comply with Rule 34 nor sufficient to support a blanket refusal to produce any documents in response to this Request. Indeed, Plaintiffs fails to adhere to Rule 34's requirement to specify upon which objection or objections their withholding of documents is based.

### RFP Nos. 87 (Cahill, Elizabeth), 88 (Hender), and 109 (Johnston):

Request Nos. 87 (Cahill, Elizabeth), 88 (Hender), and 109 (Johnston) similarly target mitigation related discovery pertaining to income earned by Plaintiffs from 2019 to the present.  As such evidence will demonstrate whether and to what extent Plaintiffs have sought and are earning income from subsequent employers, or otherwise (e.g., from unemployment benefits, self-employment, etc.), it directly bears on Plaintiffs' alleged damages and NIKE's defense and must be produced.  *See e.g.*, *Rollins*, 2017 U.S. Dist. LEXIS 69211, at *11 (payroll information is relevant to claims seeking front pay and back pay).

Again, Plaintiffs' recycled objections for this Request are boilerplate and improper.  Plaintiffs have offered no specific reasons for a refusal to produce any documents in response to this Request.

### RFP: No. 88 (Cahill, Elizabeth), 89 (Hender), and 110 (Johnston):

This Request seeks documents related to lawsuits, claims, or complaints brought by or on behalf of each respective Plaintiff.  As Plaintiffs previously agreed to produce such documents, Plaintiffs undoubtedly understand the relevancy of this Request to credibility and other substantive issues.  *See* NIKE's RFPs



January 29, 2024
Page 4

No. 1, 2, and 64.  Thus, Plaintiffs' unsupported relevancy objections, which do not explain how this Request is irrelevant or not proportional to the needs of the case, is meritless.

Plaintiffs also seemingly take issue with the Request because they believe it seeks information from "third-party 'others'" and accordingly seeks documents that are not within Plaintiffs' possession, custody, or control.  The Request seeks only documents related to claims made by Plaintiffs themselves or made on their behalf.  Such documents would, in most instances, be within Plaintiffs' possession, custody, or control or the possession, custody, or control of their attorneys.  As Plaintiffs have previously confirmed, they define documents within their "possession, custody, or control" as ones within the control of their present and former attorneys.  *See* February 2, 2020 Meet and Confer Letter.  But even to the extent that some are not within their control, this certainly does not justify Plaintiff Johnston's refusal to produce *any* documents in response to this Request.  Moreover, if Plaintiffs know that responsive documents exist but are in the possession, custody, or control of others, NIKE will consider issuing subpoenas for those records, if Plaintiffs identify the custodians.

NIKE appreciates that Plaintiff Hender will produce the EEOC complaints.  However, as explained, the RFP seeks documents beyond just the EEOC complaints.  Plaintiff Hender must specify if additional documents exist that she is withholding, the grounds for withholding such complaints, and include any documents withheld on the basis of privilege on a privilege log.

**RFP Nos. 89 (Cahill, Elizabeth), 90 (Hender), and 111 (Johnston):**

Plaintiffs again rely on conclusory objections that fail to justify why the documents sought by RFP No. 89/90/111 (i.e., communications between Plaintiffs and current or former NIKE employments since Plaintiffs' respective terminations) are not relevant or proportional to this litigation.  That said, we appreciate Plaintiffs' willingness to search for and produce non-privileged communications in response to this Request. However, each Plaintiffs' arbitrary selection for location of documents is not acceptable. For example, Plaintiff Cahill specified she would search her LinkedIn and email accounts, while Plaintiff Johnston specified she would search her text messages, email accounts, and Instagram accounts.  Each Plaintiff should, at minimum, search her text messages, email accounts, LinkedIn, and social media accounts, or the parties should discuss the appropriate locations for the sought documents during our meet and confer.

**RFP Nos. 73-85 (Hender):**

Finally, we appreciate your willingness to search for and produce documents in response to RFP Nos. 73 through 84 to Plaintiff Hender.  However, as you are aware, documents supporting Plaintiff Hender's allegations in the Second Amended Complaint are highly probative and crucial to this case.  NIKE reserves its right to meet and confer on Plaintiff Hender's production in response to these Requests once the production is made, especially in light of Plaintiff Hender's boilerplate, unsupported, and insufficient objections.



January 29, 2024
Page 5

We look forward to discussing these issues.  Please let us know when you are available for a meet and confer this week.

Sincerely,

*/s/ Daniel Prince*

Daniel Prince
for PAUL HASTINGS LLP

**ACKERMANN | TILAJEF** PC

2602 North Proctor Street, Suite 205
Tacoma, Washington 98406
Telephone (253) 625-7720
Facsimile (310) 277-0635
Email bd@ackermanntilajef.com
Web www.ackermanntilajef.com

February 8, 2024

<u>**Via E-Mail Only**</u>

Daniel Prince                                                          danielprince@paulhastings.com
Felicia A. Davis                                                      feliciadavis@paulhastings.com
PAUL HASTINGS LLP
515 S. Flower St., 25th Floor
Los Angeles, CA 90071

Re:    <u>**Plaintiffs' Response to Nike's January 29, 2024 Meet and Confer Letter
Regarding Nike's RFPs to Plaintiffs**</u>

Dear Daniel and Felicia:

In this letter, we write to address issues raised by Nike in its January 29, 2024 meet and confer letter regarding its most recent Requests for Production (RFPs) to Plaintiffs Cahill, Elizabeth, Hender, and Johnston. Please also find enclosed Plaintiffs' Supplemental Responses to Nike's RFPs.

1.    **RFP Nos. 85 (Cahill, Elizabeth), 86 (Hender), and 107 (Johnston)**

As clarified in Plaintiffs' supplemental responses, none of the Plaintiffs are withholding any responsive documents on the basis of privilege. Rather, the primary reason responsive documents are not being produced is because Plaintiffs have not raised any individual claims of wrongful termination and thus, mitigation related discovery is not relevant. And thus it is not proportional for Plaintiffs to locate, collect, and produce the discovery requested.

Nike asserts that "such [attempts to obtain employment] documents would demonstrate whether and to what extent Plaintiffs sought to obtain subsequent employment, thereby potentially mitigating any damages they claimed to sustain[,]" that "mitigation related discovery *is* relevant without a claim of wrongful termination[,]" and that Plaintiffs expressly seek both "front pay" and "back pay" in their Second Amended Complaint. (citing cases).

However, Courts grant defendant employer's "requests to seek discovery of [] plaintiff's records with other employers where the requests are tailored to the claims and defenses in the case." *Bala v. Or. Health & Sci. Univ.*, 2023 U.S. Dist. LEXIS 88305, at *6 (D. Or. May 14, 2023). Here, none of the Plaintiffs seek back pay or front pay damages subsequent to their employment with Nike (see Plaintiffs' Supplemental Responses), and for clarification purposes, Plaintiffs are willing to stipulate to the same with Nike. *See Rollins v. Traylor Bros., Inc.*, 2017 U.S. Dist. LEXIS 69211, at *11 (W.D. Wash. May 5, 2017) (finding that mitigation evidence from subsequent employers, e.g., payroll records, is appropriate to the extent the plaintiffs "assert a lost wages claim," but that such mitigation evidence "requests are further limited by the Plaintiffs' stipulation

February 8, 2024
Page 2
_____

not to 'seek lost income damages (back and front pay) after the completion of [the relevant project]'" and that the defendant "may not request documents related to mitigation beyond the completion of the [project.]").

Notably, all the cases Nike cites in support of its "mitigation related discovery" argument involve wrongful termination cases where the plaintiffs sought back pay and/or front pay subsequent to their employment with the defendants. *See Miller v. St. Charles Health Sys.*, 2019 U.S. Dist. LEXIS 19771, at *2-3 (D. Or. Feb. 7, 2019) (alleging the defendant "terminated [plaintiff] from her employment as a nurse for multiple discriminatory and retaliatory reasons" and finding "earnings records are relevant to plaintiff's obligations to mitigate damages by seeking new employment."); *Rollins*, 2017 U.S. Dist. LEXIS 69211, at *3, 11 (denying defendant's request for mitigation documents beyond the completion of the project plaintiffs were hired to work on where plaintiffs stipulated to not seek lost income damages after the completion of that project); *Rutherford v. Palo Verde Health Care Dist.*, 2014 U.S. Dist. LEXIS 196697, at *5 (C.D. Cal. Dec. 1, 2014) (finding the "requested documents may lead to admissible evidence concerning…mitigation efforts following the termination of…employment with Defendants" where plaintiffs sought "back pay, front pay, relocation expenses, and all other related special damages according to proof…."); *Alfred M. Lewis, Inc. v. NLRB*, 681 F.2d 1154, 1156 (9th Cir. 1982) (defendant sought "to reduce the amount of the award on the ground that [plaintiff] failed to make reasonable efforts to find equivalent employment during the nineteen months of unemployment that followed his discharge.").

Further, Plaintiffs disagree with Nike's assertion that "resumes, applications, and negotiations pertaining to subsequent employment bear on the substantive issues of each Plaintiff's claims because they may reveal Plaintiffs' own characterizations and understandings of the work they performed while at Nike." The substantive issues in this action, as alleged by Plaintiffs in the Second Amended Complaint ("SAC"), are, *inter alia*: (a) whether Nike paid Plaintiffs less than similarly situated male colleagues in substantially similar or comparable jobs (SAC, ¶¶ 195-200, 221-225); and (b) whether Nike's lower compensation and fewer promotions were discriminatory based on disparate impact or disparate treatment (SAC, ¶¶ 201-236)

All of these allegations are related to Nike's actions at the commencement of and during Plaintiffs' employment with Nike (e.g., whether Nike paid…; whether Nike's employment policies and practices violate Title VII and/or Oregon law; whether Nike knew of the discrimination and failed to reasonably address). It is the requirements of the jobs, not how Plaintiffs or anyone else characterized their tasks, especially where such statements are not directed at or from Nike. Further, Nike's citation to *Jerozal v. Stryker Corp.* is inapposite, since the applications and resumes from subsequent employers were relevant in that case only because the plaintiffs alleged the defendant violated the FLSA "by misclassifying them as exempt from overtime while they worked as trainees" and "trainees do not qualify for the outside sales exemption because they are not engaged in outside sales work while in training." 2023 U.S. Dist. LEXIS 84298, at *2 (C.D. Cal. Apr. 4, 2023). "[D]escriptions of the work that Plaintiffs say they performed while working for Defendant" were factually relevant to determining whether the plaintiff trainees qualified for the FLSA outside sales exemption in *Jerozal* (*Id.* at *5), but here, they are not relevant to whether Nike discriminated against Plaintiffs during their Nike employment based on the requirements of Nike's jobs.

February 8, 2024
Page 3

_____

Finally, Nike asserts that subsequent employment discovery "may also be pertinent to each Plaintiffs' credibility and impeachment" because it "may counter any attempt by Plaintiffs to argue that they have properly mitigated their alleged damages" or "it may demonstrate that what Plaintiffs allege regarding their job duties and capabilities while at Nike is, in fact, untrue." As to Nike's assertion regarding mitigating damages, such subsequent employer discovery is not relevant to Plaintiffs, as discussed above. Similarly, as discussed above, the requested subsequent employment documents are not relevant to Plaintiffs' claims or Nike's defenses, and not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

Nike's generalized assertion that subsequent employment discovery "may" be pertinent to Plaintiffs' credibility and impeachment is provided without any support about why such testimony may be relevant to the claims or defenses here. To the extent Nike seeks subsequent employment discovery to prove Plaintiffs' reputations, such discovery would be impermissible character evidence pursuant to FRE 404(a). *Anigbogu v. Mayorkas*, 2023 U.S. Dist. LEXIS 209490, at *13-14 (N.D. Cal. Nov. 22, 2023); *L'Etoile v. New England Finish Sys., Inc.*, 575 F. Supp. 2d 331, 338 (D.N.H. 2008) ("[W]hile Rule 404(b) allows evidence of particular acts to show discriminatory intent in a sex discrimination case, . . . Rule 404(a) does not permit the use of reputation evidence for that purpose."); *Bala*, 2023 U.S. Dist. LEXIS 88305 at *7 (opining that discovery regarding plaintiff's performance at a subsequent employer "would most likely constitute inadmissible character evidence….").

Nike's citation to *Newsome v. Wal-Mart Stores, Inc.* misses the mark, because unlike here, the subsequent employment records in *Newsome* were clearly relevant to the plaintiff's claims and the defendant's defenses, and the defendant proffered evidence in the form of prior testimony supporting the relevance of the requested records. 2010 U.S. Dist. LEXIS 93929, at *3, 7 (E.D. Cal. Aug. 22, 2010) (noting the plaintiff testified that his subsequent employment was terminated because he "failed to disclose criminal history information on his employment application" and finding that "information concerning Plaintiff's termination from subsequent employment, particularly where the reason for such termination may involve the related issue of Plaintiff's criminal history, is relevant" in a case where "Plaintiff's suit concerns his previous employment[,] and more particularly, his termination following incarceration for a parole violation."). *See also Davis v. Kelly Servs.*, 2017 U.S. Dist. LEXIS 226105, at *16-17 (C.D. Cal. July 12, 2017) (finding discovery from a subsequent employer regarding plaintiff's performance and termination was relevant as impeachment evidence where "defendant has provided evidence that plaintiff's credibility may be an issue in this case…."). Here, Nike has failed to provide any justification other than its generalized assertion that it "may" be used for credibility or impeachment.

## 2.    RFP Nos. 86 (Cahill, Elizabeth), 87 (Hender), and 108 (Johnston)

As clarified in Plaintiffs' supplemental responses, none of the Plaintiffs are withholding any responsive documents on the basis of privilege, and the primary reason responsive documents are not being produced is because Plaintiffs have not raised any individual claims of wrongful termination and thus, mitigation related discovery is not relevant.

Nike asserts that its requests for Plaintiffs' actual subsequent employment document are relevant because they will "directly bear on (1) Plaintiffs' qualifications, skills, expertise and experience, (2) mitigation and (3) impeachment and credibility…."

Regarding mitigation, as discussed in Section I herein, none of the Plaintiffs seek back pay or front pay damages subsequent to their employment with Nike, and Plaintiffs are willing to stipulate to the same with Nike.

Regarding Nike's impeachment and credibility basis, as discussed in Section I herein, subsequent employment discovery is improper and not proportional to the needs of this case, and would constitute impermissible character evidence pursuant to FRE 404(a), particularly since Nike has not provided or identified anything beyond its generalized assertions. *Anigbogu*, 2023 U.S. Dist. LEXIS 209490 at \*13-14. *See also Lewin v. Nackard Bottling Co.*, 2010 U.S. Dist. LEXIS 123738, at \*5 (D. Ariz. Nov. 4, 2010) ("an attack on plaintiff's credibility by introducing evidence of his character in another employment setting is likely inadmissible propensity evidence under Rule 404(a)…") (citing *Zubulake v. UBS Warburg, LLC*, 382 F. Supp. 2d 536, 541 (S.D.N.Y. 2005)); *Chamberlain v. Farmington Sav. Bank,* 2007 U.S. Dist. LEXIS 70376 (D. Conn. 2007) (granting motion to quash where defendant had not shown that plaintiff had misrepresented information in the litigation); *Woods v. Fresenius Med. Care Group,* 2008 U.S. Dist. LEXIS 3756 (S.D. Ind. 2008) (declining to find relevance based on credibility where defendant did not identify facts to show that plaintiff had been untruthful to it or to her other employers).

Finally, while Plaintiffs' qualifications, skills, expertise, and experience **before and during** their Nike employment are relevant to Plaintiff's claims and Nike's defenses in this action, Plaintiffs' subsequent work history is not at issue in this case, and therefore not relevant or proportional. *See Bala*, 2023 U.S. Dist. LEXIS 88305 at \*6-7 (noting that "Courts have granted defendant employers' requests to seek discovery of the plaintiff's records with other employers where the requests are tailored to the claims and defenses in the case[,]" and finding the defendant's reasons for subsequent employer discovery insufficient because the defendant did "not adequately explain how [the employee's] performance at a different employer" subsequent to her separation from the defendant "is relevant to her performance" with defendant.); *Guzman v. Chipotle Mexican Grill, Inc.*, 2018 U.S. Dist. LEXIS 134791, at \*7-10 (N.D. Cal. Aug. 9, 2018) (ordering the defendant to withdraw subpoenas for employment records to subsequent employers and locations where plaintiffs applied for employment in a putative class action alleging racial and/or national origin discrimination, and finding that "discovery of disciplinary records, performance reviews, and termination records [are] overbroad and disproportionate to the needs of discovery."); *Maxwell v. Health Ctr. of Lake City, Inc.*, 2006 U.S. Dist. LEXIS 36774, at \*8-9 (M.D. Fla. June 6, 2006) (quashing a subpoena on plaintiff's prior employers, which requested the plaintiff's "entire personnel file," including "salary and payroll history," "prior work history" "health insurance and/or medical information," and "prior complaints of racial discrimination, harassment, or allegations of hostile work environs," because only some of those documents were relevant to the instant race discrimination claim).

The cases Nike cites are unpersuasive. In *Heard v. Costco Wholesale Corp.*, the court found job performance records were relevant to "Defendants' mitigation defense" and potentially relevant towards establishing an after-acquired evidence defense. 2020 U.S. Dist. LEXIS 16586, at \*6 (D. Nev. Jan. 31, 2020). Here, mitigation discovery is not relevant (as discussed herein), and neither is after-acquired evidence discovery since Plaintiffs were not discharged by Nike. Similarly, *Penn v. Heitmeier* found subsequent job performance discovery "highly relevant" to the defendant's offered defense that it had a "non-discriminatory reason for [the plaintiff's] discharge,

February 8, 2024
Page 5
_____

i.e., plaintiff would not navigate the vessel and it was a necessary part of his job." 2000 U.S. Dist. LEXIS 3866, at *5 (E.D. La. Mar. 16, 2000). Again, Plaintiffs here were not discharged by Nike, and while their job performance, and their qualifications, skills, expertise, and experience before and during their Nike employment are relevant to their claims and Nike's defenses, their subsequent job performance is not at issue in this case. Finally, in the *Serrano v. Cintas Corp.* case cited by Nike, the court allowed "qualification-related discovery" for purposes of the typicality prerequisite to Rule 23(a) and as it is related to "after acquired evidence". 2006 U.S. Dist. LEXIS 12664, at *4-6 (E.D. Mich. Mar. 9, 2006). Neither of those rationales apply here.

### 3.    RFP Nos. 87 (Cahill, Elizabeth), 88 (Hender), and 109 (Johnston)

Nike requests mitigation related discovery pertaining to income earned by Plaintiffs from 2019 to the present. As discussed herein, none of the Plaintiffs seek back pay or front pay damages subsequent to their employment with Nike, and Plaintiffs are willing to stipulate to the same with Nike. *See Rollins*, 2017 U.S. Dist. LEXIS 69211 at *11.

### 4.    RFP Nos. 88 (Cahill, Elizabeth), 89 (Hender), and 110 (Johnston)

Nike seeks documents related to lawsuits, claims, or complaints brought by or on behalf of each respective Plaintiff. Nike provides no explanation about why this requested discovery is relevant.

As clarified in Plaintiffs' supplemental responses, since May 3, 2019, Plaintiffs Cahill, Hender, and Elizabeth have not filed a lawsuit or a charge against any employer (with the exception of Hender's EEOC charge against Nike, which has been produced).

Regarding Plaintiff Johnston, whether she filed a complaint or charge against a subsequent employer is not relevant to whether she was discriminated against by Nike, it is not proportional to the needs of the case, and it threatens undue prejudice. To the extent Nike has indicated it believes such documents are relevant to "credibility and other substantive issues," Plaintiffs assert that such discovery would constitute improper character evidence that is barred by Rule 404(a)(1). *See Dupard v. Kringle*, 1996 U.S. App. LEXIS 3365, at *12, 15 (9th Cir. Feb. 9, 1996) ("Evidence regarding…litigiousness is precisely the type of character evidence admitted to prove propensity that is prohibited by Rule 404….Thus, the only purpose served by this evidence was to show that it was within [appellant's] character…to file a lawsuit, and therefore to support defense's claim that…his lawsuit was frivolous. This use of character evidence is impermissible under Rule 404."); *Baskin v. Pepsi MidAmerica Co.*, 2015 U.S. Dist. LEXIS 8868, at *3-5 (W.D. Ky. Jan. 26, 2015) (excluding evidence of participation in prior race discrimination lawsuit due to concerns about the prejudicial effect of suggesting the plaintiff makes a practice of suing his employers, and noting that the defendant "has not shown that it would offer the prior lawsuit for a material point other than to prove that [plaintiff's] actions are in conformity with his character as a litigation-prone individual—precisely the type of character evidence precluded by Rule 404(b)."); *Chopourian v. Catholic Healthcare W.*, 2011 U.S. Dist. LEXIS 146127, at *8 (C.D. Cal. Dec. 20, 2011) ("Generally, evidence of prior lawsuits is excluded under Rule 404(a) because it shows a propensity to sue."); *Hyman v. Capital One Auto Fin.*, 2019 U.S. Dist. LEXIS 8313, at *4 (W.D. Pa. Jan. 17, 2019) ("evidence of past lawsuits is also inadmissible because this prejudice substantially outweighs its probative value.") (citing FRE 403).

February 8, 2024
Page 6

_____

**5.    RFP Nos. 89 (Cahill, Elizabeth), 90 (Hender), and 111 (Johnston)**

As clarified in Plaintiffs' supplemental responses, Plaintiffs are not withholding any responsive documents on the basis of privilege, and all Plaintiffs either already have searched or will search their text messages, email accounts, LinkedIn, and social media accounts for responsive documents.

All responsive communications involving Plaintiffs that relate to the factual and legal allegations of the Second Amended Complaint and are currently in their possession, custody, or control were either produced on January 26, 2024, or will be produced no later than February 23, 2024.

Very truly yours,

Brian Denlinger



1(213) 683-6169
danielprince@paulhastings.com

February 22, 2024

**VIA E-MAIL**

Barry Goldstein (bgoldstein@gbdhlegal.com)
Byron Goldstein (brgoldstein@gbdhlegal.com)
James Kan (jkan@gbdhlegal.com)
Mengfei Sun (msun@gbdhlegal.com)
Goldstein, Borgen, Dardarian & Ho
155 Grand Avenue, Suite 900
Oakland, CA 94612

*Re:      Cahill, et al. v. Nike, Inc., Case No. 3:18-cv-01477-JR,*
         *Letter in Response to Plaintiffs' Letter Regarding NIKE's RFPs*

Dear Counsel:

We write regarding NIKE's Requests for Production ("RFPs") to Plaintiffs Cahill, Elizabeth, Hender, and Johnston and to respond to the arguments made in your February 8, 2024 letter.

I.      **RFP Nos. 85 (Cahill, Elizabeth), 86 (Hender), and 107 (Johnston)**

Your complaint states that Plaintiffs seek "an order for front pay benefits," Second Amended Complaint ¶ O, as well as "[b]ack pay for lost compensation and equity distribution." *Id*. ¶ P. That said, NIKE appreciates your clarification that Plaintiffs do <u>not</u> seek back pay or front pay damages subsequent to their employment with NIKE and that Plaintiffs are willing to stipulate to these facts. Please provide the proposed form of a stipulation on this for our consideration by Monday, February 26, 2024.

While Plaintiffs may not pursue front or back pay damages, NIKE still maintains that the requested documents are relevant and must be produced for reasons beyond Plaintiffs' mitigation efforts. As explained in our January 29, 2024 letter, Plaintiffs' resumes, applications, and negotiations pertaining to subsequent employment bear on the substantive issues because they go to whether Plaintiffs were paid adequately and fairly at NIKE relative to the work they performed. As you admit in your letter, the substantive issues include an evaluation of whether NIKE "paid Plaintiffs less than similarly situated male colleagues in substantially similar work or comparable jobs." Letter at 2. Plaintiffs' own recollection of the job they *actually* performed (rather than just a generic high-level description), and how she described it to a subsequent employer, is undoubtedly relevant to comparing Plaintiffs' job responsibilities to one of their alleged comparators.

Likewise, these same documents may be used for impeachment and credibility purposes. Although you claim that such evidence is not relevant because the documents do not have bearing on the substance of Plaintiffs' claims, this is not true for the reasons stated above. Key evidence in this case will likely involve Plaintiffs' testimony regarding the jobs they performed and how that compared to their male peers. Documentary evidence of Plaintiffs' description of their job in other contexts may be relevant to showing that Plaintiffs' testimony is, in fact, inaccurate and would demonstrate untruthfulness. More generally, discrepancies in Plaintiffs' own identification of job titles, job descriptions, and periods of employment may

Paul Hastings LLP  |  515 South Flower Street  |  Twenty-Fifth Floor  |  Los Angeles, CA 90071
t: +1.213.683.6000  |  www.paulhastings.com

Prince Decl. Exhibit R, Page 1 of 4



February 22, 2024
Page 2

demonstrate that Plaintiffs have been untruthful in other instances.  *See Walsh v. Walmart Inc.,* 2023 U.S. Dist. LEXIS 80187, at *12 (W.D. Wash. May 8, 2023) (prior and subsequent employment records are highly relevant to impeach a plaintiff).  This is relevant credibility evidence that falls within an exception to Rule 404 against character evidence and it must be produced upon request.  Fed. R. Evid. 608, 404(b); *Davila v. Luxury Wood Floors Inc.,* 2023 U.S. Dist. LEXIS 117551, at *4 (S.D. Fla. May 3, 2023) (evidence regarding plaintiffs' subsequent employment may be used for impeachment purposes or to impugn plaintiffs' credibility depending on what testimony and evidence are introduced at trial).

Regardless, "[a]lthough the admissibility of character evidence are limited, discoverable evidence need not be admissible at trial."  *Walsh v. Walmart Inc.,* 2023 U.S. Dist. LEXIS 80187, at *12 (W.D. Wash. May 8, 2023); *see also Awosika,* 2011 U.S. Dist. LEXIS 158907, at *8 ("even if evidence is admissible under Rule 404(a), it may still be used to impeach a witness on cross-examination under Rule 608(b).  Furthermore, the admissibility of any evidence discovered in regards to Ms. Awosika's character may be dealt with in a motion in limine.").  "The purpose of discovery is to gain access to information that will lead to admissible evidence, not to gain access only to admissible evidence.  *Awosika,* 2011 U.S.Dist. LEXIS 80187, at *12.  Indeed, contrary to your assertions, "[t]he scope of Rule 26 includes the discovery of information sought for impeachment purposes," so long as it is reasonably calculated to lead to admissible evidence.  *Pearson v. Royal Canin USA, Inc.,* 2023 U.S. Dist. LEXIS 162299, at *25 (D.S.D. Sep. 11, 2023).  And documentary evidence may be used "to demonstrate that a statement made during direct examination was false."  *Id.*  Indeed, impeachment by contradiction is a well-recognized way of attacking credibility.  Thus, documents that may demonstrate that Plaintiffs' testimony regarding her job responsibilities—which are directly at issue here—is inaccurate is highly relevant for impeachment purposes and is discoverable.  *See Newsome v. Penske Truck Leasing Corp.,* 437 F. Supp. 2d 431, 437 (D. Md. 2006) (noting that Rule 26(b) "does not exempt from disclosure information to be used 'solely for impeachment'" and that "[a] specific discovery request makes impeachment evidence discoverable"); *Goldwater Bank, N.A. v. Elizarov,* 2022 U.S. Dist. LEXIS 212123, at *20 (C.D. Cal. Sep. 21, 2022) (Rule 26 "does not protect impeachment documents from discovery under Rule 26(b)(1).").

Please confirm whether you will produce this discovery and if not, please state when you are available for a meeting of counsel next week.  Otherwise, please let us know ASAP when we can expect to receive the requested materials.

## II.    RFP Nos. 86 (Cahill, Elizabeth), 87 (Hender), and 108 (Johnston)

The documents sought here are relevant for similar reasons as described for RFP Nos. 86/87/108.  Again, NIKE is willing to stipulate that Plaintiffs are not seeking back pay or front pay after Plaintiffs left NIKE, but the documents we seek are relevant and must be produced for other purposes.

First, Plaintiff Hender seeks damages for emotional distress.  Second Amended Complaint ¶ Q.  To the extent Plaintiff Hender still intends to seek such damages, personnel files are discoverable, *at minimum*, to the severity of Plaintiffs' emotional distress and are relevant to any loss of income she claims to have suffered due to emotional distress.  *Dornell v. City of San Mateo,* 2013 U.S. Dist. LEXIS 142335, at *15 (N.D. Cal. Sep. 30, 2013) (in employment case where employee claimed emotional distress, personnel records from subsequent former employers were relevant to the question of the severity of plaintiff's emotional distress and to plaintiff's claims of lost income); *Awosika v. Target Corp.,* 2011 U.S. Dist. LEXIS 158907, at *8 (W.D. Wash. May 26, 2011) (subsequent employment records, especially documents pertaining to benefits and work performance evaluations, are relevant and discoverable for



February 22, 2024
Page 3

emotional distress claims).  Unless Plaintiff Hender is also willing to stipulate that she is not seeking emotional distress damages, such documents are relevant to her claims.

Second, the documents are pertinent to the substance of Plaintiffs' claims.  *See Frazier v. Bed Bath & Beyond, Inc.*, 2011 U.S. Dist. LEXIS 134087, at *4 (N.D. Cal. Nov. 21, 2011) (in a Title VII discrimination claim, a request to a recent employer for personnel record was relevant and discoverable because it was reasonably calculated that the records might contain evidence of habit, or proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident).  For example, documents detailing performance evaluations and disciplinary records at a subsequent employer may demonstrate or bolster a defense that Plaintiffs' pay was based on her performance or other issues, if Plaintiffs had similar performance issues at subsequent employers.  *William v. Morrison and Foerster LLP*, 2020 U.S. Dist. LEXIS 58351 at *5 (C.D. Cal. Apr. 2, 2020) (denying motion to quash defendant's subpoena of performance evaluations and disciplinary records for a one-year period by plaintiff's current employer, stating "[i]f Plaintiff's performance was exemplary, that would support her claim against Defendant; if problems were noted in the time frame near to her employment with Defendant, such evidence might support the defense").  For this reason, your attempt to distinguish *Penn v. Heitmeier*, is unsuccessful.  2000 U.S. Dist. LEXIS 3866, at *5 (E.D. La. Mar. 16, 2000).  While the instant litigation does not involve a claim for wrongful termination, the concept that job performance at a subsequent employer may demonstrate a "non-discriminatory" reason for, in this case, a certain salary, is relevant.  *Id.*  Likewise, documents demonstrating Plaintiffs' pay at subsequent employers may demonstrate or bolster that NIKE's compensation for Plaintiffs was in line with the market or with Plaintiffs' value in the workforce, and was thus not discriminatory.  *Fairley v. Wal-Mart Stores, Inc.,* 2016 U.S. Dist. LEXIS 154031, at *6 (E.D. La. Nov. 7, 2016) ("Evidence of Plaintiff's employment after [she left Wal-Mart in] 2005 is relevant to the defense that she was paid fairly during her employment with Wal-Mart from 1997 to 2005 based on her experience and skill.").  Accordingly, these documents are highly relevant to NIKE's defenses.

Your case law fails to demonstrate otherwise.  In *Guzman v. Chipotle Mexican Grill, Inc.*, the court noted that the parties agreed that the subsequent wage and benefit records are discoverable. 2018 U.S. Dist. LEXIS 134791, at *7-10 (N.D. Cal. Aug. 9, 2018).  Plaintiffs provide no reason why such similar records are not discoverable here where they may bear on whether Plaintiffs were paid fairly during their employment at NIKE.  Moreover, the court denied the request for disciplinary records, performance reviews, and termination records because it was not a case where "Plaintiffs are working high-level jobs that are dependent on performance reviews for raises and other salary adjustments." *Id.*  As you know, that is not the case here.  Likewise, the plaintiff in *Bala v. Or. Health & Sci. Univ.*, agreed to produce documents related to the plaintiff's subsequent employment.  2023 U.S. Dist. LEXIS 88305, at *6 (D. Or. May 14, 2023).  While the court stated in dicta that the breadth of the subpoena resulted in the burden on the *third party* outweighing the benefit, defendants failed to articulate their reasoning for such broad requests.  Here, of course, the concerns regarding burdens on third parties are not present.  Plaintiffs' refusal to produce *any* documents pertaining to their performance, which is directly tied to their salary, is inappropriate.  Finally, *Maxwell v. Health Ctr. of Lake City, Inc.*, does not even discuss evidence from *subsequent* employers and thus has no relevance to this issue.  2006 U.S. Dist. LEXIS 36774, at *8-9 (M.D. Fla. June 6, 2006).

Third, for the same reasons as stated above, this evidence is also relevant for credibility and impeachment.  *See supra*, Section I.  Rule 404 does not prevent the *discovery* of such evidence even if it may later not be admitted at trial if, for example, Plaintiffs are not untruthful on the stand.  In any event, given that these documents are also relevant to the substance of Plaintiffs' claims, Rule 404 is not a bar to this highly probative evidence.



February 22, 2024
Page 4

**III.      RFP Nos. 87 (Cahill, Elizabeth), 88 (Hender), and 109 (Johnston)**

Contingent on Plaintiffs entering into an appropriate stipulation that they are not seeking front pay or back pay damages subsequent to their employment with NIKE, NIKE would be willing to forego these RFPs. However, the evidence is still relevant and discoverable to the extent Plaintiff Hender seeks emotional distress damages. *See Dornell,* 2013 U.S. Dist. LEXIS 142335, at *15.  Please confirm.

**IV.      RFP Nos. 88 (Cahill, Elizabeth), 89 (Hender), and 110 (Johnston)**

Thank you for confirming that Plaintiffs Cahill, Hender, and Elizabeth have not filed lawsuits, charges, claims, etc. against any subsequent employer.

With regard to Plaintiff Johnston, however, this evidence must be produced.  "Certainly any claims of discrimination asserted by Plaintiff against any prior or subsequent employers are relevant to the claims of discrimination asserted here and are, therefore, properly discoverable."  *Shirazi v. Childtime Learning Ctr.,* 2008 U.S. Dist. LEXIS 88686, at *5 (W.D. Okla. Oct. 31, 2008).  Plaintiffs again claim that such documents would constitute improper character evidence and thus precludes discovery.  But "[w]hile Plaintiff may raise an issue over whether this information is admissible under the Federal Rules of Evidence, [ ] such information may lead to the discovery of admissible evidence and is thus discoverable under Federal Rule of Civil Procedure 26."  *Garrett v. Argosy Educ. Grp., Inc.,* 2011 U.S. Dist. LEXIS 174314, at *9 (N.D. Tex. Jan. 6, 2011).  Accordingly, the case law Plaintiffs cite is inapposite.  Whether or not the evidence is admissible is not the question.  The documents may be used to demonstrate things beyond a propensity to sue, including but not limited to, evidence of habit, motive, and opportunity, and thus may lead to the discovery of admissible evidence. Fed. R. Evid. 404(b)(2).

**V.      RFP Nos. 89 (Cahill, Elizabeth), 90 (Hender), and 111 (Johnston)**

Thank you for your supplemental responses.  NIKE reserves its right to meet and confer on Plaintiffs' production when it is complete on February 23, 2024.

Please confirm whether you will further supplement your responses by February 26, 2024.  We look forward to hearing from you

Sincerely,

**/s/ Daniel Prince**

Daniel Prince
for PAUL HASTINGS LLP

| From: | Jackson, Lindsey C. |
|---|---|
| To: | Brian Denlinger; Tapper, Alyssa; Prince, Daniel; Davis, Felicia A. |
| Cc: | Erika Smolyar; James Kan; Byron Goldstein; Laura Salerno Owens; Kathryn P. Roberts; india Bodien; cja@ackermanntilajef.com; Barry Goldstein; Jaclyn Blackwell; Rosenbaum, Laura E. |
| Subject: | RE: [EXT] Re: FW: Cahill v. Nike - Letter re Nike"s RFPs |
| Date: | Thursday, March 28, 2024 9:59:54 PM |
| Attachments: | image001.png |

Brian,

In light of Plaintiffs' position below, tomorrow we will to move to compel the production of documents in response to RFP Nos. 85-87 (Cahill and Elizabeth), 86-88 (Hender) and 107-109 (Johnston).  We presume Plaintiffs will oppose this motion, but please let us know if that is incorrect.

Thanks,

Lindsey



**Lindsey Jackson | Associate, Employment Law Department**
Paul Hastings LLP | 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071 | Direct: +1.213.683.6103 | Main: +1.213.683.6000 | Fax: +1.213.996.3103 |
lindseyjackson@paulhastings.com | www.paulhastings.com

**From:** Brian Denlinger <bd@ackermanntilajef.com>
**Sent:** Friday, March 22, 2024 4:43 PM
**To:** Tapper, Alyssa <alyssatapper@paulhastings.com>; Prince, Daniel <danielprince@paulhastings.com>; Davis, Felicia A. <feliciadavis@paulhastings.com>; Jackson, Lindsey C. <lindseyjackson@paulhastings.com>
**Cc:** Erika Smolyar <es@ackermanntilajef.com>; James Kan <jkan@gbdhlegal.com>; Byron Goldstein <brgoldstein@gbdhlegal.com>; Laura Salerno Owens <laurasalerno@markowitzherbold.com>; Kathryn P. Roberts <kathrynroberts@markowitzherbold.com>; india Bodien <india@indialinbodienlaw.com>; cja@ackermanntilajef.com; Barry Goldstein <bgoldstein@gbdhlegal.com>; Jaclyn Blackwell <jb@ackermanntilajef.com>
**Subject:** [EXT] Re: FW: Cahill v. Nike - Letter re Nike's RFPs

| --- External Email --- |
|---|

Counsel,

For the reasons already stated in our February 8, 2024 letter, Plaintiffs are not producing documents responsive to the RFPs you noted, and are standing on their objections.

Regarding any stipulation by Plaintiffs that they do not seek back pay or front pay damages subsequent to their employment with Nike, that has already been done in effect through Plaintiffs' supplemental responses to Nike's RFPs.

Best Regards,

Brian Denlinger
Shareholder
**Ackermann & Tilajef, P.C.**
Beverly Hills | Tacoma
(253) 625-7720 tel | (310) 277-0635 fax
www.ackermanntilajef.com

*The information contained in this e-mail is intended only for the individual or entity to whom it is addressed. Its contents (including any attachments) may contain confidential and/or privileged information. If you are not an intended recipient you must not use, disclose, disseminate, copy or print its contents. If you receive this e-mail in error, please notify the sender by reply e-mail and delete and destroy the message.*

**From:** Tapper, Alyssa <alyssatapper@paulhastings.com>
**Sent:** Friday, March 15, 2024 4:21 PM

**To:** Barry Goldstein <bgoldstein@gbdhlegal.com>; Byron Goldstein <brgoldstein@gbdhlegal.com>; Laura Salerno Owens <laurasalerno@markowitzherbold.com>; davidmarkowitz@markowitzherbold.com; harrywilson@markowitzherbold.com; kathrynroberts@markowitzherbold.com; cja@ackermanntilajef.com; Laura Ho <lho@gbdhlegal.com>; Katharine Fisher <kfisher@gbdhlegal.com>; Mengfei Sun <msun@gbdhlegal.com>; india Bodien <india@indialinbodienlaw.com>
**Cc:** Prince, Daniel <danielprince@paulhastings.com>; Davis, Felicia A. <feliciadavis@paulhastings.com>; Jackson, Lindsey C. <lindseyjackson@paulhastings.com>
**Subject:** RE: Cahill v. Nike - Letter re Nike's RFPs

Counsel,

We are following up on the attached letter.  As detailed in the letter, the documents responsive to the RFPs set forth below should be produced.  Please let us know if and when NIKE can expect production of these documents.  If Plaintiffs do not intend to do produce, please let us know when you are available early next week for a meet and confer.

- RFP Nos. 85 (Cahill, Elizabeth), 86 (Hender), and 107 (Johnston)
- RFP Nos. 86 (Cahill, Elizabeth), 87 (Hender), and 108 (Johnston)
- RFP No. 88 (Hender)

   - Documents in response to RFP No. 87 (Cahill, Elizabeth) and 109 (Johnston) must also be produced if Plaintiffs do not stipulate that they are not seeking front pay or back pay damages subsequent to their employment with NIKE

- RFP No. 110 (Johnston)

Alyssa

---

**From:** Tapper, Alyssa <alyssatapper@paulhastings.com>
**Sent:** Thursday, February 22, 2024 5:17 PM
**To:** bgoldstein@gbdhlegal.com; brgoldstein@gbdhlegal.com; laurasalerno@markowitzherbold.com; davidmarkowitz@markowitzherbold.com; harrywilson@markowitzherbold.com; kathrynroberts@markowitzherbold.com; cja@ackermanntilajef.com; lho@gbdhlegal.com; kfisher@gbdhlegal.com; msun@gbdhlegal.com; india@indialinbodienlaw.com
**Cc:** Prince, Daniel <danielprince@paulhastings.com>; Davis, Felicia A. <feliciadavis@paulhastings.com>; Jackson, Lindsey C. <lindseyjackson@paulhastings.com>
**Subject:** Cahill v. Nike - Letter re Nike's RFPs

Counsel,

Please see attached letter.

Thank you,
Alyssa

---



**Alyssa Tapper | Associate, Litigation Department**
Paul Hastings LLP | 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071 | Direct: +1.213.683.6194 | Main: +1.213.683.6000 | Fax: +1.213.996.3194 | alyssatapper@paulhastings.com | www.paulhastings.com

*********************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.