JOHN A. BERG, OSB# 120018
jberg@littler.com
PAUL E. CIRNER, OSB# 191471
pcirner@littler.com
LITTLER MENDELSON P.C.
1300 SW Fifth Avenue
Wells Fargo Tower, Suite 2050
Portland, OR 97201
Telephone:  (503) 221-0309
Facsimile:  (503) 242-2457

Daniel Prince (admitted *pro hac vice*)
danielprince@paulhastings.com
Felicia A. Davis (admitted *pro hac vice* )
feliciadavis@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California 90071-2228
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Attorneys for Defendant NIKE, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL and SARA JOHNSTON, individually and on behalf of others similarly situated,<br><br>                    Plaintiffs,<br><br>         v.<br><br>NIKE, INC., an Oregon corporation,<br><br>                    Defendant. | Case No.: 3:18-cv-01477-JR<br><br>**DEFENDANT NIKE, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO FED. R. CIV. P. 45 SUBPOENA TO MARKOWITZ HERBOLD P.C.; AND MOTION TO COMPEL RESPONSES TO NIKE'S INTERROGATORIES AND REQUESTS FOR PRODUCTION TO ADVANCE LOCAL MEDIA LLC**<br><br>**ORAL ARGUMENT REQUESTED** |

## TABLE OF CONTENTS
Page

I. INTRODUCTION ..................................................................................................................1

I. RELEVANT FACTUAL BACKGROUND ...................................................................2

II. ARGUMENT ..................................................................................................................5

    A. Legal Standard .....................................................................................................5

    B. NIKE's Discovery Is Directly Relevant To Issues In This Case And Compliance By Plaintiffs' Counsel And The Oregonian Is Mandatory. ................5

    C. The Requested Communications Are Not Privileged. ..........................................8

III. CONCLUSION ..............................................................................................................10

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Admiral Ins. Co. v. U.S. Dist. Court for Dist. of Ariz.*,
    881 F.2d 1486 (9th Cir. 1989) ............................................................................................... 10

*Andrade-Tafolla v. United States*,
    No. 3:20-cv-01361-IM, 2022 WL 807658 (D. Or. Mar. 17, 2022) ........................................ 9

*Apple, Inc. v. Samsung Elecs. Co., Ltd.*,
    No. 5:11-cv-01846-LHK (PSG), 2014 U.S. Dist. LEXIS 11778
    (N.D. Cal. Jan. 29, 2014) ................................................................................................. 2, 8

*Berrey v. Plaintiff Inv. Funding LLC*,
    No. CV-14-00847-PHX-BSB, 2014 WL 6908525 (D. Ariz. Dec. 9, 2014) ........................... 5

*BofI Fed. Bank v. Erhart*,
    No. 15cv2353 BAS (NLS), c (S.D. Cal. Apr. 26, 2016) ....................................................... 10

*Brown v. Sperber-Porter*,
    No. CV-16-02801-PHX-SRB, 2017 WL 11482463 (D. Ariz. Dec. 8, 2017) ......................... 6

*Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. Of Mont.*,
    408 F.3d 1142 (9th Cir. 2005) ........................................................................................ 8, 10

*Egiazaryan v. Zalmayev*,
    290 F.R.D. 421 (S.D.N.Y. 2013) ........................................................................................ 10

*In re Zyprexa Injunction*,
    474 F. Supp. 2d 385 (E.D.N.Y. 2007), *aff'd*,
    *Eli Lilly & Co. v. Gottstein*,
    617 F.3d 186 (2d Cir. 2010) ................................................................................................. 8

*Makaneole v. SolarWorld Indus. Am., Inc.*,
    No. 3:14-CV-1528-PK, 2016 WL 7856433 (D. Or. Sept. 2, 2016) ....................................... 6

*Relevant Grp., LLC v. Nourmand*,
    No. CV 19-5019-ODW, 2021 WL 9696765 (C.D. Cal. July 26, 2021) ................................ 8

*Richmark Corp. v. Timber Falling Consultants*,
    959 F.2d 1468 (9th Cir. 1992) ............................................................................................... 6

*St. Jude Med. S.C., Inc. v. Janssen-Counotte*,
    305 F.R.D. 630 (D. Or. 2015) ........................................................................................... 5, 6

*United States v. Chen,*
   99 F.3d 1495 (9th Cir. 1996)..............................................................................................10

**RULES**

FED. R. CIV. P. 26 .............................................................................................................................1

FED. R. CIV. P. 26(b)(1) ...............................................................................................................5, 6

FED. R. CIV. P. 26(b)(3) ................................................................................................................10

FED. R. CIV. P. 26(b)(5) ..................................................................................................................9

FED. R. CIV. P. 45 ........................................................................................................... 1, 4, 5, 8

FED. R. CIV. P. 45(a)(1)(A)(iii) .......................................................................................................5

FED. R. CIV. P. 45(d)(2)(B) .............................................................................................................5

FED. R. CIV. P. 45(e)(2)..............................................................................................................2, 10

FED. R. CIV. P. 45(e)(2)(A) .............................................................................................................8

LR 7-1 ..............................................................................................................................................1

**OTHER AUTHORITIES**

Jeff Manning, Unsealed NIKE documents reveal widespread complaints of harassment,
   pay disparities, THE OREGONIAN, Jan. 18, 2023 (last visited on Mar. 29, 2024) .....................8

## LR 7-1 CERTIFICATION

Counsel for NIKE, Inc. ("NIKE") certifies that it made a good faith effort to confer with counsel for Markowitz Herbold PC ("Markowitz") and Advance Local Media LLC, *d/b/a Oregonian Media Group* (the "Oregonian"). Markowitz and the Oregonian oppose this motion.

## MOTION TO COMPEL DISCOVERY RESPONSES

NIKE respectfully moves this Court for an order pursuant to Fed. R. Civ. P. 26 and 45 compelling (i) Markowitz to comply with NIKE's Subpoena dated February 2, 2024, and (ii) the Oregonian to comply with NIKE's Interrogatories and First Set of Requests for Production, both dated February 2, 2024, including furnishing a privilege log.

### I.     INTRODUCTION

On February 28, 2024, the Magistrate Judge here found that "plaintiffs' counsel violated the protective order" in this case by "fail[ing] to guard confidential materials" in counsel's possession. ECF No. 431 at 8. The violation—an unauthorized disclosure of confidential documents in violation of **two court orders**—appears to have been aided and abetted by the Oregonian. Plaintiffs' counsel and the Oregonian argued that this unauthorized disclosure was "inadvertent," *e.g.*, ECF Nos. 410, 414, and 442, but when served with discovery relating to the circumstances of the disclosure, both have stonewalled.[1] Even worse, Plaintiffs' counsel assert privilege over (1) their communications with the Oregonian relating to the disclosure, (2) internal communications between counsel and employees at Markowitz about compiling the confidential documents for dissemination, and (3) communications relating to why Plaintiffs and the Oregonian waited nearly a week to notify NIKE of the unauthorized disclosure.

---

[1] If true, it should have been an easy task for Plaintiffs' counsel or the Oregonian to confirm that there are no other documents that have been improperly disclosed and there is no responsive information to produce in response to the discovery requests. They did no such thing.

Page 1   -   NIKE'S MOTION TO COMPEL COMPLIANCE RE: DISCOVERY REQUESTS

None of these communications would seem to be privileged, which presumably explains why, even after their unfounded privilege assertion, Plaintiffs' counsel *refused* to produce a privilege log detailing the basis of that claim consistent with Fed. R. Civ. P. 45(e)(2). In short, the cover-up might be as egregious as Plaintiffs' misconduct.

NIKE intends to seek, and the current record supports, severe sanctions to remedy these violations of court orders and discovery misconduct. But NIKE files the instant motion to reserve its right to supplement the record on sanctions, if necessary, because the Court should not countenance the ongoing disregard for its processes and orders by Plaintiffs' counsel and the Oregonian. NIKE is entitled to the requested information to understand the full nature and extent of the breach of court orders and the potential intrusion into the privacy of NIKE's current and former employees. *See, e.g.*, *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 2014 U.S. Dist. LEXIS 11778, at *22 (N.D. Cal. Jan. 29, 2014) (authorizing document production and depositions after a breach of the protective order and awarding sanctions).

I.   **RELEVANT FACTUAL BACKGROUND**

From the outset, Plaintiffs' counsel, in conjunction with the Oregonian, have fought to make the confidential "Starfish" documents a focal point despite their lack of relevance to the pay and promotions claims. ECF Nos. 1 ¶ 54. The Court ordered NIKE to produce these documents to Plaintiffs, Dkt. No. 111 at 8, which contain informal accusations of harassment that have not been substantiated and which identify complainants, witnesses, and alleged subjects (the "Documents"), *see, e.g.,* ECF Nos. 425, 436. The Documents were produced to Plaintiffs under the Protective Order and designated as "**Highly Confidential – Attorneys' Eyes Only**." The Protective Order also limited the use of such Documents to this litigation. ECF No. 82 at 2-3. The opposite happened, though, when Plaintiffs' counsel leaked those Documents to *a reporter* for the Oregonian. Plaintiffs' counsel conveniently asserted that the leak was

"inadvertent," ECF No. 411 at ¶ 14, even though counsel has stated that protective orders "hide" information counsel believes should be public. ECF No. 437-4 at 5.

The Documents also were shielded from disclosure pursuant to a Ninth Circuit stay order (the "Stay Order"), entered in this Court at ECF No. 408. That Stay Order followed a flurry of activity in both courts concerning whether the Documents should be unsealed. *See, e.g.,* ECF Nos. 397, 404, 406. Ultimately, the Ninth Circuit ruled that the Documents should remain sealed pending NIKE's appeal. ECF No. 408. Plaintiffs' counsel was aware of these orders and did not follow them. The Oregonian also knew the rules. It intervened in the District Court to unseal the confidential Documents, ECF No. 205; it also intervened in the Ninth Circuit and was notified of the Ninth Circuit Stay Order. ECF No. 408. It also flouted the orders.

Despite the issuance of a stay, Plaintiffs' counsel, Laura Salerno Owens of Markowitz Herbold, P.C., met with Matthew Kish, a reporter from the Oregonian, and previewed confidential Documents—***which should not have been shown to the Oregonian***—using an iPhone and an iPad. ECF No. 416, ¶ 3. While the facts have not been fully tested, NIKE is aware of the following:

- Salerno Owens states that she met with Kish on January 19, 2024 to discuss his inquiry into the allegations of a NIKE employee. ECF Nos. 411, ¶ 2 & 416 ¶ 2.

- Aware of the Ninth Circuit Stay Order, which was entered just hours earlier, and during an ice storm that knocked out power and made driving treacherous, Salerno Owens and Kish met at a coffee shop to discuss the Documents. ECF Nos. 407, 426, ¶ 5, 426-1 at 2-3.

- During the meeting, at 1:58 p.m., Salerno Owens emailed a prepared comment to Kish. ECF No. 411, ¶ 5; ECF No. 416, ¶ 3. Within the span of four minutes, and despite the email having no reference to the Starfish records, ECF No. 411-1, Kish allegedly read Salerno

Page 3   -   NIKE'S MOTION TO COMPEL COMPLIANCE RE: DISCOVERY
              REQUESTS

Owens' comment, "noticed [that she] referenced [the Documents]" and "asked [ ] which [Project Starfish complaint] supported the comment[.]" ECF No. 411, ¶ 6.

- Within those same four minutes, Salerno Owens typed an index with page numbers and allegations, which she emailed to Kish at 2:02 p.m. ECF Nos. 411, ¶ 7, 411-2.

- Kish purportedly told her that the index did not contain ECF references to the public record. ECF No. 411, ¶ 8. Eight minutes later, at 2:10 p.m., Salerno Owens forwarded a PDF containing the Documents. *Id.*, ¶ 9 and 411-6.

- Salerno Owens purportedly realized that she sent confidential materials and texted Kish at 3:41 p.m. ECF No. 411 ¶ 13.

- Rather than immediately notify NIKE and the Court, Salerno Owens says that she tried to convince Kish to return the documents. ECF No. 411, ¶¶ 13-19. Kish declined. ECF No. 416, ¶¶ 4, 7. Only after she realized that her breach would be published by the Oregonian, did Plaintiffs inform NIKE and the Court, ***six days after*** the disclosure. ECF No. 426, ¶ 4.

Once notified, NIKE informally requested basic information relating to the circumstances of the disclosure. ECF No. 426 ¶¶ 7-11. That was ignored. *See id.* NIKE then served narrowly tailored sets of discovery on Plaintiffs' counsel (Rule 45 Subpoena) and the Oregonian (RFPs and Interrogatories). Declaration of Daniel Prince ("Prince Decl.") Exs. A-C. The purpose of the discovery was to uncover facts regarding the disclosure, including, for example, (1) Plaintiffs' communications with the Oregonian relating to the disclosure, (2) internal communications about compiling the confidential Documents for dissemination, and (3) communications relating to why Plaintiffs and the Oregonian waited nearly a week to notify NIKE of the unauthorized disclosure.

Plaintiffs and the Oregonian refused to meaningfully respond. Plaintiffs served

Page 4 -   NIKE'S MOTION TO COMPEL COMPLIANCE RE: DISCOVERY
            REQUESTS

boilerplate objections, claiming that the information sought was "irrelevant" and "privileged." Prince Decl. Ex. D.[2] And when asked to provide a privilege log, Plaintiffs refused. *See id.* Ex. I. The Oregonian claimed to be immune from discovery. *See id.* Ex. J. After extensive correspondence, this motion followed. *See id.* Exs. D-L.

## II. ARGUMENT

### A. Legal Standard

Fed. R. Civ. P. 45 allows a party to serve a subpoena on any person for the production of documents. Fed. R. Civ. P. 45(a)(1)(A)(iii). Pursuant to Rule 26(b)(1), parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," Fed. R. Civ. P. 26(b)(1), or "discovery of any matter relevant to the subject matter involved in the action." *St. Jude Med. S.C., Inc. v. Janssen-Counotte*, 305 F.R.D. 630, 637 (D. Or. 2015).

### B. NIKE's Discovery Is Directly Relevant To Issues In This Case And Compliance By Plaintiffs' Counsel And The Oregonian Is Mandatory.

NIKE served discovery on Plaintiffs' counsel and the Oregonian related to the unauthorized disclosure of confidential Documents, including how it occurred, whether it was "inadvertent," the full extent of the disclosure, and why it took six days for Plaintiffs to notify NIKE. To date, Plaintiffs have produced seven pages of materials, including three screenshots of text messages and call logs between Salerno Owens and Kish (dated January 19, 22, and 24, 2024). Prince Decl. Ex. H at 5-11. Plaintiffs have not confirmed whether additional responsive documents exist.[3] The Oregonian has produced nothing.

---

[2] Plaintiffs' counsel did not provide objections to each individual RFP until their March 15, 2024 letter. Prince Decl. Ex. H. While these objections lacked merit, they also were untimely. Fed. R. Civ. P. 45(d)(2)(B); *Berrey v. Plaintiff Inv. Funding LLC*, 2014 WL 6908525, at *24 (D. Ariz. Dec. 9, 2014) (additional objections served after the deadline were untimely).

[3] Due to their prior working relationship, ECF No. 436 n. 7, and their representations to the Court, NIKE believes that, at minimum, more communications between Salerno Owens and Kish exist regarding the complaints and employee allegations. *Compare* ECF No. 411 ¶ 2 ("Kish had

Page 5 - NIKE'S MOTION TO COMPEL COMPLIANCE RE: DISCOVERY REQUESTS

Plaintiffs' counsel objects that the requests are not "relevant to the claims and defenses asserted in the above entitled case."[4]  ECF No. 437-1.  The Oregonian *did not even assert objections*, but rather provided a one-sentence letter claiming it is excused from discovery.[5]  Neither are proper objections.  See *Makaneole v. SolarWorld Indus. Am., Inc.*, 2016 WL 7856433, at *3 (D. Or. Sept. 2, 2016) ("[b]oilerplate, generalized objections are inadequate and tantamount to not making any objection at all.") (citation omitted); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.").  And neither party is excused from a fulsome production.

*First*, NIKE's discovery seeks documents related to the breach of court orders, including any use or dissemination of the Documents.  The Court has the authority to order discovery on "any matter relevant to the subject matter involved in the action."  *St. Jude*, 305 F.R.D. at 637.  Plaintiffs have harped on these (irrelevant) Documents since the case was filed; they were produced pursuant to the Protective Order; the Protective Order precluded disclosure; the Stay Order precluded disclosure; the Documents were briefed during class certification; and even post-certification, Plaintiffs continue to seek discovery regarding the same.  ECF Nos. 82, 89, 111, 146, 407, 408, 432, 443.  To argue that NIKE is barred from discovery into Plaintiffs'

---

previously informed me that he had received a copy of a declaration") *with* Prince Decl. Ex. H at 5-11.  Documents also likely exist related to Markowitz's preparation of the PDF to give to the Oregonian, ECF No. 411 ¶ 4, and their decision to finally notify NIKE.  ECF No. 426 ¶ 4.

[4] Markowitz also objected based on undue burden, without specifying how collecting documents surrounding the disclosure (which occurred recently) would impose any burden.  Prince Decl. Ex. D.  That is an improper objection and makes no sense.  *Brown v. Sperber-Porter*, 2017 WL 11482463, at *3 (D. Ariz. Dec. 8, 2017) (conclusory assertions of undue burden are insufficient).

[5] The Oregonian's assertion, based on the Magistrate's recommendations filed on February 28, 2024, ECF No. 341, is unfounded.  The recommendations pertain to NIKE's request to obtain discovery "prior to the ruling on the Motion to Vacate."  ECF No. 429 at 3.  Moreover, the recommendations are non-final, to which NIKE has filed objections.  ECF No. 436.

Page 6  -   NIKE'S MOTION TO COMPEL COMPLIANCE RE: DISCOVERY
            REQUESTS

unauthorized disclosure of the *same Documents* is nonsensical. The information requested is relevant. It should be produced.

**Second**, there is no dispute that Plaintiffs breached the Protective Order and the Ninth Circuit Stay Order. *See, e.g.,* ECF No. 431. The Oregonian, an intervenor, now possesses confidential discovery materials related to non-party individuals that will publish. The fate of that confidential material is currently being litigated. As a direct result of Plaintiffs' breach, NIKE has prepared and filed seven briefs in this Court and the Ninth Circuit. ECF Nos. 425, 429, 436; Prince Decl. ¶ 15.

To date, NIKE and the Court have been forced to take the Oregonian and Plaintiffs' version of the facts at face value, but there is information that NIKE does not know. What NIKE does know is that Plaintiffs' counsel breached the orders and commented on the confidential Documents numerous times before.[6] Each of these facts call into question the veracity of the "inadvertent" characterization, but at a minimum, warrants further examination of the facts beyond the curated version of events offered.

NIKE is entitled to know whether Plaintiffs and the Oregonian conspired to breach court orders, whether Plaintiffs have further disseminated the Documents, and facts relating to the delay in notice to NIKE and the Court. Plaintiffs' counsel and the Oregonian are hiding the circumstances surrounding their violation of Court orders. This threatens the sanctity of protective orders and their effectiveness in securing fair and efficient litigation through discovery. Courts have the power to ensure that protective orders are not freely disregarded.

---

[6] Plaintiffs' counsel commented that the Documents "help strengthen [Plaintiffs'] case." *See* Jeff Manning, Unsealed NIKE documents reveal widespread complaints of harassment, pay disparities, THE OREGONIAN, Jan. 18, 2023, https://www.oregonlive.com/business/2023/01/unsealed-nike-documents-reveal-widespread-complaints-of-harassment-pay-disparities.html (last visited on Mar. 29, 2024).

Page 7   -   NIKE'S MOTION TO COMPEL COMPLIANCE RE: DISCOVERY REQUESTS

For example, in *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, Apple and Nokia suspected that Samsung used discovery in violation of the protective order. 2014 U.S. Dist. LEXIS 11778, at *22. Because Samsung offered scant explanation regarding the disclosure (as is the case here), the court authorized "substantial document production and depositions." *Id.* at *23. Likewise, in *In re Zyprexa Injunction*, 474 F. Supp. 2d 385 (E.D.N.Y. 2007), a retained expert conspired with the press to disseminate discovery in violation of a protective order. *Id.* at 406. The court ordered the expert to produce documents and to submit to a deposition. *Id.*

Plaintiffs' counsel and the Oregonian cannot violate Court orders, claim that the violation was inadvertent, and then refuse to comply with discovery that would test or verify that characterization. The requested information must be produced, and given the obstruction by Plaintiffs' counsel, NIKE reserves the right to depose Salerno Owens to supplement the record, if necessary, in connection with any sanctions motion.

### C. The Requested Communications Are Not Privileged.

Plaintiffs' counsel has asserted privilege or work product over almost every responsive document in its possession (although they notably do not elaborate on how many such documents may exist). This objection should be rejected. NIKE seeks: (1) communications between Plaintiffs' counsel and the Oregonian (or other media outlets) regarding the confidential Documents; (2) communications between Salerno Owens and her team related to the compilation of the PDF that was provided to the Oregonian; and (3) communications relating to why the parties waited nearly a week to notify NIKE of the disclosure. None of this information would appear to be privileged, and if there is a claim of privilege, it should have been logged.[7]

---

[7] Rule 45 requires parties to "describe the nature of the withheld documents . . . in a manner that . . . will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2)(A). Courts require non-parties to prepare a privilege log. *Relevant Grp., LLC v. Nourmand*, 2021 WL 9696765, at *4

Page 8 -  NIKE'S MOTION TO COMPEL COMPLIANCE RE: DISCOVERY REQUESTS

Plaintiffs refused to produce a log, and their objections on this basis should be deemed waived. *See, e.g.*, Fed. R. Civ. P. 26(b)(5) Advisory Committee Notes ("To withhold materials without such notice [in the form of a log] is contrary to the rule, **subjects the party to sanctions** . . . and **may be viewed as a waiver of the privilege** or protection.") (emphasis added); Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. Of Mont., 408 F.3d 1142, 1149-50 (9th Cir. 2005) (affirming finding of waiver by party who failed to provide privilege log because, *inter alia*, the party was a "sophisticated corporate litigant" and a "repeat player in [similar] lawsuits and regulatory action involving the [same issues] of the underlying lawsuit.").

***First***, NIKE seeks documents between Plaintiffs' counsel and the Oregonian relating to counsel's disclosure of the Documents to the Oregonian. NIKE has not requested information relating to any request for, or transmission of, legal advice. Nor has NIKE requested attorney work product. *See* Prince Decl. Ex. A, RFP Nos. 2 (communications between Plaintiffs' counsel and the Media Intervenors regarding the Starfish documents), 6 (communications between Plaintiffs' counsel and the Media Intervenors regarding employee allegations), 3 (documents provided by Plaintiffs' counsel to the Media Intervenors), 7 (documents relating to articles by the Media Intervenors), and 11 (documents shown by Salerno Owens to Kish).

Plaintiffs' counsel does not represent the Oregonian or the Media Intervenors. Privilege or work product does not attach to communications between a law firm and the third party press. *See, e.g.*, Andrade-Tafolla v. United States, 2022 WL 807658, at *6 (D. Or. Mar. 17, 2022) (privilege cannot apply to third party communication with media outlets); BofI Fed. Bank v. Erhart, 2016 WL 1644726, at *4 (S.D. Cal. Apr. 26, 2016) (ordering production of communications with the New York Times because communications with a third party are not

---

(C.D. Cal. July 26, 2021) (Rule 45's privilege log requirement is well established).

Page 9   -   NIKE'S MOTION TO COMPEL COMPLIANCE RE: DISCOVERY REQUESTS

work product). Put simply, "a media campaign is not a litigation strategy." *Egiazaryan v. Zalmayev*, 290 F.R.D. 421, 431 (S.D.N.Y. 2013) (citation omitted).

**Second**, internal correspondence between Salerno Owens and her team related to when and how the PDF packet of the confidential Documents was assembled for the unauthorized transmission to the Oregonian is not privileged. Nor is it work product; it would not have been prepared in anticipation of litigation. It was, instead, prepared to provide to the media. *See, e.g.*, *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996); *Admiral Ins. Co. v. U.S. Dist. Court for Dist. of Ariz.*, 881 F.2d 1486, 1494 (9th Cir. 1989) (citing Fed. R. Civ. P. 26(b)(3)).

**Third**, communications between Plaintiffs and the Oregonian relating to the disclosure, including when to advise NIKE and/or the Court of the same, do not implicate privilege or work product. Nor did Plaintiffs furnish a log to evaluate their specious claims of privilege. *See Burlington*, 408 F.3d at 1149-50; Fed. R. Civ. P. 45(e)(2).[8]

### III. CONCLUSION

NIKE files the instant motion to reserve its right to supplement the record on its forthcoming sanctions motion, if necessary, relating to the unauthorized disclosure of the Documents by and between Plaintiffs' counsel and the Oregonian. Thus, the foregoing reasons, NIKE respectfully requests that the Court issue an order compelling (i) Markowitz to comply with NIKE's Subpoena dated February 2, 2024 and (ii) the Oregonian to comply with NIKE's Interrogatories and First Set of Requests for Production, both dated February 2, 2024.

Date: March 29, 2024

/S/ Daniel Prince
DANIEL PRINCE, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
FELICIA A. DAVIS, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com

---

[8] Plaintiffs' claim that a privilege log would disclose privileged information lacks merit. *See* Fed. R. Civ. P. 45(e)(2)(A) (requiring description sufficient to "assess the claim.").

PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

JOHN A. BERG, OSB# 120018
jberg@littler.com
PAUL E. CIRNER, OSB# 191471
pcirner@littler.com
LITTLER MENDELSON P.C.
1300 SW Fifth Avenue
Wells Fargo Tower, Suite 2050
Portland, OR 97201
Telephone: (503) 221-0309
Facsimile: (503) 242-2457

Page 11  -  NIKE'S MOTION TO COMPEL COMPLIANCE RE: DISCOVERY
            REQUESTS