LAURA E. ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 300
Portland, OR  97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

DANIEL PRINCE, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
FELICIA A. DAVIS, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Attorneys for Defendant NIKE, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL et al., <br><br> Plaintiffs, <br><br> v. <br><br> NIKE, INC., an Oregon Corporation, <br><br> Defendant. | Case No. 3:18-cv-01477-JR <br><br> **DEFENDANT NIKE, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY ADJUDICATION; AND LEGAL MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION** <br><br> **REQUEST FOR ORAL ARGUMENT** |

NIKE, INC.'S MOTION FOR SUMMARY ADJUDICATION AND LEGAL
MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56-1, Defendant NIKE, Inc. ("NIKE") moves this Court for summary adjudication on named Plaintiff Kelly Cahill's ("Cahill's") second and third Claims for Relief under Title VII of the Civil Rights Act of 1964 ("Title VII"). In compliance with Local Rule 7-1, NIKE made a good faith effort to confer with Cahill's counsel in order to resolve the dispute and have been unable to do so. Declaration of Felicia Davis in Support of NIKE's Motion for Summary Adjudication, ¶¶ 3-4, Ex. A.

As set forth fully in the accompanying legal memorandum, all of Cahill's Title VII claims are barred for failure to exhaust administrative remedies and, therefore, fail as a matter of law. Accordingly, no triable issues exist with respect to Cahill's Title VII claims and summary adjudication in favor of NIKE is warranted. In support of this motion, NIKE relies on its Legal Memorandum and the Declaration of Felicia A. Davis in support of its Motion for Summary Adjudication that contains the portions of the record relied upon and cited in the Legal Memorandum.

Dated: April 5, 2024

Respectfully submitted,

/s/ Felicia A. Davis

Felicia A. Davis, Cal. SB No. 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
Daniel Prince, Cal. SB No. 237112 (*pro hac vice*)
danielprince@paulhastings.com
Paul Hastings LLP
515 South Flower Street, Twenty-Fifth Floor
Los Angeles, California 90071-2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

LAURA E. ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 300
Portland, OR  97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

Attorneys for Defendant NIKE, INC.

Page 1 -  NIKE, INC.'S MOTION FOR SUMMARY ADJUDICATION AND LEGAL
             MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION

# NIKE'S LEGAL MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY ADJUDICATION

## I. INTRODUCTION

Two of Plaintiff Kelly Cahill's ("Cahill") Claims for Relief are time-barred and should be dismissed.

Specifically, Cahill's second and third Claims for Relief under Title VII (each alleging gender discrimination) require her to timely file a charge with the Equal Employment Opportunity Commission ("EEOC"). The charge must be filed within 300 days of the allegedly unlawful discrimination. Cahill did not do so. In fact, Cahill failed to file a charge with the EEOC at all. As a result, under black letter law, the Court lacks jurisdiction over these claims because she failed to exhaust her administrative remedies. *See* 42 U.S.C. § 2000e-5(b), (e)(1), (f)(1); *see also Doe v. State of Ariz.*, No. CV-15-02399-PHX-DGC, 2016 WL 1089743, at *4 (D. Ariz. Mar. 21, 2016) ("where the plaintiff has never presented a discrimination complaint to the appropriate administrative authority, the district court does not have subject matter jurisdiction") (quoting *Sommatino v. United States*, 255 F.3d 704, 708-09 (9th Cir. 2001)).

NIKE expects that Cahill may argue that she can avoid her failure by "piggybacking" off the EEOC charges filed by the other named Plaintiffs in this action. That is wrong on the facts and in practice. While a time-barred plaintiff can "piggyback" off another plaintiff's timely charge in certain circumstances, this is only allowed when the otherwise time-barred plaintiff suffered the alleged unlawful act within 300 days of the timely charge. *See U.S. Equal Emp't Opportunity Comm'n v. Discovering Hidden Haw. Tours, Inc.*, No. 17-00067 DKW-KSC, 2017 WL 4202156, at *5 (D. Haw. Sept. 21, 2017). That means that Cahill could maintain otherwise time-barred claims only if the alleged unlawful acts occurred within 300 days of a charge filed by one of the other Plaintiffs (Johnston, Elizabeth, or Hender). Those facts do not arise here.

Page 2 -  NIKE, INC.'S MOTION FOR SUMMARY ADJUDICATION AND LEGAL
         MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION

Cahill's last day of employment was July 25, 2017; she could not have suffered any alleged discrimination by NIKE after that date. Johnston filed her charge on August 7, 2018 (378 days later); Elizabeth filed on August 23, 2018 (394 days later); and Hender filed on November 9, 2018 (472 days later). Cahill cannot "piggyback" off any of them.

Finally, Plaintiff's inevitable counterarguments (that equitable remedies should save her from her failure to exhaust administrative remedies) fail. Principles of equitable relief apply only when a plaintiff lacks actual or constructive knowledge of the filing period (equitable tolling), or when a defendant "takes active steps" to prevent a plaintiff from timely filing a claim (equitable estoppel). *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002). Neither circumstance exists here. Cahill had *at least* constructive knowledge that she needed to timely file a charge with the EEOC because she was represented by counsel. *Id*. at 417. There is zero evidence in the record that NIKE took any steps to prevent Cahill from filing a timely charge. Therefore, no equitable relief is available to overcome Cahill's failure. As a result, and as detailed below, Cahill's Title VII claims cannot survive this motion.

## II.  UNDISPUTED FACTUAL BACKGROUND

### A. Class Certification Was Denied: Plaintiffs Now Pursue Their Claims For Relief On An Individual Basis.

The current action consists only of the claims of four named Plaintiffs. Plaintiffs filed a class and collective action complaint on August 9, 2018, alleging gender discrimination in NIKE's pay and promotion practices. ECF No.1.[1] After extensive class-related discovery and motion practice, on March 21, 2023, the Court denied Plaintiffs' motion for class certification because Plaintiffs failed to show that NIKE had a policy, pattern, or practice common to the

---

[1] Plaintiffs filed the operative complaint, the Second Amended Complaint ("SAC") on October 26, 2023, alleging the same second and third Claims for Relief on behalf of Cahill. ECF No. 377.

Page 3 -  NIKE, INC.'S MOTION FOR SUMMARY ADJUDICATION AND LEGAL
MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION

proposed class. *See* ECF No. 310 at 55 (Magistrate Judge Russo's Findings & Recommendations); *see also* ECF No. 335 (Court Order Adopting Magistrate Judge Russo's Findings & Recommendations). This action is no longer a class action; the claims of the four named Plaintiffs continue solely on an individual basis.

### 1. Cahill Resigned More Than One Year Before Plaintiffs Filed The Complaint And She Failed To File An EEOC Charge.

Cahill began working with NIKE as a contractor in October 2012 as a Digital Brand Senior Producer. Declaration of Felicia Davis in Support of NIKE's Motion for Summary Adjudication ("Davis Decl."), ¶ 7, Ex. E (Deposition Transcript of Kelly Cahill ("Cahill Tr.")) 60:4-8. In October 2013, Cahill was hired as a full time NIKE employee as a Global Digital Cross Category Director. *Id.* at 60:12-14, 76:4-25. In December 2014, Cahill began in a new role as Digital Brand Director. *Id.* at 88:17-21. In July 2017, Cahill accepted a position with one of NIKE's competitors, where she worked after leaving NIKE. *Id.* at 282:10-12. Thereafter, on July 25, 2017, Cahill submitted her resignation letter, effective the same day. *Id.* at 297:9-17.

On July 25, 2018, Cahill filed a charge with the Oregon Bureau of Labor & Industries ("BOLI"), exactly one year after she ended her employment with NIKE. *Id.* at 301:14-18, Ex. 32; *see also* SAC ¶ 33. Cahill retained counsel before filing her charge with BOLI. Cahill Tr. 23:23-24:3. Notably, Plaintiffs' SAC admits by omission that Cahill never filed a charge with the EEOC, alleging only that she filed with BOLI (SAC ¶¶ 29-35) and noting that all of the named Plaintiffs except for Cahill, timely filed with the EEOC. *Id.* at ¶¶ 202, 212 ("Plaintiffs Johnston, Hender and Elizabeth each filed a timely charge with the EEOC."); *see also id.* at ¶¶ 201-220. And, Cahill admits that the BOLI charge is the only administrative charge she filed.

Page 4 -   NIKE, INC.'S MOTION FOR SUMMARY ADJUDICATION AND LEGAL
            MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION

Cahill Tr. 23:1-5. According to Plaintiff, on August 27, 2018, BOLI issued a notice that Cahill's charge had been withdrawn because she was pursuing her claims in court. *Id.* at ¶ 33.

### 2. Plaintiffs Johnston, Elizabeth, And Hender Filed EEOC Charges More Than 300 Days After Cahill's Employment With NIKE Ended.

The remaining named Plaintiffs, Hender, Elizabeth, and Johnston, each filed charges with the EEOC more than 300 days after Cahill's last day of employment with NIKE, and thus more than 300 days after Cahill could possibly have experienced any discriminatory act.[2]

| Named Plaintiff | Date EEOC Charge Filed | # Days After Cahill Ended Her Employment |
|---|---|---|
| Johnston | August 7, 2018. Davis Decl., ¶ 6, Ex. B; SAC ¶ 26. | 378 days |
| Elizabeth | August 23, 2018. *Id.* at ¶ 6, Ex. C; SAC ¶ 39. | 394 days |
| Hender | November 9, 2018. *Id.* at ¶ 6, Ex. D; SAC ¶ 17. | 472 days |

### III. NIKE IS ENTITLED TO SUMMARY ADJUDICATION ON CAHILL'S TITLE VII CLAIMS

#### A. Summary Adjudication Legal Standard.

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue of fact "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). The same

---

[2] Cahill's BOLI charge also was filed more than 300 days after her departure. Cahill Tr. 301:14-18, Ex. 32; *see also* SAC ¶ 33.

Page 5 -   NIKE, INC.'S MOTION FOR SUMMARY ADJUDICATION AND LEGAL
                MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION

standard applies to a motion for summary adjudication "as that which applies to a motion for summary judgment." *Rexel, Inc. v. Rexel Int'l Trading Corp.*, 540 F. Supp. 2d 1154, 1160 (C.D. Cal. 2008).

### B. Cahill Did Not File An EEOC Charge And Her Title VII Claims Are Barred.

Plaintiff Cahill alleges disparate impact and disparate treatment under Title VII related to NIKE's alleged pay and promotion practices. SAC ¶¶ 201-220 (second and third Claims for Relief). Under Title VII, a plaintiff must exhaust her administrative remedies by filing a timely charge with the EEOC within 300 days of the alleged discrimination. *See* 42 U.S.C. § 2000e-5(b), (e)(1), (f)(1). Cahill never filed an EEOC charge. *See* SAC ¶¶ 28-35, 202, 212; Cahill Tr. 23:1-5. She did not exhaust her administrative remedies and cannot maintain her Title VII claims. *See* 42 U.S.C. § 2000e-5(b), (e)(1), (f)(1).

### C. Cahill's Title VII Claims Cannot Be Revived By "Piggybacking" On Another Plaintiff's EEOC Charge.

Courts have permitted employees who have not filed an EEOC charge to "piggyback" on the timely charge of another plaintiff in the same case when the claims arise out of similar alleged discriminatory treatment within the same time frame, so long as the filed EEOC charge indicated to the employer that the grievance affected other employees. *See, e.g., Arizona ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1202 (9th Cir. 2016), *cert. denied sub nom. Geo Grp., Inc. v. EEOC*, 580 U.S. 1048 (2017); *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1197 (10th Cir. 2004) (same). However, "piggybacking" only applies to claims that arose *within* 300 days of the filing of the EEOC charge. *U.S. EEOC v. Discovering Hidden Haw. Tours*, 2017 WL 4202156, at *5 (finding continuing violation doctrine based on an alleged discriminatory pattern or practice, "include[s] only the additional, otherwise time-barred claims of aggrieved individuals who suffered at least one unlawful employment action within 300 days of the filing of the

Page 6 -   NIKE, INC.'S MOTION FOR SUMMARY ADJUDICATION AND LEGAL
              MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION

Charge"); *see also* *Arizona ex rel. Horne*, 816 F.3d at 1202 (finding that the proper starting date for "piggyback[ing]" plaintiffs in a class action is "300 days prior" to the timely-filed charge). As a result, employees who do not allege an unlawful employment practice within the 300 day period preceding the charge cannot "piggyback." *U.S. EEOC v. Discovering Hidden Haw. Tours*, 2017 WL 4202156, at *5 (same).

Johnston, Hender, and Elizabeth's EEOC charges cannot support Cahill's Title VII claims. Johnston filed her charge on August 7, 2018, 378 days after Cahill ended her employment with NIKE. Elizabeth and Hender both filed their EEOC charges after Johnston—respectively, 394 and 472 days after Cahill's last day at NIKE. Cahill did not, as a matter of law, suffer any allegedly discriminatory actions within the 300 days preceding the charge filings. On this basis, Cahill's Title VII claims should be dismissed.

### D. Cahill Is Not Entitled To Equitable Relief To Maintain Her Title VII Claims.

Plaintiff Cahill may argue that her time-barred claims should be maintained under principles of equitable estoppel and equitable tolling. However, no principles of equitable relief apply here. First, Cahill, as a represented party, had constructive knowledge of the applicable statutes of limitation. Cahill Tr. 23:23-24:3. Second, NIKE has not conducted itself in any way that impeded Cahill from timely filing. "[E]quitable tolling has been [] applied to excuse a [plaintiff's] failure to comply with the time limitations where she had neither actual nor constructive notice of the filing period" or "[i]f a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period." *Johnson*, 314 F.3d at 414 (citations omitted). However, "once a [plaintiff] retains counsel, tolling ceases because she has gained . . . constructive knowledge of the law's requirements." *Id.* (citation omitted).

Time limitations also may be tolled based on principles of equitable estoppel, for example, where an employer impedes the timely filing of suit by a plaintiff. *O'Donnell v.*

Page 7 -  NIKE, INC.'S MOTION FOR SUMMARY ADJUDICATION AND LEGAL
MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION

*Vencor Inc.*, 466 F.3d 1104, 1112-13 (9th Cir. 2006); *see also Johnson,* 314 F.3d at 414 (equitable estoppel "come[s] into play if the defendant takes active steps to prevent the plaintiff from suing in time") (quotation marks and citation omitted). Equitable estoppel "focuses primarily on the actions taken by the *defendant* in preventing a plaintiff from filing suit." *Id.* (quotation marks and citation omitted, emphasis in original).

Here, there is no evidence to support equitable relief for Cahill's failure to timely file a charge with the EEOC. First, because Cahill was represented by counsel, she had *at least* constructive knowledge, if not actual knowledge, of her obligation to timely file with the EEOC. *See id.* Second, there is zero evidence that NIKE impeded Cahill from timely filing a charge. *See id.* For these reasons, equitable tolling is not appropriate here.

## IV.    CONCLUSION

There is no question that Cahill failed to timely file a charge with the EEOC. There is no excuse for her failure. As a represented party, where NIKE took no action to impede her timely filing, Cahill should not and cannot rely on equitable relief to maintain her claims. Therefore, as Cahill's Title VII claims cannot be maintained, the Court should grant NIKE's motion for summary adjudication and dismiss them.

Dated: April 5, 2024        Respectfully submitted,

/s/ Felicia A. Davis

Felicia A. Davis, Cal. SB No. 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
Daniel Prince, Cal. SB No. 237112(*pro hac vice*)
danielprince@paulhastings.com
Paul Hastings LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California 90071-2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

Page 8 -   NIKE, INC.'S MOTION FOR SUMMARY ADJUDICATION AND LEGAL
            MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION

LAURA E. ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 300
Portland, OR  97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

Attorneys for Defendant NIKE, INC.