LAURA E. ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 300
Portland, OR 97205
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

DANIEL PRINCE, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
FELICIA A. DAVIS, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendant NIKE, INC.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL et al., <br><br> Plaintiffs, <br><br> vs. <br><br> NIKE, INC., an Oregon Corporation, <br><br> Defendant. | Case No. 3:18-cv-01477-JR <br><br> **DECLARATION OF FELICIA A. DAVIS IN SUPPORT OF DEFENDANT NIKE INC.'S MOTION FOR SUMMARY ADJUDICATION** |

<u>**DECLARATION OF FELICIA A. DAVIS**</u>

I, Felicia A. Davis, declare and state as follows:

1.       I am an attorney duly licensed to practice law in the State of California, and am admitted *pro hac vice* to the District Court of Oregon.  I am a partner at the law firm of Paul Hastings LLP, counsel of record for Defendant NIKE, Inc. ("NIKE") in the above-captioned lawsuit.  I have personal knowledge of the facts contained herein, or know of such facts by my review of the files maintained by Paul Hastings LLP in the normal course of its business, and if called upon to do so, could and would competently testify thereto.

2.       I submit this Declaration in Support of NIKE's Motion for Summary Adjudication.

3.       On Wednesday, April 3, 2024, NIKE delivered a correspondence, via e-mail, to Plaintiffs' counsel, in a good faith effort to meet and confer in order to resolve this dispute. Attached hereto as **Exhibit A**, is a true and correct copy of the e-mail and the attached correspondence.

4.       On Thursday, April 4, 2024, Plaintiffs' counsel sent an email, offering to discuss the matter in the next week or two, after NIKE's deadline to file this Motion.  On, April 5, 2024, I responded to Plaintiffs' counsel and offered to discuss the matter via telephone on the same day.  However, as of the time of this filing, Plaintiffs' counsel has not responded.

5.       As a result, the parties have not been able to resolve this dispute.

6.       On June 14, 2019, Plaintiffs produced documents to NIKE, including:

(a)       A copy of the Charge filed with the EEOC by Plaintiff Sara Johnston on August 7, 2018. Attached hereto as **Exhibit B,** is a true and correct copy of an excerpt of Ms. Johnston's  EEOC Charge, showing she signed the Charge on August 7, 2018, bates-stamped PLF_0000923;

(b)       A copy of the Charge filed with the EEOC by Plaintiff Lindsey Elizabeth on August 23, 2018. Attached hereto as **Exhibit C,** is a true and correct copy of an excerpt of

Ms. Elizabeth's EEOC Charge, showing she signed the Charge on August 23, 2018, bates-stamped PLF_0000843; and

(c)     A copy of the Charge filed with the EEOC by Plaintiff Heather Hender on November 9, 2018. Attached hereto as **Exhibit D,** is a true and correct copy of an excerpt of Ms. Hender's EEOC Charge, showing she signed the Charge on November 9, 2018, bates-stamped PLF_0000875.

7.     Attached hereto as **Exhibit E,** is a true and correct copy of relevant excerpts of the Deposition Transcript of Plaintiff Kelly Cahill, taken by me on November 18, 2020, including an excerpt of one exhibit, showing that Ms. Cahill signed the Charge she submitted to the Oregon Bureau of Labor and Industry on July 25, 2018.


I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 and the laws of the United States of America and the State of Oregon that the foregoing is true and correct.

Executed this 5th day of April 2024, at Los Angeles, California.



*/s/Felicia A. Davis*
Felicia A. Davis

**From:** Greider, Teresa M.
**Sent:** Wednesday, April 3, 2024 1:29 PM
**To:** bgoldstein@gbdhlegal.com; brgoldstein@gbdhlegal.com; laurasalerno@markowitzherbold.com; DavidMarkowitz@MarkowitzHerbold.com; HarryWilson@MarkowitzHerbold.com; KathrynRoberts@MarkowitzHerbold.com; cja@ackermanntilajef.com; lho@gbdhlegal.com; kfisher@gbdhlegal.com; msun@gbdhlegal.com; india@indialinbodienlaw.com; bd@ackermanntilajef.com; jb@ackermanntilajef.com
**Cc:** Davis, Felicia A.; Prince, Daniel; Jackson, Lindsey C.; Tapper, Alyssa; Featherstun, Brian
**Subject:** Cahill v. NIKE - Letter re Meet and Confer
**Attachments:** Nike_Cahill - 2024-04-03 Nike's Letter Regarding Meet and Confer on MSA(119425206.1).pdf

Counsel:

Please see attached.

 Sincerely,

**PAUL HASTINGS**

**Teresa Greider** | **Associate Employment Law Department**
Paul Hastings LLP | 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071 |
Direct: +1.213.683.6109 |Teresagreider@paulhastings.com | www.paulhastings.com



April 3, 2024

**VIA E-MAIL**

Barry Goldstein (bgoldstein@gbdhlegal.com)
Byron Goldstein (brgoldstein@gbdhlegal.com)
James Kan (jkan@gbdhlegal.com)
Mengfei Sun (msun@gbdhlegal.com)
Goldstein, Borgen, Dardarian & Ho
155 Grand Avenue, Suite 900
Oakland, CA 94612

Re:     *Cahill, et al. v. Nike, Inc.*
        U.S. District Court Case No. 3:18-cv-01477

Dear Counsel:

We write to inform you that NIKE intends to move the Court for summary adjudication on Plaintiff Kelly Cahill's second and third Claims for Relief under Title VII. This correspondence is NIKE's good faith effort to meet and confer on the Motion. For the reasons detailed below, NIKE requests Plaintiffs dismiss Ms. Cahill's second and third Claims for Relief because they are time-barred.

Under Title VII, a plaintiff must timely file a charge of discrimination with the EEOC, within 300 days of the alleged unlawful act, before pursuing her claims in court. *See* 42 U.S.C. § 2000e-5(b), (e)(1), (f)(1). Plaintiff Cahill failed to file any charge with the EEOC; her Title VII claims are, thus, barred.

Plaintiff Cahill's charge, filed with the Oregon Bureau of Labor and Industries ("BOLI") one year after her separation, on July 25, 2018, does not revive her Title VII claims. First, BOLI did not co-file the charge with the EEOC. Second, even if it had, Ms. Cahill's BOLI charge was filed more than 300 days after any alleged unlawful conduct could have occurred—exactly one year after she ended her employment on July 25, 2017. Thus, Plaintiff Cahill did not timely file a charge sufficient to proceed under Title VII.

Further, none of the other Plaintiffs (Hender, Elizabeth, or Johnston) filed a charge with the EEOC within 300 days of Plaintiff Cahill's last day of employment (July 25, 2017), thus she cannot "piggyback" on their EEOC charges.

| Named Plaintiff | Date EEOC Charge Filed | # Days After Cahill Left NIKE (July 25, 2017) |
|---|---|---|
| Johnston | August 7, 2018 (SAC ¶ 26) | 378 days |
| Elizabeth | August 23, 2018 (SAC ¶ 39) | 394 days |
| Hender | November 15, 2018 (SAC ¶ 17) | 472 days |

Paul Hastings LLP  |  515 South Flower Street  |  Twenty-Fifth Floor  |  Los Angeles, CA 90071
t: +1.213.683.6000  |  www.paulhastings.com

Exhibit A, Page 2 of 3



Therefore, Plaintiff Cahill's second and third Claims for Relief under Title VII are barred and should be dismissed.

For the reasons set forth above, NIKE requests that Plaintiffs dismiss Ms. Cahill's second and third Claims for Relief and save the parties and the Court the time and expense of unnecessary motion practice. Please let us know by 12:00 pm PT on April 4, 2024, if Ms. Cahill will dismiss these claims. Otherwise, NIKE will file its motion for summary adjudication.

Sincerely,

/s/ Felicia A. Davis

Felicia A. Davis
of PAUL HASTINGS LLP

FAD:tmg

LEGAL_US_W # 119252559.4

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | _X_ BOLI<br>_X_ EEOC | |

EEOC and Oregon Bureau of Labor & Industries
*State or local Agency, if any*

| Name (*indicate Mr. Ms. Mrs.*) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Sara Johnston | REDACTED | REDACTED |

| Street Address | City, State and ZIP Code |
|---|---|
| REDACTED | Portland, OR 97006 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others.  (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Nike, Inc. | 75,000+ | (503) 671-6453 |

| Street Address | City, State and ZIP Code |
|---|---|
| One Bowerman Drive, Beaverton, OR 97006 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (*Check appropriate box(es).*) | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest          Latest |
|---|---|
| __ RACE    __ COLOR  _X_ SEX  __ RELIGION  __ NATIONAL ORIGIN<br><br>_X_ RETALIATION  __ AGE  __ DISABILITY  __ OTHER (Specify below.) | Continuing Action, including from June 2008 through November 2017 |

THE PARTICULARS ARE (*If additional paper is needed, attached extra sheet(s)*):

**See attached statement (12 pages).**

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number<br><br>and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>8.7.18<br>*Date*        *Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

713666.15

Exhibit B, Page 1 of 1

PLF_000923

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | __X__ BOLI<br>__X__ EEOC | |

**EEOC and Oregon Bureau of Labor & Industries**
*State or local Agency, if any*

| Name (indicate Mr. Ms. Mrs.)<br>Ms. Lindsay Elizabeth | Home Phone (Incl. Area Code)<br>REDACTED | Date of Birth<br>REDACTED |
|---|---|---|
| Street Address<br>REDACTED Beaverton, OR 97006 | City, State and ZIP Code | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>Nike, Inc. | No. Employees, Members<br>75,000+ | Phone No. (Include Area Code)<br>(503) 671-6453 |
|---|---|---|
| Street Address<br>One Bowerman Drive, Beaverton, OR 97006 | City, State and ZIP Code | |
| Name | No. Employees, Members | Phone No. (Include Area Code) |
| Street Address | City, State and ZIP Code | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

__ RACE   __ COLOR  _X_ SEX  __ RELIGION  __ NATIONAL ORIGIN

_X_ RETALIATION  __ AGE  __ DISABILITY  __ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest          Latest

Continuing Action, including from March, 2015, through to the present

THE PARTICULARS ARE *(If additional paper is needed, attached extra sheet(s)):*

**See attached statement (11 pages).**

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION E...

AUG 27 2018

FED...
909 1ST AVE SUIT... ...WA 98104-1061

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State and Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

08-23-2018
Date          *Charging Party Signature*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

717167.1

Exhibit C, Page 1 of 1

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ___ BOLI  _X_ EEOC | |

**EEOC and Oregon Bureau of Labor & Industries**
*State or local Agency, if any*

| Name *(indicate Mr. Ms. Mrs.)* | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Heather Hender | REDACTED | REDACTED |

| Street Address | City, State and ZIP Code |
|---|---|
| REDACTED | Portland, Oregon, 97231 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others.  *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Nike, Inc. | 75,000+ | (503) 671-6453 |

| Street Address | City, State and ZIP Code |
|---|---|
| One Bowerman Drive, Beaverton, OR 97006 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

__ RACE  __ COLOR  _X_ SEX  __ RELIGION  __ NATIONAL ORIGIN

__ RETALIATION  __ AGE  __ DISABILITY  __ OTHER (Specify below.)

**EQUAL PAY ACT**

DATE(S) DISCRIMINATION TOOK PLACE
Earliest        Latest

Continuing Action, including from April 6, 2015 through to the Present.

THE PARTICULARS ARE *(If additional paper is needed, attached extra sheet(s)):*

**See attached statement (12 pages).**

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State and Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINT

9 NOV 2018

Date        *Charging Party Signature*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

723412.3

Exhibit D, Page 1 of 1

1                UNITED STATES DISTRICT COURT

2                    DISTRICT OF OREGON

3                    PORTLAND DIVISION

4

5

6    KELLY CAHILL, et al.,            )

7                     Plaintiffs,    )

8          VS.                       ) NO. 3:18-CV-01477-JR

9    NIKE, INC., an Oregon           )

10   Corporation,                    )

11                    Defendants.    )

12   _____)

13

14

15   VIDEOCONFERENCE DEPOSITION OF:

16                 KELLY CAHILL

17                 WEDNESDAY, NOVEMBER 18, 2020

18                 12:10 P.M.

19

20

21

22   REPORTED BY:

23                 Sari M. Knudsen

24                 CSR No. 13109

25

                                         Page 1

```
 1      Q    Other than the administrative charge you    00:25:48

 2   filed against Nike with the -- with BOLI, B-O-L-I,   00:25:55

 3   have you ever filed another administrative or agency  00:25:59

 4   charge of discrimination against an employer?         00:26:03

 5      A    No.                                          00:26:06

 6      Q    Have you ever accused another employer of   00:26:09

 7   discrimination?                                       00:26:10

 8      A    No.                                          00:26:13

 9      MR. GOLDSTEIN:  Objection.                        00:26:14

10   BY MS. DAVIS:                                         00:26:14

11      Q    Have you ever made any internal complaints  00:26:17

12   of discrimination at any employer other than Nike?   00:26:21

13      A    No.                                          00:26:24

14      Q    Have you ever made any internal complaints  00:26:27

15   of harassment against any employer other than Nike?  00:26:30

16      A    No.                                          00:26:40

17      Q    Again, I don't want you to tell me what you 00:26:42

18   discussed.  But when did you first engage counsel    00:26:45

19   for any matters related to your employment with      00:26:48

20   Nike?                                                00:26:51

21      A    Oh, gosh.  Don't recall clearly.  But it    00:26:56

22   would have been in 2018.                             00:27:00

23      Q    Okay.  Well, you filed your -- a charge of  00:27:11

24   discrimination with the Oregon Bureau of Labor &     00:27:17

25   Industry in July of 2018.                            00:27:20
```

Page 23

| | | |
|---|---|---|
| 1 | Did you engage -- did you first contact | 00:27:23 |
| 2 | counsel before you filed that charge? | 00:27:26 |
| 3 | A    Yes. | 00:27:27 |
| 4 | MR. GOLDSTEIN:  Objection.  If you want to show | 00:27:30 |
| 5 | the document, you can.  But we can't obviously tell | 00:27:38 |
| 6 | her what the facts are. | 00:27:43 |
| 7 | BY MS. DAVIS: | 00:27:43 |
| 8 | Q    So with the benchmark of the BOLI filing, | 00:27:47 |
| 9 | does that refresh your recollection approximately | 00:27:50 |
| 10 | what month in 2018 you first contacted counsel | 00:27:53 |
| 11 | related to your employment with Nike? | 00:27:57 |
| 12 | A    Yes.  That helps refresh the month. | 00:28:02 |
| 13 | Q    Okay.  Approximately how many months before | 00:28:04 |
| 14 | you filed the charge did you first contact counsel | 00:28:09 |
| 15 | with respect to your employment at Nike? | 00:28:11 |
| 16 | A    I don't remember. | 00:28:13 |
| 17 | Q    Okay.  Could you give me an estimate?  Was | 00:28:16 |
| 18 | it one month?  Three months?  Six months? | 00:28:19 |
| 19 | A    I really don't remember. | 00:28:23 |
| 20 | Q    Okay.  You have no recollection? | 00:28:25 |
| 21 | A    No. | 00:28:27 |
| 22 | Q    Okay.  What law firm did you initially | 00:28:33 |
| 23 | reach out to related to your employment with Nike? | 00:28:39 |
| 24 | A    Goldstein. | 00:28:40 |
| 25 | Q    That was the first counsel -- that was the | 00:28:45 |

```
 1    BY MS. DAVIS:                                      01:44:01

 2        Q    Go ahead.                                01:44:02

 3        A    Correct.                                 01:44:13

 4        Q    You started working for Nike as a        01:44:22

 5    contractor in the role of Digital Brand Senior    01:44:25

 6    Producer in October of 2012?   Is that your best  01:44:33

 7    recollection?                                     01:44:34

 8        A    That is my best recollection.            01:44:37

 9        Q    And you held that role until             01:44:39

10    October of 2013.   Is that correct?               01:44:41

11        A    Correct.                                 01:44:43

12        Q    And in October of 2013, you were hired as a 01:44:45

13    Nike employee.   Correct?                         01:44:47

14        A    Correct.                                 01:44:49

15        Q    Okay.  You said earlier before the break 01:44:55

16    that it was -- something about the contractor     01:44:59

17    position was a new role at Nike.  What did you mean 01:45:03

18    by that?                                          01:45:04

19        A    It was -- it was within a digital brand, 01:45:10

20    and it was specifically with Nike.com that hadn't -- 01:45:16

21    hadn't been done -- hadn't been done before.      01:45:20

22            I'm sorry.  So I do apologize.  That is -- 01:45:22

23    that is -- I can figure out how to turn that off on 01:45:27

24    my computer.  Hold on.                            01:45:28

25       MR. GOLDSTEIN:  Yeah, reminds me.  I should make 01:45:30
```

Page 60

```
 1              (Whereupon Defendants' Exhibit 5        02:08:41

 2         was marked for identification)              02:08:41

 3   BY MS. DAVIS:                                     02:08:41

 4       Q    Okay.  Do you recognize Exhibit 5 as your   02:08:49

 5   offer letter to become a Nike employee dated     02:08:53

 6   October 16, 2013?                                02:08:55

 7       A    Yes.                                     02:09:01

 8       Q    Okay.  And this was after the one-year  02:09:04

 9   period of time you worked as the Digital Brand   02:09:06

10   Senior Producer for Nike.com as a contractor.    02:09:11

11   Correct?                                         02:09:12

12       A    Yes.  Close to one year.  Correct.      02:09:15

13       Q    Okay.  And when you were originally hired   02:09:17

14   as a Nike employee, your start date was October 21,   02:09:24

15   2013.  At least as reflected on Exhibit 5.       02:09:28

16            Do you see that?                         02:09:29

17       A    Yes.                                     02:09:31

18       Q    Okay.  And do you believe that that was 02:09:33

19   your start date at Nike as a Nike employee,      02:09:36

20   October 21, 2013?                                02:09:37

21       A    I believe that to be correct, yes.      02:09:41

22       Q    Okay.  And your title when you were hired   02:09:43

23   as a Nike employee was Global Digital Cross-Category   02:09:45

24   Director.  Correct?                              02:09:51

25       A    Of Nike.com, yes.                        02:09:53
```

Page 76

| | | |
|---|---|---|
| 1 | A    Yes.  He did have one.  One to my | 02:25:43 |
| 2 | knowledge, yes. | 02:25:45 |
| 3 | Q    Also a manager? | 02:25:46 |
| 4 | A    Also a manager, yes. | 02:25:48 |
| 5 | Q    Did he supervise anyone else to your | 02:25:50 |
| 6 | knowledge? | 02:25:50 |
| 7 | A    Not to my knowledge. | 02:26:03 |
| 8 | Q    All right. | 02:26:11 |
| 9 | In approximately December of 2014, you | 02:26:14 |
| 10 | moved into a new role called Brand Director for | 02:26:19 |
| 11 | Nike.com.  Is that correct? | 02:26:21 |
| 12 | MR. GOLDSTEIN:  Objection. | 02:26:23 |
| 13 | THE WITNESS:  If I could see the -- a document | 02:26:26 |
| 14 | that shows that to jog my memory of the exact title, | 02:26:30 |
| 15 | that would be helpful. | 02:26:31 |
| 16 | BY MS. DAVIS: | 02:26:31 |
| 17 | Q    Okay.  What would -- how would you | 02:26:33 |
| 18 | articulate your title when you changed jobs in | 02:26:36 |
| 19 | December of 2014? | 02:26:37 |
| 20 | A    North America Nike.com brand -- Digital | 02:26:45 |
| 21 | Brand Director or as -- | 02:26:47 |
| 22 | Q    Okay. | 02:26:48 |
| 23 | A    -- as reflected on my resume. | 02:26:49 |
| 24 | Q    Okay.  Was that considered a promotion? | 02:27:08 |
| 25 | A    No. | 02:27:08 |

Page 88

| | | |
|---|---|---|
| 1 | onto a manager on my team.  I just couldn't recall | 09:03:26 |
| 2 | if she directly reported to me before or not.  But I | 09:03:29 |
| 3 | would have recommended for her to do that. | 09:03:37 |
| 4 | Trying to recall.  I did recommend and help | 09:03:43 |
| 5 | convert people from contractors to full-time Nike | 09:03:47 |
| 6 | employees. | 09:03:52 |
| 7 | Q    Did you ever make any recommendations that | 09:03:53 |
| 8 | someone should be promoted other than yourself? | 09:04:01 |
| 9 | A    I do not recall. | 09:04:12 |
| 10 | Q    You -- after you left Nike, you were | 09:04:20 |
| 11 | employed by Adidas.  Correct? | 09:04:23 |
| 12 | A    Correct. | 09:04:24 |
| 13 | Q    Okay.  You first applied for a position | 09:04:27 |
| 14 | with Adidas in April of 2017.  Does that seem | 09:04:32 |
| 15 | accurate? | 09:04:33 |
| 16 | A    That does seem accurate. | 09:04:35 |
| 17 | Q    Okay.  Did you apply to any other companies | 09:04:41 |
| 18 | during your employment at Nike before you applied | 09:04:45 |
| 19 | with Adidas in April of 2017? | 09:04:49 |
| 20 | MR. GOLDSTEIN:  Objection. | 09:04:51 |
| 21 | THE WITNESS:  Yes. | 09:04:53 |
| 22 | BY MS. DAVIS: | 09:04:53 |
| 23 | Q    Where? | 09:04:56 |
| 24 | A    I do not recall most off the top of my | 09:05:02 |
| 25 | head.      I had discussions with Tommy Bahama. | 09:05:04 |

Page 282

| | | |
|---|---|---|
| 1 | BY MS. DAVIS: | 09:35:13 |
| 2 | Q    Exhibit 30 is bates stamped PLF 014177 | 09:35:20 |
| 3 | through 014178. | 09:35:25 |
| 4 | (Whereupon Defendant's Exhibit 30 | 09:35:25 |
| 5 | was marked for identification) | 09:35:25 |
| 6 | BY MS. DAVIS: | 09:35:25 |
| 7 | Q    Do you have Exhibit 30 in front of you? | 09:35:29 |
| 8 | A    Yes. | 09:35:32 |
| 9 | Q    And is Exhibit 30 your resignation e-mailed | 09:35:36 |
| 10 | to Nike dated July 27, 2017? | 09:35:39 |
| 11 | A    Correct. | 09:35:43 |
| 12 | Q    And in the e-mail, you wrote, | 09:35:46 |
| 13 | "Here is an e-mail confirming my | 09:35:48 |
| 14 | resignation from Nike effective today, | 09:35:51 |
| 15 | July 25, 2017." | 09:35:52 |
| 16 | Correct? | 09:35:56 |
| 17 | A    Correct. | 09:35:57 |
| 18 | Q    Okay.  Had you given anyone else at Nike | 09:35:59 |
| 19 | notice before you wrote the e-mail at Exhibit 30 | 09:36:02 |
| 20 | that you were going to be leaving? | 09:36:05 |
| 21 | A    Tyler and Erin -- | 09:36:08 |
| 22 | Q    Anyone else? | 09:36:09 |
| 23 | A    Erin Keane.  She had my computer badge and | 09:36:14 |
| 24 | credit card. | 09:36:16 |
| 25 | Q    When did you first tell Tyler Allen that | 09:36:19 |

Page 297

| | | |
|---|---|---|
| 1 | Correct? | 09:41:03 |
| 2 | A    Correct. | 09:41:05 |
| 3 | Q    And you told Adidas that you were making | 09:41:06 |
| 4 | $142,000 a year.  Correct? | 09:41:10 |
| 5 | A    Correct. | 09:41:20 |
| 6 | Q    All right.  I've marked as Exhibit 32 a | 09:42:40 |
| 7 | multipage document bates stamped PLF 749 through | 09:42:46 |
| 8 | 756. | 09:42:50 |
| 9 | (Whereupon Defendant's Exhibit 32 | 09:42:50 |
| 10 | was marked for identification) | 09:42:50 |
| 11 | BY MS. DAVIS: | 09:42:50 |
| 12 | Q    Do you recognize Exhibit 32? | 09:43:04 |
| 13 | A    I have read this exhibit before.  Yes. | 09:43:14 |
| 14 | Q    Okay.  Do you recognize Exhibit 32 as the | 09:43:17 |
| 15 | complaint you submitted with the Bureau of Labor and | 09:43:21 |
| 16 | Industry in Oregon related to your employment with | 09:43:25 |
| 17 | Nike? | 09:43:29 |
| 18 | A    Yes. | 09:43:31 |
| 19 | Q    Okay.  Did you prepare this document, or | 09:43:34 |
| 20 | did your lawyers prepare it? | 09:43:36 |
| 21 | MR. GOLDSTEIN:  Objection. | 09:43:38 |
| 22 | THE WITNESS:  My lawyers -- | 09:43:40 |
| 23 | BY MS. DAVIS: | 09:43:40 |
| 24 | Q    Go ahead. | 09:43:41 |
| 25 | A    My lawyers prepared this document. | 09:43:46 |

Page 301

*Cahill v. Nike*
No. 3:18-cv-01477-JR (D. Or.)

Deposition Date: November 18, 2020

Deponent: Kelly Cahill

| Page | Line(s) | Reads | Should Read | Reason |
|------|---------|-------|-------------|--------|
| 25 | 13 | payee quality | pay equality | To correct a transcription error |
| 25 | 17 | payee quality | pay equality | To correct a transcription error |
| 38 | 9 | selling in new products | selling new products | To correct a transcription error |
| 40 | 8 | then ex-husband | then husband | To correct a transcription error |
| 43 | 20 | Gem Soda | Jones Soda | To correct a transcription error |
| 48 | 23 | 2011 | 2012 | To correct inadvertent error in year |
| 59 | 23 | EPW | ETW | To correct a transcription error |
| 123 | 6 | Insures | Ensures | To correct a transcription error |
| 142 | 3 | CFE's | CFEs | To correct a transcription error |
| 163 | 4 | participants | participates | To correct a transcription error |
| 163 | 18 | participants | participates | To correct a transcription error |
| 173 | 9-10 | Was rated during CFE one year what I saw everyone was getting. Not necessarily the case. | Was rated Successful during CFE one year when I was told everyone was getting Successful. But then I saw that was not necessarily the case. | To correct a transcription error |
| 174 | 6 | media | meeting | To correct a transcription error |
| 177 | 2 | Nike.com right | Nike.com that are right | To correct a transcription error |
| 179 | 5 | manager CFE | manager's CFE | To correct a transcription error |
| 179 | 11 | managing CFE | manager's CFE | To correct a transcription error |
| 180 | 1 | CFE's | CFEs | To correct a transcription error |
| 185 | 22 | Kasatani. | Fisanotti | To correct a transcription error |
| 186 | 4 | up levels from me | a higher level than mine | To correct a transcription error |
| 186 | 7 | It | He | To correct a transcription error |
| 196 | 19 | June 11 | June 1 | To correct a transcription error |
| 196 | 23 | CFE's | CFEs | To correct a transcription error |
| 222 | 2 | dikes | dykes | To correct a transcription error |
| 222 | 8 | dike | dyke | To correct a transcription error |

| 223 | 5 | dikes | dykes | To correct a transcription error |
|-----|-----|---------------|----------------|----------------------------------|
| 251 | 24 | CFAE's | CFEs | To correct a transcription error |
| 254 | 13 | CFE's | CFEs | To correct a transcription error |
| 263 | 7 | D banding | debanding | To correct a transcription error |
| 263 | 17 | D banding | debanding | To correct a transcription error |
| 284 | 19 | Communication's | Communications | To correct a transcription error |
| 297 | 10 | July 27 | July 25 | To correct a transcription error |
| 309 | 14 | opportunity proactively | opportunity to proactively | To correct a transcription error |

      Subject to the above changes, I declare under the penalties of perjury of the laws of the United States that my deposition transcript is true and correct.

      Executed on <u>1/6/2021</u> in <u>West Newton, MA</u>.

*kelly Cahill*
Kelly Cahill

# EXHIBIT 32

ORIGINAL

BUREAU OF LABOR AND INDUSTRIES

| | |
|---|---|
| RESPONDENT: | Contact: (503) 671-6453 |
| Nike, Inc.<br>One Bowerman Drive<br>Beaverton, OR 97006 | |
| County: Washington | # of Employees: 75,000+ |
| ORS 659A.030 | |
| See attached statement for the particulars and the signature of the Complainant. | |

RECEIVED

JUL 2 5 2018

CIVIL RIGHTS DIVISION
PORTLAND OFFICE

762905

1


EXHIBIT
0032

PLF_000749

that my opinion did not matter.  At the same time, on information and belief, the male Director on my Team was included in the hiring process.



44.    I complained to Nike Human Resources on four separate occasions, including about the above-described incidents.  None of those complaints resulted in any meaningful consequences or corrective actions.

## V.    CLASS CLAIMS

45.    It is my understanding and belief that Nike has engaged in a continuing pattern or practice of discrimination based on sex against female Oregon Corporate Employees throughout the United States with respect to performance evaluations, compensation, promotions, and other terms and conditions of employment at Nike.

46.    Among other means, Nike: has implemented this pattern and practice of discrimination through a rating system that systematically underrates female Oregon Corporate Employees as compared to their male peers, denies them fair compensation, denies them promotions, and increases the likelihood of termination.  On information and belief, Nike also condones disparities in pay and promotion as well as retaliation against female employees who complain about discrimination.

47.    Nike's performance review, compensation, and promotion systems have an adverse impact on female Oregon Corporate Employees throughout the United States.  On information and belief, although Nike has known about the adverse impact of their practices on women's compensation and promotional opportunities, Nike failed to take steps to address the adverse impact.

I swear under penalty of perjury that I have read the above charge and that it is true and correct to the best of my knowledge, information, and belief. This charge is not intended to be exhaustive, but representative of the treatment to which Nike has subjected me.

Date: 7/25/18                            Kelly Cahill
                                        Kelly Cahill
                                        Charging Party

8

762905

Exhibit E, Page 14 of 14

PLF_000756