IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KELLY CAHILL, SARA JOHNSTON,
LINDSAY ELIZABETH, and HEATHER
HENDER, individually and on behalf of
others similarly situated,

                    Plaintiffs,

                v.

NIKE, INC., an Oregon Corporation,

                    Defendant.

No. 3:18-cv-01477-JR

ORDER

HERNÁNDEZ, District Judge,

Magistrate Judge Jolie A. Russo issued an Order on February 28, 2024, in which she denied Plaintiffs' Motion Requesting Return Of Inadvertently Disclosed Materials, ECF 410; denied Defendant's Request for Discovery, ECF 429; and granted Defendant's Request For A Temporary Stay, ECF 429, to the extent that the status quo regarding the materials remains in effect pending a decision by this Court regarding objections to the Order. On March 13, 2024,

1 - ORDER

Plaintiffs and Defendant filed Objections to the Order. Media Intervenors filed responses to those Objections. The matter is now before the Court pursuant to Federal Rule of Civil Procedure 72(a).

Under Rule 72(a), "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a). The standard of review for an order with objections is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A)(applying the "clearly erroneous or contrary to law" standard of review for non-dispositive motions). If a ruling on a motion is not determinative of "a party's claim or defense," it is not dispositive and, therefore, is not subject to *de novo* review as are proposed findings and recommendations for dispositive motions under 28 U.S.C. § 636(b)(1)(B).

Relying on *Mitchell v. Valenzuela*, 791 F3d 1166 (9th Cir. 2015), Defendant asserts the appropriate standard of review is *de novo* because the Order "effectively denie[s]" a request for an injunction "even though it is styled as something else." That case, however, does not support *de novo* review here. In *Mitchell* "the state conceded that the stay denial . . . 'was tantamount to a dismissal' of the unexhausted claims, and there was 'no way' Mitchell would be able to return to federal court to assert those claims later." *Id.* The court, therefore, concluded the magistrate judge did not have the authority to ultimately decide the motion to stay because denial of a stay was effectively dispositive of the plaintiff's claims. At issue here is Plaintiffs' request that the Court order The Oregonian to return and destroy documents that Plaintiffs' counsel inadvertently disclosed. Neither Judge Russo's decision nor this Court's evaluation of it will dispose of any claim or defense in this case. This matter concerns issues more like "'evidentiary rulings, pretrial

2 - ORDER

discovery matters, and the imposition of sanctions for discovery abuses,'" which courts have concluded are nondispositive matters. *See, e.g., Dunsmore v. San Diego Cnty. Sheriff's Dep't*, No. 20-CV-00406-AJB-DDL, 2024 WL 666341, at *2 (S.D. Cal. Feb. 16, 2024)(quoting *Estakhrian v. Obenstine*, No. CV 11-03480 GAC(CWx), 2012 WL 12884889, at *3 (C.D. Cal. Nov. 9, 2012)); *adidas Am., Inc. v. Fashion Nova, Inc.*, 341 F.R.D. 263, 265 (D. Or. 2022) (reviewing magistrate judge's order on defendant's motion to compel under the clearly erroneous standard because discovery motions are nondispositive); *Arista Recs., LLC v. Doe 3,* 604 F.3d 110, 116 (2d Cir. 2010)("Matters concerning discovery generally are considered 'nondispositive' of the litigation."); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)(noting dispositive motions are often "unrelated, or only tangentially related, to the underlying cause of action")(internal quotations omitted). The Court, therefore, reviews Judge Russo's Order under the "clearly erroneous" or "contrary to law" standard. 28 U.S.C. § 636(b)(1)(A).

The Court has carefully considered Plaintiffs' and Defendant's objections and concludes they do not provide a basis to modify the Magistrate Judge's Order.

## CONCLUSION

The Court AFFIRMS Magistrate Judge Russo's Order, ECF 431.

IT IS SO ORDERED.


DATED: _____April 8, 2024_____.


_Marco Hernandez_____
MARCO A. HERNÁNDEZ
United States District Judge


3 - ORDER