**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Kathryn P. Roberts, OSB #064854**
KathrynRoberts@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085 ǀ Fax: (503) 323-9105

**Laura L. Ho** (admitted *pro hac vice*)
lho@gbdhlegal.com
**Barry Goldstein, Of Counsel** (admitted *pro hac vice*)
bgoldstein@gbdhlegal.com
**James Kan** (admitted *pro hac vice*)
jkan@gbdhlegal.com
**Byron Goldstein** (admitted *pro hac vice*)
brgoldstein@gbdhlegal.com
**Katharine L. Fisher** (admitted *pro hac vice*)
kfisher@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
Telephone: (510) 763-9800 ǀ Fax: (510) 835-1417

Counsel for Plaintiffs

[Additional Counsel of Record listed on the Signature page]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al., individually and on behalf of others similarly situated,<br><br>                                                Plaintiffs,<br><br>vs.<br><br>NIKE, INC., an Oregon Corporation,<br><br>                                                Defendant. | Case No. 3:18-cv-01477-JR<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT NIKE, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO REQUEST FOR PRODUCTION SET NOS. TWO (HENDER), THREE (CAHILL), AND FOUR (JOHNSTON AND ELIZABETH)** |

**PLAINTIFFS' OPPOSITION TO NIKE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

# **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................. 1

II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ..................................... 1

III. ARGUMENT ........................................................................................................................ 3

   A. The Legal Standard and Nike's Burden to Establish the Requested Discovery is Relevant ....................................................................................................................................... 3

   B. Nike's Requested Documents are Not Relevant or Proportional to the Needs of the Case 3

      1. Mitigation Related Documents are Not Relevant ............................................................ 4

      2. The Requested Documents are Not Relevant to the Claims or Defenses of the Case .... 5

      3. The Requests are Not Relevant for Impeachment Purposes ........................................... 7

      4. Nike's Requests are Not Relevant to Plaintiff Hender's Retaliation Claim ................. 10

   C. Plaintiffs have a Legitimate Privacy Interest in Subsequent Employment Documents .... 10

IV. CONCLUSION ................................................................................................................... 11

## **TABLE OF AUTHORITIES**

**Cases**

*Anigbogu v. Mayorkas*, 2023 U.S. Dist. LEXIS 209490 (N.D. Cal. Nov. 22, 2023) ..................... 9

*Awosika v. Target Corp.*, 2011 U.S. Dist. LEXIS 158907 (W.D. Wash. May 26, 2011) .............. 4

*Bala v. Or. Health & Sci. Univ.*, 2023 U.S. Dist. LEXIS 88305 (D. Or. May 14, 2023) ....... 4, 6, 9

*Beaver v. Delicate Palate Bistro, Inc.*, 2017 U.S. Dist. LEXIS 147114 (D. Or. Sept. 12, 2017)… ............................................................................................................................... 10

*Belling v. DDP Holldings, Inc.*, 2013 U.S. Dist. LEXIS 198078 (C.D. Cal. May 30, 2013) ....... 10

*Davila v. Luxury Wood Floors Inc.*, 2023 U.S. Dist. LEXIS 117551 (S.D. Fla. May 3, 2023) ..... 8

*Davis v. Kelly Servs.*, 2017 U.S. Dist. LEXIS 226105 (C.D. Cal. July 12, 2017) ......................... 9

*E.E.O.C. v. Serramonte*, 237 F.R.D. 220 (N.D. Cal. 2006) .......................................................... 9

*Estrada v. Avalon Health Care Hearthstone, LLC*, 2022 U.S. Dist. LEXIS 150008 (D. Or. Aug. 19, 2022) ................................................................................................................ ……..10

*Fairley v. Wal-Mart Stores, Inc.*, 2016 U.S. Dist. LEXIS 154031 (E.D. La. Nov. 7, 2016) .......... 7

*Goldwater Bank, N.A. v. Elizarov*, 2022 U.S. Dist. LEXIS 212123 (C.D. Cal. Sept. 21, 2022).... 8

*Guzman v. Chipotle Mexican Grill, Inc.*, 2018 U.S. Dist. LEXIS 134791 (N.D. Cal. Aug. 9, 2018) ........................................................................................................................................ 6

*Iannucci v. Rite Aid Corp.*, 2012 U.S. Dist. LEXIS 102448 (W.D.N.C. July 24, 2012) ................ 7

*Iannucci v. Rite Aid Corp.*, 2012 U.S. Dist. LEXIS 72296 (W.D.N.C. May 23, 2012) ................. 7

*IceMOS Tech. Corp. v. Omron Corp.*, 2020 U.S. Dist. LEXIS 67700 (D. Ariz. Apr. 17, 2020 ................................................................................................................................ ….7, 8

*L'Etoile v. New England Finish Sys., Inc.*, 575 F. Supp. 2d 331 (D.N.H. 2008) ........................... 9

*Lyzer v. Caruso Produce, Inc.*, 2018 U.S. Dist. LEXIS 249753 (D. Or. Oct. 4, 2018) ................ 10

*Maxwell v. Health Ctr. of Lake City, Inc.*, 2006 U.S. Dist. LEXIS 36774 (M.D. Fla. June 6, 2006) ........................................................................................................................................ 6

*McIntyre v. Douglas County*, 2021 U.S. Dist. LEXIS 199289 (D. Or. May 3, 2021) .................... 3

*Natkin v. Am. Osteopathic Ass'n*, 2022 U.S. Dist. LEXIS 242299 (D. Or. May 11, 2022) ........... 8

*Newsome v. Penske Truck Leasing Corp.*, 437 F. Supp. 2d 431 (D. Md. 2006) ........................... 8

*Rizo v. Yovino*, 950 F.3d 1217 (9th Cir. 2020) ............................................................................. 6

*Rollins v. Traylor Bros., Inc.*, 2017 U.S. Dist. LEXIS 69211 (W.D. Wash. May 5, 2017) ........ 4, 5

*Seib v. Bank of Am., N.A.*, 2018 U.S. Dist. LEXIS 2235856 (D. Or. Nov. 2, 2018) ...................... 3

*Walsh v. Walmart, Inc.*, 2023 U.S. Dist. LEXIS 80187 (W.D. Wash. May 8, 2023.) ................ 8, 9

*Weaving v. City of Hillsboro*, 2011 U.S. Dist. LEXIS 54480 (D. Or. May 20, 2011) ................... 8

*William v. Morrison & Foerster LLP*, 2020 U.S. Dist. LEXIS 58351 (N.D. Cal. Apr. 2, 2020) ............................................................................................................................. …7

*William v. Morrison & Foerster LLP*, 2021 U.S. Dist. LEXIS 141869 (N.D. Cal. Mar. 8, 2021) .............................................................................................................................. ..7

**Statutes**

29 U.S.C. § 206(d) (Federal Equal Pay Act) ............................................................................... 1, 6

42 U.S.C. section 2000e *et seq.* (Title VII) .............................................................................. 1, 2, 6

ORS 652.220 (Oregon Equal Pay Act). ...................................................................................... 1, 2, 6

ORS 659A.030 (Oregon Equality Act). ........................................................................................ 1, 2

**Rules**

Fed. R. Civ. P. 26(b)(1) ............................................................................................................. 3, 8, 10

Fed. R. Evid. 37(a)(3)B) ................................................................................................................... 3

Fed. R. Evid. 404 .............................................................................................................................. 9

I. **INTRODUCTION**

In its Motion to Compel Production of Documents (ECF No. 445, "Motion"), Defendant Nike, Inc. ("Nike") asks this Court to compel the production of documents related to Plaintiffs' attempts to obtain and documents regarding Plaintiffs' employment *subsequent* to their Nike employment, and documents regarding Plaintiffs' income *subsequent* to their Nike employment.

First, Plaintiffs do not allege they were unlawfully terminated and, thus, mitigation related discovery is not relevant. As Plaintiffs have clearly explained to Nike through attorney correspondence, supplemental responses to Nike's requests for production, and verified interrogatory responses, Plaintiffs do not seek back pay or front pay damages subsequent to their Nike employment. Plaintiffs again stipulate to the same through this filing. That issue is moot.

Second, contrary to Nike's assertions, Plaintiffs' subsequent employment documents are not relevant to the substantive issues in this case, which are whether Nike paid Plaintiffs less than similarly situated male colleagues in substantially similar or comparable jobs and whether Nike's lower compensation and fewer promotions were discriminatory based on disparate impact or disparate treatment. Plaintiffs' characterizations of the work they performed at Nike are not relevant to whether Nike's employment policies and practices violated federal or Oregon law.

Third, evidence offered solely for impeachment purposes is not discoverable, and generalized assertions that employment documents may be relevant for impeachment are not proportional to the needs of the case and likely constitute impermissible character evidence.

II. **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

On October 26, 2023, Plaintiffs filed their operative Second Amended Complaint ("SAC"), which alleges claims under the Federal Equal Pay Act ("EPA"), Title VII, the Oregon Equal Pay Act ("OEPA"), and the Oregon Equality Act. ECF No. 377, ¶¶ 195-230.

Plaintiffs' EPA claim alleges that Nike "paid Plaintiffs…less than similarly situated male colleagues performing substantially **similar work on jobs the performance of which requires similar skill**, effort, and responsibility, and which are performed under similar working

conditions…." *Id.* ¶ 196 (emphasis added). Similarly, Plaintiffs' OEPA claim alleges that Nike "paid Plaintiffs…less than Nike's male employees **for work of comparable character** and the performance of which requires comparable skills." *Id.* ¶ 222 (emphasis added). Plaintiffs' Title VII and Oregon Equality Act disparate impact claims allege "**Nike's policies, patterns, or practices** have adversely impacted…with respect to starting salary…annual salary increases, PSP Bonuses…and a hostile work environment." *Id.* ¶203, 227 (emphasis added).

Plaintiff Hender also alleges claims of retaliation against Nike pursuant to Title VII and Oregon law (*Id.* ¶¶237-246), for which Plaintiff Hender seeks an award of "garden-variety emotional distress" damages. *Id.* at 60 ¶ Q, n.33.

Upon receipt of Nike's January 29, 2024 meet and confer letter detailing purported insufficiencies in Plaintiffs' responses to its Requests for Production of Documents ("RFPs")—see ECF No. 446, Ex. P—Plaintiffs responded to Nike on February 8, 2024 by serving supplemental responses (ECF No. 446, Exs. I-L) and through a detailed response to Nike's meet and confer letter. ECF No. 446, Ex. Q, pp. 1-5.

Notably, while Nike incorrectly asserts that Plaintiffs responded that "they would not stipulate" that they do not seek back pay or front pay damages subsequent to their employment with Nike, all four Plaintiffs have so stipulated and confirmed the same through each of their supplemental discovery responses to Nike's RFPs and through each of their Plaintiffs' verified interrogatory responses. *See* ECF No. 446, Ex. I, pp. 3-4 (Plaintiff Cahill's Supplemental Response to RFP No. 85 states "Plaintiff has not raised an individual claim of wrongful termination, and Plaintiff does not seek back pay or front pay damages subsequent to her employment with Nike."), Ex. J, p. 3 (same as to Plaintiff Johnston), Ex. K, p. 3 (same as to Plaintiff Elizabeth), Ex. L, p. 4 (same as to Plaintiff Hender), Ex. M, p. 4 (Plaintiff Cahill's verified Answer to Interrogatory No. 2 states, "Plaintiff does not seek back pay or front pay damages subsequent to her employment with Nike."), Ex. N, p. 4 (same as to Plaintiff Elizabeth), Ex. O, p. 4 (same as to Plaintiff Hender); Declaration of Brian Denlinger in Support of Plaintiffs' Opposition ("Denlinger Decl.,"), ¶ 4, Ex. 1, p. 7 (same as to Plaintiff Johnston).

### III.   ARGUMENT

#### A. The Legal Standard and Nike's Burden to Establish the Requested Discovery is Relevant

Fed. R. Civ. P. 26(b)(1) provides in part that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense proportional to the needs of the case…." A court "must limit the extent of discovery if it determines that the discovery sought is outside the scope of Rule 26(b)(1)…." *McIntyre v. Douglas County*, 2021 U.S. Dist. LEXIS 199289, at *1-2 (D. Or. May 3, 2021).

If a party moves for an order compelling the production of documents pursuant to Rule 37(a)(3)(B), "[t]he party seeking to compel discovery is burdened with demonstrating the information he or she seeks is relevant under Rule 26(b)(1)." *Id.* at *2 ("If a party objects to a discovery request, it is the burden of the party seeking discovery on a motion to compel to demonstrate why the objection is not justified.") (citing *Weaving v. City of Hillsboro*, 2011 U.S. Dist. LEXIS 54480, at *3 (D. Or. May 20, 2011)). *See also Seib v. Bank of Am., N.A.*, 2018 U.S. Dist. LEXIS 2235856, at *4 (D. Or. Nov. 2, 2018) ("The party seeking to compel discovery has the burden of establishing its request is relevant….[I]t is the burden of the party seeking discovery on a motion to compel to demonstrate why the objection is not justified.").

#### B. Nike's Requested Documents are Not Relevant or Proportional to the Needs of the Case

Nike's Motion states that its "Requests seek job applications, documents reflecting job titles, job descriptions, disciplinary documents, termination documentation, and documents reflecting Plaintiffs' compensation at subsequent employers." Motion at 1, 4-5 (Nike's "Requests"). Notably, the RFPs that are the subject of Nike's Motion are considerably broader than Nike's description (see, e.g., ECF No. 446, Ex. A, at 4), and though Nike subpoenaed the same types of records it currently seeks from Plaintiffs' employers—both prior and subsequent to Nike—Nike is unable to identify a single example from the records it received showing how these further Requests may be relevant. Denlinger Decl., ¶¶ 5-9, Exs. 2-6 (Nike's subpoenas).

Regardless of how Nike now characterizes its Requests, Plaintiffs' subsequent

employment documents are not relevant or proportional to the needs of this case, and Courts only grant defendant employer's "requests to seek discovery of [] plaintiff's records with other employers where the requests are tailored to the claims and defenses in the case." *Bala v. Or. Health & Sci. Univ.*, 2023 U.S. Dist. LEXIS 88305, at *6 (D. Or. May 14, 2023).

### 1. Mitigation Related Documents are Not Relevant

Plaintiffs do not allege they were unlawfully terminated, and as described herein—and in Plaintiffs' supplemental responses to Nike's RFPs and their verified interrogatory responses—Plaintiffs do not seek back or front pay damages subsequent to their employment with Nike. Accordingly, mitigation related discovery is not relevant, and requiring Plaintiffs to locate, collect, and produce the requested subsequent employment discovery is not proportional to the case. *See Rollins v. Traylor Bros., Inc.*, 2017 U.S. Dist. LEXIS 69211, at *11 (W.D. Wash. May 5, 2017) (finding that mitigation evidence from subsequent employers, *e.g.*, payroll records, is appropriate to the extent the plaintiffs "assert a lost wages claim," but that such mitigation evidence "requests are further limited by the Plaintiffs' stipulation not to 'seek lost income damages (back and front pay) after the completion of [the relevant project]'" and that the defendant "may not request documents related to mitigation beyond the [project] completion").

The sole case Nike cites to support its "mitigation related discovery" argument involves a wrongful termination claim where the plaintiff sought back and front pay damages **subsequent to** her employment with the defendant. *See Awosika v. Target Corp.*, 2011 U.S. Dist. LEXIS 158907, at *1, *7 (W.D. Wash. May 26, 2011) (noting that "[defendant] fired [plaintiff] in retaliation for her efforts to enforce quality and safety standards in the pharmacy[,]" and finding that employment records were relevant because they "'reflect upon Plaintiff's ability to obtain employment…and/or why Plaintiff may have been terminated from a [subsequent] job….").

While Nike asserts that there is "nothing binding" Plaintiffs to their position that they are no longer seeking front and back pay damages, Nike ignores that Plaintiffs have confirmed they no longer seek such damages through each of their supplemental responses to Nike's RFPs and

through their verified interrogatory responses. Moreover, Nike has cited no authority supporting its position that Plaintiffs must "execute a binding stipulation" (Motion at 6), nor was that required in *Rollins*, where the Court limited the defendant's requests seeking subsequent employment documents for mitigation purposes after accepting Plaintiffs' stipulation to not seek back and front pay damages subsequent to the completion of the relevant project. *See Rollins*, at *11 (citing to Plaintiffs' Reply to Motion to Quash Subpoenas, where plaintiffs' counsel declared under penalty of perjury through that pleading that plaintiffs did not intend to seek lost income damages (back and front pay) after the completion of the project). Here too, Plaintiffs' counsel has informed Nike that Plaintiffs do not seek back pay or front pay damages subsequent to their employment with Nike, and does so again through this Opposition. Denlinger Decl., ¶ 3.

Finally, Nike's assertion that Plaintiffs "recently served verified discovery responses saying they are pursuing front and back pay" (Motion at 5) is demonstrably false. *See, e.g.*, ECF No. 446, Ex. M, p. 4 (Plaintiff Cahill's verified Answer to Interrogatory No. 2 states, "Plaintiff does not seek back pay or front pay damages **subsequent** to her employment with Nike. Plaintiff seeks back pay for lost compensation **during** her Nike Employment….") (emphasis added).

2. The Requested Documents are Not Relevant to the Claims or Defenses of the Case

Nike's assertion that "documents detailing how Plaintiffs describe their role at Nike and evaluations of their work at subsequent employers are relevant to Nike's defense" (Motion at 6) is misguided, and Nike never states what particular claim makes its Requests relevant. Plaintiffs' subsequent descriptions of their roles at Nike and the contents of subsequent performance reviews are not probative of any disputed legal issue. Rather, the substantive issues in this action are, *inter alia*: (a) whether Nike paid Plaintiffs less than similarly situated male colleagues in substantially similar or comparable **jobs**; and (b) whether **Nike's policies and practices** resulted in lower compensation and fewer promotions, and were discriminatory based on disparate impact or disparate treatment. SAC, ¶¶ 195-236. In other words, Nike's contemporaneous policies, practices, and job classifications, requirements, and duties are currently at issue.

Nike appears to assert that performance at a subsequent job will show how Plaintiffs' performance at Nike justified lower pay. But that cannot meet Nike's burden under the EPA or OEPA because the "employer must prove not simply that the employer's proffered reason *could* explain the wage disparity, but that the proffered reasons *do in fact* explain the wage disparity." *Rizo v. Yovino*, 950 F.3d 1217, 1222 (9th Cir. 2020) (emphasis in original and citations omitted). Similarly, Nike does not explain how its Requests may be relevant to comparable work under the OEPA or similarly situated under Title VII, and the OEPA is violated if an employer pays women less "for work of a comparable character." ORS 652.220(1)(a). *See also* ORS 652.210(16) (defining "Work of a comparable character" as "work that *requires* substantially similar knowledge, skill, effort, responsibility and working conditions in the performance of work, regardless of job description or job title.") (emphasis added).

And although Plaintiffs' qualifications, skills, expertise, and experience **before and during** their Nike employment are relevant and proportional to Plaintiffs' claims and Nike's defenses, the details of Plaintiffs' subsequent employment are not. *See Bala*, 2023 U.S. Dist. LEXIS 88305 at *6-7 (noting that "Courts have granted defendant employers' requests to seek discovery of the plaintiff's records with other employers where the requests are tailored to the claims and defenses in the case[,]" and finding the defendant's reasons for subsequent employer discovery insufficient because the defendant did "not adequately explain how [the employee's] performance at a different employer" subsequent to her separation from the defendant "is relevant to her performance" with defendant.); *Guzman v. Chipotle Mexican Grill, Inc.*, 2018 U.S. Dist. LEXIS 134791, at *7-10 (N.D. Cal. Aug. 9, 2018) (ordering the defendant to withdraw subpoenas for employment records to subsequent employers and locations where plaintiffs applied for employment in a class action alleging racial and/or national origin discrimination, and finding the requests "overbroad and disproportionate to the needs of discovery."); *Maxwell v. Health Ctr. of Lake City, Inc.*, 2006 U.S. Dist. LEXIS 36774, at *8-9 (M.D. Fla. June 6, 2006) (quashing a subpoena to the plaintiff's prior employers, which requested the plaintiff's "entire personnel file," in a race discrimination case).

The mostly out-of-circuit cases cited by Nike (Motion at 6-7) are inapposite and/or unsupported by explanation or law. For example, Nike cites to *Iannucci v. Rite Aid Corp.*, 2012 U.S. Dist. LEXIS 102448, at *11 (W.D.N.C. July 24, 2012), but that court did not find that the plaintiff's employment records were relevant to the work that she performed for the defendant. More importantly, *Iannucci* involved a pro-se female plaintiff who alleged that she was wrongfully terminated such that mitigation-related discovery would be relevant to evaluate her potential damages. 2012 U.S. Dist. LEXIS 72296, at *1-4 (W.D.N.C. May 23, 2012).

Similarly, Nike's citation to *William v. Morrison & Foerster LLP*, 2020 U.S. Dist. LEXIS 58351, at *5 (N.D. Cal. Apr. 2, 2020)—where the court quashed the defendant's subpoena to the extent it sought the plaintiff's entire personnel file—is distinguishable. There, the plaintiff alleged discrimination claims for which there were identifiable performance-related defenses which are not present here. *Id*. at *2. *See also William v. Morrison & Foerster LLP*, 2021 U.S. Dist. LEXIS 141869, at *3-4, 24-32 (N.D. Cal. Mar. 8, 2021) (noting in a later ruling that the plaintiff alleged her partnership bid was deferred twice after she took maternity leave). The other case cited by Nike, *Fairley v. Wal-Mart Stores, Inc.*, 2016 U.S. Dist. LEXIS 154031, at *6 (E.D. La. Nov. 7, 2016), misses the mark for two reasons. First, it is an out-of-circuit decision and its finding that the post-employment evidence was relevant is not supported by any authority. Second, the court only found such evidence relevant to whether the plaintiff "was paid fairly…based on her experience and skill[,]" but not to whether Wal-Mart paid the plaintiff less than similarly situated male colleagues in substantially similar jobs or whether its policies and practices were discriminatory. *Id.* at *6.

### 3.  The Requests are Not Relevant for Impeachment Purposes

Nike's generalized assertion that subsequent employment discovery "may be relevant for impeachment and credibility purposes" (Motion at 7) is made with scant and unpersuasive support as to why such evidence is relevant to Plaintiffs' claims or its defenses. Significantly, "impeachment material is discoverable when it is relevant to the parties' claims and defenses while

evidence that will be offered solely for impeachment purposes is not discoverable." *IceMOS Tech. Corp. v. Omron Corp.*, 2020 U.S. Dist. LEXIS 67700, at *9 (D. Ariz. Apr. 17, 2020). *See also Natkin v. Am. Osteopathic Ass'n*, 2022 U.S. Dist. LEXIS 242299, at *16-17 (D. Or. May 11, 2022) ("Although the [requested discovery]…might lead to the discovery of impeachment evidence, long gone is Rule 26's allowance of discovery that is not particularly relevant but is 'reasonably calculated to lead to the discovery of admissible evidence.'").[1]

Here, Nike has failed to provide any justification other than its generalized assertions that subsequent employment documents "may" be relevant for impeachment, or that such documents "may" include inaccuracies regarding Plaintiffs' job responsibilities (Motion at 7). Nike also attempts to bootstrap its prior argument that Plaintiffs' description of their job duties is relevant into an argument that any such potential descriptions of their Nike job responsibilities by Plaintiffs are also relevant as impeachment evidence. Motion at 8-9. But as described in Section III.B.2 *supra*, it is the requirements of the Nike jobs that is relevant to Plaintiffs' claims, not how Plaintiffs might later characterize their Nike responsibilities.

Nike cites to *Walsh v. Walmart, Inc.*, 2023 U.S. Dist. LEXIS 80187, at *11-12 (W.D. Wash. May 8, 2023) to support its assertion that subsequent employment records are relevant to impeach Plaintiffs but, in *Walsh*, the existing discovery had already "revealed that [plaintiff] ha[d] inconsistently identified her former title, job description, and period of employment" and "inconsistently represented her educational background to various employers." *Id.* at *12. For this reason, the employer had "reason to believe the [plaintiff] was not truthful about her employment

---

[1] Notably, these recent decisions by courts in the Ninth Circuit wholly undercut Nike's reliance on *Newsome v. Penske Truck Leasing Corp.*, 437 F. Supp. 2d 431 (D. Md. 2006) (Motion at 8), which was decided well before the 2015 amendment to Rule 26(b)(1). Similarly, Nike cites *Goldwater Bank, N.A. v. Elizarov*, 2022 U.S. Dist. LEXIS 212123, at *20 (C.D. Cal. Sept. 21, 2022), but the court there only made the unremarkable finding that the Rule 26(a)(1) initial disclosure exemption as to documents solely for impeachment "does not protect impeachment documents from discovery under Rule 26(b)(1)." *Id.* Finally, Nike's cite to *Davila v. Luxury Wood Floors Inc.*, 2023 U.S. Dist. LEXIS 117551, at *2, 4 (S.D. Fla. May 3, 2023) does not assist it either, since the defendant there did not even argue in that motion *in limine* that the subsequent employment evidence was relevant to the unpaid overtime claims at issue; rather, the defendant only asked the court to defer any ruling on the admissibility of such evidence where the documents **were already produced** and might later be used for impeachment purposes. *Id.*

**PLAINTIFFS' OPPOSITION TO NIKE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS
PAGE 8**

background". *Id*. at *12; *see also Davis v. Kelly Servs.*, 2017 U.S. Dist. LEXIS 226105, at *16-17 (C.D. Cal. July 12, 2017) (finding discovery from a subsequent employer regarding plaintiff's performance and termination was relevant as impeachment evidence where "defendant has provided evidence that plaintiff's credibility may be an issue in this case…."). Here, by contrast, Nike has already engaged in extensive pre-certification discovery and taken Plaintiffs' depositions, and—as Nike acknowledges—it has failed to proffer any evidence that Plaintiffs' credibility might be at issue in this case. (Motion at 8).

To the extent Nike seeks subsequent employment discovery to impeach Plaintiffs' reputations, such discovery would be impermissible character evidence pursuant to Fed. R. Evid. 404(a). *Anigbogu v. Mayorkas*, 2023 U.S. Dist. LEXIS 209490, at *13-14 (N.D. Cal. Nov. 22, 2023); *see also L'Etoile v. New England Finish Sys., Inc.*, 575 F. Supp. 2d 331, 338 (D.N.H. 2008) ("[W]hile Rule 404(b) allows evidence of particular acts to show discriminatory intent in a sex discrimination case…Rule 404(a) does not permit the use of reputation evidence for that purpose."); *Bala*, 2023 U.S. Dist. LEXIS 88305 at *7 (opining that discovery regarding plaintiff's performance at a subsequent employer "would most likely constitute inadmissible character evidence….") (citations omitted). Nike is not entitled to discover irrelevant information in hopes that it will undermine the Plaintiffs' credibility.

Information regarding deficiencies in Plaintiffs' post-Nike work performance, which Nike's managers could not have known at the time and for which Nike has no basis to believe even exists, is also inadmissible. "Work performance with other employers, **either before or after the defendant employer**, is inadmissible under Rule 404(a) Federal Rules of Evidence (evidence of a trait or character to prove conduct in conformity therewith on a particular occasion is inadmissible)." *E.E.O.C. v. Serramonte*, 237 F.R.D. 220, 223 (N.D. Cal. 2006) (emphasis added). This information would also be inadmissible under Rule 404(b)(2), which applies specifically to "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Plaintiffs' mental states are not relevant to their claims.

///

**PLAINTIFFS' OPPOSITION TO NIKE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS
PAGE 9**

### 4. Nike's Requests are Not Relevant to Plaintiff Hender's Retaliation Claim

Nike admits it is attempting a fishing expedition in seeking subsequent employment documents from Plaintiff Hender "to explore any performance issues at any subsequent employers…and sources of potential alternate stressors." Motion at 9. However, Plaintiff Hender only alleges garden-variety emotional distress damages, and "where a plaintiff claims only garden-variety emotional distress damages and where the plaintiff does not assert a claim for severe emotional injury, employment records are not relevant." *Belling v. DDP Holldings, Inc.*, 2013 U.S. Dist. LEXIS 198078, at *11 (C.D. Cal. May 30, 2013) (citation omitted). *See also Lyzer v. Caruso Produce, Inc.*, 2018 U.S. Dist. LEXIS 249753, at *5-6 (D. Or. Oct. 4, 2018) (quoting the aforementioned holding from *Belling*, and finding the plaintiff's "personnel files are unlikely to contain evidence relating to his alleged emotional distress damages, and any such discovery is available from an alternative source."). Accordingly, subsequent employment documents are not relevant to Plaintiff Hender's retaliation claim and garden-variety damages.

### C. Plaintiffs have a Legitimate Privacy Interest in Subsequent Employment Documents

Plaintiffs' objection that Nike's Requests invade their right to privacy is both legitimate and supported by this Court. *See Estrada v. Avalon Health Care Hearthstone, LLC*, 2022 U.S. Dist. LEXIS 150008, at *3 (D. Or. Aug. 19, 2022) ("'public policy reasons militate against lightly invading that privacy interest, in that an expectation of privacy in employment records encourages candid employment evaluations and avoids impairment of employee morale.'") (citing *Beaver v. Delicate Palate Bistro, Inc.*, 2017 U.S. Dist. LEXIS 147114, at *5 (D. Or. Sept. 12, 2017)). Since Plaintiffs' subsequent employment documents are not relevant to Plaintiffs' claims or Nike's defenses, and since Plaintiffs have an expectation of privacy in their subsequent employment documents based on principles of public policy, Nike's Requests are not proportional to the needs of the case pursuant to Rule 26(b)(1).

///

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' respectfully request the Court deny Nike's Motion.

Dated: April 15, 2024          Respectfully submitted,

ACKERMANN & TILAJEF, P.C.

 /s/Brian Denlinger
Craig Ackermann (admitted *pro hac vice*)
cja@ackermanntilajef.com
Brian Denlinger (admitted *pro hac vice*)
bd@ackermanntilajef.com
315 S Beverly Drive, Suite 504
Beverly Hills, CA 90212
Tel:  (310) 277-0614
Fax:  (310) 277-0635

GOLDSTEIN, BORGEN, DARDARIAN & HO
Laura L. Ho (admitted *pro hac vice*)
Barry Goldstein, Of Counsel (admitted *pro hac vice*)
James Kan (admitted *pro hac vice*)
Byron Goldstein (admitted *pro hac vice*)
Katharine L. Fisher (admitted *pro hac vice*)

MARKOWITZ HERBOLD PC
Laura Salerno Owens, OSB #076230
David B. Markowitz, OSB #742046
Harry B. Wilson, OSB #077214
Kathryn P. Roberts, OSB #064854

INDIA LIN BODIEN, ATTORNEY AT LAW
India Lin Bodien (admitted *pro hac vice*)
india@indialinbodienlaw.com
2522 North Proctor Street, #387
Tacoma, WA 98406-5338
Tel:  (253) 212-7913
Fax:  (253) 276-0081

*Attorneys for Plaintiffs*