**Edwin A. Harnden,** OSB No. 721129
eharnden@barran.com
**Bruce T. Garrett**, OSB No. 213430
bgarrett@barran.com
601 SW Second Ave., Suite 2300
Portland, Oregon 97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212

Attorneys for Non-Party Advance Local Media LLC d/b/a Oregonian Media Group (The Oregonian)

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al.,<br><br>             Plaintiffs,<br><br>   v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>             Defendants. | 3:18-cv-01477-JR<br><br>**NON-PARTY ADVANCE LOCAL MEDIA, LLC, D.B.A. OREGONIAN MEDIA GROUP'S RESPONSE TO DEFENDANT NIKE, INC.'S MOTION TO COMPEL RESPONSES TO NIKE'S INTERROGATORIES AND REQEUST FOR PRODUCTION TO ADVANCE LOCAL MEDIA LLC** |

### I.     INTRODUCTION

Nike moves here to compel irrelevant discovery from non-party journalists, and its Motion to Compel defies Magistrate Jolie Russo's Order ("Magistrate's Order"). ECF 431. Nike's discovery requests on Advance Local Media, LLC, d.b.a., the Oregonian Media Group ("The Oregonian") are improper under the Federal Rules of Civil Procedure, and each request is barred

Page 1 – NON-PARTY ADVANCE LOCAL MEDIA, LLC, D.B.A. OREGONIAN MEDIA GROUP'S RESPONSE TO DEFENDANT NIKE, INC.'S MOTION TO COMPEL RESPONSES TO NIKE'S INTERROGATORIES AND REQEUST FOR PRODUCTION TO ADVANCE LOCAL MEDIA LLC

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

by state and federal privilege laws that protect The Oregonian's newsgathering activities, its unpublished newsgathering materials, and its conversations with its news sources. The Oregonian respectfully requests that the Court deny Nike's Motion to Compel as it applies to The Oregonian.[1]

## II.  BACKGROUND

Nearly six years ago, Kelly Cahill and several other individuals (collectively, "Plaintiffs") filed a Complaint against their former employer, Nike, alleging sex discrimination. ECF 431, p. 1. The Oregonian is not and never has been a party to the Kelly Cahill, et al. v. Nike, Inc. lawsuit (the "Lawsuit"). Rather, The Oregonian, along with other media groups, intervened (the "Media Interveners") as a non-party for the limited purpose of vindicating the public's right of access to certain judicially sealed and redacted records in the Lawsuit. *See* ECF 205, p. 19. Upon a renewed motion, this Court granted the Media Intervenors' motion to unseal the records. ECF 404. The Ninth Circuit Court of Appeals issued a stay of this Court's Order pending appeal ("Ninth Circuit's Stay Order"). ECF 408.

On January 19, 2024, one of the Plaintiffs' attorneys, Laura Salerno Owens ("Ms. Salerno Owens") inadvertently emailed judicially sealed documents (the "Documents") to a news reporter with The Oregonian, Matthew Kish ("Mr. Kish"). On January 25, 2024, Plaintiffs filed a motion requesting the return and destruction of the Documents, which Ms. Salerno Owens inadvertently disclosed (the "Disclosure"). The next day, the Magistrate granted Plaintiffs' motion and ordered The Oregonian to return and destroy the Documents and refrain from publishing their contents. ECF 412. However, on remand from Judge Marco Hernandez ("Judge Hernandez"), and after

---

[1] Nike's Motion to Compel seeks to compel discovery on both The Oregonian and Ms. Salerno Owens' law firm, Markowitz Herbold. The Oregonian does not take a position on the merits of Nike's Motion as it applies to Markowitz Herbold.

Page 2 – NON-PARTY ADVANCE LOCAL MEDIA, LLC, D.B.A. OREGONIAN MEDIA GROUP'S RESPONSE TO DEFENDANT NIKE, INC.'S MOTION TO COMPEL RESPONSES TO NIKE'S INTERROGATORIES AND REQEUST FOR PRODUCTION TO ADVANCE LOCAL MEDIA LLC

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

being fully briefed on the issue, the Magistrate correctly ruled that The Oregonian is not a party to the Lawsuit nor subject to the operative protective order in the Lawsuit, and that an order requiring The Oregonian to return and destroy the Documents and refrain from publishing their contents would be a prior restraint on speech in violation of the First Amendment to the United States Constitution. ECF 431. Plaintiffs and Nike (collectively, the "Parties") filed objections to the Magistrate's Order, and Judge Hernandez upheld the Magistrate's Order on April 9, 2024, putting an end to the prior restraint imposed on The Oregonian. *See* ECF 458. That same day, Nike inquired with the Court to determine if the administrative stay from the Magistrate's Order was still in place (ECF 431), and Judge Hernandez, siding with The Oregonian, confirmed that it had been lifted. ECF 460. Nike then filed a motion for an injunction pending appeal with the Ninth Circuit, and the Court granted a temporary stay. Dkt. Entry 6.1. After receiving briefing from the Parties and The Oregonian, on April 13, 2024, a three judge panel denied Nike's request for a stay pending appeal. *See* Dkt. Entry 14.1. The next day, Nike filed a motion for rehearing en banc, and that motion is still pending before the Ninth Circuit. *See* Dkt. Entry 16.

On February 2, 2024, days after joining Plaintiffs' motion requesting the return and destruction of the Documents, Nike propounded discovery requests on The Oregonian, including a Request for Production (ECF 448[2], pp. 20-28) and Interrogatories (ECF 448, pp. 31-38) which purportedly required a response by March 3, 2024. In its brief filed with this Court on February 6,

---

[2] Because The Oregonian is not a party to the Lawsuit, neither The Oregonian nor its counsel have access to records that are filed under seal. Nike's counsel, Daniel Prince ("Mr. Prince"), filed his declaration, ECF 448, under seal, which includes copies of Nike's discovery requests. The Oregonian's counsel was only able to access Mr. Prince's declaration because he served it on them via email. The Oregonian assumes that the page numbers in Mr. Prince's declaration correspond to the page numbers in ECF 448, and cites to them accordingly herein.

Page 3 – NON-PARTY ADVANCE LOCAL MEDIA, LLC, D.B.A. OREGONIAN MEDIA GROUP'S RESPONSE TO DEFENDANT NIKE, INC.'S MOTION TO COMPEL RESPONSES TO NIKE'S INTERROGATORIES AND REQEUST FOR PRODUCTION TO ADVANCE LOCAL MEDIA LLC

2024, Nike requested that the Court permit it to engage in discovery, including depositions. ECF 425, p. 22. On February 14, 2024, Nike filed a separate motion requesting that the Court permit it to engage in discovery regarding the circumstances of the Disclosure. ECF 429, pp. 2, 4. However, the Magistrate denied Nike's request for discovery from The Oregonian because "[Nike's] request for discovery into the circumstances of the disclosure are irrelevant to The Oregonian's First Amendment rights. Accordingly, to the extent the motion is directed at The Oregonian, the motion is denied."[3] ECF 431, p. 9. On March 29, 2024, in direct violation of the Magistrate's Order, Nike filed the instant Motion to Compel. ECF 447.

On January 17, 2024, two days before the Ninth Circuit's Stay Order was issued in the Media Interveners' access proceeding, Mr. Kish reached out to Ms. Salerno Owens to set up a meeting, which occurred two days later at a coffee shop. ECF 448, p. 62. As part of his standard newsgathering process, Mr. Kish sought comment from Ms. Salerno Owens regarding sexual harassment allegations at Nike that were raised by a person who was not one of the Plaintiffs in the Lawsuit. *See* ECF 416, p. 1; ECF 423, p. 2; ECF 428, pp. 1-2. In support of her comments, Ms. Salerno Owens sent Mr. Kish several emails during their meeting that she believed included publicly filed documents from the Lawsuit. ECF 423, pp. 2-3. After their meeting, Mr. Kish and Ms. Salerno Owens both discovered that she had inadvertently sent him copies of certain judicially

---

[3] In light of the Magistrate's Order denying Nike's request for discovery, on March 1, 2024, The Oregonian's counsel informed Nike that its discovery requests were no longer valid. ECF 448, p. 67. Nike responded on March 15, 2024, stating, *inter alia,* that The Oregonian did not timely respond to its discovery requests and it thereby waived any objections. ECF 448, p. 68. However, The Oregonian did not waive any objections because it was not required to respond. Importantly, in addition to the objections outlined in section III (a)-(d) of this response brief, The Oregonian maintains any and all objections to Nike's Request for Production and Interrogatories, including but not limited to, objections based on vagueness, overbreadth, assuming facts not in evidence, and seeking information subject to the attorney-client privilege and work product doctrines.

Page 4 – NON-PARTY ADVANCE LOCAL MEDIA, LLC, D.B.A. OREGONIAN MEDIA GROUP'S RESPONSE TO DEFENDANT NIKE, INC.'S MOTION TO COMPEL RESPONSES TO NIKE'S INTERROGATORIES AND REQEUST FOR PRODUCTION TO ADVANCE LOCAL MEDIA LLC

sealed documents. *Id.;* ECF 423, p. 4. In the days following, Ms. Salerno Owens asked Mr. Kish to return the Documents, but pursuant to his (and The Oregonian's) First Amendment Rights,[4] he declined. *See id.*, pp. 4-6.

Since the Disclosure, Nike has made numerous unfounded assertions to this Court that directly contradict the sworn declarations signed by Ms. Salerno Owens and Mr. Kish (collectively, the "Declarations"), and the findings of fact adopted in the Magistrate's Order. Among them, Nike contends that Ms. Salerno Owens and Mr. Kish met "in secret" to review and preview sealed records together (ECF 425, p. 6; ECF 436, p. 9) and otherwise knowingly engaged in illegal or nefarious activity (ECF 425, p.10; ECF 436, pp. 9, 10, and 32). Moreover, Nike contends that Mr. Kish (and therefore The Oregonian) aided and abetted Ms. Salerno Owens' Disclosure. ECF 425, p. 14; ECF 426, p. 8. Yet, Nike does not have any factual support to back its assertions because none of it is true. Indeed, Nike admits that its knowledge of the circumstances surrounding the Disclosure are limited to the Declarations. ECF 425, pp. 9-10. Even so, Nike engages in wild speculation that the declarants are lying, which is an insufficient basis for dragging a non-party through discovery. Nike's position that it is entitled to discovery to resolve "unanswered questions" is without merit because all "questions" have been answered through Ms. Salerno Owens' and Mr. Kish's mutually corroborated declarations. As fully set forth below, whatever "answers" Nike seeks, it is barred from requesting discovery on The Oregonian.

/ / /

/ / /

---

[4] As the Magistrate's Order correctly found, because Mr. Kish obtained the Documents without violating the law, he has a First Amendment Right to publish that information and any wrongdoing on the part of Ms. Salerno Owens cannot be imputed to Mr. Kish. *See* ECF 431, pp. 8-10.

Page 5 – NON-PARTY ADVANCE LOCAL MEDIA, LLC, D.B.A. OREGONIAN MEDIA GROUP'S RESPONSE TO DEFENDANT NIKE, INC.'S MOTION TO COMPEL RESPONSES TO NIKE'S INTERROGATORIES AND REQEUST FOR PRODUCTION TO ADVANCE LOCAL MEDIA LLC

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

### III.     ARGUMENT

Nike's discovery requests on The Oregonian are improper because the Magistrate's Order unequivocally denied Nike's request for discovery on The Oregonian, the Federal Rules of Civil Procedure do not allow Nike to seek discovery from The Oregonian (a non-party to the Lawsuit) through requests for production and interrogatories, Nike's discovery requests are irrelevant to the claims and defenses of the Parties, and each of Nike's requests seeks information that is protected from compelled disclosure by federal and state reporter's privilege.

**a.  The Magistrate's Order Bars Nike from Pursuing Discovery from The Oregonian.**

The Magistrate's Order denied Nike's request for discovery from The Oregonian. ECF 431, p. 9. In direct violation of that Order, Nike doubled down. In its Motion to Compel, Nike contends that it has two parallel discovery requests: its first request, which includes its Request for Production ("RFP") and Interrogatories that it served on The Oregonian on February 2, 2024; and its second request, made in its February 14, 2024, motion, which sought information on the same issues and by the same mechanisms. *See* ECF 447, p. 10. Nike claims the Magistrate's Order denied its second request but not its first. Nike is wrong.

As an initial matter, Nike only raises this muddled distinction after the Magistrate's Order. Nike's prior filings make no distinction between separate discovery requests. In its initial brief on the issue, Nike requested that the Court "allow it limited discovery before [an Order is entered]. [Nike] *has served discovery requests* and believes that the process should be completed within 45 days (including depositions)." ECF 425, p. 22. In other words, Nike served its RFP and Interrogatories and requested that the Court hold off on making its ruling until it obtained the information it sought in its requests—this is a single request for discovery that included a temporal

Page 6 – NON-PARTY ADVANCE LOCAL MEDIA, LLC, D.B.A. OREGONIAN MEDIA GROUP'S RESPONSE TO DEFENDANT NIKE, INC.'S MOTION TO COMPEL RESPONSES TO NIKE'S INTERROGATORIES AND REQEUST FOR PRODUCTION TO ADVANCE LOCAL MEDIA LLC

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

request, not two separate requests. Moreover, Nike's February 14, 2024, motion was a "*renewed request for discovery into the circumstances of the Disclosure here, including* that such discovery occur prior to the Court's ruling on the Motion to Vacate." ECF 429, p. 2. (Emphasis added.) Put differently, Nike renewed its request for discovery that it served on The Oregonian on February 2, 2024, which included, as one example, a request that the Magistrate not issue its Order until Nike had the opportunity to complete its discovery.

The operative language from the Magistrate's Order unambiguously denied Nike's discovery requests from The Oregonian. The Magistrate's Order could not have been more clear: "[Nike's] request for discovery into the circumstances of the Disclosure are *irrelevant to the Oregonian's First Amendment rights*." ECF 431, p. 9. (Emphasis added.) Nothing from the Order suggests that its denial of Nike's discovery was limited to discovery prior to the Order, or that Nike could otherwise proceed with its RFP or Interrogatories. Accordingly, Nike is barred from engaging in any discovery with regard to The Oregonian.

**b. The Oregonian is a Non-Party to the Lawsuit and Not Subject to Discovery.**

The Federal Rules of Civil Procedure "distinguish between parties and non-parties in establishing available discovery devices." *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010). Importantly, "A party may serve on *any other party* a request within the scope of Rule 26(b)." Fed. R. of Civ. P. 34(a). (Emphasis added.) Similarly, "a party may serve *on any other party* no more than 25 written interrogatories . . .". Fed. R. Civ. P. 33(a)(1). However, "The Court cannot compel a non-party to respond to discovery requests because the Federal Rules of Civil Procedure do not provide for the issuance of requests for production, interrogatories, and requests for admission to nonparties." *Choate v. Weidick*, No. 2:18-cv-01958-

Page 7 – NON-PARTY ADVANCE LOCAL MEDIA, LLC, D.B.A. OREGONIAN MEDIA GROUP'S RESPONSE TO DEFENDANT NIKE, INC.'S MOTION TO COMPEL RESPONSES TO NIKE'S INTERROGATORIES AND REQEUST FOR PRODUCTION TO ADVANCE LOCAL MEDIA LLC

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

JAD-DJA, 2023 U.S. Dist. LEXIS 126740, at *3 (D. Nev. July 24, 2023); *Lehman v. Kornblau*, 206 F.R.D. 345, 346 (E.D.N.Y. 2001) ("Any interrogatories or requests for production of documents served on non-parties are a nullity.").

Here, as this Court has made clear for years, The Oregonian is not a party to the Lawsuit. ECF 431, p. 7; ECF 273. The Oregonian has not filed a pleading, propounded a discovery request, or participated in any evidentiary dispute. Importantly, The Oregonian did not "seek to litigate a claim on the merits[,] but rather [it] intervene[d] for the limited purpose of seeking access" to judicially sealed documents. ECF 205, p. 10. In fact, this Court barred The Oregonian from participating in the Lawsuit for any reason other than for that limited purpose, which is wholly unconnected with the substance of the Lawsuit. *See* ECF 273, p. 14. Simply put, Nike's requests for discovery on The Oregonian are not permitted within the plain language of Rules 33 and 34 of the Federal Rules of Civil Procedure.

**c. Nike's Discovery Requests Are Not Relevant to the Claims or Defenses of the Parties to the Lawsuit.**

A party to a lawsuit may only obtain discovery from another party "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Oregonian is not a party to the Lawsuit and it is not subject to discovery, but even if it were, Nike still fails to overcome the basic relevancy standard. In bringing a motion to compel, Nike carries the burden of demonstrating that the information it seeks from The Oregonian is relevant to the Parties' claims or defenses. *See Taylor v. Ingram*, No. 2:21-cv-01042 TLN DB P, 2023 U.S. Dist. LEXIS 182113, at *4 (E.D. Cal., Oct. 10, 2023).

Nike contends that its discovery requests are "directly relevant to the issues in this case." ECF 447, p. 9. (Cleaned up.) That is not the legal standard set forth by the Federal Rules of Civil

Page 8 – NON-PARTY ADVANCE LOCAL MEDIA, LLC, D.B.A. OREGONIAN MEDIA GROUP'S RESPONSE TO DEFENDANT NIKE, INC.'S MOTION TO COMPEL RESPONSES TO NIKE'S INTERROGATORIES AND REQEUST FOR PRODUCTION TO ADVANCE LOCAL MEDIA LLC

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

Procedure. Nike cites to *St. Jude Med. S.C., Inc. v. Janssen-Counotte*, 305 F.R.D. 630, 637 (D. Or. 2015) to support the proposition that "the court may order discovery of *any matter relevant to the subject matter involved in the action*." *Id.* (emphasis added). Nike is misrepresenting the law. Nearly a decade ago the liberal standard—"relevant to the subject matter involved in the action"—was replaced by a requirement that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Adv. Comm. Notes to 2015 Amendments to Fed. R. Civ. P. 26. ("The amendment deletes the former provision authorizing the court, for good cause, to order discovery of any matter relevant to the subject matter involved in the action [and replaced it with] [p]roportional discovery relevant to any party's claim or defense suffices, given a proper understanding of what is relevant to a claim or defense.").

In addition to misstating the law, Nike makes no attempt to argue that its request for discovery into the circumstances of the Disclosure are relevant to any of the claims brought by Plaintiffs or any defenses raised by Nike. Instead, Nike argues that discovery is necessary because "circumstances surrounding the disclosure raise questions that have yet to be answered," (ECF 436, p. 12), and that "while much is still unknown and must be discovered, the little information that is known confirms a breach and suggests impropriety." (ECF 425, p. 15.) Nike's speculation that Ms. Salerno Owens and Mr. Kish "appear[] to have a working relationship," (ECF 425, p. 15), and its opinion that "the circumstances surrounding that breach between lawyer and reporter are not fully known and Plaintiffs and the Oregonian have been coy regarding the real story" fail to meet the basic relevancy standard. *See Salinas v. P&G*, 2020 U.S. Dist. LEXIS 250447, *5-6, 2020 WL 8455187 (Plaintiff's speculative evidence precluded his discovery requests.); *Teller v. Dogge*, 2013 U.S. Dist. LEXIS 52215, *9-10, 2013 WL 1501445 ("The Court finds that

Page 9 – NON-PARTY ADVANCE LOCAL MEDIA, LLC, D.B.A. OREGONIAN MEDIA GROUP'S RESPONSE TO DEFENDANT NIKE, INC.'S MOTION TO COMPEL RESPONSES TO NIKE'S INTERROGATORIES AND REQEUST FOR PRODUCTION TO ADVANCE LOCAL MEDIA LLC

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

these interrogatories are nothing more than a speculative fishing expedition."); *Brady v. Conseco, Inc.*, 2009 U.S. Dist. LEXIS 123525, *5-6, 2009 WL 5218046 (denying discovery requests that are "unreasonably intrusive and of marginal relevance, especially given the speculative nature."). Indeed, Nike admits that it has no evidence to support its accusations. *See* ECF 425, pp. 9-10.

   **d. Nike's Discovery Requests on The Oregonian are Barred by Oregon's "Shield Law" and the Federal Reporter's Privilege.**

When Mr. Kish met with Ms. Salerno Owens, he did so to obtain comment from her regarding sexual harassment allegations raised by a current or former employee at Nike. *See generally* ECF 416 and 428. Information regarding Mr. Kish's reporting, including his communications with Ms. Salerno Owens, any documents exchanged between them, and all notes Mr. Kish kept regarding those communications and documents, including his examination of the Documents, were all obtained or prepared by Mr. Kish as part of the newsgathering process. *See* ECF 416, pp. 1-2; ECF 428, pp. 1-2. Nike seeks to compel The Oregonian to disclose protected newsgathering materials:

- RFP numbers 1 and 5-7 and Interrogatory numbers 4 and 9 seek unpublished materials, including communications between The Oregonian and its sources, specifically "any representative of Plaintiffs, (including Plaintiffs' counsel)," relating to the Disclosure, which occurred as part of the newsgathering process.

- RFP numbers 4, 8-9, 11, and 14-15 and Interrogatories numbers 1-3 and 6 seek information relating to Mr. Kish's meeting with Ms. Salerno Owens, which was part of the newsgathering process.

- RFP numbers 2-3, 10, and 12-13 and Interrogatories numbers 5 and 7-8 seek information relating to unpublished materials in the possessions of a journalist,

Page 10 – NON-PARTY ADVANCE LOCAL MEDIA, LLC, D.B.A. OREGONIAN MEDIA GROUP'S RESPONSE TO DEFENDANT NIKE, INC.'S MOTION TO COMPEL RESPONSES TO NIKE'S INTERROGATORIES AND REQEUST FOR PRODUCTION TO ADVANCE LOCAL MEDIA LLC

including the Documents, which The Oregonian obtained as part of the newsgathering process.

Courts and legislatures alike have recognized the importance of protecting the press from revealing sources and being forced to turn over materials obtained during the reporting process. The purpose behind these protections are to promote the free flow of information by protecting the privacy of the editorial process. *See Ayala v. Ayers*, 668 F. Supp. 2d 1248, 1251 (S.D. Cal. 2009). Importantly, as "neutral watchdogs and objective observers" the press relies on the confidence of sources to speak freely, and for the communications between reporter and source to enjoy protection from compelled disclosure.[5] Indeed, both the Oregon Legislature and Ninth Circuit Courts recognize the importance of protecting an independent press that is not subject to the burdens of compelled disclosure in the aid of government or a particular litigant.

> i. *Oregon's Shield Law Bars Nike from Compelling Discovery of Mr. Kish's Newsgathering Materials.*

In Oregon, the reporter's privilege against compelled disclosure is nearly absolute. Under Oregon's "shield law," a court cannot compel the testimony or the production of evidence "to disclose, by subpoena or otherwise" a news reporter's source or "[a]ny unpublished information *obtained or prepared by the person* in the course of gathering, receiving, or processing information for any medium of communication to the public." *See* ORS 44.520(1)(a)-(b) (emphasis added); ORS 44.510(2).

/ / /

---

[5] *See* John O. Omachnu, Reporter's Privilege, November 14, 2023, https://firstamendment.mtsu.edu/article/reporters-privilege/#:~:text=The%20idea%20behind%20reporter's%20privilege,matters%20of%20legitimate%20public%20importance.

Page 11 – NON-PARTY ADVANCE LOCAL MEDIA, LLC, D.B.A. OREGONIAN MEDIA GROUP'S RESPONSE TO DEFENDANT NIKE, INC.'S MOTION TO COMPEL RESPONSES TO NIKE'S INTERROGATORIES AND REQEUST FOR PRODUCTION TO ADVANCE LOCAL MEDIA LLC

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

Discovery of a newspaper reporter's notes and materials gathered in preparation for writing a news story is barred by ORS 44.520(1). *McNabb v. Oregonian Pub. Co.*, 69 Or. App. 136, 143-144, 685 P.2d 458, 463 (1984); *Brown v. Gatti*, 195 Or. App. 695, 700, 99 P.3d 299, 303 (2004) ("journalists cannot be compelled to disclose their sources or notes."). The sole exception to Oregon's shield law, which does not apply here, is limited to a civil defamation action where "the defendant asserts a defense based on the content or source of allegedly defamatory information." ORS 44.530(3); *see also Brown v. Gatti*, 195 Ore. App. 695, 99 P.3d 299, 2004 Ore. App. LEXIS 1298 (Or. Ct. App. 2004).

Here, all of Nike's requests touch on Mr. Kish's materials, notes, or communications that were obtained by him in the newsgathering process. Similar to the plaintiff in *McNabb,* Nike seeks to compel information that Mr. Kish obtained or prepared during the course of his newsgathering. Nike's requests accordingly are barred by Oregon's shield law and the holding in *McNabb*.

    ii.  *The Federal Reporter's Privilege Also Bars Nike from Compelling Discovery of Mr. Kish's Newsgathering Materials.*

Ninth Circuit Courts have long recognized that the First Amendment provides a strong and robust reporter's privilege. *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993). "The privilege is a recognition that society's interest in protecting the integrity of the newsgathering process, and in ensuring the free flow of information to the public, is an interest 'of sufficient social importance to justify some incidental sacrifice of sources of facts needed in the administration of justice.'" *Id. quoting Herbert v. Lando,* 441 U.S. 153, 183, 60 L. Ed. 2d 115, 99 S. Ct. 1635 (1979).

When determining whether to apply the reporter's privilege, "the question is whether the paramount interest served by the unrestricted flow of public information protected by the First Amendment outweighs the subordinate interest served by the liberal discovery provisions

Page 12 – NON-PARTY ADVANCE LOCAL MEDIA, LLC, D.B.A. OREGONIAN MEDIA GROUP'S RESPONSE TO DEFENDANT NIKE, INC.'S MOTION TO COMPEL RESPONSES TO NIKE'S INTERROGATORIES AND REQEUST FOR PRODUCTION TO ADVANCE LOCAL MEDIA LLC

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

embodied in the Federal Rules of Civil Procedure." *L.A. Mem'l Coliseum Com. V. Nat'l Football League*, 89 F.R.D. 489, 493 (C.D. Cal. 1981) (quotations and citations omitted). Importantly, numerous courts have recognized that "journalists' work product and resource materials" are covered by privilege. *Id.*

The Ninth Circuit cases that limit or do not apply the reporter's privilege generally involve circumstances in which there are countervailing constitutional rights at issue, such as the rights of a criminal defendant. *See, e.g., In re Grand Jury Subpoenas to Fainaru-Wada & Williams*, 438 F. Supp. 2d 1111, 1121 (N.D. Cal. 2006) (Holding that reporters could be forced to appear before a grand jury and provide materials regarding their confidential source for grand jury transcripts). However, in the context of civil cases, the Ninth Circuit Courts have recognized a powerful reporter's privilege. *See Mark v. Shoen*, 48 F.3d 412, 416 (9th Cir. 1995) ("[I]n the ordinary case the civil litigant's interest in disclosure should yield to the journalist's privilege. Indeed, if the privilege does not prevail in all but the most exceptional cases, its value will be substantially diminished." *Quoting Zerilli v. Smith*, 211 U.S. App. D.C. 116, 656 F.2d 705, 712 (1981)); *Baker v. F & F Investment*, 470 F.2d at 783 ("in civil cases … the public interest in non-disclosure of a journalist's confidential sources outweighs the public and private interest in compelled testimony.").

The case at bar is a civil matter, not a criminal one, and there are no countervailing constitutional rights at issue—the only constitutional rights on the line with respect to Nike's Motion to Compel are those of Mr. Kish and The Oregonian. Accordingly, in line with the Ninth

Page 13 – NON-PARTY ADVANCE LOCAL MEDIA, LLC, D.B.A. OREGONIAN MEDIA GROUP'S RESPONSE TO DEFENDANT NIKE, INC.'S MOTION TO COMPEL RESPONSES TO NIKE'S INTERROGATORIES AND REQEUST FOR PRODUCTION TO ADVANCE LOCAL MEDIA LLC

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

Circuit's long-standing reporter's privilege[6] precedent—to "protect[] the integrity of the newsgathering process, and [] ensur[e] the free flow of information to the public," the Court should deny Nike's request for discovery on non-party journalist. *Shoen*, 5 F.3d 1289 at 1292.

## IV.    CONCLUSION

The Oregonian respectfully requests that the Court uphold its Order (ECF 431)—denying Nike's request for discovery on The Oregonian—and consistent with the Federal Rules of Civil Procedure, and state and federal privilege laws, deny Nike's Motion to Compel as it applies to The Oregonian.

Dated this 15th day of April, 2024.

BARRAN LIEBMAN LLP

By *s/Edwin A. Harnden*
    Edwin A. Harnden, OSB No. 721129
    eharnden@barran.com
    Bruce T. Garrett, OSB No. 213430
    bgarrett@barran.com

Attorneys for Non-Party Advance Local Media LLC d/b/a Oregonian Media Group (The Oregonian)

---

[6] The embodiment of the reporter's privilege is evidenced by an expansive federal "shield law" that is expected to be adopted soon. *See* H.R. 4250—118th Congress (available at https://www.congress.gov/bill/118th-congress/house-bill/4250/text). *See also* Clayton Weimers and Seth Stern, Why political rivals can and should come together for press freedom, The Hill, February 1, 2024 (available at https://thehill.com/opinion/congress-blog/4442351-why-political-rivals-can-and-should-come-together-for-press-freedom/). The Department of Justice also recently adopted guidelines that put into place similar powerful press protections. *See generally* 28 CFR § 50.10.

Page 14 – NON-PARTY ADVANCE LOCAL MEDIA, LLC, D.B.A. OREGONIAN MEDIA GROUP'S RESPONSE TO DEFENDANT NIKE, INC.'S MOTION TO COMPEL RESPONSES TO NIKE'S INTERROGATORIES AND REQEUST FOR PRODUCTION TO ADVANCE LOCAL MEDIA LLC

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212