**David J. Elkanich**, OSB No. 992558
Email: delkanich@buchalter.com
**David A. Bernstein**, OSB No. 235633
Email: dbernstein@buchalter.com
BUCHALTER, A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR  97205
Telephone: 503.226.1191
Fax: 503.226.0079

*Attorneys for Non-Party Markowitz Herbold PC*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al.,<br><br>              Plaintiffs,<br><br>   v.<br><br>NIKE, Inc., an Oregon Corporation,<br><br>              Defendant. | Case No. 3:18-cv-01477-JR<br><br>**MARKOWITZ HERBOLD PC'S RESPONSE IN OPPOSITION TO DEFENDANT NIKE, INC.'S MOTION TO COMPEL<br>[ECF 447]** |

Page i    MARKOWITZ'S RESPONSE IN OPPOSITION TO NIKE'S
         MOTION TO COMPEL [ECF 447]

BN 80754432

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191 / Fax: 503.226.0079

## TABLE OF CONTENTS

I.    Introduction ………………………………………………………………………………….1

II.   Markowitz Has Been Transparent Regarding the Inadvertent Disclosure………………...2

III.  Plaintiffs' Counsel Has Produced All Non-Privileged Documents Relevant To Explain the Inadvertent Disclosure Issue to Nike and the Court …..………………………………...5

IV.   Nike's Requests Seek Confidential Information Not Subject to Discovery ……………………………………………………………………………………6

V.    Nike's Subpoena Is Not Relevant to Claims or Defenses ……………………………….10

VI.   Conclusion ……………………………………………………………………..……...10

Page ii    MARKOWITZ'S RESPONSE IN OPPOSITION TO NIKE'S MOTION TO COMPEL [ECF 447]

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191 / Fax: 503.226.0079

BN 80754432

I.  **Introduction.**

After a Markowitz Herbold PC ("Markowitz") attorney made an inadvertent disclosure to an Oregonian reporter of documents, which had been designated confidential by Nike, Markowitz took prompt steps to remedy the inadvertent disclosure: Markowitz sought return and destruction of the documents directly from The Oregonian, and the same day it refused, Markowitz provided prompt notice to Nike of the inadvertent disclosure and filed a motion with the Court seeking relief. The Markowitz attorney submitted a detailed declaration explaining exactly how the inadvertent disclosure occurred, providing copies of emails with The Oregonian reporter and identifying the documents inadvertently provided to The Oregonian.

The inadvertent disclosure was an unfortunate mistake, but there is zero evidence that the Markowitz attorney *intentionally* disclosed to The Oregonian documents designed confidential by Nike.[1] Instead, Nike's motion contains wild speculation and false innuendo about what could have caused the disclosure (*e.g.*, some type of alleged collusion) while putting its head in the sand to ignore what actually happened (*i.e.*, an inadvertent production) and the significant information that already had been disclosed (*e.g.,* texts, emails, phone call logs, the documents produced, and a declaration from the Markowitz attorney), which quells any suggestion otherwise. In a desperate attempt to find anything that could justify its endless fight, Nike served a Subpoena on Markowitz with such overbroad requests that it would require Markowitz to produce documents protected by the attorney-client privilege or work product doctrine.

Nike now moves to compel a much narrower scope of categories, tacitly conceding that its Subpoena was overbroad to begin with. But Markowitz already has provided to Nike the relevant,

---

[1] For purposes of this Response only, Markowitz takes no position regarding whether the documents that were deemed confidential by Nike under the protective order were properly designated.

| Page 1 | MARKOWITZ'S RESPONSE IN OPPOSITION TO NIKE'S MOTION TO COMPEL [ECF 447] | BUCHALTER<br>A Professional Corporation<br>805 SW Broadway, Suite 1500<br>Portland, OR 97205-3325<br>Telephone: 503.226.1191 / Fax: 503.226.0079 |

BN 80754432

non-privileged documents relating to the inadvertent disclosure and has nothing left to produce in response to the Subpoena. As a result, Nike's Motion to Compel should be denied.

## II.     Markowitz Has Been Transparent Regarding the Inadvertent Disclosure.[2]

Markowitz has, at all times, been clear that Laura Salerno Owens mistakenly and inadvertently sent certain documents that had been designated confidential by Nike to Matthew Kish, a reporter with The Oregonian. The only current factual dispute between the parties appears to be whether Ms. Salerno Owens intentionally did so. She did not. She provided a detailed declaration to this Court on January 25, 2014, just days after the inadvertent disclosure occurred, explaining the circumstances to demonstrate that it was an inadvertent occurrence; she filed all of her email communications with Mr. Kish related to the inadvertent disclosure (under seal); and she identified the documents that were disclosed. (ECF 411, at ¶¶2-19, and ECF 423 (redacted)).

Despite the clear explanation provided in her January declaration, Nike nonetheless served a Subpoena requesting Markowitz's work product, seemingly unlimited communications with third parties to which they were not entitled, and broad swaths of mostly attorney-client privileged communications amongst and between Plaintiffs' counsel at Markowitz, its own risk management partners and general counsel, outside retained counsel, and co-counsel for Plaintiffs at other law firms. (ECF 448, Ex. A ("Nike's Subpoena")). Such requests were woefully overbroad.

Markowitz determined that the documents attached to Ms. Salerno Owens' prior January declaration were responsive to the Subpoena, and indicated as much to Nike. In addition,

---

[2] Nike failed to "made a good faith effort to confer with counsel for Markowitz Herbold PC" as required by LR 7-1(a). (Nike Mot. to Compel, ECF 447, at 1 ("Nike's Mot.")). Although emails and correspondence were exchanged, the parties have not conferred in person or telephonically regarding this issue, despite invitations by the undersigned to do so. Such conversations could have clarified the scope of Nike's intended motion (which appears more narrow than the Subpoena) and may have led to resolution of this issue.

Page 2    MARKOWITZ'S RESPONSE IN OPPOSITION TO NIKE'S MOTION TO COMPEL [ECF 447]

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191 / Fax: 503.226.0079

BN 80754432

Markowitz disclosed additional phone and text message communications between Ms. Salerno Owens and Mr. Kish the week prior to and after the inadvertent disclosure (which further demonstrated that both Ms. Salerno Owens and Mr. Kish believed the disclosure was inadvertent). Nike's contention that "Plaintiffs…refused to meaningfully respond" to its Subpoena is simply not true.[3] Plaintiffs have in fact responded substantively and produced all relevant, non-privileged additional documents and information it had in its possession that it was entitled to produce.

In an effort to smear Ms. Salerno Owens and Markowtiz for a regrettable and accidental occurrence, Nike now fishes for documents that could support a flippant theory that has no support: that Plaintiffs' counsel was effectively in cahoots with The Oregonian and intentionally disobeyed the Court's protective order by purposefully sharing the inadvertently disclosed documents. (Nike Mot. at 1 and 7). This is nonsense. Nike can only make this leap by misrepresenting the known and attested to facts surrounding the inadvertent disclosure.

Despite Nike's suggestion otherwise, there was nothing nefarious in Ms. Salerno Owens and Mr. Kish meeting to discuss his reporting on a related story. She was previously informed by Mr. Kish that he had received a copy of a declaration from a person who complained of certain treatment she experienced at Nike.[4] (ECF 411 at ¶ 2; ECF 423 at ¶ 2). Ms. Salerno Owens planned to provide a public comment but expressly wanted to limit her statement "to the information in the

---

[3] Similarly, Nike's contention that "[t]o date, Plaintiffs have produced seven pages of materials, including three screenshots of text messages and call logs between Salerno Owens and Kish ***" is misleading. Nike knows that Markowitz asserts that documents attached to Ms. Salerno Owens' declaration also were responsive to the Subpoena.

[4] Nike dishonestly suggests that Ms. Salerno Owens navigated the ice storm just to meet with Mr. Kish but that is simply not true. (Nike Mot. at 3). As noted in her declaration, Ms. Salerno Owens "had another meeting with a client" scheduled that day. (ECF 411 at ¶ 12). See also Ms. Salerno Owens' January 19, 2024 text message to Mr. Kish, stating: "My in-person for 2:30 just confirmed so I'll be downtown. Can we meet a little earlier? 1:45?" (ECF 448 at 62).

Page 3    MARKOWITZ'S RESPONSE IN OPPOSITION TO NIKE'S
MOTION TO COMPEL [ECF 447]

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191 / Fax: 503.226.0079

BN 80754432

publicly available records in this case." (*Id.* at ¶3). And so, before the meeting, Ms. Salerno Owens asked her staff to prepare "a PDF of [certain documents] … that were available in the public record pursuant to the Court's October 11, 2023 order (ECF 363)." (*Id.* at ¶ 3). Unfortunately, the PDF was compiled with documents filed in the public record and some documents that had been designated confidential by Nike. (*Id.* at ¶ 10-11).

After her first email to Mr. Kish with the public statement, he asked what supported documents referenced in that statement, and Ms. Salerno Owen sent a second email with an index previously prepared, which she believed referenced where the allegations could be found in the public record.[5] (*Id.* at ¶ 5-7). When Mr. Kish indicated that the referenced page numbers were not ECF numbers, Ms. Salerno Owens sent a third email to Mr. Kish with the packet "of what I believed at the time were the publicly available documents." (*Id.* at ¶ 8-10). Ms. Salerno Owens was clear that she "never intended to send Mr. Kish any documents he could not otherwise access through PACER." *Id.* A few minutes later, he commented to Ms. Salerno Owens that some of the documents appeared new, which put her on notice of an issue because she expected her submission to be public documents he had reviewed many times. (*Id.* at ¶ 11). Minutes later, Ms. Salerno Owens realized her mistake and promptly took steps to rectify any harm.[6] (*Id.* at ¶¶ 13-20).

---

[5]  Nike claims surprise that Mr. Kish asked for supporting documents referenced in Ms. Salerno Owens' public statement "despite the email [statement] having no reference to" any documents. (Nike Mot. at 3-4). Nike is wrong: Ms. Salerno Owens' referenced email did in fact state that the quote was to be "based on Nike documents uncovered in our [*Cahill*] litigation." (ECF 411-1).

[6]  In numerous pleadings, as well as in this Motion, Nike has advanced a false narrative that Ms. Salerno Owens and Mr. Kish "previewed confidential documents … using an iPhone and an iPad." It is a skill to so artfully mischaracterize Mr. Kish's declaration (which is the cited authority, ECF 416 at ¶3). Mr. Kish wrote: "During my conversation with Ms. Salerno Owens, she sent me three emails from her phone and iPad. The third email included an attachment entitled [redacted].'" Nowhere in that paragraph did Mr. Kish report to having "previewed confidential documents." Instead, he reports having received three emails from her iphone/iPad—the same

| Page 4 | MARKOWITZ'S RESPONSE IN OPPOSITION TO NIKE'S MOTION TO COMPEL [ECF 447] | BUCHALTER<br>A Professional Corporation<br>805 SW Broadway, Suite 1500<br>Portland, OR 97205-3325<br>Telephone: 503.226.1191 / Fax: 503.226.0079 |

BN 80754432

Markowitz thereafter took reasonable steps to understand the scope of the disclosure and to rectify the error. First, Ms. Salerno Owens communicated with Mr. Kish and made several requests that he return and destroy the inadvertently disclosed documents.[7] Such requests in text message and email form already have been provided to Nike. Second, Markowitz took necessary steps to understand which documents were part of the public record and which were not. And third, the same day that The Oregonian made clear that it would not return and destroy the inadvertently produced documents, Markowitz sought the Court's assistance and filed a motion to order The Oregonian to return and destroy the inadvertently disclosed documents. As a result, Nike learned of this inadvertent disclosure within days of it happening, and as soon as Markowitz had an understanding of the extent of the disclosure and The Oregonian's planned response.

### III. Plaintiffs' Counsel Has Produced All Non-Privileged Documents Relevant To Explain the Inadvertent Disclosure Issue to Nike and the Court.

Nike claims it needs discovery relating to the inadvertent disclosure, "including how it occurred, whether it was 'inadvertent,' the full extent of the disclosure, and why it took six days for Plaintiffs to notify Nike." (Nike Mot. at 5.) Nike further alleges in its motion that it is "entitled to know whether Plaintiffs and the Oregonian conspired to breach court orders, whether Plaintiffs have further disseminated the Documents, and facts relating to the delay in notice to" Nike. (Nike's Mot. at 7). But that information already has been provided, and Nike has not provided any factual basis or legal reason to disbelieve the information provided under oath by Ms. Salerno Owens.

---

three emails identified above and clearly and unambiguously in Ms. Salerno Owens' declaration. (*Id.* at ¶¶ 5, 7, and 8).

[7] Markowitz' efforts to seek return and destruction of the inadvertently produced documents were consistent with Fed. R. Civ. P. 26(b)(5)(B) (providing notice to the other party and taking reasonable steps to retrieve the information).

Page 5   MARKOWITZ'S RESPONSE IN OPPOSITION TO NIKE'S MOTION TO COMPEL [ECF 447]

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191 / Fax: 503.226.0079

BN 80754432

Nike characterizes Markowitz's disclosure as "scant" and relies on *Apple Inc. v. Samsung Elcs. Co., Ltd.,* in support of additional discovery. 2014 U.S. Dist. LEXIS 11778 (N.D. Cal. Jan. 29, 2014). That reliance, however, is misplaced. There, the parties were found to have internally shared and utilized an opposing party's confidential information from a separate litigation for commercial advantage in several instances; that continued despite several court orders to cease all such behavior and delete copies of the wrongfully shared materials. *Id*. Similarly, Nike incorrectly relies on *In re Zyprexa Injunction*, 474 F. Supp. 2d 385 (E.D.N.Y. 2007). While *Zyprexa* may stand for the general proposition that a court may order discovery to enforce a protective order, the requested and ordered discovery in *Zyprexa* related to a deposition of an expert witness, ***not an opposing attorney***. *Id* at 406. Despite there being an attorney in that case that improperly disclosed documents, there was no discussion anywhere in that lengthy opinion suggesting that discovery was permissible into the ***attorney's*** privileged attorney-client privileged communications or other attorney work product.

### IV.     Nike's Requests Seek Confidential Information Not Subject to Discovery.

Nike incorrectly denies that it is seeking privileged communications, claiming instead that it only seeks: "(1) communications between Plaintiffs' counsel and the Oregonian (or other media outlets) regarding the confidential Documents; (2) communications between Salerno Owens and her team related to the compilation of the PDF that was provided to the Oregonian; and (3) communications relating to why the parties waited nearly a week to notify Nike of the disclosure." (Nike Mot. at 8).[8] First, Markowitz ***already*** has provided the requested communications between Markowitz and The Oregonian regarding the inadvertent disclosure. Markowitz has provided emails, texts, and call

---

[8] Nike's Motion trims the Subpoena's 14 overbroad and objectionable Requests to just three categories, demonstrating a meet and confer would have been useful to understand the real scope of Nike's Subpoena.

Page 6   MARKOWITZ'S RESPONSE IN OPPOSITION TO NIKE'S MOTION TO COMPEL [ECF 447]

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191 / Fax: 503.226.0079

BN 80754432

logs between January 19, 2024, and January 26, 2024. There are no other responsive communications, as Markowitz already indicated to Nike.

Second, Nike is not entitled to communications between Ms. Salerno Owens and other attorneys and staff at Markowitz related to the compilation of the PDF that was provided to The Oregonian because they are classic attorney work product, which contain attorney mental impressions and were prepared during litigation. *Meyer v. Mittal,* 2023 WL 4348731, * 2 (D. Or. July 5, 2023) (stating that "[t]he work product doctrine is broader than Rule 26, as it also covers intangible things such as an attorney's mental impressions"). *See also* Fed. R. Civ. P. 26(b)(3)(A) (work product exception); *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947) (recognizing an attorney's work product as reflected "mental impressions, and countless other tangible and intangible ways" must be protected to allow "a lawyer [to] work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel").[9]

Nike cites two irrelevant cases in support of its position that internal law firm communications are subject to discovery: *United States v. Chen*, 99 F.3d 1495 (9th Cir. 1996) and *Admiral Ins. Co. v. U.S. Dist. Court for Dist. of Arizona*, 881 F.2d 1486 (9th Cir. 1989). In *Chen*, the Ninth Circuit analyzed whether the attorney-client privilege applied to attorneys giving arguably business instead of legal advice, or where the communications may be subject to the crime-fraud exception. *Chen*, 99 F.3d at 1502-1503. Such analysis is misplaced and off-topic. Similarly, in *Admiral Ins. Co.*, the Ninth Circuit considered whether there was "an exception to the attorney-client privilege when the information sought by an adverse party is not otherwise discoverable," and found no such exception existed. *Admiral Ins. Co.*, 881 at 1493. Simply put,

---

[9] The attorney-client privilege would also apply to the extent that the Markowitz communications were informed by (or otherwise referenced) communications with their clients.

Page 7   MARKOWITZ'S RESPONSE IN OPPOSITION TO NIKE'S MOTION TO COMPEL [ECF 447]

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191 / Fax: 503.226.0079

BN 80754432

neither case supports the exceptional and extraordinary relief Nike seeks to review Markowitz's internal attorney communications.

Third, Nike seeks "communications between Plaintiffs and the Oregonian relating to the disclosure, including when to advise NIKE and/or the Court of the same ***." (Nike Mot. at 10.) As indicated above, Markowitz already has provided all communications between Markowitz and The Oregonian, and there are no responsive documents left to produce.[10]

To the extent that Nike's Subpoena seeks communications between Markowitz, other Plaintiffs' lawyers, or internal risk management partners (or general counsel) or outside retained counsel, regarding the inadvertent disclosure (including the timing of the disclosure), such communications would clearly be protected by the attorney-client privilege. *See, e.g., Berryhill v. Bonneville Power Administration,* 509 F. Supp. 3d 1288, 1299 (D. Or. 2020) ("The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice"); *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011); *Crimson Trace Corp. v. Davis Wright Tremaine LLP,* 355 Or. 476, 327 P.3d 1181 (2014) (communications between firm's lawyers and in-house counsel were protected by attorney-client privilege).[11]

---

[10] Nike also cites *Andrade-Tafolla v. United States*, 2022 WL 807658, at *6 (D. Or. Mar. 17, 2022) for the proposition that "privilege cannot apply to third party communication with media outlets." That is not accurate. The case instead found that communications with "outside entities like media outlets" were sometimes not subject to work product protections but that they also could be under certain circumstances. *Id.* at *6. Regardless, the court found the request about statements made to media sources irrelevant because the requests were irrelevant to the underlying case. Additionally, that case related to a party seeking a draft memorandum from the U.S. Immigration and Customs Enforcement Agency; it is in no way analogous to the facts at hand.

[11] Because the definitions of "Documents" and "Communications" are so broad, other requests also would presumably seek privileged communications. *See, e.g.,* No. 4 (communications relating to decision to notify Nike); No. 5 (documents relating to the January 9, 2024 stay order),

Page 8   MARKOWITZ'S RESPONSE IN OPPOSITION TO NIKE'S
         MOTION TO COMPEL [ECF 447]

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191 / Fax: 503.226.0079

BN 80754432

Consider, for example, *OSRX, Inc. v. Hyman Phelps & MacNamara, P.C.*, 2023 WL 4568776, at *3 (S.D. Cal. July 17, 2023), where the court refused to allow additional discovery into the circumstances surrounding an inadvertent disclosure, finding that a declaration was sufficient to explain the context behind and extent of the inadvertent disclosure at issue, and that an inadvertent disclosure in violation of a protective order was not relevant to the underlying claims or defenses in the actual case. The court noted that the "attorney-client privilege and the work product doctrine" would likely be implicated if discovery was permitted and found that there were no grounds for allowing it. *Id*. Similarly, Nike has not presented any sufficient grounds to allow the invasion of Markowitz's privileged communications and work product given Ms. Salerno Owens' sworn declaration that this single inadvertent disclosure occurred as explained.

Finally, Nike claims that Markowitz's refusal to provide a detailed privilege log amounts to a waiver of its privileges. (Nike Mot. at 8-9). That is not true. LR 26-5(b) provides "a party may preserve its privilege or its protection against production of attorney work product or trial preparation material *without* simultaneously providing a 'privilege log' or a description of the claims of privilege or work product required by Fed. R. Civ. P. 26(b)(5). However, such a 'privilege log' **or description of the claims of privilege or work product** required by Fed. R. Civ. P. 26(b)(5) must be provided within a reasonable time after service of timely objections to a discovery request." (Emphasis added); *see also Koumoulis v. Indep. Fin. Mktg. Grp*., Inc., 29 F. Supp. 3d 142, 151 (E.D.N.Y. 2014) ("So long as Plaintiffs provide Defendants with the information required by FRCP 26(b)(5)(A), i.e., 'the nature of the documents, communications, or

---

No. 10 (communications between Ms. Salerno Owens and her firm's "risk management partners"), and No. 12 (communications between Ms. Salerno Owens and "other Counsel").

Page 9   MARKOWITZ'S RESPONSE IN OPPOSITION TO NIKE'S MOTION TO COMPEL [ECF 447]

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191 / Fax: 503.226.0079

BN 80754432

tangible things not produced or disclosed' ... 'in a manner that ... will enable other parties to assess the claim,' the format used to do so is irrelevant."). On February 16 and 28, and March 19, 2024, Markowitz sent Nike communications describing the claims of privilege or work product as required by Fed. R. Civ. P. 26(b)(5). (ECF 448 at Exhibit I, 64).[12]

## V.  Nike's Subpoena Is Not Relevant to Claims or Defenses.

The parties also fundamentally disagree about whether the information sought is relevant under Fed. R. Civ. P. 26(b). As noted in *OSRX*, whether a party violated a protective order is simply not relevant to the litigation's underlying claims or defenses. *OSRX, Inc.,* 2023 WL 4568776 at *2 (noting requested subpoenas to counsel "do not seek information that is relevant to any claim or defense under Fed. R. Civ. P. 26(b).") Where there is no dispute and the violating party has been forthcoming that a provision of a protective order was violated, there is no need for further discovery. *Id.* Nike presents no argument to show how this inadvertent disclosure provides it an additional defense or counterclaim to Plaintiffs' claims in chief.

## VI.  Conclusion.

For the above reasons, Plaintiffs' counsel respectfully requests that the Court preserve its protections under the attorney-client privilege and work product doctrine and deny Nike's motion to compel. Markowitz has provided all non-privileged information regarding the inadvertent disclosure, which is more than sufficient to allow Nike to learn the circumstances of the inadvertent disclosure and respond accordingly. Nike's motion should be denied.

---

[12] The case cited by Nike is in accord. *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1147 (9th Cir. 2005) (finding that questions of waiver are to be determined on the fact-specific circumstances of each case). *See also Thomsen v. NaphCare, Inc.*, No. 3:19-CV-00969-AC, 2021 WL 839161, at *4 (D. Or. Mar. 5, 2021) (finding no waiver of privilege where parties gave "initial, generalized preservation of privilege" objections followed by more detailed objections as to specific requests). *See* 2-28-2024 Correspondence between Mr. Elkanich and Mr. Prince, previously filed as ECF 448, Exhibit F.

Page 10  MARKOWITZ'S RESPONSE IN OPPOSITION TO NIKE'S MOTION TO COMPEL [ECF 447]

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191 / Fax: 503.226.0079

BN 80754432

DATED this 15th day of April, 2024.

        BUCHALTER
        A Professional Corporation

        By  s/ *David J. Elkanich*
            David J. Elkanich, OSB No. 992558
            Email: delkanich@buchalter.com
            David A. Bernstein, OSB No. 235633
            Email: dbernstein@buchalter.com
            Telephone: 503.226.1191

        Attorneys for Non-Party Markowitz Herbold PC

Page 11  MARKOWITZ'S RESPONSE IN OPPOSITION TO NIKE'S MOTION TO COMPEL [ECF 447]

BN 80754432

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191 / Fax: 503.226.0079

CERTIFICATE OF COMPLIANCE

    This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it is less than 10 pages and contains 3,427 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

Page 1   MARKOWITZ'S RESPONSE IN OPPOSITION TO NIKE'S MOTION TO COMPEL [ECF 447]

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205-3325
Telephone: 503.226.1191 / Fax: 503.226.0079

BN 80754432