IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KELLY CAHILL, SARA JOHNSTON, LINDSAY ELIZABETH, and HEATHER HENDER, individually and on behalf of others similarly situated,<br><br>        Plaintiffs,<br>  v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>        Defendant. | Case No. 3:18-cv-01477-JR<br><br>ORDER |

RUSSO, Magistrate Judge:

Plaintiffs Kelly Cahill, Sara Johnston, Lindsay Elizabeth, and Heather Hender brought this action against Nike, Inc. seeking class action status alleging that defendant Nike systematically discriminates against them and other similarly situated women regarding salary and promotions.

After the Court denied plaintiffs' motion for class certification, the parties proceeded to "merits" discovery on plaintiffs' claims. With discovery drawing to a close, the parties bring to the Court's attention several matters in need of resolution: (1) plaintiffs' emergency request for a Rule 16 Conference (#432); (2) defendant Nike's motion for a protective order or to quash (#443); (3) plaintiffs' motion to compel (#451); (4) defendant's motion to compel from plaintiffs Hender,

Page 1 – ORDER

Johnston, and Elizabeth (#445); and (5) defendant's motion to compel from Markowitz Herbold P.C., and the Oregonian related to plaintiff's counsel violation of the protective order in providing confidential documents to the Oregonian.

A.      Rule 16 Conference (ECF 432)

On March 11, 2024, plaintiffs made an "emergency request" for a Rule 16 conference asserting "just-acquired, credible evidence shows Nike withheld critical evidence [of about 270 out of 300 internal complaints] in violation of an Order, [and] Nike continues to refuse to disclose this evidence." The motion is granted; the Court conducted such hearing on April 29, 2024, addressing the discovery issues below.

B.      Defendant's Motion for a Protective Order (ECF 443)

Defendant Nike moves to quash plaintiffs' noticed deposition for former general counsel Hilary Kane. Nike also seeks a protective order for the noticed depositions of Nicole Hubbard Graham and Jamie Jeffries, and in connection with plaintiffs' seventh set of requests for production (RFP). The motion is denied in that plaintiffs may take the depositions of Graham and Jeffries. In addition, defendant shall respond to plaintiffs' seventh request for production of documents to the extent it has documents responsive to the request. However, the motion is granted, without prejudice, with respect to Kane. Plaintiffs may not seek to depose her absent a demonstrated need upon the completion of the other discovery that is the subject of this motion.

C.      Defendant's Motion to Compel (ECF 445)

Nike moves to compel plaintiffs to produce documents in response to RFP numbers 85-97, 86-88, and 107-109 involving plaintiffs Elizabeth, Hender, and Johnston. The requests involve three categories including: (1) job applications, resumes, or other documents in which plaintiffs describe their job duties at Nike in attempts to obtain subsequent employment; (2) documents

Page 2 – ORDER

regarding plaintiffs' job titles, job descriptions, performance evaluations, disciplinary issues, and termination at any subsequent employers; and (3) documents sufficient to determine plaintiffs' income after leaving Nike.

The motion is granted with respect to category one (RFP 85, 86, 107), and is otherwise denied.

D.     Plaintiffs' Motion to Compel (ECF 451)

Plaintiffs seek an order compelling Nike to produce discovery responsive to RFP numbers 134, 137, and RFPs concerning Nike's knowledge of and responses to Daniel Tawiah's alleged discriminatory treatment of Kelly Cahill and other women, and information related to his promotion and subsequent discharge (RFP numbers 25, 28, 35, 37-38, 102, 104-105, and 140).

The motion is denied.

E.     Nike's Motion to Compel (ECF 447)

Nike moves to compel Markowitz Herbold PC (the firm of plaintiffs' counsel Laura Salerno Owens) to comply with its subpoena dated February 2, 2024, and nonparty Oregonian to comply with Nike's interrogatories and first set of requests for production, both dated February 2, 2024, including furnishing a privilege log regarding plaintiff's counsel disclosure of confidential information to the Oregonian.

Nike seeks to uncover facts regarding the disclosure, including, for example, (1) plaintiffs' communications with the Oregonian relating to the disclosure, (2) internal communications about compiling the confidential documents for dissemination, and (3) communications relating to why plaintiffs and the Oregonian waited nearly one week to notify Nike of the unauthorized disclosure.

This Court has denied a previous request for discovery directed at the Oregonian. The Oregonian is a nonparty to this action and the Court has no power to sanction the Oregonian even

if it were to have "aided and abetted" plaintiff's counsel's violation of this Court's protective order. The Court cannot compel a non-party to respond to discovery requests. The Federal Rules of Civil Procedure do not provide for the issuance of requests for production, interrogatories, and requests for admission to nonparties. Choate v. Weidick, 2023 WL 4706001, at *1 (D. Nev. July 24, 2023). While a party may seek discovery from a nonparty under Fed. R. Civ. P. 45, when facts acquired by a journalist while gathering the news become the target of discovery, a qualified privilege against compelled disclosure comes into play. Shoen v. Shoen, 5 F.3d 1289, 1292 (9th Cir. 1993). Given that the information sought by Nike does not relate to any of the claims and defenses in this case and instead seems to rest on Nike's speculation about the Oregonian aiding and abetting the disclosure of confidential information, Nike fails to overcome that privilege. See Ayala v. Ayers, 668 F. Supp. 2d 1248, 1250 (S.D. Cal. 2009) (litigant seeking to overcome the journalist's privilege must establish the requested material is: (1) unavailable despite exhaustion of all reasonable alternative sources; (2) noncumulative; and (3) clearly relevant to an important issue in the case). In addition, Oregon provides a shield from compelled production regarding a reporter's source, or any unpublished information obtained while gathering news. Or. Rev. Stat. 44.520(1). Accordingly, the motion to compel production from the Oregonian is denied.

The motion is granted in that plaintiffs shall provide all non-privileged materials responsive to the request (e.g., communications between counsel and the Oregonian) and a privilege log (e.g., privileged communications between Salerno Owens and staff at her law firm).

## CONCLUSION

Plaintiffs' emergency request for a Rule 16 Conference (ECF 432) is granted. Defendant's motion for a protective order and to quash (ECF 443) is granted in part and denied in part as noted above. Defendant's motion to compel (ECF 445) is granted in part and denied in part as noted

above.  Plaintiffs' motion to compel (ECF 451) is denied.  Defendant's motion to compel (ECF 447) is granted in part and denied in part as noted above.

The parties shall file a status report regarding a new discovery deadline no later than May 13, 2024.  Plaintiffs shall provide materials responsive to defendant's February 2, 2024, discovery request directed at the Markowitz firm and a privilege log by May 13, 2024.  Plaintiffs' response to defendant's motion for imposition of sanctions is due June 3, 2024, and defendant's reply is due June 17, 2024.  Defendants' motion for imposition of sanctions (ECF 471) shall be taken under advisement as of June 24, 2024.

DATED this 29th day of April, 2024.

                                      /s/ Jolie A. Russo
                                        Jolie A. Russo
                              United States Magistrate Judge