**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Kathryn P. Roberts, OSB #064854**
KathrynRoberts@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085

**Laura L. Ho** (admitted *pro hac vice*)
lho@gbdhlegal.com
**Barry Goldstein, Of Counsel** (admitted *pro hac vice*)
bgoldstein@gbdhlegal.com
**James Kan** (admitted *pro hac vice*)
jkan@gbdhlegal.com
**Byron Goldstein** (admitted *pro hac vice*)
brgoldstein@gbdhlegal.com
**Katharine L. Fisher** (admitted *pro hac vice*)
kfisher@gbdhlegal.com
**Mengfei Sun** (admitted *pro hac vice*)
msun@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
Telephone: (510) 763-9800 | Fax: (510) 835-1417

*Attorneys for Plaintiffs*
*Additional counsel of record listed on signature page*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>Defendant. | Case No. 3:18-cv-01477-JR<br><br>**PLAINTIFFS' OBJECTIONS TO ORDER ECF NO. 480 DENYING PLAINTIFFS' MOTION TO COMPEL (ECF NO. 451)** |

**Page 1 –** PLAINTIFFS' OBJECTIONS TO ORDER ECF NO. 480 DENYING PLAINTIFFS' MOTION TO COMPEL (ECF NO. 451)

Plaintiffs object to the Magistrate Judge's order (Dkt. No. 480 at 3) denying Plaintiffs' motion to compel the production of documents by defendant Nike (Dkt. No. 451).

## I.    INTRODUCTION

The Magistrate Judge denied Plaintiffs access to each of the three categories of discovery based on *one reason*: representations from Nike that it produced some responsive discovery. The Magistrate Judge's decision was not based on relevance or any of Nike's objections. These three categories of discovery and the Court's entire reasoning for denying Plaintiffs' Motion are:

| Category of Discovery | Excerpts of Hearing Transcript |
|---|---|
| (1) Specific testimony identified by Plaintiffs that had Nike submitted to the Court and that the Court relied on (RFP No. 134). | "Defendant has repeatedly represented to plaintiff and to this Court that it does not, in fact, have a centralized pay policy, written or otherwise, beyond just what sounds like general guidelines for managers to employ their own discretion in setting pay.<br><br>Defendant again has repeatedly represented to plaintiffs and this Court that it has searched for and provided all documents regarding salary increases, starting pay, and promotions for each of the plaintiffs and their male comparators." Tr. 29:4-13; ECF No. 480. |
| (2) Seven presentations Nike used for business purposes with statements supporting Plaintiffs' claims and which Nike has sought to discredit in this litigation (RFP No. 137). | "similarly inclined to deny, again, relying on defendant's representation to this Court that it has searched for and produced communications regarding presenting -- I'm going to call it presenting the presentations and videos of those presentations." Tr. 29:14-18; ECF No. 480. |
| (3) A Nike executive, who Plaintiffs allege had a pattern of discriminating against women and Nike's knowledge of and response to the same (RFP Nos. 25, 28, 35, 37-38, 102, 104-105, and 140). | "regarding … [the Executive], … inclined to deny, relying for a third time on defendant's representation to this Court that it has previously produced all non-privileged documents responsive to this request, and that was several years ago, and then again making that representation specific to a more recent motion to compel. And dealing with RFPs, I believe, 102, 104, 105, and 140, defendant represented it, in fact, conducted a search and produced all relevant documents it could locate." Tr. 29:19-30:2; ECF No. 480. |

Plaintiffs' repeated efforts to compel discovery in this case have been necessitated by Nike's refusal to comply with its discovery obligations. As in many lawsuits, there is a distinct asymmetry of information, with Nike having access to nearly all of the documents relevant to this case. While Nike depicts Plaintiffs as never satisfied with its extensive discovery efforts, it has not produced documents on topics that are fundamental to Plaintiffs' claims.

Nike essentially confirms this in its response to this motion, which concerns three primary categories of information, all of which are relevant and narrowly drawn. Even so, the Magistrate Judge stated that she would likely deny the motion based on Nike's representations that it *had* searched for and produced responsive documents. The subsequent order denied the motion without further comment. This ruling was in error for the reasons discussed below.

## II.     THE RELEVANCE OF THE DOCUMENTS IS NOT REASONABLY IN DISPUTE

In this motion, Plaintiffs seek three narrow categories of documents with obvious relevance to the litigation. First, RFP No. 134 requests documents that support specific declaration and deposition testimony by Nike's witnesses.[1] The relevance of this testimony is not in dispute nor could it be. In each instance, it was both cited by Nike and relied on by the Court in denying Plaintiffs' motion for class certification. Moreover, the testimony is relevant on its face as it concerns topics central to Plaintiffs' claims including: compensation decisions, managerial discretion, Nike's job architecture and the comparability of different positions, performance ratings and bonuses, competitive and non-competitive promotions, coordination between managers and Human Resources, and use of prior pay.

---

[1] This testimony is identified with particularity in Exhibit 1 to Plaintiffs' motion to compel.

**Page 3 –**    PLAINTIFFS' OBJECTIONS TO ORDER ECF NO. 480 DENYING PLAINTIFFS'
            MOTION TO COMPEL (ECF NO. 451)

Second, RFP No. 137 requests documents related to seven presentations Nike produced in discovery on the topics of job architecture, compensation setting and management, use of prior pay, and changes to Nike's compensation policies. Plaintiffs specifically seek drafts and communications related to those presentations. Here, Nike does not dispute the relevance of the subject matter but claims that drafts are not relevant. Nike is wrong. Drafts are routinely included in document requests, including by Nike. In its recent requests for production to Plaintiffs, Nike explicitly seeks "all drafts" of responsive documents. *See* Roberts Decl., Ex. 1; *see also In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 296 F. Supp. 3d 1230, 1241 (D. Or. 2017) (implicitly recognizing the relevance and discoverability of non-privileged drafts and related internal communications).

Third, the remaining RFPs[2] seek documents related to the Executive, including workplace complaints against him, Nike's response to those complaints, and the circumstances of his departure from Nike. While Nike generally disputes the relevance of documents about the Executive, they are demonstrably relevant for several reasons including that he was the subject of an individual Plaintiff's harassment complaint, and his subsequent promotion and separation are indicative of Nike's response to this and other employee complaints, including those made in connection with the Starfish survey.

### III.  THE MAGISTRATE JUDGE DENIED KEY DISCOVERY BASED EXCLUSIVELY ON NIKE'S GENERALIZED REPRESENTATIONS

The Magistrate Judge erred in relying on Nike's general and unsupported representations to deny Plaintiffs' motion to compel.

   **A.  RFP No. 134: at a minimum, Nike must confirm that it has produced all responsive discovery or no responsive discovery exists.**

---

[2] RFP Nos. 25, 28, 35, 37-38, 102, 104-105, and 140.

**Page 4 –**   PLAINTIFFS' OBJECTIONS TO ORDER ECF NO. 480 DENYING PLAINTIFFS' MOTION TO COMPEL (ECF NO. 451)

Regarding her inclination to deny the motion with respect to RFP No. 134, the Magistrate Judge gave two reasons, neither of which is legally sufficient. First, the Magistrate Judge stated: "Defendant has repeatedly represented to Plaintiff and to this Court that it does not, in fact, have a centralized pay policy, written or otherwise, beyond just what sounds like general guidelines for managers to employ their own discretion in setting pay." (Tr. 29:5-9; ECF No. 480.) But this request is not focused on written policies. It is about specific testimony from declarations and depositions that Nike relied on concerning the merits of Plaintiffs claims. Indeed, this is the only testimony on the merits of Plaintiffs' claims that Nike has submitted and that the Court relied on.

Although Nike will generally claim that this testimony is irrelevant to Plaintiffs' individual claims, the Ninth Circuit holds that individual disparate impact claims, like class disparate impact claims, require Plaintiffs to show a *practice* has a disproportionately adverse impact on women as a group. *See Stockwell v. City & Cnty. of San Francisco*, 749 F.3d 1107, 1115 & n. 4 (9th Cir. 2014) (both class and individual disparate impact claims require showing a "group-based disparity" in the "aggregate"). In *Freyd v. University of Oregon*, 990 F.3d 1211, 1216, 1224-1226 (9th Cir. 2021), for example, the Ninth Circuit reversed summary judgment for the employer in an individual disparate impact action because evidence of the following was sufficient for Plaintiff's prima facie burden: (a) the challenged practice occurred "less often" for women and it was "less likely" to increase women's pay as much as it increased men's pay; and (b) women earned an average of $15,000 less than men. Plaintiffs are entitled to discovery concerning the specific testimony Nike has relied on.

Moreover, Nike admits that it has not performed an adequate search for responsive documents. Nike told the Court that, "to the extent Plaintiffs seek email correspondence and

Page 5 –    PLAINTIFFS' OBJECTIONS TO ORDER ECF NO. 480 DENYING PLAINTIFFS'
            MOTION TO COMPEL (ECF NO. 451)

other non-policy documents . . . the request imposes a burden far beyond what is proportional to the case." (ECF No. 468 at 8.). But Nike and the Court relied on this limited, generalized testimony to show Plaintiffs cannot prove elements of their claim, including whether there was a practice with a disproportionate impact on women or whether Plaintiffs can prove the substantially similar job element for their equal pay claim.

If Nike continues to refuse to or is incapable of producing discovery supporting the specific testimony Plaintiffs identified, then, at a minimum, it should be compelled to provide supplemental responses making clear that it cannot locate or does not have discovery supporting this testimony.

**B.    RFP No. 137: documents related to Nike presentations on key topics.**

Rather than produce what Plaintiffs asked for—drafts and communications related to specific presentations—Nike stated that it produced "communications regarding *presenting* the presentations" and video recordings of the presentations themselves. (ECF 468 at 11 (emphasis in original).) In describing her tentative ruling, the Magistrate Judge adopted Nike's precise framing, stating: "Regarding RFP 137, similarly inclined to deny, again, relying on defendant's representation to this Court that it has searched for and produced communications regarding presenting – I'm going to call it presenting the presentations and videos of those presentations." (Tr. 29:14-18; ECF No. 480.) In the subsequent order, the Magistrate Judge formalized this ruling without further explanation.

Here, again, Nike's representation that it has produced a subset of the requested documents does not relieve it of its obligation to produce the documents that Plaintiffs requested.

**C.    Related to the Executive Documents**

In denying Plaintiffs' motion to compel documents regarding the Executive, the Magistrate Judge again relied on Nike's representation that it had searched for and produced all

**Page 6 –**    PLAINTIFFS' OBJECTIONS TO ORDER ECF NO. 480 DENYING PLAINTIFFS'
MOTION TO COMPEL (ECF NO. 451)

responsive documents. *See* Tr. 29:19-30:2; ECF No. 480 (stating intention to deny the motion based on Nike's representations in response to three motions to compel that "it, in fact, conducted a search and produced all relevant documents it could locate."). However, as Plaintiffs argued, Nike's claim that it has produced everything does not stand up to basic scrutiny. Over the past several years of this litigation, Nike has produced only a handful of responsive documents, including a 2015 complaint about the Executive and a few communications regarding his promotion to Vice President.

Although, as Nike argues, a party must at some point accept the opposing party's representation that it has produced everything in its possession, custody, or control, there is no rule that a party or a court must accept this representation in a vacuum. Nike's citation to *Boyd v. Etchebehere*, No. 113CV01966LJOSABPC, 2016 WL 829167 (E.D. Cal. Mar. 3, 2016) on this point is instructive.

In *Boyd*, a pro se litigant challenging his conditions of confinement sought to compel production of additional documents and the defendants responded that they had produced documents following a diligent search. The court observed that, when responsive documents do not exist, "the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence." *Id*. at *2 (citations omitted). It further observed that, when responsive documents exist but are outside the responding party's possession, custody, or control, "the party must so state with sufficient specificity to allow the Court (1) conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response." *Id*. (citations omitted). Based on the record, the court concluded that the defendants' representations were sufficient to meet their burden and that, "[a]bsent evidence to the contrary, not present here, Plaintiff is required to

Page 7 –   PLAINTIFFS' OBJECTIONS TO ORDER ECF NO. 480 DENYING PLAINTIFFS'
            MOTION TO COMPEL (ECF NO. 451)

accept defense counsel's representation that such documentation either does not exist or cannot be located, and Defendant cannot be compelled to provide copies of documents that do not exist." *Id*. at *4.

The Magistrate Judge's acceptance of Nike's representations is thus flawed in two respects. First, Nike not only failed to provide any specific information to allow the Magistrate Judge to evaluate its response, it has actively resisted providing any information regarding its discovery efforts. Nike has refused to disclose what it searched or how it interpreted the Court's prior orders. Second, there is ample evidence in the record that casts doubt on the veracity of Nike's representations regarding discovery an otherwise. As discussed at hearing, Nike initially refused to produced organizational charts, claiming they did not exist, but later produced thousands of pages of responsive documents. Also discussed was substantial evidence that Nike did not produce responsive documents related to the Starfish survey, including all complaints and related communications. Finally, with respect to requests related to the Executive, Nike's claim that it has produced everything it has is not plausible. For example, Nike asks the Court to accept that the Executive's sudden departure from Nike did not generate any responsive communications. At a minimum, the Court should require Nike to produce documents related to this departure.

## IV.   CONCLUSION

In sum, the Court erroneously adopted Nike's interpretation of the scope of Plaintiffs' requests. The Court also erred in uncritically relying on Nike's representations, even though Nike refuses to provide information that would justify its reliance; if anything, Nike's conduct and implausible claims suggest that the Court's oversight is of particular importance in this case. The Court should thus reject the Magistrate Judge's denial of Plaintiffs' motion to compel.

DATED:  May 13, 2024                    GOLDSTEIN, BORGEN, DARDARIAN & HO


*s/ Kathryn P. Roberts*
Barry Goldstein, Of Counsel (admitted *pro hac vice*)
Laura L. Ho (admitted *pro hac vice*)
James Kan (admitted *pro hac vice*)
Byron Goldstein (admitted *pro hac vice*)
Katharine L. Fisher (admitted *pro hac vice*)
Mengfei Sun (admitted *pro hac vice*)

MARKOWITZ HERBOLD PC
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com
David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Kathryn P. Roberts, OSB #064854
KathrynRoberts@MarkowitzHerbold.com

INDIA LIN BODIEN LAW
India Lin Bodien (admitted *pro hac vice*)
india@indialinbodienlaw.com
2522 North Proctor Street, #387
Tacoma, WA  98406-5338
Tel: (253) 503-1672
Fax: (253) 276-0081

*Attorneys for Plaintiffs*

**Page 9 –**    PLAINTIFFS' OBJECTIONS TO ORDER ECF NO. 480 DENYING PLAINTIFFS' MOTION TO COMPEL (ECF NO. 451)

**ATTORNEY CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2024, I electronically filed the foregoing **PLAINTIFFS' OBJECTIONS TO ORDER ECF NO. 480 DENYING PLAINTIFFS' MOTION TO COMPEL (ECF NO. 451)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Laura L. Ho<br>Barry Goldstein, Of Counsel<br>James Kan<br>Byron Goldstein<br>Goldstein, Borgen, Dardarian & Ho<br>155 Grand Avenue, Suite 900<br>Oakland, CA  94612<br>   *Attorneys for Plaintiffs* | ☐ U.S. Mail<br>☐ Facsimile:<br>☐ Hand Delivery<br>☐ Overnight Courier<br>☐ Email:  lho@gbdhlegal.com;<br>bgoldstein@gbdhlegal.com;<br>jkan@gbdhlegal.com;<br>brgoldstein@gbdhlegal.com;<br>☒ Electronically via USDC CM/ECF system |
| Craig Ackerman<br>Brian W. Denlinger<br>Erika Smolyar<br>Ackerman & Tilajef PC<br>315 South Beverly Drive, Suite 504<br>Beverly Hills, CA  90212<br>   *Attorneys for Plaintiffs* | ☐ U.S. Mail<br>☐ Facsimile:<br>☐ Hand Delivery<br>☐ Overnight Courier<br>☐ Email:  cja@ackermanntilajef.com;<br>bd@ackermanntilajef.com;<br>jb@ackermanntilajef.com;<br>es@ackermanntilajef.com<br>☒ Electronically via USDC CM/ECF system |
| India Lin Bodien<br>India Lin Bodien, Attorney At Law<br>2522 North Proctor Street, #387<br>Tacoma, WA  98406-5338<br>   *Attorneys for Plaintiffs* | ☐ U.S. Mail<br>☐ Facsimile:<br>☐ Hand Delivery<br>☐ Overnight Courier<br>☐ Email:  india@indialinbodienlaw.com<br>☒ Electronically via USDC CM/ECF system |
| Daniel Prince<br>Felicia A. Davis<br>Nicole Lueddeke<br>Zachary P. Hutton<br>Paul Hastings LLP<br>515 South Flower Street, 25th Floor<br>Los Angeles, CA  90071<br>   *Attorneys for Defendant Nike, Inc.* | ☐ U.S. Mail<br>☐ Facsimile:<br>☐ Hand Delivery<br>☐ Overnight Courier<br>☐ Email:  danielprince@paulhastings.com;<br>feliciadavis@paulhastings.com;<br>nicolelueddeke@paulhastings.com;<br>zachhutton@paulhastings.com<br>☒ Electronically via USDC CM/ECF system |

| | |
|---|---|
| Laura E. Rosenbaum<br>Stoel Rives LLP<br>760 SW Ninth Avenue, Suite 300<br>Portland, OR  97205<br>   *Attorneys for Defendant Nike, Inc.* | ☐ U.S. Mail<br>☐ Facsimile:<br>☐ Hand Delivery<br>☐ Overnight Courier<br>☐ Email: laura.rosenbaum@stoel.com<br>☒ Electronically via USDC CM/ECF system |
| John A. Berg<br>Paul E. Cirner<br>Littler Mendelson, P.C.<br>1300 SW 5th Avenue, Suite 2050<br>Portland, OR  97201<br>   *Attorneys for Defendant Nike, Inc.* | ☐ U.S. Mail<br>☐ Facsimile:<br>☐ Hand Delivery<br>☐ Overnight Courier<br>☐ Email: jberg@littler.com; pcirner@littler.com<br>☒ Electronically via USDC CM/ECF system |
| David J. Elkanich<br>David A. Bernstein<br>Buchalter, A Professional Corporation<br>805 SW Broadway, Suite 1500<br>Portland, OR  97205<br>   *Attorneys for Non-Party Markowitz Herbold PC* | ☐ U.S. Mail<br>☐ Facsimile:<br>☐ Hand Delivery<br>☐ Overnight Courier<br>☐ Email: delkanich@buchalter.com; dbernstein@buchalter.com<br>☒ Electronically via USDC CM/ECF system |
| Timothy Volpert<br>Tim Volpert, P.C.<br>3934 SE Hawthorne Blvd. Suite 343<br>Portland, OR  97214<br>   *Attorneys for Non-Party Media Organizations Insider, Inc. dba Business Insider, Advance Local Media LLC dba Oregonian Media Group, and American City Business Journals, Inc. dba Portland Business Journal* | ☐ U.S. Mail<br>☐ Facsimile:<br>☐ Hand Delivery<br>☐ Overnight Courier<br>☐ Email: tim@timvolpertlaw.com<br>☒ Electronically via USDC CM/ECF system |
| Lisa Zycherman<br>Katie Townsend (not admitted, but involved)<br>Reporters Committee for Freedom of the Press<br>1156 15th St. NW, Suite 1020<br>Washington, D.C.  20005<br>   *Attorneys for Non-Party Media Organizations Insider, Inc. dba Business Insider, Advance Local Media LLC dba Oregonian Media Group, and American City Business Journals, Inc. dba Portland Business Journal* | ☐ U.S. Mail<br>☐ Facsimile:<br>☐ Hand Delivery<br>☐ Overnight Courier<br>☐ Email: lzycherman@rcfp.org; ktownsend@rcfp.org<br>☒ Electronically via USDC CM/ECF system |

**Page 11 –**   PLAINTIFFS' OBJECTIONS TO ORDER ECF NO. 480 DENYING PLAINTIFFS' MOTION TO COMPEL (ECF NO. 451)

| | |
|---|---|
| Edwin A. Harnden<br>Bruce T. Garrett<br>Barran Liebman, LLP<br>601 SW Second Avenue, Suite 2300<br>Portland, OR  97204-3159<br>    *Attorneys for Non-Party Advance Local*<br>    *Media LLC d/b/a Oregonian Media Group*<br>    *(The Oregonian)* | ☐ U.S. Mail<br>☐ Facsimile:<br>☐ Hand Delivery<br>☐ Overnight Courier<br>☐ Email:  eharnden@barran.com;<br>     bgarrett@barran.com<br>☒ Electronically via USDC CM/ECF system |

DATED: May ___, 2024.

_____
Kathryn P. Roberts, OSB #064854
*Attorneys for Plaintiffs*

2141311.2

**Page 12 –**  PLAINTIFFS' OBJECTIONS TO ORDER ECF NO. 480 DENYING PLAINTIFFS' MOTION TO COMPEL (ECF NO. 451)