LAURA E. ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 300
Portland, OR  97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

DANIEL PRINCE, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
FELICIA A. DAVIS, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
LINDSEY C. JACKSON, Cal: SB# 313396 (*pro hac vice*)
lindseyjackson@paulhastings.com
ALYSSA TAPPER, Cal: SB# 324303 (*pro hac vice*)
alyssatapper@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Attorneys for Defendant NIKE, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>　　　　Defendant. | Case No. 3:18-cv-01477-JR<br><br>**DEFENDANT NIKE, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO DETERMINE WHETHER THERE IS "GOOD CAUSE" FOR CONFIDENTIALITY DESIGNATIONS FOR DOCUMENTS IN NIKE'S PRODUCTION #52**<br><br>**ORAL ARGUMENT REQUESTED** |

## **TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1
II. FACTUAL BACKGROUND .............................................................................................. 3
III. LEGAL STANDARD .......................................................................................................... 5
IV. THE DOCUMENTS AT ISSUE ARE PROPERLY MARKED CONFIDENTIAL .............. 6
    A. "Good Cause" Exists To Protect Sensitive Information Submitted In Confidence By Employees Who Are Not Parties To The Litigation ...................... 6
    B. Designating Complaint-Related Documents "Confidential" Does Not Impede Plaintiffs' Ability To Litigate This Case. .................................................. 7
    C. Plaintiffs Should Not Be Permitted To Disclose Confidential Documents Outside Of The Litigation. ........................................................................................ 8
    D. If the Court Entertains Plaintiffs' Motion, It Should Be After The Ninth Circuit Rules On NIKE's Related Appeal. ............................................................. 8
V. CONCLUSION .................................................................................................................... 9

I.    **INTRODUCTION**

Plaintiffs' Motion is a waste of the Court's and the parties' time and resources. NIKE marked documents in Production No. 52 as "Confidential" under the parties' Stipulated Protective Order because they relate to allegations of harassment raised by NIKE employees on a confidential basis for internal review. These employees never consented to the public disclosure of their identities—or their allegations—in this litigation, or otherwise. "Good cause" supports the "Confidential" designations here, particularly where "matters pertaining to claims of harassment or discrimination" are specifically contemplated for such treatment under the Stipulated Protective Order. ECF No. 82 at 2.

Plaintiffs contend that the "Confidential" designations hinder their trial preparation. ***Nonsense.***

First, none of the documents here pertain to the impending trials of the four Named Plaintiffs. None of the Named Plaintiffs assert a harassment cause of action in this case, and none of the allegations raised in the referenced documents were made by or about the Named Plaintiffs. But if counsel wish to show documents from Production No. 52 to any individual who prepared or received that document, they may do so consistent with the Stipulated Protective Order. ECF No. 82 at ¶ 7(f) (permitting access to "Confidential" documents by "authors and original recipients"). Plaintiffs have failed to identify a single legitimate reason why they need to show these "Confidential" documents to persons who did not prepare or receive the original documents in order to try the four Named Plaintiffs' individual discrimination and equal pay claims.

Second, Plaintiffs are free to use the referenced documents for proper purposes ***in this litigation***. NIKE already has notified Plaintiffs that, if the documents at issue need to be filed with the Court to resolve a substantive, merits-based motion, Plaintiffs may do so, with

Page 1 -  NIKE'S OPPOSITION TO PLAINTIFFS' MOTION TO DETERMINE WHETHER
              THERE IS "GOOD CAUSE" FOR CONFIDENTIALITY DESIGNATIONS

redactions only to certain information (*e.g.,* names and other identifiers) pending the Ninth Circuit's ruling on NIKE's related appeal. *See* Appeal No. 24-165. That appeal is fully briefed, and the Ninth Circuit will soon provide guidance regarding the nature and scope of privacy protections afforded to non-party NIKE employees in documents filed with the court. Plaintiffs refuse to await that Ninth Circuit guidance, even though the pending appeal relates directly to the issues they now put before this Court. That is not an efficient use of the Court's resources.

Put simply, the "Confidential" designations applied to documents within Production No. 52 are supported by "good cause" under the Stipulated Protective Order. Plaintiffs are not precluded from using such documents, where appropriate, to litigate this case or to prepare for trial. Plaintiffs may not, however, use the documents outside of this litigation, which appears to be their reason for pursuing this issue now. Civil discovery is not a means for Plaintiffs to procure documents related to internal concerns raised, in confidence, by and about non-party employees who have privacy rights, where no consent has been provided for their disclosure, *and* to share those documents with persons who have no relation to the complaints or allegations at issue. ECF No. 431 at 6. Neither Plaintiffs nor their counsel should be permitted to use discovery devices to skirt protections afforded to litigants and non-parties, especially where the apparent objective is to taint the jury pool before trial. ECF Nos. 471 and 497.

NIKE is ready to set a trial date on the Named Plaintiffs' claims so they may be brought to resolution. Plaintiffs should prioritize the same.[1] The Court should deny Plaintiffs' Motion.

---

[1] NIKE hopes the goal of the Motion is not to manufacture a discovery "dispute" in *another* attempt by Plaintiffs to argue for a Discovery Referee, in yet *another* effort by Plaintiffs to avoid trial of the four Named Plaintiffs' claims.

Page 2 -   NIKE'S OPPOSITION TO PLAINTIFFS' MOTION TO DETERMINE WHETHER
            THERE IS "GOOD CAUSE" FOR CONFIDENTIALITY DESIGNATIONS

## II.     FACTUAL BACKGROUND

As a preliminary matter, this Court has never ruled that NIKE lacks "good cause" to designate documents related to internal complaints as "Confidential." After both this Court and the Ninth Circuit found that this case could not proceed on a class-wide basis—*see* ECF Nos. 310 at 57, 335, and *generally Cahill et al. v. NIKE, Inc.*, No. 23-80027 (9th Cir. June 1, 2023)—NIKE agreed to unseal a limited number of documents filed with Plaintiffs' Motion for Class Certification, with the names of non-party individuals redacted. ECF No. 273 at 13-14 (indicating the parties "review[ed] previously sealed documents and re-lodge[d] unsealed or redacted versions where appropriate."), *id.* at 12-13 (the Parties agreed to keep redacted "the names of any individuals named in allegations of sexual harassment or gender discrimination at Nike that have not already been made public[.]"). The Media Intervenors then renewed a prior motion to unseal the remaining information. ECF No. 343. In granting the Media Intervenors' renewed motion, this Court found that the common law presumption of access to court records applied to documents filed in support of Plaintiffs' Motion for Class Certification, applying the "compelling reasons" standard (as opposed to the "good cause" standard) to NIKE's assertions of non-party privacy interests. ECF No. 363 at 4. The Court ***did not*** assess whether NIKE had "good cause" for the initial "Confidential" designations (which Plaintiffs have never challenged, until now).[2]

Regarding the documents challenged in Plaintiffs' Motion, in May 2024, Plaintiffs initiated meet and confer communications asking NIKE to remove confidentiality designations

---

[2] Whether NIKE's non-party privacy interests satisfy the "good cause" standard related to the sealing of filed documents is one of the questions to be answered by the Ninth Circuit on appeal. ECF No. 406, *Cahill et al. v. NIKE, Inc.*, No. 24-165.

Page 3 -  NIKE'S OPPOSITION TO PLAINTIFFS' MOTION TO DETERMINE WHETHER
           THERE IS "GOOD CAUSE" FOR CONFIDENTIALITY DESIGNATIONS

made to multiple witnesses' deposition transcripts, as well as documents in the "NIKE_52" production, all containing information related to internal complaints made of alleged harassment. Plaintiffs are aware that NIKE's appeal is fully briefed and pending before the Ninth Circuit, and that the documents for which they seek to roll back the "Confidential" designations may not be admissible at trial because they are not relevant to the claims of the four Named Plaintiffs.

Nonetheless, during the meet and confer process, NIKE explained why it has "good cause" for designating documents within the production set as "Confidential." ECF No. 506 at 10-11. The documents in the "NIKE_52" production relate entirely to the "Starfish" complaints submitted *in confidence* by employees and contain those employees' private allegations regarding sensitive matters. *Id*. For the same reasons, NIKE has "good cause" to designate "Confidential" the related scheduling emails, because they confirm participation of individuals in the investigation, who expected their identities to remain confidential. *Id.* However, through the meet and confer process, NIKE agreed to downgrade "Attorney Eyes' Only" documents to "Confidential" and to remove the "Confidential" designation from sixteen documents. NIKE further agreed that the remaining "Confidential" documents may be filed by Plaintiffs in connection with any merits-based filing, provided that non-party names and one reference to a specific identifying job title be redacted while NIKE's related appeal is pending. *Id.* at 14. As NIKE explained, the non-party names should be redacted because they either appear on a confidential complaint or confirm participation in confidential interviews. *Id*. at 10-11. NIKE also explained that it would not agree to Plaintiffs' request to remove confidential designations wholesale from the remaining documents, as doing so would allow Plaintiffs to circulate the documents to "everyone, for any purpose, outside of this litigation." *Id*. at 14. That is not something to which NIKE could or should agree.

Page 4 -  NIKE'S OPPOSITION TO PLAINTIFFS' MOTION TO DETERMINE WHETHER
          THERE IS "GOOD CAUSE" FOR CONFIDENTIALITY DESIGNATIONS

With NIKE's concessions, Plaintiffs can file every single document in the "NIKE_52" production with limited redactions, should they need to do so for a legitimate purpose. Plaintiffs can also show the documents to any witnesses who authored or originally received them. The only thing Plaintiffs cannot do is disclose them ***outside of the litigation***, or to individuals who have no legitimate need to review them to prepare for trial. Based on Plaintiffs' counsel's record in this case of claimed "inadvertent disclosures" to the press, NIKE has good reason to question their motivations.

### III.   LEGAL STANDARD

Discovery "in general, [is] conducted in private as a matter of modern practice." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984). "[W]hen a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips ex rel. Ests. of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). The Stipulated Protective Order entered by the Court in this case states, "the parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to request for admission, or deposition testimony." ECF No. 82 at 2. This specifically includes "***matters pertaining to claims of harassment or discrimination***." *Id.* (emphasis added). The Stipulated Protective Order continues: "All documents, testimony, and other materials produced by the parties in this case and labeled 'Confidential' or 'Attorneys' Eyes Only' ***shall be used only in this proceeding***." *Id.* (emphasis added). However, the Parties may use "information, documents, or portions of documents marked 'Confidential'" with "[t]he authors and the original recipients of

Page 5 -   NIKE'S OPPOSITION TO PLAINTIFFS' MOTION TO DETERMINE WHETHER
           THERE IS "GOOD CAUSE" FOR CONFIDENTIALITY DESIGNATIONS

the documents" as long as they agree to be bound by the terms of the Stipulated Protective Order. *Id.* at 5.

## IV. THE DOCUMENTS AT ISSUE ARE PROPERLY MARKED CONFIDENTIAL

### A. "Good Cause" Exists To Protect Sensitive Information Submitted In Confidence By Employees Who Are Not Parties To The Litigation.

NIKE has "good cause" for marking the documents at issue, including confidential complaints and related emails, "Confidential." Each document relates to an internal concern raised by a non-party employee, in confidence, typically regarding some kind of harassment allegation. The documents either detail sensitive allegations or confirm participation in confidential interviews.[3] These are exactly the type of documents that the Stipulated Protective Order was designed to protect. *See* ECF No. 82. In fact, the Protective Order proffers "matters pertaining to claims of harassment or discrimination" as an example of the kinds of documents and/or information that the parties have "good cause" to protect from disclosure. *See* ECF No. 82 at 2. Such sensitive information further meets the standard of "good cause" set forth in Rule 26, as disclosure of the information or the fact of an individual's decision to raise a concern, when that individual never intended for such information to be disclosed publicly, would lead to "annoyance, embarrassment [and] oppression" as set forth in the Rule. *See* Fed. R. Civ. Proc. 26 (c)(1). Plaintiffs' Motion completely ignores NIKE's multiple correspondence providing its good faith basis for properly designating these documents confidential. *See* ECF No. 506 at 10-11 and 14.

---

[3] For instance, some of the documents reflect the identities of individuals who were connected to the process, even if they did not submit documents themselves. ECF No. 506 at 11.

Page 6 -   NIKE'S OPPOSITION TO PLAINTIFFS' MOTION TO DETERMINE WHETHER THERE IS "GOOD CAUSE" FOR CONFIDENTIALITY DESIGNATIONS

### B. Designating Complaint-Related Documents "Confidential" Does Not Impede Plaintiffs' Ability To Litigate This Case.

As NIKE pointed out in its meet and confer correspondence and as referenced above, designation of documents as "Confidential" that have been produced in full—without redactions—does not interfere with Plaintiffs' ability to litigate this case. NIKE already has agreed that Plaintiffs may file the documents publicly, with limited redactions, if needed for the Court to rule on a substantive, merits-based motion. Therefore, by keeping the "Confidential" designation on the documents, NIKE has done nothing more than prevent Plaintiffs from disseminating them outside of this litigation. Plaintiffs also may show the documents to their authors and any original recipients. It is hard to understand—and Plaintiffs have not articulated—any other legitimate use of the documents *in this case*.

That connection is even more tenuous given that the documents at issue in this Motion are not relevant to the claims of the four Named Plaintiffs who remain in this case, and unlikely to be admissible at trial. Although this Court has found that the non-party complaints are *discoverable* in this litigation, that does ***not*** mean they are ***admissible***. Here, as NIKE will set forth in its upcoming *motions in limine*, they are not. As a preliminary matter, the operative complaint does not allege any harassment-related causes of action. *See generally* ECF No. 377 (Second Amended Complaint). None of the four remaining Named Plaintiffs allege that they participated in the "Starfish" document submissions, and none of the documents at issue relate to the claims of the four Named Plaintiffs. *Id.* In addition, the documents are hearsay, more prejudicial than probative, and invite mini-trials (as NIKE would then be forced to present evidence rebutting the allegations contained within the documents, which are wholly irrelevant to the claims of the four Named Plaintiffs to begin with). If anything, this dispute should be deferred until after pretrial briefing on admissibility, which may moot the entire issue.

Page 7 -  NIKE'S OPPOSITION TO PLAINTIFFS' MOTION TO DETERMINE WHETHER THERE IS "GOOD CAUSE" FOR CONFIDENTIALITY DESIGNATIONS

### C. Plaintiffs Should Not Be Permitted To Disclose Confidential Documents Outside Of The Litigation.

Plaintiffs have been evasive with the "why" for this ask, ultimately shielding themselves behind pretextual claims of the need for trial preparation (which, as shown above, do not overcome the "good cause" for the designations). The record tells a different story, and as this Court has acknowledged, Plaintiffs have played fast and loose in the past with sensitive internal documents that have been produced by NIKE in connection with this litigation. *See, e.g.,* ECF Nos. 471 and 497. Therefore, NIKE has appropriately maintained its confidentiality designations to the documents at issue because blanket removal would also remove the protection afforded by the Stipulated Protective Order, providing that the documents "shall be used only in this proceeding." *See* ECF No. 82 at 2. Civil discovery is not a mechanism for collection of sensitive documents for disclosure to third parties who are unrelated to the litigation. Plaintiffs should not be permitted to use the discovery process in this way.

Plaintiffs also fail to explain why this issue must be resolved now, particularly as NIKE's related appeal is pending. Plaintiffs have no imminent filings requiring the use of these documents in the litigation (in which they could use the documents anyway) and have provided no reasonable explanation for why confidentiality designations must be ruled on by this Court at this time. The Ninth Circuit's guidance is likely to be instructive here, regardless of the outcome, and there is no need to risk duplicative work, especially when there is no imminent and pressing need to do so.

### D. If the Court Entertains Plaintiffs' Motion, It Should Be After The Ninth Circuit Rules On NIKE's Related Appeal.

Although NIKE disputes that the "good cause" standard applicable to confidentiality designations is the same "good cause" standard that applies to documents filed under seal, at a

Page 8 -  NIKE'S OPPOSITION TO PLAINTIFFS' MOTION TO DETERMINE WHETHER THERE IS "GOOD CAUSE" FOR CONFIDENTIALITY DESIGNATIONS

minimum, the Court should defer ruling on Plaintiffs' Motion until the Ninth Circuit resolves NIKE's current appeal. If, for example, the Ninth Circuit rules in NIKE's favor and concludes that the names of complainants, witnesses, and alleged violators should not be filed publicly, then it would affirm NIKE's designation of the documents as "Confidential."[4] Plaintiffs are trying to put the cart before the horse, forcing NIKE to withdraw designations that the Ninth Circuit may very well conclude were appropriate, which is a waste of both judicial and party resources.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion should be denied. Alternatively, the Court should consider Plaintiffs' Motion after the Ninth Circuit ruling in connection with Appeal No. 24-165.

Dated: July 30, 2024                                                 Respectfully submitted,

/s/ Felicia A. Davis

Felicia A. Davis, Cal. SB No. 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
Daniel Prince, Cal. SB No. 237112 (*pro hac vice*)
danielprince@paulhastings.com
Lindsey C. Jackson, Cal. SB No. 313396 (*pro hac vice*)
lindseyjackson@paulhastings.com
Alyssa Tapper, Cal. SB No. 324303 (*pro hac vice*)
alyssatapper@paulhastings.com
Paul Hastings LLP
515 South Flower Street, Twenty-Fifth Floor
Los Angeles, California 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

LAURA E. ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com

---

[4] The converse, however, is not true. Even if the Ninth Circuit concludes that the documents should not be filed under seal, documents produced in discovery still can and should be marked "Confidential" if they meet the "good cause" standard.

Page 9 -   NIKE'S OPPOSITION TO PLAINTIFFS' MOTION TO DETERMINE WHETHER
            THERE IS "GOOD CAUSE" FOR CONFIDENTIALITY DESIGNATIONS

STOEL RIVES LLP
760 SW Ninth Avenue, Suite 300
Portland, OR  97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

Attorneys for Defendant NIKE, INC.