LAURA ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 300
Portland, OR  97205
Tel:  (503) 224-3380
Fax:  (503) 220-2480

DANIEL PRINCE (*pro hac vice*)
danielprince@paulhastings.com
FELICIA A. DAVIS (*pro hac vice*)
feliciadavis@paulhastings.com
LINDSEY C. JACKSON (*pro hac vice*)
lindseyjackson@paulhastings.com
ALYSSA K. TAPPER (pro hac vice)
alyssatapper@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
Tel:  (213) 683-6000
Fax:  (213) 627-0705

Attorneys for Defendant NIKE, INC.
[*Additional counsel of record listed on signature page*]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, SARA JOHNSTON, LINDSAY ELIZABETH, and HEATHER HENDER, individually and on behalf of others similarly situated,<br><br>       Plaintiffs,<br><br>  v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>       Defendant. | Case No.:  3:18-cv-01477-AB<br><br>**PARTIES' JOINT STATUS REPORT AND PROPOSED SCHEDULE** |

Plaintiffs Kelly Cahill, Sara Johnston, Lindsay Elizabeth, and Heather Hender ("Plaintiffs") and Defendant NIKE, Inc. ("NIKE" or "Defendant") (collectively, the "Parties"), through their respective counsel, hereby present a summary of disputed points of discovery and proposed case schedules.

WHEREAS, on September 3, 2024, this Court issued a Scheduling Order setting a Scheduling Conference for September 16, 2024 at 2:00 p.m.

WHEREAS, the Court instructed the Parties to meet and confer and "file a joint status report on the current state of discovery that lists any disagreement in bullet point format" and "propose an agreed upon schedule for dispositive motion practice, if any, and a trial schedule for a trial in April or May 2025."  ECF Nos. 522, 525.

WHEREAS, on September 9 and September 12, 2024, the Parties met and conferred.

WHEREAS, after meeting and conferring, the Parties submit the following joint statement on the current state of discovery and proposed pre-trial schedules.

I.    **The Parties' Positions on Current Discovery Disputes**

- **Issues in Plaintiffs' Objections To Order (ECF No. 521)**

  o  **Plaintiffs:**  the below are bullet points concern issues raised in or impacted by Plaintiffs' Objections to Order (ECF No. 521). During the Parties September 9 meet and confer, they agreed this joint filing would not include arguments.  Nike, however, added arguments around 4pm on the due date. Given that Nike would not agree to remove its arguments, Plaintiffs provide brief responses below.

  o  **NIKE:**  Plaintiffs' characterization is incorrect.  NIKE's intention is not to litigate these disputes in this briefing but rather to provide brief, bullet-pointed context for the discovery issues Plaintiffs contend require postponing trial in this six year old case.

  o  **Issue 1:**

    ▪  **Plaintiffs:**  Whether Nike completed its production of discovery responsive to Plaintiffs' Seventh Set of Requests for Production, the Court's May 2024 Order (ECF Nos. 485-86), and August 2020 Order (ECF No. 111 at 7-8).

    ▪  **NIKE:**  NIKE's production is complete.  NIKE has produced the Starfish questionnaires in its possession, custody or control, as well as all requested communications related thereto.  *See* NIKE's concurrently filed submission

regarding its discovery efforts.

- ▪ **Plaintiffs' response:** Nike has not produced most of the discovery responsive to Plaintiffs' Seventh Set and the two Orders, including, for example: (1) almost all evidence concerning investigations, including communications with complainants; (2) all evidence concerning the decisions made in response to the complaints; (3) all communications among the at least eight executives who organized Starfish, all of whom had Nike phones and computers; (4) all communications from Matheson, which she clearly had because her name is mentioned 254 times in the limited production Nike made and a former Nike VP testified to many communications with her concerning Starfish; and (5) many complaints resulting from Starfish.

- o **Issue 2:**

  - ▪ **Plaintiffs:** Whether Plaintiffs can continue the depositions of Nicole Graham and Jamie Jeffries after the discovery in the first bullet point is completed for no more than four hours each and without the limitation in ECF No. 486.

  - ▪ **NIKE:** On May 16, 2024, the Court ordered the depositions of Ms. Hubbard Graham and Ms. Jeffries but limited the subject matter of the depositions to the "existence and whereabouts" of Starfish questionnaires Plaintiffs contend were missing from NIKE's production. ECF No. 486. Plaintiffs did not file objections to the Court's order setting those limitations, took the depositions, and now seek reconsideration of the Court's prior order. The deposition testimony stated that approximately 30 questionnaires were provided to NIKE in early 2018, not 300, as Plaintiffs contend. Plaintiffs were not denied a fair examination of any witness. To the contrary, Plaintiffs refused to follow the Court's order regarding the scope of the depositions, ECF No. 486, but even so, the witnesses provided complete testimony based on their personal knowledge. Further, Plaintiffs' reliance on Ms. Strong is misplaced. Ms. Graham disputed that there ever were 300 Starfish questionnaires and Ms. Graham denied that she and Ms. Strong counted 300 questionnaires.

  - ▪ **Plaintiffs' response:** Plaintiffs were denied a fair examination of these witnesses because Nike (a) failed to produce most of the responsive discovery concerning these witnesses prior to their depositions, as required by the May 2024 Order; (b) improperly limited their testimony with overly broad instructions not to answer; and (c) prevented Plaintiffs from knowing that they were relevant witnesses for nearly five years. *See* ECF No. 518 at 25-26. Nike uses this incomplete record to cast doubt on Starfish-related evidence. Former Nike VP Melanie Strong testified to counting about 300 Starfish complaints. Nike's witnesses do not directly dispute this. The Magistrate Judge found there were at least 45 complaints that have now been produced, and Plaintiffs have identified many more. Nike's accusations and representations as to Graham's testimony are not correct. *See* ECF Nos. 511-1 at 20 and 518 at 25-26.

- o **Issue 3:**

- **Plaintiffs:** Whether the discovery deadline should be stayed under Rule 37(b)(2)(A)(iv) until completion of court-ordered discovery.

- **NIKE:** The close of discovery was March 29, 2024. Plaintiffs' attempts to re-open this deadline and re-litigate issues previously decided is unwarranted. There is no reason to continue discovery in a case that has been ongoing for over six years, under close supervision by Magistrate Judge Russo.

- **Plaintiffs' response:** Nike has caused significant prejudice to Plaintiffs by withholding discovery requested five years ago and ordered four years ago has significantly prejudiced Plaintiffs. *See* ECF No. 511-1 at 26-29. This discovery remains outstanding. Nike disputes key facts based on the incomplete record it created. And this conduct is in violation of court orders.

- **Issue 4:**

  - **Plaintiffs:** Whether a special master should be appointed to oversee and conduct any proceedings or permit any discovery deemed appropriate with respect to: (a) the completion of discovery relating to "Starfish" and its results including complaints involving sex discrimination, Nike's resulting investigations, and Nike's responses to these complaints or investigations; (b) the scope of any misconduct by Nike concerning discovery related to Starfish, including knowing or reckless misrepresentations to this Court or failure to produce discovery; and (c) any remedies, if appropriate, to address Nike's misrepresentations or discovery failures, if any, and resulting prejudice to Plaintiffs.

  - **NIKE:** NIKE addresses Plaintiffs' allegations regarding "Starfish" in its concurrently filed submission regarding its discovery efforts, and in its forthcoming responses to Plaintiffs Rule 72 Objections. In summary, NIKE has fully complied with all Court orders and does not have additional Starfish questionnaires to produce. Nor did it at any time in the past. Appointing a discovery referee will not change the fact that there are no additional Starfish questionnaires to produce. ECF No. 521 at 15 (Magistrate Judge Russo concluded that, "[i]t is time to put this search expedition to rest."). And NIKE has no idea what Plaintiffs are referring to when they claim that NIKE in-house lawyers had complaint documents that were not produced.

  - **Plaintiffs' response:** Nike has represented that it has produced all Starfish complaints and related documents numerous times. This has been shown to be inaccurate each time. For example, just this March 2024, Nike told the Court that Plaintiffs sought "phantom documents" because it "is not withholding any Starfish complaint documents." *See* ECF No. 511-1 at 21-22. But many responsive, relevant documents were subsequently produced following a court order, including complaints that were in the possession of the lawyer in charge of discovery in this case and Nike's General counsel at the time Nike made that representation. *Id.; see also* ECF No. 518 at 12-15. There are, unfortunately, a significant number of other reasons and long history why close and frequent court supervision is required in this case. *See*

ECF Nos. 511-1 and 518.

- o **Issue 5:**

  - ▪ **Plaintiffs' motion for spoliation of evidence.** The scope of this motion depends on what unproduced discovery is completed.

  - ▪ **NIKE:** Though Plaintiffs have decided that NIKE must have destroyed documents because Plaintiffs expected to receive more documents than they did, there is **zero** actual evidence to support their belief, or such a motion. Throughout this litigation Plaintiffs have consistently accused NIKE of wrongdoing, but the facts and the evidence simply do not support their claims.

  - ▪ **Plaintiffs' response:** During the recent depositions of two current Nike executives who organized Starfish, both witnesses testified that Nike never told them to preserve Starfish-related evidence for nearly six years after Nike's duty to preserve this evidence arose. They testified that Nike never sought to image their Nike-issued phones or computers that were used at the time of Starfish in 2018, and they both testified they no longer have or know where these Nike-issued devices are located. *See* ECF No. 518 at 9-11. Nike's productions are also clearly incomplete. Depending on what unproduced discovery Nike does provide , either Nike withheld or failed to preserve long-requested or long-ordered discovery.

- o **Issue 6:**

  - ▪ **Plaintiffs' motion to depose Hillary Krane.** Upon resolution of Plaintiffs' Objections to Order No. 521, and any additional discovery ordered by the court, Plaintiffs will move to depose Hilary Krane if necessary. *See* ECF No. 480 (granting without prejudice Nike's Motion to Quash deposition subpoena for Hilary Krane. "Plaintiffs may not seek to depose her absent a demonstrated need upon the completion of the other discovery that is the subject of this motion.").

  - ▪ **NIKE:** Plaintiffs seek to file a motion to compel the ***deposition of NIKE's former General Counsel***, Hilary Krane. On April 29, 2024, the Court appropriately ruled that the deposition of General Counsel Krane could not go forward "absent a demonstrated need upon the completion of" NIKE's production of RFP Set Seven and the depositions of Ms. Hubbard Graham and Ms. Jeffries. ECF No. 480 at 2. Plaintiffs have presented no evidence that Ms. Krane has unique personal knowledge regarding the number or location of the allegedly "missing" Starfish questionnaires beyond the knowledge of Ms. Hubbard Graham (who is the person who provided the Starfish questionnaires to Ms. Krane and who testified that she provided only "approximately 30" Starfish questionnaires). ECF No. 513 at 5.

  - ▪ **Plaintiffs' response:** while this issue is not ripe because the Order at ECF No. 480 requires completion of the other discovery first, there is no rule or caselaw automatically precluding the deposition of a general counsel, which the Magistrate Judge implicitly recognized because it granted Nike's Motion to Quash without prejudice. Such depositions have been permitted by many

courts including in this District.  *See* ECF No. 449 at 14.  This deposition becomes more important if no further responsive discovery is produced that helps complete the record and refreshes the memories of Ms. Graham and Ms. Jeffries.

- o **Issue 7:**
  - ▪ **Plaintiffs' motion to compel discovery improperly withheld under the attorney-client privilege and/or work product doctrine**. This concerns entries in Nike's recently-provided 345-entry privilege for discovery responsive to Plaintiffs' Seventh Set. It also includes a handful of previously-logged entries that Plaintiffs now believe, based on the recently-uncovered evidence, relate to Starfish and Nike's response to it.
  - ▪ **NIKE:**  Plaintiffs suddenly have issues with privilege logs they received over three years ago.  Plaintiffs claim these purported issues are based on "recently-discovered" information, but that is false.  Discovery closed on March 29, 2024, except for documents responsive to RFP Set Seven, which were due on May 29, 2024.  Nothing prevented Plaintiffs from filing this purported motion in June, July or August 2024 (or during the three years Plaintiffs have had NIKE's privilege logs).  Moreover, Plaintiffs are simply wrong that NIKE has waived privilege.  NIKE was never before ordered to produce anything other than the Starfish questionnaires themselves and therefore had no reason to log documents it was not ordered to produce.
  - ▪ **Plaintiffs' response:** Nike provided a privilege log on May 24, 2024 that contains 345 entries of discovery responsive to Plaintiffs' Seventh RFPs and related to Starfish.  These claims of privilege and work product are waived because they are responsive to RFPs served more than five years ago and an order more than four years ago.  There are many deficiencies in this log, including that there are documents withheld that were created by non-lawyers and not sent to any lawyers.  And most of the documents appear not to qualify because they would have been created by Nike pursuant to its policies regardless of whether it was anticipating litigation or seeking legal advice.  The remaining handful of entries at issue from prior privilege logs are those that Plaintiffs now believe relate to Starfish based on the recently-uncovered evidence, which could not be previously identified based on Nike's inadequate descriptions.

## **NIKE's Proposed Pre-Trial Schedule**

There are three important, gatekeeping issues that are likely to streamline and narrow trial preparation and trial of this case:

1.    Should the claims of the four named Plaintiffs be tried together or separately?

2.    Will evidence of the "Starfish" surveys be admissible at trial?

3.      Will alleged "me-too" evidence be admissible at trial?

Because these are important issues to assist both sides with identifying trial witnesses and exhibits, and likely to impact the expected duration of trial, NIKE intends to file a motion to sever the trials of the four named Plaintiffs, and motions in *limine* regarding the Starfish questionnaires and other "me-too" evidence well in advance.  NIKE asks the Court to hear these motions early, so that the Parties can be guided by the Court's rulings.  NIKE believes that these motions can and should be resolved within the next 60-90 days, followed by the remainder of the Parties' pre-trial submissions and a trial date in early April 2025.[1]

## NIKE'S PROPOSED PRE-TRIAL SCHEDULE

| Date | Event |
|---|---|
| September 23, 2024 | Last day for NIKE to respond to Plaintiffs' Rule 72 objections (Court to take the objections under advisement) |
| October 7, 2024 | Last day for NIKE to file motion for attorneys' fees and costs |
| October 10, 2024 | Last day for NIKE to file motion to sever (responsive briefing schedule and hearing date to be set by the Court) |
| October 24, 2024 | Last day for the Parties to file motions in *limine* related to Starfish questionnaire and "me-too" evidence (responsive briefing schedule and hearing date to be set by the Court) |
| January 9, 2025 | Expert witness disclosures due |
| February 10, 2025 (8 weeks before trial) | First Wave <br> • Exhibits and exhibit lists. <br> • Lay witness statements and expert narratives. <br> • Itemized list of economic damages. <br> • Deposition designations. <br> • Trial Memoranda. |
| February 24, 2025 | Second Wave |

---

[1] Counsel for NIKE and Plaintiffs met and conferred on September 9, 2024.  Counsel for Plaintiffs refused to discuss a trial schedule at that time, asserting that their discovery requests must be resolved before any trial dates could be considered.  As a result, NIKE provides its proposed schedule here.

| | |
|---|---|
| (6 weeks before trial) | ▪ Remaining motions in limine.<br>▪ Proposed voir dire questions.<br>▪ Proposed joint jury instructions.<br>▪ Proposed verdict form.<br>▪ Objections to live witnesses and exhibits.<br>▪ Impeachment witnesses and exhibits. |
| March 10, 2025<br>(4 weeks before trial) | Third Wave<br>▪ Rebuttal witness statements and exhibits.<br>▪ Responses to Feb. 24 motions in limine.<br>▪ Objections to exhibits.<br>▪ Objections to witnesses.<br>▪ Individual lists of all potential witnesses (submitted separately).<br>▪ Stipulations of fact (if any). |
| March 24, 2025<br>(2 weeks before trial) | Fourth Wave<br>▪ Replies to Feb. 24 motions in limine<br>▪ Joint ruling chart for motions in limine.<br>▪ Joint ruling chart for witnesses and exhibits. |
| March 31, 2025<br>(1 week before trial) | Final Pre-Trial Conference |
| April 7, 2025 | First Day of First Plaintiff's Trial |

**Plaintiffs' Proposed Pre-Trial Schedule**

Pursuant to ECF No. 525, Plaintiffs' proposed schedule includes a proposed May 2025 trial.[2] They agree with Nike's proposal that earlier-than-normal motions regarding the use of and arguments about Starfish-related evidence at trial will help the Parties' and the Court's subsequent trial planning. Plaintiffs have no objection to Nike's proposal that its motion to sever the four Plaintiffs into separate trials be done earlier-than-normal. Plaintiffs do not agree with the remainder of Nike's proposed schedule because it seeks to prevent Plaintiffs from

---

[2] Plaintiffs sought to have a joint proposed schedule. The made an initial proposal on September 11. Nike sent its proposal around 4pm on September 12 and refused to make any modifications.

completing discovery and incorporating it into their litigation planning.  Nike's proposed

schedule thus furthers the substantial prejudice Nike's discovery conduct has caused Plaintiffs.

*See e.g.,* ECF No. 511-1 at 7 (citing Ninth Circuit decisions finding prejudiced where the

responding party's conduct forced a party "to rely on incomplete and spotty evidence at trial" or

the responding party "failing to produce documents as ordered").

| Phase | Timeline/Events |
|---|---|
| Phase 1: Resolution of current discovery issues | • If Objections to Order (ECF No. 521) are sustained at least in part:<br>   o Remaining document production deadline – 14 days after ruling on objections per Local Rule 37-2.<br>   o Deposition deadline (if granted) – 14 days after document production deadline.<br>   o Court status conference – 30 days after ruling on objections.<br>   o Motions deadline – 45 days after the completion of any discovery ordered in response to Objections to Order (ECF No. 521).<br><br>• If Order at ECF No. 521 is affirmed – 45 days for Plaintiffs to file their discovery-related motions. |
| Phase 2: Major pretrial/dispositive motions deadline | • February 14, 2025 deadline to file any dispositive motions or main pretrial motions.<br>   o This includes evidence and arguments related to Starfish.<br>   o Nike's motion to sever the Plaintiffs for individual trials. |
| Phase 3: Pretrial schedule (per Judge Hernandez JTMO) | • March 31, 2025 – First Wave<br>   o Exhibits and exhibit lists.<br>   o Lay witness statements and expert narratives.<br>   o Itemized list of economic damages.<br>   o Deposition designations.<br>   o Trial Memoranda.<br><br>• April 7, 2025 – Second Wave<br>   o Motions in limine.<br>   o Proposed voir dire questions.<br>   o Proposed joint jury instructions.<br>   o Proposed verdict form.<br>   o Objections to live witnesses and exhibits. |

|  | <ul><li>○ Impeachment witnesses and exhibits.</li></ul><ul><li>April 14, 2025 – Third Wave<ul><li>○ Rebuttal witness statements and exhibits.</li><li>○ Responses to motions in limine, objections to exhibits, objections to witnesses.</li><li>○ Individual lists of all potential witnesses (submitted separately).</li></ul></li></ul><ul><li>April 16, 2025 – Final Wave<ul><li>○ Joint ruling chart for motions in limine</li><li>○ Joint ruling chart for witnesses and exhibits</li></ul></li></ul><ul><li>April 28, 2025 – Pretrial Conference</li></ul><ul><li>May 12-23, 2025 (two weeks) – Trial</li></ul> |
|---|---|

Dated:  September 12, 2024

 _/s/_
Laura L. Ho (admitted pro hac vice)
lho@gbdhlegal.com
Barry Goldstein, Of Counsel (admitted pro hac vice)
bgoldstein@gbdhlegal.com
James Kan (admitted pro hac vice)
jkan@gbdhlegal.com
Byron Goldstein (admitted pro hac vice)
brgoldstein@gbdhlegal.com
Katharine L. Fisher (admitted pro hac vice)
kfisher@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
Telephone: (510) 763-9800 | Fax: (510) 835-1417

Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com
David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Kathryn P. Roberts OSB #064854
KathrynRoberts@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085
Fax: (503) 323-9105

Craig Ackerman (admitted *pro hac vice*)
cja@ackermanntilajef.com
ACKERMANN & TILAJEF PC
1180 S Beverly Drive, Suite 610
Los Angeles, CA 90035
Tel:  (310) 277-0614
Fax:  (310) 277-0635

India Lin Bodien (admitted *pro hac vice*)
india@indialinbodienlaw.com
INDIA LIN BODIEN LAW
2522 North Proctor Street, #387
Tacoma, WA 98406-5338
Tel:  (253) 503-1672
Fax:  (253) 276-0081

Attorneys for Plaintiffs

Dated:  September 12, 2024        _/s/ Daniel Prince_____
Daniel Prince (*pro hac vice*)
danielprince@paulhastings.com
Felicia A. Davis (*pro hac vice*)
feliciadavis@paulhastings.com
Lindsey C. Jackson (*pro hac vice*)
lindseyjackson@paulhastings.com
Alyssa K. Tapper (*pro hac vice*)
alyssatapper@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Tel: (213) 683-6000
Fax: (213) 627-0705

Laura Rosenbaum, OSB No. 110061
Laura.rosenbaum@stoel.com
STOEL RIVES LLP

760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Tel: (503) 224-3380
Fax: (503) 220-2480

Attorneys for Defendant Nike, Inc.

## <u>SIGNATURE ATTESTATION</u>

In accordance with Civil Local Rule 11(b)(2), I attest that concurrence in the filing of this document has been obtained from the signatories on this e-filed document.

Dated:  September 12, 2024       Respectfully submitted,

PAUL HASTINGS LLP

 */s/ Daniel Prince*
DANIEL PRINCE (*pro hac vice*)