IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**KELLY CAHILL, SARA JOHNSTON, LINDSAY ELIZABETH, and HEATHER HENDER,** individually and on behalf of others similarly situated,

        Plaintiffs,

v.

**NIKE, INC.,** an Oregon Corporation.

        Defendant.

No. 3:18-cv-01477-AB

OPINION AND ORDER

**Baggio, J.**,

This case arises from Defendant Nike's alleged discrimination against women. In 2018, Plaintiffs Kelly Cahill, Sara Johnston, Lindsay Elizabeth, and Heather Hender filed a putative sex-discrimination class action on behalf of themselves and all other similarly situated women at Nike alleging, in part, that Nike pays and promotes women less than men at Nike's headquarters. Since the case was filed, the parties have engaged in what is generously described as a contentious discovery process, which required the Court's involvement in multiple disagreements. On August 26, 2024, Judge Russo issued an Order [521][1] that, among other things, denied Plaintiffs' motions to compel discovery [509] and to appoint a special master [511-1][2] to oversee continued discovery

---

[1] Numbers appearing in brackets refer to the assigned document numbers in the Electronic Case Files ("ECF") docket in this case.

[2] Plaintiffs replaced their initial motion Requesting Appointment of a Special Master [508] with a corrected version. Notice re Motion [511].

1 – OPINION AND ORDER

related to Project Starfish (or "Starfish")—an informal initiative led by executive women at Nike related to gender discrimination within the company. Order [521] at 15.

Judge Russo's order [521] concluded that a second extension of the discovery deadline for further discovery related to Starfish would not be proportional to the needs of this case. *Id.* Plaintiffs object on the grounds that Judge Russo's conclusion is contrary to law. *See* Plaintiffs' Objs. to Order ("Objs.") [523] at 2-10. As explained below, the Court finds that Judge Russo's order denying Plaintiffs' motions to compel and to appoint a special master is not contrary to law and DENIES Plaintiffs' request to modify it.

## BACKGROUND

A handful of executive women within Nike started Project Starfish in early 2018. On their own initiative, they drafted and circulated a survey that more junior women at Nike answered and returned to the Starfish organizers. These "Starfish Surveys"[3] were passed hand-to-hand and discussed in unofficial channels, often away from Nike's headquarters.

In June 2020, Plaintiffs moved to compel the production of all documents related to Starfish, the individual survey responses, and Nike's ensuing investigation, including "interview notes, documents gathered, findings, decisions, or other documents concerning the survey[.]" Pls. June 30, 2020, Letter Brf. at 13.[4] On August 10, 2020, Judge Russo ordered Defendant to produce "the complete survey results." Order [111] at 8. Defendant produced approximately 30 surveys on September 18, 2020. [531-3] at 3. In letters exchanged between counsel in September and

---

[3] Throughout this dispute, the parties and the Court have used the terms surveys, responses, complaints, and questionnaires when discussing the Starfish documents. The different terms all refer to the same documents: the answers and related complaints that the employees across Nike submitted in response to the same survey drafted and circulated by senior women executives.

[4] In a contemporaneously filed text-only order, the Court directs the Plaintiffs to file this letter brief in the record with any redactions necessary under the Protective Order [82].

2 – OPINION AND ORDER

November 2020, Defendant clarified that its definition of Starfish was limited to the survey responses themselves, and did not include any related investigation files. [531] Exs. B, C, & F.

On March 1, 2024, Plaintiffs deposed Melanie Strong, a former Nike executive who helped organize Project Starfish. [433-1] at 2, 8. Strong testified there were 300 separate survey complaints related to Starfish. *Id*. at 86. Plaintiffs issued their Seventh Set of Requests for Production (Seventh RFPs) and moved for a Rule 16 conference shortly after Strong's deposition because Plaintiffs felt blindsided by this new testimony that 300 Starfish Survey responses existed, rather than the approximately 30 that Defendant produced in September 2020. Emergency Rule 16 Request [432]; Defendant's Production [531-3]. Judge Russo held a telephone conference and granted Plaintiffs' request to continue the depositions of Nicole Hubbard Graham and Jamie Jeffries, two more executives involved in organizing Starfish, for the limited purpose of determining "each deponent's knowledge of the existence and whereabouts of those purported complaints." 05/03/2024 Tr. [481] at 9:18-19. Judge Russo also gave Defendant thirty days to "respond to plaintiffs' seventh request for production of documents to the extent it has documents responsive to the request." Order [480] at 2. She extended discovery, which ended on March 29, 2024, [342], but only for the limited purpose of allowing Plaintiffs to investigate the status of the 270 surveys that Strong testified existed. Order [486] (adopting [485]).

On July 26, 2024, the day that the parties had agreed this case was to be referred to Judge Hernández for pretrial scheduling, [485] at 9, Plaintiffs filed two motions to continue the discovery extension that Judge Russo allowed on the limited question of the number of Starfish surveys that Nike possessed. Motion to Compel [509]; Request for a Special Master [511-1]. Plaintiffs maintain that an additional 270 surveys exist and that Defendant's failure to produce them meant Plaintiffs could not adequately depose Graham and Jeffries to learn more about these potentially missing

3 – OPINION AND ORDER

surveys. Motion [509] at 2–3. On August 26, 2024, Judge Russo denied both of Plaintiffs' motions, finding that any continued discovery into the allegedly missing complaints would be disproportionate to the needs of the case. Order [521] at 15. Plaintiffs filed timely objections to Judge Russo's order on motions [508] and [509].[5] Objs. [523] at 1. Defendant responded [530], and this Court held oral argument on Plaintiffs' objections on October 9, 2024.

## LEGAL STANDARD

Rule 72(a) binds a district court to reviewing a magistrate judge's decision on a non-dispositive matter for "clearly erroneous" factual findings and "contrary to law" legal conclusions. Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980) ("Review by the district court of the magistrate's determination of . . . nondispositive motions is on a 'clearly erroneous' or 'contrary to law' standard."). Discovery matters are generally considered non-dispositive of the litigation because they rarely dispose of "either the case or any claim or defense within it." *S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013) (quotes omitted); *see also Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). The clearly erroneous standard is highly deferential, requiring a "definite and firm conviction that a mistake has been committed." *United States v. Hylton*, 30 F.4th 842, 846 (9th Cir. 2022) (quoting *United States v. Perkins*, 850 F.3d 1109, 1115 (9th Cir. 2017)). A magistrate judge's order is "contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (9th Cir. 2019) (cleaned up).

---

[5] Judge Russo resolved two additional motions in her August 26, 2024, Order: granting in part Defendant's motion for sanctions [471] and granting Plaintiffs' motion to determine good cause for confidentiality designations of certain documents [505]. Plaintiffs appear to only object to the order as it relates to the further discovery of Starfish, motions [508] and [509]. Objs. [523] at 1.

Rule 26(b)(1) lists factors for courts to consider when determining whether discovery is proportional to the needs of the case: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(2)(C) grants a court the power to "limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(ii). The Supreme Court has made clear that "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). A trial judge has discretion to "limit the time, place, and manner of discovery, or even bar discovery altogether on certain subjects," to prevent "undue burden or expense" and "facilitate prompt and efficient resolution of the lawsuit." *Id.* at 599.

## DISCUSSION

Plaintiffs argue that Judge Russo's order is contrary to law because it failed to properly apply Rule 26's balancing test and because it failed to respond to all of Plaintiffs' requested relief. This Court disagrees and finds Judge Russo did not err as a matter of law or make any "clearly erroneous" factual findings. Fed. R. Civ. P. 72(a).

Plaintiffs argue that Judge Russo erred as a matter of law because her "conclusory proportionality finding fail[ed] to balance Rule 26(b)(1)'s factors." Objs. [523] at 6. Plaintiffs seem to base this argument on Judge Russo's decision not to expressly list and apply each of the Rule 26(b)(1) factors. However, Plaintiffs do not provide, and this Court has not discovered, any authority to suggest that a magistrate judge *must* list every Rule 26(b)(1) factor. Instead, as

Plaintiffs' counsel conceded during oral argument, if it is obvious that Judge Russo correctly balanced the Rule 26 factors, even if she did not expressly list them, her order is not contrary to law. *Beaty v. Stewart*, 303 F.3d 975, 986 (9th Cir. 2002) (the Court presumes that a judge "know[s] the law and appl[ied] it in making [her] decision[]"; *cf. United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (a court is not required to "tick off each of the [statutory sentencing] factors to show it has considered them").

Here, Judge Russo's order shows that she properly applied the Rule 26 factors. She reasonably on this record concluded that Plaintiffs' requests for another order[6] compelling Defendant to produce Starfish-related documents, a third round of depositions of the same fact witnesses, and another stay of discovery—which closed on March 29, 2024, [342]—were disproportionate to the needs of the case. Her discussion shows she approached Plaintiffs' motions through the lens of proportionality, considering the history of Starfish discovery. Judge Russo agreed with Plaintiffs that "Nike has, at times, been recalcitrant in responding to discovery requests" but ultimately decided it was "time to put this search expedition to rest." Order [521] at 15. This analysis shows that Judge Russo properly understood her duty under Rule 26(b): to use her "broad discretion" to prevent "undue burden or expense" and facilitate the efficient resolution of the lawsuit. *Britton*, 523 U.S. at 598–99.

Plaintiffs' argument that the Rule 26(b)(1) factors "demonstrate the necessity of compelling production" is not sufficiently persuasive. Objs. [523] at 6. A disagreement with a magistrate judge's weighing of discretionary factors does not mean the judge erred as a matter of law. *See Grimes v. City and Cnty of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (A reviewing

---

[6] The order to which Plaintiffs presently object [521] was Judge Russo's third time ruling on Plaintiffs' requests for Starfish-related discovery, a fact that underscores her familiarity with the dispute. *See* Order [111], Order [480].

6 – OPINION AND ORDER

court should not "substitute its judgment for that of the deciding court"). Plaintiffs obviously strongly disagree that Defendant has complied with its discovery obligations, and the Court is sympathetic to the information asymmetry that exists in civil discovery. *See* Objs. [523] at 7. But Plaintiffs' allegations about Defendant's failures to search for Starfish-related discovery and their disagreements with Judge Russo's conclusion, *id*. at 7–8, do not meet the high bar that Rule 72(a) sets for this Court to overturn Judge Russo's order. *See* 28 U.S.C. § 636(b)(1)(A).

Plaintiffs also argue Judge Russo's order did not comply with Rules 26, 37, and 53 because it only considered if Defendant completed its production of Starfish complaints, and did not address Plaintiffs' other requested relief:1) another order compelling Defendant to respond to the Seventh RFPs, 2) four more hours of depositions of Graham and Jefferies each, 3) a stay of the discovery deadline, and 4) a special master to oversee discovery. Objs. [523] at 9. As noted above, Judge Russo must only explain her order in such a way that shows that she understood and considered what Plaintiffs sought. No authority obligates her to individually discuss every request Plaintiffs made, especially given that she had previously considered and ruled on the same set of requests a few months earlier. *See Beaty*, 303 F.3d at 986; Order [480]. Judge Russo's order specifically references the requests in Plaintiffs Seventh RFPs and refers to "relevant Starfish survey documents," showing that she considered more than just the requested production of additional Starfish complaints. Order [521] at 14, 15.[7]

Finally, Plaintiffs focus on a mistype in Judge Russo's Order—Judge Russo said "possession and control" instead of the correct "possession *or* control"—to argue that she misunderstood Rule 34's test and thus erred as a matter of law. *Id*. at 15; Fed. R. Civ. P. 34. This

---

[7] Additionally, Judge Russo listed all of relief that Plaintiffs requested directly from their filings, which shows she considered all their requests, even if she did not individually discuss each one. Order [521] at 13 (quoting [509] at 1).

7 – OPINION AND ORDER

argument similarly does not meet the standard under Rule 72(a). Again, judges are presumed to know the law. *See Beaty*, 303 F.3d at 986. And Rule 34's text concerns the proper *scope* of document requests, not the proportionality analysis at the heart of Judge Russo's order. Fed. R. Civ. P. 34 ("A party may serve on any other party a request . . . to produce . . . items in the responding party's possession, custody, *or* control:") (emphasis added)). Judge Russo noted that Defendant had "conducted numerous searches for any complaints in its control and possession" when explaining that the benefit to Plaintiffs of forcing Defendant to conduct additional searches was outweighed by the burden and expense to Defendant. Order [521] at 15. This does not indicate that Judge Russo misunderstood Rule 34 and found that Defendant need not produce documents that are within its control but not within its possession.

Judge Russo did not err in denying Plaintiffs' request for a second discovery extension to continue investigating the approximately 270 additional Starfish complaints that they believe Defendant has. This Court agrees with Judge Russo that discovery has concluded, and that this case is ready for trial.

## CONCLUSION

Judge Russo's August 26, 2024, Order [521] applied the correct legal standard under Rule 26 and did not make any clearly erroneous factual findings. Accordingly, the Court DENIES Plaintiffs' request to modify Judge Russo's Order [523].

IT IS SO ORDERED.

DATED this **22nd** day of October, 2024.

\_\_\_\_*Amy M. Baggio*_____
AMY M. BAGGIO
United States District Judge