LAURA E. ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

FELICIA A. DAVIS, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
DANIEL PRINCE, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
LINDSEY C. JACKSON, Cal: SB# 313396 (*pro hac vice*)
lindseyjackson@paulhastings.com
ALYSSA TAPPER, Cal: SB# 324303 (*pro hac vice*)
alyssatapper@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendant NIKE, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL and SARA JOHNSTON, individually and on behalf of others similarly situated, | Case No.: 3:18-cv-01477-AB |
| Plaintiffs, | **DEFENDANT NIKE, INC.'S MOTION TO REDACT THIRD-PARTY EMPLOYEE NAMES FROM TRANSCRIPT OF OCTOBER 9, 2024, DISCOVERY HEARING** |
| v. | |
| NIKE, INC., an Oregon corporation, | **ORAL ARGUMENT REQUESTED** |
| Defendant. | **FILED UNDER SEAL** |

# TABLE OF CONTENTS

**Page**

LR 7-1 CERTIFICATION .................................................................................... 1

MOTION TO REDACT ADDITIONAL INFORMATION ............................................. 1

I.    FACTUAL BACKGROUND ...................................................................... 2

II.   THE "GOOD CAUSE" STANDARD APPLIES TO REDACTIONS TO THE
      DISCOVERY HEARING TRANSCRIPT .................................................... 4

III.  NIKE'S REQUESTED REDACTIONS MEET BOTH THE "GOOD CAUSE"
      AND "COMPELLING REASONS" STANDARDS ....................................... 6

      A.    Non-Party Privacy Interests Of NIKE's Employees Meet The "Good
            Cause" Standard. ........................................................................ 8

      B.    Non-Party Privacy Interests Of NIKE's Employees Also Meet The
            "Compelling Reasons" Standard. .................................................. 10

IV.   ALTERNATIVELY, THE COURT MAY DEFER RULING ON THIS MOTION
      UNTIL GUIDANCE FROM THE NINTH CIRCUIT .................................... 11

V.    CONCLUSION ........................................................................................ 11

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Al Otro Lado v. Wolf,*
952 F.3d 999 (9th Cir. 2020) ............................................................................10

*Center for Auto Safety v. Chrysler Grp., LLC,*
809 F.3d 1092 (9th Cir. 2016) ("*Chrysler*") ...............................................4, 5, 6

*Glenmede Tr. Co. v. Thompson,*
56 F.3d 476 (3d Cir. 1995)............................................................................4, 5

*Gnassi v. Toro,*
No. 3:20-cv-06095-JHC, 2022 WL 3867376 (W.D. Wash. Aug. 30, 2022) ...........................9

*Hunt v. Continental Cas. Co.,*
No. 13-cv-05966-HSG, 2015 WL 5355398 (N.D. Cal. Sept. 14, 2015)...................................8

*In re Bofi Holding, Inc. Secs. Litig.,*
No. 3:15-CV-02324-GPC-KSC, 2016 WL 5390533 (S.D. Cal. Sept. 27, 2016) ....................8

*In re Roman Cath. Archbishop of Portland in Oregon,*
661 F.3d 417 (9th Cir. 2011) ........................................................................4, 5

*Iron Workers Local 580 Joint Funds v. Nvidia Corp.,*
No. 18-cv-07669-HSG, 2021 U.S. Dist. 38963 (N.D. Cal. Mar. 2, 2021) ...............................8

*Jones v. PGA Tour, Inc.,*
No. 22-CV-04486-BLF, 2023 WL 5520771 (N.D. Cal. Aug. 24, 2023)...................................5

*Kamakana v. City and County of Honolulu,* 447 F.3d 1172 (9th Cir. 2006)...............................10

*Moussouris v. Microsoft Corp.,*
No. 15-cv-1483 JLR, 2018 WL 1159251 (W.D. Wash. Feb. 16, 2018)...................................9

*Nken v. Holder,*
556 U.S. 418 (2009)........................................................................................10

*Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.,*
307 F.3d 1206 (9th Cir. 2002) ........................................................................4

*Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agric.,*
499 F.3d 1108 (9th Cir. 2007) ........................................................................10

*Reflex Media Inc. v. Doe No. 1,*
No. 2:18-cv-02423-RFB-BNW, 2022 WL 2985938 (D.Nev. July 28, 2022) .........................8

*Richardson v. Mylan Inc.,* No. 09-CV-1041-JM WVG, 2011 WL 837148 (S.D. Cal. Mar. 9, 2011) ........................................................................................11

**STATUTES**

42 U.S.C. § 2000e-2 (TITLE VII) ................................................................................2

OREGON EQUALITY ACT ........................................................................................2

**RULES**

FED. R. CIV. P. 26(c) ...............................................................................................4

FED. R. CIV. P. 26(c)(1) ...........................................................................................4

FED. R. CIV. P. 72 ...................................................................................................5

LR 7-1 ...................................................................................................................1

## **LR 7-1 CERTIFICATION**

Pursuant to Local Rule 7-1, counsel for Defendant NIKE, Inc. ("NIKE") conferred in good faith with counsel for Plaintiffs Kelly Cahill, Heather Hender, Sara Johnston, and Lindsay Elizabeth ("Plaintiffs"), and counsel for the Media Organization Intervenors, Insider Inc. *d/b/a BUSINESS INSIDER*, Advance Local Media LLC *d/b/a Oregonian Media Group*, and American City Business Journals, Inc. *d/b/a Portland Business Journal* (collectively the "Intervenors"), regarding this motion and the matters contained herein. NIKE understands that the motion will be opposed. Declaration of Felicia A. Davis in support of Motion to Redact ¶¶3-4, Ex. A-B.

## **MOTION TO REDACT ADDITIONAL INFORMATION**

Pursuant to the Policy and Procedures for the Electronic Filing of Transcripts for the United States District Court for the District of Oregon ("Transcript Policy"),[1] counsel for NIKE hereby moves the Court for an order redacting certain third-party employee names included in the Court's October 9, 2024, hearing transcript. The individuals at issue either submitted internal concerns to NIKE in confidence and with the expectation that their information would be kept as confidential as possible, or are individuals Plaintiffs contend were involved in the distribution or collection of "Starfish" questionnaires. To the best of NIKE's knowledge, none of the individuals at issue have consented to disclosure of their names or identities in this litigation. Counsel for Plaintiffs confirm that they have not received such authorizations or consent.

NIKE does not seek to redact any information other than the names and identities of these third-party individuals. The "good cause" standard applies to these redactions because the

---

[1] THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON, *Policy and Procedures for the Electronic Filing of Transcripts* https://ord.uscourts.gov/index.php/filing-and-forms/1367-transcript-information/958-policy-and-procedures-for-the-electronic-filing-of-transcripts (last accessed Nov. 2, 2024).

disclosures arose in connection with a non-dispositive discovery hearing.  However, NIKE maintains—consistent with its appeal, *Cahill et. al. v. NIKE, Inc.*, No. 24-165 (9th Cir. 2024) ("Appeal No. 24-165")—that redaction of the third-party employee names is also appropriate under the higher "compelling reasons" standard.   Alternatively, in the interests of judicial efficiency, NIKE proposes that the Court delay ruling on this motion until after the Ninth Circuit has ruled on NIKE's pending appeal (Appeal No. 24-165), which will address whether the names of third-party individuals who made or are related to internal complaints may be redacted in public filings.

I.    **FACTUAL BACKGROUND**

Plaintiffs filed this action in 2018, asserting equal pay claims under the Federal and Oregon Equal Pay Acts, and asserting pay and promotion discrimination claims under Title VII and the Oregon Equality Act.  As the Court is aware, the Parties have spent a significant amount of time in discovery and motion practice on the production and filing of documents related to internal concerns raised by some employees.  Most of these documents relate to concerns outside of the scope of the pay and promotion causes of action asserted by the four Plaintiffs.  Many relate to the questionnaires that were created, circulated, and collected informally by a small group of employees, independently from any official NIKE channel, often referred to as the "Starfish" questionnaires.  *See* ECF No. 521 at 14.

The questionnaires and all other internal complaint-related documents that were not related to the named or opt-in Plaintiffs were designated during production as "**Highly Confidential – Attorneys' Eyes Only**" under the Parties' Protective Order.  Thereafter, NIKE and Plaintiffs worked together to remove confidential designations over the substance of the complaints (*i.e.*, the allegations themselves), but agreed to redact in any public filings the names

of third-party individuals who made complaints, or who were witnesses or alleged persons of interest not already publicly named.  ECF 273 at 12, ECF 171 at 8.[2]

After Plaintiffs attached some documents containing such redactions to their class certification motion, ECF Nos. 146, 154; *see e.g.*, ECF Nos. 159-7, 159-8, 59-9, 159-10, 160-1, 160-2, the Media Intervenors intervened in this action to unseal the documents in their entirety, *see* ECF No. 205.  The trial court initially denied their request, *see* ECF No. 273, but the Intervenors later renewed their motion after Plaintiffs' class certification motion was denied, *see* ECF No. 343; *see also* ECF. Nos. 310 and 335 (District Court Order Adopting Magistrate Judge Russo's Findings and Recommendation to Deny Class Certification).  The Intervenor's motion sought access to the identities of the complainants, witnesses, and alleged persons of interest named in the documents.  *Id.*  Over NIKE's objections, *see* ECF Nos. 345 and 376, the trial court granted the Media Intervenors' renewed motion (the "Unsealing Order"), *see* ECF Nos. 363 and 403.

NIKE appealed the Unsealing Order to the Ninth Circuit immediately, ECF No. 406, and has continually fought to stay the Unsealing Order during its appeal to avoid the immediate and irreparable harm to the non-parties stemming from wide-spread publication of their names, *see, e.g.,* ECF Nos. 397, 404, 406.  A flurry of activity in both courts culminated in the Ninth Circuit ruling that the names should remain sealed pending NIKE's appeal, issuing a stay order (the "Stay Order") that this Court entered at ECF No. 408.[3]  The appeal is now fully briefed and oral

---

[2] *See also* ECF 290-4 at 1-37; ECF 288 at 1-11; ECF 285-2 at 1-2; ECF 285-1 at 1-2; ECF 284-8 at 1-6; ECF 284-7 at 1-4; ECF 165-4 at 1-37; ECF 163 at 1-11; ECF 160-2 at 1-2; ECF 160-1 at 1-2; ECF 159-8 at 1-6; ECF 159-7 at 1-4; ECF 159-6 at 1-3.

[3] Of course, Plaintiffs' counsel violated both that Stay Order and the Protective Order in this case when counsel Laura Salerno Owens of Markowitz Herbold, P.C. provided Confidential documents to Matthew Kish, a reporter with The Oregonian.  ECF No. 411 ¶ 9.

argument is expected to take place in February or March of 2025.

During a discovery hearing in this Court on October 9, 2024, Plaintiffs' counsel identified, by name, certain current and former employees who are non-parties to this case, and who either submitted an internal complaint to NIKE, or who participated in the "Starfish" questionnaire process. *See* ECF No. 540. To NIKE's knowledge, none of these individuals have consented to disclosure of their names or identities in this litigation and counsel for Plaintiffs confirm that they do not have consent to make such disclosures. Declaration of Felicia A. Davis in support of Motion to Redact ¶¶5-7. Upon receipt of the transcript, and in compliance with this Court's Transcript Policy, NIKE filed a Notice of Intent to Redact Additional Information on October 23, 2024. ECF No. 544. NIKE asks the Court to seal the names of the individuals at issue, at least until the Ninth Circuit rules on the merits of NIKE's appeal.

## II.    THE "GOOD CAUSE" STANDARD APPLIES TO REDACTIONS TO THE DISCOVERY HEARING TRANSCRIPT

Courts in the Ninth Circuit apply two standards when determining whether to seal information related to pre-trial motions, "good cause" or "compelling reasons." A "good cause" standard applies to information related to non-dispositive motions, *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.,* 307 F.3d 1206, 1213 (9th Cir. 2002), that are unrelated or less than tangentially related to the merits of the case, *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) ("*Chrysler*"). "The 'good cause' language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: 'The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .'" *Id.* at 1097 (citing Fed. R. Civ. P. 26(c)). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Phillips*, 307 F.3d at 1211. The Ninth

Circuit has "directed courts doing this balancing to consider the factors identified by the Third Circuit in *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)." *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011).

> Those factors are:  (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

*Id.* at 424 n.5 (citing *Glenmede Trust*, 56 F.3d at 483).

In contrast, the "compelling reasons" standard applies only to those proceedings that are "more than tangentially related to the [dispute]."  *See Chrysler*, 809 F. 3d at 1098-99.  The Ninth Circuit has clarified that such a situation may arise when the procedure at issue has a profound impact on the substantive rights of the parties, accelerates the merits of the dispute, or implicates far-reaching personal or constitutional issues.  *Id.*

The "good cause" standard applies here.  In the present case, Judge Russo has applied the "good cause" standard in disputes related to discovery issues and in doing so, has held that the names of third-party employees should be redacted in some Starfish questionnaires and emails confirming participation in related investigations.  ECF No. 521 at 17.  That standard applies to discovery disputes—like the October 9, 2024 hearing transcript—which are non-dispositive and only "tangentially related to the underlying cause of action."  *Chrysler*, 809 F.3d at 1099, *see, also, Jones v. PGA Tour, Inc.*, No. 22-CV-04486-BLF, 2023 WL 5520771, at *6 (N.D. Cal. Aug. 24, 2023)* ("The documents to which [the newspaper-intervenor] seeks access were related to discovery disputes about whether [defendant] was entitled to receive certain discovery, and discovery-related motions are reviewed under the good cause standard[.]").  Indeed, the October

9, 2024 hearing addressed Plaintiffs' Rule 72 objections to Judge Russo's earlier discovery order. The issues were not dispositive and, as this Court has found, the subject of the objections (namely, the Starfish questionnaires) is minimally related—at best—to Plaintiffs' underlying claims (though NIKE maintains they are not relevant at all). *Id.*; *see also* ECF No. 521 at 15 (finding the questionnaires have only "some tangential relevance").

### III.    NIKE'S REQUESTED REDACTIONS MEET BOTH THE "GOOD CAUSE" AND "COMPELLING REASONS" STANDARDS

Pursuant to the Court's Transcript Policy, NIKE asks the Court for an order redacting the following third-party names from the October 9, 2024, discovery hearing transcript (ECF No. 541):

| INDIVIDUALS WHO MADE INTERNAL COMPLAINTS | | |
|---|---|---|
| **Page[4]** | **Line(s)** | **Requested Redacted Language** |
| 10 | 3 | ██████████ |
| 11 | 3 | ██████████ |
| 11 | 8 | ██████████ |
| 11 | 22 | ██████████ |
| 12 | 2 | █████████████████ |
| 12 | 15 | ████ |
| 12 | 24 | ██████ |
| 13 | 2 | ██████ |
| 13 | 8 | ██████ |
| 14 | 21 | ███ |
| 16 | 10 | ███ |
| 19 | 16 | ███ |
| 23 | 16 | ██████ |
| 39 | 24 | ████████ |
| Index page 2 | n/a | ████ |

---

[4] NIKE refers to the page number of the transcript.

| Index page 6 | n/a | ██████████████ |
| Index page 7 | n/a | ██ |
| **INDIVIDUALS PLAINTIFFS CONTEND WERE INVOLVED IN STARFISH QUESTIONNAIRES** | | |
| **Page** | **Line(s)** | **Requested Redacted Language** |
| 11 | 10 | ████████ |
| 23 | 15 | █████████████████████████████ |
| 23 | 16 | ████ |
| 36 | 9 | ███████████████████ |
| 36 | 10 | ██████████ |
| Index page 2 | n/a | ███ |
| Index page 4 | n/a | ███ |
| Index page 5 | n/a | ██ |
| Index page 6 | n/a | ████ |
| Index page 9 | n/a | █████████████ |

Each of the redaction requests relates to a third-party current or former NIKE employee who either (1) made an internal complaint, or (2) Plaintiffs allege to have been involved in the Starfish questionnaires. As to the first group, ████████████ (also referred to as ██████ in the transcript) and ██████████ both raised internal concerns to NIKE.[5] To NIKE's knowledge, both did so with the expectation that their concerns would be treated as confidentially as possible. Neither are parties to this action, nor have either indicated that they consent to public disclosure of their names, identities or any private information about them or their concerns.[6]

As to the second group, Plaintiffs contend that █████████████████████████████,

---

[5] NIKE received a questionnaire from ██████████ but not from ██████████

[6] Plaintiffs may argue that ██████████ "consented" to public disclosure of her name when she produced documents to Plaintiffs' counsel bearing her name. Of course, providing documents to an attorney upon request does not equal consent to disclosure in a public filing or release to the press. Counsel for Plaintiffs are in contact with ██████████ If she wishes to provide her consent, they clearly have access to her in order to obtain it.

and ███████████ were involved in creating or distributing the Starfish questionnaire. As outlined above and in other Court filings, the Starfish questionnaire was conceptualized and created during non-work hours and outside of the workplace, in individual employees' homes. In fact, much of the work was completed on an anonymous basis. It is likely that these individuals— who took steps consistent with a desire to remain anonymous and to not publicly associate themselves with the questionnaires—do not wish for their association to be known, as they may perceive that such a link could endanger future career prospects outside of NIKE.

If any of these individuals wish to make their involvement or identities known, they certainly are free to do so. NIKE, however, desires to protect their privacy unless and until they make that decision. Or at a minimum, until the Ninth Circuit rules on NIKE's appeal. This is the correct outcome under either the "good cause" or "compelling reasons" standards.

## A.    Non-Party Privacy Interests Of NIKE's Employees Meet The "Good Cause" Standard.

Consistent with Magistrate Judge Russo's August 26, 2024, Order, NIKE has shown good cause for redacting the names and identities listed above. As it has maintained throughout this action, NIKE is concerned with protecting the privacy interests of non-litigant employees—who have not chosen to place themselves in the public spotlight. In fact, the only reason these individuals' names might come to light to face public ridicule is that they did what they were encouraged to do—speak up when they saw something they felt was wrong. Their reward? Public disclosure of information they thought would remain confidential. "Good cause" for redactions exist here to protect the important privacy interests of these non-parties and safeguard them from unwarranted "harassment, embarrassment, or ridicule." *Reflex Media Inc. v. Doe No. 1*, No. 2:18-cv-02423-RFB-BNW, 2022 WL 2985938, at *2 (D.Nev. July 28, 2022) (sealing names of "victims of the alleged extortion business underlying this case"); *see also In re Bofi Holding, Inc. Secs.*

*Litig.*, No. 3:15-CV-02324-GPC-KSC, 2016 WL 5390533, at \*16 (S.D. Cal. Sept. 27, 2016) (finding "fear [of] retaliation and potential harassment" constitute "compelling reasons that outweigh the public's interest in disclosure" of the identities of confidential witnesses). And because the names of non-parties generally do not bear on the underlying merits of the case—especially here where the documents have no relevance to the four named Plaintiffs' claims—these "important privacy concerns . . . outweigh the public's interest in disclosure." *Iron Workers Local 580 Joint Funds v. Nvidia Corp.*, No. 18-cv-07669-HSG, 2021 U.S. Dist. LEXIS 38963, at \*5 (N.D. Cal. Mar. 2, 2021) ("personally identifying information of [] a non-party, is not relevant to the disposition of this case") (citation omitted); *see also Hunt v. Continental Cas. Co.*, No. 13-cv-05966-HSG, 2015 WL 5355398, at \*2 (N.D. Cal. Sept. 14, 2015) (finding the names of nonparties "implicate[d] important privacy concerns" and those names were "not relevant to the disposition of th[e] case").

Further, denial of NIKE's motion would be inconsistent with this Court's prior orders. Magistrate Judge Russo's August 26, 2024, Order found that NIKE's assertion of non-party privacy interests met the "good cause" standard. ECF No. 521 at 17. There, Judge Russo applied the "good cause" standard when she found that for "documents at issue relat[ing] entirely to Starfish complaints raised in confidence . . . containing allegations regarding harassment in the workplace and emails confirming participation in the investigation" redactions are appropriate to alleviate the harm "relate[d] to the confidence with third parties submitted complaints." *Id.* Given that the content at issue here is similar, at least with respect to the individuals who made internal complaints, and in light of the Court's prior determination that this information meets the "good cause" standard, the Court should determine that NIKE's proposed redactions here similarly should remain redacted.

**B.** **Non-Party Privacy Interests Of NIKE's Employees Also Meet The "Compelling Reasons" Standard.**

NIKE anticipates Plaintiffs or the Intervenors will argue that NIKE's proposed redactions require application of the "compelling reasons" standard. Even if that standard were to apply—it does not—NIKE's proposed reasons for sealing this information (*i.e.*, the non-party privacy interests of NIKE employees) meet that standard as well.

To determine whether "compelling reasons" exist, "the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that "[t]hose who seek to maintain the secrecy of documents attached to *dispositive motions* must meet the high threshold of showing that compelling reasons support secrecy") (emphasis added). Here, the privacy interests of the non-party employees who raised internal concerns or who participated in creating the Starfish questionnaires—in confidence—far outweigh the minimal public interest in disclosing their names. *See Id.* at 1178-7 (applying the compelling reasons test and finding the "'compelling reasons' sufficient to outweigh public interest . . . and justify sealing court records exists when such court files might have become a vehicle for improper purposes, such as use of records to . . . promote public scandal . . .").[7] This is especially true because the mention of the non-party employees' names relates solely to issues that this Court has held are, at most, tangentially relevant to Plaintiffs' claims. *See* ECF No. 521 at 17. Like many

---

[7] While this Court's Unsealing Order previously determined that NIKE's asserted non-party privacy interests did not meet the "compelling reasons" standard when analyzing documents filed in connection with a substantive motion, ECF No. 404, this question in currently on appeal, ECF No. 406. NIKE believes it will be successful on that appeal, given the Ninth Circuit's Stay Order, *see* ECF No. 408 (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)), a form of relief that required the Ninth Circuit to determine that NIKE made a strong showing that they are likely to succeed on the merits. *Al Otro Lado v. Wolf*, 952 F.3d 999, 1010 (9th Cir. 2020) ("An applicant for a stay pending appeal must make 'a strong showing that he is likely to succeed on the merits.'") (quoting *Nken*, 556 U.S. at 434).

other courts have already found, the privacy interests of non-party employees here meet the "compelling reasons" standard for redaction. *See e.g. Moussouris v. Microsoft Corp.*, No. 15-cv-1483 JLR, 2018 WL 1159251, at *6 (W.D. Wash. Feb. 16, 2018) (sealing names of non-party employees who raised allegations that they were discriminated against or harassed while employed by Microsoft); *Gnassi v. Toro*, No. 3:20-cv-06095-JHC, 2022 WL 3867376, at *3 (W.D. Wash. Aug. 30, 2022) ("Courts may seal records containing identifying information of third parties to protect their privacy interests.").[8]

## IV.  ALTERNATIVELY, THE COURT MAY DEFER RULING ON THIS MOTION UNTIL GUIDANCE FROM THE NINTH CIRCUIT

Alternatively, the Court could delay ruling on this motion until after the Ninth Circuit has ruled on NIKE's pending appeal (Appeal No. 24-165).  The Ninth Circuit will soon provide guidance regarding the nature and scope of privacy protections afforded to non-party NIKE employees in documents filed with the court.  This determination may also reach the question of whether the "compelling reasons" standard is met by NIKE's assertion of non-party privacy interests.  Given the pending appeal directly relates to the issues now before this Court, the Court may wish to defer ruling, and keep the transcript sealed or redacted in the interim, in order to apply that guidance and avoid inconsistent rulings.  *Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agric.*, 499 F.3d 1108, 1114 (9th Cir. 2007).

## V.  CONCLUSION

For the foregoing reasons, NIKE respectfully requests that the Court issue an order redacting the page and line numbers listed above that refer to the names of the complainants,

---

[8] This analysis does not change because NIKE seeks to redact information in the transcript of a hearing held in open court.  *See Richardson v. Mylan Inc.*, No. 09-CV-1041-JM WVG, 2011 WL 837148 at *2 (S.D. Cal. Mar. 9, 2011) (court granted defendant's motion to seal portions of the trial transcripts because "their interests in concealing the information therein outweigh the public's interest in accessing it").

witnesses, and alleged persons of interest included in the Court's October 9, 2024, hearing transcript. NIKE additionally requests that the Court should delay ruling on this motion until after the Ninth Circuit has ruled on NIKE's pending appeal (Appeal No. 24-165).

Date:  November 6, 2024

/s/ Felicia A. Davis
FELICIA A. DAVIS, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
DANIEL PRINCE, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

LAURA E. ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480