Timothy Volpert
OR Bar No. 814074
tim@timvolpertlaw.com
TIM VOLPERT, P.C.
3934 SE Hawthorne Blvd. Suite 343
Portland, OR 97214
(503) 703-9054

Lisa Zycherman*
lzycherman@rcfp.org
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
(202) 795-9300
*Admitted *pro hac vice*

*Counsel for Media Intervenors*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al., individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>    Defendant. | Case No. 3:18-cv-01477-JR<br><br>RESPONSE OF NON-PARTY MEDIA ORGANIZATIONS INSIDER, INC. *d/b/a BUSINESS INSIDER*, ADVANCE LOCAL MEDIA LLC *d/b/a OREGONIAN MEDIA GROUP*, AND AMERICAN CITY BUSINESS JOURNALS, INC. *d/b/a PORTLAND BUSINESS JOURNAL* TO DEFENDANT'S MOTION TO REDACT THIRD-PARTY EMPLOYEE NAMES FROM TRANSCRIPT OF OCTOBER 9, 2024 DISCOVERY HEARING |

## MEDIA INTERVENORS' RESPONSE TO MOTION TO REDACT THIRD-PARTY EMPLOYEE NAMES FROM TRANSCRIPT OF OCTOBER 9, 2024 DISCOVERY HEARING

Non-party media organizations and intervenors-appellees Insider, Inc. *d/b/a Business Insider*, Advance Local Media LLC *d/b/a Oregonian Media Group* ("*The Oregonian*") and American City Business Journals, Inc. *d/b/a Portland Business Journal* (collectively, "Media Intervenors") respectfully submit this response to Defendant Nike, Inc.'s ("Nike") Motion to Redact Third-Party Employee Names from Transcript of October 9, 2024 Discovery Hearing. ECF No. 551 (hereinafter, the "Motion to Redact").

I. **Nike's Motion to Redact Should be Denied.**

Nike's Motion to Redact should be denied for the simple reason that no portion of the October 9, 2024 discovery hearing was closed to the public. Nike did not seek in advance of the hearing—let alone obtain—an order from the Court closing any portion of the hearing, excluding any participants, or limiting the disclosure or discussion of any specific information at the hearing. Nike's belated attempt to retroactively close a portion of the hearing by redacting from the transcript information that was discussed in an open court proceeding necessarily must fail. Once information has been made public, the Court cannot make it secret again. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1184 (9th Cir. 2006) (affirming unsealing order because names and other information the United States sought to redact were publicly available); *see also Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 n.11 (2d Cir. 2004) ("Once the cat is out of the bag, the ball game is over." (citation omitted)).

In any event, Nike's Motion to Redact the names and identifying information of non-party employees on the basis of purported privacy interests fails on the merits; it should be denied for the same reasons this Court previously and correctly rejected Nike's argument that the names of

employees connected to workplace complaints—including the names of Nike executives accused of workplace misconduct—must be redacted from filings made by the parties in opposition to and in support of class certification. ECF No. 403. The mere fact that Nike has appealed this Court's ruling is not a basis for sealing other court records in this ongoing case.

Though Nike continues to insist, incorrectly, that sealing and redaction of court records can be ordered on a mere showing of "good cause," judicial records—including transcripts of court hearings—are subject to a strong common law presumption in favor of public access. *See Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (recognizing that courts are required "to start with a strong presumption in favor of access" when determining if court records should be withheld from the public); *see also Kamakana*, 447 F.3d at 1178 (explaining that there is a strong presumption of access unless a court record is a type that is "traditionally kept secret" (citation omitted)). Accordingly, Nike must demonstrate "compelling reasons" supported by specific facts to warrant redaction of the hearing transcript at issue. *Kamakana*, 447 F.3d at 1178 (applying the "compelling reasons" standard and finding that proposed redactions to deposition testimony were unwarranted); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (the party seeking redaction or sealing bears the burden to demonstrate compelling reasons for non-disclosure). That showing must be specific and particularized to each document or portion of a document that the party seeks to seal and must do more than "generally not[e] the existence of confidential third party information." *Foltz*, 331 F.3d at 1131, 1138–39.

Nike cannot meet that burden here—especially given the fact that the information Nike seeks to redact is information that was stated on the record at a discovery hearing that was not closed to the public. Indeed, Nike offers nothing more than conclusory, speculative concerns about employee privacy, conjecturing that "[i]t is likely that these individuals . . . do not wish for their

**RESPONSE TO DEFENDANT'S MOTION TO REDACT THIRD-PARTY EMPLOYEE NAMES FROM TRANSCRIPT OF OCTOBER 9, 2024 DISCOVERY HEARING**
**- Page 2 -**

association to be known, as they may perceive that such a link could endanger future career prospects outside of Nike." ECF No. 551 at 8. Not only does Nike fail to provide any evidence in support of its claim that it is "likely" that Nike employees fear embarrassment, but even if it had, mere potential for embarrassment is insufficient under both the "compelling reasons" and "good cause" standards to justify redaction. *Kamakana*, 447 F.3d at 1179 ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."); *Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014) (holding that "to avoid embarrassment or annoyance to [debtor] and to prevent an undue burden on his professional endeavors [] are not 'compelling'"); *Johnson v. Coos Cnty.*, No. 19-CV-01883-AA, 2023 WL 3994287, at *3 (D. Or. June 14, 2023) (applying "good cause" standard and finding that while litigants had "a privacy interest at stake and the disclosure of the challenged exhibits may be embarrassing to them, these considerations are substantially outweighed by the remaining factors"). Accordingly, even setting aside the fact that Nike's Motion to Redact improperly seeks to redact the transcript of an open hearing, Nike has not—nor could it have—satisfied its burden to demonstrate that redaction of any information in that transcript is necessitated by compelling reasons.

## CONCLUSION

For the foregoing reasons, the Court should deny Nike's Motion to Redact the transcript of the discovery hearing held on October 9, 2024.

Dated: November 19, 2024                    */s/ Lisa Zycherman*

                                            Timothy Volpert
                                            OR Bar No. 814074

**RESPONSE TO DEFENDANT'S MOTION TO REDACT THIRD-PARTY EMPLOYEE NAMES FROM TRANSCRIPT OF OCTOBER 9, 2024 DISCOVERY HEARING**
- Page 3 -

tim@timvolpertlaw.com
TIM VOLPERT, P.C.
3934 SE Hawthorne Blvd. Suite 343
Portland, OR 97214
(503) 703-9054

Lisa Zycherman*
lzycherman@rcfp.org
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
(202) 795-9300
*Admitted *pro hac vice*

*Counsel for Media Intervenors*