**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Kathryn P. Roberts, OSB #064854**
KathrynRoberts@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085 ǀ Fax: (503) 323-9105

**Laura L. Ho** (admitted *pro hac vice*)
lho@gbdhlegal.com
**Barry Goldstein, Of Counsel** (admitted *pro hac vice*)
bgoldstein@gbdhlegal.com
**James Kan** (admitted *pro hac vice*)
jkan@gbdhlegal.com
**Byron Goldstein** (admitted *pro hac vice*)
brgoldstein@gbdhlegal.com
**Katharine L. Fisher** (admitted *pro hac vice*)
kfisher@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
Telephone: (510) 763-9800 ǀ Fax: (510) 835-1417

Counsel for Plaintiffs

[Additional Counsel of Record listed on the Signature page]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>NIKE, INC., an Oregon Corporation,<br><br>Defendant. | Case No. 3:18-cv-01477-JR<br><br>**PLAINTIFFS' CORRECTED REQUEST FOR CLARIFICATION REGARDING ORDER ECF NO. 542** |

913653.1

**PLS.' CORRECTED REQUEST FOR CLARIFICATION RE ORDER ECF NO. 542**

Plaintiffs respectfully request clarification regarding ECF No. 486 ("May 16 Order") and ECF No. 542 ("October 22 Order") with respect to whether Plaintiffs are permitted to seek the limited relief identified below.[1]

They request clarification for three reasons. First, Plaintiffs could not pursue this relief until recently. Because this relief targets evidence Nike has already collected in response to already-served discovery, this relief does not concern new discovery. Second, at the same time, the October 22 Order ruled that "discovery has concluded, and that this case is ready for trial." *Id.* at 8. Third, the relief described herein neither requires changing the trial date or case schedule nor does it implicate the cost factor of the proportionality analysis because Nike has already collected the documents that this relief targets.

### 1. Motion to Compel Production of the Memo Nike Submitted *In Camera* and Documents "On the Same Subject" Because Nike Recently Waived Privilege.

Nike recently waived any privilege regarding the subject matter of the memo it submitted to the Court *in camera*. Nike chose to put this subject matter at issue, offered to provide this memo *in camera* to the Court, and then provided it *in camera* in opposition to and while Plaintiffs' Objections (ECF No. 523) were pending.[2]

A decision from current Ninth Circuit Judge Koh when she was on the district court demonstrates why this is now a live issue. There, after the Magistrate Judge granted a motion for sanctions against defendant Samsung, the Magistrate Judge found Samsung waived privilege over 92 documents because its opposition cited these documents and then, pursuant to an order,

---

[1] While a request for clarification is not explicitly listed in the Rules, the Magistrate Judge recently granted such a request from Nike. ECF No. 486 (granting "[Nike's] request for clarification" to impose substantial restrictions on Plaintiffs when deposing Nicole Graham and Jamie Jeffries).

Rule 1 also recognizes "the affirmative duty of the court to exercise the authority conferred by these rules to ensure that civil litigation is resolved not only fairly, but also without undue cost or delay." *Blair v. CBE Grp. Inc.*, No. 13-CV-00134-MMA WVG, 2015 WL 3397629, at *7 (S.D. Cal. May 26, 2015) (Rule 1 recognizes) (quoting Fed. R. Civ. P. advisory committee's note (1993)).

[2] Nike's privilege log entry did not state this document was related to Starfish, what Nike now refers to as the "questionnaires," or sex discrimination.

Samsung submitted these documents *in camera*. *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2015 WL 3863249, at *1-2, 4 (N.D. Cal. June 19, 2015). Judge Koh's thorough opinion affirmed implied waiver under the "fairness principle" because "*Any in camera* review of Samsung's documents" violated due process. *Id.* at *10 (emphasis added).

Nike, likewise, affirmatively and repeatedly relied on and cited to the memo in its opposition to Plaintiffs' motions that were at issue in the Objections decided in the October 22 Order. ECF Nos. 513 at 6, 9; 515 at 7 n.3, 11, 19. Nike then submitted this memo *in camera* to the Court after Plaintiffs' Objections were filed and while they were pending. As Judge Koh's decision shows, where Samsung waived privilege as to documents it was ordered to provide *in camera*, it was immaterial that the Court ordered Nike to provide this memo, especially since Nike affirmatively relied on and offered to provide it *in camera*. *See*, *Apple*, 2015 WL 3863249, at *2. Nor can Nike argue that the Court did not rely on the memo in denying Plaintiffs' Objections because due process is violated regardless of the outcome and, in *Apple*, the Court clearly did not rely on the *in camera* submission to Samsung's benefit because Samsung lost the sanctions motion.

### 2. Motion to Compel Production of Already-Collected, Responsive Evidence First Disclosed in Nike's May 29, 2024 Privilege Log.

Nike's May 29, 2024 privilege log identified, for the first time, hundreds of unproduced documents that are relevant to whether Nike's discrimination against women was its regular practice. These documents are indisputably responsive to Plaintiffs' discovery requests. Nike's obligation under Rule 26(e)(1) to supplement productions continues after the discovery cut-off.[3] Plaintiffs were denied the opportunity to compel production of this evidence until the October 22 Order for two reasons.

First, Nike's recalcitrance in discovery. In 2019 and 2020, on three separate occasions

---

[3] *See e.g., Sparta Ins. Co. v. Garfias,* No. CV-12-5051-RMP, 2014 WL 11515843, at *2 (E.D. Wash. Feb. 21, 2014) (citations omitted); *L.A. Terminals, Inc. v. United Nat'l Ins. Co.*, 340 F.R.D. 390, 396 (C.D. Cal. 2022) ("The duty to supplement 'continues even after the discovery period has closed.'") (collecting cases).

and for three independent reasons, Nike was obligated to disclose the entries it made for the first time in its May 29, 2024 privilege log.

Although Rule 34 required Nike to list these documents on a privilege log by mid-2019 because they were responsive to Plaintiffs' March 2019 RFPs, Nike never did so. Plaintiffs' March 2019 RFPs requested all documents and communications titled or referring to "Starfish" (ECF No. 289-1 at 26, RFP No. 46), and all documents and communications regarding sex discrimination complaints or investigations at Nike HQ, including those provided to or by an executive (*id.* at 19-20, RFP Nos. 27-29).

Then, after Nike represented to the Court in July 2020 that its privilege logs would identify all investigations, findings, and decisions regarding Starfish, it failed to disclose these privilege log entries.[4] And, again, after the August 2020 Order required Nike to produce (or log) all investigation reports (ECF No. 111 at 7-8), Nike did not disclose these unproduced documents on a privilege log until May 29, 2024.

Second, the content of Nike's privilege log was necessarily tentative and incomplete until the October 22 Order, when the Court ordered that discovery was complete. Until that time, the Magistrate Judge's May 16 Order directing "NIKE to complete its production of non-privileged documents responsive to Plaintiffs' RFP Set 7" was pending. ECF No. 486 (adopting ECF No. 485).[5] As Nike confirmed at the October 9, 2024 hearing, it did not produce all discovery

---

[4] Nike's commitment to the Court and Plaintiffs was:

> *as to the investigation into Anderson's complaint and all other Starfish Survey complaints*, the attorneys' "findings and decisions" that Plaintiffs complain are "missing," or notes containing the mental impressions or conclusions of those attorneys, are privileged and confidential attorney communications and work-product, which are protected from disclosure. *Nike's supplemental privilege logs will reflect this.*

ECF No. 291-1 at 60 (emphasis added). Nike's commitment came over a year after Plaintiffs requested all this evidence and after Plaintiffs numerous efforts to meet and confer. *See e.g., id.* at 20 ¶ 3, 27 ¶¶ 26-28.

[5] The May 16 Order also stated: "Regarding [NIKE's] request for clarification *as to the deposition those depositions are limited* to each deponent's knowledge of the existence and whereabouts of the approximately 270 additional complaints believed by plaintiffs to exist that have not yet been provided in discovery." ECF No. 486 (emphasis added).

responsive to these final 11 RFPs. ECF No. 540 at 36:2-37:15. It was thus only on October 22 when the Court ruled that Nike did not need to complete its production of non-privileged documents that this discovery, including Nike's privilege log, were officially "complete."[6]

## CONCLUSION

If Plaintiffs are permitted to seek this relief, it does not require a schedule change, and it can be efficiently resolved because it concerns already-collected evidence in response to already-served discovery requests.

This relief will narrow or clarify the issues for trial, and it can remediate prejudice to Plaintiffs from Nike's recalcitrance in discovery, including with respect to discovery requested over 5.5 years ago. *See e.g., Computer Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1116 (9th Cir. 2004) (finding that production of discovery "two years after it was requested … seriously prejudiced [plaintiff], as key depositions had already been taken."); *Plata v. Brown*, 754 F.3d 1070, 1078 (9th Cir. 2014) ("the fundamental principle the Supreme Court laid down more than 60 years ago: 'Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.'") (quoting *Hickman v. Taylor,* 329 U.S. 495, 507 (1947)). Plaintiffs thus request clarification regarding whether they can seek the relief identified herein.

Dated: November 5, 2024       Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

 /s/Byron Goldstein
Laura L. Ho (admitted *pro hac vice*)
Barry Goldstein, Of Counsel (admitted *pro hac vice*)
James Kan (admitted *pro hac vice*)
Byron Goldstein (admitted *pro hac vice*)
Katharine L. Fisher (admitted *pro hac vice*)

---

[6] Plaintiffs timely objected to the Findings and Recommendations at ECF No. 521. Nike did not object to the May 16 Order, and Nike agreed to this Order's language, which was necessary to responsibly meet the schedule otherwise set forth there. ECF No. 485. The Magistrate Judge previously refused to decide whether to compel discovery that Nike had withheld based on privilege because Nike had not completed its privilege log. ECF No. 111 at 7.

MARKOWITZ HERBOLD PC
Laura Salerno Owens, OSB #076230
David B. Markowitz, OSB #742046
Harry B. Wilson, OSB #077214
Kathryn P. Roberts, OSB #064854

ACKERMANN & TILAJEF PC
Craig Ackermann (admitted *pro hac vice*)
cja@ackermanntilajef.com
Brian Denlinger (admitted *pro hac vice*)
bd@ackermanntilajef.com
Erika Smolyar (admitted *pro hac vice*)
es@ackermanntilajef.com
315 S Beverly Drive, Suite 504
Beverly Hills, CA 90212
Tel: (310) 277-0614
Fax: (310) 277-0635

INDIA LIN BODIEN, ATTORNEY AT LAW
India Lin Bodien (admitted *pro hac vice*)
india@indialinbodienlaw.com
2522 North Proctor Street, #387
Tacoma, WA 98406-5338
Tel: (253) 503-1672
Fax: (253) 276-0081

Of Attorneys for Plaintiffs