**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Kathryn P. Roberts, OSB #064854**
KathrynRoberts@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085 ∣ Fax: (503) 323-9105

**Laura L. Ho** (admitted *pro hac vice*)
lho@gbdhlegal.com
**Barry Goldstein, Of Counsel** (admitted *pro hac vice*)
bgoldstein@gbdhlegal.com
**James Kan** (admitted *pro hac vice*)
jkan@gbdhlegal.com
**Byron Goldstein** (admitted *pro hac vice*)
brgoldstein@gbdhlegal.com
**Katharine L. Fisher** (admitted *pro hac vice*)
kfisher@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612
Telephone: (510) 763-9800 ∣ Fax: (510) 835-1417

*Attorneys for Plaintiffs*
*Additional Counsel of Record listed on the Signature page*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NIKE, INC., an Oregon Corporation,<br><br>Defendant. | Case No. 3:18-cv-01477-JR<br><br>**PLAINTIFFS' UNOPPOSED MOTION TO MODIFY DEADLINES**<br><br><br><br>**EXPEDITED HEARING REQUESTED** |

914137.4

**PLAINTIFFS' UNOPPOSED MOTION TO MODIFY DEADLINES**

## LR 7-1(a) CERTIFICATION

Pursuant to Local Rule 7-1(a), counsel for Plaintiffs Kelly Cahill, Sara Johnston, Lindsay Elizabeth, and Heather Hender ("Plaintiffs") certify that they have conferred with Defendant NIKE, Inc.'s ("Nike") counsel through email and telephone regarding the subject of this motion. Defendant does not object to the requests in this motion.

## MOTION

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), Plaintiffs request modification to the following deadlines. Defendant does not object to these requested modifications.

|  | Current deadline (source of current deadline) | Requested deadline |
|---|---|---|
| Expert disclosure | 12/10/2025 (FRCP 26(a)(2)(D)(i)) | 12/17/2024 |
| Rebuttal expert disclosure deadline | 1/10/2025 (FRCP 26(a)(2)(D)(ii)) | 1/17/2025 |
| Motions to exclude expert testimony | 1/13/2025 (ECF No. 558) | 1/30/2025 |
| Responses to motions to exclude | 1/27/2025 (ECF No. 558) | 2/13/2025 |

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 6 provides that a court may extend the time for a party to act for "good cause." Fed. R. Civ. P. 6(b)(1). Local Rule 16-3(a) provides that a motion to extend deadlines must: (1) show good cause why the deadlines should be modified; (2) show effective prior use of time; (3) recommend a new date for the deadline in question; and (4) show the impact of the proposed extension on other existing deadlines, settings, or schedules.

Here, there is good cause to move the deadlines concerning motions to exclude expert testimony because, under the current schedule, the parties will not have sufficient time following the deadline for disclosure of rebuttal experts (January 10, 2025) to file meaningful motions to exclude expert testimony by the current January 13, 2025 deadline for filing such motions. The

current deadline for the parties to make expert disclosures is December 10, 2024. *See* Fed. R. Civ. P. 26(a)(2)(D)(i). Rebuttal expert disclosures are then due on January 10, 2024, thirty days after the expert disclosures under Rule 26(a)(2)(D)(i). *See* Fed. R. Civ. P. 26(a)(2)(D)(ii). Based on the parties' meet and confer discussions, there is, at a minimum, a possibility of rebuttal experts. The current deadline for filing a motion to exclude expert testimony is January 13, 2025, with responses due on January 27, and replies on February 3. ECF No. 558.

There is good cause to move the current deadline for expert disclosures because the hearing on Nike's pending Motion to Sever Plaintiffs into four trials is on December 13, 2024. ECF No. 539. There could thus be four trials, and the dates for at least three of the trials have not been set. Plaintiffs thus cannot confirm that each of their experts would be available for each of the dates of each of the four trials. And one of the experts has very limited availability in March 2025.

Plaintiffs thus request a very limited extension of one week (from December 10 to December 17) to give them, in light of the remainder of the pretrial schedule and the December 13 hearing on Nike's Motion to Sever, the possibility of knowing, or at least a clearer sense of, whether there will be one or four trials before disclosing experts. While a longer extension is preferable to have adequate time after the Court's decision on Nike's Motion to Sever to finalize their experts, this is not possible under the current schedule; any further extension would not provide sufficient time, following the deadline to disclose rebuttal experts 30-days thereafter, to complete briefing on motions to exclude expert testimony prior to the final pretrial conference on February 24, 2025.

Second, Plaintiffs have demonstrated effective prior use of their time. The schedule was set in the November 15, 2024 Civil Jury Trial Management Order ("JTMO") and the November

16, 2024 Order. ECF Nos. 557-58. Three days later, Plaintiffs requested a meet and confer regarding the issues addressed in this motion. About one hour after the meet and confer concluded with Nike stating it would not object to the requested schedule modifications herein, Plaintiffs emailed the Clerk with these requested schedule modifications: "After meeting and conferring about the schedule, the parties have agreed to request modification to the following deadlines relating to expert disclosures. We write to seek guidance on whether this email is sufficient for this request or whether the Court prefers a different format." Within one day of the Clerk stating, "please file a motion," Plaintiffs file this motion.

Third, the requested new dates for the deadlines in question, which Defendant does not object to, are:

|  | Current deadline (source of current deadline) | Requested deadline |
|---|---|---|
| Expert disclosure | 12/10/2025 (FRCP 26(a)(2)(D)(i)) | 12/17/2024 |
| Rebuttal expert disclosure deadline | 1/10/2025 (FRCP 26(a)(2)(D)(ii)) | 1/17/2025 |
| Motions to exclude expert testimony | 1/13/2025 (ECF No. 558) | 1/30/2025 |
| Responses to motions to exclude | 1/27/2025 (ECF No. 558) | 2/13/2025 |

Fourth, the requested new deadlines do not require changing any other existing deadlines.

Dated: November 27, 2024         Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

*[signature]*
_____
Laura L. Ho (admitted *pro hac vice*)
Barry Goldstein, Of Counsel (admitted *pro hac vice*)
James Kan (admitted *pro hac vice*)
Byron Goldstein (admitted *pro hac vice*)
Katharine L. Fisher (admitted *pro hac vice*)

MARKOWITZ HERBOLD PC
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com
David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Kathryn P. Roberts, OSB #064854
KathrynRoberts@MarkowitzHerbold.com

INDIA LIN BODIEN, ATTORNEY AT LAW
India Lin Bodien (admitted *pro hac vice*)
india@indialinbodienlaw.com
2522 North Proctor Street, #387
Tacoma, WA 98406-5338
Tel:  (253) 212-7913
Fax:  (253) 276-0081

ACKERMANN & TILAJEF PC
Craig Ackerman (admitted *pro hac vice*)
cja@ackermanntilajef.com
Brian Denlinger (admitted *pro hac vice*)
bd@ackermanntilajef.com
315 S Beverly Drive, Suite 504
Beverly Hills, CA 90212
Tel:  (310) 277-0614
Fax:  (310) 277-0635


Of Attorneys for Plaintiffs and Opt-In Plaintiffs