UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

KELLY CAHILL, SARA JOHNSTON,
LINDSAY ELIZABETH, and HEATHER
HENDER, individually and on behalf of
others similarly situated,

                Plaintiffs,

      vs.

NIKE, INC., an Oregon Corporation,

                Defendant.

Case No. 3:18-cv-01477-AB

**VERDICT FORM – KELLY CAHILL**

We the jury, being duly empaneled and sworn to try the above-entitled case, do find as follows:

## I.    <u>DISPARATE TREATMENT (INTENTIONAL DISCRIMINATION) – PAY</u>

<u>Question No. 1:</u> Did Kelly Cahill prove by a preponderance of the evidence that NIKE paid her less than INSERT COMPARATOR?

Yes _____         No _____

*If your answer to Question No. 1 is yes, please go to and answer Question No. 2.*

*If your answer to Question No. 1 is no, please go to and answer Question No. 6. Do not answer Questions No. 2-5.*

<u>Question No. 2:</u> Did Kelly Cahill prove by a preponderance of the evidence that INSERT COMPARATOR was similarly situated to her?

Yes _____         No _____

*If your answer to Question No. 2 is yes, please go to and answer Question No. 3.*

*If your answer to Question No. 2 is no, please go to and answer Question No. 6. Do not answer Questions No. 3-5.*

Question 3:  Did Kelly Cahill prove by a preponderance of the evidence that NIKE paid her less than <mark>INSERT COMPARATOR</mark> because of her sex?

Yes _____          No _____

*If your answer to Question No. 3 is yes, please go to and answer Question No. 4.*

*If your answer to Question No. 3 is no, please go to and answer Question No. 6. Do not answer Questions No.4-5.*

## II.    DAMAGES – DISPARATE TREATMENT (INTENTIONAL DISCRIMINATION) – PAY

Question No. 4:  Did Kelly Cahill prove by a preponderance of the evidence that she suffered any damages as a result of NIKE's decision to pay her less than <mark>INSERT COMPARATOR</mark> because of her sex?

Yes _____          No _____

*If your answer to Question No. 4 is yes, please go to and answer Question No. 5.*

*If your answer to Question No. 4 is no, please go to and answer Question No. 6. Do not answer Question No. 5.*

Question No. 5:  What is the amount of damages that Kelly Cahill proved by a preponderance of the evidence that she sustained as a result of NIKE's decision to pay her less than <mark>INSERT COMPARATOR</mark> because of her sex?

Economic Damages                    $_____

*Go to the next question.*

## III.     DISPARATE TREATMENT (INTENTIONAL DISCRIMINATION) – PROMOTION

Question No. 6:  Did Kelly Cahill prove by a preponderance of the evidence that she was qualified for a promotion to INSERT ROLE?

Yes _____     No ____

*If your answer to Question No. 6 is yes, please go to and answer Question No. 7.*

*If your answer to Question No. 6 is no, please go to and answer Question No. 11.  Do not answer Questions No. 7-10.*

Question No. 7:  Did Kelly Cahill prove by a preponderance of the evidence that NIKE failed to promote her to INSERT ROLE because of her sex?

Yes _____     No _____

*If your answer to Question No. 7 is yes, please go to and answer Question No. 8.*

*If your answer to Question No. 7 is no, please go to and answer Question No. 11.  Do not answer Questions No. 8-10.*

Question No. 8:  Did Kelly Cahill prove by a preponderance of the evidence that INSERT COMPARATOR was similarly situated to Kelly Cahill when NIKE failed to promote Kelly Cahill to INSERT ROLE?

Yes _____     No _____

*If your answer to Question No. 8 is yes, please go to and answer Question No. 9.*

*If your answer to Question No. 8 is no, please go to and answer Question No. 11.  Do not answer Questions No. 9-10.*

## IV.  DAMAGES – DISPARATE TREATMENT (INTENTIONAL DISCRIMINATION) – PROMOTION

Question No. 9:  Did Kelly Cahill prove by a preponderance of the evidence that she suffered any damages as a result of NIKE's decision not to promote her to INSERT ROLE because of her sex?

Yes _____    No _____

*If your answer to Question No. 9 is yes, please go to and answer Question No. 10.*

*If your answer to Question No. 9 is no, please go to and answer Question No. 11.  Do not answer Question No. 10.*

Question No. 10:  What is the amount of damages that Kelly Cahill proved by a preponderance of the evidence that she sustained as a result of NIKE's decision not to promote her to INSERT ROLE because of her sex?

Economic Damages                    $_____

*Go to the next question.*

## V.  FEDERAL EQUAL PAY ACT

Question No. 11:  Did Kelly Cahill prove by a preponderance of the evidence that INSERT COMPARATOR performed substantially equal work to her, under similar working conditions, during each's employment at Nike?

Yes _____    No _____

*If your answer to Question No. 11 is yes, please go to and answer Question No. 12.*

*If your answer to Question No. 11 is no, please go to and answer Question No. 16.  Do not answer Questions No. 12-15.*

Question 12:  Did Kelly Cahill prove by a preponderance of the evidence that NIKE paid her less than INSERT COMPARATOR during the time each performed substantially equal work under similar working conditions?

Yes _____        No _____

*If your answer to Question No. 12 is yes, please go to and answer Question No. 13.*

*If your answer to Question No. 12 is no, please go to and answer Question No. 16.  Do not answer Questions No. 13-15.*

Question 13:  Did NIKE prove by a preponderance of the evidence that the pay differential between Kelly Cahill and INSERT COMPARATOR was due to bona fide factors other than sex?

Yes _____        No _____

*If your answer to Question No. 13 is yes, please go to and answer Question No. 16.  Do not answer Questions No. 14-15.*

*If your answer to Question No. 13 is no, please go to and answer Question No. 14.*

## VI.    DAMAGES – FEDERAL EQUAL PAY ACT

Question No. 14:  Did Kelly Cahill prove by a preponderance of the evidence that she suffered any damages as a result of NIKE paying her less than INSERT COMPARATOR during the time each performed substantially equal work under similar working conditions?

Yes _____        No _____

*If your answer to Question No. 14 is yes, please go to and answer Question No. 15.*

*If your answer to Question No. 14 is no, please go to and answer Question No. 16.  Do not answer Question No. 15.*

Question No. 15:  What is the amount of damages that Kelly Cahill proved by a preponderance of the evidence that she sustained as a result of NIKE paying her less than INSERT COMPARATOR during the time each performed substantially equal work under similar working conditions?

Economic Damages                    $_____

*Go to the next question.*

## VII.   OREGON EQUAL PAY ACT

Question No. 16:  Did Kelly Cahill prove by a preponderance of the evidence that INSERT COMPARATOR performed comparable work to her during each's employment at Nike?

Yes _____        No _____

*If your answer to Question No. 16 is yes, please go to and answer Question No. 17.*

*If your answer to Question No. 16 is no, you have completed your consideration of Kelly Cahill's claims and should now have the foreperson sign and date this form, then follow the instructions after the signature block.*

Question 17:  Did Kelly Cahill prove by a preponderance of the evidence that NIKE paid her less than INSERT COMPARATOR during the time each performed comparable work?

Yes _____        No _____

*If your answer to Question No. 17 is yes, please go to and answer Question No. 18.*

*If your answer to Question No. 17 is no, you have completed your consideration of Kelly Cahill's claims and should now have the foreperson sign and date this form, then follow the instructions after the signature block.*

Question 18:  Did NIKE prove by a preponderance of the evidence that the pay differential between Kelly Cahill and INSERT COMPARATOR is explained by factors other than sex?

Yes \_\_\_\_        No \_\_\_\_

*If your answer to Question No. 18 is yes, you have completed your consideration of Kelly Cahill's claims and should now have the foreperson sign and date this form, then follow the instructions after the signature block.*

*If your answer to Question No. 18 is no, please go to and answer Question No. 19.*

## VIII.   DAMAGES – OREGON EQUAL PAY ACT

Question No. 19:  Did Kelly Cahill prove by a preponderance of the evidence that she suffered any damages as a result of NIKE paying her less than INSERT COMPARATOR during the time each performed comparable work?

Yes \_\_\_\_        No \_\_\_\_

*If your answer to Question No. 19 is yes, please go to and answer Question No. 20.*

*If your answer to Question No. 19 is no, you have completed your consideration of Kelly Cahill's claims and should now have the foreperson sign and date this form, then follow the instructions after the signature block.*

Question No. 20:  What is the amount of damages that Kelly Cahill proved by a preponderance of the evidence that she sustained as a result of NIKE paying her less than INSERT COMPARATOR during the time each performed comparable work?

Economic Damages                    $_____

***You have completed your consideration of Kelly Cahill's claims and should now have the foreperson sign and date this form, then follow the instructions after the signature block.***

DATED: _____        _____
                                            Presiding Juror

***Please now continue to the next verdict form for Lindsey Elizabeth.***

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, SARA JOHNSTON, LINDSAY ELIZABETH, and HEATHER HENDER, individually and on behalf of others similarly situated, | Case No. 3:18-cv-01477-AB |
| | **VERDICT FORM – LINDSEY ELIZABETH** |
| Plaintiffs, | |
| vs. | |
| NIKE, INC., an Oregon Corporation, | |
| Defendant. | |

We the jury, being duly empaneled and sworn to try the above-entitled case, do find as follows:

## I.    DISPARATE TREATMENT (INTENTIONAL DISCRIMINATION) – PAY

Question No. 1: Did Lindsey Elizabeth prove by a preponderance of the evidence that NIKE paid her less than INSERT COMPARATOR?

Yes _____       No _____

*If your answer to Question No. 1 is yes, please go to and answer Question No. 2.*

*If your answer to Question No. 1 is no, please go to and answer Question No. 6.  Do not answer Questions No. 2-5.*

Question No. 2: Did Lindsey Elizabeth prove by a preponderance of the evidence that INSERT COMPARATOR was similarly situated to her?

Yes _____       No _____

*If your answer to Question No. 2 is yes, please go to and answer Question No. 3.*

*If your answer to Question No. 2 is no, please go to and answer Question No. 6.  Do not answer Questions No. 3-5.*

Question 3:  Did Lindsey Elizabeth prove by a preponderance of the evidence that NIKE paid her less than <mark>INSERT COMPARATOR</mark> because of her sex?

Yes _____        No _____

*If your answer to Question No. 3 is yes, please go to and answer Question No. 4.*

*If your answer to Question No. 3 is no, please go to and answer Question No. 6.  Do not answer Questions No. 4-5.*

## II.     **DAMAGES – DISPARATE TREATMENT (INTENTIONAL DISCRIMINATION) – PAY**

Question No. 4:  Did Lindsey Elizabeth prove by a preponderance of the evidence that she suffered any damages as a result of NIKE's decision to pay her less than <mark>INSERT COMPARATOR</mark> because of her sex?

Yes _____        No _____

*If your answer to Question No. 4 is yes, please go to and answer Question No. 5.*

*If your answer to Question No. 4 is no, please go to and answer Question No. 6.  Do not answer Question No. 5.*

Question No. 5:  What is the amount of damages that Lindsey Elizabeth proved by a preponderance of the evidence that she sustained as a result of NIKE's decision to pay her less than <mark>INSERT COMPARATOR</mark> because of her sex?

Economic Damages                    $_____

*Go to the next question.*

## III.      **FEDERAL EQUAL PAY ACT**

Question No. 6:  Did Lindsey Elizabeth prove by a preponderance of the evidence that INSERT COMPARATOR performed substantially equal work to her, under similar working conditions, during each's employment at Nike?

Yes _____       No _____

*If your answer to Question No. 6 is yes, please go to and answer Question No. 7.*

*If your answer to Question No. 6 is no, please go to and answer Question No. 11.  Do not answer Questions No. 7-10.*

Question 7:  Did Lindsey Elizabeth prove by a preponderance of the evidence that NIKE paid her less than INSERT COMPARATOR during the time each performed substantially equal work under similar working conditions?

Yes _____       No _____

*If your answer to Question No. 7 is yes, please go to and answer Question No. 8.*

*If your answer to Question No. 7 is no, please go to and answer Question No. 11.  Do not answer Questions No. 8-10.*

Question 8:  Did NIKE prove by a preponderance of the evidence that the pay differential between Lindsey Elizabeth and INSERT COMPARATOR was due to bona fide factors other than sex?

Yes _____       No _____

*If your answer to Question No. 8 is yes, please go to and answer Question No. 11.  Do not answer Questions No. 9-10.*

*If your answer to Question No. 8 is no, please go to and answer Question No. 9.*

## IV.    **DAMAGES – FEDERAL EQUAL PAY ACT**

Question No. 9:  Did Lindsey Elizabeth prove by a preponderance of the evidence that she suffered any damages as a result of NIKE paying her less than <mark>INSERT COMPARATOR</mark> during the time each performed substantially equal work under similar working conditions?

Yes _____        No _____

*If your answer to Question No. 9 is yes, please go to and answer Question No. 10.*

*If your answer to Question No. 9 is no, please go to and answer Question No. 11.  Do not answer Question No. 10.*

Question No. 10:  What is the amount of damages that Lindsey Elizabeth proved by a preponderance of the evidence that she sustained as a result of NIKE paying her less than <mark>INSERT COMPARATOR</mark> during the time each performed substantially equal work under similar working conditions?

Economic Damages                    $_____

*Go to the next question.*

## V.    **OREGON EQUAL PAY ACT**

Question No. 11:  Did Lindsey Elizabeth prove by a preponderance of the evidence that <mark>INSERT COMPARATOR</mark> performed comparable work to her during each's employment at Nike?

Yes _____        No _____

*If your answer to Question No. 11 is yes, please go to and answer Question No. 12.*

*If your answer to Question No. 11 is no, you have completed your consideration of Lindsey Elizabeth's claims and should now have the foreperson sign and date this form, then follow the instructions after the signature block.*

Question 12:  Did Lindsey Elizabeth prove by a preponderance of the evidence that NIKE paid her less than INSERT COMPARATOR during the time each performed comparable work?

Yes _____        No _____

*If your answer to Question No. 12 is yes, please go to and answer Question No. 13.*

*If your answer to Question No. 12 is no, you have completed your consideration of Lindsey Elizabeth's claims and should now have the foreperson sign and date this form, then follow the instructions after the signature block.*

Question 13:  Did NIKE prove by a preponderance of the evidence that the pay differential between Lindsey Elizabeth and INSERT COMPARATOR is explained by factors other than sex?

Yes _____        No _____

*If your answer to Question No. 13 is yes, you have completed your consideration of Lindsey Elizabeth's claims and should now have the foreperson sign and date this form, then follow the instructions after the signature block.*

*If your answer to Question No. 13 is no, please go to and answer Question No. 14.*

## VI.     **DAMAGES – OREGON EQUAL PAY ACT**

Question No. 14:  Did Lindsey Elizabeth prove by a preponderance of the evidence that she suffered any damages as a result of NIKE paying her less than INSERT COMPARATOR during the time each performed comparable work?

Yes _____        No _____

*If your answer to Question No. 14 is yes, please go to and answer Question No. 15.*

*If your answer to Question No. 14 is no, you have completed your consideration of Lindsey Elizabeth's claims and should now have the foreperson sign and date this form, then follow the instructions after the signature block.*

<u>Question No. 15</u>:  What is the amount of damages that Lindsey Elizabeth proved by a preponderance of the evidence that she sustained as a result of NIKE paying her less than INSERT COMPARATOR during the time each performed comparable work?

Economic Damages                          $_____

**You have completed your consideration of Lindsey Elizabeth's claims and should now have the foreperson sign and date this form, then follow the instructions after the signature block.**

DATED:  _____          _____
                                                          Presiding Juror

**Please now continue to the next verdict form for Sarah Johnston.**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, SARA JOHNSTON, LINDSAY ELIZABETH, and HEATHER HENDER, individually and on behalf of others similarly situated, | Case No. 3:18-cv-01477-AB<br><br>**VERDICT FORM – SARAH JOHNSTON** |
| Plaintiffs, | |
| vs. | |
| NIKE, INC., an Oregon Corporation, | |
| Defendant. | |

We the jury, being duly empaneled and sworn to try the above-entitled case, do find as follows:

## I.  DISPARATE TREATMENT (INTENTIONAL DISCRIMINATION) – PROMOTION

Question No. 1:  Did Sarah Johnston prove by a preponderance of the evidence that she was qualified for a promotion to INSERT ROLE?

Yes _____        No _____

*If your answer to Question No. 1 is yes, please go to and answer Question No. 2.*

*If your answer to Question No. 1 is no, you have completed your consideration of Sarah Johnston's claims and should now have the foreperson sign and date this form, then follow the instructions after the signature block.*

Question No. 2:  Did Sarah Johnston prove by a preponderance of the evidence that NIKE failed to promote her to INSERT ROLE because of her sex?

Yes _____    No _____

*If your answer to Question No. 2 is yes, please go to and answer Question No. 3.*

*If your answer to Question No. 2 is no, you have completed your consideration of Sarah Johnston's claims and should now have the foreperson sign and date this form, then follow the instructions after the signature block.*

Question No. 3:  Did Sarah Johnston prove by a preponderance of the evidence that ==INSERT COMPARATOR== was similarly situated to Sarah Johnston when NIKE failed to promote Sarah Johnston?

Yes _____    No _____

*If your answer to Question No. 3 is yes, please go to and answer Question No. 4.*

*If your answer to Question No. 3 is no, you have completed your consideration of Sarah Johnston's claims and should now have the foreperson sign and date this form, then follow the instructions after the signature block.*

**II.      DAMAGES – DISPARATE TREATMENT (INTENTIONAL DISCRIMINATION) – PROMOTION**

Question No. 4:  Did Sarah Johnston prove by a preponderance of the evidence that she suffered any damages as a result of NIKE's decision not to promote her to ==INSERT ROLE== because of her sex?

Yes _____    No _____

*If your answer to Question No. 4 is yes, please go to and answer Question No. 5.*

*If your answer to Question No. 4 is no, you have completed your consideration of Sarah Johnston's claims and should now have the foreperson sign and date this form, then follow the instructions after the signature block.*

Question No. 5:  What is the amount of damages that Sarah Johnston proved by a preponderance of the evidence that she sustained as a result of NIKE's decision not to promote her to INSERT ROLE because of her sex?

Economic Damages                    $_____


**You have completed your consideration of Sarah Johnston's claims and should now have the foreperson sign and date this form, then follow the instructions after the signature block.**


DATED: _____     _____
                                                  Presiding Juror


**Please now continue to the next verdict form for Heather Hender.**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

KELLY CAHILL, SARA JOHNSTON,
LINDSAY ELIZABETH, and HEATHER
HENDER, individually and on behalf of
others similarly situated,

        Plaintiffs,

    vs.

NIKE, INC., an Oregon Corporation,

        Defendant.

Case No. 3:18-cv-01477-AB

**VERDICT FORM – HEATHER HENDER**

We the jury, being duly empaneled and sworn to try the above-entitled case, do find as follows:

## I.    <u>DISPARATE TREATMENT (INTENTIONAL DISCRIMINATION) – PAY</u>

<u>Question No. 1:</u> Did Heather Hender prove by a preponderance of the evidence that NIKE paid her less than INSERT COMPARATOR?

Yes _____       No _____

*If your answer to Question No. 1 is yes, please go to and answer Question No. 2.*

*If your answer to Question No. 1 is no, please go to and answer Question No. 6. Do not answer Questions No. 2-5.*

<u>Question No. 2:</u> Did Heather Hender prove by a preponderance of the evidence that INSERT COMPARATOR was similarly situated to her?

Yes _____       No _____

*If your answer to Question No. 2 is yes, please go to and answer Question No. 3.*

*If your answer to Question No. 2 is no, please go to and answer Question No. 6.  Do not answer Questions No. 3-5.*

Question 3:  Did Heather Hender prove by a preponderance of the evidence that NIKE paid her less than <mark>INSERT COMPARATOR</mark> because of her sex?

Yes _____     No _____

*If your answer to Question No. 3 is yes, please go to and answer Question No. 4.*

*If your answer to Question No. 3 is no, please go to and answer Question No. 6.  Do not answer Questions No. 4-5.*

## II.  **DAMAGES – DISPARATE TREATMENT (INTENTIONAL DISCRIMINATION) – PAY**

Question No. 4:  Did Heather Hender prove by a preponderance of the evidence that she suffered any damages as a result of NIKE's decision to pay her less than <mark>INSERT COMPARATOR</mark> because of her sex?

Yes _____     No _____

*If your answer to Question No. 4 is yes, please go to and answer Question No. 5.*

*If your answer to Question No. 4 is no, please go to and answer Question No. 6.  Do not answer Question No. 5.*

Question No. 5:  What is the amount of damages that Heather Hender proved by a preponderance of the evidence that she sustained as a result of NIKE's decision to pay her less than <mark>INSERT COMPARATOR</mark> because of her sex?

Economic Damages                    $_____

*Go to the next question.*

## III.      DISPARATE TREATMENT (INTENTIONAL DISCRIMINATION) –
##           PROMOTION

Question No. 6:  Did Heather Hender prove by a preponderance of the evidence that she was qualified for a promotion to INSERT ROLE?

Yes _____      No _____

*If your answer to Question No. 6 is yes, please go to and answer Question No. 7.*

*If your answer to Question No. 6 is no, please go to and answer Question No. 11.  Do not answer Questions No. 7-10.*

Question No. 7:  Did Heather Hender prove by a preponderance of the evidence that NIKE failed to promote her to INSERT ROLE because of her sex?

Yes _____      No _____

*If your answer to Question No. 7 is yes, please go to and answer Question No. 8.*

*If your answer to Question No. 7 is no, please go to and answer Question No. 11.  Do not answer Questions No. 8-10.*

Question No. 8:  Did Heather Hender prove by a preponderance of the evidence that INSERT COMPARATOR was similarly situated to Heather Hender when NIKE failed to promote Heather Hender to INSERT ROLE?

Yes _____      No _____

*If your answer to Question No. 8 is yes, please go to and answer Question No. 9.*

*If your answer to Question No. 8 is no, please go to and answer Question No. 11.  Do not answer Questions No. 9-10.*

**IV.     DAMAGES – DISPARATE TREATMENT (INTENTIONAL DISCRIMINATION) – PROMOTION**

Question No. 9:  Did Heather Hender prove by a preponderance of the evidence that she suffered any damages as a result of NIKE's decision not to promote her to ==INSERT ROLE== because of her sex?

Yes _____          No _____

*If your answer to Question No. 9 is yes, please go to and answer Question No. 10.*

*If your answer to Question No. 9 is no, please go to and answer Question No. 11.  Do not answer Question No. 10.*

Question No. 10:  What is the amount of damages that Heather Hender proved by a preponderance of the evidence that she sustained as a result of NIKE's decision not to promote her to ==INSERT ROLE== because of her sex?

Economic Damages                         $_____

*Go to the next question.*

**V.          FEDERAL EQUAL PAY ACT**

Question No. 11:  Did Heather Hender prove by a preponderance of the evidence that ==INSERT COMPARATOR== performed substantially equal work to her, under similar working conditions, during each's employment at Nike?

Yes _____          No _____

*If your answer to Question No. 11 is yes, please go to and answer Question No. 12.*

*If your answer to Question No. 11 is no, please go to and answer Question No. 16.  Do not answer Questions No. 12-15.*

Question 12:  Did Heather Hender prove by a preponderance of the evidence that NIKE paid her less than INSERT COMPARATOR during the time each performed substantially equal work under similar working conditions?

Yes _____        No _____

*If your answer to Question No. 12 is yes, please go to and answer Question No. 13.*

*If your answer to Question No. 12 is no, please go to and answer Question No. 16.  Do not answer Questions No. 13-15.*

Question 13:  Did NIKE prove by a preponderance of the evidence that the pay differential between Heather Hender and INSERT COMPARATOR was due to bona fide factors other than sex?

Yes _____        No _____

*If your answer to Question No. 13 is yes, please go to and answer Question No. 16.  Do not answer Questions No. 14-15.*

*If your answer to Question No. 13 is no, please go to and answer Question No. 14.*

## VI.    DAMAGES – FEDERAL EQUAL PAY ACT

Question No. 14:  Did Heather Hender prove by a preponderance of the evidence that she suffered any damages as a result of NIKE paying her less than INSERT COMPARATOR during the time each performed substantially equal work under similar working conditions?

Yes _____        No _____

*If your answer to Question No. 14 is yes, please go to and answer Question No. 15.*

*If your answer to Question No. 14 is no, please go to and answer Question No. 16.  Do not answer Question No. 15.*

Question No. 15:  What is the amount of damages that Heather Hender proved by a preponderance of the evidence that she sustained as a result of NIKE paying her less than INSERT COMPARATOR during the time each performed substantially equal work under similar working conditions?

Economic Damages                          $_____

*Go to the next question.*

## VII.    OREGON EQUAL PAY ACT

Question No. 16:  Did Heather Hender prove by a preponderance of the evidence that INSERT COMPARATOR performed comparable work to her during each's employment at Nike?

Yes _____        No _____

*If your answer to Question No. 16 is yes, please go to and answer Question No. 17.*

*If your answer to Question No. 16 is no, please go to and answer Question No. 21.  Do not answer Questions No. 17-20.*

Question 17:  Did Heather Hender prove by a preponderance of the evidence that NIKE paid her less than INSERT COMPARATOR during the time each performed comparable work?

Yes _____        No _____

*If your answer to Question No. 17 is yes, please go to and answer Question No. 18.*

*If your answer to Question No. 17 is no, please go to and answer Question No. 21.  Do not answer Questions No. 18-20.*

Question 18:  Did NIKE prove by a preponderance of the evidence that the pay differential between Heather Hender and INSERT COMPARATOR is explained by factors other than sex?

Yes _____         No _____

*If your answer to Question No. 18 is yes, please go to and answer Question No. 21.  Do not answer Questions No. 19-20.*

*If your answer to Question No. 18 is no, please go to and answer Question No. 19.*

## VIII.      DAMAGES – OREGON EQUAL PAY ACT

Question No. 19:  Did Heather Hender prove by a preponderance of the evidence that she suffered any damages as a result of NIKE paying her less than INSERT COMPARATOR during the time each performed comparable work?

Yes _____         No _____

*If your answer to Question No. 19 is yes, please go to and answer Question No. 20.*

*If your answer to Question No. 19 is no, please go to and answer Question No. 21.  Do not answer Question No. 20.*

Question No. 20:  What is the amount of damages that Heather Hender proved by a preponderance of the evidence that she sustained as a result of NIKE paying her less than INSERT COMPARATOR during the time each performed comparable work?

Economic Damages                          $_____

*Go to the next question.*

**IX.**        <u>**RETALIATION**</u>

<u>Question No. 21</u>:  Did Heather Hender prove by a preponderance of the evidence that NIKE subjected her to an adverse employment action?

Yes _____        No _____

*If your answer to Question No. 21 is yes, please go to and answer Question No. 22.*

*If your answer to Question No. 21 is no, you have completed your consideration of Heather Hender's claims and should now have the foreperson sign and date this form, then follow the instructions after the signature block.*

<u>Question 22</u>:  Did Heather Hender prove by a preponderance of the evidence that NIKE subjected her to that adverse employment action because she filed a complaint against NIKE with a government agency and/or joined in this lawsuit?

Yes _____        No _____

*If your answer to Question No. 22 is yes, please go to and answer Question No. 23.*

*If your answer to Question No. 22 is no, you have completed your consideration of Heather Hender's claims and should now have the foreperson sign and date this form, then follow the instructions after the signature block.*

**X.**        <u>**DAMAGES – RETALIATION**</u>

<u>Question No. 23</u>:  Did Heather Hender prove by a preponderance of the evidence that she suffered any damages as a result of NIKE's adverse employment action?

Yes _____        No _____

*If your answer to Question No. 23 is yes, please go to and answer Question No. 24.*

*If your answer to Question No. 23 is no, you have completed your consideration of Heather Hender's claims and should now have the foreperson sign and date this form, then follow the instructions after the signature block.*

Question No. 24:  What is the amount of damages that Heather Hender proved by a preponderance of the evidence that she sustained as a result of NIKE's adverse employment action?

Noneconomic Damages                    $_____


**You have completed your consideration of Heather Hender's claims and should now have the foreperson sign and date this form, then follow the instructions after the signature block.**


DATED:  _____        _____
                                                    Presiding Juror


**Your service is now complete.  Please return all verdict forms to the bailiff.**