IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, SARA JOHNSTON, LINDSAY ELIZABETH, and HEATHER HENDER, individually and on behalf of others similarly situated, | Case No. 3:18-cv-01477-JR |
| Plaintiffs, | **PROPOSED JURY INSTRUCTIONS** |
| v. | |
| NIKE, INC., an Oregon Corporation, | |
| Defendant. | |

The parties respectfully submit the following proposed Joint Jury Instructions for the

Court's review.  This document is ordered in the same manner as the Ninth Circuit Civil Pattern

Instructions.  The Parties, however, have agreed on a proposed order and grouping of

instructions, which they attach at the end of this document as Exhibit A.

Respectfully submitted this 27th day of January, 2025.

*/s/ Bryon Goldstein*_____     */s/ Brian Featherstun*_____
                                        *(as authorized on 1/27/2025)*


GOLDSTEIN, BORGEN, DARDARIAN & HO
Barry Goldstein, Of Counsel (admitted *pro hac vice*)
Laura L. Ho (admitted *pro hac vice*)
James Kan (admitted *pro hac vice*)
Byron Goldstein (admitted *pro hac vice*)
Katharine L. Fisher (admitted *pro hac vice*)
155 Grand Avenue, Suite 900

PAUL HASTINGS LLP
Daniel Prince (admitted *pro hac vice*)
danielprince@paulhastings.com
Felicia A. Davis (admitted *pro hac vice*)
feliciadavis@paulhastings.com
Lindsey C. Jackson (admitted *pro hac vice*)
lindseyjackson@paulhastings.com
Alyssa K. Tapper (admitted *pro hac vice*)
alyssatapper@paulhastings.com

918991.1

Oakland, CA 94612
Tel: (510) 763-9800
 Fax: (510) 835-1417 Fax: 5100


MARKOWITZ HERBOLD PC
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com
David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Kathryn P. Roberts, OSB #064854
KathrynRoberts@MarkowitzHerbold.com

INDIA LIN BODIEN, ATTORNEY AT
LAW
India Lin Bodien (admitted *pro hac vice*)
india@indialinbodienlaw.com
2522 North Proctor Street, #387
Tacoma, WA  98406-5338
Tel: (253) 503-1672
Fax: (253) 276-0081

ACKERMANN & TILAJEF, P.C.
Craig J. Ackermann (admitted *pro hac vice*)
cja@ackermanntilajef.com
Brian W. Denlinger (admitted *pro hac vice*)
bd@ackermanntilajef.com
Erika Smolyar (admitted *pro hac vice*)
es@ackermanntilajef.com
315 South Beverly Drive, Suite 504
Beverly Hills, CA  90212
Tel: (310) 277-0614
Fax: (310) 277-0635

*Attorneys for Plaintiffs*

515 South Flower Street, Twenty-Fifth
Floor
Los Angeles, CA 90071-2228
Tel: (213) 683-6000
Fax: (213) 627-0705


Laura E. Rosenbaum, OSB No. 110061
Laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 300
Portland, OR 97205
Telephone: (503) 224-3380
Facsimile: (503) 220-2480


*Attorneys for Defendant NIKE, Inc.*

918991.1

**INDEX**

| Inst. No. | Source | Title | Agreed? | Plaintiffs' Proposed | Defendant's Proposed |
|---|---|---|---|---|---|
| **INSTRUCTIONS ON THE TRIAL PROCESS** | | | | | |
| 1 | Ninth Cir. 1.2 | Duty of Jury (Court Reads and Provides Written Set of Instructions at the Beginning of Trial) | X | | |
| 2 | Ninth Cir. 1.4 | Duty of Jury | X | | |
| 3 | Ninth Cir. 1.5 | Claims and Defenses | | X | X |
| 4 | Ninth Cir. 1.6 | Burden of Proof—Preponderance of the Evidence | X | | |
| 5 | Ninth Cir. 1.7 | Burden of Proof—Clear and Convincing Evidence | | X | X |
| 6 | Ninth Cir. 1.8 | Two or More Parties—Different Legal Rights | | | X |
| 7 | Ninth Cir. 1.9 | What is Evidence | X | | |
| 8 | Ninth Cir. 1.10 | What is Not Evidence | X | | |
| 9 | Ninth Cir. 1.11 | Evidence for Limited Purpose | X | | |
| 10 | Ninth Cir. 1.12 | Direct and Circumstantial Evidence | X | | |
| 11 | Ninth Cir. 1.13 | Ruling on Objections | X | | |
| 12 | Ninth Cir. 1.14 | Credibility of Witnesses | X | | |
| 13 | Ninth Cir. 1.15 | Conduct of the Jury | X | | |
| 14 | Ninth Cir. 1.16 | Publicity During Trial | | | |
| 15 | Ninth Cir. 1.17 | No Transcript Available to Jury | X | | |
| 16 | Ninth Cir. 1.18 | Taking Notes | X | | |
| 17 | Ninth Cir. 1.19 | Questions to Witnesses by Jurors During Trial | X | | |

| Inst. No. | Source | Title | Agreed? | Plaintiffs' Proposed | Defendant's Proposed |
|---|---|---|---|---|---|
| 18 | Ninth Cir. 1.20 | Bench Conferences and Recesses | **X** | | |
| 19 | Ninth Cir. 1.21 | Outline of Trial | **X** | | |
| **INSTRUCTIONS ON THE TYPE OF EVIDENCE** | | | | | |
| 20 | Ninth Cir. 2.0 | Cautionary Instruction | **X** | | |
| 21 | Ninth Cir. 2.2 | Stipulations of Fact | **X** | | |
| 22 | Ninth Cir. 2.4 | Deposition in Lieu of Live Testimony | **X** | | |
| 24 | Ninth Cir. 2.11 | Use of Interrogatories | **X** | | |
| 25 | Ninth Cir. 2.12 | Use of Requests for Admission | **X** | | |
| 26 | Ninth Cir. 2.13 | Expert Opinion | **X** | | |
| 27 | Ninth Cir. 2.14 | Charts and Summaries Not Received in Evidence | **X** | | |
| 28 | Ninth Cir. 2.15 | Charts and Summaries Received in Evidence | **X** | | |
| 29 | Ninth Cir. 2.16 | Evidence in Electronic Format | **X** | | |
| 30 | | Spoliation | | | |
| **INSTRUCTIONS CONCERNING DELIBERATIONS** | | | | | |
| 31 | Ninth Cir. 3.1 | Duty to Deliberate | **X** | | |
| 32 | Ninth Cir. 3.2 | Consideration of Evidence—Conduct of the Jury | **X** | | |
| 33 | Ninth Cir. 3.3 | Communication with Court | **X** | | |
| 34 | Ninth Cir. 3.5 | Return of Verdict | **X** | | |
| **AGENCY** | | | | | |
| 35 | Ninth Cir. 4.1 | Corporations and Partnerships—Fair Treatment | | | **X** |

| Inst. No. | Source | Title | Agreed? | Plaintiffs' Proposed | Defendant's Proposed |
|---|---|---|---|---|---|
| 36 | Ninth Cir. 4.2 | Liability of Corporations—Scope of Authority Not in Issue | X | | |
| 37 | | Scope of Authority Defined | | | X |
| 38 | | Testimony of a Corporate Representative | | X | |
| **DAMAGES** | | | | | |
| 39 | Ninth Cir. 5.1 | Damages—Proof | | X | X |
| 40 | Ninth Cir. 5.2 | Measures of Types of Damages | | X | X |
| 41 | Ninth Cir. 5.5 | Punitive Damages | | X | X |
| **DISPARATE TREATMENT: TITLE VII & OREGON EQUALITY ACT** | | | | | |
| 42 | Ninth Cir. 10.2 | Civil Rights—Title VII—Disparate Treatment—Pay | | X | X |
| 43 | Ninth Cir. 10.2 | Civil Rights—Title VII—Disparate Treatment—Promotion | | X | X |
| 44 | Special Instruction No. 1 | "Similarly Situated Employee" Defined | | | X |
| 45 | Ninth Cir. 10.3 | Civil Rights—Title VII—Disparate Treatment—"Because of" Defined | | | X |
| **EQUAL PAY CLAIMS: FEDERAL EQUAL PAY ACT & OREGON EQUAL PAY ACT** | | | | | |
| 46 | | Federal Equal Pay Act | | X | X |
| 47 | | Federal Equal Pay Act—Willfulness | X | | |
| 48 | | Affirmative Defense: Wage Based on Permitted Factors Other than Sex | | | X |
| 49 | | Oregon Equal Pay Act | | X | X |

| Inst. No. | Source | Title | Agreed? | Plaintiffs' Proposed | Defendant's Proposed |
|---|---|---|---|---|---|
| **DISPARATE TREATMENT: RETALIATION (HENDER ONLY)** | | | | | |
| 50 | Ninth Cir. 10.8 | Civil Rights—Title VII—Retaliation—Elements and Burden of Proof | **X** | | |
| 51 | Ninth Cir. 10.10 | Civil Rights—Title VII— "Adverse Employment Action" in Retaliation Cases | | | **X** |

No. 1:  Duty of Jury (Court Reads and Provides Written Set of Instructions at the Beginning of Trial)

<u>**NOT DISPUTED**</u>

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected, and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

**Source:**  Ninth Circuit Model Instruction 1.2 – modified to complete bracketed text.

No. 2:  Duty of Jury (Court Reads and Provides Written Instructions at End of Case)

**NOT DISPUTED**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case. Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**Source:**  Ninth Circuit Model Instruction 1.4 – modified to complete bracketed text.

<u>No. 3:  Claims and Defenses</u>

**<u>DISPUTED</u>**

<u>Model Jury Instruction:</u>

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff asserts that [plaintiff's claims]. The plaintiff has the burden of proving these claims.

The defendant denies those claims [and also contends that [defendant's counterclaims and/or affirmative defenses]]. [The defendant has the burden of proof on these [counterclaims and/or affirmative defenses.]]

[The plaintiff denies [defendant's counterclaims and/or affirmative defenses].]

**Source:**  Ninth Circuit Model Instruction 1.5.

918991.1

## **PLAINTIFFS' OBJECTIONS AND/OR RESPONSE**

Plaintiffs' Preferred Instruction:

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiffs Kelly Cahill, Lindsay Elizabeth, Sara Johnston, and Heather Hender assert two types of sex discrimination claims.

First, Plaintiffs' disparate treatment claims. For this claim, Plaintiffs have the burden of showing that one of the reasons Nike paid them less or failed to promote them was because they are women. Plaintiffs can, and most often do, prove this claim through circumstantial evidence. If Plaintiffs show this, NIKE has the burden of proving [affirmative defense].

Plaintiffs here contend that NIKE paid them less than similarly situated men, NIKE promoted similarly situated men but failed to promote Plaintiffs, NIKE had a pattern or culture of discrimination against women, NIKE's dishonesty about material facts shows NIKE's consciousness of guilt, and NIKE knew that it discriminated against women but failed to address the discrimination. NIKE denies these claims.

NIKE contends that [affirmative defense]. Plaintiffs deny NIKE'S [affirmative defense].

Second, Cahill's, Elizabeth's, and Hender's equal pay act claims. For this claim, Plaintiffs have the burden of showing that Nike paid them less than the average pay of men in comparable or substantially equal jobs. If Plaintiffs show this, Nike has the burden of proving that 100% of the pay disparity is justified by job-related reasons that were in fact used to make the relevant pay decisions.

918991.1

Plaintiffs here contend that NIKE paid them less than the average pay of men in the same job codes, and NIKE identified jobs in the same job code as comparable or substantially equal. NIKE denies these claims.

NIKE contends that [affirmative defense].  Plaintiffs deny NIKE'S [affirmative defense].

Hender brings a third claim for retaliation.  For this claim, Hender has the burden of showing that, because Hender filed a complaint of discrimination, Nike took action that might have dissuaded a reasonable employee from filing a complaint.  NIKE denies these claims.

Plaintiffs' explanation:

Plaintiffs' proposal serves the purpose of this pattern instruction: "a brief summary of the positions of the parties."  It provides a brief summary that helps introduce the jury to this case. Without this, the jury will not be informed of relevant legal principles until after the close of evidence.  It describes what Plaintiffs contend in a neutral fashion.  Nike should likewise set forth its key positions in a neutral fashion.  Plaintiffs' legal theories are sound:

- Disparate treatment requires a plaintiff to meet the "because of" element, which means that their sex was one of the causes.  *See Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644, 656 (2020) (for "Title VII's 'because of' test … "plaintiff's sex need not be the sole or primary cause of the employer's adverse action.").

- Plaintiffs can, and most often do, prove disparate treatment through circumstantial evidence. *See e.g., Desert Palace, Inc. v. Costa*, 539 U.S. 90, 99–100 (2003) (in disparate treatment action, "The reason for treating circumstantial and direct evidence alike is both clear and

918991.1

deep rooted: Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence.").

- The employer's pattern of discrimination is probative, as the Ninth Circuit has repeatedly found in individual disparate treatment cases. *See e.g., Obrey v. Johnson*, 400 F.3d 691, 694 ("a discriminatory pattern is probative of motive and can therefore create an inference of discriminatory intent with respect to the individual employment decision at issue."); *Heyne v. Caruso*, 69 F.3d 1475, 1478-80 (9th Cir. 1995) ("evidence of the employer's discriminatory attitude *in general* is relevant and admissible to prove . . . discrimination.").

- Consciousness of guilt is probative. *See e.g., Reeves v. Sanderson Plumbing Prod., Inc*., 530 U.S. 133, 147 (2000) (in disparate treatment action, stating "the general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as 'affirmative evidence of guilt.'") (citations omitted); *United States v. Castillo*, 615 F.2d 878, 885 (9th Cir. 1980) (attempt "to suppress evidence is probative of consciousness of guilt and admissible on that basis.").

- Failure to address known discrimination is probative. *E.E.O.C. v. Inland Marine Indus.*, 729 F.2d 1229, 1235 (9th Cir. 1984) ("By refusing to … bring black wages in line with those of whites, [employer] ratified the existing disparities. His ratification constituted all the intent the court needed to find Inland Marine guilty on a disparate treatment theory.").

- For Nike's equal pay act affirmative defenses, the employer must prove all the disparity was in fact justified by job-related reasons. *Rizo v. Yovino*, 950 F.3d 1217, 1228 (9th Cir. 2020) (en banc) ("[employer] had the burden of proving that "sex provide[d] *no* part of the basis for the wage differential.") (emphasis in original) (citations omitted); *see also e.g., Gosa v. Bryce*

918991.1

*Hospital*, 780 F.2d 917, 919 (11th Cir. 1986) (affirming award because the employer was "unable to prove that the entire wage disparity was attributable to factors other than sex.").

## *DEFENDANT'S OBJECTIONS AND/OR RESPONSE*

<u>Defendant's Preferred Instruction:</u>

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiffs assert that MATCH TO NEUTRAL STATEMENT. Each plaintiff independently has the burden of proving these claims.

NIKE denies those claims and also contends that any pay differential that may exist between the plaintiffs and their alleged comparators is explained by non-discriminatory reasons, such as permitted factors other than sex. NIKE has the burden of proof on this affirmative defense only.

The plaintiffs deny NIKE's affirmative defense.

**Source:**  Ninth Circuit Model Instruction 1.5 – modified to complete bracketed text.

<u>Defendant's explanation:</u>

NIKE's proposed instruction is non-argumentative and non-suggestive.  It will match the neutral statement of the case provided to the jury, to avoid any preconditioning or argumentative/suggestive elements in this jury instruction.

Plaintiffs' proposed articulation is not appropriate for several reasons:

**First**, it implies that all four Plaintiffs are bringing the same claims (disparate treatment + equal pay). That is not accurate. Only certain Plaintiffs are bringing disparate treatment claims versus equal pay claims. And certain Plaintiffs bring both disparate treatment in pay and promotions, while other Plaintiffs bring one or the other. Plaintiffs' articulation confuses these distinctions for the jury and is improper.

**Second**, it misstates the law in several key regards.

- Plaintiffs' proposed articulation misstates the type of evidence that Plaintiffs may rely upon to prove their disparate treatment claim. Their disparate treatment claims require proof that they were treated less favorably than similarly situated men. *See* Comment to Model Instruction 10.1 ("To establish a prima facie case of disparate treatment under Title VII, a plaintiff must show "(1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably." *Berry v. Dep't of Soc. Servs.*, 447 F.3d 642, 656 (9th Cir. 2006)). Nothing in Title VII or the Oregon state law equivalent—the two bodies of law under which Plaintiffs bring their disparate treatment claims—says they can prove their claim by relying on "consciousness of guilt" and/or "that [a defendant] knew that it discriminated against [a protected class] but failed to address the discrimination." NIKE's proposed articulation accurately informs the jury on the law on this point.

- Plaintiffs' articulation also misstates the law as it relates to Equal Pay. Plaintiffs have two bases for their equal pay claims – the federal Equal Pay Act and the Oregon Equal Pay Act. Neither the federal law, nor the Oregon law at the time of

Plaintiffs' employment, require that the defendant prove that 100% of any pay discrepancy is explained by bona fide factors other than sex.

**Third**, the Court will instruct the jury on each cause of action and affirmative defense at the close of the evidence.  Plaintiffs' proposed instruction seeks to "summarize" these instructions, but does so in a manner that is incomplete and confusing.  The jury should only receive instructions that are thorough and complete, and any attempt to summarize or put the instructions into shorthand risks unnecessary confusion.

<u>No. 4:  Burden of Proof—Preponderance of the Evidence</u>

**<u>Not Disputed</u>**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Source:**  Ninth Circuit Model Instruction 1.6 – modified to complete bracketed text.

<u>No. 5:  Burden of Proof— Clear and Convincing Evidence</u>

**<u>Disputed</u>**

<u>Model Jury Instruction:</u>

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

**Source:**  Ninth Circuit Model Instruction 1.7.

918991.1

## **PLAINTIFFS' OBJECTIONS AND/OR RESPONSE**

Plaintiffs' Preferred Instruction:

Plaintiffs agree to the exact language of this pattern instruction, but they propose that it be incorporated into the instruction on punitive damages under Oregon law.

Plaintiffs' explanation:

Because the only time the jury will apply this standard is with respect to punitive damages under Oregon law, this instruction should be included in that instruction. Jury instructions should be logically order. *See Tavoulareas v. Piro*, 817 F.2d 762, 808 (D.C. Cir. 1987) (Ginsburg, J., concurring) ("a logically-ordered set of directions for consideration and decision of the separate issues should aid the jury to start out and remain on track."). Without a logical order, this instruction can cause juror confusion.

## **DEFENDANT'S OBJECTIONS AND/OR RESPONSE**

Defendant's Preferred Instruction:

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

**Source:** Ninth Circuit Model Instruction 1.7 – modified to complete bracketed text.

Defendant's explanation:

Plaintiffs seek punitive damages, including for claims under Oregon state law.  Under ORS 31.730(1), "punitive damages are not recoverable in a civil action ***unless it is proven by clear and convincing evidence*** that the party against whom punitive damages are sought has acted with malice or has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and has acted with a conscious indifference to the health, safety and welfare of others."

NIKE intends to move the Court to bifurcate the issue of punitive damages from the liability phase of the trial.  However, should the Court deny NIKE's motion, this instruction properly informs the jury on the standard for clear and convincing evidence for Plaintiffs' punitive damages claims.

<u>No. 6:  Two or More Parties—Different Legal Rights</u>

## **<u>DISPUTED</u>**

<u>Model Jury Instruction:</u>

You should decide the case as to each [plaintiff] [defendant] [party] separately. Unless otherwise stated, the instructions apply to all parties.

**Source:**  Ninth Circuit Model Instruction 1.8.

918991.1

## **PLAINTIFFS' OBJECTIONS AND/OR RESPONSE**

Plaintiffs' Disagree that this instruction should be given.

Plaintiffs' explanation:

This instruction is not accurate for Plaintiffs' claims because, for example, a pattern of discrimination is relevant. *See e.g., Obrey*, 400 F.3d at 694 ("a discriminatory pattern is probative of motive and can therefore create an inference of discriminatory intent with respect to the individual employment decision at issue."); *Heyne*, 69 F.3d at 1478-80 (similar).

The instructions on the claims and the verdict form will clearly set forth the claims for each Plaintiff and what they have to prove. Instructions should be viewed "as a whole." *Mangold v. California Pub. Utilities Comm'n*, 67 F.3d 1470, 1475 (9th Cir. 1995) ("Taken as a whole, the instructions … must fairly present the issues to the jury.").

This instruction is repetitive of other instructions and places undue emphasis away from Plaintiffs' theory of the case. *See Gill v. Manuel*, 488 F.2d 799, 802 (9th Cir. 1973) ("Repetitious instructions which place undue emphasis on matters favorable to either side constitute reversible error.") (citation omitted).

## **DEFENDANT'S OBJECTIONS AND/OR RESPONSE**

Defendant's Preferred Instruction:

There are four plaintiffs in this case. You must decide each cause of action for each plaintiff separately. Unless otherwise stated, the instructions apply to all parties.

**Source:** Ninth Circuit Model Instruction 1.8 – modified to complete bracketed text.

Defendant's explanation:

918991.1

This instruction is drawn directly from the 9th Circuit Model 1.8. It accurately states that there are four Plaintiffs, and accurately instructs the jury that each Plaintiff bears her own burden of proof.

The potential for confusion and prejudice caused by having four Plaintiffs with separate claims and separate burdens of proof is why NIKE moved to sever the Plaintiffs' claims into separate trials. Although that Motion was denied, the Court stated at the hearing on that Motion that the Court had "tools" it could use at trial to mitigate the potential of prejudice caused by having four Plaintiffs simultaneously presenting their individual cases on different theories. Using an instruction to make clear that each Plaintiff must carry her own burden of proof is one such tool to mitigate the potential for prejudice.

<u>No. 7:  What is Evidence</u>

**<u>Not Disputed</u>**

The evidence you are to consider in deciding what the facts are consists of:

     1. the sworn testimony of any witness;

     2. the exhibits that are admitted into evidence;

     3. any facts to which the lawyers have agreed; and

     4. any facts that I [may instruct] [have instructed] you to accept as proved.

**Source:**  Ninth Circuit Model Instruction 1.9 – modified to complete bracketed text.

<u>No. 8:  What is Not Evidence</u>

**<u>Not Disputed</u>**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered. In addition, some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)     Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Source:**  Ninth Circuit Model Instruction 1.10 – modified to complete bracketed text.

No. 9:  Evidence for Limited Purpose

**<u>Not Disputed</u>**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

**Source:**  Ninth Circuit Model Instruction 1.11 – modified to complete bracketed text.

<u>No. 10:  Direct and Circumstantial Evidence</u>

**<u>Not Disputed</u>**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should consider both kinds of evidence. It is for you to decide how much weight to give to any evidence.

**Source:**  Ninth Circuit Model Instruction 1.12.

<u>No. 11:  Ruling on Objections</u>

**<u>Not Disputed</u>**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Source:**  Ninth Circuit Model Instruction 1.13 – modified to complete bracketed text.

<u>No. 12:  Credibility of Witnesses</u>

**<u>Not Disputed</u>**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other

918991.1

28 – Proposed Jury Instructions

hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Source:** Ninth Circuit Model Instruction 1.14 – modified to complete bracketed text.

<u>No. 13: Conduct of the Jury</u>

**<u>Not Disputed</u>**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

918991.1

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

918991.1

A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

**Source:**  Ninth Circuit Model Instruction 1.15 – modified to complete bracketed text.

No. 14:  Publicity During Trial

**DISPUTED**

Model Jury Instruction:

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch, or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

**Source:**  Ninth Circuit Model Instruction 1.16.

## ***PLAINTIFFS' OBJECTIONS AND/OR RESPONSE***

Plaintiffs' Disagree that this instruction should be given.

Plaintiffs' explanation:

This instruction is repetitive of the daily cautionary instruction to start the day and duty of jury instructions.  It is unnecessary in this case, and over-instructing can cause juror confusion.  *See Jazzabi v. Allstate Ins. Co.*, 278 F.3d 979, 987 (9th Cir. 2002) ("over-instructing the jury carries its own risks."); *Mitchell v. Keith*, 752 F.2d 385, 391 (9th Cir. 1985) (affirming district court's refusal to include "unnecessary" instruction) (citations omitted).  The pattern instructions are not always appropriate, they do not apply in every situation, and "they may require modification."  *See Bearchild v. Cobban*, 947 F.3d 1130, 1148 (9th Cir. 2020) ("model instructions are not a compendium of all that is plain or obvious … and they may require modification in a particular case.") (citations and internal quotations omitted).

## ***DEFENDANT'S OBJECTIONS AND/OR RESPONSE***

Defendant's Preferred Instruction:

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch, or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

**Source:**  Ninth Circuit Model Instruction 1.16 – modified to complete bracketed text.

Defendant's explanation:

918991.1

There has been, for years, significant media coverage of this case.  Recently, a three-part series of articles by the Oregonian covered the claims and, NIKE expects such coverage to increase leading up to and throughout the trial.  Through the media, Plaintiffs' counsel have made many statements and mischaracterizations about this case (including Plaintiffs' counsel leaking sealed documents covered by the Protective Order directly to the same reporter to whom she has given repeated statements about this case).  NIKE expects that there will be additional media coverage during this trial, particularly given Plaintiffs' counsel's frequent and ongoing relationship with the media, both about this case and others.  It is a proper statement of the law to tell the jury to ignore any such press that they may already be aware of, and particularly important in this case.

<u>No. 15:  No Transcript Available to Jury</u>

**<u>Not Disputed</u>**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

**Source:**  Ninth Circuit Model Instruction 1.17 – modified to complete bracketed text.

<u>No. 16:  Taking Notes</u>

**<u>Not Disputed</u>**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**Source:**  Ninth Circuit Model Instruction 1.18 – modified to complete bracketed text.

<u>No. 17:  Questions to Witnesses by Jurors During Trial</u>

**<u>Not Disputed</u>**

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses.  If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

**Source:**  Ninth Circuit Model Instruction 1.19 – modified to complete bracketed text.

<u>No. 18:  Bench Conferences and Recesses</u>

**<u>Not Disputed</u>**

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Source:**  Ninth Circuit Model Instruction 1.20 – modified to complete bracketed text.

<u>No. 19:  Outline of Trial</u>

**<u>Not Disputed</u>**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiffs will then present evidence, and counsel for NIKE may cross-examine. Then NIKE may present evidence, and counsel for the plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Source:**  Ninth Circuit Model Instruction 1.21 – modified to complete bracketed text.

No. 20:  Cautionary Instructions

**Not Disputed**

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, if you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.

**Source:**  Ninth Circuit Model Instruction 2.0 – modified to complete bracketed text.

<u>No. 21:  Stipulations of Fact</u>

**<u>Not Disputed</u>**

The parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved.

**Source:**  Ninth Circuit Model Instruction 2.2 – modified to complete bracketed text.

<u>No. 22:  Deposition in Lieu of Live Testimony</u>

**<u>Not Disputed</u>**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of [name of witness] was taken on [date]. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

**Source:**  Ninth Circuit Model Instruction 2.4 – modified to complete bracketed text.

<u>No. 24:  Use of Interrogatories</u>

**<u>Not Disputed</u>**

Evidence <mark>[will now be] [was]</mark> presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**Source:**  Ninth Circuit Model Instruction 2.11 – modified to complete bracketed text.

<u>No. 25:  Use of Requests for Admission</u>

**<u>Not Disputed</u>**

Evidence <mark>[will now be] [was]</mark> presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

**Source:**  Ninth Circuit Model Instruction 2.12 – modified to complete bracketed text.

<u>No. 26:  Expert Opinion</u>

**<u>Not Disputed</u>**

You heard testimony from Dr. David Neumark, Dr. Ali Saad, and Jennifer Murphy. They testified about their opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

**Source:**  Ninth Circuit Model Instruction 2.13 – modified to complete bracketed text.

No. 27:  Charts and Summaries Not Received in Evidence

**Not Disputed**

Model Jury Instruction:

Certain charts and summaries not admitted into evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Source:**  Ninth Circuit Model Instruction 2.14 – modified to complete bracketed text.

<u>No. 28:  Charts and Summaries Received in Evidence</u>

**<u>Not Disputed</u>**

<u>Model Jury Instruction:</u>

Certain charts and summaries <mark>[may be] [have been]</mark> admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Source:**  Ninth Circuit Model Instruction 2.15.

No. 29:  Evidence in Electronic Format

**Not Disputed**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff]. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not

918991.1

49 –Proposed Jury Instructions

permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

**Source:** Ninth Circuit Model Instruction 2.16 – modified to complete bracketed text.

No. 30:  Spoliation

There is no 9th Circuit Model Instruction for this claim.

## **_PLAINTIFFS' OBJECTIONS AND/OR RESPONSE_**

Plaintiffs' Preferred Instruction:

If you conclude that NIKE failed to preserve potentially relevant evidence, you may infer that the evidence which was destroyed would have been unfavorable to the NIKE.

Plaintiffs' explanation:

In August 2020, the Magistrate Judge found, Nike "demonstrated a certain lack of transparency so far in the discovery process and certainly some deficient production," and failed to produce "documents ordered some nine months ago …." ECF No. 111 at 8-9. Four years later, the Magistrate Judge "agrees" that Nike has "been recalcitrant in responding to discovery requests." ECF No. 521 ("Order") at 15.  As Nike confirmed at the October 9, 2024 hearing, it did not produce all discovery responsive to Plaintiffs' Seventh Set of Requests for Production. *See* ECF No. 540 at 36:2-37:15.

Here, NIKE did not preserve or refused to produce discovery it knew was potentially relevant relating to the alleged pattern of discrimination, its practice of using prior pay, and its job architecture.  NIKE also misrepresented the existence of discovery, did not comply with discovery orders, it produced discovery years after it was requested or ordered, and this discovery conduct thus prejudiced Plaintiffs.  A spoliation instruction is thus appropriate.  *See e.g., Univ. Acct. Serv., LLC v. Schulton*, No. 3:18-CV-1486-SI, 2019 WL 2404512, at *7 (D. Or. June 7, 2019) ("Court intends to provide the jury with" an instruction "that if the jury first finds that Schulton acted with the intent to deprive UAS of the deleted information's use in litigation, the jury may presume the deleted information was unfavorable to Schulton."); *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 995 (N.D. Cal. 2012) (Judge Koh issued similar order).

918991.1

52 –Proposed Jury Instructions

In addition, during the hearing regarding Plaintiffs' objections to the Magistrate Judge's Order denying Plaintiffs' request for a special master and their motion to compel concerning Starfish-related evidence, the Court indicated Plaintiffs would have the opportunity to prove Nike did not produce responsive discovery despite its representations. *See* ECF No. at 20:7-12 ("But the question is whether we are going to pause the case moving forward to trial and continue down the discovery fight road when, in fact, should it turn out that Nike did not disclose to you information in its possession and control despite its representation to the Court that it has, well, then they've got a huge problem on their hands.").

## *DEFENDANT'S OBJECTIONS AND/OR RESPONSE*

<u>Defendant disagrees that this instruction should be given.</u>

<u>Defendant's explanation:</u>

NIKE objects to this instruction issuing unless and until any evidence supporting its issuance is introduced (of which NIKE believes there will be none).

Plaintiffs also provided no source for this instruction during pre-filing meet and confers, despite NIKE requesting it. NIKE objects to instructing the jury until authority supporting the instruction can be vetted.

<u>No. 31:  Duty to Deliberate</u>

**<u>Not Disputed</u>**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Source:**  Ninth Circuit Model Instruction 3.1 – modified to complete bracketed text.

No. 32:  Consideration of Evidence—Conduct of the Jury

**Not Disputed**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or

918991.1

the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Source:** Ninth Circuit Model Instruction 3.2 – modified to complete bracketed text.

918991.1

56 –Proposed Jury Instructions

<u>No. 33:  Communication with Court</u>

**<u>Not Disputed</u>**

  If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**Source:**  Ninth Circuit Model Instruction 3.3 – modified to complete bracketed text.

<u>No. 34:  Return of Verdict</u>

**<u>Not Disputed</u>**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

**Source:**  Ninth Circuit Model Instruction 3.5 – modified to complete bracketed text.

918991.1

No. 35:  Corporations and Partnerships—Fair Treatment

**Disputed**

Model Jury Instruction:

All parties are equal before the law and a [corporation] [partnership] is entitled to the same fair and conscientious consideration by you as any party.

**Source:**  Ninth Circuit Model Instruction 4.1.

918991.1

## PLAINTIFFS' OBJECTIONS AND/OR RESPONSE

Plaintiffs' Disagree that this instruction should be given.

Plaintiffs' explanation:

This instruction is repetitive of the daily cautionary instruction to start the day, duty of jury, and conduct of jury, all of which emphasize the fairness to all parties. But, here, NIKE gets special treatment. *See Gill v. Manuel*, 488 F.2d 799, 802 (9th Cir. 1973) ("Repetitious instructions which place undue emphasis on matters favorable to either side constitute reversible error.") (citation omitted). It is over-instructing, and it can thus cause juror confusion. *See Jazzabi v. Allstate Ins. Co.*, 278 F.3d 979, 987 (9th Cir. 2002) ("over-instructing the jury carries its own risks."); *Mitchell v. Keith*, 752 F.2d 385, 391 (9th Cir. 1985) (affirming district court's refusal to include "unnecessary" instruction) (citations omitted).

## DEFENDANT'S OBJECTIONS AND/OR RESPONSE

Defendant's Preferred Instruction:

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**Source:**  Ninth Circuit Model Instruction 4.1 – modified to complete bracketed text.

Defendant's explanation:

NIKE's instruction is an unedited version of Model Instruction 4.1 regarding treatment of corporations. NIKE is a corporation. This Model Instruction correctly instructs the jury that, as a corporation, NIKE is entitled to the same treatment as any other party. There is no prejudice to Plaintiffs by instructing the jury that NIKE is entitled to fair treatment; conversely, there is a significant risk of prejudice to NIKE if the jury is not so instructed.

918991.1

No. 36:  Liability of Corporations—Scope of Authority Not in Issue

**Not Disputed**

Under the law, a corporation is considered to be a person. It can only act through its

employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its

employees, agents, directors, and officers performed within the scope of authority.

**Source:**  Ninth Circuit Model Instruction 4.2.

<u>No. 37:  Scope of Authority Defined</u>

**<u>Disputed</u>**

<u>Model Jury Instruction:</u>

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

**Source**:  Ninth Circuit Model Instruction 4.5.

## **PLAINTIFFS' OBJECTIONS AND/OR RESPONSE**

Plaintiffs' Disagree that this instruction should be given.

Plaintiffs' explanation:

There is no caselaw cited stating that this applies in this case to these claims. *See Mitchell v. Keith*, 752 F.2d 385, 389 (9th Cir. 1985) ("defendant's proposed instruction is misleading because it omits relevant principles of the law applicable to this case.")

Even if this was a correct statement of the law, there is no evidence or allegations from NIKE supporting this instruction. It has not even made specific allegations about a specific person who it alleges acted outside the scope of agency. Including this instruction is thus contrary to "long … settled law that it is error in the court to give an instruction when there is no evidence in the case to support the theory of fact which it assumes." *U.S. Wholesale Outlet & Distribution, Inc. v. Innovation Ventures, LLC*, 89 F.4th 1126, 1136 (9th Cir. 2023) (internal quotation and citation omitted).

## **DEFENDANT'S OBJECTIONS AND/OR RESPONSE**

Defendant's Preferred Instruction:

An employee is acting within the scope of authority if the employee is engaged in the performance of duties which were expressly or impliedly assigned to the employee by the employer.

Defendant's explanation:

NIKE proposes using an effectively unedited version of the Model Instruction, tailored only to reflect that the scope of authority at-issue here is employee/employer. There will be disputes at trial regarding whether certain actions were in the scope of an employee's authority,

such that NIKE could potentially be held liable for those actions.  Therefore, instructing the jury

on what is required to find scope of authority is appropriate.

<u>No. 38:  Testimony of a Corporate Representative</u>

**<u>Disputed</u>**

There is no 9th Circuit Model Instruction for this claim.

## *PLAINTIFFS' OBJECTIONS AND/OR RESPONSE*

Plaintiffs' Preferred Instruction:

You will hear testimony from an individual designated as a corporate representative. A witness designated as a corporate representative speaks for the corporation. The corporation is obligated to prepare its representative so that he or she may give knowledgeable and binding answers for the corporation.

Plaintiffs' explanation:

Rule 30(b)(6) requires an organization to "designate other person who consent to testify on its behalf," and "the persons designated must testify about information known or reasonably available to the organization."  Plaintiffs will call witnesses who NIKE chose to designate as Rule 30(b)(6) witnesses.

## *DEFENDANT'S OBJECTIONS AND/OR RESPONSE*

Defendant Disagrees that this instruction should be given.

Defendant's explanation:

Plaintiffs provided no source for this instruction, despite NIKE requesting it during pre-filing meet and confers.  NIKE objects to instructing the jury until authority supporting the instruction can be vetted.

918991.1

66 –Proposed Jury Instructions

<u>No. 39:  Damages—Proof</u>

**<u>Disputed</u>**

<u>Model Jury Instruction:</u>

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff [on the plaintiff's [specify type of claim] claim], you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

[Insert types of damages. See Instruction 5.2 (Measures of Types of Damages)]

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Source:**  Ninth Circuit Model Instruction 5.1.

## ***PLAINTIFFS' OBJECTIONS AND/OR RESPONSE***

<u>Plaintiffs' Preferred Instruction:</u>

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for any plaintiff on any claim, you must determine their damages. The Plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiffs for any injury you find was caused by NIKE. You should consider the following:

**Disparate treatment damages for lower pay**: you should award each Plaintiff you found in favor of the difference between their compensation and the compensation of one or more similarly situated men who Nike treated more favorably.  If you award damages for this claim, they can begin on July 25, 2016 and it must end by the following date for: Cahill (July 25, 2017); Elizabeth (October 5, 2018); and Hender (October 12, 2020).

**Disparate treatment damages for failure to promote**: you should award each Plaintiff you found in favor of the difference between their compensation and the compensation of one or more similarly situated men or a man who Nike promoted.  If you award damages for this claim, they can begin on July 25, 2017 and it must end by the following date for: Hender (October 12, 2020); Cahill (July 25, 2017); and Johnston (October 27, 2017).

**Oregon Equal pay act claims**: you should award each Plaintiff you found in favor of the difference between their compensation and the average compensation of the men who were in comparable jobs.  If you award damages for this claim, they can begin on July 25, 2017 and it

918991.1

must end by the following date for: Cahill (July 25, 2017); Elizabeth (October 5, 2018); and Hender (October 12, 2020).

**Federal Equal pay act claims**: you should award each Plaintiff you found in favor of the difference between their compensation and the average compensation of the men who were in substantially equal jobs.

If you find willfulness, the damages are limited to the following: Cahill (August 9, 2015 to July 25, 2017); Elizabeth (January 17, 2017 to October 5, 2018); and Hender (November 19, 2015 to October 12, 2020).

If you do not find willfulness, the damages are limited to the following: Cahill (August 9, 2016 to July 25, 2017); Elizabeth (January 17, 2017 to October 5, 2018); and Hender (November 19, 2016 to October 12, 2020).

**Hender's retaliation claim**: you should award the amount which will reasonably and fairly compensate Hender for any injury you find was caused by NIKE. You should consider damages for emotional pain and suffering, including but not limited to fright, nervousness, grief, anxiety, depression, worry, mortification, shock, humiliation, indignity, embarrassment, panic, apprehension, terror, or ordeal Hender experienced as a result of NIKE's retaliation.

It is for you to determine what damages, if any, have been proven. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Plaintiffs' explanation:

Plaintiffs merely set forth the pattern instruction and filled in the brackets. The substance that was added to the brackets is based on legally sound theories and supported by the evidence. *See Dang v. Cross*, 422 F.3d 800, 811 (9th Cir. 2005) ("Failure to give an instruction on a party's theory of the case is reversible error if the theory is legally sound and evidence in the case makes it applicable … the district court failed in its obligation 'to give jury instructions on all issues arising from the evidence and to present the [plaintiff's] theory of the case.'") (citations omitted).

This instruction clearly states which Plaintiff may be entitled to damages and for what period. The verdict form further identifies which Plaintiff can bring which claim. NIKE's proposed additions of "particular," specific," and "individual" are unnecessary and place undue emphasis in support of its position that each Plaintiffs' evidence exists in a silo and is never relevant to any other Plaintiff's claim. *See Gill v. Manuel*, 488 F.2d 799, 802 (9th Cir. 1973) ("Repetitious instructions which place undue emphasis on matters favorable to either side constitute reversible error.") (citation omitted).

## ***DEFENDANT'S OBJECTIONS AND/OR RESPONSE***

Defendant's Preferred Instruction:

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for any **particular** plaintiff on one or more of her **individual** claims, you must determine that **specific** plaintiff's damages. Each **individual** plaintiff has the burden of proving her claimed damages by a preponderance of the evidence. Damages means the amount

918991.1

of money that will reasonably and fairly compensate that **specific** plaintiff for any injury to her that you find was caused by NIKE. It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Source:**  Ninth Circuit Model Instruction 5.1 – modified to complete bracketed text.

Defendant's explanation:

Each Plaintiff has an individual burden of proof.  NIKE's proposed formulation of this Model Instruction makes clear to the jury that it should consider each Plaintiff's claim separately, and that finding for one plaintiff does not mean that the jury must award damages for other plaintiffs.  For clarity above, NIKE has **bolded and underlined** the words it added to make this distinction clear.  Other than these additions, the instruction is otherwise unchanged from the Model.

Plaintiffs' version improperly suggests that each Plaintiff is bringing the same type of claim, which is not accurate.  Not all Plaintiffs are bringing disparate treatment – pay claims or disparate treatment – promotion claims.

Plaintiffs' version also misstates the law.  The disparate treatment – promotion claim formulation they provide says to award the difference between compensation of the plaintiff and "one or more similarly situated men or a man who Nike promoted."  That is not the standard, as the law requires that the man have been promoted *and Plaintiff have been qualified for that promotion.  See* Model Instruction 10.2 (To establish a prima facie case of disparate treatment under Title VII, a plaintiff must show "(1) he is a member of a protected class; (2) *he was*

918991.1

***qualified for his position***; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably." *Berry v. Dep't of Soc. Servs.*, 447 F.3d 642, 656 (9th Cir. 2006)) (emphasis added).

Plaintiffs' version also incorrectly assumes that the statute of limitations for the Plaintiffs' Title VII claims are all identical. That is not the law, however. This is not a class action, and so each Plaintiff is proceeding as an individual. Each was therefore required to file a separate charge before commencing suit, and the date the statute of limitations should be calculated with respect to is the date that charge was filed. NIKE requested Plaintiffs provide authority holding otherwise and they could not do so (the only authority they sent was with respect to tolling the statute of limitations during the class's pendency, which is a different issue than what date the statute of limitations started to run).

NIKE's proposed articulation does not run these risks, as it avoids unnecessarily instructing on the law and/or confusing the issues as to which Plaintiff is bringing which type of claim.

<u>No. 40:  Measures of Types of Damages</u>

**<u>Disputed</u>**

<u>Model Jury Instruction:</u>

In determining the measure of damages, you should consider:

[The nature and extent of the injuries;]

[The [disability] [disfigurement] [loss of enjoyment of life] experienced [and that with reasonable probability will be experienced in the future];]

[The [mental,] [physical,] [emotional] pain and suffering experienced [and that with reasonable probability will be experienced in the future];]

[The reasonable value of necessary medical care, treatment, and services received to the present time;]

[The reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future;]

[The reasonable value of [wages] [earnings] [earning capacity] [salaries] [employment] [business opportunities] [employment opportunities] lost up to the present time;]

[The reasonable value of [wages] [earnings] [earning capacity] [salaries] [employment] [business opportunities] [employment opportunities] that with reasonable probability will be lost in the future;]

[The reasonable value of necessary [household help] [services other than medical] [and] [expenses] required up to the present time;]

[The reasonable value of necessary [household help] [services other than medical] [and] [expenses] that with reasonable probability will be required in the future;]

[The reasonable value of necessary repairs to any property that was damaged;]

[The difference between the fair market value of any damaged property immediately before the occurrence and its fair market value immediately thereafter;] [and]

[The reasonable value of necessary repairs to any property that was damaged plus the difference between the fair market value of the property immediately before the occurrence and its fair market value after it is repaired.]

[The lesser of the following:

1. the reasonable cost of necessary repairs to any property that was damaged plus the difference between the fair market value of the property immediately before the occurrence and its fair market value after it is repaired; or

2. the difference between the fair market value of the property immediately before the occurrence and the fair market value of the unrepaired property immediately after the occurrence.]

[Such sum as will reasonably compensate for any loss of use of any damaged property during the time reasonably required for its [repair] [replacement].]

**Source:**  Ninth Circuit Model Instruction 5.2.

## **PLAINTIFFS' OBJECTIONS AND/OR RESPONSE**

Plaintiffs' disagree that this instruction should be given.

Plaintiffs' explanation:

The instruction on damages is set forth above. NIKE did not propose the following instruction until the day this was due. It does not provide a fair description of the potential damages.

It disregards Plaintiffs' theory based on sound legal principles and the evidence. *See Dang v. Cross*, 422 F.3d 800, 811 (9th Cir. 2005) ("Failure to give an instruction on a party's theory of the case is reversible error if the theory is legally sound and evidence in the case makes it applicable … the district court failed in its obligation 'to give jury instructions on all issues arising from the evidence and to present the [plaintiff's] theory of the case.'") (citations omitted).

## **DEFENDANT'S OBJECTIONS AND/OR RESPONSE**

Defendant's Preferred Instruction:

In determining the measure of damages, you should consider:

Back pay for all four Plaintiffs during the relevant period of their employment; and

As to plaintiff Heather Hender only, emotional distress.

**Source:** Ninth Circuit Model Instruction 5.2 – modified to complete bracketed text.

Defendant's explanation:

918991.1

NIKE proposes using the Model Instruction, identifying the categories of damages at-issue as contemplated by that instruction.

No. 41:  Punitive Damages

Model Jury Instruction:

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by [a preponderance of the evidence] [clear and convincing evidence] that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct [, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this

case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case].

[In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.]

[Punitive damages may not be awarded against [specify defendant.] [You may impose punitive damages against one or more of the defendants and not others and may award different amounts against different defendants.] [Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.]

**Source:** Ninth Circuit Model Instructions 5.5.

## **PLAINTIFFS' OBJECTIONS AND/OR RESPONSE**

Plaintiffs' Preferred Instruction:

### **Punitive Damages—Title VII—Disparate Treatment**

If you find for any Plaintiff on their disparate treatment or Oregon Equal Pay Act claims, you may, but are not required to, award punitive damages.

The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a Plaintiff.

The Plaintiffs have the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that NIKE's conduct that harmed the plaintiff(s) was malicious, oppressive, or in reckless disregard of the Plaintiff's rights.

Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's rights, or if NIKE acts in the face of a perceived risk that its actions will violate the plaintiff's rights under Oregon or federal law. An act or omission is oppressive if NIKE injures or damages or otherwise violates the rights of the plaintiff(s) with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff(s).

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the

918991.1

79 –Proposed Jury Instructions

amount of any punitive damages, consider the degree of reprehensibility of NIKE's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the NIKE for harm to anyone other than the plaintiffs in this case.

**Source:** Ninth Circuit Pattern Instruction 5.5

### Punitive Damages—Oregon Disparate Treatment or Oregon Equal Pay Act

If you find for any Plaintiff on their Oregon Disparate Treatment or Oregon Equal Pay Act claim, you may, but are not required to, award punitive damages.

The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiffs have the burden of proving by clear and convincing evidence that: NIKE has acted with malice or has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and has acted with a conscious indifference to the health, safety and welfare of others.

"Clear and convincing evidence" means that the party must present evidence that leaves makes you believe that the truth of the claim is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

There is no fixed standard for determining the amount of punitive damages and you are not required to award punitive damages. If you decide to award punitive damages, you should consider all the following  in determining the amount:

918991.1

(a) How reprehensible was that defendant's conduct, considering the nature of that conduct and the defendant's motive?

(b) In view of the defendant's financial condition, what amount is necessary to punish the defendant and discourage future wrongful conduct? You may not punish a defendant merely because a defendant has substantial financial resources.

The amount of punitive damages you award may not exceed $ _____ [which is the amount requested by the plaintiff].

**Source:** O.R.S. 31.730; Ninth Circuit Pattern 1.7; UCJI No. 75.02

<u>Plaintiffs' explanation:</u>

Plaintiffs propose two separate instructions: (1) the Ninth Circuit Pattern instruction for punitive damages under Title VII; and (2) the Oregon Uniform Civil Jury Instruction for punitive damages under Oregon law.  Plaintiffs reorganized the pattern instruction for Title VII to fit their legally sound theory and evidence, and it is appropriate to modify pattern instructions to a particular case.  *See Dang v. Cross*, 422 F.3d 800, 811 (9th Cir. 2005) ("Failure to give an instruction on a party's theory of the case is reversible error if the theory is legally sound and evidence in the case makes it applicable….'") (citations omitted);  *Bearchild v. Cobban*, 947 F.3d 1130, 1148 (9th Cir. 2020) ("model instructions are not a compendium of all that is plain or obvious … and they may require modification in a particular case.") (citations and internal quotations omitted).

It is appropriate to have separate instructions because there are substantive differences, including that Oregon, but not Title VII, is decided under a clear and convincing standard. Plaintiffs propose to include this standard in the Oregon punitive damages instruction because it is the only instance in which clear and convincing applies.

These instructions, the instructions on the elements for liability, and the verdict form make clear that damages for one Plaintiff does not mean damages for all Plaintiffs. Instructions should be viewed "as a whole." *Mangold v. California Pub. Utilities Comm'n*, 67 F.3d 1470, 1475 (9th Cir. 1995) ("Taken as a whole, the instructions … must fairly present the issues to the jury."). NIKE's proposed additions of "particular" are unnecessary and place undue emphasis in support of its position that each Plaintiffs' evidence exists in a silo and is never relevant to any other Plaintiff's claim. *See Gill v. Manuel*, 488 F.2d 799, 802 (9th Cir. 1973) ("Repetitious instructions which place undue emphasis on matters favorable to either side constitute reversible error.") (citation omitted).

NIKE's proposal to add language about "the relationship of any award" is not appropriate here. *See Murray v. Laborers Union Loc.* No. 324, 55 F.3d 1445, 1453 (9th Cir. 1995), *amended on denial of reh'g,* No. 93-15641, 1995 WL 415873 (9th Cir. July 14, 1995) ("this court must ascertain whether the trial court properly instructed the jury on the purpose of punitive damages, "so that the jury understands that punitive damages are not to compensate the plaintiff, but to punish the defendant and to deter the defendant and others from such conduct in the future," and not referring to that language in pattern instruction). Nor have Plaintiffs seen a case stating this for Title VII.

918991.1

## DEFENDANT'S OBJECTIONS AND/OR RESPONSE

<u>Defendant's Preferred Instruction:</u>

If you find for **a particular** plaintiff, you may, but are not required to, award **her** punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by clear and convincing evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct [, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this

918991.1

case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case].

==In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the **particular** plaintiff.==

Defendant's explanation:

NIKE is moving to bifurcate the issue of punitive damages into a Phase 2 of the trial. If that motion is granted, NIKE objects to giving this instruction unless Plaintiffs first establish any entitlement to punitive damages.

If the instruction is given, NIKE's proposed articulation is an effectively unedited version of Model Instruction 5.5. It accurately states the law. For convenience, NIKE has **bolded and underlined** the only changes it made to the model.

Plaintiffs' articulation improperly removes a key portion of the model instruction. Specifically, it deletes the language requiring the jury to consider the relationship between the actual harm (damages) and any punitive damages awarded. For convenience, NIKE has ==highlighted in yellow== the portion that Plaintiffs are proposing to delete. That is a necessary element of any punitives calculation. It is particularly important here, as Plaintiffs are only seeking a relatively small amount of compensatory damages, but NIKE anticipates they will ask for a disproportionately large punitive damages award. There is no basis for excluding the portion of the Model Instruction that informs the jury they should consider the relationship between actual harm and any punitive damages award. Therefore, if this instruction is given, it should be given with that language included.

Plaintiffs also reorganized the burden of proof, moving the definition of "malicious" – which the model gives first – to go last.  There is no reason to do so other than to de-emphasize the high burden Plaintiffs face, which NIKE believes is improper.

<u>No. 42:  Civil Rights—Title VII—Disparate Treatment—Pay</u>

**<u>Disputed</u>**

<u>Model Jury Instruction:</u>

For the plaintiff's claim that [he] [she] [other pronoun] was [discharged] [not hired] [not promoted] [demoted] [state other adverse action] by the defendant because of the plaintiff's [[race] [color] [religion] [sex] [national origin]], the plaintiff has the burden of proving the following elements by a preponderance of the evidence:

1. the plaintiff was [discharged] [not hired] [not promoted] [demoted] [state other adverse action] by the defendant; [and]

2. the defendant [discharged] [failed to hire] [failed to promote] [demoted] [state other adverse action] the plaintiff because of the plaintiff's [race] [color] [religion] [sex] [national origin] [.] [;]

[3. the plaintiff was qualified for [his] [her] [other pronoun] position [.] [;] [and]

[4. similarly situated individuals outside the plaintiff's [race] [color] [religion] [sex] [national origin] were treated more favorably.]

If the plaintiff has proven each of these elements by a preponderance of the evidence, the plaintiff is entitled to your verdict.

**Sources:**  Ninth Circuit Model Instructions 10.1.

For the plaintiff's claim that [he] [she] [other pronoun] was [discharged] [not hired] [not promoted] [demoted] [state other adverse action] by the defendant because of the plaintiff's [[race] [color] [religion] [sex] [national origin]], the plaintiff has the burden of proving the following elements by a preponderance of the evidence:

918991.1

1. the plaintiff was [discharged] [not hired] [not promoted] [demoted] [state other adverse action] by the defendant; [and]

[2. the defendant [discharged] [failed to hire] [failed to promote] [demoted] [state other adverse action] the plaintiff because of the plaintiff's [race] [color] [religion] [sex] [national origin] [.] [;]]

[or]

[2. the plaintiff's [race] [color] [religion] [sex] [national origin] was a motivating factor in the defendant's decision to [discharge] [not hire] [not promote] [demote] [state other adverse action] the plaintiff] [.] [;]

[3. the plaintiff was qualified for [his] [her] [other pronoun] position [.] [;] [and]

[4. similarly situated individuals outside the plaintiff's [race] [color] [religion] [sex] [national origin] were treated more favorably.]

The defendant has the burden of proving by a preponderance of the evidence both that the defendant's decision to [state adverse action] also was motivated by a lawful reason and that the defendant would have made the same decision to [state adverse action] even if the plaintiff's [race] [color] [religion] [sex] [national origin] had played no role in the defendant's decision to [state adverse action].

**Sources:** Ninth Circuit Model Instructions 10.2.

**PLAINTIFFS' OBJECTIONS AND/OR RESPONSE**

Plaintiffs' Preferred Instruction:

## Disparate Treatment

Cahill, Elizabeth, and Hender allege NIKE paid them less because of sex. Cahill, Johnston, and Hender allege NIKE failed to promote them because of their sex. Any Plaintiff who proves the following elements by a preponderance of the evidence is entitled to your verdict:

1. At least one similarly situated man was paid more than Plaintiff or promoted;

2. NIKE paid Plaintiff less or failed to promote her because of Plaintiff's sex; and

3. Plaintiff was qualified to be paid more or promoted.

"Because of" means it is a reason without which the lower pay or failure to promote would not have occurred 'but for' Plaintiff's sex. This does not mean that discrimination was the sole or even primary cause. Often, events have multiple but-for causes. It does not require direct evidence of discrimination, and discrimination is most often inferred from circumstantial evidence.

This circumstantial evidence can include, for example, a plaintiff was treated worse than similarly situated men, the employer's pattern of discrimination against women, the employer's discrimination in general against women, the employer's dishonesty about a fact you believe is relevant, an employer hiding evidence, or an employer knows about but fails to address discrimination.

918991.1

Plaintiffs' explanation:

Plaintiffs' proposed instruction includes all the required elements for a disparate treatment claim. The elements are the same for both the pay and promotion claims.

This instruction, the damages instruction, and the verdict form are consistent in setting forth which Plaintiff brings which claim. "Taken as a whole, the instructions … fairly present the issues to the jury." *Mangold v. California Pub. Utilities Comm'n*, 67 F.3d 1470, 1475 (9th Cir. 1995) ("Taken as a whole, the instructions … must fairly present the issues to the jury.").

These instructions are on Plaintiffs' theory of the case, based on legally sound theories, and the evidence. *See Dang v. Cross*, 422 F.3d 800, 811 (9th Cir. 2005) ("Failure to give an instruction on a party's theory of the case is reversible error if the theory is legally sound and evidence in the case makes it applicable … the district court failed in its obligation 'to give jury instructions on all issues arising from the evidence and to present the [plaintiff's] theory of the case.'") (citations omitted).

- Disparate treatment requires a plaintiff to meet the "because of" element, which means that their sex was one of the causes. *See Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644, 656 (2020) (for "Title VII's 'because of' test … "plaintiff's sex need not be the sole or primary cause of the employer's adverse action.").

- Plaintiffs can, and most often do, prove disparate treatment through circumstantial evidence. *See e.g., Desert Palace, Inc. v. Costa*, 539 U.S. 90, 99–100 (2003) (in disparate treatment action, "The reason for treating circumstantial and direct evidence alike is both clear and deep rooted: Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence.").

918991.1

- The employer's pattern of discrimination is probative, as the Ninth Circuit has repeatedly found in individual disparate treatment cases. *See e.g., Obrey v. Johnson*, 400 F.3d 691, 694 ("a discriminatory pattern is probative of motive and can therefore create an inference of discriminatory intent with respect to the individual employment decision at issue."); *Heyne v. Caruso*, 69 F.3d 1475, 1478-80 (9th Cir. 1995) ("evidence of the employer's discriminatory attitude *in general* is relevant and admissible to prove . . . discrimination.").

- Consciousness of guilt is probative. *See e.g., Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 147 (2000) (in disparate treatment action, stating "the general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as 'affirmative evidence of guilt.'") (citations omitted); *United States v. Castillo*, 615 F.2d 878, 885 (9th Cir. 1980) (attempt "to suppress evidence is probative of consciousness of guilt and admissible on that basis.").

- Failure to address known discrimination is probative. *E.E.O.C. v. Inland Marine Indus.*, 729 F.2d 1229, 1235 (9th Cir. 1984) ("By refusing to … bring black wages in line with those of whites, [employer] ratified the existing disparities. His ratification constituted all the intent the court needed to find Inland Marine guilty on a disparate treatment theory.").

NIKE's proposed instructions over-instructs, is repetitive, and confuses the jury. NIKE's proposal to separate the critical definition of "because of" in this case, on Plaintiffs' theory, does not fairly and clearly present the law and issues to the jury, and places undue emphasis in support of its position that each Plaintiffs' evidence exists in a silo and is never relevant to any other Plaintiff's claim. *See Gill v. Manuel*, 488 F.2d 799, 802 (9th Cir. 1973) ("Repetitious instructions which place undue emphasis on matters favorable to either side constitute reversible error.") (citation omitted).

918991.1

NIKE's instruction includes a "same decision" affirmative defense but that is not permissible when Plaintiffs proceed under a "because of" theory, not a "motivating factor" theory.

.

## ***DEFENDANT'S OBJECTIONS AND/OR RESPONSE***

Defendant's Preferred Instruction:

**Heather Hender and Lindsey Elizabeth each** claim that she was **paid less than at least one similarly situated male employee** because of her sex. For that claim, **each** plaintiff has the burden of proving the following elements by a preponderance of the evidence:

1. She **was paid less than a specific male employee** by NIKE;

2. She was similarly situated **to that male employee**; and

3. NIKE **paid her less than that male employee** because of her sex.

**If a Plaintiff proves each of these**, then NIKE has the burden of proving by a preponderance of the evidence both that NIKE's decision to pay her less than the similarly situated male employee also was motivated by a lawful reason and that NIKE would have made the same decision to pay her less than the similarly situated male employee even if the plaintiff's sex had played no role in NIKE's decision to set her pay at the level at which it was set.

Defendant's explanation:

NIKE's proposed instruction is based on 9th Circuit Model Instruction 10.2. The only alterations NIKE has made are to make clear in the instruction (1) which Plaintiff is bringing this

particular claim, (2) what the basis of that claim is, and (3) that each plaintiff bringing such a claim has her own separate burden of proof.

For clarity above, NIKE has **bolded and italicized** the language that it modified from the Model.

The alterations are needed for the following reasons:

First, NIKE completed the brackets provided by the 9th Circuit Model to specify what the basis of the claim is, and who the similarly situated individuals are that Plaintiff contends were treated better.

Then, NIKE clarified which Plaintiffs are bringing this particular claim. There are four Plaintiffs in this case, and each brings a different subset of claims. Not all Plaintiffs bring a Title VII claim. Moreover, even for those Plaintiffs who are bringing Title VII claims, not all Plaintiffs are making the same claim under Title VII. Certain Plaintiffs allege that they were discriminated against *with respect to their pay*, while others allege that they were discriminated against *with respect to promotion.*

Therefore, NIKE's proposed instruction identifies (1) which Plaintiff is bringing (2) which type of claim and (3) what the basis of the claim is. Without separating by Plaintiff and type of claim, the jury risks being confused into believing (wrongly) that all Plaintiffs are bringing the same claims, that all Title VII claims concern the same topic (which they do not), or that each Plaintiff is not required to separately prove her own claim (which she is).

Plaintiffs' proposed instruction confusingly combines both pay and promotion into a single instruction. Moreover, it misstates the law by adding the final paragraph regarding "circumstantial evidence" that Plaintiffs apparently intend to use to prove their claim. That

918991.1

language is not found in the Model Instruction.  NIKE asked Plaintiffs whether any case of

which they are aware has ever instructed a jury using that language.  Plaintiffs could not identify

any case that used this instruction.  NIKE is not aware of any either.  Because there is no

authority to support Plaintiffs' proposed deviation from the model, NIKE believes the Model

Instruction should be given, as NIKE proposes.

No. 43:  Civil Rights—Title VII—Disparate Treatment—Promotion

**Disputed**

Model Jury Instruction:

For the plaintiff's claim that [he] [she] [other pronoun] was [discharged] [not hired] [not promoted] [demoted] [state other adverse action] by the defendant because of the plaintiff's [[race] [color] [religion] [sex] [national origin]], the plaintiff has the burden of proving the following elements by a preponderance of the evidence:

1. the plaintiff was [discharged] [not hired] [not promoted] [demoted] [state other adverse action] by the defendant; [and]

2. the defendant [discharged] [failed to hire] [failed to promote] [demoted] [state other adverse action] the plaintiff because of the plaintiff's [race] [color] [religion] [sex] [national origin] [.] [;]

[3. the plaintiff was qualified for [his] [her] [other pronoun] position [.] [;] [and]

[4. similarly situated individuals outside the plaintiff's [race] [color] [religion] [sex] [national origin] were treated more favorably.]

If the plaintiff has proven each of these elements by a preponderance of the evidence, the plaintiff is entitled to your verdict.

**Sources:**  Ninth Circuit Model Instructions 10.1.

For the plaintiff's claim that [he] [she] [other pronoun] was [discharged] [not hired] [not promoted] [demoted] [state other adverse action] by the defendant because of the plaintiff's [[race] [color] [religion] [sex] [national origin]], the plaintiff has the burden of proving the following elements by a preponderance of the evidence:

918991.1

94 –Proposed Jury Instructions

1. the plaintiff was [discharged] [not hired] [not promoted] [demoted] [state other adverse action] by the defendant; [and]

[2. the defendant [discharged] [failed to hire] [failed to promote] [demoted] [state other adverse action] the plaintiff because of the plaintiff's [race] [color] [religion] [sex] [national origin] [.] [;]]

[or]

[2. the plaintiff's [race] [color] [religion] [sex] [national origin] was a motivating factor in the defendant's decision to [discharge] [not hire] [not promote] [demote] [state other adverse action] the plaintiff] [.] [;]

[3. the plaintiff was qualified for [his] [her] [other pronoun] position [.] [;] [and]

[4. similarly situated individuals outside the plaintiff's [race] [color] [religion] [sex] [national origin] were treated more favorably.]

The defendant has the burden of proving by a preponderance of the evidence both that the defendant's decision to [state adverse action] also was motivated by a lawful reason and that the defendant would have made the same decision to [state adverse action] even if the plaintiff's [race] [color] [religion] [sex] [national origin] had played no role in the defendant's decision to [state adverse action].

**Sources:**  Ninth Circuit Model Instructions 10.2.

**PLAINTIFFS' OBJECTIONS AND/OR RESPONSE**

Plaintiffs' Preferred Instruction:

Plaintiffs state their preferred instruction above under "Disparate Treatment—Pay."

Plaintiffs' explanation:

Plaintiffs provide their explanation above under "Disparate Treatment—Pay."


**DEFENDANT'S OBJECTIONS AND/OR RESPONSE**

Defendant's Preferred Instruction:

**Heather Hender and Sarah Johnston each claim** that she was **not promoted** because of her sex. For that claim, each plaintiff separately has the burden of proving the following elements by a preponderance of the evidence:

1. She was **not promoted** by NIKE;

2. She was qualified for **the promotion** she sought;

3. A **similarly situated male employee received the promotion instead**; and

4. NIKE failed to **promote her** because of her sex.

**For each Plaintiff, if they prove that they were not promoted by NIKE, that they were qualified for the promotion, that a similarly situated male employee received the promotion instead, and that NIKE failed to promote her because of her sex**, then NIKE has the burden of proving by a preponderance of the evidence both that NIKE's decision not to promote her was motivated by a lawful reason and that NIKE would have made the same decision not to promote her even if the plaintiff's sex had played no role in NIKE's decision.

918991.1

<u>Defendant's explanation:</u>

NIKE's proposed instruction is based on 9th Circuit Model Instruction 10.2.  The only alterations NIKE has made are to make clear in the instruction (1) which Plaintiff is bringing this particular claim, (2) what the basis of that claim is, and (3) that each Plaintiff bringing such a claim has her own separate burden of proof.

For clarity above, NIKE has **bolded and italicized** the language that it modified from the Model.

The alterations are needed for the following reasons:

First, NIKE completed the brackets provided by the 9th Circuit Model to specify what the basis of the claim is, and who the similarly situated individuals are that Plaintiff contends were treated better.

Then, NIKE clarified which Plaintiffs are bringing this particular claim.  There are four Plaintiffs in this case, and each brings a different subset of claims.  Not all Plaintiffs bring a Title VII claim.  Moreover, even for those Plaintiffs who are bringing Title VII claims, not all Plaintiffs are making the same claim under Title VII.  Certain Plaintiffs allege that they were discriminated against *with respect to their pay*, while others allege that they were discriminated against *with respect to promotion.*

Therefore, NIKE's proposed instruction identifies (1) which Plaintiff is bringing (2) which type of claim and (3) what the basis of the claim is.  Without separating by Plaintiff and type of claim, the jury risks being confused into believing (wrongly) that all Plaintiffs are

918991.1

bringing the same claims, that all Title VII claims concern the same topic (which they do not), or that each Plaintiff is not required to separately prove her own claim (which she is).

Plaintiffs' proposed instruction confusing combines both pay and promotion into a single instruction. Moreover, it misstates the law by adding the final paragraph regarding "circumstantial evidence" that Plaintiffs apparently intend to use to prove their claim. That language is not found in the Model Instruction. NIKE asked Plaintiffs whether any case of which they were aware had ever instructed a jury using that language. Plaintiffs could not identify any case that used this instruction. NIKE is not aware of any either. Because there is no authority to support Plaintiffs' proposed deviation from the model, NIKE believes the Model Instruction should be given, as NIKE proposes.

<u>No. 44:  Special Instruction No. 1 -- "Similarly Situated Employee" Defined</u>

**<u>Disputed</u>**

There is no 9th Circuit Model Instruction model jury instruction for this claim.

## **PLAINTIFFS' OBJECTIONS AND/OR RESPONSE**

Plaintiffs Disagree that this instruction should be given.

Plaintiffs' explanation:

Similarly situated "depends on the context,"  "a question of fact that cannot be mechanically resolved," and "it is important not to lose sight of the common-sense aspect of the similarly situated inquiry."  *Earl v. Nielsen Media Rsch., Inc.*, 658 F.3d 1108, 1114–15 (9th Cir. 2011) (citations and internal quotations omitted).

This "common-sense" term that "depends on the context" means that a mechanical instruction, as NIKE proposes, is not appropriate.  *See Delaronde v. Legend Classic Homes, Ltd.*, 716 F. App'x 322, 327 (5th Cir. 2018) (holding that jury instructions that, contrary to employer's proposed instructions, did not define "similarly situated," under the Fifth Circuit's more restrictive definition of similarly sitatued, were appropriate because it is a "case-specific injury.")

To define this common-sense, context-specific term for the jury causes confusion. A "district court need not define common terms that are readily understandable to the jury." *United States v. Somsamouth*, 352 F.3d 1271, 1275 (9th Cir. 2003) (rejecting request for instruct to define "work").  Using a specific definition for this term causes confusion because it can cause the jury to lose sight of its common-sense aspect.

## **DEFENDANT'S OBJECTIONS AND/OR RESPONSE**

Defendant's Preferred Instruction:

An employee is considered "similarly situated" to a plaintiff if each has similar jobs and displays "similar conduct." Being "similarly situated" does not require the male employee to

have performed an identical job to the plaintiff. But the male employee must at least be similar in all "material" respects to the plaintiff.

<u>Defendant's explanation:</u>

This instruction is derived directly from 9th Circuit case law on one of the central issues in this case.

Several Plaintiffs bring claims alleging they were intentionally discriminated against with respect to either their pay or promotion because of their gender. At trial, they will try to prove this claim by introducing so-called "comparator" evidence (i.e. evidence showing that other male employees were treated better). To meet this burden, the law requires that each plaintiff demonstrate that a "similarly situated individual" outside of her protected characteristic (i.e. of a different gender) was treated better. *See, e.g.*, Model Circuit Instruction 10.2 (identifying an element of a Title VII disparate treatment claim as requiring a plaintiff to prove "similarly situated individuals outside of plaintiffs' [race] [color] [religion] [sex] [national origin] were treated more favorably.")

NIKE strongly disputes that the individuals Plaintiffs have identified are proper comparators. A central question for the jury, then, will be whether the comparators that each Plaintiff relies upon to try to carry her burden is in fact similarly situated to her. The case law defines what factors the jury should consider in evaluating whether a particular claimed comparator is similarly situated to a particular plaintiff, as required under the law. Each sentence of NIKE's proposed instruction is drawn directly from the case law explaining those potential factors. *Compare* NIKE's Proposed Special Instruction No. 1 *with Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003), *as amended* (Jan. 2, 2004) ("Individuals are similarly

918991.1

situated when they have similar jobs and display similar conduct.") [**first sentence of NIKE's proposed instruction**]; *Earl v. Nielsen Media Rsch., Inc.*, 658 F.3d 1108, 1114 (9th Cir. 2011) ("The employees need not be identical, but must be similar in material respects.") (citing *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1157 (9th Cir. 2010) [**second and third sentences of NIKE's proposed instruction."**].

<u>No. 45:  Civil Rights—Title VII—Disparate Treatment—"Because of" Defined</u>

**<u>Disputed</u>**

<u>Model Jury Instruction:</u>

"Because of" means "by reason of" or "on account of." This is sometimes referred to as "but-for causation." This form of causation is shown whenever a particular outcome would not have happened "but for" the purported cause. It is a reason without which the [state adverse employment action] would not have occurred.

A but-for test directs us to change one thing at a time and see if the outcome changes. If it does, we have found a "but-for cause." Often, events have multiple but-for causes. For example, if a car accident occurred both because the defendant ran a red light and because the plaintiff failed to signal his turn at the intersection, we might call each a "but-for cause" of the collision.

In the context of this claim, a defendant cannot avoid liability just by citing some other factor that contributed to the challenged employment decision. So long as the plaintiff's [race] [color] [religion] [sex] [national origin] was one but-for cause of that decision, that is enough to trigger the law. A "but-for cause" does not mean the sole cause or even a primary cause.

**Source:**  Ninth Circuit Model Instruction 10.3.

## **PLAINTIFFS' OBJECTIONS AND/OR RESPONSE**

Plaintiffs disagree with inclusion of this instruction separate from the Disparate Treatment instruction.

Plaintiffs' explanation:

In the Disparate Treatment—Pay instruction, Plaintiffs proposed this language as part of the disparate treatment instruction:

"Because of" means it is a reason without which the lower pay or failure to promote would not have occurred 'but for' Plaintiff's sex. This does not mean that discrimination was the sole or even primary cause. Often, events have multiple but-for causes. It does not require direct evidence of discrimination, and discrimination is most often inferred from circumstantial evidence.

This is based directly on *Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644, 656 (2020) ("Title VII's 'because of' … is established whenever a particular outcome would not have happened "but for" the purported cause…a defendant cannot avoid liability just by citing some *other* factor … So long as the plaintiff 's sex was one but-for cause of that decision, that is enough to trigger the law.").

NIKE's proposal to separate the critical definition of "because of" for the instruction on disparate treatment is contrary to Plaintiffs' theory, and it does not fairly and clearly present the law and issues to the jury. It is critical that "because of" is clearly stated in the context of the disparate treatment claim.

## **DEFENDANT'S OBJECTIONS AND/OR RESPONSE**

Defendant's Preferred Instruction:

918991.1

104 –Proposed Jury Instructions

"Because of" means "by reason of" or "on account of." This is sometimes referred to as "but-for causation." This form of causation is shown whenever a particular outcome would not have happened "but for" the purported cause.

A but-for test directs us to change one thing at a time and see if the outcome changes. If it does, we have found a "but-for cause." Often, events have multiple but-for causes. For example, if a car accident occurred both because NIKE ran a red light and because the plaintiff failed to signal her turn at the intersection, we might call each a "but-for cause" of the collision.

In the context of this claim, a defendant cannot avoid liability just by citing some other factor that contributed to the challenged employment decision. So long as the plaintiff's sex was one but-for cause of that decision, that is enough to trigger the law. A "but-for cause" does not mean the sole cause or even a primary cause.

**Source:** Ninth Circuit Model Instruction 10.3 – modified to complete bracketed text.

<u>Defendant's Explanation:</u>

NIKE proposes using the model instruction, unedited, to inform the jury as to the standard for causation.

No. 46:  Federal Equal Pay Act (The Fair Labor Standard Act of 1938, as amended by The Equal Pay Act, 29 U.S.C. sections 206 et. Seq.)

**Disputed**

Model Jury Instruction:

There is no 9th Circuit Model Instruction for this claim.

## **PLAINTIFFS' OBJECTIONS AND/OR RESPONSE**

<u>Plaintiffs' Preferred Instruction:</u>

Cahill, Elizabeth, and Hender allege NIKE violated the federal Equal Pay Act. For this claim, a Plaintiff must prove by a preponderance of the evidence: NIKE paid her less than the average pay of men in substantially equal jobs. If Plaintiff does not prove this, then you must find for NIKE.

For substantially equal jobs, the comparison is of jobs (not the individuals holding the jobs). The jobs do not need to be identical. The jobs just need to require substantially equal skill, effort, and responsibility. If Plaintiff does not prove that the jobs being compared are substantially equal, then you must find for NIKE.

If any Plaintiff proves they were paid her less than the average pay of men in substantially equal jobs, NIKE must then prove the following by a preponderance of the evidence:

1. that 100% of the pay disparity is justified by the following job-related reason that was in fact used to make the relevant pay decisions: [*affirmative defense*]; and

2. NIKE did not in fact use Plaintiff's prior pay when setting her starting salary.

If you find NIKE has not proved this for any Plaintiff, you must find for the Plaintiff.

<u>Plaintiffs' explanation:</u>

Plaintiffs accurately set forth the elements and the affirmative defenses based on binding law. Plaintiffs' "prima facie case is not made by showing that the employees of opposite sex possess equivalent skills. The statute explicitly *applies to jobs that require equal skills*, and not to employees that possess equal skills." *Hein v. Oregon Coll. of Educ.*, 718 F.2d 910, 913-14 (9th Cir. 1983). Because the EPA compares plaintiffs to "employees" in the plural, it is appropriate to compare them against the average of employees of the opposite sex. *Id.* at 916 ("We believe that the proper test for establishing a prima facie case in a professional setting such as that of a college is whether the plaintiff is receiving lower wages than the average of wages paid to all employees of the opposite sex ....").

For the affirmative defense, "an employer must prove not simply that the employer's proffered reasons *could* explain the wage disparity, but that the proffered reasons *do in fact* explain the wage disparity ... only job-related factors come within the 'any other factor' rubric and do not include prior pay ...." *Rizo v. Yovino*, 950 F.3d 1217, 1224, 1227 (9th Cir. 2020) (en banc) (emphasis in original).

Any "job-related factors" that were in fact used cannot be use of prior pay. *Id.* at 1227-28 ("Our interpretation, that only job-related factors come within the 'any other factor' rubric and do not include prior pay ....") (Citation omitted). And these factors must account for the entire disparity. *Id.* at 1228 ("[employer] had the burden of proving that "sex provide[d] *no* part of the basis for the wage differential.") (emphasis in original) (citations omitted); *see also e.g., Gosa v. Bryce Hospital*, 780 F.2d 917, 919 (11th Cir. 1986) (affirming award because the employer was "unable to prove that the entire wage disparity was attributable to factors other

918991.1

than sex."). Nike has not produced any evidence or presented any argument disputing the "working conditions" element.

NIKE's proposed instructions are unnecessarily and very lengthy. In addition to causing confusion, they rely on nonbinding regulations.

## **_DEFENDANT'S OBJECTIONS AND/OR RESPONSE_**

Defendant's Preferred Instruction:

Kelly Cahill, Lindsey Elizabeth, and Heather Hender each alleges that she was paid less than male employees for substantially equal work, in violation of the Equal Pay Act.

For a plaintiff to prevail on her claim against Nike for violation of the Equal Pay Act, each plaintiff must independently prove all of the following elements by a preponderance of the evidence:

1. NIKE employed the plaintiff and at least one male employee in jobs requiring substantially equal skill, effort and responsibility;

2. The jobs are performed under similar working conditions; and

3. The plaintiff was paid a lower wage than the male employee(s) doing substantially equal work.

I will now give you further instructions on these three elements. When evaluating whether a particular plaintiff has established these three elements, you must keep in mind that

918991..

she does not have to prove that Nike meant to discriminate against her because she was female. In other words, she does not have to prove intent to discriminate.

In determining whether a plaintiff's job required substantially equal skill, effort, and responsibility as that of the male employees, you must compare the jobs and not the individual employees holding those jobs. It is not necessary that the two jobs be identical; the Equal Pay Act requires proof that the performance of the two jobs demands "substantially equal" skill, effort and responsibility. Insignificant, insubstantial, or trivial differences do not matter and may be disregarded. Job classifications, descriptions, or titles are not controlling. It is the actual work or performance requirements of the two jobs that is important, regardless of job description or job title.

In evaluating whether the performance requirements of the two jobs are substantially equal, you must consider the "skill," "effort" and "responsibility" required for these jobs. I will now tell you what is meant by these terms, "skill," "effort" and "responsibility."

*Skill:*

In deciding whether the jobs require substantially equal "skill" you should consider such factors as the level of education, experience, training and ability necessary to meet the performance requirements of the respective jobs. Jobs may require "equal skill" even if one job does not require workers to use these skills as often as another job. Remember also that you are to compare the jobs, not the employees. So the fact that a male employee has a qualification that the plaintiff in question does not is relevant only if the particular qualification is necessary or useful for performing the job.

918991.1

*Effort:*

 In deciding whether the jobs require substantially equal "effort" you should consider the mental, physical and emotional requirements for performing the job. Duties that result in mental or physical fatigue or emotional stress, as well as factors that alleviate fatigue and stress, should be weighed together in assessing the relative effort involved. "Equal effort" does not require people to use effort in exactly the same way. If there is no substantial difference in the amount or degree of effort to do the jobs, they require "equal effort." However, if the job of the male employee(s) require(s) additional tasks that consume a significant amount of extra time and effort that would not be expected of the plaintiff, then the jobs do not require substantially equal effort.

*Responsibility:*

 In deciding whether the jobs involve substantially equal "responsibility," you should consider the degree of accountability expected by the employer for a person filling the jobs, as well as the amount of preparation required to perform the job duties. You should also take into account such things as the level of authority delegated to the plaintiff as compared to the male employee(s), including whether plaintiff and the male employee(s) were equally expected to direct the work of others, or to represent NIKE in dealing with customers or suppliers. Finally, you should consider the consequences to the employer of effective performance in the respective jobs. You should note that "skill," "effort" and "responsibility" constitute separate tests, each of which must be met in order for the equal pay requirement to apply.

918991.1

*Similar Working Conditions:*

     With respect to the second element of plaintiff's claim, plaintiff must prove that the jobs are performed under similar working conditions. The conditions need only be similar; they need not be identical. In deciding whether the working conditions of the two jobs are similar, you should consider the surroundings or the environment in which the work is performed — including any hazards or risks, travel, and weather — to which the respective employees may be exposed.

*Wage Comparison:*

     With respect to the third element of plaintiff's claim, plaintiff must prove that she was paid a lower wage than male employee(s) doing substantially equal work. In determining the respective levels of pay, you are to consider all forms of compensation.

**Source:** 3rd Circuit Model Jury Instructions (available at [Model Civil Jury Table of Contents and Instructions | Third Circuit | United States Court of Appeals](#) (last visited January 7, 2025)).

There is no 9th Circuit Model Instruction for this claim.

<u>Defendant's explanation:</u>

     NIKE's proposed instruction is drawn – unedited – from the Third Circuit's Model Instruction.  It accurately states the law, both as to what Plaintiffs must prove and NIKE's affirmative defense.  It is also helpful to the jury as it provides guidance on how to reach one of the central questions in this case:  whether the individuals identified by Plaintiffs are appropriate

918991.1

comparators for purposes of their Equal Pay Act claims.     Plaintiffs' proposed articulation does not adequately explain these issues to the jury, providing little to no information about NIKE's affirmative defense.

Plaintiffs' articulation also misstates the law.  It includes an element that purports to require NIKE to demonstrate it "did not in fact use Plaintiffs' prior pay when setting her starting salary."  That is not found anywhere in the statute or case law.  When NIKE asked Plaintiffs to provide authority for including that element, they were unable to do so.  NIKE believes it is a misstatement of the law and would be error to inform the jury as Plaintiffs propose.

<u>No.47:  Federal Equal Pay Act - Willfulness</u>

**<u>Not Disputed</u>**

If you find for Plaintiff, then you must decide whether NIKE willfully violated the Equal Pay Act.

To show this, Plaintiff must prove by a preponderance of the evidence that NIKE either knew or showed reckless disregard for whether its conduct violated the Equal Pay Act.

**Source:** *Scalia v. Emp. Sols. Staffing Grp., LLC*, 951 F.3d 1097, 1102 (9th Cir. 2020) ("violation is willful when 'the employer either knew or showed reckless disregard for whether its conduct was prohibited by the FLSA," which is the statute that contains the Equal Pay Act, and holding employer who was willful because they "dismissed … repeated warnings that it was possibly violating the statute).

<u>No.48:  Affirmative Defense:  Wage Based on Permitted Factors Other than Sex</u>

**<u>Disputed</u>**

There is no 9th Circuit Model Instruction on this claim.

## ***PLAINTIFFS' OBJECTIONS AND/OR RESPONSE***

Plaintiffs Disagree that this instruction should be included.

Plaintiffs' explanation:

Plaintiffs clearly and succinctly set forth the affirmative defense as part of their proposed Equal Pay Act instruction above.  NIKE's proposal is confusing and lists factors not in the statute.  It is argumentative because it assumes that NIKE managers make all decisions and do so on their own.  It is not a complete and clear statement of the law under *Rizo v.* Yovino, 950 F.3d 1217 (9th Cir. 2020).  NIKE has also failed to produce discovery showing the reasons that were in fact used to make the applicable pay decisions.  *See U.S. Wholesale Outlet & Distribution, Inc. v. Innovation Ventures, LLC*, 89 F.4th 1126, 1136 (9th Cir. 2023) ("long … settled law that it is error in the court to give an instruction when there is no evidence in the case to support the theory of fact which it assumes.") (internal quotation and citation omitted).

## ***DEFENDANT'S OBJECTIONS AND/OR RESPONSE***

Defendant's Preferred Instruction:

**11.2.4 Equal Pay Act Defenses — Factor Other Than Sex Model**

If you find that a particular plaintiff proved each of the elements that she must establish in support of her claim under the Equal Pay Act, you must then consider NIKE's defense. NIKE contends that any difference in pay between the plaintiff and her alleged male comparator was the result of a factor other than sex. Specifically, NIKE claims that any difference in pay is attributable to a combination of factors that are evaluated by managers in making compensation decisions, including each employee's performance, education, NIKE tenure, time in the job or

918991.1

role, other relevant experience, including but not limited to training programs, and other bona fide factors other than sex. To establish that this defense, NIKE must prove that the plaintiff in question's sex played no part in the difference in wages.

If you find NIKE has proved by a preponderance of the evidence that any difference in pay was the result of this combination of factors other than sex, your verdict must be for NIKE. However, if you determine that NIKE has failed to prove that the difference in pay was caused by this combination of factors other than sex, you must decide in favor of the plaintiff in question on that particular claim.

Defendant's explanation:

NIKE's proposed instruction is taken, unedited and verbatim, from the Third Circuit's model.  It accurately states the law regarding NIKE's affirmative defense, which is a central issue the jury will be asked to decide, should any Plaintiff establish her prima facie case.

Plaintiffs' proposed articulation does not fully explain the factors that a jury can consider in evaluating this defense, prejudicing NIKE by under-instructing on this central defense.

**Source**:  Third Circuit Model Jury Instructions (EPA Claims)

<u>No. 49:  Oregon Equal Pay Act (O.R.S § 652.220)</u>

**<u>Disputed</u>**

There is no 9th Circuit Model Instruction model jury instruction for this claim.

## **PLAINTIFFS' OBJECTIONS AND/OR RESPONSE**

Plaintiffs' Preferred Instruction:

Cahill, Elizabeth, and Hender allege NIKE violated the Oregon Equal Pay Act. For this claim, a Plaintiff must prove by a preponderance of the evidence: NIKE paid her less than the average pay of men in comparable jobs. If Plaintiff does not prove this, then you must find for NIKE.

Comparable jobs mean that the jobs (not the individuals holding the jobs) require substantially similar knowledge, skill, effort, responsibility. This does not mean that the jobs must be identical. A plaintiff does not need to show the reason for the disparity.

If any Plaintiff proves they were paid less than the average pay of men in comparable jobs, NIKE must then prove the following by a preponderance of the evidence:

1. that 100% of the pay disparity is justified by the following job-related reason that was in fact used to make the relevant pay decisions: [*affirmative defense*]; and

2. NIKE did not in fact use Plaintiff's prior pay when setting her starting salary.

    If NIKE does not prove this, then you must find for Plaintiff.

Plaintiffs' explanation:

Plaintiffs accurately set forth the elements and the affirmative defenses based on binding law. *See* O.R.S. 652.210(16) ("work of comparable character means work that requires substantially similar knowledge, skill, effort, responsibility …."); The standards set forth above

918991.1

in Plaintiffs' explanation concerning the federal Equal Pay Act apply because the Oregon EPA is

more protective of employees than the federal EPA, or at a minimum, at least as protective.  For

example, the Ninth Circuit reversed summary judgment for an employer on an Oregon EPA

claim "for the same reasons [it reversed for] the Equal Pay Act [claim]."  *Freyd v. Univ. of Or.*,

990 F.3d 1211, 1223 (9th Cir. 2021); *see also e.g., Allender v. Univ. of Portland*, 689 F. Supp. 2d

1279, 1288 (D. Or. 2010) ("the plaintiff's and defendant's burdens under the Oregon [EPA] are

the same as the burdens under the federal Equal Pay Act.") (citing *Smith v. Bull Run Sch. Dist.

No. 45*, 80 Or. App. 226, 229 (1986)).  Nike has not produced any evidence or presented any

argument disputing the "working conditions" element.


### ***DEFENDANT'S OBJECTIONS AND/OR RESPONSE***

<u>Defendant's Preferred Instruction:</u>

　　Kelly Cahill, Lindsey Elizabeth, and Heather Hender each claims that she was paid less

than male employees for performing comparable work. To prevail upon their claim, each

plaintiff must prove the following elements by a preponderance of the evidence:


(1) She was performing comparable work to that of male employees; and

(2) She was paid less than those male employees performing comparable work that requires

　　comparable skills.


　　NIKE may rebut the claim of any plaintiff by proving by a preponderance of the evidence

that the pay disparity is explained by factors other than sex.

918991.1

If a plaintiff has proved that she was performing comparable work to that of male employees and that was paid less than the male employees, and if NIKE has not proved that any difference in compensation was explained by factors other than sex, then your verdict should be for that specific plaintiff. If a plaintiff has failed to prove these elements, or if NIKE has proved that any difference in compensation was explained by factors other than sex, your verdict should be for NIKE for that specific plaintiff.

<u>Defendant's explanation:</u>

NIKE's explanation tracks the language of the statute and accurately states the law.

Plaintiffs' proposed instruction improperly states that for its affirmative defense, Defendant must prove that it did not rely on starting salary. Plaintiffs have not stated the legal basis for this portion of the instruction, and Oregon's Equal Pay Act statute, as in effect at the time of the alleged events, has no such requirement.

<u>No. 50:  Civil Rights—Title VII—Retaliation—Elements and Burden of Proof</u>

**<u>Not Disputed</u>**

Heather Hender seeks damages against NIKE for retaliation. She has the burden of proving each of the following elements by a preponderance of the evidence:

1. Hender participated in an activity protected under federal law, that is filing a charge of discrimination with the EEOC and becoming a plaintiff in this lawsuit;

2. NIKE subjected Hender to an adverse employment action; and

3. Hender was subjected to the adverse employment action because of her filing a charge with the EEOC and becoming a plaintiff in this lawsuit.

Hender was "subjected to an adverse employment action" because of her participation in a protected activity if the adverse employment action would not have occurred but for that participation.

If you find that Hender has proved all three of these elements, your verdict should be for Hender on the retaliation claim. If, on the other hand, Hender has failed to prove any of these elements, your verdict should be for NIKE.

**Source:**  Ninth Circuit Model Instruction 10.8 – modified to complete bracketed text.

<u>Defendant's explanation:</u>

<u>No. 51:  Civil Rights—Title VII— "Adverse Employment Action" in Retaliation Cases</u>

**<u>DISPUTED</u>**

<u>Model Jury Instruction:</u>

      An action is an adverse employment action if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

**Source:**  Ninth Circuit Model Instruction 10.10.

918991.1

**_PLAINTIFFS' OBJECTIONS AND/OR RESPONSE_**

Plaintiffs' Disagree that this instruction should be included.

"Adverse employment action" means an action that might have dissuaded a reasonable worker from making a complaint of discrimination.

Plaintiffs' Explanation:

The Pattern instruction is unnecessarily repetitive. It states that "adverse employment action" means an action that is "materially adverse," and then says this "means it might have dissuaded a reasonable worker from making or supporting a charge of discrimination."

**_DEFENDANT'S OBJECTIONS AND/OR RESPONSE_**

Defendant's Preferred Instruction:

An action is an adverse employment action if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

Defendant's Explanation:

NIKE proposes using an unedited version of the Model Instruction.

Plaintiffs' articulation removes the phrase "materially adverse" from the standard. There is no reason to remove that other than to make Plaintiffs' burden seem lower than it is.

# EXHIBIT A

**The Parties' Proposed Ordering and Grouping of Jury Instructions**

## INDEX

| Inst. No. | Source | Title | Agreed? | Plaintiffs' Proposed | Defendant's Proposed |
|---|---|---|---|---|---|
| **PRELIMINARY INSTRUCTIONS** | | | | | |
| 1 | Ninth Cir. 1.2 | Duty of Jury (Court Reads and Provides Written Set of Instructions at the Beginning of Trial) | X | | |
| 2 | Ninth Cir. 1.6 | Burden of Proof—Preponderance of the Evidence | X | | |
| 3 | Ninth Cir. 1.5 | Claims and Defenses | | X | X |
| 4 | Ninth Cir. 1.12 | Direct and Circumstantial Evidence | X | | |
| 5 | Ninth Cir. 1.13 | Ruling on Objections | X | | |
| 6 | Ninth Cir. 1.9 | What is Evidence | X | | |
| 7 | Ninth Cir. 1.10 | What is Not Evidence | X | | |
| 8 | Ninth Cir. 1.14 | Credibility of Witnesses | X | | |
| 9 | Ninth Cir. 4.2 | Liability of Corporations—Scope of Authority Not in Issue | X | | |
| 10 | | Scope of Authority Defined | | | X |
| 11 | Ninth Cir. 4.1 | Corporations and Partnerships—Fair Treatment | | | X |
| 12 | | Spoliation | | X | |
| 13 | Ninth Cir. 1.8 | Two or More Parties—Different Legal Rights | | | X |
| 14 | Ninth Cir. 1.15 | Conduct of the Jury | X | | |
| 15 | Ninth Cir. 1.17 | No Transcript Available to Jury | X | | |
| 16 | Ninth Cir. 1.18 | Taking Notes | X | | |
| 17 | Ninth Cir. 1.21 | Outline of Trial | X | | |

| Inst. No. | Source | Title | Agreed? | Plaintiffs' Proposed | Defendant's Proposed |
|---|---|---|---|---|---|
| **INSTRUCTIONS DURING THE COURSE OF TRIAL** | | | | | |
| 18 | Ninth Cir. 2.16 | Evidence in Electronic Format | X | | |
| 19 | Ninth Cir. 2.11 | Use of Interrogatories | X | | |
| 20 | Ninth Cir. 2.12 | Use of Requests for Admission | X | | |
| 21 | Ninth Cir. 2.15 | Charts and Summaries Received in Evidence | X | | |
| 22 | Ninth Cir. 2.14 | Charts and Summaries Not Received in Evidence | X | | |
| 23 | | Testimony of a Corporate Representative | | X | |
| 24 | Ninth Cir. 2.13 | Expert Opinion | X | | |
| 25 | Ninth Cir. 2.2 | Stipulations of Fact | X | | |
| 26 | Ninth Cir. 2.4 | Deposition in Lieu of Live Testimony | X | | |
| 28 | Ninth Cir. 2.0 | Cautionary Instruction | X | | |
| 29 | Ninth Cir. 1.11 | Evidence for Limited Purpose | X | | |
| 30 | Ninth Cir. 1.19 | Questions to Witnesses by Jurors During Trial | X | | |
| 31 | Ninth Cir. 1.20 | Bench Conferences and Recesses | X | | |
| 32 | Ninth Cir. 3.2 | Consideration of Evidence—Conduct of the Jury | X | | |
| **FINAL INSTRUCTIONS** | | | | | |
| 33 | Ninth Cir. 1.4 | Duty of Jury | X | | |
| 34 | Ninth Cir. 1.6 | Burden of Proof—Preponderance of the Evidence | X | | |
| 35 | Ninth Cir. 1.12 | Direct and Circumstantial Evidence | X | | |
| 36 | Ninth Cir. 2.13 | Expert Opinion | X | | |

| Inst. No. | Source | Title | Agreed? | Plaintiffs' Proposed | Defendant's Proposed |
|---|---|---|---|---|---|
| 37 | Ninth Cir. 1.13 | Ruling on Objections | X | | |
| 38 | Ninth Cir. 1.14 | Credibility of Witnesses | X | | |
| 39 | | Spoliation | | | |
| 40 | Ninth Cir. 4.2 | Liability of Corporations—Scope of Authority Not in Issue | X | | |
| 41 | | Scope of Authority Defined | | | X |
| 42 | Ninth Cir. 4.1 | Corporations and Partnerships—Fair Treatment | X | | |
| 43 | Ninth Cir. 10.1 and 10.3 | Disparate Treatment | | X | |
| 44 | Ninth Cir. 10.2 | Civil Rights—Title VII—Disparate Treatment—Pay | | | X |
| 45 | Ninth Cir. 10.2 | Civil Rights—Title VII—Disparate Treatment—Promotion | | | X |
| 46 | Ninth Cir. 10.3 | Civil Rights—Title VII—Disparate Treatment—"Because of" Defined | | | X |
| 47 | Special Instruction No. 1 | "Similarly Situated Employee" Defined | | | X |
| 48 | ORS 652.210, 652.220 | Oregon Equal Pay Act | | X | X |
| 49 | 29 USC 206(d) | Federal Equal Pay Act | | X | X |
| 50 | | Federal Equal Pay Act—Willfulness | X | | |
| 51 | | Affirmative Defense: Wage Based on Permitted Factors Other than Sex | | | |
| 52 | Ninth Cir. 10.8 and 10.10 | Retaliation | X | | |
| 53 | Ninth Cir. 10.8 | Civil Rights—Title VII—Retaliation—Elements and Burden of Proof | X | | |

918991.1

| Inst. No. | Source | Title | Agreed? | Plaintiffs' Proposed | Defendant's Proposed |
|---|---|---|---|---|---|
| 54 | Ninth Cir. 10.10 | Civil Rights—Title VII—"Adverse Employment Action" in Retaliation Cases | | | **X** |
| 55 | Ninth Cir. 5.1 | Damages—Proof | | | **X** |
| 56 | Ninth Cir. 5.2 | Measures of Types of Damages | | | **X** |
| 57 | Ninth Cir. 5.5 | Punitive Damages | | **X** | **X** |
| 58 | Ninth Cir. 1.7 | Burden of Proof—Clear and Convincing Evidence | | | **X** |
| 59 | Ninth Cir. 3.3 | Communication with Court | **X** | | |
| 60 | Ninth Cir. 3.1 | Duty to Deliberate | **X** | | |
| 61 | Ninth Cir. 3.5 | Return of Verdict | **X** | | |

918991.1

918991.1

130 –Proposed Jury Instructions