IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KELLY CAHILL, SARA JOHNSTON,
LINDSAY ELIZABETH, and
HEATHER HENDER, individually and on
behalf of others similarly situated,

        Plaintiffs,

    v.

NIKE INC., an Oregon Corporation,

        Defendant.

Case No. 3:18-cv-01477-AB

OPINION AND ORDER

**BAGGIO, District Judge:**

### I. INTRODUCTION

On October 9, 2024, the Court heard oral argument on Plaintiffs Kelly Cahill, Sara Johnston, Lindsay Elizabeth, and Heather Hender's objections to Magistrate Judge Russo's order regarding discovery, and on December 13, 2024, the Court heard argument on Defendant Nike's Motion to Sever. *See* Oct. 9, 2024, Min. of Proceedings, ECF 539; Dec. 13, 2024, Min. of Proceedings, ECF 576. Defendant now moves for orders redacting third-party names from the transcripts of the two hearings. *See* Mot. to Redact Oct. 9 Tr. ("Oct. 9 Mot."), ECF Nos. 548 (sealed) and 551 (redacted); Mot. to Redact Dec. 13 Tr. ("Dec. 13 Mot."), ECF Nos. 581 (sealed)

1 – OPINION AND ORDER

and 584 (redacted).[1] Plaintiffs and non-party intervenors *Insider, Inc. d/b/a Business Insider*, *Advance Local Media LLC d/b/a Oregon Media Group*, and *American City Business Journals, Inc. d/b/a Portland Business Journal* (collectively, "Media Intervenors") oppose Defendant's Motions. *See* Media Intervenors' Resp. to Oct. 9 Mot., ECF 560; Pls' Opp'n to Oct. 9 Mot., ECF Nos. 562 (sealed) and 572 (redacted)[2]; Dec. 13 Mot., 1; Pls' Opp'n to Dec. 13 Mot., ECF 587; Media Intervenors' Resp. to Dec. 13 Mot., ECF 588. The Court declines to delay ruling on Defendant's motions until after the Ninth Circuit decides the pending appeal,[3] and for the reasons discussed below, the Court GRANTS Defendant's Motions (ECF Nos. 548, 551, 581, and 584) to redact third-party employees' names from the October 9, 2024, and December 13, 2024, hearing transcripts.

## II. BACKGROUND

Because the parties are well versed in the factual background of this case, the Court discusses only the background relevant to these motions. Much of the parties' discovery and motion practice has focused on the production of documents related to internal concerns raised by Defendant's employees in a backchannel survey that came to be called the Starfish surveys or Starfish project. In June 2019, Magistrate Judge Russo accepted the Stipulated Protective Order

---

[1] In this Opinion and Order the Court cites to the redacted versions of Defendant's Motions, ECF Nos. 551 and 584.

[2] Similarly, this Opinion and Order cites to the redacted version of Plaintiffs' Opposition, ECF 572. The Court considers Plaintiffs' Opposition, despite its tardy filing by one day, because it aids the Court in the just resolution of these motions. *See* Fed. R. Civ. P. 1.

[3] Defendant seeks to redact six names from the two transcripts: two names of employees who allegedly submitted Starfish complaints, and four names of employees who Plaintiffs allege helped to organize Starfish. *See* Oct. 9 Mot., ECF 551; Dec. 13 Tr. Mot., ECF 584. The current appeal and the attendant stay of Magistrate Judge Russo's order to unseal documents, ECF 363, relate to names of employees who submitted complaints and names of people identified in those complaints. As such, there is some, but not total, overlap between the pending appeal and the present motions. In light of the Court's decision to grant Defendant's motions and make the transcripts publicly available with redactions, the Court declines to delay ruling.

that the parties initially agreed shielded from public disclosure the Starfish surveys and related documents produced during discovery that were not related to the named or opt-in Plaintiffs. *See* Stip. Protective Order, ECF 82. In 2022, the parties worked together to remove confidential designations from the substance of the survey responses while continuing to redact in public filings the names of third-party employees who either made complaints, were witnesses, or were alleged persons of interest. *See e.g.*, F&R, ECF 273, 13. The substance of the complaints and the Starfish project have since been reported on by local and international media, without identifying by name the individual complainants.

In January 2022, Plaintiffs attached documents redacted pursuant to the protective order to their class certification motion, and in April 2022, the Media Intervenors intervened in this matter to unseal the redacted documents in their entirety. *See* ECF 205. Magistrate Judge Russo initially granted the motion to intervene but denied the Media Intervenors' motion to unseal in September 2022, given the parties' ongoing cooperation about selective unsealing. *See* F&R, ECF 273; Order, ECF 275. At that time, Plaintiffs and Defendant agreed that redactions of third-party names were appropriate. *See* F&R, ECF 273. After the Court denied the class certification motion, the Media Intervenors renewed their motion to unseal seven judicial records related to the class certification motion. *See* ECF 343. At some point between the Media Intervenors' first and renewed motions to unseal, Plaintiffs' and Defendant's cooperation about redaction of third-party names broke down. By the time of their renewed motion in August 2023, Plaintiffs had come to agree with the Media Intervenors that the seven records in question that the Plaintiffs filed under the protective order should be completely unsealed. *Id.* at 5. However, no dispute about the redaction of third-party names was brought to the Court's attention, despite the protective order's outlined procedure for disagreements about whether certain material should remain sealed. *See* Stip. Protective Order,

3 – OPINION AND ORDER

ECF 82, ¶ 11. In October 2023, the Court granted the Media Intervenors' renewed motion. *See* F&R, ECF 363; Order, ECF 403. Defendant immediately appealed and applied for an emergency stay. Notice of Appeal, ECF Nos. 407, 408. In January 2024, the Ninth Circuit granted a temporary stay of Magistrate Judge Russo's order unsealing the documents, and oral argument in that appeal will take place in mid-February 2025. *See Cahill et al. v. Nike, Inc.*, 24-165, (ECF 84).

On October 9, 2024, this Court held a hearing on Plaintiffs' objections to Magistrate Judge Russo's Order, ECF 521, with respect to her denial of Plaintiffs' motions to compel discovery, ECF 509, and appoint a special master related to discovery management, ECF 511. *See* Oct. 9, 2024, Min. of Proceedings, ECF 539. All the briefing from both parties related to these objections was filed under seal pursuant to the protective order. *See* ECF Nos. 523, 524, 530, 531, 534, 535, and 536. On December 13, 2024, this Court held a hearing on Defendants' Motion to Sever, ECF 546. *See* Dec. 13, 2024, Min. of Proceedings, ECF 576. Defendant's Motion and Reply in support were publicly filed, but Plaintiffs' Response in opposition and attached declaration were filed under seal. *See* ECF Nos. 546, 555, 556, and 564. Both hearings were open to and attended by the public, including members of the media. At both hearings, Plaintiffs' counsel described and read aloud from discovery material that they filed under the protective order. Defendant now seeks orders redacting from both hearing transcripts the third-party employees' names that Plaintiffs' counsel said in open court. Plaintiffs and the Media Intervenors oppose.

### III. LEGAL STANDARDS

Sealing judicial records is generally disfavored because there is a "strong presumption in favor of public access." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003). The public access presumption is based on the need for federal courts to be accountable and for the public's "confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp.,*

*LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotation marks and citation omitted). Typically, a party moving to seal a judicial record "bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "Under this stringent standard, a court may seal records only when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety*, 809 F.3d at 1096-97. The court then balances the "competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* (quoting *Foltz*, 331 F.3d at 1135). Because the public's right to "inspect and copy judicial records is not absolute," trial courts can find compelling reason to seal records when those records "might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978). "Examples include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *id.*).

There is an exception to the presumption in favor of public access: "sealed materials attached to a discovery motion unrelated to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1097. "Under this exception, a party need only satisfy the less exacting 'good cause' standard" found in Federal Rule of Civil Procedure 26(c)(1), "which governs the issuance of protective orders in the discovery process." *Id.* This is because "'[a]pplying a strong presumption of access to documents a court has already decided should be shielded from the public would surely undermine, and possibly eviscerate, the broad power of the district court to fashion protective orders,' and thereby undermine Rule 26(c)." *Id.* (quoting *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). Moreover, the public's right to access judicial

5 – OPINION AND ORDER

records attached to a non-dispositive motion is lesser "because those documents are often 'unrelated or only tangentially related to the underlying cause of action.'" *Kamakana*, 447 F.3d at 1179 (quoting *Foltz*, 331 F.3d at 1135). When determining which standard to apply—compelling reasons or good cause—the court must focus on "whether the motion at issue is more than tangentially related to" the merits of the action. *Ctr. for Auto Safety*, 809 F.3d at 1099.

## IV. DISCUSSION

### A. October 9, 2024, Hearing

The Court finds the good cause standard applies to the October 9, 2024, hearing because it related to a nondispositive discovery motion, and good cause exists to redact the third-party names from the transcript.

#### 1. The Hearing Involved a Discovery Dispute, so the Good Cause Standard Applies.

The central question before the Court at the October 9, 2024, hearing was whether Magistrate Judge Russo erred in declining Plaintiffs' second request for more time to seek Starfish-related discovery material. This was a pure discovery issue about whether the discovery phase of the case had fairly ended. The parties filed all their related briefing under seal pursuant to the Stipulated Protective Order. *See* ECF Nos. 523, 524, 530, 531, 534, 535, and 536. Because the objections in question concerned a discovery timing issue that was not more than tangentially related to the merits of the case, the Court finds that the "good cause" standard applies to the October 9, 2024, hearing transcript.

#### 2. The Good Cause Standard for Redaction.

The "good cause" standard stems from the procedure governing protective orders in Federal Rule of Civil Procedure 26. *Ctr. for Auto Safety*, 809 F.3d at 1097. When a court finds good cause and grants a motion for a protective order, then it "already has determined that 'good

cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips*, 307 F.3d at 1213. However, when the protective order was stipulated to—as it was here—and no party has yet made a good cause showing, then the burden of proof stays with the party seeking protection. *In re Roman Cath. Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011); *see also id.* at 1211 n.1. The Ninth Circuit directs courts evaluating whether to continue sealing information pursuant to a stipulated protective order to "not only consider whether the party seeking protection has shown particularized harm, and whether the balance of public and private interests weighs in favor, but also keep in mind the possibility of redacting sensitive material." *Roman Cath. Archbishop*, 661 F.3d at 425.

### 3. Application of the Good Cause Standard Here

#### i. Particularized Harm

As to the first factor, Defendant seeks to redact the names of six current and former employees because they endeavored to stay anonymous while participating in the Starfish project, have not consented to publicly associate with this lawsuit, and may face professional harm if their names are disclosed in the context of Starfish or this lawsuit. *See* Oct. 9 Mot., ECF 551; Dec. 13 Tr. Mot., ECF 584. Plaintiffs do not refute Defendant's predictions of harm, or affirmatively confirm they have consent to disclose any of the non-party names. *See generally* Pls' Opp'n to Oct. 9 Mot., ECF 572; Pls' Opp'n to Dec. 13 Mot., ECF 587. The Court finds that Defendant has met its burden of showing particularized harm, especially considering that at least one[4] of the non-parties whose names Defendant seeks to redact still work at Nike.

---

[4] Neither party has articulated to the Court how many of the six non-parties whose names are at issue are former, instead of current, employees.

7 – OPINION AND ORDER

### ii. Balancing of Interests

Second, the Ninth Circuit in *Roman Catholic Archbishop* directed district courts to consider the factors in *Glenmede Trust Company v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995), when balancing interests in the context of redactions:

> (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

661 F.3d at 425 n.5. Applying the factors here, the balancing of the public and private interests weigh in favor of redacting the names in the October 9, 2024, transcript. First, the current and former employees whose names Plaintiffs disclosed during the October hearing have a privacy interest in their names in the sense that these people were involved in confidential reports of alleged discrimination, some of which involved highly personal experiences. The presumed privacy interest in one's name has led other courts within this circuit to redact names of non-parties who similarly raised allegations of harassment or discrimination against their employer. In *Moussouris v. Microsoft Corporation,* 2018 WL 1159251 (W.D. Wash. Feb. 16, 2018), for example, the court redacted names of non-parties who raised allegations of harassment or discrimination against Microsoft because "the privacy interests of non-parties . . . outweighs the public's interest in knowing the identity of the non-parties." *Id.* at *6; *R&R adopted,* 2018 WL 1157997 (W.D. Wash. Mar. 1, 2018); *see also Nettles v. Farmers Ins. Exch.*, 2007 WL 858060, at *1 (W.D. Wash. Mar. 16, 2007) ("Such information is private to the individuals involved, who have not sought to place that private information in the public sphere."). Disclosure will violate these third parties' privacy interests. Second, other than the general presumption that the public has an interest in free access

8 – OPINION AND ORDER

to court records, Plaintiffs have not articulated a particular reason for seeking disclosure of these names. *See* Pls' Opp'n to Oct. 9 Mot., ECF 572. The Court is also mindful of Plaintiffs' prior violation of the Stipulated Protective Order, ECF 82, through their disclosure of sealed information to the press. *See* F&R, ECF 521. Third, while the disclosure of these names may not embarrass any *party*, disclosure has a high chance of bringing public attention to sensitive and purportedly confidential reports of discrimination made by the *non-parties* whose names are at question. Fourth, these names are not "information important to public health or safety." *Glenmede Trust*, 56 F.3d at 483. Fifth, the names in question have already been shared between the parties. Sixth, none of them are public officials. *Id.* Finally, while the case may involve issues of pay disparity within Nike that is important to the public, the public's interest in knowing these six particular names does not outweigh the non-parties' strong privacy interests in keeping their names unassociated with Starfish or this lawsuit.

Plaintiffs' and the Media Intervenors' oppositions latch on the fact that the October 9, 2024, hearing was open to and attended by members of the public as conclusive evidence that this Court should not redact the names from the transcript. *See* Pls' Opp'n to Oct. 9 Mot., ECF 572; Media Intervenors' Resp. to Oct. 9 Mot., ECF 560. As a starting point, the Court notes that it was Plaintiffs' counsel who disclosed these names from confidential discovery material—which it filed under the protective order—in open court. Both parties filed all their briefing under the Stipulated Protective Order and knew the hearing was open to the public, so both were on notice the hearing could involve disclosure of confidential material. Yet, neither party moved to seal the hearing pursuant to paragraph 10 of the Stipulated Protective Order. ECF 82, ¶ 10. Defendant could have, and perhaps should have, objected as soon as it heard Plaintiffs' counsel disclose confidential names and asked the Court to pause the hearing, seal the courtroom, or at least intervene somehow.

9 – OPINION AND ORDER

However, Defendant's failure to object does not ratify Plaintiffs' counsel's unilateral decision to disclose six non-party names protected by the Stipulated Protective Order in a hearing attended by the public and media. *See Ctr. for Auto Safety*, 809 F.3d at 1097 (reiterating it makes "little sense to render the district court's protective order useless simply because the plaintiffs attached a sealed discovery document to a nondispositive sanctions motion filed with the court.") (quoting *Phillips*, 307 F.3d at 1213). Plaintiffs' counsel should have followed the procedure in the protective order for disputing the confidential nature of discovery material. While this Court can do nothing about the fact that those in the courtroom heard the names at the October 9, 2024, hearing, and that the genie is out of the bottle in a sense, this Court can prevent the future disclosure to people not in attendance at the hearing by redacting the transcript.

While somewhat unusual, other district courts within this circuit have also found that after-the-fact redactions of the transcripts of open hearings may be "desirable" in limited instances concerning "highly sensitive and confidential information." *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, 2012 WL 1432519, at *4 (D. Ariz. Apr. 25, 2012). In *Richardson v. Mylan Inc.*, 2011 WL 837148, at *2 (S.D. Cal. Mar. 9, 2011), for example, the court redacted confidential and proprietary information from a trial transcript because "the information at issue is of comparatively little value to the general public in terms of enhancing its 'understanding [of] the judicial process'; because Defendants seek to seal relatively small portions of the overall trial transcript, and because those portions do not include any information vital to understanding the nature of the underlying proceedings." *Id.* (quoting *Kamakana*, 447 F.3d at 1179). Here too, Defendant seeks to redact only these six names from the October 9, 2024, transcript and these non-party names are of "comparatively little value to the general public" because knowing these specific names does not bolster the public's understanding of the hearing or the judicial process overall. *Id.*

10 – OPINION AND ORDER

In sum, because the October 9, 2024, hearing was on a non-dispositive motion that did not have more than tangential relevance to the merits of the case, the "good cause" standard applies to determining whether to redact the names that Plaintiffs' counsel read from discovery material exchanged pursuant to the stipulated protective order. The Court finds that good cause exists to redact the names because these non-parties' privacy interests outweigh any interest the public has in learning their names.

### B. December 13, 2024, Hearing

Defendant's motion to sever the trial more than tangentially related to the merits of the case, so the compelling reasons standard applies to the December 13, 2024, transcript. The Court finds compelling reasons exist to redact the one non-party name from the transcript.

#### 1. The December Hearing on Defendant's Motion to Sever Was More Than Tangentially Related to the Merits of the Case.

The December 13, 2024, hearing concerned Defendant's motion to sever the trial into four. ECF 579. While a motion to sever is not dispositive in that it leads to a final determination on the merits, the Ninth Circuit instructs this Court to go beyond the dispositive/non-dispositive binary and question whether a motion is "more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety*, 809 F.3d at 1097. *Center for Auto Safety* does not define tangential relevance in this context, but it does suggest that courts should consider whether the motion is "strongly correlative to the merits," "includes the presentation of substantial evidence," determines "the litigants' substantive rights," or can "significantly affect the dispositive of the issues in the case." *Id.* at 1099-1101. Examples of technically non-dispositive motions that typically have more than tangential relevance include preliminary injunctions, motions *in limine*, and *Daubert* motions. *Id.* This Court finds the motion to sever at issue during the December 13, 2024, hearing does relate more than tangentially to the merits because both briefing and oral argument included a robust

11 – OPINION AND ORDER

analysis of Plaintiffs' claims and anticipated evidence. The Court's decision to keep trial intact affected the litigants' substantive interests and guided the future disposition of the case. Accordingly, the Court finds that the presumptive "compelling reasons" standard applies to deciding whether to redact the names from the December 13, 2024, transcript.

### 2. The Compelling Reasons Standard for Redaction

Defendant has the burden of overcoming the "strong presumption in favor of access" by showing "articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture." *Valley Broad. Co. v. United States Dist. Ct. for Dist. of Nev.*, 798 F.2d 1289, 1293 (9th Cir. 1986). A court must then balance the competing interests at stake and consider whether the judicial records in question "might have become a vehicle for improper purposes" if unsealed. *Nixon*, 435 U.S. at 598-99.

### 3. Application of the Compelling Reasons Standard Here

In opposing Defendant's motion to redact one non-party's name from the December 13, 2024, transcript, Plaintiffs and the Media Intervenors essentially incorporate by reference their arguments for opposing redaction of the October transcript in minimal filings. *See* Pls' Opp'n to Dec. 13 Mot., ECF 587; Media Intervenors' Resp. to Dec. 13 Mot., ECF 588. Unique to the December transcript, Plaintiffs argue it would be "particularly inappropriate" to redact the one name Defendant identifies because that person apparently provided documents to Plaintiffs' counsel without redacting her name and knowing those documents may be given to the Court. Pls' Opp'n to Dec. 13 Mot., 1 ECF 587.

Defendant seeks to redact this one name because "the individual at issue submitted internal concerns to NIKE in confidence and with the expectation that the information would be kept as confidential as possible," and because the individual "has not consented to the disclosure of her

12 – OPINION AND ORDER

name or identity in this litigation." Dec. 13 Mot., ECF 583, 1. Further, it is known to the Court based on discovery material filed under seal that the individual in question submitted a complaint involving a very serious incident of a highly personal nature.

The Court finds the public's interest in knowing the non-party's name does not outweigh the compelling reasons of redacting this single name from the December hearing transcript. Plaintiffs' claims that the non-party submitted documents to counsel do not sufficiently tip the balance of interests away from redaction because Plaintiffs do not reassure the Court that disclosure will serve the "public's confidence in the administration of justice" instead of "be used to 'gratify private spite or promote public scandal,' [or] to circulate 'libelous' statements." *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 598-99). For these reasons, the Court finds that Defendant meets its burden of showing a compelling reason in favor of this very minimal redaction.

13 – OPINION AND ORDER

## V. CONCLUSION

For the reasons above, even considering the strong presumption in favor of public access to court records, the Court finds good cause and compelling reasons exist and the Court GRANTS Defendant's Motions to Redact (ECF 548, 551, 581, 582[5], and 584). To be clear, the Court's decision as to redactions of prior hearings analyzed in this Opinion and Order are not preclusive determinations of requests to redact or seal the courtroom as to future hearings. The Court will analyze any future request to seal or redact in its particular context, mindful that this case is now in the trial phase and binding precedent determines that the compelling reasons standard presumptively applies moving forward. *See Ctr. for Auto Safety*, 809 F.3d at 1099. The October 9, 2024, and December 13, 2024, hearing transcripts are ORDERED to be made available with the redactions as requested in Defendant's Motions.

IT IS SO ORDERED.

DATED this 5th day of February 2025.

*Amy M. Baggio*
AMY M. BAGGIO
United States District Judge

---

[5] This sealed copy of Defendant's second redaction motion appears to be a mistakenly filed duplicate motion.