LAURA E. ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

FELICIA A. DAVIS, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
DANIEL PRINCE, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
LINDSEY C. JACKSON, Cal: SB# 313396 (*pro hac vice*)
lindseyjackson@paulhastings.com
ALYSSA TAPPER, Cal: SB# 324303 (*pro hac vice*)
alyssatapper@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Attorneys for Defendant NIKE, Inc.


UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


| | |
|---|---|
| KELLY CAHILL, et al., individually and on behalf of others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>NIKE, INC., an Oregon corporation,<br><br>          Defendant. | Case No.:  3:18-cv-01477-AB<br><br>**DEFENDANT NIKE, INC.'S MOTION TO REDACT THIRD-PARTY EMPLOYEE NAMES FROM PLAINTIFFS' MOTION FOR LEAVE**<br><br>**ORAL ARGUMENT REQUESTED** |

## TABLE OF CONTENTS

**Page**

LR 7-1 CERTIFICATION.................................................................................................1

MOTION TO REDACT ADDITIONAL INFORMATION .............................................1

I.     FACTUAL BACKGROUND...................................................................................2

II.    THE "GOOD CAUSE" STANDARD APPLIES TO REDACTIONS TO
       PLAINTIFFS' MOTION AND SUPPORTING DECLARATIONS. ...............................5

III.   NIKE'S REQUESTED REDACTIONS MEET BOTH THE "GOOD CAUSE"
       AND "COMPELLING REASONS" STANDARDS. ......................................................7

       A.     Non-Party Privacy Interests of NIKE's Employees Meet the "Good
              Cause" Standard. .......................................................................................8

       B.     Non-Party Privacy Interests of NIKE's Employees Also Meet the
              "Compelling Reasons" Standard. ...............................................................10

IV.    CONCLUSION ....................................................................................................12

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Center for Auto Safety v. Chrysler Grp., LLC,*
    809 F.3d 1092 (9th Cir. 2016)..................................................................................5, 6

*Glenmede Tr. Co. v. Thompson,*
    56 F.3d 476 (3d Cir. 1995)............................................................................. 5, 6, 7, 10

*Gnassi v. Toro,*
    No. 3:20-cv-06095-JHC, 2022 WL 3867376 (W.D. Wash. Aug. 30, 2022) .........................11

*Hunt v. Continental Cas. Co.,*
    No. 13-cv-05966-HSG, 2015 WL 5355398 (N.D. Cal. Sept. 14, 2015) ................................9

*In re Bofi Holding, Inc. Secs. Litig.,*
    No. 3:15-CV-02324-GPC-KSC, 2016 WL 5390533 (S.D. Cal. Sept. 27, 2016).....................8

*In re Roman Cath. Archbishop of Portland in Oregon,*
    661 F.3d 417 (9th Cir. 2011).......................................................................................4, 5, 9

*Iron Workers Local 580 Joint Funds v. Nvidia Corp.,*
    No. 18-cv-07669-HSG, 2021 U.S. Dist. 38963 (N.D. Cal. Mar. 2, 2021) ............................9

*SanDisk3d IP Holdings Ltd. v. Viasat, Inc.,*
    No. 22-CV-04376-HSG, 2025 WL 835034  (N.D. Cal. Mar. 17, 2025)...............................6

*Kamakana v. City and County of Honolulu,* 447 F.3d 1172 (9th Cir. 2006)............................11

*Moussouris v. Microsoft Corp.,*
    No. 15-cv-1483 JLR, 2018 WL 1159251 (W.D. Wash. Feb. 16, 2018)......................... 10, 11

*Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.,*
    307 F.3d 1206 (9th Cir. 2002)....................................................................................5

*Reflex Media Inc. v. Doe No. 1,*
    No. 2:18-cv-02423-RFB-BNW, 2022 WL 2985938 (D.Nev. July 28, 2022)........................8

STATUTES

42 U.S.C. § 2000e-2 (TITLE VII) ...........................................................................................2

OREGON EQUALITY ACT.......................................................................................................2

RULES

FED. R. CIV. P. 26(c)............................................................................................................5

LR 7-1 ............................................................................................................................1

**LR 7-1 CERTIFICATION**

Pursuant to Local Rule 7-1, counsel for Defendant NIKE, Inc. ("NIKE") conferred in good faith with counsel for Plaintiffs Kelly Cahill, Heather Hender, Sara Johnston, and Lindsay Elizabeth ("Plaintiffs"), and counsel for the Media Organization Intervenors, Insider Inc. *d/b/a BUSINESS INSIDER*, Advance Local Media LLC *d/b/a Oregonian Media Group*, and American City Business Journals, Inc. *d/b/a Portland Business Journal* (collectively the "Intervenors"), regarding this motion and the matters contained herein. NIKE understands that its Motion will be opposed. Declaration of Daniel Prince in support of NIKE's Motion to Redact ("Prince Declaration") ¶ 7.

**MOTION TO REDACT ADDITIONAL INFORMATION**

Pursuant to the Stipulated Protective Order entered in this matter,[1] ECF No. 82, counsel for NIKE hereby moves the Court for an order redacting certain third-party employee names included in Plaintiffs' motion for leave to file a motion for class certification ("Motion for Leave") and supporting declarations. Prince Declaration, ¶¶ 4-6, Exs. B-D; ECF Nos. 652-654. The redactions at issue concern the names of (1) non-party complainants, witnesses, and alleged persons of interest related to internal concerns raised by employees to NIKE in confidence and with the expectation that their information would be kept as confidential as possible, and (2) individuals Plaintiffs contend were involved in the distribution or collection of "Starfish" questionnaires. For purposes of balancing confidentiality interests and the public's right of access,

---

[1] By the terms of the Stipulated Protective Order, a non-designating party who has filed a document another party has designated as "Confidential" or "Attorneys' Eyes Only" must file the document under seal. ECF No. 82. "If the non-designating party makes a request in writing to have the document unsealed and designating patty does not file, within twenty (20) calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document." *Id.* "Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure." *Id.*

this Court *already* has found that redacting the names of third parties satisfies the "good cause" standard. *See* ECF No. 615 at 8-9. It should do so again here.

NIKE does not seek to redact any information other than the names and identifying information related to these third-party individuals. The "good cause" standard applies to these redactions because the disclosures arose in connection with a purely procedural motion unrelated or only tangentially related to the merits of the case. ECF No. 647. Thus, the Court should determine that the highlighted sections of the Motion to Redact and supporting declarations attached to the Prince Declaration should remain under seal.[2] Prince Declaration, ¶¶ 4-6, Exs. B-D.

## I.    FACTUAL BACKGROUND

Plaintiffs filed this action in 2018, asserting equal pay claims under the Federal and Oregon Equal Pay Acts, and asserting pay and promotion discrimination claims under Title VII and the Oregon Equality Act. As the Court is aware, the Parties have spent a significant amount of time in discovery and motion practice on the production and filing of documents related to internal concerns raised by some employees. Most of these documents relate to concerns outside of the scope of the pay and promotion causes of action asserted by the four Plaintiffs. Many relate to the questionnaires that were created, circulated, and collected informally by a small group of employees, independently from any official NIKE channel, often referred to as the "Starfish" questionnaires. *See* ECF No. 521 at 14.

The questionnaires and all other internal complaint-related documents that were not related to the named or opt-in Plaintiffs were designated during production as "**Highly**

---

[2] As explained below, redacting these non-party names does not abridge the outcome of a Ninth Circuit appeal concerning documents that contained *some* of the same names at issue here, *Cahill et. al. v. NIKE, Inc.*, No. 24-165 (9th Cir. 2024) ("Appeal No. 24-165").

Page 2   -   NIKE, INC.'S MOTION TO REDACT THIRD-PARTY EMPLOYEE NAMES
                FROM PLAINTIFFS' MOTION FOR LEAVE

**Confidential – Attorneys' Eyes Only**" under the Parties' Protective Order.  Thereafter, NIKE

and Plaintiffs worked together to remove confidentiality designations over the substance of the

complaints (*i.e.*, the allegations themselves), but agreed to redact in any public filings the names

of third-party individuals who made complaints, or who were witnesses or alleged persons of

interest not already publicly named.  ECF No. 273 at 12, ECF No. 171 at 8.[3]

After Plaintiffs attached some documents containing such redactions to their class

certification motion, ECF Nos. 146, 154; *see e.g.*, ECF Nos. 159-7, 159-8, 59-9, 159-10, 160-1,

160-2, the Media Intervenors sought to unseal the documents in their entirety, *see* ECF No. 205.

The trial court initially denied their request, *see* ECF No. 273, but the Media Intervenors later

renewed their motion after Plaintiffs' class certification motion was denied, *see* ECF No. 343;

*see also* ECF. Nos. 310 and 335.  The Media Intervenor's motion sought access to the identities

of the complainants, witnesses, and alleged persons of interest named in the documents filed in

support of Plaintiffs' class certification motion.  *Id.*  Over NIKE's objections, *see* ECF Nos. 345

and 376, the trial court granted the Media Intervenors' renewed motion (the "Unsealing Order"),

*see* ECF Nos. 363 and 403.

NIKE appealed the Unsealing Order to the Ninth Circuit immediately, ECF No. 406, and

requested a stay of the Unsealing Order during its appeal to avoid the immediate and irreparable

harm to the non-parties stemming from wide-spread publication of their names, *see, e.g.,* ECF

Nos. 397, 404, 406.  A flurry of activity in both courts culminated in the Ninth Circuit ruling that

the names should remain sealed pending NIKE's appeal, issuing a stay order that this Court

---

[3] *See also* ECF No. 290-4 at 1-37; ECF No. 288 at 1-11; ECF No. 285-2 at 1-2; ECF No. 285-1 at 1-2; ECF No. 284-8 at 1-6; ECF No. 284-7 at 1-4; ECF No. 165-4 at 1-37; ECF No. 163 at 1-11; ECF No. 160-2 at 1-2; ECF No. 160-1 at 1-2; ECF No. 159-8 at 1-6; ECF No. 159-7 at 1-4; ECF No. 159-6 at 1-3.

Page 3   -   NIKE, INC.'S MOTION TO REDACT THIRD-PARTY EMPLOYEE NAMES
             FROM PLAINTIFFS' MOTION FOR LEAVE

entered at ECF No. 408.[4]  After oral argument, the Ninth Circuit determined that NIKE had not

met the "compelling interests" standard because NIKE "failed to supply any corroborating

evidence or concrete examples to demonstrate how the unsealing of records could implicate non-

parties' 'reputations and personal/professional interests' or how non-parties could be 'exposed

to ridicule, embarrassment, and/or harassment[.]'"   Appeal No. 24-165, Dkt. No. 98.1 at 5.

Critical to the Court's analysis was the fact that the names were filed in connection with a motion

for class certification, which the Court found was not "dispositive as a technical matter, but [ ]

still [ ] tangentially related to the merits." *Id.* at 3-4.

Since the ruling, the Parties engaged in discussions to attempt to resolve the case. *See, e.g.,*

ECF No. 630.  When those discussions stalled, Plaintiffs indicated that they intended to file a

motion for leave to file a renewed class certification motion.  The Court then issued an order asking

the parties to confer about a briefing schedule for the motion for leave.  ECF No. 647.  The Court

clarified the motion for leave was a purely procedural motion "in which Plaintiffs are to address

whether it is procedurally appropriate to file such a motion at this juncture in the case[.]"  *Id*.

Plaintiffs' counsel filed their Motion for Leave and two supporting declarations, which identified,

by name, (1) non-party complainants, witnesses, and alleged persons of interest related to internal

concerns raised by employees to NIKE in confidence and with the expectation that their

information would be kept as confidential as possible, and (2) individuals Plaintiffs contend were

involved in the distribution or collection of "Starfish" questionnaires.  Prince Declaration, ¶¶ 4-6,

Exs. B-D; ECF Nos. 652-654.  Plaintiffs' counsel then sent a letter to counsel for NIKE, stating

their intent to file unsealed versions of its Motion for Leave and supporting declarations, triggering

---

[4] Of course, Plaintiffs' counsel violated both that Stay Order and the Protective Order in this case
when counsel Laura Salerno Owens of Markowitz Herbold, P.C. provided confidential documents
to Matthew Kish, a reporter with The Oregonian.  ECF No. 411 ¶ 9.

the 20-day period for NIKE to file this Motion under the terms of ECF No. 82, the Stipulated

Protective Order.  Prince Declaration, ¶ 3, Ex. A.

NIKE asks the Court to grant its Motion and redact the names (and other identifying

information) of the individuals at issue.

**II.     THE "GOOD CAUSE" STANDARD APPLIES TO REDACTIONS TO PLAINTIFFS' MOTION AND SUPPORTING DECLARATIONS.**

Courts in the Ninth Circuit apply one of two standards when determining whether to seal

information related to pre-trial motions, "good cause" or "compelling reasons."  A "good cause"

standard applies to information related to non-dispositive motions, *Phillips ex rel. Ests. of Byrd v.*

*Gen. Motors Corp.,* 307 F.3d 1206, 1213 (9th Cir. 2002), that are unrelated or only tangentially

related to the merits of the case, *Center for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092,

1097 (9th Cir. 2016) ("*Chrysler*").  "The 'good cause' language comes from Rule 26(c)(1), which

governs the issuance of protective orders in the discovery process:  'The court may, for good cause,

issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue

burden or expense . . . .'"  *Id*. at 1097 (citing Fed. R. Civ. P. 26(c)).  "If a court finds particularized

harm will result from disclosure of information to the public, then it balances the public and private

interests to decide whether a protective order is necessary."  *Phillips,* 307 F.3d at 1211.  The Ninth

Circuit has "directed courts doing this balancing to consider the factors identified by the Third

Circuit in *Glenmede Trust Co. v. Thompson,* 56 F.3d 476, 483 (3d Cir. 1995)."  *In re Roman Cath.*

*Archbishop of Portland in Oregon ("In re Archbishop of Portland"),* 661 F.3d 417, 424 (9th Cir.

2011).

> Those factors are:  (1) whether disclosure will violate any privacy interests;
> (2) whether the information is being sought for a legitimate purpose or for an
> improper purpose; (3) whether disclosure of the information will cause a party
> embarrassment; (4) whether confidentiality is being sought over information
> important to public health and safety; (5) whether the sharing of information among
> litigants will promote fairness and efficiency; (6) whether a party benefitting from

Page 5  -  NIKE, INC.'S MOTION TO REDACT THIRD-PARTY EMPLOYEE NAMES
                FROM PLAINTIFFS' MOTION FOR LEAVE

the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

*Id*. at 424 n.5 (citing *Glenmede Trust,* 56 F.3d at 483).

In contrast, the "compelling reasons" standard applies only to those proceedings that are "more than tangentially related to the [dispute]." *See Chrysler*, 809 F. 3d at 1098-99. The Ninth Circuit has clarified that such a situation may arise when the procedure at issue has a profound impact on the substantive rights of the parties, accelerates the merits of the dispute, or implicates far-reaching personal or constitutional issues. *Id.*

The "good cause" standard applies here. In the present case, Judge Russo has applied the "good cause" standard in disputes related to discovery issues and in doing so, has held that the names of third-party employees should be redacted in the public filings of some Starfish questionnaires and emails confirming participation in related investigations. ECF No. 521 at 17. That standard applies to Plaintiffs' Motion for Leave and supporting declarations—which concern a non-dispositive, procedural motion only "tangentially related to the underlying cause of action." *Chrysler*, 809 F.3d at 1099, *see also SanDisk3d IP Holdings Ltd. v. Viasat, Inc.*, No. 22-CV-04376-HSG, 2025 WL 835034, at *2 (N.D. Cal. Mar. 17, 2025) ("Because Plaintiffs' motion for leave to amend their infringement contentions is a nondispositive motion and is 'only tangentially related' to the underlying cause of action, the Court applies the lower "good cause" standard."). Indeed, Plaintiffs' Motion for Leave only addresses whether Plaintiffs have the ability to file a motion for class certification at this stage in the proceedings—it is not a renewed motion for class certification itself. This purely procedural issue is not more than tangentially related to the merits of this case,

but rather asks whether the procedural class certification device may be employed, after being previously denied by this Court and the Ninth Circuit.[5]

### III.    NIKE'S REQUESTED REDACTIONS MEET BOTH THE "GOOD CAUSE" AND "COMPELLING REASONS" STANDARDS.

Pursuant to the Stipulated Protective Order, NIKE requests the Court redact the names of non-party employees that are contained within Plaintiffs' Motion for Leave and supporting declarations.  ECF Nos. 652-654.  Each redaction request relates to a third-party current or former NIKE employee who Plaintiffs allege is involved in either (1) an internal complaint, or (2) the Starfish questionnaires.

As to the first group, individuals related to internal concerns raised to NIKE that were submitted with the expectation that their concerns would be treated as confidentially as possible have already been found to meet the "good cause" standard by this Court.  ECF No. 615 at 8-9 (finding *all seven* *Glenmede Trust* factors "weigh[ed] in favor of redacting the names").  None are parties to this action, nor have they indicated that they consent to public disclosure of their names, identities or any private information about them or their concerns.

As to the second group, the Motion for Leave and supporting declarations mention various individuals that Plaintiffs allege were involved in creating or distributing the Starfish questionnaire.  As outlined above and in other Court filings, the Starfish questionnaire was conceptualized and created during non-work hours and outside of the workplace, in individual employees' homes.  In fact, much of the work was completed on an anonymous basis.  It is likely that these individuals—who took steps consistent with a desire to remain anonymous and not to

---

[5] Even the impetus for Plaintiffs' renewed class certification motion (namely, the Starfish questionnaires) is minimally related—at best—to Plaintiffs' underlying claims (though NIKE maintains they are not relevant at all).  *See* ECF No. 521 at 15 (finding the questionnaires have only "some tangential relevance").

Page 7    -    NIKE, INC.'S MOTION TO REDACT THIRD-PARTY EMPLOYEE NAMES
                FROM PLAINTIFFS' MOTION FOR LEAVE

publicly associate themselves with the questionnaires—do not wish for their association to be known for a host of reasons, including public scrutiny (particularly given widespread dissemination over social media outlets) and/or that they may perceive a risk to future career prospects outside of NIKE.

If any of these individuals wish to make their involvement or identities known, they certainly are free to do so. NIKE, however, desires to protect their privacy unless and until they make that decision. This is the correct outcome under either the "good cause" or "compelling reasons" standards.

A.    **Non-Party Privacy Interests of NIKE's Employees Meet the "Good Cause" Standard.**

Consistent with Magistrate Judge Russo's August 26, 2024, Order, NIKE has shown good cause for redacting the names and identities listed above. As it has maintained throughout this action, NIKE is concerned with protecting the privacy interests of non-litigant employees—who have not chosen to place themselves in the public spotlight. As NIKE has shown before, the only reason these individuals may face public ridicule is that they did what they were encouraged to do while at NIKE—speak up when they saw something they felt was wrong. Their reward? Public disclosure of information they thought would remain confidential. "Good cause" for redactions exist here to protect the important privacy interests of these non-party individuals and safeguard them from unwarranted "harassment, embarrassment, or ridicule." *Reflex Media Inc. v. Doe No. 1*, No. 2:18-cv-02423-RFB-BNW, 2022 WL 2985938, at *2 (D.Nev. July 28, 2022) (sealing names of "victims of the alleged extortion business underlying this case"); *see also In re Bofi Holding, Inc. Secs. Litig.*, No. 3:15-CV-02324-GPC-KSC, 2016 WL 5390533, at *16 (S.D. Cal. Sept. 27, 2016) (finding "fear [of] retaliation and potential harassment" constitute "compelling reasons that outweigh the public's interest in disclosure" of the identities of confidential witnesses). And

Page 8   -   NIKE, INC.'S MOTION TO REDACT THIRD-PARTY EMPLOYEE NAMES
            FROM PLAINTIFFS' MOTION FOR LEAVE

because the names of non-parties generally do not bear on the underlying merits of the case—especially here where the documents have no relevance to the named Plaintiffs' claims—these "important privacy concerns . . . outweigh the public's interest in disclosure." *Iron Workers Local 580 Joint Funds v. Nvidia Corp.*, No. 18-cv-07669-HSG, 2021 U.S. Dist. LEXIS 38963, at \*5 (N.D. Cal. Mar. 2, 2021) ("personally identifying information of [] a non-party, is not relevant to the disposition of this case") (citation omitted); *see also Hunt v. Continental Cas. Co.*, No. 13-cv-05966-HSG, 2015 WL 5355398, at \*2 (N.D. Cal. Sept. 14, 2015) (finding the names of nonparties "implicate[d] important privacy concerns" and those names were "not relevant to the disposition of th[e] case").

Further, denial of NIKE's motion would be inconsistent with this Court's prior orders. Magistrate Judge Russo's August 26, 2024 Order found that NIKE's assertion of non-party privacy interests met the "good cause" standard. ECF No. 521 at 17. There, Judge Russo applied the "good cause" standard when she found that for "documents at issue relat[ing] entirely to Starfish complaints raised in confidence . . . containing allegations regarding harassment in the workplace and emails confirming participation in the investigation," redactions are appropriate to alleviate the harm "relate[d] to the confidence with which third parties submitted complaints." *Id.*

When this issue arose again in the context of certain employee names being unilaterally revealed by Plaintiffs' counsel during an open hearing, this Court *once again* found that further dissemination of this material would result in "particularized harm, especially considering that at least one of the non-parties whose names Defendant seeks to redact still work at [NIKE]." ECF No. 615 at 7 (internal footnote omitted).

The Court then found that each of the seven factors outlined in *In re Archbishop of Portland*, 661 F.3d at 424 n.5 weighed in favor of redacting the names in the transcript, finding

(1) "the current and former employees whose names Plaintiffs disclosed . . . have a privacy interest in their names in the sense that these people were involved in confidential reports of alleged discrimination, some of which involved highly personal experiences" (citing *Moussouris v. Microsoft Corporation,* 2018 WL 1159251 (W.D. Wash. Feb. 16, 2018)); (2) "other than the general presumption that the public has an interest in free access to court records, Plaintiffs have not articulated a particular reason for seeking disclosure of these names" (citing Plaintiffs prior unauthorized disclosure, *see* ECF No. 521); (3) "the disclosure of these names may not embarrass any *party*, [but] disclosure has a high chance of bringing public attention to sensitive and purportedly confidential reports of discrimination made by the *non-parties* whose names are at question"; (4) "these names are not 'information important to public health or safety.'" (citing *Glenmede Trust,* 56 F.3d at 483); (5) "the names in question have already been shared between the parties"; (6) "none of [the individuals at issue] are public officials"; and (7) "while the case may involve issues of pay disparity within [NIKE] that is important to the public, the public's interest in knowing these . . . particular names does not outweigh the non-parties' strong privacy interests in keeping their names unassociated with Starfish or this lawsuit."  ECF No. 615 at 8-9.

In light of the Court's prior determinations that this information meets the "good cause" standard, the Court should once again determine the names that NIKE requests be redacted meet that standard.  .

**B.      Non-Party Privacy Interests of NIKE's Employees Also Meet the "Compelling Reasons" Standard.**

NIKE anticipates Plaintiffs or the Media Intervenors will argue that NIKE's proposed redactions require application of the "compelling reasons" standard.  Even if that standard were to apply—it does not—NIKE's proposed reasons for sealing this information (*i.e.*, the non-party privacy interests of current and former NIKE employees) meet that standard as well.

To determine whether "compelling reasons" exist, "the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that "[t]hose who seek to maintain the secrecy of documents attached to *dispositive motions* must meet the high threshold of showing that compelling reasons support secrecy") (emphasis added). Here, the privacy interests of the non-party employees who raised internal concerns or who participated in creating the Starfish questionnaires—in confidence—far outweigh the minimal public interest in disclosing their names. *See Id*. at 1178-79 (applying the compelling reasons test and finding the "'compelling reasons' sufficient to outweigh public interest . . . and justify sealing court records exists when such court files might have become a vehicle for improper purposes, such as use of records to . . . promote public scandal . . .").

This is especially true because the mention of the non-party employees' names relates solely to issues that this Court has held are, at most, tangentially relevant to Plaintiffs' claims subject to their request that the Court revisit class certification. *See* ECF No. 521 at 17. Like many other courts have found, the privacy interests of non-party employees here meet the "compelling reasons" standard for redaction. *See e.g.* ECF No. 615 at 8; *Moussouris v. Microsoft Corp.*, No. 15-cv-1483 JLR, 2018 WL 1159251, at *6 (W.D. Wash. Feb. 16, 2018) (sealing names of non-party employees who raised allegations that they experienced discrimination or harassment while employed by Microsoft); *Gnassi v. Toro*, No. 3:20-cv-06095-JHC, 2022 WL 3867376, at *3 (W.D. Wash. Aug. 30, 2022) ("Courts may seal records containing identifying information of third parties to protect their privacy interests.").

The Ninth Circuit's decision in Appeal No. 24-165 does not command a different outcome. *First*, the question of whether these names meet the more forgiving "good cause" standard was

never before the Ninth Circuit panel, and as NIKE has explained, that standard applies in this case. *Second*, NIKE attaches to this Motion the Declaration of Alison Daugherty ("Daugherty Declaration"), which supplies corroborating evidence demonstrating how unsealing these non-party employee names implicates the reputations, personal interests and professional interests of those non-parties, including how those non-parties could be exposed to unwanted embarrassment, emotional damage or reputational harm—*e.g.,* personal humiliation and ridicule, impacted personal and professional relationships and networks, etc. Daugherty Declaration, ¶¶ 3-6.

The Daugherty Declaration indicates that all of the names at issue meet the "compelling interest" standard because NIKE here supplies "corroborating evidence" and "concrete examples to demonstrate how the unsealing of records could implicate non-parties' 'reputations and personal/professional interests'" and "how non-parties could be 'exposed to ridicule, embarrassment, and/or harassment'" as a result of the unsealing. Appeal No. 24-165, Dkt. No. 98.1 at 5.

## IV.   **CONCLUSION**

For the foregoing reasons, NIKE respectfully requests that the Court issue an order redacting the names of the complainants, witnesses, and alleged persons of interest, as well as those allegedly involved in the Starfish questionnaires, included in Plaintiffs' Motion for Leave and supporting declarations.

Date:  October 27, 2025

*/s/ Daniel Prince*
DANIEL PRINCE, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
FELICIA A. DAVIS, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

LAURA E. ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480