LAURA E. ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

FELICIA A. DAVIS, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
DANIEL PRINCE, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
LINDSEY C. JACKSON, Cal: SB# 313396 (*pro hac vice*)
lindseyjackson@paulhastings.com
ALYSSA TAPPER, Cal: SB# 324303 (*pro hac vice*)
alyssatapper@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendant NIKE, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL et. al., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NIKE, INC., an Oregon Corporation,<br><br>Defendant. | Case No. 3:18-cv-01477-AB<br><br>**DECLARATION OF ALISON DAUGHERTY IN SUPPORT OF DEFENDANT NIKE, INC.'S MOTION TO REDACT THIRD-PARTY EMPLOYEE NAMES FROM PLAINTIFFS' MOTION FOR LEAVE**<br><br>**ORAL ARGUMENT REQUESTED** |

## DECLARATION OF ALISON DAUGHERTY

I, Alison Daugherty, hereby declare as follows:

1. I am over the age of eighteen and have personal knowledge of the matters set forth in this declaration. I am competent to testify to such matters at a hearing or trial if necessary, and I am authorized to make this declaration.

2. I have been employed by NIKE, Inc. ("NIKE") since 2004. My current position is Vice President, Human Resources Business Professional ("HRBP"), North America. From approximately 2004 to 2009, I was a Director in the Employee Relations function. From 2009 to approximately 2012, I was in-house Employment Counsel. From approximately 2012 to 2014, I was a Senior Director HRBP for what NIKE referred to at the time as the Emerging Markets Geography. From approximately 2014 to 2017, I was a Senior Director HRBP for our Global Sourcing and Manufacturing function. From 2017 to 2020, I was the head of the Employee Relations function. When I began that position, I was a Senior Director, Global Employee Relations. During that time, I was promoted to Vice President of Global Employee Relations.

3. I have reviewed the sealed files at issue, which contain various highlighted portions to indicate what portions are sought to be redacted. The only information sought to be redacted appears to be former and current employees' names and identifying information related to those individuals. With respect to such third-party individuals (whose names are proposed for redaction here), they all appear to be either (1) non-party complainants, witnesses, and alleged persons of interest related to internal concerns raised by employees to NIKE in confidence, and (2) individuals who I understand Plaintiffs allege to have been involved in the preparation, distribution, and/or collection of the "Starfish" questionnaires.

Page 1 –   DECLARATION OF ALISON DAUGHERTY IN SUPPORT OF DEFENDANT NIKE, INC.'S MOTION TO REDACT THIRD-PARTY EMPLOYEE NAMES FROM PLAINTIFFS' MOTION FOR LEAVE

4. I am familiar with NIKE's internal complaint procedures given my experience at NIKE. NIKE's internal complaints are assumed to be received in confidence, and NIKE instructs its employees that it will maintain those complaints as confidential as possible.

5. To encourage openness, transparency, and fulsome reporting, NIKE seeks to protect the identities of individuals who submit internal complaints—as well as potential witnesses and/or persons of interests—including with respect to allegations of discrimination. The company has an anti-retaliation policy, which is enforced. But, we remain sensitive to confidentiality issues related to complaint reporting, particularly given the potential for widespread dissemination over the internet or other social media outlets and the risk (real or perceived) of harm to an individual's personal or professional relationships outside of NIKE. This includes, for example, unwanted embarrassment, emotional damage or reputational harm—*e.g.,* personal humiliation and ridicule, impacted personal and professional relationships and networks, etc. These are likely consequences of injury that may result to complainants, persons of interest, and witnesses stemming from the dissemination of information pertaining to internal workplace complaints (as well as unverified allegations), including with respect to discrimination allegations, particularly given the risk of broad dissemination across multiple platforms.

//
//
//
//
//

Page 2 –   DECLARATION OF ALISON DAUGHERTY IN SUPPORT OF DEFENDANT NIKE, INC.'S MOTION TO REDACT THIRD-PARTY EMPLOYEE NAMES FROM PLAINTIFFS' MOTION FOR LEAVE

6. I am aware of the "Starfish" questionnaires and Plaintiffs' allegations concerning the same. These questionnaires were created outside of work at NIKE, in individual employees' private homes, and largely on an anonymous basis, which, in my experience, is consistent with the actions of those who would wish to remain anonymous. Those involved in the preparation, distribution, and/or collection of the "Starfish" questionnaires and those named in the questionnaires likely would face the above-referenced risks, assuming their names were disseminated publicly via disclosure in this matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 27th day of October 2025 at Beaverton, Oregon.

Date: October 27, 2025

DocuSigned by:

*Alison Daugherty*

32F52EA4378443B...

ALISON DAUGHERTY

Page 3 – DECLARATION OF ALISON DAUGHERTY IN SUPPORT OF DEFENDANT NIKE, INC.'S MOTION TO REDACT THIRD-PARTY EMPLOYEE NAMES FROM PLAINTIFFS' MOTION FOR LEAVE