LAURA E. ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

FELICIA A. DAVIS, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
DANIEL PRINCE, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
LINDSEY C. JACKSON, Cal. SB# 313396 (*pro hac vice*)
lindseyjackson@paulhastings.com
ALYSSA TAPPER, Cal. SB# 324303 (*pro hac vice*)
alyssatapper@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendant NIKE, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al., individually and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>NIKE, INC., an Oregon corporation,<br><br>        Defendant. | Case No.: 3:18-cv-01477-AB<br><br>**DEFENDANT NIKE, INC.'S REPLY IN SUPPORT OF ITS MOTION TO REDACT THIRD-PARTY EMPLOYEE NAMES FROM PLAINTIFFS' MOTION FOR LEAVE**<br><br>**ORAL ARGUMENT REQUESTED** |

## <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   THE "GOOD CAUSE" STANDARD APPLIES TO REDACTIONS TO
      PLAINTIFF'S MOTION AND SUPPORTING DECLARATIONS. ................................ 3

      A.    The Court Instructed Plaintiff That Her Motion for Leave Was
            "Procedural" and Should Address the Court's Discretion. .................................... 3

      B.    The Ninth Circuit Opinion Applied Only to the 2022 Class Certification
            Motion. ................................................................................................ 5

      C.    The Court's Previous Sealing Orders Supports the Application of the
            Good Cause Standard. ........................................................................... 6

III.  NIKE'S REQUESTED REDACTIONS MEET BOTH THE "GOOD CAUSE"
      AND "COMPELLING REASONS" STANDARDS. ....................................................... 7

IV.   CONCLUSION ................................................................................................. 11

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Center for Auto Safety v. Chrysler Grp., LLC,*
 809 F.3d 1092 (9th Cir. 2016) ....................................................................................... *passim*

*Gearsource Holdings, LLC v. Google LLC,*
 No. 18-CV-03812-HSG, 2021 WL 1123630, at *2 (N.D. Cal. Feb. 24, 2021) ......................5

*Gnassi v. Toro,*
 No. 3:20-cv-06095-JHC, 2022 WL 3867376 (W.D. Wash. Aug. 30, 2022) ..........................11

*Hunt v. Continental Cas. Co.,*
 No. 13-cv-05966-HSG, 2015 WL 5355398 (N.D. Cal. Sept. 14, 2015)................................10

*In re Bofi Holding, Inc. Secs. Litig.,*
 No. 3:15-CV-02324-GPC-KSC, 2016 WL 5390533 (S.D. Cal. Sept. 27, 2016) ....................8

*Inag, Inc. v. Richar, Inc.,*
 No. 2:16-cv-00722-RFB-EJY, 2024 U.S. Dist. LEXIS 140874 (D. Nev. Aug. 6, 2024).........5

*Iron Workers Local 580 Joint Funds v. Nvidia Corp.,*
 No. 18-cv-07669-HSG, 2021 U.S. Dist. LEXIS 38963 (N.D. Cal. Mar. 2, 2021) .................10

*Moussouris v. Microsoft Corp.,*
 No. 15-cv-1483 JLR, 2018 WL 1159251 (W.D. Wash. Feb. 16, 2018)................................11

*Reflex Media Inc. v. Doe No. 1,*
 No. 2:18-cv-02423-RFB-BNW, 2022 WL 2985938 (D. Nev. July 28, 2022) ........................8

*SanDisk3d IP Holdings Ltd. v. Viasat, Inc.,*
 No. 22-CV-04376-HSG, 2025 WL 835034 (N.D. Cal. Mar. 17, 2025) ..................................6

## I.    <u>INTRODUCTION</u>

By its Motion, NIKE proposes limited redactions to protect the privacy interests of non-party current or former employees.[1]  NIKE seeks to do so on a procedural motion that addresses only whether the Court has discretion to allow Plaintiff another chance at class certification.

Plaintiff's Opposition does not dispute that the individuals at issue are allegedly associated with complaints discussed or submitted to NIKE in confidence with the expectation of privacy. Nor does the Opposition dispute that the exposure of non-parties' names likely would subject them to media harassment, public ridicule, embarrassment, and harm to their professional and personal relationships without notice.  Plaintiff's Opposition likewise does not acknowledge that the media is likely to exploit these individuals' names to resurrect media attention and associate them with sensitive matters, despite the fact that their involvement (or at the very least, the extent of their involvement) has not been confirmed.

Instead, Plaintiff simply wants those names released, arguing that a Ninth Circuit order dictates the standard for sealing here and that if the names are unsealed, the record will be misrepresented.[2]  Neither argument is compelling.

First, Plaintiff argues that the Ninth Circuit's ruling that the compelling reasons standard applied to Plaintiff's class certification motion is controlling.  ***But Plaintiff's Motion for Leave is not a class certification motion.***  Indeed, the Court was clear that this was a "***procedural***" motion, that the parties were not yet supposed to address the merits, and the motion was intended only to

---

[1] Capitalized terms not defined herein are given the meaning assigned to them in NIKE's Motion.

[2] Plaintiff agrees to redact (i) the phone numbers listed in Exhibit C, pages 65-74 to the Prince Declaration, (ii) the name of an individual contained in Exhibit D, pages 29-33, 38-40, and 48 to the Prince Declaration, and (iii) the name of an individual contained in Exhibit B, pages 26, 29, 41, Exhibit C, pages 62-63, and Exhibit D, page 41 that this Court previously sealed.  ECF No. 665 at 10-11.

Page 1    -    NIKE, INC.'S REPLY ISO MOTION TO REDACT THIRD-PARTY
EMPLOYEE NAMES FROM PLAINTIFFS' MOTION FOR LEAVE

address the threshold issue of whether the Court was even permitted to entertain a new class certification motion. ECF No. 651 (emphasis added), ECF No. 650 at 21:7-8, 22:22-24, 22:25-23:3. ***That Plaintiff disregarded the Court's instruction and addressed merits issues—ostensibly by attaching documents pertaining to unverified complaints of harassment—does not transform the motion into a merits-based one.*** Ninth Circuit authority requires that the Court look at the motion—not the evidence—to determine the applicable standard. *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016) ("The focus in all of our cases is on whether the *motion* at issue is more than tangentially related to the underlying cause of action.") (emphasis added). The reason for doing so is apparent: holding otherwise would create a procedural loophole for parties to more easily unseal confidential information related to the merits that would meet the good cause standard by simply attaching it to a non-merits motion. Because the focus of Plaintiff's motion is the Court's discretion, not Plaintiff's claims, the good cause standard applies here.

But ultimately, NIKE should prevail here irrespective of the standard that is applied. This Court has found compelling reasons for sealing non-party names where their privacy interests were at stake and Plaintiffs failed to articulate any reason for public disclosure to assure the Court that public scandal was not the aim. ECF No. 615 at 14. The same is true here. To be clear, Plaintiff offers no factual reason for declining to seal the names of the individuals who submitted complaints to NIKE in confidence, or the witnesses and persons of interest mentioned therein. Plaintiff only argues that NIKE should not be able to redact the names of the individuals purportedly involved in the Starfish questionnaires because NIKE disputes Plaintiff's characterization of these individuals as "executives." False. NIKE's objection does not turn on the claimed seniority of certain individuals—*e.g.*, whether they are C-suite executives or not,

though the facts show that the individuals referenced by Plaintiff ***were not class members nor***

***representative of the 1,200 jobs at NIKE***.  However, Plaintiff cannot credibly argue that the

***identities*** of those women are relevant to whether the Court has discretion to grant Plaintiff leave

here.  The only plausible reason for publicly releasing their names is to generate media attention

at the expense of these individuals' privacy rights and livelihoods.  This Court, in line with Ninth

Circuit authority, has previously recognized Plaintiff's inability to reassure the Court that

"disclosure will serve the 'public's confidence in the administration of justice' instead of 'be used

to 'gratify private spite or promote public scandal[.]'"  ECF No. 615 at 13 (*citing Center for Auto*

*Safety*, 809 F.3d at 1097).  So too, here.

Put simply, the non-party names have no bearing on whether the Court may give Plaintiff

another bite at the class-certification apple.  Releasing them would do nothing but invite public

spectacle.  NIKE's Motion should be granted.

## II.    THE "GOOD CAUSE" STANDARD APPLIES TO REDACTIONS TO PLAINTIFF'S MOTION AND SUPPORTING DECLARATIONS.

### A.    The Court Instructed Plaintiff That Her Motion for Leave Was "Procedural" and Should Address the Court's Discretion.

NIKE seeks to apply limited and narrow redactions to certain names that Plaintiff included

in her Motion for Leave.[3]  The Court has not authorized Plaintiff to file a renewed class

---

[3] Though unnecessary, Plaintiff resubmits the names and identifying information of the individuals NIKE seeks to seal in the Motion for Leave with her Opposition to NIKE's Motion to Redact.  *See* ECF No. 665 at 22 n. 7 & 10, 23, Attachment A, Attachment B. For the same reasons as identified in NIKE's Motion to Redact, NIKE seeks to seal the names in Plaintiff's Opposition.  NIKE includes a supplemental declaration attaching highlighted versions of these documents indicating the proposed redactions.  *See* Supplemental Declaration of Daniel Prince ("Supp. Prince Decl.") Ex. A.  NIKE simply seeks to seal identifying information (including the individuals' titles).  If such information was left unsealed, the public could simply reference their titles and connect them to the relevant individuals, having the same effect as making their names public.  Of course, since the instant motion is a non-dispositive motion to seal, the good cause standard applies to these sought redactions.  Plaintiff likewise includes the same names and identifying information in her reply in support of her Motion for Leave.  NIKE seeks to redact this information for the same

certification motion.  Rather, as explicitly instructed by this Court, Plaintiff's motion concerns **only** "whether it is ***procedurally*** appropriate to file such a motion as this juncture in the case." ECF No. 651 (emphasis added).  Indeed, Plaintiff's counsel attempted to broaden the scope of such motion to include the merits of Plaintiff's class certification motion during the September 5, 2025 status conference, *e.g.*, ECF No. 650 at 21:21-15, but the Court rejected it, explaining that the parties did not yet need "to spend time on the full merits of whether or not there is a basis for a class certification."  *Id*. at 21:7-9.  To be sure, the Court confirmed, when pressed by Plaintiff's counsel that the merits should be considered for her motion, the scope of the motion for leave— *i.e*., "what am I allowed to look at, what is my discretion in making a decision, what are the factors that I'm supposed to consider."  *Id*. at 22:25-23:3; *see also id*. at 20:4-7 (Plaintiff's motion would "support [her] position that its procedurally appropriate for the Court to reconsider a prior decision with regard to class certification based on new information"), 25:6-7 ("we're going to do the procedural question first"), 20:19-22, 23-25.

Thus, Plaintiff's Motion for Leave is, as the title suggests, a procedural request to the Court for permission to modify the existing schedule to allow Plaintiff to file another class certification motion.  The motion concerns the Court's discretion, not the merits, notwithstanding Plaintiff's attempts to make it about the latter.[4]  Notably, Plaintiff seemingly understands this distinction, as she argues that the purpose behind including the Starfish documents and names in her Motion for

---

reasons as identified herein and in NIKE's Motion to Redact.  NIKE also seeks to redact certain citations to the record in Plaintiff's reply because the text references the individuals involved in the Starfish questionnaires or that were involved in complaints and ties them to specific documents. If those were left unsealed, the public could simply cross-reference the documents to determine the individuals' identities.  These proposed redactions are also included in NIKE's supplemental declaration.  Supp. Prince Decl. Exs. B & C.

[4] NIKE naturally responded to Plaintiff's evidence in the Motion for Leave, but this does not mean that the *motion* is more than tangentially related to the merits.  Plaintiff's assertions otherwise are meritless.  ECF No. 665 at 21.

Leave was to show "changed circumstances warranting a renewed motion for class certification." ECF No. 665 at 7, 13. However, Plaintiff believes because the *evidence* also relates to the merits, the *motion* should be treated under the compelling reasons standard. *Id*. This is not the law. *See, e.g.*, [Center for Auto Safety, 809 F.3d at 1099]("The focus in all of our cases is on whether the *motion* at issue is more than tangentially related to the underlying cause of action") (emphasis added). The focus is not on the evidence, but on the motion, and the motion here is procedural.[5] Plaintiff's disregard of the Court's clear instructions for the Motion for Leave and inclusion of evidence that she would otherwise include in a class certification motion does not dictate the standard on a motion to seal. The Motion for Leave does not answer any question concerning the *merits* of Plaintiff's claims; it merely answers whether the Court may properly consider addressing those merits on a subsequent motion ***more than three years*** after the Court already denied class certification.

### B.    The Ninth Circuit Opinion Applied Only to the 2022 Class Certification Motion.

Plaintiff's reliance on the Ninth Circuit's decision on a prior sealing issue tied to Plaintiff's motion for class certification highlights her confusion regarding the purpose of her Motion for Leave.[6]

---

[5] For this reason, courts routinely apply the good cause standard to motions regarding the admission of evidence, notwithstanding that the evidence the parties seek to admit or preclude undoubtedly relate to the underlying merits. *See, e.g.*, [Inag, Inc. v. Richar, Inc., No. 2:16-cv-00722-RFB-EJY, 2024 U.S. Dist. LEXIS 140874, at *3 (D. Nev. Aug. 6, 2024)](applying the good cause standard to a motion relating to the presentation of certain evidence at trial); [Gearsource Holdings, LLC v. Google LLC, No. 18-CV-03812-HSG, 2021 WL 1123630, at *2 (N.D. Cal. Feb. 24, 2021)](applying the good cause standard to a motion *in limine*).

[6] Plaintiff inexplicably uses her Opposition to file unredacted versions of the documents unsealed by the Ninth Circuit order. This is not only gratuitous, but doing so unnecessarily confuses the issue for the Court. Whether the Court unsealed documents attached to a class certification motion has no bearing on whether different documents may be redacted on a motion for leave.

NIKE's appeal concerned certain media intervenors' attempts to unseal names of complainants, witnesses, and persons of interest in the Starfish questionnaires that were attached as exhibits to Plaintiffs' motion for class certification.  ECF No. 628 at 2.  While the Ninth Circuit concluded the compelling interest standard applied, the Ninth Circuit did not set precedent that all future class certification motions—let alone any procedural motions—would be evaluated under the same standard.  The Ninth Circuit, instead, limited its holding to the class certification motion at issue in that appeal, explaining that it was "[c]onsidering the substance of the class certification motion *here*[.]"  *Id*. at 3 (emphasis added).  Nothing about this order suggests that a motion for leave—which examines the Court's discretion in authorizing a further motion for class certification—should mandate application of the compelling reason standard for sealing issues.

At most, the Ninth Circuit's order reaffirms what is already known:  the compelling reasons standard applies to motions that are "more than tangentially related to the underlying cause of action[.]"  *Id*.  The Court, here, has already determined that the scope of Plaintiff's Motion for Leave is whether the Court has discretion to consider a renewed class certification motion.  Thus, the Motion for Leave is not more than tangentially related to the merits.  *See, e.g.*, *SanDisk3d IP Holdings Ltd. v. Viasat, Inc.*, No. 22-CV-04376-HSG, 2025 WL 835034, at *2 (N.D. Cal. Mar. 17, 2025)* ("Because Plaintiffs' motion for leave to amend their infringement contentions is a nondispositive motion and is 'only tangentially related' to the underlying cause of action, the Court applies the lower 'good cause' standard.").  The good cause standard applies.

## C.    The Court's Previous Sealing Orders Supports the Application of the Good Cause Standard.

Plaintiff argues that this Court's prior ruling on sealing limits the application of the good cause standard to discovery motions.  ECF No. 665 at 13-15.  Not so.  As is the law in this Circuit, this Court acknowledged in its prior rulings that the question is whether the motion relates more

than tangentially to the merits. *Center for Auto Safety*, 809 F.3d at 1097; ECF No. 615 at 5. One of the motions at issue was a discovery motion, but this does not mean that the Court found that all other non-discovery motions would be evaluated under the compelling reasons standard.

Nor does the Court's finding that the compelling reasons standard applied to the motion to sever change the outcome. While procedural, the Court acknowledged that a motion to sever naturally involves merits-based questions concerning, for example, (i) whether the claims are legally or factually distinct, (ii) whether some claims are weak or peripheral, and (iii) whether severance will allow faster resolution. The Motion for Leave, by comparison, was intended to address whether the Court has discretion to allow Plaintiff another opportunity to seek class certification. Plaintiff's inclusion of evidence that relates to the merits, which the Court urged Plaintiff not to address with this motion, cannot transform this motion into one that is merits-based.

More importantly, what is instructive from the Court's prior sealing order is that under **either standard,** the Court found that NIKE properly redacted non-party names—just like it seeks to do here. The Court found that the public interest in knowing the non-party's name who submitted internal concerns to NIKE in confidence "does not outweigh the compelling reasons of redacting this single name." ECF No. 615 at 13.

## III.    NIKE'S REQUESTED REDACTIONS MEET BOTH THE "GOOD CAUSE" AND "COMPELLING REASONS" STANDARDS.

As explained, this Court has previously redacted names of individuals who submitted internal complaints under both the good cause standard and compelling reasons standard. ECF No. 615 at 13. The same conclusion should be reached here for non-parties who allegedly submitted or were named in internal complaints or were involved in the creation and distribution of the Starfish questionnaires. NIKE seeks to protect the privacy of these individuals who made the decision to raise private issues to NIKE, were identified in unverified complaints, or

participated in developing an informal questionnaire outside of work.  These individuals took steps consistent with the desire to remain anonymous, particularly as it relates to sensitive and personal matters.  ECF No. 664 ¶ 5.  Similarly, the witnesses in or subjects of complaints that have not been verified may not even be aware of their alleged involvement and have no opportunity to respond. Contrary to Plaintiff's assertions, Ms. Alison Daughtery explains in her declaration the specific and real risks involved with publicly connecting an individual with discrimination and/or harassment allegations that were raised to NIKE with the expectation of privacy (or sometimes, in the case of the Starfish questionnaires, were not even raised to NIKE).  *Id.*

NIKE seeks to seal ***only*** the names and identifying information of these individuals who are not involved in this litigation but participated in the Starfish questionnaires or submitted an internal complaint.  NIKE does so to protect them from unwanted and unexpected embarrassment, public ridicule, and negative impact to professional and personal relationships, which courts routinely find sufficient to justify sealing.  *See, e.g.*, *Reflex Media Inc. v. Doe No. 1*, No. 2:18-cv-02423-RFB-BNW, 2022 WL 2985938, at *2 (D. Nev. July 28, 2022)* (sealing names of "victims of the alleged extortion business underlying this case"); *see also* *In re Bofi Holding, Inc. Secs. Litig.*, No. 3:15-CV-02324-GPC-KSC, 2016 WL 5390533, at *16 (S.D. Cal. Sept. 27, 2016)* (finding "fear [of] retaliation and potential harassment" constitute "compelling reasons that outweigh the public's interest in disclosure" of the identities of confidential witnesses).  This privacy interest is especially apparent when understanding that neither the truth of the allegations nor the extent of any individual's alleged involvement been confirmed.  Moreover, the public association of these individuals with harassment claims would be both shocking and distressing.

Notwithstanding these concrete risks, Plaintiff wishes to force these individuals into the public domain.  But as this Court has found before, Plaintiff does "not reassure the Court that

disclosure will serve the 'public's confidence in the administration of justice' instead of 'be used to gratify private spite or promote public scandal,' [or] to circulate 'libelous' statements." ECF No. 615 at 14 (citing *Center for Auto Safety*, 809 F.3d at 1097). Indeed, Plaintiff's Opposition seems to support the latter reasoning. Plaintiff argues only that the names of complainants, witnesses, and persons of interest should be unsealed because the Ninth Circuit unsealed similar information **attached to Plaintiff's class certification motion**. ECF No. 665 at 20-24. As explained, the Ninth Circuit's ruling is not relevant for the instant Motion for Leave. *See* Section I.B., *supra*. Plaintiff offers no factual basis for why the disclosure of this information is necessary or any reassurance that the goal of disclosure is not to generate media attention.

Otherwise, Plaintiff seeks to unseal the names of individuals involved in the Starfish questionnaires under the guise that if they do not, the record will not be represented correctly. Specifically, Plaintiff argues that NIKE has made misrepresentations concerning the individuals involved in the Starfish questionnaires and thus, the names must be unsealed to set the record straight. ECF No. 665 at 20-21. But setting aside that NIKE has not made misrepresentations but simply highlighted that Plaintiff did not explain in the Motion for Leave the roles of each of the individuals involved in the questionnaires, again, NIKE **only seeks to seal the names**.[7] Plaintiff seemingly believes that Plaintiff's characterization of these individuals as "executives" (though, not C-suite executives) of various departments at NIKE is highly relevant to her position. NIKE disagrees. The opinions of eight individuals who were in management roles (*i.e.*, not class members) in a handful of departments at NIKE hardly demonstrates a common operating procedure of discrimination across a 5,200-member putative class in more than 1,200 jobs.

---

[7] NIKE's argument is supported by Plaintiff's decision to include the titles and organization charts in her Opposition.

Plaintiff's Attachment B confirms as much, demonstrating that each of the women allegedly involved were not C-suite executives, but vice presidents of some (but certainly not all) of the numerous departments across NIKE.

But, in any event, NIKE does not seek to seal Plaintiff's argument that they are "executives"—this (albeit, misleading) characterization of the evidence will be public. Thus, Plaintiff's baseless assertion that NIKE seeks to deceive is meritless and false; the public will have access to what Plaintiff believes is the pertinent information. The unsealing of the *names* of those individuals tells the public nothing about the validity of Plaintiff's Motion for Leave but does threaten to expose those individuals to public ridicule, embarrassment, and professional harm in their careers with no notice. *See, e.g.*, *Iron Workers Local 580 Joint Funds v. Nvidia Corp.*, No. 18-cv-07669-HSG, 2021 U.S. Dist. LEXIS 38963, at *5 (N.D. Cal. Mar. 2, 2021) ("personally identifying information of [] a nonparty, is 'not relevant to the disposition of this case'") (citation omitted); *see also Hunt v. Continental Cas. Co.*, No. 13-cv-05966-HSG, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (finding the names of nonparties "implicate[d] important privacy concerns" and those names were "not relevant to the disposition of th[e] case").

The media will almost certainly exploit these individuals' names to revive the Starfish questionnaire story, notwithstanding the fact that nothing has been confirmed about these individuals' involvement, including the extent of their alleged involvement, and whether they intended to publicly associate themselves with the Starfish questionnaires. ECF No. 615 at 8-9 (noting that "disclosure has a high chance of bringing public attention to sensitive and purportedly confidential reports of discrimination made by the *non-parties* whose names are at question"). That Plaintiff refuses to acknowledge this very real risk (especially in light of the significant media attention on this issue to date) and the minimal benefit to her position suggests, at best, indifference

to these individuals' interests and, at worst, an explicit aim to generate additional media attention at the expense of non-parties' privacy and wellbeing.  The Court should find that both good cause and compelling reasons exist to keep their names private as it did before.  ECF No. 615 at 14; *see also Moussouris v. Microsoft Corp.*, No. 15-cv-1483 JLR, 2018 WL 1159251, at *6 (W.D. Wash. Feb. 16, 2018) (sealing names of non-party employees who raised allegations that they experienced discrimination or harassment while employed by Microsoft); *Gnassi v. Toro*, No. 3:20-cv-06095-JHC, 2022 WL 3867376, at *3 (W.D. Wash. Aug. 30, 2022) ("Courts may seal records containing identifying information of third parties to protect their privacy interests.").

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, NIKE respectfully requests that the Court issue an order redacting the names of the complainants, witnesses, and alleged persons of interest, as well as those allegedly involved in the Starfish questionnaires, included in Plaintiff's Motion for Leave, Plaintiff's Opposition, Plaintiff's Reply in Support of Her Motion for Leave, and supporting declarations.

Date:  November 24, 2025

*/s/ Daniel Prince*
DANIEL PRINCE, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
FELICIA A. DAVIS, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

LAURA E. ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480