IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KELLY CAHILL, et al., individually
and on behalf of others similarly situated,

        Plaintiffs,

    v.

NIKE, INC., an Oregon Corporation,

        Defendant.

Case No. 3:18-cv-01477-AB

OPINION & ORDER

**BAGGIO, District Judge:**

    Before the Court is Plaintiffs' Motion for Leave to File a Renewed Motion for Class Certification. Pls.' Mot. Leave File Renewed Mot. Class Certification ("Pls.' Mot."), ECF No. 652. Defendant filed a response in opposition, Def.'s Opp'n Pl.'s Mot. ("Def.'s Opp'n"), ECF No. 661, and Plaintiffs filed a reply, Pls.' Reply ISO Pls.' Mot. ("Pls.' Reply"), ECF No. 667. For the reasons that follow and based on the unique procedural aspects of this case, the Court denies Plaintiffs' Motion.

1 – OPINION & ORDER

This case has been pending since August 9, 2018—almost seven and a half years. *See* Compl., ECF No. 1. In November 2022, Magistrate Judge Russo issued a Findings and Recommendation, recommending that Plaintiffs' motion for class certification be denied for lack of commonality. F&R, ECF No. 310. District Judge Hernandez adopted Judge Russo's Findings and Recommendation in March 2023. Order, ECF No. 335. As such, no class claims exist in this case.

After voluminous litigation on a number of issues, Plaintiffs' individual claims were scheduled to proceed to a jury trial in March 2025. Minutes of Proceedings, ECF No. 539. However, amid the flurry of pretrial filings, the parties notified the Court that Plaintiffs settled their individual claims with Defendant. Notice of Settlement of Individual Claims, ECF No. 622. The Court's understanding of the parties' Notice of Settlement of Individual Claims was that all individual claims were resolved and that Plaintiff Hender's claims, articulated as part of the putative (but judicially rejected) class, were reserved solely for purposes of possible settlement of the heretofore rejected class claims.

Subsequent to the filing of the Notice of Settlement of Individual Claims, the parties jointly requested additional time prior to closing the case to explore settlement of the putative (but rejected) class claims. As a courtesy to the parties and to avoid unnecessary appellate litigation of the putative class claims, the Court agreed. *See* Minutes of Proceedings, ECF No. 620 ("The parties are ordered to provide a joint status report on their progress settling the putative class action claims by 04/11/2025."). The parties thereafter sought, ECF Nos. 630, 637, 641, and the Court granted, ECF Nos. 633, 638, 642, several extensions of the delay in case closure based on the parties' representations that they were engaged in good faith and ongoing settlement discussions of the putative class claims. To the Court's surprise, the parties notified

2 – OPINION & ORDER

the Court in August 2025 that they had reached an impasse on whether the putative class claims were resolved. *See* Joint Status Report, ECF No. 644. At a status conference held on September 5, 2025, Plaintiffs informed the Court and Defendant that they intended to file a motion for renewed class certification. *See* Official Ct. Tr. 14–15, ECF No. 650.

The Court recognizes that it has the authority to alter or amend an order that denies class certification before final judgment. Fed. R. Civ. P. 23(c)(1)(C). As held by the Ninth Circuit: "Federal Rule of Civil Procedure 23 provides district courts with broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings before the court." *Armstrong v. Davis*, 275 F.3d 849, 871 n.28 (9th Cir. 2001), *abrogated on other grounds by*, *Johnson v. California*, 543 U.S. 499, 504–05 (2005), *as recognized in*, *Powers v. McDonough*, No. 24-6338, 2025 WL 3718737 (9th Cir. Dec. 23, 2025); *see also In re Initial Pub. Offering Sec. Litig.*, 483 F.3d 70, 73 (2d Cir. 2007) ("District courts have ample discretion to consider (or to decline to consider) a revised class certification motion after an initial denial."). The Court's consideration of Plaintiffs' request under Rule 23 is informed by Rule 1 which directs courts to construe the federal rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *see also Davidson v. O'Reilly Auto Enters., LLC*, 968 F.3d 955, 963 (9th Cir. 2020) (describing district court discretion to manage cases on its docket efficiently and effectively and to evaluate the timeliness of filings).

As noted above, this case is almost seven and a half years old and the denial of class certification took place almost three years ago. Assuming—without deciding—that the evidence argued by Plaintiffs constitutes "new" evidence relevant to commonality since Judge Russo's 2022 recommendation denying class certification, the most recent of those cited items of

evidence was available on or before October 2024, a full year prior to Plaintiffs' Motion for Leave to File a Renewed Motion for Class Certification. A year-long lag with no request to revisit class certification, including while the case was prepared for trial and even more so while all actual claims in the case reported as settled, with only a court-courtesy of allowing the case to remain open to permit the parties to try and settle the putative class claims, weighs toward a finding of a lack of due diligence by Plaintiffs. Even apart from the year of unreasonable delay between the most recent of this allegedly "new" evidence and the filing of Plaintiffs' Motion, the greater context of the seven plus years this case has been pending makes plain that Plaintiffs' request should be denied considering the potential impact on this judicial proceeding. While the Court *can* alter or amend an order regarding class certification, this Court chooses not to do so, nor requires Defendant to engage in briefing beyond the current record.

The Court DENIES Plaintiffs' Motion for Leave to File a Renewed Motion for Class Certification [652].

IT IS SO ORDERED.

DATED this 15th day of January, 2026.

*Amy M. Baggio*
AMY M. BAGGIO
United States District Judge

4 – OPINION & ORDER