Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com
David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Kathryn P. Roberts, OSB #064854
KathrynRoberts@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085

Byron Goldstein (admitted *pro hac vice*)
byron@goldsteinbrowne.com
Barry Goldstein, Of Counsel (admitted *pro hac vice*)
barry@goldsteinbrowne.com
GOLDSTEIN BROWNE, PC
1111 Broadway, Office 04-117
Oakland, CA 94607
Tel: 510-584-9020

*Attorneys for Plaintiff*
*Additional counsel of record listed on signature page*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| KELLY CAHILL, et al., individually and on behalf of others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>　　　　　　　　　　Defendant. | Case No. 3:18-cv-01477-AB<br><br>**PLAINTIFF'S PROPOSED VERDICT FORM** |

Page 1 –    VERDICT FORM

Plaintiff respectfully requests that the Court use the attached Verdict Form.

DATED: January 26, 2026	GOLDSTEIN, BORGEN, DARDARIAN & HO


*/s/ Byron Goldstein*
Byron Goldstein (admitted *pro hac vice*)

Craig J. Ackermann (admitted *pro hac vice*)
cja@ackermanntilajef.com
Brian Denlinger (admitted *pro hac vice*)
bd@ackermanntilajef.com
Erika Smolyar (admitted *pro hac vice*)
es@ackermanntilajef.com
ACKERMANN & TILAJEF, P.C
315 South Beverly Drive, Suite 504
Beverly Hills, CA  90212
Tel: (310) 277-0614
Fax: (310) 277-0635

Laura L. Ho (admitted *pro hac vice*)
lho@dhkl.law
James Kan (admitted *pro hac vice*)
jkan@dhkl.law
Katharine L. Fisher (admitted *pro hac vice*)
kfisher@dhkl.law
DARDARIAN, HO, KAN & LEE
155 Grand Avenue, Suite 900
Oakland, CA  94612
Telephone: (510) 763-9800
Fax: (510) 835-1417


*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

HEATHER HENDER,                                              Case No. 3:18-cv-01477-AB

                      Plaintiff,                                **VERDICT FORM**

    v.

NIKE, INC., an Oregon Corporation,

                      Defendant.

    We, the jury being duly impaneled and sworn, provide the following answers to the questions submitted by the Court:

**I.**     **Federal Equal Pay Act**

    QUESTION 1: Has plaintiff proven that defendant Nike, Inc. violated the Federal Equal Pay Act by a preponderance of the evidence?

    Heather Hender        _____ Yes        _____ No

*If you answered "Yes" to Question 1, then proceed to Question 1A. If you answered "No" to Question 1, then proceed to Question 3.*

    QUESTION 1A: Has plaintiff proven that defendant Nike, Inc.'s violation of the Federal Equal Pay Act was willful by a preponderance of the evidence?

    Heather Hender        _____ Yes        _____ No

    QUESTION 2: If you find that defendant Nike, Inc.'s violation of the Equal Pay Act was willful, what are plaintiff's damages, if any, resulting from its willful violation?

    Heather Hender        $_____

    QUESTION 2A: If you find that defendant Nike, Inc.'s violation of the Equal Pay Act was not willful, what are plaintiff's damages, if any, resulting from its violation?

Page 3 –    VERDICT FORM

  Heather Hender  $_____

**II.**  **Oregon Equal Pay Act**

  QUESTION 3: Has plaintiff proven that defendant Nike, Inc. violated the Oregon Equal Pay Act by a preponderance of the evidence?

  Heather Hender  \_\_\_\_\_ Yes  \_\_\_\_\_ No

*If you answered "Yes" to Question 3, then proceed to Question 4. If you answered "No" to Question 3, then proceed to Question 5.*

  QUESTION 4: What are plaintiff's damages, if any, against defendant Nike, Inc. resulting from the violation of the Oregon Equal Pay Act?

  Heather Hender  $_____

  QUESTION 4A: What amount of punitive damages, if any, should be awarded against defendant Nike, Inc. resulting from the violation of the Oregon Equal Pay Act?

  Heather Hender  $_____

**III.**  **Disparate Treatment**

  **a. Disparate Treatment in Pay (Federal and State Claims)**

  QUESTION 5: Has plaintiff proven her claim of Disparate Treatment in pay by a preponderance of the evidence?

  Heather Hender  \_\_\_\_\_ Yes  \_\_\_\_\_ No

*If you answered "Yes" to Question 5, then proceed to Question 6. If you answered "No" to Question 5, then proceed to Question 7.*

Page 4 – VERDICT FORM

      i. **Economic Damages for Disparate Treatment in Pay (Federal and State Claims)**

QUESTION 6: What are plaintiff's damages, if any, against defendant Nike, Inc. resulting from its disparate treatment in pay?

Heather Hender     $_____

      ii. **Punitive Damages for Disparate Treatment in Pay (Federal and State Claims)**

QUESTION 6A: What amount of punitive damages, if any, should be awarded against defendant Nike, Inc. resulting from the disparate treatment in pay violation of the Federal Civil Rights Act of 1964?

Heather Hender     $_____

QUESTION 6B: What amount of punitive damages, if any, should be awarded against defendant Nike, Inc. resulting from the disparate treatment in pay violation of the Oregon Equality Act?

Heather Hender     $_____

    b. **Disparate Treatment in Promotion (Federal and State)**

QUESTION 7: Has plaintiff proven her claim of Disparate Treatment in promotion by a preponderance of the evidence?

Heather Hender     _____ Yes     _____ No

*If you answered "Yes" to Question 7, then proceed to Question 8. If you answered "No" to Question 7, then proceed to Question 9.*

Page 5 –     VERDICT FORM

      **i. Economic Damages for Disparate Treatment in Promotion (Federal and State Claims)**

QUESTION 8: What are plaintiff's damages, if any, against defendant Nike, Inc. resulting from the disparate treatment in promotion violation?

    Heather Hender    $_____

      **ii. Punitive Damages for Disparate Treatment in Promotion (Federal and State Claims)**

QUESTION 8A: What amount of punitive damages, if any, should be awarded against defendant Nike, Inc. resulting from the disparate treatment in promotion violation of the Federal Civil Rights Act of 1964?

    Heather Hender    $_____

QUESTION 8B: What amount of punitive damages, if any, should be awarded against defendant Nike, Inc. resulting from the disparate treatment in promotion violation of the Oregon Equality Act?

    Heather Hender    $_____

Page 6 –    VERDICT FORM

*The presiding juror should sign and date the verdict form. By signing this form, the presiding juror confirms that the responses to each question were unanimous.*

DATED: _____, 2026

_____
Presiding Juror
Juror No. _____

Signed on behalf of the jury,

_____
Amy M. Baggio
United States District Judge