IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KELLY CAHILL, et al., individually
and on behalf of others similarly situated,

        Plaintiffs,

        v.

NIKE, INC., an Oregon Corporation,

        Defendant.

Case No. 3:18-cv-01477-AB

OPINION & ORDER

**BAGGIO, District Judge:**

On October 7, 2025, Plaintiff filed a Motion for Leave to File a Renewed Motion for Class Certification. Pl.'s Mot. Leave File Renewed Mot. Class Certification, ECF No. 652. As part of that motion, Plaintiff filed, under seal, two supporting declarations with documents identifying by name "(1) non-party complainants, witnesses, and alleged persons of interest related to internal concerns raised by employees to NIKE in confidence and with the expectation that their information would be kept as confidential as possible, and (2) individuals Plaintiff[]

1 – OPINION & ORDER

contend[s] were involved in the distribution or collection of 'Starfish' questionnaires." Def.'s Mot. Redact Third-Party Employee Names from Pl.'s Mot. Leave ("Def.'s Mot.") 1, ECF Nos. 655, 663[1]; *see generally* Goldstein Decl., ECF No. 653; Smolyar Decl., ECF No. 654. In light of Plaintiff's filings, Defendant, pursuant to paragraph four of the Stipulated Protective Order, *see* Protective Order, ECF No. 82, moves for an order redacting the names and identifying information of those individuals in Plaintiff's filings, Def.'s Mot. 1–2. Plaintiff concedes to some of Defendant's proposed redactions but otherwise opposes Defendant's Motion. *See* Pl.'s Opp'n Def.'s Mot. ("Pl.'s Opp'n") 6–7, ECF No. 665. For the following reasons, the Court grants Defendant's Motion.

## STANDARDS

Sealing judicial records is generally disfavored because there is a "strong presumption in favor of public access." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003). The public-access presumption is based on the need for federal courts to be accountable and for the public's "confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). Typically, a party moving to seal a judicial record "bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz*, 331 F.3d at 1135). "Under this stringent standard, a court may seal records only when it finds a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety*, 809 F.3d at 1096–97 (internal quotation marks omitted). The

---

[1] In reviewing both of Defendant's Motions to Redact, ECF Nos. 655 and 663, the Court finds they are the same motion and therefore considers them together.

2 – OPINION & ORDER

court then balances "the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1097 (quoting *Kamakana*, 447 F.3d at 1179). Because the public's right to "inspect and copy judicial records is not absolute[,]" trial courts can find compelling reasons to seal records when those records "might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). "Examples include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 598).

There is an exception to the presumption in favor of public access for "sealed materials attached to a discovery motion unrelated to the merits of a case . . . ." *Id.* "Under this exception, a party need only satisfy the less exacting 'good cause' standard" found in Federal Rule of Civil Procedure 26(c)(1), "which governs the issuance of protective orders in the discovery process." *Id.* (quoting *Foltz*, 331 F.3d at 1135). This exception exists because "'[a]pplying a strong presumption of access to documents a court has already decided should be shielded from the public would surely undermine, and possibly eviscerate, the broad power of the district court to fashion protective orders,' and thereby undermine Rule 26(c)." *Id.* (quoting *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). Moreover, the public's right to access judicial records attached to a non-dispositive motion is lesser "because those documents are often 'unrelated, or only tangentially related, to the underlying cause of action.'" *Kamakana*, 447 F.3d at 1179 (quoting *Foltz*, 331 F.3d at 1135). When determining which standard to apply—compelling reasons or good cause—the court must focus on "whether the motion at issue is more than tangentially related to" the merits of the action. *Ctr. for Auto Safety*, 809 F.3d at 1099.

3 – OPINION & ORDER

## DISCUSSION

Defendant argues that the Court should apply the good-cause standard to Defendant's proposed redactions from Plaintiff's Motion for Leave to File a Renewed Motion for Class Certification and supporting declarations because Plaintiff's Motion is "a non-dispositive, procedural motion only 'tangentially related to the underlying cause of action.'" Def.'s Mot. 6 (quoting *Ctr. for Auto Safety*, 809 F.3d at 1099). Specifically, Defendant asserts that Plaintiff's Motion "only addresses whether Plaintiff[ has] the ability to file a motion for class certification at this stage in the proceedings" and that "it is not a renewed motion for class certification itself." *Id.* Plaintiff responds that the presumptive compelling-reasons standard applies because Plaintiff's Motion "involves 'robust' arguments about the claims and relevant evidence, and the decision on that Motion will impact the litigants' substantive interests and guide the disposition of the case." Pl.'s Opp'n 11. The Court agrees with Defendant that the good-cause standard applies and further finds that Defendant has shown good cause for its proposed redactions. Accordingly, the Court grants Defendant's Motion.

Here, Plaintiff's Motion for Leave to File a Renewed Motion for Class Certification is at a minimum unrelated—and at most tangentially related—to the underlying cause of action in this case. As the Court indicated in its Order setting the briefing schedule for Plaintiff's Motion, Plaintiff is "to address whether it is procedurally appropriate to file such a motion at this juncture in the case . . . ." Order, ECF No. 651. Indeed, Plaintiff's Motion is for *leave* to file a renewed motion for class certification. Consequently, the Ninth Circuit's reasoning in *Cahill v. Non-Party Media Organizations Insider Inc.*, No. 24-165, 2025 WL 841196 (9th Cir. Mar. 18, 2025), as cited by Plaintiff favorably in its opposition brief, *see* Pl.'s Opp'n 7–9, 12–13, is inapplicable. In *Cahill*, the Ninth Circuit reviewed this Court's decision applying the compelling-reasons

4 – OPINION & ORDER

standard to documents attached as exhibits to Plaintiffs' motion for class certification. *Id.* at *1. The Ninth Circuit agreed that the compelling-reasons standard was the correct legal standard, reasoning that "[t]he sealed materials at issue 'form[] a crucial part of' Plaintiffs' class certification motion. Whether women were discriminated against and harassed relate[s] not only to the commonality arguments in support of class certification, but also to the merits of the claims." *Id.*

Here, by contrast, the issue is not whether Plaintiff's evidence is sufficient to warrant class certification. Rather, the issue is whether it is procedurally appropriate—almost seven and a half years into this case and almost three years after this Court denied Plaintiff's initial class certification motion, *see* Order, ECF No. 335 (adopting Magistrate Judge Russo's Findings & Recommendation denying Plaintiffs' motion for class certification)—for Plaintiff to file a renewed motion for class certification. As the Court stated at the September 5, 2025, status conference, the Court "need[s] to know what the framework is procedurally before [moving] to the merits of any reconsideration of the class certification question." Official Ct. Tr. 22:22–24, ECF No. 650; *see also id.* at 23:24–24:3 ("[W]hat is the framework for which you are asking [the Court] to reconsider a decision that was made three years ago and the . . . legal basis for it and the factors that [the Court is] supposed to consider, and then [the Court will] make that initial decision about whether . . . to revisit it first."). Accordingly, the Court finds that Plaintiff's Motion for Leave to File a Renewed Motion for Class Certification is not "more than tangentially related to the merits of the case . . . ." *Ctr. for Auto Safety*, 809 F.3d at 1102. The Court thus reviews Defendant's Motion to Redact under the good-cause standard.

As stated, the good-cause standard is derived from the standard for protective orders under Rule 26(c)(1). *See id.* at 1097. A party opposing disclosure—even if the records are

5 – OPINION & ORDER

subject to a stipulated protective order—"has the burden of establishing that there is good cause to continue the protection of the . . . material." *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011). In evaluating good cause, courts consider (1) whether "particularized harm will result from disclosure of information to the public" and (2) whether the balance of public and private interests justify continued protection. *Id.* (quoting *Phillips*, 307 F.3d at 1211).

Here, the Court finds that Defendant has shown good cause to redact "the names of (1) non-party complainants, witnesses, and alleged persons of interest related to internal concerns raised by employees to NIKE in confidence and with the expectation that their information would be kept as confidential as possible, and (2) individuals Plaintiff[] contend[s] were involved in the distribution or collection of 'Starfish' questionnaires." Def.'s Mot. 1.

First, Defendant has shown particularized harm as to these individuals. For example, disclosure of the identities of complainants, witnesses, and persons of interest from internal workplace complaints risks personal or professional harm to those individuals. Daugherty Decl. ¶ 5, ECF Nos. 657, 664.[2] In addition, disclosure of individuals involved in the Starfish questionnaires risks similar harm, particularly considering those individuals created the questionnaires outside of work and largely on an anonymous basis. *Id.* ¶ 6.

Second, the balance of the public and private interests justifies continued protection. In *In re Roman Catholic Archbishop of Portland in Oregon*, the Ninth Circuit directed courts to balance the public and private interests using the factors set forth in *Glenmede Trust Co. v. Thompson*, 56 F.3d 476 (3d Cir. 1995). 661 F.3d at 424. Those factors include:

---

[2] In reviewing both Declarations of Alison Daugherty, ECF Nos. 657 and 664, the Court finds they are the same declarations and therefore considers them together.

> (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

*Id.* n.5 (quoting *Glenmede Tr. Co.*, 56 F.3d at 483). Here, on balance, the Court finds that the *Glenmede* factors weigh in favor of redaction. Disclosure of the names of individuals involved in confidential internal workplace complaints and in the Starfish questionnaires would violate those individuals' privacy interests; Plaintiff's reasons for opposing redaction are largely unrelated to its Motion for Leave; the names of these individuals are not important to public health and safety; the names of these individuals are already known by both parties; Defendant is not a public entity or official; and there is little public importance in disclosing the names of these individuals. That disclosure is unlikely to embarrass Defendant is insufficient to outweigh the remaining factors.

For these reasons, the Court finds that Defendant has shown good cause for its proposed redactions.

## CONCLUSION

The Court GRANTS Defendant's Motion to Redact Third-Party Employee Names from Plaintiff's Motion for Leave [655] [663].

IT IS SO ORDERED.

DATED this 26th day of January, 2026.

AMY M. BAGGIO
United States District Judge

7 – OPINION & ORDER