LAURA E. ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

FELICIA A. DAVIS, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
DANIEL PRINCE, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
LINDSEY C. JACKSON, Cal. SB# 313396 (*pro hac vice*)
lindseyjackson@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Attorneys for Defendant NIKE, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| HEATHER HENDER, | Case No. 3:18-cv-01477-AB |
| Plaintiff, | **DEFENDANT NIKE'S OBJECTION TO AND REQUEST TO STRIKE REGARDING THE OVERUSE OF PAGES IN PLAINTIFF, HEATHER HENDER'S SUBMITTED MOTIONS IN LIMINE** |
| vs. | |
| NIKE, INC., an Oregon Corporation, | |
| Defendant. | |

Plaintiff's Motions *in limine* should be stricken because they violate both the Court's express page limits and the District of Oregon's formatting requirements.  Her Motions *in limine* exceed the Court's allotment **by over 20 pages** when properly formatted.  Through her word processing gymnastics, Plaintiff submitted what is actually a 64-page filing, in response to the Court's order that "motions *in limine* shall not exceed forty pages."  ECF No. 703.

Plaintiff's Motion *in limine* One, for example, *appears* to be 20 pages long.  However, *single-spaced charts* span 17 of those 20 pages.  These charts violate Local Rule 10, which mandates pleadings to be double-spaced.  When expanded to conform to the double-spaced requirement, Plaintiff's first motion *in limine* balloons to 40 pages—the allotment for the entirety of her Motions *in limine.*  But Plaintiff did not stop there—she submitted another nine motions *in limine* as well.  When the entirety is combined, her submission is 64 pages when in proper formatting.

Plaintiff's defiance of the Court's directives is improper and prejudicial.  She uses it to bury the Court and NIKE in line after line of vaguely described evidence she wants to exclude.  This is prejudicial to NIKE.  Courts recognize that this type of gamesmanship is inherently unfair, as it effectively punishes a party for complying with the court's rules.  *See, e.g.*, *U.S. Equal Emp. Opportunity Comm'n v. Sunshine Raisin Corp.*, No. 1:21-CV-01424-JLT-HBK, 2023 WL 4352426, at *1 (E.D. Cal. June 13, 2023)* ("A brief exceeding the page limits unfairly advantages the filing party"; "The overly excessive length of the submission is also prejudicial to [the responding party]" because of Local Rules' limits on reply briefs) (quoting *Elliott v. QF Circa 37, LLC*, No. 16-cv-00288-BAS-AGS, 2017 WL 5138291, at *2 (S.D. Cal. Nov. 3, 2017)*); *Nat'l Lending Grp., LLC v. Mukasey*, No. CV 07-0024-PHX-PGRET, 2008 WL 5329888, at *1

Page 2 –   DEFENDANT NIKE'S OBJECTION TO AND REQUEST TO STRIKE
         REGARDING THE OVERUSE OF PAGES IN PLAINTIFF, HEATHER HENDER'S
         SUBMITTED MOTIONS IN LIMINE

(D. Ariz. Dec. 19, 2008) ("[N]oncompliance with the Rules can create great difficulty for the Defendants in their efforts to . . . adequately respond to allegations and arguments set forth in a motion that is . . . in excess of the page limit, without themselves violating their own respective page limits"), *aff'd*, 365 F. App'x 747 (9th Cir. 2010).

Here, NIKE asks that the Court strike Plaintiff's improper filing. That is well within the Court's authority. *See Trove Brands, LLC v. TRRS Magnate LLC*, No. 2:22-CV-02222-TLN-CKD, 2025 WL 844675, at *3 (E.D. Cal. Mar. 18, 2025) (striking "briefing that exceeds or is deemed to have circumvented the applicable page limits"); *Campbell v. Fernando-Sholes,* No. CV-05-0880-PHX-SMM, 2009 WL 151200, at *1 (D. Ariz. Jan. 21, 2009) (granting Defendant's Motion to Strike where Plaintiffs filed a brief "nearly double the permissible page length"). Plaintiff's improper Motions *in limine* should be stricken in full. Alternatively, at a minimum, Plaintiff's Motion *in limine* One should be stricken.

Date: June 8, 2026

*/s/ Daniel Prince*
DANIEL PRINCE, Cal. SB# 237112 (pro hac vice)
danielprince@paulhastings.com
FELICIA A. DAVIS, Cal. SB# 266523 (pro hac vice)
feliciadavis@paulhastings.com
LINDSEY C. JACKSON, Cal. SB# 313396 (pro hac vice)
lindseyjackson@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705
LAURA E. ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480
Attorneys for Defendant NIKE, Inc.

Page 3 – DEFENDANT NIKE'S OBJECTION TO AND REQUEST TO STRIKE REGARDING THE OVERUSE OF PAGES IN PLAINTIFF, HEATHER HENDER'S SUBMITTED MOTIONS IN LIMINE