IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HEATHER HENDER,

      Plaintiff,

    v.

NIKE, INC., an Oregon Corporation,

      Defendant.

Case No. 3:18-cv-01477-AB

TRIAL PROCEDURES ORDER

**BAGGIO, District Judge:**

The Court hereby issues the following guidelines and rules for trial. **The parties are directed to ensure they and their witnesses abide by the directions set forth below**.

1. **Use of Cell Phones or Digital Devices:** The Court has a strict no digital device policy for persons in the gallery. The Court Security Officers will remove anyone who accesses digital devices in the gallery during this trial and while court is in session other than the persons listed below.

   Members of the trial teams who are seated in front of the bar may use digital devices as needed to try their cases. However, members of the trial teams may not use the internet to post about the case or record the proceedings. The Court may address violations of this rule with the Court's contempt power. If there is insufficient space

1 – TRIAL PROCEDURES ORDER

for the trial team to fit in front of the bar, Counsel are to raise this issue with the Courtroom Deputy who may allow a member of a trial team to use technology while seated in the public gallery. Trial Teams are directed to ensure that their digital devices are set to silent and do not otherwise interrupt the proceedings.

2. **Trial Time Limits:** Since January 2026, this case has been scheduled for a 5-day jury trial. *See* ECF 677. Neither party has objected to the length of the scheduled trial. Five days is sufficient because the case involves a single Plaintiff's sex discrimination claims, and even more so now that the Court has limited the scope of admissible evidence in its pretrial rulings. However, in light of the extensive nature of proposed exhibits and ongoing disputes over the parameters of trial testimony, the Court finds that imposition of trial time limits is reasonable, appropriate, and needed to ensure a fair trial for all parties and based on the Court's interest in managing its docket. *See Navellier v. Sletten*, 262 F.3d 923, 941 (9th Cir. 2001) ("Trial courts have broad authority to impose reasonable time limits. Such limits are useful to prevent undue delay, waste of time, or needless presentation of cumulative evidence. While trial courts have discretion to expedite the completion of trials, they must not adhere so rigidly to time limits as to sacrifice justice in the name of efficiency." (quotation marks and citations omitted)).

Accordingly, to ensure that this case can be in the hands of the jury by the end of the fifth day of trial,[1] the Court will limit each side to half of the trial hours available.

---

[1] While the Court determines these limits are appropriate based on the current record, the Court will not "sacrifice justice in the name of efficiency" and will adjust the limits as necessary, including if a party opens the door to previously excluded testimony such as that resolved in the Court's pretrial rulings.

If the parties are efficient and organized, they may expect an estimated six hours of trial time per day.

*Assuming one half day for jury selection*, this leaves 4.5 days – or 27 trial hours – for the remainder of the trial. These 27 hours will be divided equally between the parties so that each side will have 13.5 hours of trial time.

*If jury selection takes one full day*, then the parties will have 24 hours of trial time remaining. These 24 hours will be divided equally between the parties so that each side will have 12 hours of trial time.

The Court will monitor the parties' time "chess clock style," with a party's time beginning when Counsel begins to speak to a witness and ending when Counsel concludes that portion of the examination. The Court may make appropriate adjustments for objections and reasonable requests for sidebar conferences. However, in order to avoid the impact on the parties' limited trial hours, the parties are encouraged to raise to the Court any expected legal issues that require the Court's involvement before the jury is scheduled to hear the day's evidence, at the end of the day, or over the lunch break.

3. **Voir Dire Questioning:** Upon conclusion of the Court's questioning of the panel, the Court intends to offer Counsel 15 minutes per side to follow up on jurors' answers. However, in light of the limited trial time and the use of extensive pre voir dire juror questionnaires, attorney questioning is not guaranteed.

    *If the Court allows attorney questioning of the panel*, Counsel are limited to follow up on jurors' previous answers; new topics are not to be explored.

3 – TRIAL PROCEDURES ORDER

Conditioning questions are improper, and if an attorney engages in conditioning questions, the Court will deem this a waiver of further questioning of the panel.

*If the Court disallows attorney questioning*, the Court will take a break prior to concluding voir dire during which Counsel have permission to ask the Court to ask follow up questions. The Court will ask Counsel's follow up questions if proper. Fed. R. Civ. P. 47(a).

4. **Jury Size:** The Court intends to seat an eight-person jury. Fed. R. Civ. P. 48. All seated jurors will participate in deliberations.

5. **Daily Trial Schedule:** Parties should be seated and prepared to begin, including with their witnesses ready to be called to the stand, by 8:45 AM daily. If parties require the Court's advance ruling on an evidentiary issue that should not be raised in front of the jury, the Court will be available for an 8:30 AM daily morning conference ("DMC"). If such an issue arises, the parties are to send an email to the Courtroom Deputy no later than 10:00 PM the night before to request a DMC at 8:30 AM the following day. Presentation of evidence to the jury will begin promptly at 9:00 AM daily. The Court will take mid-morning and mid-afternoon breaks of 15 minutes each; the Court will also take a roughly one-hour lunch break daily. The parties should be in their seats and ready to resume testimony five minutes before the end of any break. The Court will work with the parties to resolve legal issues so as to avoid interruption of their available trial time, including before testimony begins for the day, during midday breaks, or at the end of the day's testimony. The Court will end testimony shortly before 5:00 PM daily.

4 – TRIAL PROCEDURES ORDER

6. **Trial Witness Schedule:** The parties are to confer and provide a trial witness schedule, including order of witnesses and expected time needed per side, by Friday, July 10, 2026. During the trial itself, the parties must notify the Courtroom Deputy by email of any changes to the proposed trial schedule no later than 8:00 AM on the day of the changed witness schedule.

7. **Order of Witness Testimony:** Witnesses identified by both parties shall testify once, subject to reasonable procedures developed by the parties after conferral.  Each party shall be given the opportunity to cross (or direct) and re-cross (or re-direct) each such witness.

8. **Witness Sequestration:** All witnesses will be excluded from the courtroom during trial testimony, with the following exceptions: Plaintiff will not be excluded from the courtroom, and if experts wish to observe the other party's expert's testimony, that is also permissible. If there is a request for a limiting instruction from Plaintiff, it can be submitted for consideration; however, the Court notes that Plaintiff's right to present a rebuttal case is the traditional means to offset any concern over a defendant's expert's opportunity to observe proceedings prior to testifying.

9. **Use of Evidence in Opening Statements:** Counsel are free to utilize stipulated exhibits in their opening statements to the jury; however, use of any additional demonstrative or other items in opening statements must be shown to Opposing Counsel in advance of opening statements to allow for the Court to rule on objections before the jury is exposed to the information.

10. **Use of the Well:** Opening and closing statements will be given from a podium located in the well. Counsel may use a whiteboard or visual aid, but the aid must be

5 – TRIAL PROCEDURES ORDER

placed in a way that Opposing Counsel are able to see it. Counsel must remain close to a microphone at all times. The Court has a lapel microphone and the podium microphone available.

11. **Pretrial Rulings Impacting Trial Testimony:** Counsel are responsible for informing their witnesses as to any subject matter limits placed on their testimony as ordered by the Court in its pretrial rulings. If a party believes the other side has opened the door to an area previously ruled inadmissible by the Court, the issue must be taken up outside the presence of the jury prior to Counsel raising the topic before the jury.

12. **Objections to Witness Testimony:** The Court has reviewed the objections to the proposed list of witnesses. *See* ECF 757. Defendant's objections to Plaintiff's proposed witnesses (Daugherty, Long, and Strong) are overruled based on the current record. Defendant's objection to Plaintiff calling witness Pfluger in Plaintiff's case-in-chief is sustained because he was not identified on Plaintiff's Witness List, *see* ECF 717; Plaintiff may solicit Pfluger's authentication testimony if needed outside the presence of the jury at the time he testifies for Defendant. Plaintiff's objections to Defendant's proposed witnesses (Weston and Williams) are also overruled based on the current record.

Regarding the parties' objections to "Challenged Testimony" as laid out in the Joint List of Witnesses and Objections, ECF 757, the parties may raise objections during trial. If there is a particular objection to an area of testimony that one of the parties in good faith believes cannot be handled in the presence of the jury, the parties may raise that issue in the DMC or on a break in testimony.

13. **Use of Exhibits at Trial:** Stipulated exhibits are those to which evidentiary objections are resolved. The time has passed to raise additional evidentiary objections to exhibits that the parties previously stipulated to. However, stipulated exhibits are not admitted until they are used with a witness who can identify the exhibit and explain its relevance to the jury. Once this step is completed, the party may offer the exhibit to be received into evidence. Only exhibits received during trial will be submitted to the jury for deliberation. The Courtroom Deputy will keep a list of exhibits received during trial and will provide regular updates to ensure the parties are in agreement as to which exhibits have been received so as to go to the jury for deliberations.

14. **Publishing Exhibits to the Jury:** Other than the above-referenced allowance for use of Stipulated Exhibits in Opening Statements (item #9, above), Counsel may not publish an exhibit to the jury prior to the Court receiving it into evidence. This rule applies to both stipulated and non-stipulated exhibits.

15. **Objections to Exhibits:** Despite the Court's admonition at the Pretrial Conference, the parties continue to propose an unreasonable number of exhibits. It is impossible that all of the proposed exhibits could possibly be identified, offered, and received during this five-day jury trial. The parties' Third Joint List Of Exhibits And Objections, ECF 761, identifies a large number of objections to these proposed exhibits. In light of the fact that the vast majority of these proposed exhibits will not end up being offered at trial, the Court declines to issue pretrial rulings on objections to the proposed exhibits. Parties may raise objections at the time the evidence is offered at trial.

16. **Objections and Sidebars:** If Counsel has an objection, Counsel shall rise and state the basic nature of the objection (e.g., "Objection, hearsay", "Objection, lacks personal knowledge"). Speaking objections are not permitted. If the Court is unsure of the nature of the objection, Counsel will be asked to clarify. Sidebars are to be avoided, if possible, particularly in light of the Court's willingness to address legal issues outside the presence of the jury during breaks. Excessive requests for sidebars will result in sidebar time being subtracted from the parties' trial clocks.

17. **Use of Technology during Trial:** If Counsel intend to use their digital devices during trial, either in opening, closing, or with witnesses, Counsel are encouraged to contact the Courtroom Deputy to learn about the courtroom's available technology and test all equipment.

18. **Conduct during Witness Testimony:** Counsel may stand or remain seated during direct or cross examination. Counsel may also conduct witness direct/cross by using the podium located between Opposing Counsel's tables, including use of the overhead projector. If Counsel do not know how to use the overhead projector, Counsel should contact the Courtroom Deputy to request a courtroom visit and device explanation. Counsel must ask permission to approach a testifying witness. Counsel are advised not to linger at the witness stand.

19. **Use of Deposition Designations at Trial; Testimony of Genevieve Long:** Regarding the testimony of Genevieve Long, the parties are directed to work together so that NIKE has the opportunity either to depose Ms. Long before trial in a manner least disruptive to her current family circumstances, or to cross-examine her at trial. If Ms. Long cannot testify at trial, the Court is disinclined to allow Plaintiff to introduce

8 – TRIAL PROCEDURES ORDER

one-sided deposition testimony; any request to use deposition testimony at trial remains subject to further order of the Court.

20. **Jury Instructions:** The Court will provide updated instructions prior to trial. The Court instructs the jury in sets:

    a.  *Set One – Precautionary Instructions*: This set is given to the full venire prior to voir dire.

    b.  *Set Two – Preliminary Instructions*: This set is given to the selected jury prior to opening statements; the Court intends to explain the verdict form in the context of the Claims and Defenses.

    c.  *Set Three – Final Substantive Instructions*: This set is broken into two groups. The first group is given to the jury prior to closing arguments and includes all of the main substantive instructions. The second group includes the last few instructions about how to deliberate and are given after closing arguments, immediately before the jury retires to deliberate.

    d.  *Daily Instructions* – The Court will instruct the jury at the close of each day regarding their obligations to not obtain outside information about the case and to not discuss the case. Each morning the Court will confirm with the jury that they have abided by this instruction.

    e.  *Other Mid-Trial Instructions* – Depending on the nature of the trial proceedings, the Court will provide limiting instructions as needed during trial, including those requested by the parties. If the parties wish for the Court to provide an instruction before or after certain evidence is presented, the

parties are to highlight that request to the Court outside the presence of the jury prior to the presentation of the evidence.

21. **Avoiding Juror Contact:** The parties and their witnesses are prohibited from having any contact with trial jurors. Parties are to direct their staff and witnesses to avoid case-related conversations in public spaces and are further directed to avoid as much as possible courthouse elevators and other outside spaces where jurors are present. Any contact with jurors, even if unintentional, must be reported to the Court immediately.

**The Court may modify these instructions as needed.**

IT IS SO ORDERED.

DATED this ___9th___ day of July, 2026.

_____
AMY M. BAGGIO
United States District Judge

10 – TRIAL PROCEDURES ORDER