IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HEATHER HENDER,

        Plaintiff,

    v.

NIKE, INC., an Oregon Corporation,

        Defendant.

Case No. 3:18-cv-01477-AB

ORDER

**BAGGIO, District Judge:**

On June 29, 2026, the Court held a Pretrial Conference in this matter. The Court's rulings from that Conference are summarized below and are intended to be consistent with the Court's oral rulings. Any matters ruled on at the Pretrial Conference but not explicitly addressed in this Order remain binding on the parties. In addition, if, during trial, any party contends that evidence ruled inadmissible has become admissible, that party must raise the issue with the Court outside the presence of the jury before offering or referring to the evidence.

1 – ORDER

## I.      Motions to Bifurcate

The Court DENIES Defendant's Motion to Bifurcate Punitive Damages, ECF No. 697.

The Court DENIES Defendant's request to separately try Plaintiff's court and jury claims. If there is evidence relevant only to Plaintiff's court claims, the parties shall confer about presenting such evidence outside the presence of the jury. Closing arguments on Plaintiff's court claims will be held after the jury begins deliberation on Plaintiff's jury claims.

## II.     Motion to Exclude Testimony of Ali Saad

The Court GRANTS in part and DENIES in part Plaintiff's Motion to Exclude Testimony of Ali Saad, ECF No. 597. Dr. Saad may testify as to all parts of his rebuttal expert report, excluding Parts VII–VIII. The Court will rule on the admissibility of Dr. Saad's testimony regarding Part VI of his expert report this afternoon at the Second Pretrial Conference. *See* Scheduling Order, ECF No. 760.

## III.    Motions *in Limine*

As discussed at the June 29, 2026 Pretrial Conference, the Court's rulings on the parties motions *in limine* are preliminary and subject to reconsideration during the course of trial if necessary. The Court also finds it appropriate at this time to rule on Plaintiff's Motion *in Limine* #1. In addition, to the extent there are any documents offered during trial which were not produced in discovery, the Court will resolve objections to those documents during trial.

   A.      Plaintiff's Motions *in Limine*

      i.      Pl.'s MIL #1

         a.      Mot. 1(a)(i): DENIED. Defendant provided adequate information and the identity of witnesses in its interrogatory responses. Michael Pfluger may testify as to their involvement in discussions

2 – ORDER

regarding Plaintiff's starting pay considering their role as Plaintiff's manager. Pfluger may testify as to the factors identified in Defendant's response to Plaintiff's second interrogatory. *See* Pl.'s Ex. 469, at 5–8. Betse Green may also testify as to their involvement in discussions regarding Plaintiff's starting pay.

b.  Mot. 1(a)(ii): DENIED. Defendant provided adequate information in its responses to Plaintiff's interrogatories 13–18. Moreover, "[c]ontention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007).

c.  Mot. 1(a)(iii): DENIED. Defendant agreed to meet and confer regarding its responses to Plaintiff's interrogatory 22 and request for admission 72. It is unclear if Plaintiff ever followed up. The Court finds Defendant's responses proper and declines to prohibit Defendant from testifying as to why Plaintiff was not non-competitively promoted before September 2018, or why Trent Waddell or Geoffrey Weston were non-competitively promoted more quickly than Plaintiff.

d.  Mot. 1(a)(iv): DENIED for the same reasons as discussed in Plaintiff's Motion 1(a)(iii).

3 – ORDER

e.  Mot. 1(b)(i): DENIED. Admissions by a party opponent are not hearsay and may be offered for their truth. To the extent Defendant seeks to introduce other evidence explaining or rebutting these admissions, Defendant can. The jury will ultimately evaluate the weight of all the evidence. The Court does not find that Defendant withheld evidence.

f.  Mot. 1(b)(ii): DENIED. The Court finds that Plaintiff has failed to show that Defendant withheld information or failed to comply with a court order such that Defendant may not offer evidence or argument regarding its practices for setting starting pay.

g.  Mot. 1(c)(i): GRANTED in part and DENIED in part. Defendant may not offer evidence or argument about the efficacy of any anti-discrimination efforts because it withheld materials relating to its pay equity analyses, its audits of its HR practices, and its internal investigations, as privileged. Defendant may, however, offer evidence or argument as to the implementation of its anti-discrimination efforts provided such evidence or argument is limited to unprivileged factual material.

h.  Mot. 1(c)(ii): DENIED. The Court finds that Defendant has not withheld Starfish-related materials such that Defendant may not offer evidence or argument as to this material. If Defendant opens the door to Starfish-related material beyond pay and promotion sex

4 – ORDER

discrimination, Plaintiff may respond with appropriate evidence and argument.

i.     Mot. 1(c)(iii): DENIED. This Motion is moot to the extent either party seeks to offer argument about the number of Starfish complaints. Defendant may, however, offer argument as to whether Starfish was anonymous, minor, unverified, or unworthy of serious response. This argument can be tested with contrary evidence from Plaintiff. If Defendant opens the door to Starfish-related evidence beyond the scope of pay and promotion sex discrimination, Plaintiff may respond with appropriate evidence.

j.     Mot. 1(c)(iv): DENIED. This Motion is moot to the extent either party seeks to offer evidence or argument regarding the discharge of NIKE executives. To the extent Defendant seeks to offer evidence or argument that its 2018 all-employee emails, 2018 all-employee speech, and 2018 pay and promotion analyses were not caused by Starfish-related reports and investigations, Defendant may do so provided such evidence or argument does not involve materials withheld as privileged.

k.     Mot. 1(c)(v): DENIED. To the extent Defendant seeks to offer evidence or argument regarding the reasons for its 2x pay reports, it may. Defendant, however, may not offer evidence or argument regarding the pay reports themselves because they were withheld as privileged.

5 – ORDER

ii.     Pl.'s MIL #2: GRANTED. For Plaintiff's disparate treatment claims, Defendant may not argue that Plaintiff must identify a specific decisionmaker possessing discriminatory animus. Plaintiff must nevertheless establish that the adverse employment actions she experienced were because of discriminatory animus.

iii.    Pl.'s MIL #3: DENIED. Defendant may cross-examine Genevieve Long about her alleged credit-card misuse leading to her termination under FRE 608(b). No extrinsic evidence may be introduced on this issue. Plaintiff's proposed rebuttal testimony from Sheena Compton is excluded as improper reputation or opinion evidence under FRE 608(a).

iv.     Pl.'s MIL #4: GRANTED.

v.      Pl.'s MIL #5: GRANTED in part and DENIED in part. Ms. Strong may testify about Starfish—including its origins, the complaints, the Project Starfish presentation, and Defendant's responses—insofar as such testimony is related to pay and promotion sex discrimination at Nike World Headquarters. Testimony about the number of Starfish surveys or matters unrelated to pay and promotion sex discrimination are excluded under FRE 403 as unfairly prejudicial, confusing, and misleading.

vi.     Pl.'s MIL #6: DENIED. The proffered testimony is excluded under FRE 403 as unfairly prejudicial, confusing, and misleading. If Plaintiff contends Defendant has opened the door to this testimony, Counsel must raise the issue with the Court outside the presence of the jury.

6 – ORDER

vii.    Pl.'s MIL #7: GRANTED in part and DENIED in part. Plaintiff may cross-examine Monique Matheson and Alison Daugherty as described in item two of Plaintiff's MIL #7, *see* Pl.'s MIL 36–37, ECF No. 721, subject to all other limitations set forth in this Order. Plaintiff may not introduce evidence or argument regarding items one, three, and four of Plaintiff's MIL #7. *See id.* at 35–38. Such evidence or argument is unfairly prejudicial, confusing, and misleading under FRE 403.

viii.   Pl.'s MIL #8: GRANTED in part and DENIED in part. Geneveive Long may testify as to her personal knowledge of Defendant's pay and HR practices, including whether Defendant had a policy or practice of using prior pay to set starting pay. Long may not testify that NIKE executives knowingly disregarded complaints of discrimination unless such complaints concerned pay and promotion sex discrimination. Instances of sex discrimination unrelated to pay and promotion are excluded as unfairly prejudicial, confusing, and misleading under FRE 403.

ix.     Pl.'s MIL #9: GRANTED in part and DENIED in part. Kelly Cahill may testify as to her own experiences with pay and promotion sex discrimination. Testimony relating to Cahill's former manager's discriminatory and degrading behavior is excluded under FRE 403 as unfairly prejudicial, confusing, and misleading—unless it relates to Cahill's personal experiences with pay and promotion sex discrimination.

x.      Pl.'s MIL #10: DENIED. Factual allegations relating to Plaintiff's settled retaliation claim are excluded under FRE 403 as unfairly prejudicial,

7 – ORDER

confusing, and misleading. Such allegations are also likely inadmissible under FRE 404.

B.    Defendant's Motions *in Limine*

i.    <u>Def.'s MIL #1</u>: GRANTED in part and DENIED in part. Evidence or argument relating to Starfish is admissible insofar as it concerns pay and promotion sex discrimination at NIKE World Headquarters. Evidence or argument regarding Starfish which is unrelated to pay and promotion sex discrimination is excluded under FRE 403 as unfairly prejudicial, confusing, and misleading. Defendant may seek a limiting instruction for Starfish material.

ii.    <u>Def.'s MIL #2</u>: GRANTED in part and DENIED in part consistent with the Court's rulings on Defendant's MIL #1.

iii.    <u>Def.'s MIL #3</u>: GRANTED in part and DENIED in part. Plaintiff may not testify or argue that soliciting Plaintiff's prior pay to set her starting pay was unlawful in and of itself. Plaintiff was hired in 2015—two years before it became unlawful for Oregon employers to seek an applicant's salary history. *See* ORS 659A.357. Plaintiff, nevertheless, may testify about the setting of her starting pay subject to the personal-knowledge requirement under FRE 602.

iv.    <u>Def.'s MIL #4</u>: DENIED. Whether Defendant announced a change to its policy of considering prior pay to set starting pay is admissible.

8 – ORDER

v.  Def.'s MIL #5: GRANTED. Evidence or argument relating to the terminations or departures of NIKE executives is excluded under FRE 403 as unfairly prejudicial, confusing, and misleading.

vi.  Def.'s MIL #6: GRANTED. Evidence or argument concerning assertions of privilege is excluded.

vii.  Def.'s MIL #7: GRANTED in part and DENIED in part. Evidence or argument relating to discovery conduct and attorney conduct are excluded. If trial evidence establishes a spoliation concern, the parties are directed to confer on an appropriate jury instruction. Spoliation issues may not be discussed in opening arguments.

viii.  Def.'s MIL #8: GRANTED. Testimony or argument regarding privileged matters is excluded, unless either party has a good-faith basis to dispute privilege. Disputes must be raised outside the presence of the jury.

ix.  Def.'s MIL #9: GRANTED.

x.  Def.'s MIL #10: GRANTED.

## IV.  Outstanding Legal Issues

A.  To prove a prima facie disparate impact claim, must Plaintiff prove a disparate impact on women [Plaintiff] or on her employment [NIKE]. PTO V.A.1, ECF No. 742.

To prove her prima facie disparate impact claim, Plaintiff must establish a disparate impact on women. *See* 42 U.S.C. 2000e-2(k)(1)(A)(i) ("An unlawful employment practice based on disparate impact is established under this subchapter only if . . . a complaining party demonstrates that a respondent uses a particular employment practice that causes a disparate impact on the basis of race, color, religion, *sex*, or national origin . . . ." (emphasis added)).

9 – ORDER

B. To prove her prima facie disparate impact claims alleging NIKE's practice of using prior pay when setting starting salaries prior to October 2017 had a disparate impact on women, is Plaintiff required to prove, as NIKE asserts, that prior pay was used to set starting salary in every instance. PTO V.A.2.

Preliminarily, no. The extent to which prior pay was used to set starting salary is likely incorporated into Plaintiff's causation showing. *See Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1424 (9th Cir. 1990) ("In order to establish a prima facie case of disparate impact, the plaintiff must . . . prove causation; 'that is, the plaintiff must offer statistical evidence of a kind and degree sufficient to show that the practice in question has caused the exclusion of applicants for jobs or promotions because of their membership in a protected group.'" (quoting *Watson v. Fort Worth Bank & Tr.*, 487 U.S. 977, 994 (1988))).

C. If Plaintiff meets her prima facie burden and NIKE does not prove the practice is job-related and consistent with business necessity, its affirmative defenses, is Plaintiff, as Plaintiff contends, presumptively entitled to back pay? Or, as NIKE contends, must Plaintiff then submit additional evidence that proves the following before receiving damages: (i) that prior pay was used to set starting pay in every instance or (ii) her prior pay was not only asked about, but also used to set her starting salary, and that her salary would have been higher had she not been asked about her prior pay. PTO V.A.3.

Plaintiff must submit additional evidence that she was personally injured by the practice in question. *See Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 577 (6th Cir. 2004) ("[A]n individual plaintiff arguing a disparate impact theory must show that the challenged policy directly disadvantaged him in some fashion."); *Coe v. Yellow Freight Sys., Inc.*, 646 F.2d 444, 451 (10th Cir. 1981) ("It is not sufficient for an individual plaintiff to show that the employer followed a discriminatory policy without also showing that plaintiff himself was injured."). This means that, before receiving damages, Plaintiff must submit additional evidence that her prior pay was used to set her starting salary. Plaintiff need not submit evidence that prior pay was used to set starting pay in every instance, and Plaintiff likely need not submit evidence that her salary would have been higher had she not been asked about prior pay.

10 – ORDER

D.      To prove the element of "paid less than" for her prima facie equal pay act claims, is Plaintiff required to show she was paid less than men when "control[ling] for easily measured differences in jobs within a job code associated with differences in skill, effort, responsibilities, working conditions, etc." PTO V.B.1.

Yes. Under the Federal Equal Pay Act and the Oregon Equal Pay Act, Plaintiff must show that she was paid less than men when controlling for easily measured differences in jobs. *See Hein v. Oregon Coll. of Educ.*, 718 F.2d 910, 914 (9th Cir. 1983) ("[I]nconsequential differences in jobs may be disregarded . . . ."); OAR 839-008-0000(17) ("'Work of comparable character' means work that requires substantially similar knowledge, skill, effort, responsibility and working conditions in the performance of work, *regardless of job description or job title* . . . ." (emphasis added)).

E.      If Plaintiff proves that she was paid less than males in substantially similar or comparable jobs, does NIKE need to prove, as Plaintiff contends, that 100% of the disparity is due to job-related factors. PTO V.B.2.

Yes. *See Rizo v. Yovino*, 950 F.3d 1217, 1228 (9th Cir. 2020) ("[T]he [Federal Equal Pay Act] requires employers to demonstrate that only job-related factors, not sex, caused any wage disparities that exist between employees of the opposite sex who perform equal work."); ORS 652.220(2)(a)(I) ("An employer may pay employees for work of comparable character at different compensation levels if all of the difference in compensation levels is based on a bona fide factor that is related to the position in question and is based on . . . [a]ny combination of the factors described in this paragraph, if the combination of factors accounts for the entire compensation differential.").

F.      For the Oregon Equal Pay Act claim, Title VII claims, and disparate treatment and disparate impact claims under Oregon law, is the damages period for Plaintiff calculated from the date of filing of Plaintiff's administrative charge, or the earliest filed administrative charge by her former co-plaintiffs. PTO V.C.1–3.

The date of filing of Plaintiff's administrative charge. *See* 42 U.S.C. § 2000e-5(g)(1); ORS 659A.885(1); *see also Howe v. City of Akron*, 801 F.3d 718, 745 (6th Cir. 2015) ("To

11 – ORDER

address the appropriate back-pay award adequately, the district court should have made an individualized inquiry as to when to start each Plaintiff's back-pay calculations.").

> G.    Whether this Court should certify the putative class, as defined in the Second Amended Complaint (Dkt. 377), under Fed. R. Civ. P. 23(a) and (b)(3) before final judgment, as authorized by Fed. R. Civ. P. 23(c)(1)(C).

The Court declines to revisit class certification for the same reasons set forth in the Court's January 2026 Opinion & Order. *See* ECF No. 676.

IT IS SO ORDERED.

DATED this 9th day of July, 2026.

_____
AMY M. BAGGIO
United States District Judge

12 – ORDER