| | |
|---|---|
| **From:** | Byron Goldstein <byron@goldsteinbrowne.com> |
| **Sent:** | Wednesday, July 8, 2026 9:52 PM |
| **To:** | Prince, Daniel; Davis, Felicia A.; Rosenbaum, Laura E.; Jackson, Lindsey C.; Wragg, Jennica K.; Kelley, Erica |
| **Cc:** | Brian Denlinger; Erika Smolyar; Laura Salerno Owens; Barry Goldstein; James Kan |
| **Subject:** | Nike's receipt of Starfish complaints |

**Caution - External Email**

Dear Counsel,

At the pre-trial conference on June 29, 2026, Nike's counsel made an argument to the Court that the Starfish complaints mentioning pay or promotion cannot come into evidence because there is an evidentiary "gap."  As we understood this argument, it is that Monique Matheson will not testify to receiving these complaints and that Melanie Strong cannot testify to the surveys being handed to Nike's then-General Counsel or Ms. Matheson because Nichole Graham Hubbard, and not Ms. Strong, handed those complaints in to Nike leadership.

We note that Nike's counsel represented to the Court repeatedly during this litigation that the exhibits that plaintiff intends to use at trial were the complaints it received in "late February/early March 2018." For example:

- "On August 10, 2020, the Court ordered NIKE to produce 'the complete survey results' from the Starfish questionnaires. ECF No. 111 at 8. Those "survey results" were the single packet of questionnaires (containing about 30 questionnaires) that were provided to Monique Matheson and Hilary Krane in late February or early March 2018. This was supported by Ms. Matheson's deposition testimony. Ex. E at 93:13-20. Following the Court's order, NIKE produced the complete packet of Starfish questionnaires that were delivered to Ms. Matheson and Ms. Krane." Dkt. 517 at 3-4.

- "On August 10, 2020, NIKE was ordered to produce the Starfish "completed survey results" and only the "completed survey results." ECF No. 111 (Court order on Starfish) at 8 (emphasis added). NIKE did just that. It produced the completed questionnaires—the exact same questionnaires submitted to NIKE's representatives in February/March 2018." Dkt. 530 at 6.

- "NIKE saw the questionnaires when they were delivered to Monique Matheson (NIKE's Chief Human Resources Officer) and Hilary Krane (NIKE's former General Counsel) in late February or early March 2018." Dkt. 530 at 9.

- "This corroborates NIKE's previous representations to the Court. In fact, without any waiver of privilege, NIKE offered an in camera review of a contemporaneous memorandum appearing on NIKE's July 2021 privilege log confirming that approximately 30 questionnaires were provided to NIKE. ECF No. 439 at 6. NIKE's offer still stands." Dkt. 515 at 7 n.3.

- "Ms. Graham testified that she 'brought approximately 30 of these paper surveys into [NIKE's Chief Human Resources Officer] Monique Matheson and [NIKE's then-General Counsel] Hilary Krane.'" Dkt. 515 at 7.

1

- "Although it should not be necessary, this is the privileged memorandum that NIKE will provide to the Court, in camera, to provide contemporaneous evidence of the number of Starfish complaint documents provided to NIKE in early 2018." Dkt. 440 at 2.

- "[A]s around 30 or so questionnaires were submitted to NIKE's representatives in February / March 2018." Dkt. 531 at 4.

- "NIKE produced the Starfish complaint documents that it received and that were and are in its possession, custody, and control." Dkt. 439 at 2.

- "On or around September 18, 2020, NIKE produced the completed Starfish questionnaires that were delivered to Ms. Matheson and Ms. Krane in or about February / March 2018." Dkt. 531 at 3.

Those admissions by Nike's agents are binding on Nike.

Let us know by 9:30 a.m. tomorrow morning whether Nike will stipulate that the Starfish questionnaires were provided to Monique Matheson and Hilary Krane in late February/March 2018, including with respect to Exhibits 203-205, 234, 404, 409, 411, 423, and 424. Plaintiff is not asking Nike to stipulate or waive its relevance, prejudice, or hearsay objections.

Alternatively, let us know if you will accept service of the trial subpoena for Ms. Graham Hubbard, which we will serve tomorrow to ensure her attendance at trial so she can testify (as she did in her deposition) that Nike received this evidence.

 Thank you,

Byron