LAURA ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Tel:  (503) 224-3380
Fax:  (503) 220-2480

FELICIA A. DAVIS, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
DANIEL PRINCE, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
LINDSEY C. JACKSON, Cal. SB# 313396 (*pro hac vice*)
lindseyjackson@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
Tel:  (213) 683-6000
Fax:  (213) 627-0705

Attorneys for Defendant NIKE, INC.


UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| HEATHER HENDER,<br><br>                              Plaintiff,<br><br>        v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>                              Defendant. | Case No.:  3:18-cv-01477-AB<br><br><br>**DEFENDANT NIKE, INC.'S OPPOSITION TO PLAINTIFF HEATHER HENDER'S BRIEF RE REDACTIONS RE TESTIMONY OF WITNESS NICOLE HUBBARD GRAHAM** |

NIKE, Inc. ("NIKE") submits this Opposition to Plaintiff Heather Hender's Brief Re Redactions Re Testimony Of Witness Nicole Hubbard Graham.  Plaintiff seeks to introduce select Starfish questionnaires, the Project Starfish PowerPoint, a draft of a speech given by former NIKE CEO Mark Parker, and various emails from former NIKE Chief Human Resources Officer Monique Matheson and Mr. Parker.  These exhibits were the subject of oral argument in front of the Court at the July 9, 2026 Final Pretrial Conference.  NIKE contends that all these exhibits are inadmissible, and until there is a ruling by the Court to the contrary, they should not be published to the jury, including during Plaintiff's opening statement.  Similarly, Plaintiff should not be permitted to use these exhibits during Melanie Strong's or any other witnesses' examination if Plaintiff cannot overcome NIKE's objections to these exhibits.

### 1) Ms. Graham's Testimony

Ms. Graham's testimony is unnecessary and her addition to the witness list is untimely. NIKE does not contest that, in approximately February or March 2018, it received the Starfish questionnaires that it produced in discovery.  Nike expects that Ms. Matheson will testify that she reviewed the Starfish questionnaires in 2018.  The testimony of Ms. Graham to establish that NIKE received the questionnaires is therefore wholly unnecessary.

With respect to the Project Starfish PowerPoint (Exhibit 566), NIKE disputes that it received it.  However, Ms. Graham is not the appropriate witness to address NIKE's receipt of this exhibit.  She has no personal knowledge as to whether the Project Starfish PowerPoint was provided to NIKE.  *See* Declaration of Daniel Prince, Exh. A, 50:17-22 ("Q.  So Melanie Strong testified that she provided [the Project Starfish PowerPoint] to Monique Matheson and Hilary Krane.  A.  Okay.  Q.  Do you know whether that is correct or incorrect?  A.  I do not know if that's correct or incorrect."), 145:12-18 (same).  Thus, it would be a waste of the Court's time and

Page 1    -    DEFENDANT NIKE, INC.'S OPPOSITION TO PLAINTIFF HEATHER HENDER'S BRIEF RE REDACTIONS RE TESTIMONY OF WITNESS NICOLE HUBBARD GRAHAM

confuse the issues to the jury to have Ms. Graham testify.

Furthermore, it is not appropriate for Ms. Graham to testify at trial because she was not identified on Plaintiff's Witness List. ECF No. 717. Ms. Graham is undisputedly not on either party's witness list. This Court already precluded Plaintiff from calling witnesses who are not identified on her Witness List. ECF No. 762 at 6. Plaintiff should not be allowed at this late date to add to her witness list – which was due weeks ago – or to belatedly subpoena her.[1]

**2) Use of Exhibits in Opening**

It would be both inappropriate and improper for Plaintiff to show any unadmitted or unstipulated to exhibits (or portions thereof) to the jury during opening statements. That bell cannot be unrung. By necessity, these documents will contain a significant number of redactions, which will naturally lead the jury to infer that there are other complaints that it is not permitted to see. This would be unfairly prejudicial to NIKE. Indeed, the Court held that "*[e]vidence or argument regarding Starfish which is unrelated to pay and promotion sex discrimination is excluded under FRE 403 as unfairly prejudicial, confusing, and misleading*." ECF No. 763 at 8 (emphasis added). The redactions themselves raise the same concerns. This is exactly why the Court had encouraged the parties to stipulate to an agreed upon demonstrative of the limited relevant text.

None of the documents at issue have been pre-admitted or stipulated to, and the Court has yet to rule on objections over these exhibits. Therefore, the proper method for introducing these exhibits is through a witness who can lay proper foundation. Plaintiff has not (and cannot) preemptively overcome NIKE's objections to these documents. Plaintiff is not prevented from

---

[1] While a subpoena was delivered to NIKE yesterday, NIKE is not authorized to accept a subpoena on Ms. Graham's behalf; the subpoena has not been properly served.

Page 2  -  DEFENDANT NIKE, INC.'S OPPOSITION TO PLAINTIFF HEATHER HENDER'S BRIEF RE REDACTIONS RE TESTIMONY OF WITNESS NICOLE HUBBARD GRAHAM

stating during her opening statement that NIKE received complaints related to pay and promotion discrimination and what it believes NIKE's response to receiving those complaints was. But there is no need to publish or quote text from exhibits whose admissibility is contested to the jury during opening statements or during witness examination.

For example, Plaintiff seeks to introduce a draft speech from Mr. Parker. (Pl.'s Ex. Nos. 15, 570). A draft speech is not evidence of what Mr. Parker said. Plaintiff is welcome to ask witnesses if they heard Mr. Parker's speech and if he made various statements during the speech. Critically, however, there is no witness on either party's witness list that can lay the appropriate foundation for how Mr. Parker used (or did not use) the draft. The draft document will not be admissible at trial and should not be used in Plaintiff's opening statement.

For the foregoing reasons, NIKE objects to publishing to the jury any non-stipulated to exhibits that have not been admitted and identified by a witness at trial.

Dated:  July 10, 2026

*/s/ Daniel Prince*
Daniel Prince (*pro hac vice*)
danielprince@paulhastings.com
Felicia A. Davis (*pro hac vice*)
feliciadavis@paulhastings.com
Lindsey C. Jackson (*pro hac vice*)
lindseyjackson@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Tel: (213) 683-6000
Fax: (213) 627-0705

Page 3    -    DEFENDANT NIKE, INC.'S OPPOSITION TO PLAINTIFF HEATHER HENDER'S BRIEF RE REDACTIONS RE TESTIMONY OF WITNESS NICOLE HUBBARD GRAHAM

Laura Rosenbaum, OSB No. 110061
Laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Tel: (503) 224-3380
Fax: (503) 220-2480
Attorneys for Defendant NIKE, Inc.

Page 4    -    DEFENDANT NIKE, INC.'S OPPOSITION TO PLAINTIFF HEATHER
HENDER'S BRIEF RE REDACTIONS RE TESTIMONY OF WITNESS
NICOLE HUBBARD GRAHAM