**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085 | Fax: (503) 323-9105

**Byron Goldstein (admitted *pro hac vice*)**
byron@goldsteinbrowne.com
**Barry Goldstein, Of Counsel (admitted *pro hac vice*)**
barry@goldsteinbrowne.com
GOLDSTEIN BROWNE, PC
1111 Broadway, Office 04-117
Oakland, CA  94607
Tel: 510-584-9020

*Attorneys for Plaintiff*

[Additional Counsel of Record listed on the Signature page]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| HEATHER HENDER, | Case No. 3:18-cv-01477-AB |
| Plaintiff, | **PLAINTIFF'S BRIEF RE THE PRESENTATION OF EXHIBITS MARKED "CONFIDENTIAL/AEO"** |
| v. | |
| NIKE, INC., an Oregon Corporation, | |
| Defendant. | |

**Page –1** **PLAINTIFF'S BRIEF RE THE PRESENTATION OF EXHIBITS MARKED "CONFIDENTIAL/AEO"**

**INTRODUCTION**

At the July 9, 2026 Final Pretrial Conference, the Court ordered Plaintiff to file a brief regarding the presentation of exhibits marked "Confidential" or "AEO". Dkt. 764. As Plaintiff discussed at both the Final Pretrial Conference and at the first Pretrial Conference on June 29, 2026, the Court's Pretrial Order required a designating party to file by June 8, 2026 a motion addressing these issues if it wanted to keep any exhibits designated as "confidential" or "AEO" at the trial. Nike did not file any such motion by June 8, 2026, nor has it done so to date. The June 8 deadline was set by the Court to give the Parties time to plan their trial strategy well ahead of trial. In seeking to now keep unknown trial exhibits designated as "confidential" or "AEO," Nike is not complying with the Court's Order, and with trial only three days away, any eleventh hour attempt to do so would be patently unfair and prejudicial to Plaintiff with respect to both preparing her witnesses and presenting testimony and evidence at trial.

Moreover, while Courts may allow for documents to be marked confidential or AEO during discovery, the interest of open courts at trial, as the U.S. Supreme Court and Ninth Circuit have opined, is a heavier burden and requires Nike to meet the "compelling reasons" standard, which it cannot do.

Accordingly, the Court should deny any request by Nike to now maintain confidential or AEO designations on the Parties' trial exhibits.

**MOTION**

Plaintiff requests that the Court deny Nike's request to keep any trial exhibits designated as "Confidential" or "AEO," or declare that none of the Parties' trial exhibits are designated as "Confidential" or "AEO."

**ARGUMENT**

The trial is three days away.  The Parties have already started and continue to prepare their witnesses.  The Court ordered that a designating party must file a motion to maintain any confidential or AEO designations at trial by June 8, 2026.  Nike failed to do so.  Further, the Ninth Circuit and U.S. Supreme Court have opined that unless a party can meet the compelling reasons standard, the public is entitled to an open court and to be able to inspect judicial records and documents, including trial exhibits. Nike cannot, as it has already failed to do in this case before this Court and before the Ninth Circuit, meet that standard here.

I.    **Nike Failed to Comply with the Court's Pretrial Order and Should Not be Permitted to Make an Eleventh Hour Request To Do So Now**

In its Pretrial Order, the Court ordered the following:

1.  The Parties previously marked a substantial portion of the potential trial evidence as confidential or attorneys' eyes only. The Protective Order provides that a designating party "may exclude from the room any person, other than persons designated in paragraphs 7 and 8, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding" if it designates material "Confidential" or "Attorneys' Eyes Only" ("AEO"). The Protective Order is silent on trial matters, including sealing the courtroom, limiting public access during trial testimony, or any other trial-specific mechanism.

2.  The Parties have agreed that, as soon as they have completed identifying any potential trial exhibits, each Party will inform the other of what, if any, documents they want to keep confidential or AEO, along with a proposal on how to handle these designations at trial. The Parties will then meet and confer to see what agreements they can

Page –3    PLAINTIFF'S BRIEF RE THE PRESENTATION OF EXHIBITS MARKED "CONFIDENTIAL/AEO"

reach, and if there are documents for which the Parties do not reach a resolution that either Party seeks to keep marked confidential or AEO for trial-related purposes, the designating Party will file a motion by June 8, 2026 justifying those designations, along with a proposal on how to address the related issues for trial.

Dkt. 742 at 32. This language was based on the Parties' agreed-upon Proposed Pretrial Order, which the Parties jointly drafted and filed on May 26, 2026, which included the exact same language as the Court adopted in its signed Pretrial Order with respect to any evidence marked "confidential" or "AEO." Dkt. 714 at 32. Thus, Nike knew about this June 8, 2026 deadline since May 26, 2026.

Despite many attempts by Plaintiff to meet and confer with Nike about this issue, Nike never informed Plaintiff, pursuant to Paragraph 2 of the Court's Pretrial Order (above), what, if any, documents it wanted to keep designated as confidential or AEO. Instead, Nike repeatedly requested that *Plaintiff* identify the documents designated confidential or AEO that Plaintiff was planning on using at trial. This is despite the fact that the burden, per the Court's Pretrial Order, was on Nike to do so; despite the fact that Nike has produced the majority of documents in this case, most of which it had designated in discovery as confidential or AEO; and despite the fact that Nike knew which exhibits would be on Plaintiff's exhibit list both when the Parties filed their initial Joint Exhibit List on June 1, 2026 (Dkt. 719) and prior to then, when the Parties were exchanging their respective proposed exhibit lists.

To date, Nike—the designating party as to almost all of the exhibits marked confidential or AEO—has failed to file a motion seeking to keep any trial exhibit designated as confidential or AEO. Pursuant to the Court's Pretrial Order, Nike is estopped from doing so now.

Moreover, Plaintiff would be severely prejudiced if, three days before trial, Plaintiff were prevented from using certain documents in Plaintiff's opening statement or witness examinations

**Page –4    PLAINTIFF'S BRIEF RE THE PRESENTATION OF EXHIBITS MARKED "CONFIDENTIAL/AEO"**

due to Nike's failure to abide by the Court's Pretrial Order.  Plaintiff needs to know what exhibits she can use at trial, and it is unfair to allow Nike to raise the issue now, particularly when there was a Court order mandating that Nike raise it earlier to give the Parties time to prepare for trial.

## II.     The "Compelling Reasons" Standard Applies Here, and Nike Cannot Meet It

In addition, while Courts may allow for documents to be marked confidential or AEO during discovery, the interest of open courts at trial is a much heavier burden which Nike cannot meet.

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7 (1978).  Following the Supreme Court's lead, the Ninth Circuit "start[s] with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  This right is justified by the interest of citizens in "keeping a watchful eye on the workings of public agencies." *Id.* at 598.  Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. *Foltz*, 331 F.3d at 1135 (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. *Foltz*, 331 F.3d at 1135.  That is, the party must "articulate[] compelling reasons supported by specific factual findings," *id.* (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102-03 (9th Cir. 1999)), that outweigh the general history of access and the public policies favoring disclosure, such as the "'public interest in understanding the judicial process.'" *Hagestad*, 49 F.3d at 1434 (quoting

**Page –5     PLAINTIFF'S BRIEF RE THE PRESENTATION OF EXHIBITS MARKED
             "CONFIDENTIAL/AEO"**

*EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir. 1990)); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016) ("The court must [ ] "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret.") (cleaned up). Examples of "compelling reasons" include when a court record might be used to "gratify private spite or promote public scandal," to circulate "libelous" statements, or "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598-99.

A "good cause" showing will not, without more, satisfy a "compelling reasons" test. *See Foltz*, 331 F.3d at 1135-36. "Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default." *Kamakana*, 447 F.3d at 1180 (citing *Nixon*, 435 U.S. at 597). This fact sharply tips the balance in favor of production when a document, formerly sealed for good cause, or in this case designated as confidential or AEO, under Rule 26(c), becomes part of a judicial record. *Id.*

Here, the Parties' trial exhibits in this case are certainly judicial records and documents subject to the "compelling reasons" standard. In addition to failing to comply with the Court's Pretrial Order, Nike cannot meet the compelling reasons standard required by the U.S. Supreme Court and the Ninth Circuit to justify maintaining confidential or AEO designations on the Parties' trial exhibits, which is Nike's burden. The public is entitled to access the Court records and evidence presented in Court during the trial. To date, Nike has not sought to close the courtroom, nor has it sought to maintain any exhibits as confidential or AEO. The interest of open courts, and fairness to Plaintiff, precludes Nike from now requesting, three days before trial, that any exhibits maintain those designations.

**Page –6    PLAINTIFF'S BRIEF RE THE PRESENTATION OF EXHIBITS MARKED "CONFIDENTIAL/AEO"**

**III.    This Court and the Ninth Circuit Have Already Found That Nike's Confidential and AEO Designations Were Inappropriate Under The Compelling Reasons Standard**

In deciding Nike's eleventh hour request to maintain confidential or AEO designations on trial exhibits, it is significant that this Court and the Ninth Circuit have already decided that Nike's confidential and/or AEO designations were inappropriate and did not meet the "compelling reasons" standard. *Cahill v. Nike, Inc.*, No. 3:18-CV-01477-JR, 2023 WL 9227107 (D. Or. Oct. 11, 2023), *adopted*, No. 3:18-CV-01477-JR, 2024 WL 136887 (D. Or. Jan. 5, 2024), *aff'd sub nom.*, *Cahill v. Non-Party Media Organizations Insider Inc.*, No. 24-165, 2025 WL 841196 (9th Cir. Mar. 18, 2025).

In support of her 2022 motion for class certification, Plaintiff filed Starfish-related documents with names redacted. Several news organizations sought to intervene and requested that this Court order that the documents should be publicly filed without redactions. Magistrate Judge Russo described that the "redactions at issue involve the names of those making workplace complaints along with the names of the witnesses and subjects of and to the complaints." *Cahill*, 2023 WL 9227107 at *1. The Magistrate Judge determined that the "compelling reasons" standard applied because the "evidence sought to be unsealed relates to commonality [and] proof of commonality overlaps with the merits ...." *Id.* at *2. The Magistrate Judge recommended, and the Article III Judge Hernandez adopted the recommendation, that Nike had failed to justify the redactions, and the documents were ordered publicly filed without redactions. Nike appealed and obtained a stay of the order pending appeal. The Ninth Circuit then held that the compelling reasons standard was properly applied because "[w]hether women were discriminated against . . . related not only to the commonality arguments in support of class certification, but also to the merits of the claims." *Cahill*, 2025 WL 841196 at *1.

**Page –7    PLAINTIFF'S BRIEF RE THE PRESENTATION OF EXHIBITS MARKED "CONFIDENTIAL/AEO"**

Importantly, the Ninth Circuit further explained that the compelling reasons standard was properly applied because

> [w]hether women were discriminated against and harassed related not only to the commonality arguments in support of class certification, but also to the merits of the claims. Both issues concerned the same alleged discriminatory behavior and adverse employment decisions. Because the material in the class certification motion is more than tangentially related to the merits, the compelling reasons standard applies.

*Cahill*, 2025 WL 841196 at *1. The Court also found that the "sealed materials at issue 'formed a crucial part of' Plaintiffs' class certification motion." *Id.*

The Magistrate Judge explained that the "names" which Nike proposed to redact "involve Nike employees and actions that Plaintiffs allege demonstrate gender discrimination … by Nike itself" and the "identity of Nike employees engaged in the very behavior plaintiffs assert resulted in discrimination certainly bear on plaintiffs' claims." *Cahill*, 2023 WL 9227107 at *3. Moreover, the "identity of complainants and witnesses similarly relate to issues going to the merits and credibility of plaintiffs' claims." *Id.* The Magistrate Judge determined that "[t]o the extent the individuals identified in the complaints are third parties, the public has an interest and right to access the documents that bear on plaintiffs' claims even if those documents identify non-parties to the litigation." *Id.* (citations omitted).

After describing the lower court's decision that "the privacy interests of non-parties did not outweigh the public's right of access to these judicial records, and it therefore unsealed the documents," the Ninth Circuit held that by "[a]pplying the compelling reasons standard, the district court did not abuse its discretion by finding that the alleged privacy interests of nonparties failed to justify continued sealing." *Cahill*, 2025 WL 841196 at *1.

As discussed above, there is no question that the Parties' trial exhibits are judicial records and documents related to the merits of Plaintiff's claims. Accordingly, this Court should again

**Page –8    PLAINTIFF'S BRIEF RE THE PRESENTATION OF EXHIBITS MARKED "CONFIDENTIAL/AEO"**

find that Nike has failed to meet its burden to show compelling reasons for keeping its confidentiality and AEO designations that outweight the public's right of access. *Cahill*, 2023 WL 9227107 at *1 (finding that Nike relied "on generalized assertions of purported compelling reasons. . . . However, the proponent of [confidential and AEO designations] must provide concrete examples rather than broad conclusory allegations of harm.").

## CONCLUSION

For the foregoing reasons, this Court should deny Nike's eleventh hour request to maintain confidential and AEO designations on any trial exhibits.

Page –9     PLAINTIFF'S BRIEF RE THE PRESENTATION OF EXHIBITS MARKED
            "CONFIDENTIAL/AEO"

DATED: July 10, 2026                    ACKERMANN & TILAJEF, P.C.


                                        */s/ Erika Smolyar*
                                        Craig J. Ackermann (admitted *pro hac vice*)
                                        cja@ackermanntilajef.com
                                        Brian W. Denlinger (admitted *pro hac vice*)
                                        bd@ackermanntilajef.com
                                        Erika Smolyar (admitted *pro hac vice*)
                                        es@ackermanntilajef.com
                                        315 South Beverly Drive, Suite 504
                                        Beverly Hills, CA  90212
                                        Tel: (310) 277-0614
                                        Fax: (310) 277-0635

                                        MARKOWITZ HERBOLD PC
                                        Laura Salerno Owens, OSB #076230
                                        LauraSalerno@MarkowitzHerbold.com
                                        David B. Markowitz, OSB #742046
                                        DavidMarkowitz@MarkowitzHerbold.com
                                        Harry B. Wilson, OSB #077214
                                        HarryWilson@MarkowitzHerbold.com


                                        GOLDSTEIN BROWNE, P.C.
                                        Byron Goldstein (admitted *pro hac vice)*
                                        Barry Goldstein, Of Counsel (admitted *pro hac vice*)
                                        1111 Broadway 3rd Floor, 04-117
                                        Oakland, CA 94607
                                        Telephone: (510) 584-9020

                                        DARDARIAN HO KAN & LEE
                                        Laura L. Ho (admitted *pro hac vice)*
                                        lho@dhkl.law
                                        James Kan (admitted *pro hac vice)*
                                        jkan@dhkl.law
                                        Katharine L. Fisher (admitted *pro hac vice)*
                                        kfisher@dhkl.law
                                        155 Grand Avenue, Suite 900
                                        Oakland, CA 94612
                                        Telephone: (510) 763-9800
                                        Fax: (510) 835-1417


                                        *Attorneys for Plaintiff*


**Page –10    PLAINTIFF'S BRIEF RE THE PRESENTATION OF EXHIBITS MARKED
            "CONFIDENTIAL/AEO"**