UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

|  |  |
|---|---|
| HEATHER HENDER,<br><br>Plaintiff<br><br>v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>Defendant. | Case No.  3:18-cv-01477-AB<br><br>**ORDER CLARIFYING ADMISSIBLE EVIDENCE AND RULING ON INITIAL EXHIBIT OBJECTIONS/REQUESTS FOR REDACTION**<br><br>*(ENTERED IN THE PUBLIC RECORD IN PARTIALLY REDACTED FORM AND UNDER SEAL IN FULLY UNREDACTED FORM)* |

At the Final Pretrial Conference held on July 9, 2026, the parties raised objections over the admissibility of certain exhibits that Plaintiff wishes to use in Opening Statements, thereby necessitating a pretrial ruling consistent with paragraph 9 of the Court's Trial Procedures Order (ECF 762). The parties also raised objections regarding proper redactions of certain other exhibits. The Court took the exhibit-related issues under advisement to consider the matter carefully. The objections raised by the parties have made plain the need for the Court to clarify its ruling on the admissibility of evidence of broader sex discrimination alleged to exist at NIKE. Therefore, the Court clarifies its ruling regarding the admissibility of evidence related to sex discrimination (Section I) as well as provide rulings on the exhibits (Section II).

Page 1 - ORDER CLARIFYING ADMISSIBLE EVIDENCE AND RULING ON INITIAL EXHIBIT OBJECTIONS/REQUESTS FOR REDACTION

I.      Clarified Ruling On Admissibility Of Evidence Of Sexual Discrimination

Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. FRE 401. In this case, the potential evidentiary universe includes (1) pre- and post-Project Starfish evidence alleging sex discrimination at NIKE *generally*, as well as (2) evidence about *more specific* allegations of sex discrimination, including pay and promotion sex discrimination (as alleged by Plaintiff) and other types of sex discrimination like harassment (not alleged by Plaintiff). Placing this universe in the Rule 401 framework, general evidence of sex discrimination in employment at NIKE during the relevant time period has a tendency to make more probable a specific claim of pay and promotion sex discrimination as to Plaintiff than it would be without general evidence of sex discrimination in employment at NIKE. This makes sense because general evidence of sex discrimination may include the subset of sex discrimination in pay and promotion. Evidence of other specific types of sex discrimination, such as harassment, would also be relevant under Rule 401, albeit less relevant since such evidence would be of a different type of sex discrimination than pay and promotion.

Although relevant, a court may nevertheless exclude evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. FRE 403. In its ruling at the Pretrial Conference, the Court found that although relevant, evidence of alleged specific acts of sex discrimination of a type not alleged by Plaintiff was inadmissible under Rule 403 because it was unfairly prejudicial, misleading, and would confuse the jury. The Court reiterates that finding with regard to other *specific allegations* of sex discrimination not related to pay and promotion. Accordingly, the Court maintains its prior decision denying Plaintiff's

Page 2 - ORDER CLARIFYING ADMISSIBLE EVIDENCE AND RULING ON INITIAL EXHIBIT OBJECTIONS/REQUESTS FOR REDACTION

Motion in *Limine* 6 and reiterates to the parties that absolutely no evidence of specific, non-pay/promotion evidence of alleged sex discrimination misconduct is admissible in this trial absent Defendant opening the door to such evidence.

However, the Court intended to communicate that general evidence of sex discrimination is not unfairly prejudicial or so confusing as to justify its exclusion. The parties' exhibit objections highlighted to the Court the need to clarify this contour of its ruling. Generally speaking, Plaintiff may offer evidence about Defendant's alleged sex discrimination in the relevant time period and subject to prohibitions over the wasting of time or the needless presentation of cumulative evidence. For example, a witness could testify that Project Starfish started around a certain date and stemmed from concerns over sex discrimination at NIKE, including concerns over pay and promotion. Another example of admissible evidence would be a NIKE executive's statement discussing sex discrimination at the company in general. However, evidence about specific types of sex discrimination other than pay and promotion (such as harassment) are not permissible.

II.     Rulings On Certain Limited Exhibits

The Court declined to rule on the parties' extremely voluminous exhibits to which they lodged objections in their pretrial filings (ECF 762 at 7). However, just before and during the Final Pretrial Conference, both parties submitted requests for the Court's rulings on a much smaller subset of disputed exhibits. Because Plaintiff wished to use certain of these exhibits in Opening Statements and because the parties may need to adjust their case presentations in light of the Court's rulings on this small subset of exhibits and redactions thereto, the Court agreed to rule on the current record and does so below. Because this portion of the Order addresses information submitted under seal and discusses admissibility of evidence that may be found to be

Page 3 - ORDER CLARIFYING ADMISSIBLE EVIDENCE AND RULING ON INITIAL EXHIBIT OBJECTIONS/REQUESTS FOR REDACTION

unfairly prejudicial prior to the start of a highly publicized trial, the Court will enter a redacted form of this Order in the public record and an unredacted version of this Order under seal. Consistent with the above clarification and with the other rulings the Court has made in its pretrial rulings, and in consideration of the record as it currently exists, the Court rules as follows:



Page 4 - ORDER CLARIFYING ADMISSIBLE EVIDENCE AND RULING ON INITIAL EXHIBIT OBJECTIONS/REQUESTS FOR REDACTION







Page 7 - ORDER CLARIFYING ADMISSIBLE EVIDENCE AND RULING ON INITIAL
EXHIBIT OBJECTIONS/REQUESTS FOR REDACTION







Page 10 - ORDER CLARIFYING ADMISSIBLE EVIDENCE AND RULING ON INITIAL
EXHIBIT OBJECTIONS/REQUESTS FOR REDACTION







III.    CONCLUSION

The Court has made best efforts in this Order to make even clearer the contours and the spirit of its ruling related to evidence of sex discrimination. If there is a doubt about the propriety of a line of questioning, parties are directed to raise the question outside the presence of the jury And the parties are directed to fully inform the witnesses of the limits on permissible sex discrimination testimony.

The Court has made best efforts to thoughtfully evaluate the plethora of exhibit issues in a short period of time. Should the parties identify a typographical or other error made by the

Page 13 - ORDER CLARIFYING ADMISSIBLE EVIDENCE AND RULING ON INITIAL EXHIBIT OBJECTIONS/REQUESTS FOR REDACTION

Court in this expeditiously issued Order, parties have leave to raise that issue with the Court. However, relitigation of issues is not permitted. Any revised exhibit must be submitted with a new exhibit number.

Parties should be present in the courtroom and prepared to present exhibit or other legal issues at 8:30 AM at the Daily Morning Conference during each day of trial. Having a regular, daily conferences to address any exhibit disputes relevant to the day's witnesses will allow necessary Court rulings outside the presence of the jury. Relatedly, the parties are notified that the Court will use all available management tools to avoid keeping the jury waiting for trial to begin past 9:00 AM or longer than a scheduled lunch break. Counsel are encouraged to confer in good faith and resolve disagreements outside of trial hours.

IT IS SO ORDERED.

DATED this __10th__ day of July, 2026.

AMY M. BAGGIO
United States District Judge

Page 14 - ORDER CLARIFYING ADMISSIBLE EVIDENCE AND RULING ON INITIAL EXHIBIT OBJECTIONS/REQUESTS FOR REDACTION