**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Kelsie G. Crippen, OSB #193454**
KelsieCrippen@MarkowitzHerbold.com
**MARKOWITZ HERBOLD PC**
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085

**Byron Goldstein (admitted *pro hac vice*)**
Byron@goldsteinbrowne.com
**Barry Goldstein, Of Counsel (admitted *pro hac vice*)**
Barry@golsteinbrowne.com
GOLDSTEIN BROWNE, PC
1111 Broadway, Office 04-117
Oakland, CA  97607
Telephone: (510) 584-9020

Attorneys for Plaintiff
[Additional Counsel of Record listed on the Signature Page]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| HEATHER HENDER, | Case No. 3:18-cv-01477-AB |
| Plaintiff, | **PLAINTIFF'S MOTION TO ADMIT EVIDENCE UNDER FRE 1006** |
| v. | |
| NIKE, INC., an Oregon Corporation, | |
| Defendant. | |

**Page 1 –    PLAINTIFF'S MOTION TO ADMIT EVIDENCE UNDER FRE 1006**

**MOTION**

Under Federal Rule of Evidence ("FRE") 1006 the "court may admit as evidence a summary, chart, or calculation to prove the contents of voluminous admissible writings, recordings, or photographs that cannot be conveniently examined in court, whether or not they have been introduced into evidence." FRE 1006(a). This is a practical exception to the best evidence rule which streamlines trials to help judges and juries understand massive amounts of data. The "proponent must make the underlying originals or duplicates available for examination or copying, or both, by other parties as a reasonable time and place." FRE 1006(b).

A proponent of a summary exhibit must establish a foundation that (1) the underlying materials on which the summary exhibit is based are admissible in evidence; and (2) those underlying materials were made available to the opposing party for inspection. *Paddack v. Dave Christensen, Inc.,* 745 F.2d 1254, 1259 (9th Cir.1984). The purpose of the availability requirement is "to give the opposing party an opportunity to verify the reliability and accuracy of the summary prior to trial." *Id.* at 1261. *Accord Intel Corp. v. Terabyte Int'l, Inc.,* 6 F.3d 614, 623 (9th Cir.1993) (under adversary system, opposing party is entitled to see materials that form basis for summary).

Here, it is appropriate to allow such summaries into evidence because the plaintiff intends to present evidence that would otherwise be voluminous. For instance, plaintiff wants to present evidence of pay ranges, job code, position, performance ratings, promotions, and salary data. The evidence to support that is in "Snapshots" from 2012-2019 with seven hundred twenty-six thousand three hundred sixty (726,360) rows of data. (*See* Ex. 456). Alternatively, for ease of the jury and the court, plaintiff can present this evidence on a one-page document. (*See* Exs. 555, 561, 562, 563, and 564). Nike produced the underlying information, and it is admissible

**Page 2 –    PLAINTIFF'S MOTION TO ADMIT EVIDENCE UNDER FRE 1006**

because Nike has stipulated in full to the data. *See* Dkt. 761 at 34, 117-189, and 222 (*See* Exs. 160, 447, 456, 465-67, and 1605).

Below is a chart that describes the offered summary evidence, the source evidence (which is voluminous unless noted otherwise in the footnote), and whether the underlying source evidence is stipulated.

The exhibit numbers below refer to the numbering on the current exhibit list which is Dkt. 784.

| Ex. No. | Document Description | Source | Source Stipulated |
|---|---|---|---|
| 555 | Hender's and Waddell's Starting Job Code, Position, Job Level and Job Subfamily | Ex. 456 | Yes |
| 559 | Hender vs. Waddell Pre-Nike Experience & Education Tables | Ex. 460, 461, 462, 463 | Yes |
| 560 | Hender vs. Waddell Job Applications Tables | Ex. 458, 459, 460, 461, 462, 464, 465 | Yes |
| 561 | Hender vs. Wadell Hire Date, Staring Job & Starting Pay Tables | Ex. 456, 83, 236[1] | Yes |
| 562 | Hender vs Waddell Performance Ratings Table | Ex. 456 | Yes |
| 563 | Hender vs. Waddell Salary & PSP Tables | Ex. 456, 517, 1506[2] | Yes |
| 564 | Hender vs. Waddell Promotion Tables | Ex. 456 | Yes |
| 581 | Set of Pay Grades and Salary Ranges from Exhibit 160 | Ex. 160 | Yes |

---

[1] The voluminous document here is 456; exhibits 83 and 236 are Hender's and Waddell's offer letters (respectively) which are not voluminous but for efficiency are included in Ex. 561.

[2] The voluminous document here is 456; exhibits 517 and 1506 are Hender's 2020 and Waddell's 2021 pay statements (respectively) which are not voluminous but for efficiency are included in Ex. 563.

DATED: July 15 , 2026

MARKOWITZ HERBOLD PC


*s/ Laura Salerno Owens*

Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com
David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Kelsie G. Crippen, OSB #193454
KelsieCrippen@MarkowitzHerbold.com

GOLDSTEIN BROWNE, PC
Barry Goldstein, Of Counsel (admitted *pro hac vice)*
barry@golsteinbrowne.com
Byron Goldstein (admitted *pro hac vice)*
byron@goldsteinbrowne.com
DARDARIAN, HO, KAN & LEE
Laura L. Ho (admitted *pro hac vice)*
lho@dhkl.law
James Kan (admitted *pro hac vice)*
jkan@dhkl.law
Katharine L. Fisher (admitted *pro hac vice)*
ktrabucco@dhkl.law

ACKERMANN & TILAJEF, P.C.
Craig J. Ackermann (admitted *pro hac vice*)
cja@ackermanntilajef.com
Brian Denlinger (admitted *pro hac vice)*
bd@ackermanntilajef.com
Erika Smolyar (admitted *pro hac vice*)
es@ackermanntilajef.com
315 South Beverly Drive, Suite 504
Beverly Hills, CA  90212
Tel: (310) 277-0614
Fax: (310) 277-0635

*Attorneys for Plaintiffs*

2472474.1

**Page 4 –        PLAINTIFF'S MOTION TO ADMIT EVIDENCE UNDER FRE 1006**