**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Kelsie G. Crippen, OSB #193454**
KelsieCrippen@MarkowitzHerbold.com
**MARKOWITZ HERBOLD PC**
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085

**Byron Goldstein (admitted *pro hac vice*)**
Byron@goldsteinbrowne.com
**Barry Goldstein, Of Counsel (admitted *pro hac vice*)**
Barry@golsteinbrowne.com
GOLDSTEIN BROWNE, PC
1111 Broadway, Office 04-117
Oakland, CA  97607
Telephone: (510) 584-9020

Attorneys for Plaintiff
[Additional Counsel of Record listed on the Signature Page]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| HEATHER HENDER, | Case No. 3:18-cv-01477-AB |
| Plaintiff, | **PLAINTIFF'S MOTION TO COMPEL PRODUCTION RE PAY EQUITY OR TO STRIKE TESTIMONY** |
| v. | |
| NIKE, INC., an Oregon Corporation, | |
| Defendant. | |

**Page 1 –     PLAINTIFF'S MOTION TO COMPEL PRODUCTION RE PAY EQUITY OR TO STRIKE TESTIMONY**

**MOTION**

The Court asked counsel how defendant Nike opened the door on its privileged pay equity study. (*See* Salerno Owens Decl. Tr. Excerpts at 698:9 – 701:13).  The answer is found at 673:9-21; 674:14-675:8; 682:14-683:1.[1]  Plaintiff requests that the Court orders Nike to produce the results of its pay equity analysis, or orders the jury to disregard this evidence with a curative instruction, inform the jury that Nike did not disclose the results of its pay equity analyses, and strike the testimony elicited by Nike on it from the record.

On three separate occasions, Nike presented evidence to the jury that it made changes to its pay practices by implementing a "pay equity" study.  The third presentation was after plaintiff's objection in a sidebar.[2]  This is the same study that Nike claimed privilege over and denied plaintiff access to.  It is also the same type of privileged information about which *Nike* successfully sought exclusion by virtue of Nike's MIL 6 and 8.  Dkt 763.

The jury heard one-sided testimony immune from cross-examination.  Plaintiff did not have the documentation on the pay equity study and was otherwise restricted in her questioning. The pay equity study covered plaintiff's department for the period she worked there.  What if the pay equity study established that Nike's own counsel determined that plaintiff was paid inequitably?  Likewise, if Nike's analysis used a similar methodology to plaintiff's expert, Nike's attack on his methodology before the jury collapses.  This pay equity evidence is highly relevant to plaintiff's claims, but she has been denied access to it.  And now Nike is touting to

---

[1] *See e.g.* ("Q: During your employment at NIKE, from your perspective, what steps did NIKE take to promote pay equity? A: . . . our pay equity analysis."); ("Q. Can you tell the jury a little bit about what changed in 2019? A: . . . And then we also completed a pay equity analysis. So if there were situations or issues where there were unexplained pay differences, we would take action on those during that time as well.") (Q: ". . . what was involved in the competitive pay management program? A. [W]e did a pay equity analysis. And where there were unexplained pay differences or issues, we made adjustments.").

[2] The Court required such disputes to be raised outside the presence of the jury. Dkt. 763 at 9.

**Page 2 –    PLAINTIFF'S MOTION TO COMPEL PRODUCTION RE PAY EQUITY
            OR TO STRIKE TESTIMONY**

the jury that it "fixed" the pay equity problems plaintiff complained about because it did a pay equity study, but plaintiff is unable to access the study to see what it said or to challenge its thoroughness.  This is patently unfair, it is one-sided testimony, and Courts routinely reject such efforts by employers.  *See, e.g.*, *Harding v. Dana Transp.*, 914 F. Supp. 1084, 1094 (D.N.J. 1996) ("[Defendant] provides the <u>fact</u> of an investigation while seeking to prohibit any probing into its substance. . . . Without such information, the plaintiffs cannot determine the seriousness of [Defendant's] investigation into the plaintiff's allegations…") (emphasis in original); *see also Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992); *E.E.O.C. v. Gen. Tel. Co. of Nw.*, 885 F.2d 575, 578 (9th Cir. 1989); *Hasbro, Inc. v. Sweetpea Ent., Inc.,* No. CV133406DMGJCGx, 2014 WL 12561624, at *2 (C.D. Cal. Mar. 18, 2014); *Turner v. Univ. of Wash.,* No. C05-1575RSL, 2007 WL 2984685, at *1 (W.D. Wash. Oct. 10, 2007).[3]

Moreover, Nike's arguments to the contrary are unavailing.  The Magistrate Judge's prior ruling protected Nike so long as it did not offer the pay equity analysis as part of its affirmative defenses. "At this stage, it is unclear what evidence Nike will offer in support of its affirmative defenses . . . as the record stands now, it does not appear that Nike is using the privilege as a both a sword and a shield."  Dkt. 117 at 10.  However, Nike's counsel made it clear that they are using this pay equity as part of their affirmative defense. ("It would be unfair to introduce [the Ayre email] and then not allow us to talk about the pay equity analysis and our perspective on it.") (*See* Salerno Owens Decl. Tr. Excerpts at 698:17-21).  Plaintiff is entitled to explore the merits of the defense. To do otherwise is a classic sword and shield issue.

Plaintiff requests the relief outlined above.

---

[3] See also plaintiff's opposition to Nike's MIL 6 and 8 (Dkt 735 at 18) and plaintiff's MILs 1(b), 1(c) to prevent Nike from using privilege as a sword and shield. (Dkt. 721 at 13-35).

**Page 3 –    PLAINTIFF'S MOTION TO COMPEL PRODUCTION RE PAY EQUITY
OR TO STRIKE TESTIMONY**

DATED: July 16, 2026          MARKOWITZ HERBOLD PC

*s/ Laura Salerno Owens*
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com
David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Kelsie G. Crippen, OSB #193454
KelsieCrippen@MarkowitzHerbold.com

GOLDSTEIN BROWNE, PC
Barry Goldstein, Of Counsel (admitted *pro hac vice)*
barry@golsteinbrowne.com
Byron Goldstein (admitted *pro hac vice)*
byron@goldsteinbrowne.com
DARDARIAN, HO, KAN & LEE
Laura L. Ho (admitted *pro hac vice)*
lho@dhkl.law
James Kan (admitted *pro hac vice)*
jkan@dhkl.law
Katharine L. Fisher (admitted *pro hac vice)*
ktrabucco@dhkl.law

ACKERMANN & TILAJEF, P.C.
Craig J. Ackermann (admitted *pro hac vice*)
cja@ackermanntilajef.com
Brian Denlinger (admitted *pro hac vice)*
bd@ackermanntilajef.com
Erika Smolyar (admitted *pro hac vice*)
es@ackermanntilajef.com
315 South Beverly Drive, Suite 504
Beverly Hills, CA  90212
Tel: (310) 277-0614
Fax: (310) 277-0635

*Attorneys for Plaintiffs*

2472482.7

**Page 4 –     PLAINTIFF'S MOTION TO COMPEL PRODUCTION RE PAY EQUITY
                OR TO STRIKE TESTIMONY**