LAURA ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Tel:  (503) 224-3380
Fax:  (503) 220-2480

FELICIA A. DAVIS, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
DANIEL PRINCE, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
LINDSEY C. JACKSON, Cal. SB# 313396 (*pro hac vice*)
lindseyjackson@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
Tel:  (213) 683-6000
Fax:  (213) 627-0705

Attorneys for Defendant NIKE, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| HEATHER HENDER,<br><br>     Plaintiff,<br><br> v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>     Defendant. | Case No.:  3:18-cv-01477-AB<br><br>**DEFENDANT NIKE, INC.'S BRIEF IN OPPOSITION TO PLAINTIFF'S REQUEST FOR TESTIMONY ON PRIVILEGED INFORMATION** |

In 2020, this Court denied Plaintiff's letter brief seeking to compel NIKE's pay equity analyses ("Analyses") over which NIKE had asserted protection under the attorney/client privilege and work product doctrine. Once again, Plaintiff asserts NIKE implicitly waived privilege by using the analyses as a sword and shield. The Court held to the contrary. ECF No. 117. Plaintiff seeks to unwind that ruling by seeking to force a waiver or precluding NIKE from responding to Plaintiff when she intentionally seeks to mislead the jury. Plaintiff opened her case by entering Exhibit 102 into evidence. Plaintiff elicited testimony that NIKE had done nothing to address the pay and promotion discrimination claims at issue here. Plaintiff knew that testimony to be false. The existence of the pay equity studies has been published in the media and discussed in internal NIKE correspondence  So too has the company's actions to address any perceived or actual pay issues, including adjustments, where appropriate. Those are facts; they are not privileged. Nor is there a waiver where NIKE relies on facts to correct a deceptive record created by Plaintiff. Nevertheless, when NIKE dared to defend itself by having its witnesses testify to that information, Plaintiff baselessly claimed it waived privilege. This demonstrates that Plaintiff's strategy is to prevent NIKE from being able to put on a defense at all. NIKE seeks an instruction to cure the prejudice caused here.

NIKE's Analyses are protected by the attorney-client privilege. In a slight of hand, Plaintiff conflates statements made about "pay equity" by non-attorneys with the conduct of the studies. Disclosing the fact of compensation analyses does not mean that there was a waiver of the methodologies used to conduct those analyses, the analyses themselves, or their results, all of which were directed by counsel, and solidly incorporate and reflect legal advice. NIKE's witnesses have only testified to the existence of the Analyses and the fact that NIKE took action in response to the analyses' results.

Plaintiff's case law is inapposite. Neither involve a case in which a plaintiff sought to put a defendant in legal limbo at trial by seeking to either force a waiver or tie its hands. In *E.E.O.C. v. Gen. Tel. Co. of Nw.*, 885 F.2d 575, 578 (9th Cir. 1989), the district court exempted from discovery materials prepared pursuant to the "self-critical analysis" qualified privilege, but

Page 1   -   DEFENDANT NIKE, INC.'S BRIEF IN OPPOSITION TO PLAINTIFF'S REQUEST FOR TESTIMONY ON PRIVILEGED INFORMATION

permitted voluminous evidence of its EEO efforts.  The Ninth Circuit concluded the withholding left the plaintiff unable to cross-examine witnesses who testified concerning the implementation and efficacy of the employer's equal opportunity efforts, and that the defendant waived "whatever qualified privilege may have existed."  *Id*.  Here, NIKE is not using its Analyses to prove nondiscrimination; it is using evidence of the fact of the analyses to demonstrate that it took efforts to prevent pay equity issues, and responded to concerns raised by Ms. Strong and others.  Moreover, the Ninth Circuit does not recognize the self-critical analysis.  *Union Pacific R. Co. v. Mower*, 219 F.3d 1069, 1076 n.7 (9th Cir. 2000).  Setting that aside, an Analysis and a self-critical analysis are completely different. NIKE has not used any privileged information about the Analyses.  Thus, Plaintiff has not waived any privilege.  Plaintiff cites *Sidibe v. Sutter Health*, 103 F.4th 675 (9th Cir. 2024) for the propositions that contemporaneous evidence is more reliable than later recollections and that a party cannot use excluded (non-privileged) evidence as a sword and a shield.  *Sidibe* does not discuss Analyses, the attorney-client privilege or the work product protection.

The exclusion of evidence on the privileged methodology and results of the Analyses do not deprive Plaintiff of relevant contemporaneous evidence.  Similarly, Plaintiff's sword-and-shield argument has no merit because NIKE has not put its analyses at issue.  *See Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003).  The sword-and-shield argument prevents parties in litigation from abusing the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged material.  *See id.*  Implied waiver is found where (1) there has been some affirmative act, such as filing suit, (2) through the affirmative act, the party asserting privilege puts the privileged information at issue, and (3) allowing the privilege would deny the opposing party access to information vital to its defense.  *Dulcich, Inc. v. USI Ins. Servs. Nat'l, Inc.*, 2019 U.S. LEXIS 58888, at *7 (D. Or. Apr. 5, 2019).  NIKE has not put the content of its Analyses at issue.  NIKE witnesses have simply testified that it conducted Analyses, and took action in response.

Dated:  July 16, 2026          _/s/ Daniel Prince_
                               Daniel Prince (*pro hac vice*)
                               danielprince@paulhastings.com
                               Felicia A. Davis (*pro hac vice*)
                               feliciadavis@paulhastings.com
                               Lindsey C. Jackson (*pro hac vice*)
                               lindseyjackson@paulhastings.com
                               PAUL HASTINGS LLP
                               515 South Flower Street, Twenty-Fifth Floor
                               Los Angeles, CA 90071-2228
                               Tel: (213) 683-6000
                               Fax: (213) 627-0705

                               Laura Rosenbaum, OSB No. 110061
                               Laura.rosenbaum@stoel.com
                               STOEL RIVES LLP
                               760 SW Ninth Avenue, Suite 3000
                               Portland, OR 97205
                               Tel: (503) 224-3380
                               Fax: (503) 220-2480
                               Attorneys for Defendant NIKE, Inc.

Page 3    -    DEFENDANT NIKE, INC.'S BRIEF IN OPPOSITION TO PLAINTIFF'S
               REQUEST FOR TESTIMONY ON PRIVILEGED INFORMATION