**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Kelsie G. Crippen, OSB #193454**
KelsieCrippen@MarkowitzHerbold.com
**MARKOWITZ HERBOLD PC**
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085

**Byron Goldstein (admitted *pro hac vice*)**
Byron@goldsteinbrowne.com
**Barry Goldstein, Of Counsel (admitted *pro hac vice*)**
Barry@golsteinbrowne.com
GOLDSTEIN BROWNE, PC
1111 Broadway, Office 04-117
Oakland, CA  97607
Telephone: (510) 584-9020

Attorneys for Plaintiff
[Additional Counsel of Record listed on the Signature Page]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| HEATHER HENDER, | Case No. 3:18-cv-01477-AB |
| Plaintiff, | **PLAINTIFF'S MOTION FOR ADDITIONAL TRIAL TIME** |
| v. | |
| NIKE, INC., an Oregon Corporation, | |
| Defendant. | |

Page 1 –        **PLAINTIFF'S MOTION FOR ADDITIONAL TRIAL TIME**

## LR 7-1 CERTIFICATION

Pursuant to Local Rule 7-1(a), counsel for Plaintiff certifies that they made a good faith effort to resolve the issue but the parties could not reach a resolution.

## MOTION

Plaintiff respectfully requests that the court grant additional trial time to allow plaintiff sufficient time to cross-examine defendant's seven (7) witnesses, deliver her closing argument and rebuttal closing to the jury on her disparate treatment and equal pay claims, and deliver her closing argument and rebuttal closing to the court on her disparate impact claims. Plaintiff does not object should Defendant request the same additional time. The court noted that the parties did not object to the original 5-day trial with 13.5 hours per side, assuming a half day for jury selection. By no fault of any of the parties or the court, jury selection took a full day. Additionally, other developments slowed the trial, as described below. Plaintiff requests that the court allow 90 minutes more than the original 13.5 hours per side that the court initially contemplated for this case, so that each side has a total of 15 hours to try its case, as opposed to the current 12 hours.

The court noted in its Trial Procedures Order that "[w]hile the Court determines these limits are appropriate based on the current record, the Court will not 'sacrifice justice in the name of efficiency' and will adjust the limits as necessary, including if a party opens the door to previously excluded testimony such as that resolved in the Court's pretrial rulings." (Dkt. 762 n. 1.) *See also Navellier v. Sletten*, 262 F.3d 923, 941 (9th Cir. 2001). In fact, Nike opened the door to previously excluded testimony by questioning about the pay equity analysis and the changes Nike allegedly made in response to that analysis. Moreover, had jury selection taken a half day, the parties would have had 13.5 hours to try their case. The goal of the time limits was to

**Page 2 –**　　　**PLAINTIFF'S MOTION FOR ADDITIONAL TRIAL TIME**

encourage the parties to use their time efficiently—not to penalize them for a talkative jury panel.

Moreover, plaintiff has tried to streamline its trial time whenever possible, including filing a motion to introduce several exhibits under FRE 1006 to reduce the time required to introduce each exhibit through witnesses (exhibits based on Nike's stipulated documents), cutting witnesses from its witness list (Ms. Long and Ms. Cahill), and attempting to cut documents and witnesses by dropping a comparator (Mr. Weston). Plaintiff has and will further seek to streamline the evidence through motions for admission under FRE 1006, judicial notice of certain documents, and by reading narrow deposition excerpts into the record to save time in Court. Nike opposed the FRE 1006 request and many of the other requests, requiring more time to introduce stipulated exhibits and other evidence into the record. Plaintiff has been required to enter each fully stipulated exhibit into the record one by one. Nearly all of these were Nike business records necessary to support plaintiff's claim, but admitting them one by one through Nike's witnesses was time-consuming. Notably, Nike has equal time in this case but does not share this equal time burden of putting its own documents into evidence. This modest request for additional time should not cause undue burden on the court or the jury, as the trial will continue into early next week even with the current time limits.

However, without this modest extension, plaintiff would be prejudiced by insufficient time to cross-examine Nike's witnesses and to deliver her closing and rebuttal arguments to the jury and the court. Plaintiff has the burden of proof in this case, both for the prima facie case and to establish pretext in response to any defenses Nike may assert. Moreover, she has two closings to deliver, one to the court and one to the jury. Granting plaintiff three more hours to develop the record to meet those burdens here is appropriate.

**Page 3 –      PLAINTIFF'S MOTION FOR ADDITIONAL TRIAL TIME**

## CONCLUSION

As the court noted, this case has been a long time coming.  Plaintiff has waited eight years to have her day in court.  She respectfully requests a modest extension of time to allow her to adequately try her case to the jury and to the court.

DATED: July 17, 2026

MARKOWITZ HERBOLD PC

*s/ Laura Salerno Owens*

Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com
David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Kelsie G. Crippen, OSB #193454
KelsieCrippen@MarkowitzHerbold.com

GOLDSTEIN BROWNE, PC
Barry Goldstein, Of Counsel (admitted *pro hac vice*)
barry@golsteinbrowne.com
Byron Goldstein (admitted *pro hac vice*)
byron@goldsteinbrowne.com
DARDARIAN, HO, KAN & LEE
Laura L. Ho (admitted *pro hac vice*)
lho@dhkl.law
James Kan (admitted *pro hac vice*)
jkan@dhkl.law
Katharine L. Fisher (admitted *pro hac vice*)
ktrabucco@dhkl.law

ACKERMANN & TILAJEF, P.C.
Craig J. Ackermann (admitted *pro hac vice*)
cja@ackermanntilajef.com
Brian Denlinger (admitted *pro hac vice*)
bd@ackermanntilajef.com
Erika Smolyar (admitted *pro hac vice*)
es@ackermanntilajef.com
315 South Beverly Drive, Suite 504
Beverly Hills, CA  90212
Tel: (310) 277-0614
Fax: (310) 277-0635

*Attorneys for Plaintiffs*

2472945.1

**Page 4 –**    **PLAINTIFF'S MOTION FOR ADDITIONAL TRIAL TIME**