**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Kelsie G. Crippen, OSB #193454**
KelsieCrippen@MarkowitzHerbold.com
**MARKOWITZ HERBOLD PC**
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085

**Byron Goldstein (admitted *pro hac vice*)**
Byron@goldsteinbrowne.com
**Barry Goldstein, Of Counsel (admitted *pro hac vice*)**
Barry@golsteinbrowne.com
GOLDSTEIN BROWNE, PC
1111 Broadway, Office 04-117
Oakland, CA  97607
Telephone: (510) 584-9020

Attorneys for Plaintiff
[Additional Counsel of Record listed on the Signature Page]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| HEATHER HENDER, | Case No. 3:18-cv-01477-AB |
| Plaintiff, | **PLAINTIFF'S MOTION TO READ 30(b)(6) AND NIKE'S OFFICER'S DEPOSITION TRANSCRIPTS TO THE JURY** |
| v. | |
| NIKE, INC., an Oregon Corporation, | |
| Defendant. | |

**Page 1 –    PLAINTIFF'S MOTION TO READ 30(b)(6) AND NIKE'S OFFICER'S DEPOSITIONS TRANSCRIPT TO JURY**

**LR 7-1 CERTIFICATION**

Pursuant to Local Rule 7-1(a), counsel for Plaintiff certifies that they made a good faith effort to resolve the issue, including by offering Defendant the opportunity to counter-designate testimony from either deposition, but the parties could not reach a resolution.

**MOTION**

Plaintiff moves for leave to read less than three pages of designated portions of the February 5, 2021, Rule 30(b)(6) deposition of Alison Daugherty and the February 22, 2021 deposition of Monique Matheson to the jury. *See* Exhibits A-B attached to the Declaration of Laura Salerno Owens in support of this Motion. Plaintiff does not seek to recall the witness or offer the transcript as an exhibit. Defendant may counter-designate under Fed. R. Civ. P. 32(a)(6).

A deposition may be used against a party if (A) the party was present or represented at the deposition; (B) the testimony would be admissible under the Federal Rules of Evidence if the witness testified live; and (C) its use is authorized by Rule 32(a)(2)-(8). Fed. R. Civ. P. 32(a)(1). Nike's counsel attended and defended Ms. Daugherty's deposition, satisfying Rule 32(a)(1)(A).

This request is authorized by Rule 32(a)(3), which provides that "[a]n adverse party may use for any purpose the deposition of … anyone who, when deposed, was the party's officer … or designee under Rule 30(b)(6) or 31(a)(4)." Unlike Rule 32(a)(4), which addresses unavailable witnesses, Rule 32(a)(3) imposes no unavailability requirement. Reading one into the rule would render Rule 32(a)(4) superfluous as applied to corporate designees and a party's officer. District courts have consistently held that a Rule 30(b)(6) deposition may be presented to the jury regardless of the designee's availability. *See, e.g., Jenkins v. Corizon Health Inc.*, No. CV418-099, 2022 WL 332383, at *1 (S.D. Ga. Feb. 3, 2022) (quoting *Mt. Hawley Ins. Co. v. Tactic Sec. Enf't, Inc.*, No. 6:16-cv-1425-Orl-40TBS, 2018 WL 10690250, at *1 (M.D. Fla. Apr. 5, 2018),

**Page 2 –**     **PLAINTIFF'S MOTION TO READ 30(b)(6) AND NIKE'S OFFICER'S DEPOSITIONS TRANSCRIPT TO JURY**

quoting *Coughlin v. Capitol Cement Co.*, 571 F.2d 290, 308 (5th Cir. 1978)); *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 338 F.R.D. 167, 170 (N.D. Fla. 2021). Ms. Daugherty was Nike's Rule 30(b)(6) designee when deposed, and Ms. Matheson testified she was a Nike officer (tr. 383:5-13). Their testimony, therefore, falls squarely within Rule 32(a)(3).

**I.      The witness's presence at trial does not preclude use of the deposition.**

Depositions of a Rule 30(b)(6) or a party's officer remain admissible even if the corporate designee appears at trial. In *Northwestern Mutual Life Insurance Co. v. Cross*, the court held that Rule 32(a)(3) permits an adverse party to introduce a corporate designee's deposition as substantive evidence regardless of the witness's availability or presence at trial. No. 2:23-CV-851-JES-DNF, 2026 WL 279392, at *4 (M.D. Fla. Feb. 3, 2026) (quoting *Coughlin*, 571 F.2d at 308). Accordingly, Ms. Daugherty's and Ms. Matheson's trial testimony does not bar Plaintiff from reading designated portions of their depositions.

**II.     The designated testimony is admissible under the Federal Rules of Evidence.**

Rule 32(a)(1)(B) requires that deposition testimony be admissible under the Federal Rules of Evidence. That requirement is met. Statements offered against an opposing party that were made by the party's agent or employee on a matter within the scope of that relationship are not hearsay. Fed. R. Evid. 801(d)(2)(D). Ms. Daugherty testified as Nike's Rule 30(b)(6) designee on noticed corporate topics, making her testimony an admission of a party opponent, and Ms. Matheson confirmed at trial that she was a Nike officer.

In addition, Rule 801(d)(2) does not require a showing of personal knowledge. Fed. R. Evid. 801(d)(2) advisory committee's note. Plaintiff asked Nike whether it sought to counter-designate under Rule 32(a)(6). Nike did not identify any excerpts in response, but Nike can still counter-designate. *See also Snapp v. United Transportation Union*, 889 F.3d 1088, 1104 (9th Cir. 2018).

**Page 3 –      PLAINTIFF'S MOTION TO READ 30(b)(6) AND NIKE'S OFFICER'S DEPOSITIONS TRANSCRIPT TO JURY**

**CONCLUSION**

Plaintiff respectfully requests leave to read the designated portion of Ms. Daugherty's

Rule 30(b)(6) deposition and the designated portion of Nike's officer, Ms. Matheson, to the jury.

DATED: July 18, 2026              MARKOWITZ HERBOLD PC

/s/ *Laura Salerno Owens*
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com
David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Kelsie G. Crippen, OSB #193454
KelsieCrippen@MarkowitzHerbold.com

GOLDSTEIN BROWNE, PC
Barry Goldstein, Of Counsel (admitted *pro hac vice)*
barry@golsteinbrowne.com
Byron Goldstein (admitted *pro hac vice)*
byron@goldsteinbrowne.com
DARDARIAN, HO, KAN & LEE
Laura L. Ho (admitted *pro hac vice)*
lho@dhkl.law
James Kan (admitted *pro hac vice)*
jkan@dhkl.law
Katharine L. Fisher (admitted *pro hac vice)*
ktrabucco@dhkl.law

ACKERMANN & TILAJEF, P.C.
Craig J. Ackermann (admitted *pro hac vice*)
cja@ackermanntilajef.com
Brian Denlinger (admitted *pro hac vice)*
bd@ackermanntilajef.com
Erika Smolyar (admitted *pro hac vice*)
es@ackermanntilajef.com
315 South Beverly Drive, Suite 504
Beverly Hills, CA  90212
Tel: (310) 277-0614
Fax: (310) 277-0635

*Attorneys for Plaintiffs*

2472302.4

Page 4 –      **PLAINTIFF'S MOTION TO READ 30(b)(6) AND NIKE'S OFFICER'S
              DEPOSITIONS TRANSCRIPT TO JURY**