**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Kelsie G. Crippen, OSB #193454**
KelsieCrippen@MarkowitzHerbold.com
**MARKOWITZ HERBOLD PC**
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085

**Byron Goldstein (admitted *pro hac vice*)**
Byron@goldsteinbrowne.com
**Barry Goldstein, Of Counsel (admitted *pro hac vice*)**
Barry@golsteinbrowne.com
GOLDSTEIN BROWNE, PC
1111 Broadway, Office 04-117
Oakland, CA  97607
Telephone: (510) 584-9020

Attorneys for Plaintiff
[Additional Counsel of Record listed on the Signature Page]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| HEATHER HENDER,<br><br>                 Plaintiff,<br><br>   v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>                 Defendant. | Case No. 3:18-cv-01477-AB<br><br>**PLAINTIFF'S MOTION TO ADMIT EIGHT EXHIBITS** |

Page i –      **PLAINTIFF'S MOTION TO ADMIT EIGHT EXHIBITS**

**MOTION**

Plaintiff requests to enter eight proposed trial exhibits into evidence. Nike fully stipulated to seven of them. Plaintiff requests that all but one of these exhibits be admitted only for the disparate impact claims and thus for the Court only, not the jury. For the one exhibit to the jury (Exhibit 160), the context and relevance was provided in testimony during the trial. This exhibit lists Nike's pay ranges, and Shane Walker described pay ranges during his testimony. *See, e.g.,* Tr. 612:9-613:4. The eight exhibits are 17, 133, 160, 253, 302, 307, 326, 350. *See* Exs. A-H, attached to the Declaration of Byron Goldstein.[1]

Authentication does not require personal knowledge, which is just one of a non-exclusive list of methods for authentication. Fed. R. Evid. 901 ("The following are examples only--not a complete list--of evidence that satisfies the requirement …."); *see also, e.g., United States v. Pang*, 362 F.3d 1187, 1193 (9th Cir. 2004) ("The proponent need not establish a proper foundation through personal knowledge; a proper foundation can rest on any manner permitted by Federal Rule of Evidence 901(b) …."); Fed. R. Evid. 903 ("A subscribing witness's testimony is necessary to authenticate a writing *only if* required by the law of the jurisdiction that governs its validity.") (emphasis added). For example, the Ninth Circuit rejected a party's argument that authentication requires specific testimony from a witness since the email's "contents, substance and other distinctive characteristics" – such as the fact that it was produced by the adverse party, it included the company's email signature, and the company's email address – properly

---

[1] Exhibit 160 is a fully stipulated exhibited, but it is lengthy at 1,716 pages. *See* Ex. A. Because only two pages of Ex. 160 are necessary, alternatively, the Court can admit Ex. 581 (Ex. I) under Fed. R. Evid. 1006. The accuracy of Ex. 581 is confirmed by Exhibit 160, which is a document Nike produced in this litigation. Ex. 160 also shows the underyling data is voluminous.

**Page 1 –        PLAINTIFF'S MOTION TO ADMIT EIGHT EXHIBITS**

authenticated the document. *Am. Fed'n of Musicians of United States & Canada v. Paramount Pictures Corp.*, 903 F.3d 968, 976 (9th Cir. 2018) (citing Fed. R. Evid. 901(b)(4)); *id.* (otherwise finding the email admissible because it was an opposing party's statement).

Plaintiff respectfully requests that the Court admit a limited number of exhibits, most of which Nike fully stipulated to or otherwise meet the requirements for admission.[2] Nike has stipulated that Exhibits 17, 133, 160, 253, 307, 326, 350 are authentic, relevant, and not hearsay, as it has stipulated to each and made no objections. *See* Dkt. 761 at 6, 26, 34, 61, 70, 81, 86. They are thus admissible.

The remaining exhibit, which is Exhibit 302, is also admissible. Nike does not contest the authenticity of Exhibit 302, which Nike produced, but it objects that it is irrelevant and hearsay and that prejudice outweighs its probative value. Exhibit 302 is relevant to the disparate impact prior pay claim in at least two ways. First, it makes the existence of a practice more likely because the document shows that its starting pay practices were centrally directed and applied to all employees. Second, Nike admits that it made a "policy change" around October 2017 and, as a result, had to update its centrally created "Offer Intake Form" and "Hiring Process" documents. Third, each of these two points addresses Nike's defense – that its "hiring managers, in their wide discretion, chose … how to set starting salary." Dkt. 715 at 8-9. The document is not hearsay because it is a statement of a party opponent. Fed. R. Evid. 801(d)(2). The Court already

---

[2] Here, the Court's trial management order issued "four days prior to trial" required the parties to have a witness who could identify the exhibit and explain its relevance to the jury. Tr. 1074:2-10. The Parties did not know of this requirement when they conducted discovery, planned litigation strategy, or submitted their list of potential trial witnesses pursuant to the Jury Trial Management Order. Plaintiff could not enter certain trial exhibits, which would otherwise be admitted, under the Court's case management decision. Thus, plaintiff files this motion seeking to admit these documents now for the court's consideration on the disparate impact claim, as well as only one document for the claims to be decided by the jury.

**Page 2 –    PLAINTIFF'S MOTION TO ADMIT EIGHT EXHIBITS**

rejected Nike's prejudice argument regarding its admissions of a "policy change." *See* Dkt. 763 at 8.

## CONCLUSION

Plaintiff respectfully requests that the Court admit Exhibits 17, 133, 253, 302, 307, 326, and 350 for the disparate impact claims only and only for the Court. Plaintiff respectfully requests that the Court admit Exhibit 160 to the jury.

DATED: July 18, 2026                    GOLDSTEIN BROWNE, PC


*/s/ Byron Goldstein*
Byron Goldstein (admitted *pro hac vice*)
byron@goldsteinbrowne.com
Barry Goldstein, Of Counsel (admitted *pro hac vice*)
barry@golsteinbrowne.com

MARKOWITZ HERBOLD PC
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com
David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Kelsie G. Crippen, OSB #193454
KelsieCrippen@MarkowitzHerbold.com

DARDARIAN, HO, KAN & LEE
Laura L. Ho (admitted *pro hac vice*)
lho@dhkl.law
James Kan (admitted *pro hac vice*)
jkan@dhkl.law
Katharine L. Fisher (admitted *pro hac vice*)
ktrabucco@dhkl.law

ACKERMANN & TILAJEF, P.C.
Craig J. Ackermann (admitted *pro hac vice*)
cja@ackermanntilajef.com
Brian Denlinger (admitted *pro hac vice*)
bd@ackermanntilajef.com
Erika Smolyar (admitted *pro hac vice*)
es@ackermanntilajef.com
315 South Beverly Drive, Suite 504
Beverly Hills, CA  90212
Tel: (310) 277-0614
Fax: (310) 277-0635

*Attorneys for Plaintiffs*


**Page 4 –      PLAINTIFF'S MOTION TO ADMIT EIGHT EXHIBITS**