LAURA ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Tel:  (503) 224-3380
Fax:  (503) 220-2480

FELICIA A. DAVIS, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
DANIEL PRINCE, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
LINDSEY C. JACKSON, Cal. SB# 313396 (*pro hac vice*)
lindseyjackson@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
Tel:  (213) 683-6000
Fax:  (213) 627-0705

Attorneys for Defendant NIKE, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| HEATHER HENDER,<br><br>               Plaintiff,<br><br>    v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>               Defendant. | Case No.:  3:18-cv-01477-AB<br><br><br>**DEFENDANT NIKE, INC.'S OPPOSITION TO PLAINTIFF HEATHER HENDER'S MOTION TO READ 30(B)(6) AND NIKE'S OFFICER'S DEPOSITION TRANSCRIPTS TO THE JURY** |

NIKE, Inc. ("NIKE") submits the following Opposition to Plaintiff Heather Hender's motion to read 30(b)(6) and NIKE's officer's deposition transcripts to the jury.

Plaintiff's motion defies and offends the understanding reached with the Court during the Pretrial Conference on June 29, 2026.  At that conference, the Court addressed the prospect of deposition designations for "witnesses who are listed as testifying live at trial."  June 29, 2026 Pretrial Conference Transcript, 19:9-20:4.  The Court explicitly stated its general rule, which is "if somebody's testifying live, that's the way to go about the presentation of evidence."  The Court went on to state, "Jurors don't like lawyers reading deposition testimony.  They don't like watching video.  And my thought was, especially in light of the finite amount of time that the parties have, that rather than proceeding by way of deposition designation, that plaintiff's witnesses could testify live."  *Id*.  In response, Plaintiff's counsel agreed, "Yes.  If those witnesses will be here live, we do not need to use deposition designations."  *Id*. at 20:6-8.  In so doing, Plaintiff withdrew her request for deposition designations of individuals who would testify live at trial, a representation that the Court and NIKE relied upon.

The two individuals whose deposition testimony Plaintiff now seeks to admit—Alison Daugherty and Monique Matheson—*did* testify at trial.  In fact, Plaintiff's counsel spent significant time trying to improperly impeach them and improperly refresh their recollections, over objection, with some of the same deposition testimony they now seek to read to the jury.  Plaintiff's counsel made a choice about how to question these witnesses, including use of prior deposition testimony.  The jury heard that evidence and will place whatever evidentiary weight on it they deem appropriate.  There is no reason to use deposition designations when Plaintiff had the opportunity to and in fact did question these witnesses live.

Page 1    -    DEFENDANT NIKE, INC.'S OPPOSITION TO PLAINTIFF HEATHER HENDER'S MOTION TO READ 30(B)(6) AND NIKE'S OFFICER'S DEPOSITION TRANSCRIPTS TO THE JURY

Allowing Plaintiff to do so would significantly prejudice NIKE.  Ms. Daugherty and Ms. Matheson completed their testimony and were released from their subpoenas.  Had Plaintiff introduced their deposition testimony properly during her case-in-chief, NIKE would have had the opportunity to question the witnesses about the testimony on the stand, and the witnesses would have had the chance to explain any portions of their prior testimony that they deemed necessary.  NIKE no longer has that opportunity.

Plaintiff's counsel is essentially asking for a "re-do" of their examinations of Ms. Daughterty and Ms. Matheson.  In so doing, they are also backtracking on their assurances to the Court and to NIKE that deposition transcripts for live witnesses would not be read into the record.  This is improper for countless reasons and should not be permitted.

Plaintiff cites multiple cases, all outside of the Ninth Circuit, regarding the use of deposition testimony regardless of a witness' availability to appear at trial.  But Plaintiff's cited cases avoid the specific facts of this case.  *First*, the parties and the Court agreed that deposition designations would not be used for live witnesses.  *Second*, Plaintiff has already rested her case-in-chief.  The cases Plaintiff cites address decisions about deposition testimony use before the beginning of trial, not after the close of the party's case.  For example, the docket entry Plaintiff cites for the *Northwestern Mutual Life Insurance Co. v. Cross* case is that court's pretrial order regarding the use of deposition designations.  No. 2:23-CV-851-JES-DNF, 2026 WL 279392 (M.D. Fla. Feb. 3, 2026).  It does not stand for the proposition that a party may use deposition designations after the close of their case-in-chief.  *Third*, notwithstanding the preclusion of deposition designations agreed to at the Pretrial Conference, Plaintiff could have used deposition excerpts with the witnesses *during* her case-in-chief, had she done so properly.  The testimony comes from witnesses called by Plaintiff and examined during her portion of the case.  Counsel

Page 2  -  DEFENDANT NIKE, INC.'S OPPOSITION TO PLAINTIFF HEATHER HENDER'S MOTION TO READ 30(B)(6) AND NIKE'S OFFICER'S DEPOSITION TRANSCRIPTS TO THE JURY

tried to use the deposition testimony with the witnesses, but apparently now concludes that they did so ineffectively.  This is not a basis for a "do over."

To the extent Plaintiff contends the deposition testimony constitutes "rebuttal" evidence (although she does not argue this in her motion), that argument also fails.  Rebuttal evidence must be responsive to the evidence presented in NIKE's case in chief.  *Daly v. Far E. Shipping Co. PLC.*, 238 F. Supp. 2d 1231, 1238 (W.D. Wash. 2003), *aff'd sub nom. Daly v. Fesco Agencies NA Inc.*, 108 F. App'x 476 (9th Cir. 2004) ("[R]ebuttal evidence 'may not merely support the case-in-chief of the prosecution or plaintiff.' Rebuttal evidence is admissible only where the need for it could not have been foreseen at the time the plaintiff presented its case-in-chief.  'When a party knows that a contested matter is in the case, yet fails to address it in a timely fashion, he scarcely can be heard to complain that the trial court refused to give him a second nibble at the cherry.') (internal citations omitted).

Plaintiff's sought-after excerpt of Ms. Matheson's deposition regards her knowledge of Melanie Strong as a former vice president at NIKE and Ms. Strong's relationship to Starfish. The sought-after excerpt of Ms. Daugherty's deposition pertains to her understanding of whether Starfish questionnaires complained about discrimination or about in-crowd/out-crowd.  Plaintiff does not identify any testimony from NIKE's case-in-chief that this deposition testimony would explain, contradict, or rebut.  Thus, neither deposition excerpt is responsive to any facts or theories of NIKE's case.  Rather, Plaintiff intends to use this deposition testimony to bolster her affirmative claims, which is inappropriate after she concluded her case-in-chief.

Finally, Plaintiff has already read some of this testimony to the jury, over NIKE's objection.  In an improper attempt at impeachment, Plaintiff's counsel read the deposition testimony of Alison Daugherty that they now seek to read again (Depo Tr. 366:8-24) while Ms.

Page 3    -    DEFENDANT NIKE, INC.'S OPPOSITION TO PLAINTIFF HEATHER HENDER'S MOTION TO READ 30(B)(6) AND NIKE'S OFFICER'S DEPOSITION TRANSCRIPTS TO THE JURY

Daugherty was on the witness stand on day two of this trial, in its entirety. *See* Trial Transcript 332:7-22. To re-read this deposition testimony again, and to add that of Ms. Matheson's deposition, would be unnecessarily cumulative. *United States v. Komisaruk*, 885 F.2d 490, 493 (9th Cir. 1989), citing *Geders v. United States*, 425 U.S. 80, 86-87 (1976) ("The Supreme Court has instructed that "within limits, the district judge may control the scope of rebuttal testimony . . . [and] may refuse to allow cumulative, repetitive, or irrelevant testimony").

Dated: July 19, 2026

/s/ Daniel Prince
Daniel Prince (*pro hac vice*)
danielprince@paulhastings.com
Felicia A. Davis (*pro hac vice*)
feliciadavis@paulhastings.com
Lindsey C. Jackson (*pro hac vice*)
lindseyjackson@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Tel: (213) 683-6000
Fax: (213) 627-0705

Laura Rosenbaum, OSB No. 110061
Laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Tel: (503) 224-3380
Fax: (503) 220-2480
Attorneys for Defendant NIKE, Inc.