# EXHIBIT 1

1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

HEATHER HENDER,                          )
                                         )
        Plaintiff,                       )
                                         )
        v.                               )    No. 3:18-cv-01477-AB
                                         )
NIKE, INC., an Oregon Corporation, )
                                         )
        Defendant.                       )

Pretrial Conference

TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE AMY M. BAGGIO

UNITED STATES DISTRICT COURT JUDGE

June 29, 2026

yourselves.  I want you to get to try your cases.  You're going to have to think through what the best way to handle the time limits are.

I find the best way to do this is to have closing argument on Friday morning and the jury start deliberation thereafter.  But we'll see how things go.  And once you hear my pretrial rulings, obviously, that's going to change the scope of the evidence and how you may wish to proceed.

Regarding deposition designations, the four plaintiff's witnesses that are listed as the deposition designations are also witnesses who are listed as testifying live at trial, if I understand the written submissions correctly.

There was the deposition designation.  I think that's Docket Entry 724.  And I do note that in footnote two of the disputes that are listed in Docket Entry 724, footnote two refers to Exhibit A as the deposition designations themselves.  I don't have that.

So I didn't ask for it before today because my general rule is if somebody's testifying live, that's the way to go about the presentation of evidence.  Jurors don't like lawyers reading deposition testimony.  They don't like watching video.

And my thought was, especially in light of the finite amount of time that the parties have, that rather than

proceeding by way of deposition designation, that plaintiff's witnesses could testify live.  Of course, if they're used for cross-examination purposes or something like that, I understand that.  But this, I understand, is a separate issue.

Mr. Goldstein, could you address this, please.

MR. GOLDSTEIN:  Yes.  If those witnesses will be here live, we do not need to use deposition designations.

THE COURT:  Okay.  All right.  Thank you.

Third, overlapping witnesses:  There are two currently listed overlapping witnesses.  And that is witness J. Stuckey and S. Walker.  Again, going back to the Court's ability to manage the presentation of evidence, my thought was that the witnesses would testify one time.

And each side would do the direct, do the cross, do the redirect.  And whether parties prefer to kind of do an expanded cross that includes direct to make it more efficient or whether you want a firm demarcation to the jurors and say, "Okay.  Now, jurors, that concludes the presentation of this witness' testimony as to plaintiff's case.  They're now going to testify on behalf -- as one of the defendant's witnesses."

Any objection to that, in general, from plaintiff?

MR. GOLDSTEIN:  No objection to them testifying -- sorry.  I'm trying to remember to sit -- to them testifying once.  There's three shared witnesses.  Ms. Matheson is a third shared witness.

                    C E R T I F I C A T E


                 Heather Hender v. NIKE, Inc.

                  Case No. 3:18-cv-01477-AB

                     Pretrial Conference

                      June 29, 2026


        I certify, by signing below, that the foregoing is
a true and correct transcript of the record, taken by
stenographic means, of the proceedings in the above-entitled
cause.  A transcript without an original signature,
conformed signature, or digitally signed signature is not
certified.


/s/Lindsey A. Weresch, RMR, CRR, CSR
_____

Official Court Reporter       Signature Date: 7/2/2026
Oregon CSR No. 14-0427        CSR Expiration Date: 6/30/2026