LAURA E. ROSENBAUM, Bar No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  503.224.3380
Facsimile:  503.220.2480

FELICIA A. DAVIS, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
DANIEL PRINCE, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
LINDSEY C. JACKSON, Cal. SB# 313396 (*pro hac vice*)
lindseyjackson@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| HEATHER HENDER, | Case No.:  3:18-cv-01477-AB |
| Plaintiff, | **DEFENDANT NIKE, INC.'S OBJECTIONS TO JURY INSTRUCTIONS AND VERDICT FORM** |
| v. | |
| NIKE, INC., an Oregon corporation, | |
| Defendant. | |

PAGE 1 – DEFENDANT NIKE, INC.'S OBJECTIONS TO JURY INSTRUCTIONS AND
VERDICT FORM

Defendant NIKE, Inc. ("NIKE") submits the following objections to the jury instructions and verdict form shared by the Court on July 18, 2026.

## I.    JURY INSTRUCTIONS

1. **Limiting instructions.** Given the expectation that Plaintiff will refer to both Starfish and NIKE's finances during their closing, NIKE requests that the Court include the limiting instructions on those two topics in the jury instructions.  Doing so is necessary to avoid jury confusion regarding the relevant purposes for which this evidence may be considered.

2. **Jury instruction #11 (disparate treatment in pay)** should be revised to include the statute of limitations period that the jury can consider for purposes of assessing liability and damages.  The Court already found that this period runs from November 9, 2017 to October 12, 2020.  Because the jury will hear evidence about pay decisions made and pay checks received outside the limitations period, clearly instructing the jury on the applicable date range is critical to ensure that the jury only considers appropriately time-restricted evidence.  NIKE proposes adding a sentence at the end of the instruction as follows:  "The time period you may consider for this claim is November 9, 2017 to October 12, 2020."

3. **Jury instruction #11 (disparate treatment in pay)** should also be revised to use the phrase "paid less" rather than "underpaid."  It is not relevant whether plaintiff was "underpaid" in the abstract compared to the general population, and use of that phrase is confusing, as discussed on the record.  Moreover, the term "underpaid" is argumentative, and the parties are entitled to jury instructions that are not argumentative.  *KAAP Indus. v. Burns & McDonnell Eng'g Co.*, No. CV F 06-0417 LJO GSA, 2008 WL 3834488, at *9

PAGE 2 – DEFENDANT NIKE, INC.'S OBJECTIONS TO JURY INSTRUCTIONS AND VERDICT FORM

(E.D. Cal. Aug. 15, 2008) (rejecting proposed jury instructions because "the Court stated that it was concerned that the instruction was argumentative and not a neutral statement of the law"). The first paragraph of the instruction properly uses the phrase "paid less," as does the verdict form. That language should be consistently used in the numbered portion of jury instruction #11, which should read as follows (proposed new text in italics):

> First, Plaintiff Hender *was paid less* by Defendant NIKE;
>
> Second, Defendant NIKE *paid Plaintiff less* because of Plaintiff Hender's sex;
>
> Third, Plaintiff Hender was qualified for her position;
>
> Fourth, a similarly situated male employee was treated more favorably.

4. **Punitive damages instructions.** NIKE renews its prior objections to instructing the jury on punitive damages before liability is established, as set forth in NIKE's previous briefing on bifurcation of damages. The concerns about potential unfair prejudice to NIKE and juror confusion raised in NIKE's original bifurcation briefing are amplified based on the Court's use of a verdict form that asks not just one or two but *five separate questions* about punitive damages, which could be read to imply that the Court believes punitive damages should or must be awarded.

In addition, the jury instructions should include the language in NIKE's original proposed jury instructions that make clear that punitive damages are not awarded as a matter of right, and that the jury has discretion whether to award such damages, even if the standard is met. *See Smith v. Wade*, 461 U.S. 30, 52 (1983) ("punitive damages . . . are never awarded as of right, no matter how egregious the defendant's conduct"); *United States v. Balistrieri*, 981 F.2d 916, 936 (7th Cir. 1992) ("It is true that the jury was not

PAGE 3 – DEFENDANT NIKE, INC.'S OBJECTIONS TO JURY INSTRUCTIONS AND VERDICT FORM

required to award punitive damages, for punitive damages are always discretionary."). As currently drafted, this language is not sufficiently clear at the outset of each punitive damages instruction that the jury may, but is not required to, award punitive damages. The instructions also bury the punitive damages standards in the middle of the instructions, rather than at the outset of the section. Both sections should tell the jury at the outset that they may award punitive damages only if they find that the defendant's conduct was malicious, oppressive, or in reckless disregard of the plaintiff's rights (under federal law) or shows a reckless and outrageous indifference or malice (under Oregon law). The jury should not first hear these important standards in the middle of the instruction.

## II.    VERDICT FORM

1. **Question #9.** Question #9 should be revised to read: "Has Plaintiff Hender proved by a preponderance of the evidence that Defendant NIKE paid Plaintiff Hender less *than a similarly situated male employee* because of Plaintiff Hender's sex." (Proposed addition in italics.) This addition properly states the law and is necessary to avoid juror confusion or misleading the jury. The simple question about "paid less" as currently drafted is insufficient to make sure that the jury understands that the question must be answered in relation to similarly situated comparators.

2. **Question #12.** Question #12 has two issues (1) it does not properly track the jury instructions and (2) it has the same "similarly situated" issue as Question 9. Question #12 should be revised to track jury instruction No. 11's "promoted more slowly" language and to add "similarly situated employee" language, which is necessary for the

PAGE 4 – DEFENDANT NIKE, INC.'S OBJECTIONS TO JURY INSTRUCTIONS AND VERDICT FORM

reasons set forth above.  Question #12 should be revised to read:  "Has Plaintiff Hender proved by a preponderance of the evidence that Defendant NIKE *promoted Plaintiff Hender more slowly than a similarly situated male employee* because of Plaintiff Hender's sex."  (Proposed modification and addition in italics.)  Failure to make these changes is confusing and could mislead the jury.

3.  **Section IV Instructions.** The instruction set forth in Section IV ("If you did not answer "Yes" to any of the above-listed questions…") is confusing.  The jury might mistakenly believe that they should answer Questions 15 and 16 if they answered "yes" to *any* question above on the verdict form, which is not the intent.  To avoid this potential for jury confusion about the meaning of the phrase "any of the above-listed questions," the instruction should be revised to read more specifically: "If you did not answer "Yes" *to Questions 8, 10, 11, 13, or 14*, proceed to the end and sign and date this Verdict form." (Proposed revision in italics.)

4.  **Punitive Damages Questions.**  As NIKE has previously addressed with the Court, asking five separate questions about whether to award punitive damages and including two lines for the amount of punitive damages is confusing and may bias the jury toward believing that they should award punitive damages in response to at least one of the questions.  This is confusing and unfairly prejudicial to NIKE.

In addition, allowing the jury to award punitive damages under both Title VII and ORS 659A.030 could lead to double recovery.  Punitive damage awards should be awarded as a single sum for the aggregate misconduct, especially when, like here, each aspect of NIKE's alleged conduct is closely related.  *See King v. Marci*, 993 F.2d 294, 299 (2d Cir. 1993) ("we suggest that district judges should ordinarily obtain from juries one aggregate

award with respect to each defendant held liable for punitive damages, except in cases involving significant distinct forms of misconduct"). The fact that the standard of proof to award punitive damages under federal and Oregon law differs does not require that the jury award punitive damages twice. The burden of proof is separate from the amount of the award, which under both federal and Oregon law, is designed to punish the defendant for its conduct. NIKE should not be punished twice for the same alleged conduct. Asking for two punitive damage numbers may to lead to a duplicative award of damages, if punitive damages are awarded.[1] Given that the conduct underlying Plaintiff's claims is nearly identical across they causes of action, awarding two separate punitive damage awards is duplicative and inappropriate. In addition, as addressed in NIKE's Motion for Judgment as a Matter of Law, the issue of punitive damages should not go to the jury at all because there is no evidence from which a reasonable factfinder could award punitive damages.

## II.   ADDITIONAL OBJECTIONS

Finally, for the sake of preserving a complete record of NIKE's objections, NIKE identifies here the following arguments previously raised with the Court via email:

1. **Same decision affirmative defense.** NIKE objects to the Court's decision not to give the "same decision" affirmative defense instruction that NIKE requested on Plaintiff's disparate treatment claims under Title VII and ORS 659A.030. The "same decision" theory is an affirmative defense, which NIKE pled in its answer to Ms. Hender's complaint. ECF

---

[1] If the Court proceeds with including two separate numbers and the jury in fact awards punitive damages twice, it will be necessary for the Court to reduce any award after the jury's verdict, or to allow Plaintiff to select which of the two punitive damages awards she would receive.

PAGE 6 – DEFENDANT NIKE, INC.'S OBJECTIONS TO JURY INSTRUCTIONS AND VERDICT FORM

385, p. 32 (NIKE's Fifteenth Affirmative Defense).  NIKE intends to present evidence that, even if the jury finds that sex was a factor in Plaintiff being treated differently, it would have made the same decisions regarding her employment regardless of her sex.  If Plaintiff proves her initial claim, it is up to the ***jury*** to decide whether those same employment decisions would have been made regardless of her gender.  Plaintiff may not deprive NIKE of this defense.  Plaintiff cites no case suggesting that ***she*** decides whether the affirmative defense may be raised, or that the affirmative defense would be inappropriate here, and failing to provide this instruction would invite error.  *See Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009) ("Each party is therefore entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence.  A district court therefore commits error when it rejects proposed jury instructions that are properly supported by the law and the evidence.") (internal quotations omitted).

The Supreme Court set forth in *Bostock* that "[s]o long as the plaintiff's sex was one but-for cause of that decision, that is enough to trigger the law." *Bostock v. Clayton County*, 590 U.S. 644, 656 (2020) (citations omitted).  The Court further confirmed that "the plaintiff's sex need not be the sole or primary cause of the employer's adverse action." *Id.* at 665.  But *Bostock* says nothing about whether an employer may ***also*** assert a defense that it would have made the same decision for a permissible reason.  In fact, in *Bostock*, the defendant employers agreed that they terminated the plaintiffs "because of" their sexual orientation – they simply argued that sexual orientation was not protected by Title VII.  Defendants there did not argue that they would have made the same decisions regardless of gender, and thus this question was not addressed.  Here, on the other hand, NIKE does make this argument.

PAGE 7 – DEFENDANT NIKE, INC.'S OBJECTIONS TO JURY INSTRUCTIONS AND VERDICT FORM

Plaintiff's suggestion that the instruction is contrary to *Bostock* because it suggests that NIKE can defeat her claims even if she proves she was treated differently "because of" her gender is simply wrong. If the jury finds that plaintiff's sex was a but-for cause of NIKE's decisions, she establishes liability. *Bostock*, 590 U.S. at 656. Full stop. However, she is not entitled to back pay if NIKE establishes it would have made the same decision regardless of her sex. Thus, there is nothing inconsistent between a finding of ***liability*** under *Bostock*'s "but-for" standard and a limitation of ***remedies*** under the "same decision" affirmative defense.

2. **"Similarly Situated" Instruction.** NIKE objects to the Court's decision not to give a "similarly situated employee" instruction on Plaintiff's disparate treatment claims. The Ninth Circuit has held that while "similarly situated" is a fact-intensive inquiry, the individuals compared must be "similarly situated *in all material respects*." *See, e.g., Moran v. Selig*, 447 F.3d 748 (9th Cir. 2006). NIKE is entitled to jury instructions that properly state the law, and this instruction is critical to ensuring that the jury understands that the compared individuals need not be only generally similarly situated but similar in *all* material respects.

3. **Oregon Equal Pay Act claim.** NIKE agrees with the Court's decision, as set forth in the final proposed jury instructions and verdict form, to have the Court decide back pay on Plaintiff's Oregon Equal Pay Act ("Oregon EPA") claim. Back pay under the Oregon EPA, this is an equitable remedy, so it should be decided by the Court. ORS 659A.885(1) (which identifies the remedy for violations of ORS 652.220, the Oregon Equal Pay Act) provides that "the court may order injunctive relief and any other equitable relief that may be appropriate, including . . . back pay. A court may order back pay in an action under this

PAGE 8 – DEFENDANT NIKE, INC.'S OBJECTIONS TO JURY INSTRUCTIONS AND VERDICT FORM

subsection only for the two-year period . . . ."  Under the plain language of the statute, the remedy here is an equitable one to be awarded by the Court.  Notably, this is the same statute that governs remedies under ORS 659A.030 (the state law equivalent of Title VII), and Plaintiff acknowledges that the 659A.030 back pay damages are decided by the Court.

4.  **Verdict form.**  Given that the jury will hear evidence regarding events outside the statutory period, and to avoid the risk of jury confusion – especially given that there are different statutory periods on different claims – NIKE requested that the verdict form specifically identify the statutory period for each claim.  The Court's decision not to do so may lead to jury confusion.

For purposes of the record, attached as Exhibits 1 and 2 and incorporated by reference herein are a copy of the jury instructions and verdict form the Court sent the parties via email on July 18, 2026 as the Court's version of the proposed instructions and verdict form.

DATED:  July 19, 2026                    */s/ Felicia A. Davis*

PAUL HASTINGS LLP
Daniel Prince (admitted *pro hac vice*)
danielprince@paulhastings.com
Felicia A. Davis (admitted *pro hac vice*)
feliciadavis@paulhastings.com
Lindsey C. Jackson (admitted *pro hac vice*)
lindseyjackson@paulhastings.com
515 South Flower Street, Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Tel: (213) 683-6000
Fax: (213) 627-0705

PAGE 9 – DEFENDANT NIKE, INC.'S OBJECTIONS TO JURY INSTRUCTIONS AND VERDICT FORM

Laura E. Rosenbaum, OSB No. 110061
Laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 300
Portland, OR 97205
Telephone: (503) 224-3380
Facsimile: (503) 220-2480


*Attorneys for Defendant*
*NIKE, Inc.*

PAGE 10 – DEFENDANT NIKE, INC.'S OBJECTIONS TO JURY INSTRUCTIONS AND
VERDICT FORM