IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HEATHER HENDER,

                  Plaintiff,                    Case No. 3:18-cv-01477-AB

     v.                          FINAL JURY INSTRUCTIONS

NIKE, INC., an Oregon Corporation

                  Defendant.

1 – FINAL JURY INSTRUCTIONS

Defendant's Objections, Exhibit 1, Page 1 of 26

# Table of Contents

No. 1:      Duty of Jury ................................................................................................................3

No. 2:      What is Evidence ..........................................................................................................4

No. 3:      What is Not Evidence ...................................................................................................5

No. 4:      Direct and Circumstantial Evidence ............................................................................6

No. 5:      Expert Opinion Testimony............................................................................................7

No. 6:      Credibility of Witnesses................................................................................................8

No. 7:      Liability of Corporations—Scope of Authority Not in Issue.......................................9

No. 8:      Corporations and Partnerships—Fair Treatment ......................................................10

No. 9:      Burden of Proof—Preponderance of the Evidence ...................................................11

No. 10:     Claims and Defenses...................................................................................................12

No. 11:     Title VII & ORS 659A.030—Disparate Treatment in Pay .......................................13

No. 12:     Title VII & ORS 659A.030—Disparate Treatment in Promotion .............................14

No. 13:     Title VII & ORS 659A.030—"Because of" Defined for Purposes of Disparate Treatment Claim .....15

No. 14:     Oregon Equal Pay Act ...............................................................................................16

No. 15:     Federal Equal Pay Act ...............................................................................................17

No. 16:     Federal Equal Pay Act—Willfulness .........................................................................18

No. 17:     Damages—Federal Equal Pay Act.............................................................................19

No. 18:     Punitive Damages .......................................................................................................20

No. 19:     Deliberations...............................................................................................................23

2 – FINAL JURY INSTRUCTIONS

**<u>No. 1:  Duty of Jury</u>**

Members of the Jury: Now that you have heard all of the evidence it is my duty to instruct you as to the law of the case. Once I have completed review of these instructions, you will hear closing arguments from each side. Plaintiff will go first, then Defendant, and then Plaintiff has the option to offer a rebuttal closing.

Each of you has received a written copy of these instructions. You may choose to read along or simply listen as I read them to you. You may take these written instructions with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by your own personal likes or dislikes, opinions, prejudices, or sympathy. This means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

3 – FINAL JURY INSTRUCTIONS

**No. 2:  What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1.      The sworn testimony of witnesses;

2.      The exhibits which have been admitted into evidence;

3.      Any facts to which all the lawyers have agreed; and

4.      Any facts that I have instructed you to accept as proved.

4 – FINAL JURY INSTRUCTIONS

**No. 3:  What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony or exhibits are received only for a limited purpose; when I have instructed you to consider evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

5 – FINAL JURY INSTRUCTIONS

**No. 4:  Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

6 – FINAL JURY INSTRUCTIONS

**No. 5:  Expert Opinion Testimony**

You heard testimony from certain expert witnesses who testified about their opinions and the reasons for those opinions. Expert opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of these types of witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

7 – FINAL JURY INSTRUCTIONS

## No. 6:  Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the things testified to;
2. The witness's memory;
3. The witness's manner while testifying;
4. The witness's interest in the outcome of this case, if any;
5. The witness's bias or prejudice, if any;
6. Whether other evidence contradicted the witness's testimony;
7. The reasonableness of the witness's testimony in light of all the evidence; and
8. Any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

8 – FINAL JURY INSTRUCTIONS

**No. 7:  Liability of Corporations—Scope of Authority Not in Issue**

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

9 – FINAL JURY INSTRUCTIONS

**No. 8: Corporations and Partnerships—Fair Treatment**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

10 – FINAL JURY INSTRUCTIONS

## No. 9: Burden of Proof—Preponderance of the Evidence

When a party has the burden of proof on any claim or an affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not.

You should base your decision on all of the evidence, regardless of which party presented it.

11 – FINAL JURY INSTRUCTIONS

**No. 10: Claims and Defenses**

Before I review the elements of Plaintiff's Claims and Defendant's Defenses, I will again provide a summary of the positions of the parties:

Plaintiff Hender asserts two types of sex discrimination claims.

First, Plaintiff Hender brings disparate treatment claims under federal and state law. For these claims, Plaintiff alleges that Defendant NIKE paid her less and/or promoted her more slowly than a similarly situated man because of her sex. Plaintiff has the burden of proving these claims. Defendant NIKE denies Plaintiff's disparate treatment claims and contends that any difference in pay or promotion that may exist between Plaintiff and her alleged comparator is explained by non-discriminatory reasons, such as permitted factors other than sex.

Second, Plaintiff Hender brings equal pay claims under federal and state law. For these claims, Plaintiff alleges that Defendant NIKE paid her less than male employees for substantially equal work and/or work of comparable character. Plaintiff has the burden of proving these claims. Defendant NIKE denies Plaintiff's equal pay claims and raises an affirmative defense that any pay differential that may exist between Plaintiff and her alleged comparators is entirely explained by job-related factors, not sex. Defendant has the burden of proof on this affirmative defense. Plaintiff Hender denies Defendant's affirmative defense.

Defendant's Objections, Exhibit 1, Page 12 of 26

### No. 11: Title VII & ORS 659A.030—Disparate Treatment in Pay

For Plaintiff Hender's claim that Defendant NIKE paid her less because of Plaintiff Hender's sex, Plaintiff Hender has the burden of proving the following elements by a preponderance of the evidence:

First, Plaintiff Hender was underpaid by Defendant NIKE;

Second, Defendant NIKE underpaid Plaintiff Hender because of Plaintiff Hender's sex;

Third, Plaintiff Hender was qualified for her position; and

Fourth, a similarly situated male employee was treated more favorably.

13 – FINAL JURY INSTRUCTIONS

**No. 12: Title VII & ORS 659A.030—Disparate Treatment in Promotion**

For Plaintiff Hender's claim that she was promoted more slowly by Defendant NIKE because of Plaintiff Hender's sex, Plaintiff Hender has the burden of proving the following elements by a preponderance of the evidence:

First, Defendant NIKE promoted Plaintiff Hender more slowly between November 9, 2017 and October 12, 2020;

Second, Defendant NIKE promoted Plaintiff Hender more slowly because of her sex;

Third, Plaintiff Hender was qualified to be promoted; and

Fourth, a similarly situated male employee was treated more favorably.

14 – FINAL JURY INSTRUCTIONS

**No. 13: Title VII & ORS 659A.030—"Because of" Defined for Purposes of Disparate Treatment Claim**

"Because of" means "by reason of" or "on account of." This is sometimes referred to as "but-for causation." This form of causation is shown whenever a particular outcome would not have happened "but for" the purported cause. It is a reason without which the disparate treatment in pay and/or promotion would not have occurred.

A but-for test directs us to change one thing at a time and see if the outcome changes. If it does, we have found a "but-for cause." Often, events have multiple but-for causes. For example, if a car accident occurred both because the defendant ran a red light and because the plaintiff failed to signal his turn at the intersection, we might call each a "but-for cause" of the collision.

In the context of this claim, a defendant cannot avoid liability just by citing some other factor that contributed to the challenged employment decision. So long as the plaintiff's sex was one but-for cause of that decision, that is enough to trigger the law. A "but-for cause" does not mean the sole cause or even a primary cause.

15 – FINAL JURY INSTRUCTIONS

**No. 14: Oregon Equal Pay Act**

For Plaintiff Hender's Oregon Equal Pay Act claim, Plaintiff Hender has the burden of proving by a preponderance of the evidence that, between November 9, 2017 and October 12, 2020, Defendant NIKE paid her less than male employees for work of comparable character.

Work of comparable character means work that requires substantially similar knowledge, skill, effort, responsibility, and working conditions in the performance of work, regardless of job description or job title. No single factor is determinative.

If Plaintiff Hender proves this claim, Defendant NIKE may rebut Plaintiff Hender's claim with its affirmative defense by proving by a preponderance of the evidence that any pay disparity is based entirely on a bona fide factor related to the position in question and is based on: a seniority system; a merit system; a system that measures earnings by quantity or quality of production, including piece-rate work; workplace locations; travel, if travel is necessary and regular for the employee; education; training; experience; or any combination of these factors.

16 – FINAL JURY INSTRUCTIONS

**No. 15: Federal Equal Pay Act**

For Plaintiff Hender's Federal Equal Pay Act claim, Plaintiff Hender has the burden of proving by a preponderance of the evidence that, at any time between November 9, 2016 and October 12, 2020, Defendant NIKE paid her less than male employees for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

The equal work standard does not require that compared jobs be identical, only that they be substantially equal. Inconsequential differences in jobs may be disregarded. In addition, the statute applies to jobs that require equal skills, not to employees that possess equal skills.

Skill includes consideration of such factors as experience, training, education, and ability. Effort is concerned with the measurement of the physical or mental exertion needed for the performance of a job. Responsibility is concerned with the degree of accountability required in the performance of the job, with emphasis on the importance of the job obligation. Whether jobs are performed under similar working conditions encompasses surroundings and hazards regularly encountered by the employee; a practical judgment is required.

If Plaintiff Hender proves this claim, Defendant NIKE may rebut Plaintiff Hender's claim with its affirmative defense by proving by a preponderance of the evidence that any pay disparity is based entirely on job-related factors, not sex.

Defendant's Objections, Exhibit 1, Page 17 of 26

**No. 16: Federal Equal Pay Act—Willfulness**

If you find for Plaintiff Hender on her Federal Equal Pay Act claim, then you must decide whether Defendant NIKE willfully violated the Federal Equal Pay Act.

To show this, Plaintiff Hender must prove by a preponderance of the evidence that Defendant NIKE either knew or showed reckless disregard for whether its conduct violated the Federal Equal Pay Act.

18 – FINAL JURY INSTRUCTIONS

**No. 17: Damages—Federal Equal Pay Act**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff Hender on her Federal Equal Pay Act claim, you must determine her damages. Plaintiff Hender has the burden of proving damages by a preponderance of the evidence. The term "damages" means the amount of money that will reasonably and fairly compensate Plaintiff Hender for any injury you find was caused by Defendant NIKE. You should consider the following:

Back pay during the relevant period of Plaintiff Hender's employment with Defendant NIKE as measured by the difference between Plaintiff Hender's actual earnings and those which she would have earned absent the pay disparity by Defendant NIKE.

If you find willfulness, damages are limited to November 19, 2015 to October 12, 2020.

If you do not find willfulness, damages are limited to November 19, 2016 to October 12, 2020.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

If you find for Plaintiff Hender on any of her other claims, the Court will determine the amount of damages, if any.

19 – FINAL JURY INSTRUCTIONS

**No. 18: Punitive Damages**

Depending on how you render your decision on Plaintiff Hender's claims and Defendant NIKE's affirmative defenses, you may or may not reach the question of whether to award punitive damages. If you do reach the punitive damages question, the law as to punitive damages differs between the federal and state law claims. The two different legal instructions are as follows:

### Punitive Damages—Title VII—Disparate Treatment in Pay and Promotion

If you find for Plaintiff Hender on her Title VII disparate treatment in pay or disparate treatment in promotion claims, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

Plaintiff Hender has the burden of proving *by a preponderance of the evidence* that punitive damages should be awarded and, if so, the amount of any such damages. When a party has the burden of proof on any claim or an affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not.

You may award punitive damages only if you find that Defendant NIKE's conduct that harmed Plaintiff Hender was malicious, oppressive, or in reckless disregard of Plaintiff Hender's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or

20 – FINAL JURY INSTRUCTIONS

otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

### Punitive Damages—ORS 659A.030 (Disparate Treatment in Pay and Promotion) and Oregon Equal Pay Act

If Plaintiff Hender prevails on her ORS 659A.030 disparate treatment in pay or disparate treatment in promotion claims, or her Oregon Equal Pay Act claim, then you may, but are not required to, award punitive damages to punish misconduct and deter similar misconduct from occurring in the future.

You may award punitive damages against Defendant NIKE if Plaintiff Hender shows *by clear and convincing evidence* that Defendant NIKE either:

21 – FINAL JURY INSTRUCTIONS

(1) has shown a reckless and outrageous indifference to a highly unreasonable risk of

harm and has acted with a conscious indifference to the health, safety, and welfare of

others, or

(2) has acted with malice.

Malice means intentionally doing an injurious or wrongful act without justification or excuse. This includes committing an act with a bad motive, or done so recklessly as to be in disregard of social obligations, or done wantonly, maliciously, or wickedly.

When a party has the burden of proving any claim or defense *by clear and convincing evidence*, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

There is no fixed standard for determining the amount of punitive damages and you are not required to award punitive damages. If you decide to award punitive damages, you should consider all the following in determining the amount:

(a) How reprehensible was that defendant's conduct, considering the nature of that

conduct and the defendant's motive?

(b) Is there a reasonable relationship between the amount of punitive damages and the

plaintiff's harm?

(c) In view of the defendant's financial condition, what amount is necessary to punish the

defendant and discourage future wrongful conduct? You may not punish a defendant

merely because a defendant has substantial financial resources.

22 – FINAL JURY INSTRUCTIONS

**No. 19: Deliberations**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court, but the presiding juror's vote carries no greater weight than that of any other juror.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

A special verdict form has been prepared for your convenience. You each will receive a copy of the Verdict Form. However, only the [colored] copy is to be signed after deliberations. You will take these forms into the jury room.

*(Special Verdict Form is read)*

You will note that there are multiple questions. You may, or may not, reach all of the questions on the verdict form. The answer to each question must be the unanimous answer of the jury. Your presiding juror will write the unanimous answer of the jury in the spaces provided opposite each question. All jurors should participate in all deliberations and vote on each question.

23 – FINAL JURY INSTRUCTIONS

The presiding juror will then date and sign the special verdict form as completed and you will advise Ms. Paget that you are ready to return to the courtroom. Court will then be reconvened, and your verdict will be received.

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. Nothing that I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or application, including, but not limited to Facebook, YouTube, X, Bluesky, Instagram, LinkedIn, Snapchat, Telegram, Signal, or any other app or form of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court immediately.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other

24 – FINAL JURY INSTRUCTIONS

way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved – including the parties, the witnesses or the lawyers – until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside case-relevant information from any source whatsoever, you must notify the court immediately.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Ms. Paget, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing. Until you have reached your verdict, I will only communicate with jury members on anything concerning the case either in writing, or orally here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may

25 – FINAL JURY INSTRUCTIONS

continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone--including me--how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

26 – FINAL JURY INSTRUCTIONS