**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Kelsie G. Crippen, OSB #193454**
KelsieCrippen@MarkowitzHerbold.com
**MARKOWITZ HERBOLD PC**
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085

**Byron Goldstein (admitted *pro hac vice*)**
Byron@goldsteinbrowne.com
**Barry Goldstein, Of Counsel (admitted *pro hac vice*)**
Barry@golsteinbrowne.com
GOLDSTEIN BROWNE, PC
1111 Broadway, Office 04-117
Oakland, CA  97607
Telephone: (510) 584-9020

Attorneys for Plaintiff
[Additional Counsel of Record listed on the Signature Page]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| HEATHER HENDER,<br><br>               Plaintiff,<br><br>    v.<br><br>Nike, INC., an Oregon Corporation,<br><br>              Defendant. | Case No. 3:18-cv-01477-AB<br><br>**PLAINTIFF'S MOTION REQUESTING A PERMISSIVE ADVERSE INFERENCE INSTRUCTION AND RELATED RELIEF** |

**Page i –     PLAINTIFF'S MOTION REQUESTING A PERMISSIVE ADVERSE INFERENCE INSTRUCTION AND RELATED RELIEF**

## LR 7-1 CERTIFICATION

Pursuant to Local Rule 7-1(a) and the Court's instruction that "[i]f trial evidence establishes a spoliation concern, the parties are directed to confer on an appropriate jury instruction" (Dkt. 763 at 9; Dkt. 751 at 53:25–54:4), Plaintiff conferred in good faith with Defendant, but the parties could not reach a resolution.

## MOTION

Now that the record establishes "a spoliation concern," Plaintiff requests a permissive adverse inference instruction—one that allows, but does not require, the jury to infer that evidence Nike failed to preserve or produce would have been unfavorable to Nike. This is the "least harsh" form of the instruction. *Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1054 (S.D. Cal. 2015). The evidence establishes three discrete concerns. Each pairs a representation Nike made to this Court—that evidence did not exist—with trial evidence, much elicited by Nike itself, proving the opposite. The Court should take judicial notice of Nike's statements in its filings, offered to show they were made, not for their truth. Fed. R. Evid. 201(c)(2). Courts regularly inform juries of a party's failure to preserve or produce material information. *See, e.g.*, *Yela Fiduciary Servs., LLC v. Benton Cnty.*, No. 6:20-cv-01925-MK, 2022 WL 17666400, at *9 (D. Or. Dec. 14, 2022); *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, No. 3:15-md-2633-SI, 2018 WL 5786206, at *2–3 (D. Or. Nov. 5, 2018); *Oculu, LLC v. Oculus VR, Inc.*, 2015 WL 12731919, at *1 (C.D. Cal. May 27, 2015).

**First, the Project Starfish presentation (Trial Ex. 577).** Nike told this Court that it "first learned of this document during Ms. Strong's deposition …." ECF 530 at 21. The Court therefore left Plaintiff to prove receipt "through Ms. Strong[']s testimony." Dkt. 779. She did. Ms. Strong testified that she provided Exhibit 577 to "Monique Matheson, at the time head of NIKE's human resources department; and Hilary Krane, NIKE's general counsel." Tr. 270:25–

**Page 1 –     PLAINTIFF'S MOTION REQUESTING A PERMISSIVE ADVERSE INFERENCE INSTRUCTION AND RELATED RELIEF**

271:5. And this evidence is undisputed because Ms. Matheson testified only that she does "not recall" receiving "any written documents" from Ms. Strong. Tr. 390:13–22. Nike failed to preserve or produce a document that its most senior human resources and legal officers received in 2018—while representing to this Court that it neither had it nor knew about it.

**Second, noncompetitive promotion documents.** On July 1, 2026, Nike told this Court: "Non-competitive promotions do not involve a formal application process, and therefore there are typically no documents associated with them." Dkt. 748 at 6. At trial, Nike's own witnesses—on direct examination by Nike—described a formal, documented process of candidate "one-pagers" and other documents compiled into a packet for review, standard meetings, communications, and documented promotion decisions. Tr. 1126:11–23, 1151:5–1152:23 (Mei); 1104:18–1105:5 (Pfluger); 1192:15–25 (Stowell). Ms. Mei confirmed: "Q. There were written communications and documents about this process; correct? A. Correct. Q. The promotion decisions were documented; correct? A. Yes, they would have been." *Id.* 1183:21–1184:4. Nike produced none of that documentation for the decisions at issue—the Waddell promotions and Ms. Hender's non-promotions.

**Third, written documents from before October 2017 about its starting pay practice.** Nike assured this Court, under the heading "Nike CANNOT PRODUCE DOCUMENTS THAT DO NOT EXIST," that Plaintiff's accusations of withholding "are not supported by facts," (ECF 378 at 4 (emphasis in original)), and that the requested starting-pay practice documents "do not exist," ECF 395 at 4. The Court denied Plaintiff's motion to compel on those representations. ECF 386 at 4–5. At trial, Nike's Total Rewards witness confirmed that Nike "had *written* guidelines in 2015 about how to position people on hire" that "focused on the percent increase from their prior pay." Tr. 690:20–25 (emphasis added); *see id.* at 681:25–682:3; Tr. 1001:22–24

**Page 2 –      PLAINTIFF'S MOTION REQUESTING A PERMISSIVE ADVERSE INFERENCE INSTRUCTION AND RELATED RELIEF**

(offer intake form "existed prior to" October 2017); Trial Ex. 582 (form revised March 2017 seeking prior pay). Nike never produced the 2015 written guidelines, refused to even disclose their existence at any time before trial, and affirmatively represented to the Court the opposite.

A permissive adverse inference instruction does not require a finding of bad faith. *Siskiyou Buckle Co. v. GameWear, Inc.*, 2011 WL 13248530, at *7 (D. Or. Nov. 3, 2011) ("A finding of bad faith is not a prerequisite for an adverse inference."); *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993) ("simple notice" of "potential relevance" suffices); *Hall v. City of Depoe Bay*, 2018 WL 4051699, at *7–8 (D. Or. June 28, 2018) (ordering the instruction). In *Siskiyou*, the District Court of Oregon withheld the instruction only as premature and "overly broad," agreeing it "should be fashioned only after the evidence relevant to the determination of the claims is established." 2011 WL 13248530 at *7. That is Plaintiff's request. At a minimum, the Court may inform the jury of the specific evidence Nike failed to preserve or produce, permit argument on the implications, and preclude Nike from exploiting the gaps it created. *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 2018 WL 5786206, at *2-3; *Yela Fiduciary Servs., LLC v. Benton Cnty.*, 2022 WL 17666400, at *9. This Court has already corrected Nike's use of withheld materials "as a shield and a sword" once at this trial. Tr. 717:8–11; *id.* 732:11–16; Dkt. 792. The prejudice here is the same: Nike filled an evidentiary vacuum of its own making with post hoc testimony that Plaintiff cannot test against contemporaneous records. And Nike is exploiting those gaps right now. Its Rule 50 motion argues "[t]here is no evidence that Nike had a company-wide policy or practice of using prior pay to set starting pay," (Dkt. 796 at 3), and that "Plaintiff presents no evidence that her prior pay was used to set her starting pay," *id*. at 6; *see also id*. at 8–9, 13 (promotion decisions). These "no evidence" arguments are constructed from Nike's own nonproduction. This Court has already ruled that

**Page 3 –      PLAINTIFF'S MOTION REQUESTING A PERMISSIVE ADVERSE INFERENCE INSTRUCTION AND RELATED RELIEF**

Plaintiff may present "argument that defendant engaged in the spoliation of evidence or misrepresented material facts," finding "this evidence is probative of the defendant's intent to discriminate and to punitive damages." Dkt. 751 at 53:6–11 (citing *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 147 (2000)).

Plaintiff therefore requests that the Court: (1) give the permissive adverse inference instruction below; (2) at a minimum, inform the jury of the three categories of evidence Nike failed to preserve or produce and of Nike's representations to the Court that this evidence did not exist or was never received, and permit counsel to argue the implications; and (3) preclude Nike from arguing that the absence of contemporaneous documents supports its witnesses' accounts.

### Proposed Instruction No. 28 (Adverse Inference)

Certain evidence in this case was within NIKE's control and was not preserved or produced by NIKE, including: (1) the Project Starfish presentation provided to NIKE's head of human resources and general counsel in 2018; (2) documents and communications concerning NIKE's noncompetitive promotion decisions, including those concerning Ms. Hender and Mr. Waddell; and (3) NIKE's written guidelines used before October 2017 for setting starting pay based on prior pay.

If you find that NIKE failed to preserve or produce evidence within its control, you may, but are not required to, infer that this evidence would have been unfavorable to NIKE.

### CONCLUSION

Plaintiff respectfully requests that the Court grant Plaintiff's motion.

**Page 4 –     PLAINTIFF'S MOTION REQUESTING A PERMISSIVE ADVERSE INFERENCE INSTRUCTION AND RELATED RELIEF**

DATED: July 19, 2026                    GOLDSTEIN BROWNE, PC


                                        */s/ Byron Goldstein*
                                        Byron Goldstein (admitted *pro hac vice*)
                                        byron@goldsteinbrowne.com
                                        Barry Goldstein, Of Counsel (admitted *pro hac vice*)
                                        barry@golsteinbrowne.com


                                        MARKOWITZ HERBOLD PC
                                        Laura Salerno Owens, OSB #076230
                                        LauraSalerno@MarkowitzHerbold.com
                                        David B. Markowitz, OSB #742046
                                        DavidMarkowitz@MarkowitzHerbold.com
                                        Harry B. Wilson, OSB #077214
                                        HarryWilson@MarkowitzHerbold.com
                                        Kelsie G. Crippen, OSB #193454
                                        KelsieCrippen@MarkowitzHerbold.com


                                        DARDARIAN, HO, KAN & LEE
                                        Laura L. Ho (admitted *pro hac vice*)
                                        lho@dhkl.law
                                        James Kan (admitted *pro hac vice*)
                                        jkan@dhkl.law
                                        Katharine L. Fisher (admitted *pro hac vice*)
                                        ktrabucco@dhkl.law


                                        ACKERMANN & TILAJEF, P.C.
                                        Craig J. Ackermann (admitted *pro hac vice*)
                                        cja@ackermanntilajef.com
                                        Brian Denlinger (admitted *pro hac vice*)
                                        bd@ackermanntilajef.com
                                        Erika Smolyar (admitted *pro hac vice*)
                                        es@ackermanntilajef.com
                                        315 South Beverly Drive, Suite 504
                                        Beverly Hills, CA  90212
                                        Tel: (310) 277-0614
                                        Fax: (310) 277-0635

                                        *Attorneys for Plaintiff*


**Page 5 –**      **PLAINTIFF'S MOTION REQUESTING A PERMISSIVE ADVERSE**
                  **INFERENCE INSTRUCTION AND RELATED RELIEF**