LAURA ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Tel:  (503) 224-3380
Fax:  (503) 220-2480

FELICIA A. DAVIS, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
DANIEL PRINCE, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
LINDSEY C. JACKSON, Cal. SB# 313396 (*pro hac vice*)
lindseyjackson@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
Tel:  (213) 683-6000
Fax:  (213) 627-0705

Attorneys for Defendant NIKE, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| HEATHER HENDER,<br><br>Plaintiff,<br><br>v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>Defendant. | Case No.:  3:18-cv-01477-AB<br><br>**DEFENDANT NIKE, INC.'S OPPOSITION TO PLAINTIFF HEATHER HENDER'S MOTION TO ADMIT EIGHT EXHIBITS** |

## I.     INTRODUCTION

After the close of Plaintiff's case and the Court's repeated rulings regarding admissibility and trial management, Plaintiff seeks to admit eight exhibits that were not admitted during her case-in-chief, seven exhibits for consideration by the Court on her disparate-impact claims and one exhibit for consideration by the jury. ECF No. 798 at 1-3.  Perhaps most egregiously, Plaintiff seeks to admit two exhibits that she *tried but failed to get into evidence through witness testimony* during trial.  This eleventh hour effort to slip into evidence exhibits that Plaintiff apparently forgot to admit or that could not properly be admitted at trial is inappropriate and should be rejected out of hand.  Indeed, the Court expressly rejected this effort in Court two days ago.  *See* Tr. 1074:2-10 ("Plaintiff's arguments regarding stipulated exhibits is not compelling to the Court. . . . Stipulated exhibits are exhibits to which evidentiary objections are resolved.  ***A witness would need to identify the exhibit and explain its relevance to the jury.  NIKE is not required to waive that requirement in this trial.***") (emphasis added).   The motion should be denied.[1]

## II.     PLAINTIFF HAS NO WITNESS TO ADMIT THESE DOCUMENTS

Plaintiff filed this motion only after she closed her case-in-chief and after the Court ruled on the manner in which exhibits would be admitted at trial.  Plaintiff acknowledges that the Court's orders required a witness who could identify the exhibit and explain its relevance and

---

[1] For Plaintiff to file two separate motions on Saturday at 3:32pm and 11:02pm essentially seeking to relitigate its case-in-chief, after NIKE has submitted a motion for judgment as a matter of law, is completely inappropriate.  The unfair prejudice is particularly notable given that when the Court proposed giving NIKE until 6:00 p.m. on Saturday to file its Rule 50(a) and 52(c) motion, Plaintiff suggested such a deadline would be unfair to Plaintiff and asked that NIKE's briefing be due by 3:00 p.m so that Plaintiff would have a reasonable time period to respond.  For Plaintiff to then file two motions late on Saturday is unfair and unreasonable.

that, as a result, Plaintiff was unable to admit certain documents during trial without a sponsoring witness.  She has no witness to help her do so now.

Plaintiff makes a blatant misrepresentation to the Court when she implies that the Parties did not know until four days before trial that exhibits need to be admitted through a witness who can establish the foundation for and relevancy of each exhibit.  ECF 798 at 2 n.2.  At the June 29 pre-trial conference, 14 days before trial, the Court explicitly informed the parties that this would be the rule for trial:   "[P]readmitted stipulated exhibits *will not remain in evidence unless they are used during trial* so that they can be properly submitted to the jury.  How does that happen?  Well, *we need to have a witness who identifies the exhibit*."  June 29, 2026 Tr. 17:9-14 (emphasis added). Plaintiff cannot claim that she did not have timely notice of the Court's rule.

In addition, Plaintiff is too late. Plaintiff's evidentiary record has closed.  *See Varanand v. State Farm Ins. Co.*, 127 Fed. Appx. 947, 949 (9th Cir. 2005) (finding district court properly concluded that testimony plaintiff "sought to introduce after closing her case, should be excluded based on the potential for surprise and prejudice to State Farm").  Plaintiff possessed these documents long before trial.  The exhibits were identified on exhibit lists, and Plaintiff had a full opportunity to call witnesses capable of laying any necessary foundation.  Plaintiff likewise had ample opportunity to raise any concerns regarding trial-management procedures before or during the presentation of her case.

Allowing Plaintiff to introduce previously excluded exhibits after Defendant has begun to present evidence and witnesses have been released from their subpoenas would unfairly prejudice Nike and undermine the orderly conduct of trial. The motion therefore should be denied as untimely.

Page 2    -    DEFENDANT NIKE, INC.'S OPPOSITION TO PLAINTIFF HEATHER
                HENDER'S MOTION ADMIT EIGHT EXHIBITS

III.    **PLAINTIFF HAS NO WITNESS AVAILABLE TO LAY THE FOUNDATION FOR THESE EXHIBITS OR EXPLAIN THEIR RELEVANCE**

The motion further fails because Plaintiff still has not identified a witness who can sponsor these documents.  Plaintiff acknowledges that the exhibits were not admitted during trial because the Court required a witness who could identify the exhibit and explain its relevance.  The motion does not identify any witness who will now provide that testimony.  Instead, Plaintiff argues that because certain exhibits were produced by Nike or that, in general, authentication can be established through means other than personal knowledge, these exhibits should be deemed admitted.

Plaintiff's argument misses the point. The issue is not merely whether a document can be authenticated in the abstract.  Plaintiff's reliance on *Am. Fed'n of Musicians of United States & Canada v. Paramount Pictures Corp.*, 903 F.3d 968 (9th Cir. 2018) is misplaced. The Court required a witness who could identify the document and explain its relevance before the exhibit would be received during trial.  The Court issued a clear trial management order on this point.  Plaintiff admittedly failed to satisfy that requirement.  Just because a document is what the proponent claims it is does not make it admissible.

Moreover, relevance is not self-proving. Without a sponsoring witness, there is no evidentiary basis from which the Court or jury can understand the purpose, context, meaning, or significance of many of the proffered documents.  Indeed, Plaintiff has already tried and failed to admit two of the exhibits at issue (Exhibits 302 and 350). Another proposed exhibit (Ex. 581) appears to be a demonstrative created by Plaintiff's counsel.  Plaintiff cannot circumvent foundational requirements by asking the Court to admit documents unsupported by witness testimony.

Page 3    -    DEFENDANT NIKE, INC.'S OPPOSITION TO PLAINTIFF HEATHER
HENDER'S MOTION ADMIT EIGHT EXHIBITS

## IV.    THE PROPOSED EXHIBITS ARE NOT PROPER REBUTTAL EVIDENCE

Even if the Court were inclined to consider admitting exhibits without a sponsoring witness (which it should not), the exhibits are not proper rebuttal evidence.  Rebuttal evidence is limited to evidence that explains, contradicts, or rebuts matters first raised by the opposing party. It is not a vehicle for presenting evidence that should have been introduced during a party's case-in-chief.

Plaintiff never identifies any particular testimony or exhibit introduced during NIKE's case that these documents rebut. Instead, Plaintiff argues that the documents support her disparate impact theories and that Exhibit 302 purportedly makes certain facts "more likely." That type of evidence should have been raised during Plaintiff's case-in-chief.  It is too late to do so now.

The requested exhibits therefore fall outside the proper scope of rebuttal and amount to an effort to reopen Plaintiff's case after Plaintiff rested.

## V.    CONCLUSION

For the reasons stated above, NIKE respectfully requests that the Court deny Plaintiff's Motion to Admit Eight Exhibits in its entirety.

Dated:  July 19, 2026

/s/ Daniel Prince
Daniel Prince (*pro hac vice*)
danielprince@paulhastings.com
Felicia A. Davis (*pro hac vice*)
feliciadavis@paulhastings.com
Lindsey C. Jackson (*pro hac vice*)
lindseyjackson@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Tel: (213) 683-6000
Fax: (213) 627-0705

Laura Rosenbaum, OSB No. 110061
Laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Tel: (503) 224-3380
Fax: (503) 220-2480
Attorneys for Defendant NIKE, Inc.