**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Kelsie G. Crippen, OSB #193454**
KelsieCrippen@MarkowitzHerbold.com
**MARKOWITZ HERBOLD PC**
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085

**Byron Goldstein (admitted *pro hac vice*)**
Byron@goldsteinbrowne.com
**Barry Goldstein, Of Counsel (admitted *pro hac vice*)**
Barry@goldsteinbrowne.com
GOLDSTEIN BROWNE, PC
1111 Broadway, Office 04-117
Oakland, CA  94607
Telephone: (510) 584-9020

Attorneys for Plaintiff
[Additional Counsel of Record listed on the Signature Page]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| HEATHER HENDER,<br><br>Plaintiff,<br><br>v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>Defendant. | Case No. 3:18-cv-01477-AB<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO JURY INSTRUCTIONS AND VERDICT FORM** |

Page i –    **PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO JURY INSTRUCTIONS AND VERDICT FORM**

## INTRODUCTION

Plaintiff responds to Defendant Nike, Inc.'s ("Nike") objections to the jury instructions and verdict form shared by the Court on July 18, 2026 ("Nike's Objections"), Dkt. 803, as follows:

## I.    <u>JURY INSTRUCTIONS</u>

**1. Limiting Instructions**. Prior to filing its objections, Nike did not confer with Plaintiff regarding its proposal to add limiting instructions to the jury instructions related to both Starfish and Nike's finances. For the Starfish limiting instruction, Plaintiff does not oppose a limiting instruction that says the Starfish allegations do not prove that the conduct occurred if it also informs the jury that Nike did not disclose its Starfish investigations and findings. Otherwise, a Starfish limiting instruction leaves a gap that Nike has created. Regarding Nike's finances, the parties have already agreed to language and the Court has already read it to the jury. Tr. 946:1-5. Plaintiff does not oppose including the same agreed-upon limiting instruction language in the jury instructions.

**2. Jury instruction #11 (disparate treatment in pay)**. Nike's proposal to add at the end of the instruction that "The time period you may consider for this claim is November 9, 2017 to October 12, 2020" is a misstatement of the law since actions alleged to have occurred outside of the applicable statute of limitations are admissible as background evidence in support of her timely claims. *Jackson v. City of Yachats*, 2023 WL 9787320, at *3 (D. Or. Oct. 27, 2023) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)). Plaintiff does not oppose adding the same language regarding dates from Jury Instruction #12 (Disparate Treatment in Promotion) to Jury Instruction #11 if it also includes the "at any time" language discussed in Section I(3), *infra*, so Jury Instruction #11 would read as follows (added language in italics):

**Page 1 –    PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO JURY INSTRUCTIONS AND VERDICT FORM**

For Plaintiff Hender's claim that Defendant NIKE paid her less because of Plaintiff Hender's sex, Plaintiff Hender has the burden of proving the following elements by a preponderance of the evidence:

First, Plaintiff Hender was underpaid by Defendant NIKE *at any time between November 9, 2017 and October 12, 2020*;

Second, Defendant NIKE underpaid Plaintiff Hender because of Plaintiff Hender's sex;

Third, Plaintiff Hender was qualified for her position; and

Fourth, a similarly situated male employee was treated more favorably.

**3. Jury instruction #11 (disparate treatment in pay)**. Plaintiff does not object to Nike's proposal to use the phrase "paid less" rather than "underpaid." Plaintiff does not object to Nike's proposed reading of revised Jury instruction #11 (Dkt. 803 at 3), but Plaintiff notes that Nike's proposed language may also need to add the language "at any time between November 9, 2017 and October 12, 2020" as discussed in Section I(2), *supra*.

**4. Punitive Damages instructions**. Plaintiff opposes Nike's renewed objections to instructing the jury on punitive damages. Further, Plaintiff cannot consider something that Nike did not confer on or explicitly propose in its Objections. Plaintiff believes that the Court's July 18, 2026 proposed Final Jury Instructions (Dkt. 803-1) are appropriate and fair as to punitive damages.

## II.    VERDICT FORM

**1. Question #9.** Plaintiff opposes Nike's request to revise the verdict form to add information that is already contained within the jury instructions and which would lead to an unnecessary and confusing recitation of the jury instructions. *See* Court's July 18, 2026 proposed Final Jury Instructions (Dkt. 803-1), at No. 10, No. 11, No. 12. Courts have stressed that "jury instructions must fairly and adequately cover the issues presented, must correctly state the law, and must not be misleading. . . . In evaluating jury instructions, prejudicial error results when, looking to the instructions as a whole, the substance of the

applicable law was not fairly and correctly covered." *Dang v. Cross*, 422 F.3d 800, 804-05 (9th Cir. 2005) (cleaned up).

2.    **Question #12.** Plaintiff opposes Nike's request to revise the verdict form to add information that is already contained within the jury instructions and which would lead to an unnecessary and confusing recitation of the jury instructions. *See* Court's July 18, 2026 proposed Final Jury Instructions (Dkt. 803-1), at No. 9, No. 10, No. 11, No. 12. Courts have stressed that "jury instructions must fairly and adequately cover the issues presented, must correctly state the law, and must not be misleading. . . . In evaluating jury instructions, prejudicial error results when, looking to the instructions as a whole, the substance of the applicable law was not fairly and correctly covered." *Dang*, 422 F.3d at 804-05.

3.    **Section IV Instructions**. Plaintiff does not agree with Nike that the instructions within Section IV of the proposed verdict form are confusing. Nevertheless, Plaintiff does not object with Nike's proposed revision to the instruction if the Court agrees that the current version is confusing.

4.    **Punitive Damages Questions**. Plaintiff disagrees with Nike's objections and assertions regarding the punitive damages section of the verdict form. As Plaintiff has stated previously, there are five different claims for punitive damages, and any alleged double-counting or double recovery concerns can be addressed by the Court after the jury returns its verdict. As the Court previously agreed, punitive damages under Title VII and Oregon law should be separated and not be included as a single number.

III.    **NIKE'S ADDITIONAL OBJECTIONS**

1.    **Same decision affirmative defense**. Plaintiff opposes Nike's "same decision affirmative defense" requests for the same reasons as previously stated to the Court via email correspondence, which is part of the record in this case. Dkt. 780.

Page 3 –    **PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO JURY INSTRUCTIONS AND VERDICT FORM**

2.    **"Similarly Situated" Instruction.** Plaintiff objects to this, and the Court correctly declined this same request already. Plaintiff's objections to this renewed request are set forth in the joint proposed jury instructions. Dkt. 756 at 102-103. There is no model instruction for this.

3.    **Oregon Equal Pay Act claim**. Plaintiff does not consider Nike's assertion regarding the Oregon EPA to be an objection and therefore does not respond substantively here.

4.    **Verdict Form**. Plaintiff opposes Nike's request to revise the verdict form to add information that is already contained within the jury instructions and which would lead to an unnecessary and confusing recitation of the jury instructions. Courts have stressed that "jury instructions must fairly and adequately cover the issues presented, must correctly state the law, and must not be misleading. . . . In evaluating jury instructions, prejudicial error results when, looking to the instructions as a whole, the substance of the applicable law was not fairly and correctly covered." *Dang*, 422 F.3d at 804-05.

**Page 4 –        PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO JURY
                        INSTRUCTIONS AND VERDICT FORM**

DATED: July 19, 2026                    GOLDSTEIN BROWNE, PC


                                        */s/ Byron Goldstein*
                                        Byron Goldstein (admitted *pro hac vice*)
                                        byron@goldsteinbrowne.com
                                        Barry Goldstein, Of Counsel (admitted *pro hac vice*)
                                        barry@golsteinbrowne.com

                                        MARKOWITZ HERBOLD PC
                                        Laura Salerno Owens, OSB #076230
                                        LauraSalerno@MarkowitzHerbold.com
                                        David B. Markowitz, OSB #742046
                                        DavidMarkowitz@MarkowitzHerbold.com
                                        Harry B. Wilson, OSB #077214
                                        HarryWilson@MarkowitzHerbold.com
                                        Kelsie G. Crippen, OSB #193454
                                        KelsieCrippen@MarkowitzHerbold.com

                                        DARDARIAN, HO, KAN & LEE
                                        Laura L. Ho (admitted *pro hac vice*)
                                        lho@dhkl.law
                                        James Kan (admitted *pro hac vice*)
                                        jkan@dhkl.law
                                        Katharine L. Fisher (admitted *pro hac vice*)
                                        ktrabucco@dhkl.law

                                        ACKERMANN & TILAJEF, P.C.
                                        Craig J. Ackermann (admitted *pro hac vice*)
                                        cja@ackermanntilajef.com
                                        Brian Denlinger (admitted *pro hac vice*)
                                        bd@ackermanntilajef.com
                                        Erika Smolyar (admitted *pro hac vice*)
                                        es@ackermanntilajef.com
                                        315 South Beverly Drive, Suite 504
                                        Beverly Hills, CA  90212
                                        Tel: (310) 277-0614
                                        Fax: (310) 277-0635

                                        *Attorneys for Plaintiff*



**Page 5 –        PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO JURY
                  INSTRUCTIONS AND VERDICT FORM**