**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Kelsie G. Crippen, OSB #193454**
KelsieCrippen@MarkowitzHerbold.com
**MARKOWITZ HERBOLD PC**
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085

**Byron Goldstein (admitted *pro hac vice*)**
Byron@goldsteinbrowne.com
**Barry Goldstein, Of Counsel (admitted *pro hac vice*)**
Barry@goldsteinbrowne.com
GOLDSTEIN BROWNE, PC
1111 Broadway, Office 04-117
Oakland, CA  94607
Telephone: (510) 584-9020

Attorneys for Plaintiff
[Additional Counsel of Record listed on the Signature Page]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| HEATHER HENDER, | Case No. 3:18-cv-01477-AB |
| Plaintiff, | **PLAINTIFF'S REQUEST FOR REVISIONS AND ADDITIONS TO JURY INSTRUCTIONS** |
| v. | |
| NIKE, INC., an Oregon Corporation, | |
| Defendant. | |

Page i –    PLAINTIFF'S REQUEST FOR REVISIONS AND ADDITIONS TO JURY
INSTRUCTIONS

## INTRODUCTION

Plaintiff respectfully requests that the Court revise three of the jury instructions shared by the Court on July 18, 2026, Dkt. 803-1, and that the Court add two proposed jury instructions, each of which reflects a Court Order.

Plaintiff conferred with Defendant Nike, Inc.'s ("Nike") about everything contained herein. Nike does not agree with these changes or additions. Plaintiff's proposed changes are below:

## I.     THREE PROPOSED CHANGES TO JURY INSTRUCTIONS

1.  **Jury Instruction #12 (disparate treatment in promotion)**. Plaintiff proposes adding "at any time" before "between November 19".[1] Plaintiff respectfully requests the addition because she does not have to prove that she was promoted more slowly during the entire time period.

2.  **Jury instruction #14 (Oregon Equal Pay Act)**. Plaintiff proposes adding "at any time" before "between November 19". Plaintiff respectfully requests this for two reasons. First, Instruction No. 15 (Federal Equal Pay Act) includes this language, and the Parties agreed to include the "at any time" language in their most recent submission on this to the Court, which was on July 16, 2026, at 5:36pm, and attached here. Second, Plaintiff does not have to prove that she was paid less throughout that entire time period.

3.  **Jury instruction #15 (Federal Equal Pay Act)**. Plaintiff proposes changing "at any time between November 9, 2016 and October 12, 2020" to "at any time between November 19, 2015 and October 12, 2020 (if you determine the violation was willful) or at

---

[1] For all three proposed changes to jury instructions in this Section I, Plaintiff also proposes changing the start date from November 9 to November 19, which is the correct start date since Plaintiff both filed her Consent to Become Party Plaintiff and was also added to this action through the First Amended Complaint on November 19, 2018. See Dkt. Nos. 42, 43.

any time between November 19, 2016 and October 12, 2020." Plaintiff respectfully requests this because, if the jury finds the violation was willful, then the period extends back to 2015.

## II.    TWO PROPOSED ADDITIONS

**1.    Proposed Jury Instruction Regarding WHQ.** Plaintiff proposes the following jury instruction based on the Court's Order:

**Proposed Instruction No. __.**

The parties have agreed to the following fact.

> NIKE employed Heather Hender at NIKE World Headquarters from April 6, 2015 through October 12, 2020.

You must therefore treat this fact as having been proved.

Source: Dkt. 742 at 5.

**2.    Proposed Jury Instruction Regarding Nike Receiving Starfish.** Plaintiff proposes the following jury instruction based on an "Agreed Fact" in the Pretrial Order that was entered by the Court:

**Proposed Instruction No. __.**

Fact Established by the Court

The Court has determined that the following fact has been established. You must accept this fact as true:

> In approximately February or March 2018, Nike received the Starfish Questionnaires that it produced in this case, including the excerpts in Exhibit 579.

You must treat this fact as proven, even though no evidence was presented to you on it during the trial.

Authority: Dkt. 779.

DATED: July 19, 2026    GOLDSTEIN BROWNE, PC


*/s/ Byron Goldstein*
Byron Goldstein (admitted *pro hac vice*)
byron@goldsteinbrowne.com
Barry Goldstein, Of Counsel (admitted *pro hac vice*)
barry@golsteinbrowne.com

MARKOWITZ HERBOLD PC
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com
David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Kelsie G. Crippen, OSB #193454
KelsieCrippen@MarkowitzHerbold.com

DARDARIAN, HO, KAN & LEE
Laura L. Ho (admitted *pro hac vice*)
lho@dhkl.law
James Kan (admitted *pro hac vice*)
jkan@dhkl.law
Katharine L. Fisher (admitted *pro hac vice*)
ktrabucco@dhkl.law

ACKERMANN & TILAJEF, P.C.
Craig J. Ackermann (admitted *pro hac vice*)
cja@ackermanntilajef.com
Brian Denlinger (admitted *pro hac vice*)
bd@ackermanntilajef.com
Erika Smolyar (admitted *pro hac vice*)
es@ackermanntilajef.com
315 South Beverly Drive, Suite 504
Beverly Hills, CA  90212
Tel: (310) 277-0614
Fax: (310) 277-0635

*Attorneys for Plaintiff*


**Page 3 –     PLAINTIFF'S REQUEST FOR REVISIONS AND ADDITIONS TO JURY
             INSTRUCTIONS**