LAURA ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Tel:  (503) 224-3380
Fax:  (503) 220-2480

FELICIA A. DAVIS, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
DANIEL PRINCE, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
LINDSEY C. JACKSON, Cal. SB# 313396 (*pro hac vice*)
lindseyjackson@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
Tel:  (213) 683-6000
Fax:  (213) 627-0705

Attorneys for Defendant NIKE, INC.


UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


| | |
|---|---|
| HEATHER HENDER,<br><br>                        Plaintiff,<br><br>        v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>                        Defendant. | Case No.:  3:18-cv-01477-AB<br><br>**DEFENDANT NIKE, INC.'S MOTION REQUESTING A CURATIVE INSTRUCTION AND RELATED RELIEF**<br><br>**ORAL ARGUMENT REQUESTED** |

**MOTION REQUESTING A CURATIVE INSTRUCTION AND RELATED RELIEF**

NIKE, Inc. ("NIKE") submits the following Motion regarding statements made by Plaintiff during Plaintiff's closing argument and rebuttal.  NIKE respectfully requests the Court issue curative instructions and additional appropriate relief.

On July 16, 2026, the Court issued an instruction (to which NIKE objected) directing the jury to "disregard any testimony that Defendant NIKE took action to promote pay equity based on any unexplained pay differences Defendant NIKE learned from their pay equity analysis." Tr. 732: 9-16.  However, during closing argument and rebuttal, Plaintiff's counsel improperly argued that the Court had instructed the jury that it *could not find* that NIKE did anything in response to the findings from the pay equity studies.  This is not what the Court's instruction said.  At no point did the Court instruct the jury to draw any conclusion about NIKE's response to these analyses.  Rather, the instruction addressed testimony concerning the privileged learnings about specific analyses.  Representing to the jury that the Court had instructed that the jury must accept as fact that NIKE did nothing in response to the pay equity analyses was an intentional, and reckless, misrepresentation to the Court and the jury.  NIKE requests that this Court issue corrective action including, at least, an instruction to the jury stating that Plaintiff's statement was false and in contradiction to the Court's jury instruction.

Plaintiff's misrepresentations did not end there.  In advance of closing argument and rebuttal, NIKE expressed with the Court its concern that Plaintiff would, as she improperly did in her opening statement, raise in closing argument that "Ms. Hender has to show that *a factor, that one of the reasons,* that Ms. Hender was paid less and promoted more slowly is because of her gender." (Tr. 222:18-20.)  This is an incorrect statement of the law.  NIKE expressly addressed this issue with the Court before closing, and the Court agreed that Plaintiff could not take the

Page 1-    DEFENDANT NIKE, INC.'S MOTION REQUESTING A CURATIVE INSTRUCTION AND RELATED RELIEF

position during closing argument that the requirement of "but for" causation is synonymous with "a factor." Rather, sex must be a "but for" reason, it cannot simply be *a* factor or *a* reason. Asking the jury to ignore the Court's instructions and making a misstatement of the law – especially after this had just been addressed with Plaintiff's counsel before closing -- is improper. *Cave v. Singletary*, 971 F.2d 1513, 1518 (1992) (internal citations and quotation marks omitted) ("Even if counsel's misstatements of the law were strategic in nature, we could not consider such a 'strategy' to be reasonable under the circumstances because defense counsel may not encourage the jurors to ignore the court's instruction . . ."). It is also unfairly prejudicial to NIKE.

Additionally, in the Court's limiting instruction, the jury was told that it should not consider NIKE's financial condition when determining Plaintiff's compensatory damages, if any. But in closing argument, this is not what Plaintiff's counsel did. Instead, Plaintiff's counsel suggested that Plaintiff was owed approximately $20,000 in damages and expressly contrasted that number with NIKE's purported cash on hand. This was inappropriate and precisely the reason why NIKE moved to bifurcate this trial into (1) a liability phase, in which the jury determines liability and compensatory damages, if any; and (2) if Plaintiff prevails on liability on a claim for which punitive damages are available, a punitive damages phase. *See* ECF No. 697. The statements by Plaintiff's counsel comparing NIKE's financial condition to Plaintiff's purported damages was in expressly disregard of the Court's limiting instructions and the law, and was unfairly prejudicial to NIKE and likely to lead to jury confusion as to the appropriate considerations for both back pay and liability. *Id*. at 7-9.

Given these intentional and repetitive misstatements, NIKE respectfully requests this Court issue curative instructions to address each of these improper statements. Further, given

Page 2-    DEFENDANT NIKE, INC.'S MOTION REQUESTING A CURATIVE INSTRUCTION AND RELATED RELIEF

that the jury has commenced deliberations, NIKE is not confident at this juncture curative instructions are capable of fully resolving these representations and reserves its right to raise with the Court a request for further relief including, but not limited to, a mistrial.

Dated:  July 21, 2026

/s/ Felicia A Davis
Felicia A. Davis (*pro hac vice*)
feliciadavis@paulhastings.com
Daniel Prince (*pro hac vice*)
danielprince@paulhastings.com
Lindsey C. Jackson (*pro hac vice*)
lindseyjackson@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Tel: (213) 683-6000
Fax: (213) 627-0705

Laura Rosenbaum, OSB No. 110061
Laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Tel: (503) 224-3380
Fax: (503) 220-2480
Attorneys for Defendant NIKE, Inc.