**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Kelsie G. Crippen, OSB #193454**
KelsieCrippen@MarkowitzHerbold.com
**MARKOWITZ HERBOLD PC**
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085

**Byron Goldstein (admitted *pro hac vice*)**
Byron@goldsteinbrowne.com
**Barry Goldstein, Of Counsel (admitted *pro hac vice*)**
Barry@golsteinbrowne.com
GOLDSTEIN BROWNE, PC
1111 Broadway, Office 04-117
Oakland, CA  97607
Telephone: (510) 584-9020

Attorneys for Plaintiff
[Additional Counsel of Record listed on the Signature Page]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| HEATHER HENDER, | Case No. 3:18-cv-01477-AB |
| Plaintiff, | **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION REQUESTING A CURATIVE INSTRUCTION AND RELATED RELIEF** |
| v. | |
| NIKE, INC., an Oregon Corporation, | |
| Defendant. | |

Page 1 –     **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION REQUESTING A CURATIVE INSTRUCTION AND RELATED RELIEF**

**INTRODUCTION**

Nike asks the Court to tell a deliberating jury that Plaintiff's counsel made a statement that "was false." Its motion quotes nothing said in closing argument or rebuttal. Nike identified its targets only afterward, by email to chambers: three sentences from the rough transcript of Plaintiff's *rebuttal*, each excised from context that defeats Nike's characterization. Nike did not object to any of these statements when they were made — when the Court could have addressed any concern before the jury retired. The motion should be denied.

**I.  NIKE WAIVED ITS OBJECTIONS.**

Nike sat silent through Plaintiff's closing and rebuttal, raised no objection, and then waited until after jury deliberations began and the next day, at 11:25 am, to request "curative" relief. *See* Dkt. 810 ("Closing arguments heard. Jury begins deliberations."); Dkt. 811.[1]

There is a "high threshold" to overcome for "claims of improper closing arguments" raised after closing arguments, including because "raising an objection after the closing argument and before the jury begins deliberations permits the judge to examine the alleged prejudice and to admonish counsel or issue a curative instruction, if warranted." *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1193 (9th Cir. 2002) (citation omitted) (cleaned up). The "flavor of misconduct must sufficiently permeate an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict." *James v. S. California Edison Co.*, 1996 WL 467687, at *2 (9th Cir. 1996) (unpublished) (quoting *Kehr v. Smith Barney, Harris Upham & Co.*, 736 F.2d 1283, 1286 (9th Cir. 1984)). The Ninth Circuit conducts a "plain

---

[1] Nike cannot backdate its objections to the non-specific remarks it made after the jury was sent to deliberate. The three specific citations Nike provided today were not identified in its statements to the Court yesterday.

**Page 2 –    PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION REQUESTING A CURATIVE INSTRUCTION AND RELATED RELIEF**

error" review and relief is warranted only in "extraordinary cases." *Hemmings*, 285 F.3d at 1193-94.

## II.  THE RECORD REFUTES EACH CLAIMED IMPROPRIETY.

*First*, Nike's pay-equity excerpt (Rough Tr. 1411:18–20) begins sixteen lines after counsel told the jury "I'll read you the entire instruction" and read the Court's instruction *verbatim*. Rough Tr. 1410:20–1411:1.  Counsel then argued the absence of evidence: "there is no evidence in this case that they did anything to fix the inequities they learned about from that study." Rough Tr. 1411:2–4.  That is proper argument on a record that Nike created and then forced the Court to find that Nike "used the pay equity analyses as a shield and a sword" and its instruction striking Nike's "action" testimony. Day 4 Tr. 717:8–11, 733:4–9.  The jury has the written instructions; a paraphrase moments after a verbatim reading misleads no one.

*Second*, Nike quotes eight words from mid-sentence: "…the question is was gender a factor."  The full sentence follows counsel's verbatim quotation of Instruction No. 14 — "A but-for cause does not mean the sole cause or even a primary cause" — and her request that jurors "*read all of it*" in the jury room. Rough Tr. 1404:7–17 (emphasis added).  It corrects Nike's own suggestion that Ms. Hender's gender must have been "the only reason." Rough Tr. 1404:4–6. And it is correct: sex need only be "one but-for cause," *Bostock v. Clayton Cnty.*, 590 U.S. 644, 656 (2020).  The sentence's frame — that the decisions were made by calibration meetings and executives, not the three line managers — is argument this Court's ruling on Plaintiff's MIL 2 protects: Plaintiff "need not prove the identity of a specific individual who made the adverse employment decisions and who had discriminatory animus." PTC Tr. 37:24–38:2.

*Third*, the agreed limiting instruction — which the Court gave at Nike's request — permits the jury to consider Nike's financial condition "only for the limited purpose of determining the amount of punitive damages." Tr. 945:22–946:5. Nike's excerpt sits inside

**Page 3 –      PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION REQUESTING
A CURATIVE INSTRUCTION AND RELATED RELIEF**

exactly that argument, which opened: "when you're considering punitive damages, you can assess Nike's net worth." Rough Tr. 1413:15–17. Nike's ellipsis omits the framing — "Let's assume for the sake of argument, which there's no evidence to support" — responding to Nike's cross-examination of Ms. Murphy. Rough Tr. 1414:2–4; Day 5 Tr. 964–65.  The next sentence supplies the comparison: "$2 million … compared to the $8 billion of cash that Nike has on hand." Rough Tr. 1414:6–7. Comparing a punitive request to compensatory damages is the proportionality analysis the law requires, not misconduct. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).  Nike's remaining complaint simply relitigates its bifurcation motion, which the Court denied. Dkt. 763 at 2.

## III.  THE REQUESTED RELIEF IS IMPROPER.

An instruction telling a deliberating jury that Plaintiff's counsel's statement "was false" would be factually wrong and severely prejudicial: the jury would inevitably hear it as a judicial comment on counsel's credibility and the merits.  Nor could this record approach the standard for the mistrial Nike reserves, which requires misconduct that permeates the entire proceeding. *See* Sec. 1, *supra*.  If the Court concludes that any supplemental instruction is warranted, it should be neutral and even-handed, a reminder that attorneys' arguments are not evidence and that the Court's written instructions control.  It could not be one-sided, because Nike's own closing pressed against the lines this Court set.[2]

---

[2] After finding Nike had "used the pay equity analyses as a shield and a sword" and instructing the jury to disregard Nike's "action" testimony (Day 4 Tr. 717:8–11, 733:4–9), the Court barred exactly what Nike's closing then argued: it praised the "skill," "specialized expertise," and "good advice" of the outside investigations Nike withheld as privileged (Rough Tr. 1391:10–20); told the jury Nike "was constantly evolving and was constantly evaluating pay and promotions programs" (Rough Tr. 1392:7–13); and argued "[n]o evidence in this trial suggests that he would make an empty promise" (Rough Tr. 1390:10–11) — an evidentiary absence Nike's own privilege assertions created. *See* Dkt. 763 § III.A.i (barring "evidence or argument" on the efficacy of Nike's anti-discrimination efforts). Nike's closing also told the jury "[t]here's three people in this universe" (Rough Tr. 1388:18–19) — the specific-decisionmaker

Page 4 –    **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION REQUESTING A CURATIVE INSTRUCTION AND RELATED RELIEF**

## CONCLUSION

The Court should deny Nike's motion. In the alternative, any supplemental instruction should be limited to a neutral reminder that counsel's arguments are not evidence and that the Court's written instructions control.

---

argument excluded under Plaintiff's MIL 2 (PTC Tr. 37:18–38:7) — recast the "substantially similar" standards of Instructions No. 15 and 16 as requiring "the same" or "equal" work, and urged the jury to discount circumstantial evidence contrary to Instruction No. 5 (Rough Tr. 1402:15–1403:23). Plaintiff seeks no statement-specific instruction on any of this: no objection was made, and unobjected-to closing argument supports no such relief — for either party. That is precisely why Nike's motion fails.

**Page 5 –      PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION REQUESTING A CURATIVE INSTRUCTION AND RELATED RELIEF**

DATED: July 21, 2026

GOLDSTEIN BROWNE, PC

*s/ Byron Goldstein*
Barry Goldstein, Of Counsel (admitted *pro hac vice*)
barry@golsteinbrowne.com
Byron Goldstein (admitted *pro hac vice*)
byron@goldsteinbrowne.com


MARKOWITZ HERBOLD PC
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com
David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Kelsie G. Crippen, OSB #193454
KelsieCrippen@MarkowitzHerbold.com
DARDARIAN, HO, KAN & LEE
Laura L. Ho (admitted *pro hac vice*)
lho@dhkl.law
James Kan (admitted *pro hac vice*)
jkan@dhkl.law
Katharine L. Fisher (admitted *pro hac vice*)
ktrabucco@dhkl.law

ACKERMANN & TILAJEF, P.C.
Craig J. Ackermann (admitted *pro hac vice*)
cja@ackermanntilajef.com
Brian Denlinger (admitted *pro hac vice*)
bd@ackermanntilajef.com
Erika Smolyar (admitted *pro hac vice*)
es@ackermanntilajef.com
315 South Beverly Drive, Suite 504
Beverly Hills, CA  90212
Tel: (310) 277-0614
Fax: (310) 277-0635

*Attorneys for Plaintiffs*

Page 6 –     **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION REQUESTING
A CURATIVE INSTRUCTION AND RELATED RELIEF**