LAURA ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Tel: (503) 224-3380
Fax: (503) 220-2480

FELICIA A. DAVIS, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
DANIEL PRINCE, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
LINDSEY C. JACKSON, Cal. SB# 313396 (*pro hac vice*)
lindseyjackson@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Tel: (213) 683-6000
Fax: (213) 627-0705

Attorneys for Defendant NIKE, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| HEATHER HENDER,<br><br>              Plaintiff,<br><br>   v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>              Defendant. | Case No.: 3:18-cv-01477-AB<br><br>**DEFENDANT NIKE, INC.'S REPLY IN SUPPORT OF MOTION REQUESTING A CURATIVE INSTRUCTION AND RELATED RELIEF**<br><br>**ORAL ARGUMENT REQUESTED** |

In its untimely filing, Plaintiff made **another** misrepresentation to the Court. Plaintiff contends that NIKE did not place its objection to the closing and rebuttal arguments on the record before deliberations began. False. Counsel objected before deliberations began and the Court permitted brief argument on the same. Because of the hour of the day, the Court expressly stated that she would review the transcripts and take up the issue later. The official transcript was not available given the timing. NIKE then emailed the Courtroom Deputy on the evening of July 20 asking to be heard on this issue in the morning before the jury started to deliberate. *See* Exhibit A. On the morning of July 21, NIKE filed a supplemental brief elaborating on the objection it placed on the record before the jury began deliberating. The official transcript was not cited in NIKE's supplemental brief filed today because it was not available.

The Court may give a curative instruction to address NIKE's concerns. See *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1193 (9th Cir. 2002) (internal citations and quotations marks omitted) ("[R]aising an objection after the closing argument and before the jury begins deliberations permits the judge to examine the alleged prejudice and to admonish counsel or issue a curative instruction, if warranted."). The Court should issue a curative instruction here, and NIKE is prepared to submit proposed language for the same.

NIKE further disputes Plaintiff's objections to its closing arguments. Plaintiff is incorrect. What's more, they are barred because Plaintiff did not timely raise them – unlike NIKE.

Dated:  July 21, 2026

*/s/ Daniel Prince*

Daniel Prince (*pro hac vice*)
danielprince@paulhastings.com
Felicia A. Davis (*pro hac vice*)
feliciadavis@paulhastings.com
Lindsey C. Jackson (*pro hac vice*)
lindseyjackson@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Tel: (213) 683-6000
Fax: (213) 627-0705

Laura Rosenbaum, OSB No. 110061
Laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Tel: (503) 224-3380
Fax: (503) 220-2480
Attorneys for Defendant NIKE, Inc.