**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Kelsie G. Crippen, OSB #193454**
KelsieCrippen@MarkowitzHerbold.com
**MARKOWITZ HERBOLD PC**
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085

**Byron Goldstein (admitted *pro hac vice*)**
Byron@goldsteinbrowne.com
**Barry Goldstein, Of Counsel (admitted *pro hac vice*)**
Barry@golsteinbrowne.com
GOLDSTEIN BROWNE, PC
1111 Broadway, Office 04-117
Oakland, CA  97607
Telephone: (510) 584-9020

Attorneys for Plaintiff
[Additional Counsel of Record listed on the Signature Page]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| HEATHER HENDER,<br><br>                Plaintiff,<br><br>    v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>                Defendant. | Case No. 3:18-cv-01477-AB<br><br>**PLAINTIFF'S OPENING BRIEF REGARDING DAMAGES TO BE DETERMINED BY THE COURT** |

**Page 1 –** **PLAINTIFF'S OPENING BRIEF REGARDING DAMAGES TO BE DETERMINED BY THE COURT**

**INTRODUCTION**

On July 22, 2026, the jury rendered its verdict in favor of Plaintiff and against Defendant Nike, Inc. ("Nike") as to her Federal Equal Pay Act claim (29 U.S.C. §§ 206 *et seq.*), Oregon Equal Pay Act claim (ORS 652.220), Disparate Treatment in Pay claims under Title VII (42 U.S.C. §§ 2000e *et seq.*) and under the Oregon Equality Act (ORS 659A.030), and Disparate Treatment in Promotion claims under Title VII (42 U.S.C. §§ 2000e *et seq.*) and under the Oregon Equality Act (ORS 659A.030). See Dkt. 826 at 1-5. As it relates to non-punitive damages, the jury only determined the amount of damages for Plaintiff's Federal Equal Pay Act claim, for which the jury awarded Plaintiff $19,739.52 in back pay damages. *Id.* at 2 (Question 4).

Pursuant to the Parties' Joint Stipulated Briefing Schedule (Dkt. 832), Plaintiff submits this opening brief regarding damages to be determined by the Court following the jury's verdict. Plaintiff respectfully requests that the Court award her **$193,933.13** in total damages associated with the jury's verdict, after accounting for and avoiding double recovery for the same economic loss, which consists of Disparate Treatment in Pay damages under ORS 659A.030 totaling $146,126.77 plus Equal Pay damages under the Oregon Equal Pay Act totaling $47,806.36.

**I.     Damages Amounts for each Claim Decided by the Jury in Plaintiff's Favor**

Plaintiff believes the Court should determine that the following are the damages amounts associated with each of the claims that were decided in Plaintiff's favor by the jury:

**A.  Federal Equal Pay Act.**

Consistent with the jury's verdict regarding Plaintiff's Federal Equal Pay Act claim and its award of $19,739.52 in lost back pay damages, the Court should determine liquidated damages,[1]

---

[1] 29 U.S.C. § 216(b); *Hall v. Porter W. Yett Co.*, 1990 U.S. Dist. LEXIS 8876, at *10 (D. Or. July 11, 1990 ("a claim for liquidated penalty wages under the FLSA must be tried to the court.").

but not prejudgment interest. Dkt. 826 at 1-2 (Questions 1-4).[2] Pursuant to Plaintiff's damages expert's (Jennifer Murphy) July 8, 2026 Expert Report and related calculations, which is attached as **Exhibit A** to the Declaration of Brian Denlinger in support of Plaintiff's Opening Brief Regarding Damages to be Determined by the Court (hereinafter, "**Exhibit A**"), at 4, Plaintiff believes the Court should award the following:

- Liquidated Damages: $19,739.52

### B. Oregon Equal Pay Act.

Consistent with the jury's verdict regarding Plaintiff's Oregon Equal Pay Act claim, the Court should determine lost back pay, liquidated damages,[3] and prejudgment interest.[4] Dkt. 826 at 3 (Questions 6-7).[5] Pursuant to Ms. Murphy's July 8, 2026 Expert Report and calculations, **Exhibit A** at 4, Plaintiff believes the Court should award the following:

---

[2] The Court should award Plaintiff liquidated damages associated with her Federal Equal Pay Act claim. This Court has recognized that "[a]n employer who violates the FLSA is ordinarily liable both for unpaid wages and an additional equal amount as liquidated damages[, h]owever, the court has the discretion to award no liquidated damages or reduced liquidated damages 'if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA].'" *Mathis v. Hous. Auth.*, 242 F. Supp. 2d 777, 789 (D. Or. 2002). Here, the jury in its role as fact-finder determined that Plaintiff proved by a preponderance of the evidence that Nike willfully violated the Federal Equal Pay Act. Dkt. 826 at 2 (Questions 3-4). Accordingly, the Court is obligated to follow the jury's factual determination and award Plaintiff liquidated damages. However, this Court has also recognized that "if liquidated damages are awarded under the FLSA, then prejudgment interest must be offset from the liquidated damages to avoid a double recovery." *Mathis*, 242 F. Supp. 2d at 789. Accordingly, and assuming the Court agrees to award Plaintiff liquidated damages in connection with her Federal Equal Pay Act claim, Plaintiff does not request the $5,945.12 in Federal Equal Pay Act claim prejudgment interest that was calculated by Ms. Murphy. See **Exhibit A**, at 4.

[3] O.R.S. § 652.230(1).

[4] O.R.S. § 82.010; *Cumming v. Nipping*, 337 Ore. App. 545, 546 (2025) ("ORS 82.010(1)(a) requires prejudgment interest when the amount and due date are ascertainable.").

[5] Whereas Plaintiff understands that she may not recover both liquidated damages and prejudgment interest under the Federal Equal Pay Act, as recognized in *Mathis* (see n.2, *supra*), Plaintiff has been unable to find any controlling authority or decisions prohibiting her from recovering both

- Lost Back Pay: $18,468.95

- Prejudgment Interest: $10,868.45

- Liquidated Damages: $18,468.95

### C. Disparate Treatment in Pay under Title VII

Consistent with the jury's verdict regarding Plaintiff's Disparate Treatment in Pay claim under Title VII, the Court should determine lost back pay[6] and prejudgment interest[7] damages. Dkt. 826 at 4 (Question 9). Pursuant to Ms. Murphy's July 8, 2026 Expert Report and calculations, **Exhibit A** at 4, Plaintiff believes the Court should award the following:

- Lost Back Pay: $89,832.82

- Prejudgment Interest: $28,082.15

### D. Disparate Treatment in Pay under ORS 659A.030

Consistent with the jury's verdict regarding Plaintiff's Disparate Treatment in Pay claim under ORS 659A.030, the Court should determine lost back pay[8] and prejudgment interest[9] damages. Dkt. 826 at 4 (Question 9). Pursuant to Ms. Murphy's July 8, 2026 Expert Report and calculations, **Exhibit A** at 4, Plaintiff believes the Court should award the following:

- Lost Back Pay: $89,832.82

---

liquidated damages and prejudgment interest under the Oregon Equal Pay Act. Accordingly, Plaintiff requests that the Court award her lost back pay, liquidated damages, and prejudgment interest under the Oregon Equal Pay Act.

[6] 42 U.S.C. § 2000e-5(g)(1).

[7] *Loeffler v. Frank*, 486 U.S. 549, 558-59 (1988) ("Title VII authorizes prejudgment interest as part of the backpay remedy in suits against private employers."); *Nichols v. Frank*, 771 F. Supp. 1075, 1079 (D. Or. 1991) (same).

[8] O.R.S. 659A.885(1).

[9] *Spaid v. 4-R Equip., LLC*, 252 Ore. App. 228, 235 (2012) ("a trial court may award prejudgment interest on damages that a jury has awarded when the exact amount is ascertained or easily ascertainable.").

**Page 4 –    PLAINTIFF'S OPENING BRIEF REGARDING DAMAGES TO BE DETERMINED BY THE COURT**

- Prejudgment Interest: $56,293.95

### E. Disparate Treatment in Promotion under Title VII

Consistent with the jury's verdict regarding Plaintiff's Disparate Treatment in Promotion claim under Title VII, the Court should determine lost back pay and prejudgment interest damages. Dkt. 826 at 5 (Question 12). Pursuant to Ms. Murphy's July 8, 2026 Expert Report and calculations, **Exhibit A** at 4, Plaintiff believes the Court should award the following:

- Lost Back Pay: $13,019.67

- Prejudgment Interest: $4,799.56

### F. Disparate Treatment in Promotion under ORS 659A.030

Consistent with the jury's verdict regarding Plaintiff's Disparate Treatment in Promotion claim under ORS 659A.030, the Court should determine lost back pay and prejudgment interest damages. Dkt. 826 at 5 (Question 12). Pursuant to Ms. Murphy's July 8, 2026 Expert Report and calculations, **Exhibit A** at 4, Plaintiff believes the Court should award the following:

- Lost Back Pay: $13,019.67

- Prejudgment Interest: $9,435.29

**II.     Plaintiff is Entitled to the Maximum Recovery Authorized by Law, Reduced Only to Eliminate Actual Duplication of the Same Economic Loss**

The Court's task is not to select a single statutory remedy while disregarding the others. Rather, because the jury found Nike liable under multiple federal and state statutes, the Court should fashion a judgment that fully compensates Plaintiff for each distinct injury established at trial while avoiding only a true double recovery for the same economic loss. Title VII is a broad remedial statute whose purpose is to "make persons whole for injuries suffered on account of unlawful employment discrimination." *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418-21 (1975). Consistent with that principle, courts have long recognized that a prevailing plaintiff may

**Page 5 –     PLAINTIFF'S OPENING BRIEF REGARDING DAMAGES TO BE DETERMINED BY THE COURT**

pursue overlapping statutory causes of action arising from the same course of discriminatory conduct, provided the ultimate judgment does not compensate the plaintiff twice for the identical injury. *See, e.g., Carey v. Piphus*, 435 U.S. 247, 255 (1978) (discussing principle that "damages are designed to compensate persons for injuries caused by the deprivation of rights….").

Here, the record demonstrates that Plaintiff's damages calculations were not simply repetitive versions of the same analysis. The damages attributable to Plaintiff's Federal Equal Pay Act and Oregon Equal Pay Act claims—which Plaintiff concedes include overlapping back pay damages—were calculated by comparing Plaintiff's base pay and bonus pay compensation with the average base pay and bonus pay compensation paid to all male employees in Plaintiff's same job codes during the period from October 2018 through October 2020. *See* Day 4 Tr. 931:1-932:21 (Ms. Murphy explaining her equal pay claim damages methodology); **Exhibit A** at 13-14 (showing Ms. Murphy's monthly equal pay damages calculations for Plaintiff, which only include damages between October 2018 and October 2020).

By contrast, the damages associated with Plaintiff's Title VII and ORS 659A.030 Disparate Treatment claims were calculated using a different methodology and time periods: they compared the difference between Plaintiff's compensation to that of a specific male comparator employee— Trent Waddell—and Plaintiff's Disparate Treatment in Pay claims covered the period of time from March 2017 through October 2020 while her Disparate Treatment in Promotion claims only covered the period of time from February 2018 through August 2018. *See* Day 4 Tr. 934:7-936:19 (Ms. Murphy explaining her damages methodology for Plaintiff's Disparate Treatment in Pay and Disparate Treatment in Promotion claims under Title VII and Oregon law); **Exhibit A** at 15-17 (showing Ms. Murphy's monthly Disparate Treatment in Pay damages calculations for Plaintiff between March 2017 and October 2020); **Exhibit A** at 18 (showing Ms. Murphy's monthly

**Page 6 –    PLAINTIFF'S OPENING BRIEF REGARDING DAMAGES TO BE DETERMINED BY THE COURT**

Disparate Treatment in Promotion damages calculations for Plaintiff between February 2018 and August 2018).

Plaintiff's Disparate Treatment in Pay claims and her Disparate Treatment in Promotion claims therefore compensate a broader course of intentional discrimination than the Equal Pay claims and encompass damages that predate the Equal Pay claims' damages periods. While Plaintiff agrees that any overlapping compensation for the same months and the same wage differential as to the Disparate Treatment in Pay and the Disparate Treatment in Promotion claims should be offset, Nike is not entitled to treat the entire Title VII and ORS 659A.030 back pay awards as duplicative with the Equal Pay claims merely because all of the claims involve compensation discrimination.

That conclusion follows from the Supreme Court's recognition that Title VII and the Equal Pay Act prohibit related, but not identical, forms of discrimination. In *County of Wash. v. Gunther*, 452 U.S. 161 (1981), the Court held that Congress intended Title VII to provide broader protection than the Equal Pay Act and rejected the contention that Title VII compensation claims are confined to the Equal Pay Act's framework. *Id.* at 178-81; *see also Maxwell v. Tucson*, 803 F.2d 444, 446 (9th Cir. 1986) (recognizing that whereas Title VII claims require proof of discrimination, EPA claims do not require" discriminatory intent" and instead create "a type of strict liability") (citations omitted).

Accordingly, although Plaintiff may not recover twice for the same wage loss, the Court should not assume that the Disparate Treatment damages recoverable under Title VII and ORS 659A.030 are coextensive with the damages recoverable under the Federal and Oregon Equal Pay Acts. *See, e.g., Mathis*, 242 F. Supp. at 790 (allowing cumulative remedies where they served different statutory purposes and finding that "an award of the penalty under ORS 652.150" for

**Page 7 –      PLAINTIFF'S OPENING BRIEF REGARDING DAMAGES TO BE DETERMINED BY THE COURT**

failure to pay wages on termination of employment "and an award of liquidated damages under the FLSA do not constitute double recovery."); *Thompson v. Sawyer*, 678 F.2d 257, 263 (D.D.C. 1982) ("The same employment situation may give rise to a claim for relief under either [the EPA or Title VII]. Plaintiffs may recover under both statutes provided each is separately satisfied and the plaintiff does not recover doubly for the same wrong. . . . For example, a plaintiff may recover under the Equal Pay Act for unequal pay for equal work, and obtain additional recovery under Title VII for discriminatory denial of training or promotion opportunities.") (citations omitted). Instead, the Court should determine the extent of any actual overlap, if any, and offset only those amounts that compensate the identical economic loss.[10]

Finally, Plaintiff's request for Equal Pay Act liquidated damages does not constitute an impermissible double recovery. Congress expressly authorized an additional award equal to the amount of unpaid wages under the federal Equal Pay Act. 29 U.S.C. § 216(b). Similarly, O.R.S. 652.230(1)(b) authorizes "[a]n additional amount as liquidated damages equal to the amount" of the unpaid wages. Those liquidated damages are legislatively authorized components of the

---

[10] For example, damages associated with Plaintiff's Disparate Treatment in Promotion claims are clearly separate and distinct from damages associated with her Equal Pay claims, and there is no overlap between the damages associated with these claims. The jury separately found that Nike unlawfully discriminated against Plaintiff with respect to promotion, and the economic injury flowing from Nike's denial of a promotion to Plaintiff—which only includes damages between February 2018 and August 2018—is distinct from the injury caused by Nike paying Plaintiff less than the weighted average of all male employees in her same job codes between October 2018 and October 2020. Similarly, Plaintiff's Disparate Treatment in Pay claims compensate for base pay and bonuses Plaintiff would have earned had she received base pay and bonuses equal to a specific male comparator (Mr. Waddell) between March 2017 and October 2020, whereas the Equal Pay Act remedies compensate for the discriminatory wage differential associated with the positions and job codes Plaintiff actually held between October 2018 and October 2020. To the extent any post-promotion (i.e., October 2018 forward) wage losses associated with Plaintiff's Equal Pay claims overlap with the compensation-discrimination awards, the Court may eliminate that overlap through an appropriate offset, but eliminating overlapping months does not justify denying recovery for the independent injury resulting from Defendant's discriminatory failure to pay or promote Plaintiff.

**Page 8 –     PLAINTIFF'S OPENING BRIEF REGARDING DAMAGES TO BE DETERMINED BY THE COURT**

statutory remedies and are not duplicative of the underlying back pay awards. Likewise, prejudgment interest remains available on Plaintiff's Title VII and ORS chapter 659A lost back pay awards as part of the equitable "make whole" relief recognized in *Albemarle*, 422 U.S. at 419-22. *See also Cumming*, 337 Ore. App. at 546. To the extent the Court concludes that prejudgment interest and Oregon Equal Pay Act liquidated damages would compensate the same delay in payment with respect to the same wages, Plaintiff requests that the Court award her liquidated damages under the Federal Equal Pay Act in lieu of liquidated damages under the Oregon Equal Pay Act, while maintaining that prejudgment interest should be awarded on the separate Disparate Treatment back pay awards entered under Title VII and ORS 659A.030.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court award Plaintiff **$193,933.13** in total damages associated with the jury's verdict, which: (a) consists of Disparate Treatment in Pay damages under ORS 659A.030 totaling $146,126.77 plus Equal Pay damages under the Oregon Equal Pay Act totaling $47,806.36; and (b) accounts for and avoids double recovery for the same economic loss.

DATED: August 3, 2026           ACKERMANN & TILAJEF, P.C.

*/s/Craig J. Ackermann*
Craig J. Ackermann (admitted *pro hac vice*)
cja@ackermanntilajef.com
Brian Denlinger (admitted *pro hac vice)*
bd@ackermanntilajef.com
Erika Smolyar (admitted *pro hac vice*)
es@ackermanntilajef.com
315 South Beverly Drive, Suite 504
Beverly Hills, CA  90212
Tel: (310) 277-0614
Fax: (310) 277-0635

MARKOWITZ HERBOLD PC
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com
David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com

Page 9 –     **PLAINTIFF'S OPENING BRIEF REGARDING DAMAGES TO BE DETERMINED BY THE COURT**

Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Kelsie G. Crippen, OSB #193454
KelsieCrippen@MarkowitzHerbold.com

GOLDSTEIN BROWNE, PC
Barry Goldstein, Of Counsel (admitted *pro hac vice*)
barry@golsteinbrowne.com
Byron Goldstein (admitted *pro hac vice*)
byron@goldsteinbrowne.com

DARDARIAN, HO, KAN & LEE
Laura L. Ho (admitted *pro hac vice*)
lho@dhkl.law
James Kan (admitted *pro hac vice*)
jkan@dhkl.law
Katharine L. Fisher (admitted *pro hac vice*)
ktrabucco@dhkl.law

*Attorneys for Plaintiff*

**Page 10 –     PLAINTIFF'S OPENING BRIEF REGARDING DAMAGES TO BE
              DETERMINED BY THE COURT**