LAURA ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Tel:  (503) 224-3380
Fax:  (503) 220-2480

FELICIA A. DAVIS, Cal. SB# 266523 (*pro hac vice*)
feliciadavis@paulhastings.com
DANIEL PRINCE, Cal. SB# 237112 (*pro hac vice*)
danielprince@paulhastings.com
LINDSEY C. JACKSON, Cal. SB# 313396 (*pro hac vice*)
lindseyjackson@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
Tel:  (213) 683-6000
Fax:  (213) 627-0705

Attorneys for Defendant NIKE, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| HEATHER HENDER,<br><br>      Plaintiff,<br><br> v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>      Defendant. | Case No.:  3:18-cv-01477-AB<br><br><br>**DEFENDANT NIKE, INC.'S OPPOSITION TO PLAINTIFF HEATHER HENDER'S BRIEF REGARDING DAMAGES TO BE DETERMINED BY THE COURT** |

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................................................1

    A.    Plaintiff Is Not Entitled To Duplicative Backpay Under Both Federal And State Statutes. ...........................................................................................2

    B.    Asking For What The Law Precludes, Plaintiff Seeks To Recover For The Same Damages Under Both Her Oregon Equal Pay Claim And Her Oregon Disparate Treatment Claim. ................................................................2

    C.    NIKE Does Not Challenge Plaintiff's Liquidated Damages And Prejudgment Interest But Does Challenge Double Recovery. ..............................7

    D.    NIKE Challenges Plaintiff's Entitlement To Any Punitive Damages And Especially Opposes Any Double Recovery Of Punitive Damages. .......................7

    E.    Because Double Recovery Is Impermissible, Plaintiff is Entitled To A Lesser Award Of Damages Than She Seeks, Which The Court Has Discretion To Reduce Further. ...........................................................................8

II.    CONCLUSION ....................................................................................................9

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Borden v. Paul Revere Life Ins. Co.,*
   935 F.2d 370 (1st Cir. 1991)................................................................................7

*Carey v Piphus,*
   435 U.S. 247 (1978) ...........................................................................................4

*Caudle v. Bristow Optical Co.,*
   224 F.3d 1014 (9th Cir. 2000), *as amended on denial of reh'g* (Nov. 2, 2000).......................4

*City of Portland v. Bureau of Lab. & Indus.,*
   298 Or. 104 (1984).............................................................................................6

*Cornier v. Paul Tulacz, DVM PC,*
   176 Or. App. 245 (2001)......................................................................................3

*County of Wash. v. Gunther,*
   452 U.S. 161 (1981) ...........................................................................................6

*Davis v. Laurel Med. Servs. Corp.,*
   No. 3:16-CV-1973-SI, 2018 WL 2105374 (D. Or. May 7, 2018) ...........................................4

*Ford Motor Co. v. EEOC,*
   458 U.S. 219 (1982) ...........................................................................................4

*Great W. Cap., LLC v. Payne,*
   No. 3:22-CV-00768-IM, 2025 WL 2463216 (D. Or. Aug. 27, 2025)....................................1

*Hampton Tree Farms, Inc. v. Jewett,*
   158 Or. App. 376 (1999).....................................................................................3

*Holmberg v. Morrisette,*
   800 F.2d 205 (8th Cir. 1986)...............................................................................7

*Lemus v. Timberland Apts., L.L.C.,*
   876 F. Supp. 2d 1169 (D. Or. 2012).......................................................................6

*Mathis v. Hous. Auth. Of Umatilla Cnty.,*
   242 F. Supp. 2d 777 (D. Or. 2002)........................................................................6

*Portland State Univ. Ch. Of Am. Ass'n of Univ. Profs. v. Portland State Univ.,*
   352 Or. 697 (2012)............................................................................................6

*Richardson v. Nw. Christian Univ.,*
   242 F. Supp. 3d 1132 (D. Or. 2017).......................................................................4

*Rogers v. Davis,*
   28 Cal. App. 4th 1215 (1994)..............................................................................3

Page i    -    DEFENDANT NIKE, INC.'S OPPOSITION TO PLAINTIFF HEATHER
               HENDER'S BRIEF REGARDING DAMAGES TO BE DETERMINED BY
               THE COURT

*S. Union Co. v. Irvin,*
    563 F.3d 788 (9th Cir. 2009)..................................................................................7

*Solano v. Preciado,*
    738 F. Supp. 3d 1356 (D. Or. 2024) ......................................................................6

*Sorayama v. Robert Bane Ltd. Inc.,*
    380 F. App'x 707 (9th Cir. 2010)...........................................................................3

*Teutscher v. Woodson,*
    835 F.3d 936 (9th Cir. 2016).......................................................................... 1, 2, 6

*Thompson v. Sawyer,*
    678 F.2d 257 (D.C. Cir. 1982) ..............................................................................4

*Wilson v. Smurfit Newsprint Corp.,*
    197 Or. App. 648 (2005).........................................................................................7

**STATUTES**

29 U.S.C. § 206(d) (FEDERAL EQUAL PAY ACT)..................................................... 1, 2, 4

42 U.S.C. § 2000e-2 (TITLE VII) ................................................................................3, 4

OR. REV. STAT. ANN. § 82.010.......................................................................................7

OR. REV. STAT. ANN. § 652.150.....................................................................................6

OR. REV. STAT. ANN. § 652.230.....................................................................................7

OR. REV. STAT. ANN. § 659A.030 ......................................................................... 1, 3, 4, 8

OR. REV. STAT. ANN. § 659A.030(1)(f) .........................................................................6

**RULES**

FED. R. CIV. P. 50 .........................................................................................................1

FED. R. CIV. P. 52 .........................................................................................................1

OR. ADMIN. R. 839-008-0000 (OREGON EQUAL PAY ACT (OEPA))................................*passim*

**REGULATIONS**

29 C.F.R. § 1620.27(b)..................................................................................................4

## I.    **INTRODUCTION**

"'[T]he law abhors duplicative recoveries.'" *Great W. Cap., LLC v. Payne*, No. 3:22-CV-00768-IM, 2025 WL 2463216, at \*8 (D. Or. Aug. 27, 2025) (quoting *Teutscher v. Woodson*, 835 F.3d 936, 954 (9th Cir. 2016)).  Plaintiff acknowledges this general principle, but she then fails to apply it in all appropriate instances.  *See* Dkt. 833 at 7 ("Plaintiff may not recover twice for the same wage loss . . .").  The sole injury Plaintiff sought through her various causes of action was backpay, covering generally the same time period for each claim.  While NIKE maintains its arguments on the merits, the key here is that Plaintiff only is entitled to be made whole once.  Not several times over.  NIKE thus discusses below the law on double recovery and then applies it.

NIKE's brief proceeds in three parts.  First, NIKE provides the law showing why Plaintiff Hender may ***not*** obtain double recovery for backpay under the Federal Equal Pay Act and the Oregon Equal Pay Act ("OEPA").  Second, NIKE provides the law showing why Plaintiff may ***not*** obtain double recovery for backpay under Oregon statutes, OEPA, and Oregon Disparate Treatment Statute (Or. Rev. Stat. Ann. § 659A.030 ("Section 659A.030")).  And, finally, NIKE provides the law showing Plaintiff is only entitled to prejudgment interest and liquidated damages to the extent these amounts are not duplicated.  NIKE then applies that law to the facts here.

The issue in this briefing is narrow.  It is focused on a few of the damages that remain for the Court to resolve as the trier of fact.  The parties will also brief Plaintiff Hender's disparate impact claim, which the Court also will resolve as the trier of fact.  After those issues are resolved, NIKE presumes the Court will request further input on the form of the judgment.  Once done, NIKE intends to make renewed motions under Rules 50 and 52 and a motion for new trial.  NIKE believes that judgment as a matter of law was appropriate in this case on all liability and punitive damages issues.  NIKE also believes that a new trial is appropriate on grounds it will raise post-judgment (including,

Page 1   -   DEFENDANT NIKE, INC.'S OPPOSITION TO PLAINTIFF HEATHER HENDER'S BRIEF REGARDING DAMAGES TO BE DETERMINED BY THE COURT

without limitation, the constitutional excessiveness of any punitive damages award and various evidentiary and argument issues). But as those motions come post-judgment, NIKE now turns to the narrow issues before the Court.

### A. Plaintiff Is Not Entitled To Duplicative Backpay Under Both Federal And State Statutes.

While Plaintiff may sue under both federal and state law for the same backpay, when it comes to the award, she may not recover twice. "[I]f a plaintiff brings two causes of action—one state and one federal—that arise from the same operative facts and seek relief for the same harm, the trial court must assure that the plaintiff recovers only once." *Teutscher*, 835 F.3d at 954. This truth is beyond debate, and Plaintiff concedes it. Dkt. 833 at 5.

In her opening brief, Plaintiff concedes that she may not recover "a true double recovery for the same economic loss . . . under both [federal and state] statutes." Dkt. 833 at 5, 8. NIKE agrees.

The jury already awarded Plaintiff $19,739.82 in back pay for her Federal Equal Pay Act claim. This back pay award covered the period November 19, 2015 through October 12, 2020. Plaintiff should not also receive back pay for her Oregon Equal Pay Act claim for the period November 19, 2017 through October 12, 2020, a period of time completely subsumed by her Federal Equal Pay Act claim.[1]

### B. Asking For What The Law Precludes, Plaintiff Seeks To Recover For The Same Damages Under Both Her Oregon Equal Pay Act And Her Oregon Disparate Treatment Claim.

While acknowledging that the law bars duplicative recovery across federal and state claims, Plaintiff nonetheless seeks double recovery between two Oregon *state* statutes. Specifically, Plaintiff

---

[1] It is NIKE's understanding that Plaintiff Hender may be asking the Court to substitute an award under the Oregon Equal Pay Act in lieu of the Federal Equal Pay Act award determined by the jury, but it is not completely clear from Plaintiff's opening brief that this is her intent.

Page 2   -   DEFENDANT NIKE, INC.'S OPPOSITION TO PLAINTIFF HEATHER HENDER'S BRIEF REGARDING DAMAGES TO BE DETERMINED BY THE COURT

seeks backpay under the OEPA and the Oregon Disparate Treatment Statute (Section 659A.030), also for the same, overlapping time period. Dkt. 833 at 7 ("the Court should not assume that the Disparate Treatment damages recoverable under Title VII and ORS 659A.030 are coextensive with the damages recoverable under the Federal and Oregon Equal Pay Acts").

The Court should look closely at what Plaintiff Hender seeks to recover. "Plaintiff respectfully requests that the Court award . . . Disparate Treatment in Pay damages under ORS 659A.030 totaling $146,126.77 plus Equal Pay damages under the Oregon Equal Pay Act totaling $47,806.36." Dkt. 833 at 9. As set forth in the report of Plaintiff's expert Jennifer Murphy, Plaintiff's backpay claim under the OEPA covers the time period November 19, 2017 through October 12, 2020. Plaintiff's backpay claim under Section 659A.030 covers the time period November 19, 2016 through October 12, 2020. Dkt. 834-1 at 5. Thus the OEPA backpay is completely subsumed within the Section 659A.030 backpay. Based on a singular set of facts, "plaintiff may request alternative remedies, 'but may not be awarded both to the extent such an award would constitute a double recovery.'" *Sorayama v. Robert Bane Ltd. Inc.*, 380 F. App'x 707, 709 (9th Cir. 2010) (citing *Rogers v. Davis*, 28 Cal. App. 4th 1215, 1220 (1994)). Oregon law is in accord—both as to compensatory damages and penalties. Oregon law recognizes that, under multiple causes of action, where "[defendant's] actions did not harm [plaintiff] in distinct ways that caused distinct damages" and "the verdicts on those two []claims compensate [plaintiff] for the same damages, [plaintiff] is entitled to judgment on only one of the [sic] them" and damages under one claim can be subsumed into the other. *Hampton Tree Farms, Inc. v. Jewett*, 158 Or. App. 376, 388 (1999). And, if a plaintiff "present[s] two claims for two penalties based on the same employer misconduct, one of those claims would probably fail." *Cornier v. Paul Tulacz, DVM PC*, 176 Or. App. 245, 250 (2001). Put differently, "Plaintiffs can only recover 'one penalty under Oregon law for the same employer misconduct.'" *Davis v. Laurel Med. Servs. Corp.*,

Page 3    -    DEFENDANT NIKE, INC.'S OPPOSITION TO PLAINTIFF HEATHER HENDER'S BRIEF REGARDING DAMAGES TO BE DETERMINED BY THE COURT

No. 3:16-CV-1973-SI, 2018 WL 2105374, at *7 (D. Or. May 7, 2018) (citation omitted).  Yet, that is what Plaintiff seeks here across her Oregon-based claims.

A comparison to Oregon's federal analogs is helpful.  Recovery under both the Federal Equal Pay Act and Title VII can occur only "so long as the same individual does not receive duplicative relief for the same wrong."[2]  29 C.F.R. § 1620.27(b).  And "Oregon's employment discrimination statute was modeled after Title VII," meaning that, in Oregon, "state and federal discrimination claims are analyzed in the same way[.]" *Richardson v. Nw. Christian Univ.*, 242 F. Supp. 3d 1132, 1146 (D. Or. 2017).

Here, the damages Plaintiff seeks under both OEPA and Oregon Disparate Treatment Statute are based on the same operative facts:  Plaintiff's employment at NIKE, her pay as compared to one or more male colleagues and the difference between Plaintiff's pay and others.[3]  For this single alleged harm (which again NIKE believes was not proven), she may be made whole but only once.  *Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1021 (9th Cir. 2000), *as amended on denial of reh'g* (Nov. 2, 2000) (citing *Ford Motor Co. v. EEOC*, 458 U.S. 219, 237 (1982)) (". . . precluding Title VII plaintiffs' eligibility for back pay . . . on the ground that allowing eligibility in such circumstances would ensure that the plaintiffs were more than 'made whole'").

---

[2] Plaintiff's reference to *Thompson v. Sawyer*, 678 F.2d 257, 263 (D.C. Cir. 1982) is thus unremarkable in making this same point.  Neither party disputes that it is *possible* to recover under both the EPA and Title VII, but only provided that "the plaintiff does not recover doubly for the same wrong." *Id.*

[3] Plaintiff contends that she is allowed to "pursue overlapping statutory causes of action arising from the same course of discriminatory conduct," citing to *Carey v Piphus*, 435 U.S. 247, 255 (1978).  Dkt. 833 at 5-6.  NIKE takes no issue with Plaintiff having *pursued* overlapping causes of action.  But her freedom to plead and pursue claims does not entitle her to multiple recoveries of duplicative back pay.  The case Plaintiff cites on this point, *Carey*, does not contend otherwise.  In fact, just preceding Plaintiff's quoted language in *Carey* is acknowledgement that the analysis "did not address directly the question of damages." *Carey*, 435 U.S. at 255.

Page 4    -    DEFENDANT NIKE, INC.'S OPPOSITION TO PLAINTIFF HEATHER
                 HENDER'S BRIEF REGARDING DAMAGES TO BE DETERMINED BY
                 THE COURT

Awarding backpay twice for the same time period would do more than make Plaintiff whole. Plaintiff's damages under the OEPA are measured as the difference in pay between Hender's compensation while at NIKE and the average pay of male employees in her job code. Dkt. 834-1 at 15. Ms. Murphy calculates this as a $18,468.95 differential for the period November 19, 2017 to October 12, 2020. Dkt. 834-1 at 5. By receiving this sum of backpay under the OEPA, Hender will be made whole compared to the average male employee. But Plaintiff's damages under Section 659A.030 are measured as the difference in pay between Hender's compensation while at NIKE and the pay of her alleged comparator, Trent Waddell, who was paid more than the average male. Dkt. 834-1 at 18. Ms. Murphy calculates this as a $89,832.82 differential for the period November 19, 2016 to October 12, 2020. Dkt. 834-1 at 5. That damage calculation did not consider that Plaintiff would also receive an award under the OEPA. Thus, if Plaintiff receives **both** the difference between her NIKE pay and the pay of the average male, **and** the difference between her NIKE pay and the pay of Mr. Waddell, she will be made more than whole. In fact, her total pay will exceed the pay of the top paid male, Mr. Wadell, entirely.

A simple example illustrates the issue. If Jane Doe was paid $10 less than the pay of the average male employee, and $20 less than the pay of the top paid male employee, she is not entitled to $30. Rather, an award of $20 will make her whole. The sum of the two shortfalls—$30—would pay her more than the top paid male employee, which is not what backpay—which purpose is to do nothing more than make a person whole—is designed to do. If Plaintiff Hender receives backpay under both statutes, she will be paid **more than** her alleged comparators not equal to them. That is not consistent with the law.

As Plaintiff concedes, the Oregon disparate treatment calculation "compensate[s] a broader course of intentional discrimination than the Equal Pay." Dkt. 833 at 7 (citing *County of Wash. v.*

Page 5    -    DEFENDANT NIKE, INC.'S OPPOSITION TO PLAINTIFF HEATHER
             HENDER'S BRIEF REGARDING DAMAGES TO BE DETERMINED BY
             THE COURT

*Gunther*, 452 U.S. 161 (1981)).  NIKE agrees.  The broader nature of the Oregon disparate treatment calculation is what duplicates the OEPA recovery.

The function of compensatory damages is that a "[Plaintiff] should be made whole for [her] injuries, not enriched." *Teutscher,* 835 F.3d at 954.  Recovery under the Oregon disparate treatment is already broader and envelops the recovery from the OEPA.  Allowing Plaintiff to recover under both statutes would unjustly enrich her because recovery from OEPA is lesser and already part of the calculation of Oregon disparate treatment recovery she will receive.

Plaintiff argues that she can recover cumulative remedies when they serve different statutory purposes, citing *Mathis v. Hous. Auth. Of Umatilla Cnty.*, 242 F. Supp. 2d 777, 790 (D. Or. 2002). Dkt. 833 at 7.  However, *Mathis* demonstrates this point with the award of a penalty under Or. Rev. Stat. Ann. § 652.150 and the award of liquidated damages; this is disanalogous to our facts because penal damages and liquidated damages are separate statutory schemes that serve distinct purposes. OEPA and Oregon Disparate Treatment Statute are not.  Both the OEPA and Oregon Disparate Treatment Statute are concerned with and prohibit discrimination by employers in compensation for labor because of an employee's sex.  *City of Portland v. Bureau of Lab. & Indus.*, 298 Or. 104, 110 (1984).  And both statutory frameworks are compensatory and remedial in nature.  *See Portland State Univ. Ch. Of Am. Ass'n of Univ. Profs. v. Portland State Univ.*, 352 Or. 697, 712-13 (2012) ("ORS 659A.030(1)(f) also reflects the intention that underlies the federal provision of promoting unfettered access to remedial statutory mechanisms"); *see Lemus v. Timberland Apts., L.L.C.*, 876 F. Supp. 2d 1169, 1182 (D. Or. 2012) (". . . the remedial purpose of Oregon's wage laws [ORS §§ 652.010-652.990]").  These statutory schemes have overlapping purposes and remedies; they are not so distinct to avoid an "impermissible double recovery." *Solano v. Preciado*, 738 F. Supp. 3d 1356, 1365 (D. Or. 2024).

Page 6    -    DEFENDANT NIKE, INC.'S OPPOSITION TO PLAINTIFF HEATHER
              HENDER'S BRIEF REGARDING DAMAGES TO BE DETERMINED BY
              THE COURT

**C.** **NIKE Does Not Challenge Plaintiff's Liquidated Damages And Prejudgment Interest But Does Challenge Double Recovery.**

Under the OEPA, if the jury's verdict is upheld, Plaintiff is statutorily entitled to liquidated damages equal to the amount of unpaid wages from one year preceding commencement of the action. Or. Rev. Stat. Ann. § 652.230. Oregon's Disparate Treatment Statute does not provide for liquidated damages. Plaintiff is also entitled to prejudgment interest under either the OEPA or Oregon Disparate Treatment Statute because the amount of damages and date of interest accrual is readily ascertainable. *Wilson v. Smurfit Newsprint Corp.*, 197 Or. App. 648, 673 (2005); Or. Rev. Stat. Ann. § 82.010. NIKE does not dispute the calculation or award of the liquidated damages or prejudgment interest to Plaintiff. Plaintiff, however, should receive only liquidated damages and prejudgment interest once. Here, Plaintiff Hender seeks prejudgment interest on the same backpay twice. For the reasons outlined above, this interest would constitute double recovery and should not be allowed.

**D.** **NIKE Challenges Plaintiff's Entitlement To Any Punitive Damages And Especially Opposes Any Double Recovery Of Punitive Damages.**

In her opening brief, Plaintiff did not take a position on the form of the judgment. As flagged above, NIKE assumes the Court will request further briefing on the nature and form of the judgment. Lest there be any doubt, though, Plaintiff may not include both of the jury's punitive damages awards in the judgment. Such inclusion would constitute duplicative recovery, which applies in kind to punitive damages awards and was an issue to which NIKE alerted the Court. *See, e.g., Borden v. Paul Revere Life Ins. Co.*, 935 F.2d 370, 383 (1st Cir. 1991) ("[P]laintiff's recovery against a defendant under one tort theory precludes any duplicative recovery for the same damages under some other tort theory. . . . The same principle abides for punitive damages."); *Holmberg v. Morrisette*, 800 F.2d 205, 212 (8th Cir. 1986) ("[W]e note that a recovery of compensatory damages on both the fraud and conversion claims clearly would be duplicative and should not be allowed. . . . Similar reasoning

Page 7    -    DEFENDANT NIKE, INC.'S OPPOSITION TO PLAINTIFF HEATHER HENDER'S BRIEF REGARDING DAMAGES TO BE DETERMINED BY THE COURT

applies to the question of punitive damages on both the fraud and conversion claims. . . . Accordingly, they are to be punished only once, not as many times as there are separate legal theories that have been found to fit the case."); *see also* Dkt. 698 at 13-14.

NIKE will challenge the award of any punitive damages awards through appropriate post-judgment motions— *inter alia*, the issue of punitive damages should not have even gone to the jury and each award is constitutionally excessive. *See, e.g.*, *S. Union Co. v. Irvin*, 563 F.3d 788, 792 (9th Cir. 2009). Before those motions come, NIKE makes clear its position that the form of judgment may not include duplicative punitive damages.

E.    **Because Double Recovery Is Impermissible, Plaintiff is Entitled To A Lesser Award Of Damages Than She Seeks, Which The Court Has Discretion To Reduce Further.**

Plaintiff seeks a damages award of Disparate Treatment in Pay damages under Section 659A.030 plus Equal Pay damages under the Oregon Equal Pay Act. She calculates $146,126.77 for damages under Section 659A.030, calculated as $89,832.82 in lost back pay and $56,293.95 in prejudgment interest. Dkt. 834-1 at 5. Plaintiff calculates total damages under Oregon Equal Pay Act as $47,806.36, including $18,468.95 in lost back pay, $10,868.45 in prejudgment interest, and $18,468.95 in liquidated damages. Dkt. 834-1 at 5. Based on the law, as cited above, this backpay under the OEPA is entirely accounted for within the backpay under Disparate Treatment in Pay, and thus should not be separately awarded to Plaintiff. Plaintiff is entitled to only the broader of the two awards:  backpay under Section 659A.030. Additionally, Plaintiff should not doubly recover prejudgment interest under each statute. Plaintiff is entitled to only the broader of the two: interest under Section 659A.030. And finally, if the jury's verdict is upheld, Plaintiff is statutorily entitled to liquidated damages. Therefore, Plaintiff should only have the possibility to recover:

- $89,832.82 in lost back pay under Section 659A.030;

Page 8    -    DEFENDANT NIKE, INC.'S OPPOSITION TO PLAINTIFF HEATHER
              HENDER'S BRIEF REGARDING DAMAGES TO BE DETERMINED BY
              THE COURT

- $56,293.95 in prejudgment interest under Section 659A.030; and

- $18,468.95 in liquidated damages under the OEPA.

That results in a maximum recovery of $164,595.72.  Of course, the Court is free to award any amount less.

## II.    CONCLUSION

The calculation of Plaintiff's OEPA recovery is entirely duplicative of and accounted for within the Oregon Disparate Treatment in Pay damages.  For the foregoing reasons, NIKE respectfully requests the Court order recovery only under Oregon Disparate Treatment in Pay damages under Section 659A.030: $164,595.72.

Dated:  August 13, 2026

/s/ Felicia A Davis
Felicia A. Davis (*pro hac vice*)
feliciadavis@paulhastings.com
Daniel Prince (*pro hac vice*)
danielprince@paulhastings.com
Lindsey C. Jackson (*pro hac vice*)
lindseyjackson@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Tel:  (213) 683-6000
Fax:  (213) 627-0705

Laura Rosenbaum, OSB No. 110061
Laura.rosenbaum@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Tel:  (503) 224-3380
Fax:  (503) 220-2480
Attorneys for Defendant NIKE, Inc.

Page 9    -    DEFENDANT NIKE, INC.'S OPPOSITION TO PLAINTIFF HEATHER
              HENDER'S BRIEF REGARDING DAMAGES TO BE DETERMINED BY
              THE COURT