**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Kelsie G. Crippen, OSB #193454**
KelsieCrippen@MarkowitzHerbold.com
**MARKOWITZ HERBOLD PC**
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085

**Byron Goldstein (admitted *pro hac vice*)**
Byron@goldsteinbrowne.com
**Barry Goldstein, Of Counsel (admitted *pro hac vice*)**
Barry@golsteinbrowne.com
GOLDSTEIN BROWNE, PC
1111 Broadway, Suite 300
Oakland, CA 97607
Telephone: (510) 584-9020

Attorneys for Plaintiff
[Additional Counsel of Record listed on the Signature Page]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| HEATHER HENDER,<br><br>Plaintiff,<br><br>v.<br><br>NIKE, INC., an Oregon Corporation,<br><br>Defendant. | Case No. 3:18-cv-01477-AB<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF BRIEF REGARDING DAMAGES TO BE DETERMINED BY THE COURT** |

## INTRODUCTION

Plaintiff's Opening Brief Regarding Damages to be Determined by the Court ("Opening Brief") requested that the Court award Plaintiff $193,933.13 in total damages associated with her Equal Pay and Disparate Treatment claims following the jury's verdict. Dkt. 833 at 2, 9. Through its Opposition to Plaintiff's Opening Brief ("Opposition Brief"), Defendant Nike, Inc. ("Nike") asserts that Plaintiff should only have the possibility to recover a maximum of $164,595.72. Dkt. 835 at 12-13.

While Plaintiff maintains that her Disparate Treatment in Pay claims and her Equal Pay Act claims serve different statutory purposes and the Court can therefore allow cumulative remedies and award Plaintiff the $193,933.13 in damages requested in her Opening Brief, since Plaintiff agrees that her Disparate Treatment claims compensate for a broader course of intentional discrimination than her Equal Pay claims, Plaintiff agrees with Nike that she is entitled to lost back pay and prejudgment interest associated with Plaintiff's Disparate Treatment in Pay claim under Oregon law (ORS 659A.030), plus liquidated damages associated with Plaintiff's Equal Pay claims. Dkt. 835 at 12-13.

Nike itemized those three categories of damages to equal $164,595.72, i.e., $89,832.82 in lost back pay and $56,293.95 in prejudgment interest associated with Plaintiff's Disparate Treatment in Pay claim under Oregon law (ORS 659A.030), plus $18,468.95 in liquidated damages associated with Plaintiff's Oregon Equal Pay Act claim (ORS 652.220). *Id.* Plaintiff respectfully requests that the Court award $165,866.29, which consists of the same $89,832.82 in lost back pay and $56,293.95 in prejudgment interest associated with Plaintiff's Disparate

Treatment in Pay claim under Oregon law, plus $19,739.52[1] in liquidated damages associated with Plaintiff's Federal Equal Pay Act claim in lieu of awarding $18,468.95 in liquidated damages associated with her Oregon Equal Pay Act claim. However, contrary to Nike's assertion that the Court is free to award a lesser amount, well-established law provides that Plaintiff should be made whole, and the Court should, therefore, award the entire $165,866.29.

Finally, although Nike acknowledges that punitive damages are not at issue in this briefing, it asserts that the punitive damages awards under federal and Oregon law constitute a duplicative recovery. Dkt. 835 at 11-12. This is not accurate, and, regardless, as Nike notes, issues relating to punitive damages are suitable for fuller briefing at a later date.

## I. The Court Should Award Plaintiff $165,866.29 in Damages Associated with Her Disparate Treatment and Equal Pay Claims

As noted in Plaintiff's Opening Brief, Plaintiff's damages calculations attributable to her Equal Pay claims were not repetitive versions of the same analysis that was used to calculate damages associated with her Disparate Treatment claims. Dkt. 833 at 6-8, n.10. Rather, damages associated with the Equal Pay and Disparate Treatment claims were calculated using different methodologies and the damages cover different time periods. *Id.* Accordingly, and since her Disparate Treatment and her Equal Pay claims serve different statutory purposes, Plaintiff believes it would be proper for the Court to find that back pay associated with Plaintiff's Disparate Treatment and Equal Pay claims does not compensate the identical economic loss and that those back pay amounts do not overlap.[2]

---

[1] The jury awarded Plaintiff $19,739.52 in back pay damages associated with Plaintiff's Federal Equal Pay Act claim. Dkt. 826 at 2 (Question 4). Accordingly, $19,739.52 in liquidated damages is equal to the amount the jury found for Nike willfully violating the Federal Equal Pay Act.

[2] *See, e.g.*, *Mathis v. Hous. Auth.*, 242 F. Supp. 2d 777, 790 (D. Or. 2002) (allowing cumulative remedies where they served different statutory purposes: "an award of the penalty under ORS 652.150" for failure to pay wages on termination of employment "and an award of liquidated

However, Plaintiff agrees that her Disparate Treatment claims compensate for a broader course of intentional discrimination than her Equal Pay claims, and that the damages period associated with her Disparate Treatment claims (i.e., March 2017 through October 2020) covers the period of time included in her Equal Pay damage calculations (i.e., from October 2018 through October 2020). *See* Dkt. 834-1 at 13-17; *County of Wash. v. Gunther*, 452 U.S. 161, 178-81 (1981) (recognizing that Congress intended Title VII to provide broader protection than the Equal Pay Act); *Maxwell v. Tucson*, 803 F.2d 444, 446 (9th Cir. 1986).

Accordingly, Plaintiff agrees with Nike that she is entitled to an award of lost back pay and prejudgment interest associated with her Disparate Treatment in Pay claim under Oregon law plus liquidated damages associated with her Equal Pay claims. Dkt. 835 at 12-13. Plaintiff's request for an award of $165,866.29 is consistent with the Disparate Treatment in Pay amounts calculated by Plaintiff's damages expert, Jennifer Murphy (see Dkt. 834-1 at 5) and the Federal Equal Pay Act amount awarded by the jury. Dkt. 826 at 2 (Question 4). Because each claim arises under a separate statute and was separately found by the jury, there are damages associated with each claim. The back pay awards for Plaintiff's Federal and Oregon Equal Pay Act claims, Federal and Oregon Disparate Treatment in Promotions claims, and Federal Disparate Treatment in Pay claims are subsumed within the back pay awarded on her Oregon Disparate Treatment in Pay claim. To offset overlapping damages, the damages to be awarded are:

- $89,832.82 in lost back pay associated with Plaintiff's Disparate Treatment in Pay claim under Oregon law (ORS 659A.030);

---

damages under the FLSA do not constitute double recovery."); *Thompson v. Sawyer*, 678 F.2d 257, 263 (D.D.C. 1982) ("a plaintiff may recover under the Equal Pay Act for unequal pay for equal work, and obtain additional recovery under Title VII for discriminatory denial of training or promotion opportunities.").

- $56,293.95 in prejudgment interest associated with Plaintiff's Disparate Treatment in Pay claim under Oregon law (ORS 659A.030); and
- $19,739.52 in liquidated damages associated with Plaintiff's Federal Equal Pay Act claim.

Every claim on which the jury found in Plaintiff's favor is therefore compensated by these awards.

The $165,866.29 amount addresses only the claims decided by the jury. It does not include: (a) damages associated with Plaintiff's disparate impact claims, which will be decided by the Court and are the subject of separate briefing; (b) punitive damages, which will be the subject of further briefing, as Nike notes; (c) attorneys' fees and costs, which will be addressed by a separate motion; or (d) prejudgment interest accruing after July 17, 2026, the date through which Ms. Murphy's calculations run (*see* Dkt. 834-1 at 5). Plaintiff respectfully requests that prejudgment interest be updated through the date of judgment, and will submit updated calculations with the proposed form of judgment. Interest continues to accrue at $22.15 per day (nine percent per annum simple interest on the $89,832.82 in lost back pay). *See* ORS 82.010(1)(a); *see also, e.g., Nichols v. Frank*, 771 F. Supp. 1075, 1080 (D. Or. 1991) (calculating prejudgment interest "through the date of the judgment").

## II. Because it Is Well-Established that Plaintiff Should Be Made Whole, Judgment Should Include the Full $165,866.29

In its Opposition Brief, Nike concedes that Plaintiff's maximum damages associated with her Equal Pay and Disparate Treatment claims after ensuring no double recovery is $164,595.72, which Nike requests that the Court order recovery of. Dkt. 835 at 12-13. However, Nike also states that "the Court is free to award any amount less" than $164,595.72. *Id.*

Nike identifies no legal basis for reducing Plaintiff's recovery. Indeed, Nike concedes that, if the jury's verdict is upheld, Plaintiff is entitled to $89,832.82 in lost back pay and $56,293.95 in prejudgment interest on Plaintiff's Disparate Treatment claim, together with $18,468.95 in

liquidated damages on Plaintiff's Oregon Equal Pay Act claim.[3] *Id.* Nike further concedes that this $164,595.72 award does not result in a double recovery. Having identified no other statutory limitation, offset, duplicative-recovery principle, or other legal basis for reducing any of those amounts, Nike cannot simply assert that the Court is "free to award any amount less." The question is not whether the Court possesses abstract discretion to fashion a remedy; it is whether there is a legally sufficient basis for exercising that discretion to deprive Plaintiff of damages that Nike itself concedes are recoverable and nonduplicative. Nike identifies none.

Indeed, Nike's own authorities confirm the point. Contrary to Nike's response, discretion is "not left to a court's inclination, but to its judgment; and its judgment is to be guided by sound legal principles." *Ford Motor Co. v. EEOC*, 458 U.S. 219, 226-27 (1982) (citation omitted). Thus, to reduce a back pay award, a court's discretion is cabined to recognized grounds: a statutory offset (*id.* at 231-33, 238-39); a voluntary withdrawal ending the damages (*Caudle v. Bristow Optical Co.,* 224 F.3d 1014, 1020-21 (9th Cir. 2000)); or the elimination of double counting based on a precise measurement of an overlap between awards (*id.* at 1019, 1023). Nike invokes no such recognized ground. And the parties' agreement on a range between $164,595.72 and $165,866.29 (depending on whether the Court awards liquidated damages under the Federal Equal Pay Act, as Plaintiff requests, or the Oregon Equal Pay Act, as Nike requests) addresses any overlap. And once the amount of back pay is determined, prejudgment interest "is not a matter of judicial discretion" under Oregon law. *Cumming v. Nipping*, 337 Or. App. 545, 550 (2025); *Wilson v. Smurfit Newsprint Corp.*, 197 Or. App. 648, 673-74 (2005).

The Supreme Court and Ninth Circuit have repeatedly made clear that a court's remedial

[3] As discussed *supra*, Plaintiff requests that the Court award her liquidated damages of $19,739.52 on her Federal Equal Pay claim in lieu of awarding her liquidated damages of $18,468.95 on her Oregon Equal Pay claim.

discretion in an employment discrimination case is not standardless. In *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418-21 (1975), the Supreme Court explained that the purpose of Title VII remedies is to "make persons whole for injuries suffered on account of unlawful employment discrimination" and emphasized that courts have a "duty" to provide, so far as possible, relief that restores victims to the position they would have occupied absent discrimination. *Id.* at 418-21 (citing *Louisiana v. United States*, 380 U.S. 145, 154 (1965)). The Court expressly rejected the notion that remedial discretion invites "inconsistency and caprice." *Id.* at 421.

The Ninth Circuit has adopted that principle repeatedly. *See Kraszewski v. State Farm Gen. Ins. Co.*, 912 F.2d 1182, 1184-86 (9th Cir. 1990) (discretion must be guided by the "obligation to fashion the most complete relief possible" and is not an invitation to "inconsistency and caprice"); *Thorne v. City of El Segundo*, 802 F.2d 1131, 1133 (9th Cir. 1986) (although the district court has "wide discretion," that discretion must be exercised in light of Title VII's objectives and "Congress's clear intent that district courts fashion the most complete relief possible."); *Sias v. City Demonstration Agency*, 588 F.2d 692, 696 (9th Cir. 1978) ("it is clear that 'given a finding of unlawful discrimination, backpay should be denied only for reasons which, if applied generally, would not frustrate the central statutory purposes of eradicating discrimination throughout the economy and making persons whole for injuries suffered through past discrimination.'") (citation omitted). Oregon likewise recognizes the same make-whole principle in its employment discrimination law. *See Seitz v. State*, 100 Ore. App. 665, 672–73 (1990) (explaining that Oregon employment discrimination law is based on the federal model and that making victims whole for injuries caused by unlawful discrimination is a central remedial purpose).

Accordingly, Nike cannot transform the Court's bounded remedial discretion into unfettered authority to reduce Plaintiff's Disparate Treatment and Equal Pay recovery for no

identified legal reason. The jury has already determined Nike's liability. Dkt. 826. The parties' damages calculations establish $164,595.72 or $165,866.29 as the amount of Plaintiff's compensable loss and statutory damages for her Equal Pay and Disparate Treatment claims; and Nike concedes that awarding that amount would not constitute a double recovery. Under *Albemarle*, *Kraszewski*, *Thorne*, *Sias*, and *Seitz*, the Court's discretion must be exercised consistently with the objective of making Plaintiff whole, not to arbitrarily withhold a portion of an otherwise legally supported recovery. Plaintiff therefore respectfully requests that the Court enter judgment for the full $165,866.29.

## III. Plaintiff Is Entitled to the Jury-Awarded Punitive Damages Under Federal and Oregon Law, Which Plaintiff Agrees Should Be Separately Briefed

As Nike noted in its Opposition Brief, "[t]he issue in this briefing is narrow" and it "assumes the Court will request further briefing on the nature and form of the judgment." Dkt. 835 at 5, 11. However, Nike then goes on to briefly "make[] clear its position" that Plaintiff "may not include both of the jury's punitive damages awards in the judgment." *Id.* at 11-12.

Plaintiff agrees with Nike that the question whether both punitive damages awards should ultimately be included in the judgment is more appropriately addressed in forthcoming briefing. Nevertheless, and to make clear her position, Plaintiff disagrees with Nike's assertion that including both punitive damages awards would constitute a duplicative recovery. The jury did not award a single, undifferentiated punitive damages amount. Rather, the verdict form separately asked the jury to determine punitive damages against Nike for its Title VII violations and to separately determine punitive damages under Oregon law, including for Plaintiff's Oregon Equal Pay Act claim, and the jury separately awarded $7.5 million under each statutory scheme. *See* Dkt. 826 at 3-6 (Questions 10, 13, and 15 address Title VII; Questions 8, 11, 14, and 16 address Oregon law).

The jury instructions likewise made clear that the two awards were governed by different legal standards and distinct burdens for establishing entitlement to punitive damages (a preponderance of the evidence under Title VII versus clear and convincing evidence under Oregon law). *See* Dkt. 829 at 21-23. Thus, unlike cases in which a jury has rendered an undifferentiated punitive damages award on identical federal and state claims, the verdict here reflects separate awards under separate remedial statutes, and "[a]n allocation that would serve to reduce lawfully awarded damages would fail to respect the jury's verdict and conflict with the purpose and intent of one or both statutes." *See Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 509-10 (9th Cir. 2000) (explaining that where damages are allocated among federal and state claims, a court should preserve lawful jury awards where possible and recognizing that Title VII was not intended to force plaintiffs to choose between remedial statutes).

Indeed, the punitive damages serve distinct statutory purposes, are subject to different substantive standards, are distributed differently under the respective laws, and are subject to materially different statutory limitations. Oregon law, for example, provides for a 70/30 allocation of punitive damages between the plaintiff and the state and contains no Title VII-style $300,000 cap. ORS § 31.735(1); 42 U.S.C. § 1981a(b)(3)(D). Nor do the two awards punish identical conduct because the jury's Oregon punitive damages award includes Nike's violations of the Oregon Equal Pay Act while the federal punitive damages award does not include any Equal Pay claims. Plaintiff therefore disagrees that the two awards are duplicative, and reserves full briefing on the issue for the judgment stage.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court determine Plaintiff was damaged by each of the claims found by the jury, and award Plaintiff the non-duplicative

amount of **<u>$165,866.29</u>**, which consists of $89,832.82 in lost back pay, $56,293.95 in prejudgment interest, and $19,739.52 in liquidated damages.

DATED: August 20, 2026

ACKERMANN & TILAJEF, P.C.

*/s/Craig J. Ackermann*
Craig J. Ackermann (admitted *pro hac vice*)
cja@ackermanntilajef.com
Brian Denlinger (admitted *pro hac vice)*
bd@ackermanntilajef.com
Erika Smolyar (admitted *pro hac vice*)
es@ackermanntilajef.com
315 South Beverly Drive, Suite 504
Beverly Hills, CA 90212
Tel: (310) 277-0614
Fax: (310) 277-0635

MARKOWITZ HERBOLD PC
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com
David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Kelsie G. Crippen, OSB #193454
KelsieCrippen@MarkowitzHerbold.com

GOLDSTEIN BROWNE, PC
Barry Goldstein, Of Counsel
(admitted *pro hac vice)*
barry@golsteinbrowne.com
Byron Goldstein (admitted *pro hac vice)*
byron@goldsteinbrowne.com

DARDARIAN, HO, KAN & LEE
Laura L. Ho (admitted *pro hac vice)*
lho@dhkl.law
James Kan (admitted *pro hac vice)*
jkan@dhkl.law
Katharine L. Fisher (admitted *pro hac vice)*
ktrabucco@dhkl.law

*Attorneys for Plaintiff*